

Potter
Anderson
& Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Philip A. Rovner**
Partner
provner@potteranderson.com
302-984-6140   Direct Phone
302-658-1192   Fax

January 7, 2008

**BY E-FILE**

The Honorable Joseph J. Farnan, Jr.
U.S. District Court for the District of Delaware
U.S. Courthouse
844 North King Street
Wilmington, DE  19801

      Re:    Roche Diagnostics Operations Incorporated, et al. v.
               Abbott Diabetes Care, Incorporated, et al.,
               D. Del., C.A. No. 07-753-JJF

Dear Judge Farnan:

        We represent plaintiffs Roche Diagnostics Operations Inc. and Corange International (collectively "Roche") in the above-referenced action. We write in response to the January 4 letter submitted by Abbott's counsel, requesting a deferral of the January 11th Scheduling Conference. For the reasons set forth below, Roche opposes Defendants' attempt to delay the conference.

        In their letter, Defendants argue that the Scheduling Conference should be deferred because they have not yet responded to the Complaint. Roche filed and served the Complaint on all Defendants in November 2007. The only reason that Defendants have not yet responded is because they requested (and Roche stipulated) an extension of the normal deadline to respond. Roche is disappointed that its previous agreement allowing the Defendants to extend their normal due date is now being used as leverage to try to postpone the Rule 16(b) Scheduling Conference.

        There is no need or reason to postpone the Scheduling Conference simply because Defendants have not yet responded to the Complaint. Should the Defendants have any claims or defenses that they wish to qualify in some unusual manner, they can address this situation at the Scheduling Conference. Indeed, that situation argues *in favor of proceeding* with the conference, not delaying it.

        Further, the preparations are fully on track for holding the Rule 16(b) Scheduling Conference on January 11, as this Court has ordered (D.I. 16). Roche submitted a draft Joint Proposed Scheduling Order to the Defendants weeks ago. The parties have recently met and

The Joseph J. Farnan, Jr.
January 7, 2008
Page 2

conferred regarding the Joint Proposed Scheduling Order, noting areas of agreement and disagreement in the document where appropriate. Further delay would accomplish nothing.

Defendants' final argument -- that the Scheduling Conference should be deferred because Abbott (i) has asked the PTO to reexamine the patents in suit, and (ii) will soon file a motion to stay this lawsuit based on its reexamination requests -- should similarly be rejected. Abbott's reexamination requests rely solely on prior art that was fully considered by the PTO during previous examination of the patents in suit. Roche expects Abbott's requests for reexamination to be denied, but it is indisputable that those requests currently face an uncertain future at best.

In view of these considerations, Roche respectfully requests that the Defendants' attempt to postpone the Rule 16(b) Scheduling Conference be denied, and that the conference proceed on January 11 as scheduled.

Counsel are available at the Court's convenience should Your Honor have any questions.

Respectfully,

Philip A. Rovner
provner@potteranderson.com

PAR/mes/841060
cc: Frederick L. Cottrell, III, Esq. – by ECF and E-mail
    Mary W. Bourke, Esq. – by ECF and E-mail
    John W. Shaw, Esq. – by ECF and E-mail
    Rodger D. Smith, Esq. – by ECF and E-mail
    Steven J. Balick, Esq. – by ECF and E-mail
    T. Cole Peterson, Esq. – by E-mail