IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS INC., and CORANGE INTERNATIONAL LIMITED,<br>    Plaintiffs,<br> v.<br><br>ABBOTT DIABETES CARE, INCORPORATED, ABBOTT DIABETES CARE SALES CORPORATION, BAYER HEALTHCARE, LLC, DIAGNOSTIC DEVICES, INC., LIFESCAN, INCORPORATED, NOVA BIOMEDICAL CORPORATION, and SANVITA INCORPORATED,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 07-753 (JJF)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## [PROPOSED] RULE 16 SCHEDULING ORDER

IT IS ORDERED that:

**1.**   **Pre-Discovery Disclosures.**

The parties will exchange by February 8, 2008 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.[1]

**2.**   **Joinder of other Parties.**

All motions to join other parties shall be filed on or before [**Plaintiffs' Proposal:** July 31, 2008; **Defendants' Proposal:** January 30, 2009].

---

[1] While Defendants believe that it is premature to issue a scheduling order at this time (as set forth in their letter to the Court dated January 4, 2008) the Defendants make the following proposals in the event the Court disagrees. Plaintiffs believe that the Court should proceed with entry of the Scheduling Order at this time. If future circumstances warrant a change in the Scheduling Order, the changed circumstances can be addressed at that time.

3. **Discovery.**[2]

(a) **Plaintiffs' Proposal:** Exchange and completion of contention interrogatories, identification of fact witnesses and document production shall be commenced so as to be completed by July 31, 2008.

**Defendants' Proposal:** Exchange and completion of contention interrogatories, identification of fact witnesses and document production shall be commenced so as to be completed by October 24, 2008.

(b) **Plaintiffs' Proposal:** Maximum of 25 interrogatories, including contention interrogatories, for each side on any party.

**Defendants' Proposal:** Maximum of 25 interrogatories, including contention interrogatories, may be served per party on any other party.

(c) **Plaintiffs' Proposal:** Maximum of 75 requests for admission for each side on any party.

**Defendants' Proposal:** Maximum of 75 requests for admission may be served per party on any other party.

(d) **Plaintiffs' Proposal:** Maximum of 8 depositions by plaintiffs' side of each defendant, and 10 depositions by defendants' side of each plaintiff. Each side may also conduct up a maximum of 5 depositions of third parties, excluding expert depositions. All fact depositions must be coordinated to avoid a deponent being deposed more than once. All fact depositions are to be completed by December 5, 2008.

**Defendants' Proposal:** Maximum of 100 hours of deposition time per party, excluding expert depositions and depositions of third parties. Depositions shall not

---

[2] As set forth in more detail in Section 10(a), below, Plaintiffs have made the following scheduling proposal contingent on the parties being required to conduct coordinated discovery on all issues and to avoid duplicative discovery, including depositions.

2

commence until the discovery required by Paragraph 3 (a, b, and c) is completed. All fact depositions are to be completed by March 31, 2009.

(e)     Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from each of the parties on issues for which they bear the burden of proof by [**Plaintiffs' Proposal:** January 30, 2009; **Defendants' Proposal:** April 30, 2009]. Responsive reports from retained experts are due on [**Plaintiffs' Proposal:** February 27, 2009; **Defendants' Proposal:** May 29, 2009.]

(f)     **Plaintiffs' Proposal:** Any party desiring to depose an expert witness shall notice and complete said deposition no later than thirty (30) days from the receipt of responsive expert reports, unless otherwise agreed in writing by the parties or ordered by the Court.

**Defendants' Proposal:** Any party desiring to depose an expert witness shall notice and complete said deposition no later than July 31, 2009, unless otherwise agreed in writing by the parties or ordered by the Court.

4.     **Non-Case Dispositive Motions.**

(a)     Any non-case dispositive motion, along with an Opening Brief, shall be filed with a Notice of Motion. The Notice of Motion shall indicate the date on which the movant seeks to have the motion heard. The date selected shall be within thirty (30) days of the filing of the motion and allow for briefing in accordance with the Federal and Local Rules. Available motion dates will be posted on the Court's website at: www.ded.uscourts.gov.

(b)     At the motion hearing, each side will be allocated twenty (20) minutes to argue and respond to questions from the Court.

(c)     Upon filing of the Notice of Motion, a copy of said Notice shall be sent to Chambers by e-mail at: jjf_civil@ded.uscourts.gov.

5. **Amendment of the Pleadings.**

All motions to amend the pleadings shall be filed on or before [**Plaintiffs' Proposal:** July 31, 2008; **Defendants' Proposal:** January 30, 2009].

6. **Case Dispositive Motions.**

**Plaintiffs' Proposal:** Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before April 30, 2009. Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court. The Court will issue a separate Order regarding procedures for filing summary judgment motions.

**Defendants' Proposal:** Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before September 30, 2009. Responsive briefs shall be served and filed on or before October 28, 2009, and any reply briefs shall be served and filed on or before November 11, 2009. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court. The Court will issue a separate Order regarding procedures for filing summary judgment motions.

