IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC. and CORANGE INTERNATIONAL LIMITED,<br><br>Plaintiffs,<br><br>vs.<br><br>ABBOTT DIABETES CARE INC., ABBOTT DIABETES CARE SALES CORPORATION, BAYER HEALTHCARE, LLC, DIAGNOSTIC DEVICES, INC., LIFESCAN, INC., and NOVA BIOMEDICAL CORPORATION,<br><br>Defendants. | C.A. No. 07-753-JJF<br><br>**DEMAND FOR JURY TRIAL** |

## ABBOTT'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT

Defendants and Counterclaim Plaintiffs Abbott Diabetes Care Inc. ("ADC") and Abbott Diabetes Care Sales Corporation ("ADCSC") (collectively "Abbott") hereby file this Answer and Counterclaim in response to the Complaint for Patent Infringement ("Complaint") filed by Plaintiffs and Counterclaim Defendants Roche Diagnostics Operations, Inc. ("RDOI") and Corange International Limited ("Corange") (collectively "Roche"). Abbott denies the allegations and characterizations in Roche's Complaint unless expressly admitted in the following paragraphs.

### PARTIES, JURSIDICTION AND VENUE

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**ANSWER:** Abbott admits that Roche has alleged an action arising under the patent laws of the United States.

2.  Plaintiff RDOI is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 9115 Hague Road, Indianapolis, Indiana 46250.

**ANSWER:** Abbott lacks sufficient knowledge to confirm or deny the allegations and content of Paragraph 2 of Roche's Complaint and therefore denies the same.

3.  Plaintiff Corange is a limited liability company organized and existing under the laws of Bermuda with a principal place of business at 22 Church Street, P.O. Box HM 2026, Hamilton HM HX Bermuda.

**ANSWER:** Abbott lacks sufficient knowledge to confirm or deny the allegations and content of Paragraph 3 of Roche's Complaint and therefore denies the same.

4.  On information and belief, Defendant ADC is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1360 South Loop Road, Alameda, CA 94502.

**ANSWER:** Abbott admits that ADC is a Delaware corporation and has a principal place of business at 1360 South Loop Road, Alameda, CA 94502.

5.  On information and belief, Defendant ADCSC is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1360 Harbor Bay Parkway, Alameda, CA 94502.

**ANSWER:** Abbott admits that ADCSC is a Delaware corporation. Abbott denies, however, that ADCSC has a principal place of business at 1360 Harbor Bay Parkway, Alameda, CA 94502.

6.  On information and belief, Defendant Bayer is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 555 White Plains Road, Tarrytown, NY 10591.

**ANSWER:** Paragraph 6 does not require a response by Abbott. To the extent paragraph 6 is deemed to require a response, Abbott lacks sufficient knowledge to confirm or deny the allegations and therefore denies the same.

7.      On information and belief, Defendant DDI is a corporation organized and existing under the laws of the State of North Carolina, with a principal place of business at 9300 Harris Corners Pkwy, Suite 450, Charlotte, NC 28269.

**ANSWER:**   Paragraph 7 does not require a response by Abbott. To the extent paragraph 7 is deemed to require a response, Abbott lacks sufficient knowledge to confirm or deny the allegations and therefore denies the same.

8.      On information and belief, Defendant LifeScan is a corporation organized and existing under the laws of the State of California, with a principal place of business at 1000 Gibraltar Drive, Milpitas, CA 95035.

**ANSWER:**   Paragraph 8 does not require a response by Abbott. To the extent paragraph 8 is deemed to require a response, Abbott lacks sufficient knowledge to confirm or deny the allegations and therefore denies the same.

9.      On information and belief, Defendant Nova is a corporation organized and existing under the laws of the State of Massachusetts, with a principal place of business at 200 Prospect St., Waltham, MA 02254.

**ANSWER:**   Paragraph 9 does not require a response by Abbott. To the extent paragraph 9 is deemed to require a response, Abbott lacks sufficient knowledge to confirm or deny the allegations and therefore denies the same.