7. **Markman.**

**Plaintiffs' Proposal:** A Markman Hearing shall be held on July 17, 2008 at 10:00 a.m. The parties shall identify and exchange claim terms to be construed on or before April 7, 2008. The parties shall exchange proposed constructions of the disputed claim terms and identify any allegedly supporting extrinsic evidence on or before April 21, 2008. The parties shall file and serve opening claim construction briefs on or before May 23, 2008. The parties shall file and serve responsive claim construction briefs on or before June 13, 2008. The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

**Defendants' Proposal:** A Markman Hearing will be scheduled at request of parties. Briefing on the claim construction issues shall be completed at least ten (10) business days prior to the hearing. The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

8. **Applications by Motion.**

(a) Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective June 30, 2007). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1 and be made in accordance with the Court's December 15, 2006 Order on Procedures for Filing Non-dispositive motions in Patent Cases. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b) No facsimile transmissions will be accepted.

(c) No telephone calls shall be made to Chambers.

(d) Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

9. **Pretrial Conference and Trial.** After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the

Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

10. **Additional Issues Raised by Plaintiffs.**

   a) **Coordination of Discovery**

   (1) **Plaintiffs' Proposal**

The parties shall conduct coordinated discovery on all issues. The discovery events indicated above are limits posed collectively on each side (i.e., all plaintiffs on one side, and all defendants on the other side), and the parties shall work together to ensure that the discovery event limitations are not exceeded. Depositions, interrogatories and requests for admission shall be coordinated between the parties so that each deponent is deposed once, and each interrogatory and request for admission covering a particular matter is posed only once.

   (2) **Defendants' Response**

Defendants intend to confer with one another and with Plaintiffs in order to conduct discovery in an appropriate and efficient manner, including working with Plaintiffs to coordinate deposition scheduling. Defendants note, however, that the constraints proposed by Plaintiffs are not reasonable as applied to Defendants in this case. The Defendant companies are unrelated competitors that manufacture and sell different accused products. Furthermore, some of the defendants are currently adverse to each other in patent litigation on related subjects currently pending in the Northern District of California (*Abbott Laboratories, et al v. Bayer Healthcare LLC, et al*, Case No. 3:05-cv-03117-MJJ and *Abbott Laboratories, et al v. Nova Biomedical, et al,* Case No. 3:04-cv-03327-MJJ). Thus, a sweeping order requiring Defendants to act in complete concert is impractical and not an appropriate subject for this scheduling order.

**b)** **Protective Order**

    **(1)** **Plaintiffs' Proposal**

Plaintiffs propose that a protective order will be necessary to: (i) protect proprietary, trade secret, or other confidential information and documentation they will produce; (ii) protect privileged or attorney work-product information and documentation from production; and (iii) provide for the return of privileged or attorney work-product information and documentation that is inadvertently produced during discovery. A proposed protective order will be submitted.

    **(2)** **Defendants' Response**

Defendants agree that a protective order should be entered in the case, and will promptly discuss the terms of an appropriate protective order with Plaintiff.

**c)** **Electronic Discovery**

    **(1)** **Plaintiffs' Proposal**

The parties shall produce electronically stored documents as follows:

    (i) images will be produced in single-page 300 dpi Group IV tiff images named for the Bates number; images to be organized in a folder called "Images" containing sub-folders with 1,000 images per sub-folder;

    (ii) document-level text will be produced in a separate folder called "Text;"

    (iii) an Opticon load file will be provided; and

    (iv) a DAT file with delimiters that lists BegBates, EndBates, BegAttach, EndAttach, PgCount, PathToText will also be provided;

    (v) To the extent that a party has responsive electronically stored documents that cannot be produced in TIFF format and must instead be produced in a native format, then for such documents:

      a. Native files shall be assigned a document-level Bates number and the file name renamed to the Bates number,

      b. Native files shall be organized in a separate folder called "Natives,"

      c. Slip sheet images shall be inserted into the image production indicating the image is a placeholder for a native file, and

      d. The field "PathToNative" shall be provided in the DAT file.

    **(2) Defendants' Response**

Defendants have initiated a dialogue with Plaintiffs regarding the production of electronically-stored documents. Defendants, however, believe that it is premature to finalize specific details regarding the format of electronically produced documents at this time, as format choices are in part dependent on constraints imposed by Defendants' individual electronic document retention systems, and these must be investigated by each Defendant before they can respond to Plaintiff's proposal. Defendants will investigate appropriate formats as required under the Federal Rules of Civil Procedure, and will continue to meet and confer with Plaintiffs in an effort to reach an agreement regarding the format of electronically produced documents. In any event, Defendants are of the view that there is no need to address this topic in this scheduling order.

11. **Additional Issue Raised By Defendants**

   a) **Defendants' Proposal**

   It is anticipated that one or more Defendants will ask the Court to determine whether severance of some or all of the Defendants and/or issues into separate trials is appropriate. While Plaintiffs accuse Defendants of infringing the same patents, the Defendants market entirely different products and are not properly joined in this action, and a joint trial against all defendants likely would result in juror confusion and undue burden. For judicial and litigant efficiency, Defendants will confer with one another and with Plaintiffs in order to conduct discovery in an appropriate and efficient manner, as set forth in Paragraph 10(a), above.

   b) **Plaintiffs' Response**

   This proposal is premature at this time. Defendants' proposal is merely conclusory attorney argument without any identification of so much as a single element of the patent claims or accused devices that would justify the Defendants' proposal. Plaintiffs will respond substantively at the appropriate time.

_____          _____
DATE                                  UNITED STATES DISTRICT JUDGE

841275