10.     On information and belief, Defendant Sanvita is a corporation organized and existing under the laws of the State of Florida, with a principal place of business at 4800 140th Ave. N., Suite 100A, Clearwater, FL 33762.

**ANSWER:**   Paragraph 10 does not require a response by Abbott. To the extent paragraph 10 is deemed to require a response, Abbott lacks sufficient knowledge to confirm or deny the allegations and therefore denies the same.

11.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**   Abbott admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.     Personal jurisdiction over ADC comports with the United States Constitution and Section 3104 of the Delaware Code because ADC is incorporated in Delaware. Further, on information and belief, ADC has committed acts of patent infringement in the United States, such acts including the sale of infringing devices within Delaware such that it has purposefully availed itself of the privilege of conducting activities within this District. Personal jurisdiction over ADCSC comports with the United States Constitution and Section 3104 of the Delaware Code because ADC is incorporated in Delaware. Further, on information and belief, ADCSC has committed acts of patent infringement in the United States, such acts including the sale of infringing devices within Delaware such that it has purposefully availed itself of the privilege of conducting activities within this District.

**ANSWER:**     Abbott is not contesting this Court's personal jurisdiction over ADC and ADCSC in this lawsuit. Abbott denies the remaining allegations in paragraph 12, including the allegations that ADC and ADCSC have committed acts of patent infringement in this or any other district.

13.     Personal jurisdiction over Bayer comports with the United States Constitution and Section 3,104 of the Delaware Code because Bayer is incorporated in Delaware. Further, on information and belief, Bayer has committed acts of patent infringement in the United States, such acts including the sale of infringing devices within Delaware such that it has purposefully availed itself of the privilege of conducting activities within this District.

**ANSWER:**     Paragraph 13 does not require a response by Abbott. To the extent paragraph 13 is deemed to require a response, Abbott lacks sufficient knowledge to confirm or deny the allegations and therefore denies the same.

14.     Personal jurisdiction over DDI comports with the United States Constitution and Section 3104 of the Delaware Code because, on information and belief, DDI has committed acts of patent infringement in the United States, such acts including the sale of infringing devices within Delaware such that it has purposefully availed itself of the privilege of conducting activities within this District.

**ANSWER:**     Paragraph 14 does not require a response by Abbott. To the extent paragraph 14 is deemed to require a response, Abbott lacks sufficient knowledge to confirm or deny the allegations and therefore denies the same.

15.     Personal jurisdiction over LifeScan comports with the United States Constitution and Section 3104 of the Delaware Code because, on information and belief, LifeScan has committed acts of patent infringement in the United States, such acts including the sale of

4

RLF1-3243075-1

infringing devices within Delaware such that it has purposefully availed itself of the privilege of conducting activities within this District.

**ANSWER:** Paragraph 15 does not require a response by Abbott. To the extent paragraph 15 is deemed to require a response, Abbott lacks sufficient knowledge to confirm or deny the allegations and therefore denies the same.

16. Personal jurisdiction over Nova comports with the United States Constitution and Section 3104 of the Delaware Code because, on information and belief, Nova has committed acts of patent infringement in the United States, such acts including the sale of infringing devices within Delaware such that it has purposefully availed itself of the privilege of conducting activities within this District.

**ANSWER:** Paragraph 16 does not require a response by Abbott. To the extent paragraph 16 is deemed to require a response, Abbott lacks sufficient knowledge to confirm or deny the allegations and therefore denies the same.

17. Personal jurisdiction over Sanvita comports with the United States Constitution and Section 3104 of the Delaware Code because, on information and belief, Sanvita has committed acts of patent infringement in the United States, such acts including the sale of infringing devices within Delaware such that it has purposefully availed itself of the privilege of conducting activities within this District.

**ANSWER:** Paragraph 17 does not require a response by Abbott. To the extent paragraph 17 is deemed to require a response, Abbott lacks sufficient knowledge to confirm or deny the allegations and therefore denies the same.

18. Venue is proper in this District under 28 U.S.C. § 1400(b) and § 1391(b) and (c).

**ANSWER:** Abbott does not contest venue in this district pursuant to § 1391. Abbott denies the remaining allegations of paragraph 18.

## CLAIM FOR RELIEF

19. On October 2, 2007, the United States Patent and Trademark Office duly and legally issued United States Letters Patent No. 7,276,146 ("the 146 Patent"), entitled "Electrodes, Methods, Apparatuses Comprising Micro-Electrode Arrays." ROCHE is the assignee of the entire right, title, and interest in and to the 146 Patent. A true and correct copy of the patent is attached as Exhibit A to this complaint.

**ANSWER:** Abbott denies that U.S. Patent No. 7,276,146 (the "146 patent") was duly and legally issued by the United States Patent and Trademark Office. Abbott admits that the face of the 146 patent indicates that it issued on October 2, 2007 and is entitled "Electrodes, Methods, Apparatuses Comprising Micro-Electrode Arrays." Abbott admits a copy of the 146 patent was attached as Exhibit A to Roche's Complaint. Abbott lacks sufficient knowledge to confirm or deny the remaining allegations of paragraph 19 and therefore denies the same.

20. On October 2, 2007, the United States Patent and Trademark Office duly and legally issued United States Letters Patent No. 7,276,147 ("the 147 Patent"), entitled "Method For Determining The Concentration Of An Analyte In A Liquid Sample Using Small Volume Samples And Fast Test Times." ROCHE is the assignee of the entire right, title, and interest in and to the 147 Patent. A true and correct copy of the patent is attached as Exhibit B to this complaint.

**ANSWER:** Abbott denies that U.S. Patent No. 7,276,147 (the "147 patent") was duly and legally issued by the United States Patent and Trademark Office. Abbott admits that the face of the 147 patent indicates that it issued on October 2, 2007 and is entitled "Method For Determining The Concentration Of An Analyte In A Liquid Sample Using Small Volume Samples And Fast Test Times." Abbott admits a copy of the 147 patent was attached as Exhibit B to Roche's Complaint. Abbott lacks sufficient knowledge to confirm or deny the remaining allegations of paragraph 20 and therefore denies the same.

21. On information and belief, and as set forth in more detail below, each of the Defendants have infringed one or more claims of the 146 and 147 patents. Further, on information and belief, the Defendants have known of the existence of the 146 and 147 Patents, and their acts of infringement as set out in the following paragraphs have been deliberate and willful, and in reckless disregard of ROCHE's patent rights.

**ANSWER:** Abbott denies infringement of the 146 and 147 patents and all allegations against it in paragraph 21. To the extent Paragraph 21 requires a response regarding defendants other than Abbott, Abbott lacks sufficient knowledge to confirm or deny the allegations and therefore denies the same.

6

## COUNT I

22.  ROCHE incorporates the allegations of paragraphs 1-21.

**ANSWER:**  Abbott realleges and incorporates herein its responses to paragraphs 1-21.

23.  On information and belief, without license or authorization, Abbott has been and is infringing the 146 and 147 Patents by *making, using,* selling, and/or offering for sale in the United States, including within this District, certain electrochemical sensors which embody the inventions claimed in the 146 and 147 Patents, including those sold under the FreeStyle, FreeStyle Flash®, FreeStyle Freedom®, Precision Xtra, and Optium trade names.

**ANSWER:**  Denied.

24.  ROCHE has no adequate remedy at law.

**ANSWER:**  Denied.

25.  The infringement activities of Abbott have caused damage to the rights of ROCHE. On information and belief, Abbott will continue its infringing activities, and continue to damage ROCHE, unless enjoined by this Court. ROCHE's damages from the aforesaid actions of Abbott are not yet determined.

**ANSWER:**  Denied.

## COUNT II

26.  ROCHE incorporates the allegations of paragraphs 1-21.

**ANSWER:**  Abbott realleges and incorporates herein its responses to paragraphs 1-21.

27.  On information and belief, without license or authorization, Bayer has been and is infringing the 146 and 147 Patents by making, using, selling, and/or offering for sale in the United States, including within this District, certain electrochemical sensors which embody the inventions claimed in the 146 and 147 Patents, including those sold under the Ascensia® BREEZE® 2 and Ascensia® Contour® (5 second test time) trade names.

**ANSWER:**  Paragraph 27 does not require a response by Abbott. To the extent paragraph 27 is deemed to require a response, Abbott lacks sufficient knowledge to confirm or deny the allegations and therefore denies the same.

28.  ROCHE has no adequate remedy at law.

**ANSWER:** Paragraph 28 does not require a response by Abbott. To the extent paragraph 28 is deemed to require a response, Abbott lacks sufficient knowledge to confirm or deny the allegations and therefore denies the same.

29. The infringement activities of Bayer have caused damage to the rights of ROCHE. On information and belief, Bayer will continue its infringing activities, and continue to damage ROCHE, unless enjoined by this Court. ROCHE's damages from the aforesaid actions of Bayer are not yet determined.

**ANSWER:** Paragraph 29 does not require a response by Abbott. To the extent paragraph 29 is deemed to require a response, Abbott lacks sufficient knowledge to confirm or deny the allegations and therefore denies the same.

## COUNT III

30. ROCHE incorporates the allegations of paragraphs 1-21.

**ANSWER:** Abbott realleges and incorporates herein its responses to paragraphs 1-21.

31. On information and belief, without license or authorization, DDI has been and is infringing the 146 and 147 Patents by making, using, selling, and/or offering for sale in the United States, including within this District, certain electrochemical sensors which embody the inventions claimed in the 146 and 147 Patents, including those sold under the Prodigy® Advance trade name.

**ANSWER:** Paragraph 31 does not require a response by Abbott. To the extent paragraph 31 is deemed to require a response, Abbott lacks sufficient knowledge to confirm or deny the allegations and therefore denies the same.

32. ROCHE has no adequate remedy at law.

**ANSWER:** Paragraph 32 does not require a response by Abbott. To the extent paragraph 32 is deemed to require a response, Abbott lacks sufficient knowledge to confirm or deny the allegations and therefore denies the same.

33. The infringement activities of DDI have caused damage to the rights of ROCHE. On information and belief, DDI will continue its infringing activities, and continue to damage ROCHE, unless enjoined by this Court. ROCHE's damages from the aforesaid actions of DDI are not yet determined.

**ANSWER:** Paragraph 33 does not require a response by Abbott. To the extent paragraph 33 is deemed to require a response, Abbott lacks sufficient knowledge to confirm or deny the allegations and therefore denies the same.

## COUNT IV

34. ROCHE incorporates the allegations of paragraphs 1-21.

**ANSWER:** Abbott realleges and incorporates herein its responses to paragraphs 1-21.

35. On information and belief, without license or authorization, LifeScan has been and is infringing the 146 and 147 Patents by making, using, selling, and/or offering for sale in the United States, including within this District, certain electrochemical sensors which embody the inventions claimed in the 146 and 147 Patents, including those sold under the OneTouch® UltraSmart®, OneTouch® Ultra®, OneTouch® Ultra® 2, and OneTouch® UltraMini™ trade names.

**ANSWER:** Paragraph 35 does not require a response by Abbott. To the extent paragraph 35 is deemed to require a response, Abbott lacks sufficient knowledge to confirm or deny the allegations and therefore denies the same.

36. ROCHE has no adequate remedy at law.

**ANSWER:** Paragraph 36 does not require a response by Abbott. To the extent paragraph 36 is deemed to require a response, Abbott lacks sufficient knowledge to confirm or deny the allegations and therefore denies the same.

37. The infringement activities of LifeScan have caused damage to the rights of ROCHE. On information and belief, LifeScan will continue its infringing activities, and continue to damage ROCHE, unless enjoined by this Court. ROCHE's damages from the aforesaid actions of LifeScan are not yet determined.

**ANSWER:** Paragraph 37 does not require a response by Abbott. To the extent paragraph 37 is deemed to require a response, Abbott lacks sufficient knowledge to confirm or deny the allegations and therefore denies the same.

## COUNT V

38.     ROCHE incorporates the allegations of paragraphs 1-21

**ANSWER:**    Abbott realleges and incorporates herein its responses to paragraphs 1-21.

39.     On information and belief, without license or authorization, Nova and Sanvita have been and are infringing the 146 and 147 Patents by making, using, selling, and/or offering for sale in the United States, including within this District, certain electrochemical sensors which embody the inventions claimed in the 146 and 147 Patents, including those sold under the NovaMax® trade name.

**ANSWER:**    Paragraph 39 does not require a response by Abbott. To the extent paragraph 39 is deemed to require a response, Abbott lacks sufficient knowledge to confirm or deny the allegations and therefore denies the same.

40.     ROCHE has no adequate remedy at law.

**ANSWER:**    Paragraph 40 does not require a response by Abbott. To the extent paragraph 40 is deemed to require a response, Abbott lacks sufficient knowledge to confirm or deny the allegations and therefore denies the same.

41.     The infringement activities of Nova and Sanvita have caused damage to the rights of ROCHE. On information and belief, Nova and Sanvita will continue their infringing activities, and continue to damage ROCHE, unless enjoined by this Court. ROCHE's damages from the aforesaid actions of Nova and Sanvita are not yet determined.

**ANSWER:**    Paragraph 41 does not require a response by Abbott. To the extent paragraph 41 is deemed to require a response, Abbott lacks sufficient knowledge to confirm or deny the allegations and therefore denies the same.

## PRAYER FOR RELIEF

42.     Abbott denies that Roche is entitled to any relief or judgment, either as prayed for in Roche's Prayer for Relief, Paragraphs (a) through (f) of the Complaint, or otherwise.

43.     Abbott further denies each and every allegation contained in Roche's Complaint that was not specifically admitted, denied, or otherwise responded to in this Answer.

## AFFIRMATIVE DEFENSES

44.     Abbott's current Affirmative Defenses are listed below. Abbott reserves the right to amend its Answer to plead additional Affirmative Defenses consistent with the facts discovered in the case.

### FIRST AFFIRMATIVE DEFENSE

45.     Abbott does not infringe and has not infringed (directly, contributorily, or by inducement) any valid and enforceable claim of the 146 patent or the 147 patent (collectively the "patents-in-suit") under any theory of infringement.

### SECOND AFFIRMATIVE DEFENSE

46.     The patents-in-suit are invalid and unenforceable for failure to satisfy one or more conditions for patentability set forth in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103 and/or 112.

### THIRD AFFIRMATIVE DEFENSE

47.     Abbott reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defense at law or in equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case, including any defenses raised by one or more of the co-defendants.

## ABBOTT'S COUNTERCLAIMS

Abbott, through its counsel, for its Counterclaim against Roche, states, alleges and avers as follows:

### THE PARTIES

1.     ADC is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 1360 South Loop Road, Alameda, CA 94502.

2.  ADCSC is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 1360 South Loop Road, Alameda, CA 94502.

3.  On information and belief, RDOI is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 9115 Hague Road, Indianapolis, Indiana 46250.

4.  On information and belief, Corange is a limited liability company organized and existing under the laws of Bermuda and has a principal place of business at 22 Church Street, P.O. Box HM 2026, Hamilton HM HX Bermuda.

## JURISDICTION AND VENUE

5.  Abbott's Counterclaim arises under the Patent Laws of the United States (35 U.S.C. § 1 *et seq.*).

6.  The jurisdiction of this Court is proper under at least 28 U.S.C. §§ 1331, 1338, 1367, and 2201 *et seq.*

7.  This Court has personal jurisdiction, general and specific, over RDOI.

8.  This Court has personal jurisdiction, general and specific, over Corange.

9.  Venue is proper in this district under at least 28 U.S.C. § 1391.

## COUNT I

### Declaratory Judgment of Non-Infringement

10. Based on Roche's Complaint and Abbott's First Affirmative Defense, an actual case or controversy exists between the parties concerning the alleged infringement of the patents-in-suit.

11.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq.*, Abbott requests a declaration by the Court that it does not infringe, and has not infringed, any claim of the patents-in-suit, either directly, contributorily, or by inducement.

## COUNT II

### Declaratory Judgment of Invalidity

12.     Based on Roche's Complaint and Abbott's Second Affirmative Defense, an actual case or controversy exists between the parties concerning the validity and enforceability of the patents-in-suit.

13.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq.*, Abbott requests a declaration by the Court that the patents-in-suit are invalid.

## PRAYER FOR RELIEF

Abbott respectfully requests that the Court enter Judgment against Roche as follows:

(a)     A declaration that Abbott does not infringe, and has not infringed, any claim of the patents-in-suit;

(b)     A declaration that the patents-in-suit are invalid and unenforceable;

(c)     A declaration that Roche take nothing by way of its Complaint;

(d)     Judgment against Roche and in favor of Abbott;

(e)     Dismissal with prejudice of Roche's claims against Abbott in their entirety;

(f)     A finding that this is an exceptional case and an award to Abbott of its costs and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes and rules in common law that would be appropriate; and

(g)     An award to Abbott of such additional relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Abbott hereby demands a trial by jury on all issues triable by a jury.

Dated this 11th day of January 2008.

OF COUNSEL:
Edward A. Mas II
Stephen F. Sherry
Kirk Vander Leest
James M. Hafertepe
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
(312) 775-8000

/s/ Anne Shea Gaza
Fredrick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
920 N. King Street
Wilmington, DE 19899
(302) 651-7700

*Attorneys for Abbott Diabetes Care Inc. and Abbott Diabetes Sales Corp.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 11, 2008, I caused to be served by electronic service and hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

| | |
|---|---|
| Philip A. Rovner<br>Potter Anderson & Corroon LLP<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE 19899-0951 | Mary W. Bourke<br>Connolly, Bove, Lodge & Hutz LLP<br>The Nemours Building<br>1007 N. Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19899-1347 |
| John W. Shaw<br>Jeffrey T. Castellano<br>Young, Conaway, Stargatt & Taylor, LLP<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | Rodger D. Smith, II<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899 |
| Steven J. Balick<br>Lauren E. Maguire<br>Ashby & Geddes<br>500 Delaware Avenue, 8th Floor<br>P. O. Box 1150<br>Wilmington, DE 19899 | |

      I hereby certify that on January 11, 2008, the foregoing document was sent via electronic mail to the following non-registered participants:

| | |
|---|---|
| Daniel A. Boehnen<br>Grantland G. Drutchas<br>McDonnell Boehnen Hulbert<br>  & Berghoff LLP<br>300 South Wacker Drive<br>Chicago, IL 60606 | Ashley L. Ellis<br>Parker Poe Adams & Bernstein LLP<br>Three Wachovia Center, Suite 3000<br>401 South Tryon Street<br>Charlotte, NC 28202 |

Wesley E. Overson
Rachel Krevans
Jason R. Bartlett
Parisa Jorjani
Daniel P. Muino
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105-2482

Joseph M. Casino
Kenneth P. George
Amster, Rothstein & Ebenstein, LLP
90 Park Avenue
New York, NY   10016

Bradford J. Badke
Ropes & Gray
1211 Avenue of the Americas
New York, NY 10036-8704

*/s/ Anne Shea Gaza*
Anne Shea Gaza (#4093)
gaza@rlf.com