IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No. 07-753-JJF |
| ABBOTT DIABETES CARE, INCORPORATED, ABBOTT DIABETES CARE SALES CORPORATION, BAYER HEALTHCARE, LLC, DIAGNOSTICS DEVICES, INC., LIFESCAN, INCORPORATED, and NOVA BIOMEDICAL CORPORATION, ) ) ) ) ) ) ) ) ) | **DEMAND FOR JURY TRIAL** |
| Defendants. ) ) | |

## DEFENDANT BAYER HEALTHCARE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant Bayer Healthcare, LLC ("Bayer") answers the Complaint for Patent

Infringement filed by Roche Diagnostics Operations, Inc. ("RDOI") and Corange International

Limited ("Corange") (collectively referred to herein as "Roche") as follows:

### PARTIES, JURISDICTION AND VENUE

1.     With respect to the allegations of Paragraph 1, Bayer admits that this is an

action alleging patent infringement arising under the patent laws of the United States, Title 35 of

the United States Code.

2.     With respect to the allegations of Paragraph 2, Bayer lacks sufficient

information or knowledge to admit or deny these allegations, and on that basis denies the

allegations of this paragraph.

3.      With respect to the allegations of Paragraph 3, Bayer lacks sufficient information or knowledge to admit or deny these allegations, and on that basis denies the allegations of this paragraph.

4.      With respect to the allegations of Paragraph 4, Bayer lacks sufficient information or knowledge to admit or deny these allegations, and on that basis denies the allegations of this paragraph.

5.      With respect to the allegations of Paragraph 5, Bayer lacks sufficient information or knowledge to admit or deny these allegations, and on that basis denies the allegations of this paragraph.

6.      Bayer admits the allegations of Paragraph 6.

7.      With respect to the allegations of Paragraph 7, Bayer lacks sufficient information or knowledge to admit or deny these allegations, and on that basis denies the allegations of this paragraph.

8.      With respect to the allegations of Paragraph 8, Bayer lacks sufficient information or knowledge to admit or deny these allegations, and on that basis denies the allegations of this paragraph.

9.      With respect to the allegations of Paragraph 9, Bayer lacks sufficient information or knowledge to admit or deny these allegations, and on that basis denies the allegations of this paragraph.

10.     With respect to the allegations of Paragraph 10, Bayer lacks sufficient information or knowledge to admit or deny these allegations, and on that basis denies the allegations of this paragraph.

11.     With respect to the allegations of Paragraph 11:  On June 3, 2003, Roche and Bayer entered into a Settlement and License Agreement that Bayer believes covers the Bayer products accused in this litigation.  Disputes as to product coverage under the Settlement and License Agreement are subject to a contractual dispute resolution process, including binding

2

arbitration. Bayer has notified Roche of the product coverage dispute and is seeking to commence the contractual dispute resolution process.

12.     The allegations of Paragraph 12 are not directed at Bayer, and, therefore, no answer is required or made.

13.     With respect to the allegations of Paragraph 13, Bayer admits that personal jurisdiction over Bayer comports with the United States Constitution and Section 3104 of the Delaware Code because Bayer is incorporated in Delaware. Bayer denies all other allegations of this paragraph.

14.     The allegations of Paragraph 14 are not directed at Bayer, and, therefore, no answer is required or made.

15.     The allegations of Paragraph 15 are not directed at Bayer, and, therefore, no answer is required or made.

16.     The allegations of Paragraph 16 are not directed at Bayer, and, therefore, no answer is required or made.

17.     The allegations of Paragraph 17 are not directed at Bayer, and, therefore, no answer is required or made.

18.     With respect to the allegations of Paragraph 18, Bayer lacks sufficient information or knowledge to admit or deny these allegations, and on that basis denies the allegations of this paragraph.

## CLAIM FOR RELIEF

19.     With respect to the allegations of Paragraph 19, Bayer admits that United States Patent No. 7,276,146 ("the '146 Patent") was issued by the United States Patent and Trademark Office on October 2, 2007, and is entitled "Electrodes, Methods, Apparatuses Comprising Micro-Electrode Arrays." Bayer admits that a copy of the '146 Patent is attached to Roche's complaint as Exhibit A. Bayer lacks sufficient information or knowledge to admit or deny that Roche is the

3

assignee of the entire right, title, and interest in and to the '146 Patent, and on that basis denies that allegation. Bayer denies the remaining allegations of this paragraph.

20.    With respect to the allegations of Paragraph 20, Bayer admits that United States Patent No. 7,276,147 ("the '147 Patent") was issued by the United States Patent and Trademark Office on October 2, 2007, and is entitled "Method For Determining The Concentration Of An Analyte In A Liquid Sample Using Small Volume Samples And Fast Test Times." Bayer admits that a copy of the '147 Patent is attached to Roche's complaint as Exhibit B. Bayer lacks sufficient information or knowledge to admit or deny that Roche is the assignee of the entire right, title, and interest in and to the '147 Patent, and on that basis denies that allegation. Bayer denies the remaining allegations of this paragraph.

21.    Bayer denies all allegations of Paragraph 21 directed at Bayer. Bayer is not required to answer the allegations of Paragraph 21 directed against the other defendants, and no answer is made as to those allegations.

COUNT I

22.    With respect to the allegations of Paragraph 22, Bayer incorporates herein its responses to Paragraphs 1-21.

23.    The allegations of Paragraph 23 are not directed at Bayer, and, therefore, no answer is required or made.

24.    The allegations of Paragraph 24 are not directed at Bayer, and, therefore, no answer is required or made.

25.    The allegations of Paragraph 25 are not directed at Bayer, and, therefore, no answer is required or made.

COUNT II

26.    With respect to the allegations of Paragraph 26, Bayer incorporates herein its responses to Paragraphs 1-21.

27.    Bayer denies the allegations of Paragraph 27.

DB02:6494916.1                                                                                    066694.1001

28.    With respect to the allegations of Paragraph 28, Bayer denies that Roche is entitled to any remedy against Bayer or that, if Roche is entitled to any remedy, it has no adequate remedy at law.

29.    With respect to the allegations of Paragraph 29, Bayer denies that it has engaged in infringing activities and denies that it has caused or will cause any damage to the rights of Roche.

**COUNT III**

30.    With respect to the allegations of Paragraph 30, Bayer incorporates herein its responses to Paragraphs 1-21.

31.    The allegations of Paragraph 31 are not directed at Bayer, and, therefore, no answer is required or made.

32.    The allegations of Paragraph 32 are not directed at Bayer, and, therefore, no answer is required or made.

33.    The allegations of Paragraph 33 are not directed at Bayer, and, therefore, no answer is required or made.

**COUNT IV**

34.    With respect to the allegations of Paragraph 34, Bayer incorporates herein its responses to Paragraphs 1-21.

35.    The allegations of Paragraph 35 are not directed at Bayer, and, therefore, no answer is required or made.

36.    The allegations of Paragraph 36 are not directed at Bayer, and, therefore, no answer is required or made.

37.    The allegations of Paragraph 37 are not directed at Bayer, and, therefore, no answer is required or made.

DB02:6494916.1    066694.1001

## COUNT V

38.    With respect to the allegations of Paragraph 38, Bayer incorporates herein its responses to Paragraphs 1-21.

39.    The allegations of Paragraph 39 are not directed at Bayer, and, therefore, no answer is required or made.

40.    The allegations of Paragraph 40 are not directed at Bayer, and, therefore, no answer is required or made.

41.    The allegations of Paragraph 41 are not directed at Bayer, and, therefore, no answer is required or made.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Non-Infringement)

42.    Bayer is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any other way, any valid, enforceable claim of the '146 and '147 Patents.

### Second Affirmative Defense
### (Patent Invalidity)

43.    The '146 and '147 Patents, and all of their claims, are invalid under one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

### Third Affirmative Defense
### (Scope of the Prior Art)

44.    The prior art known before the alleged inventions covered by the '146 and '147 Patents limits and restricts the scope of the patents such that Bayer does not infringe any claims of the '146 and '147 Patents.

DB02:6494916.1                                                                                          066694.1001

### Fourth Affirmative Defense
### (Waiver, Estoppel, Unclean Hands, Forfeiture, and Acquiescence)

45.     Roche's claims against Bayer are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, forfeiture, and/or acquiescence.

### Fifth Affirmative Defense
### (Prosecution Laches)

46.     On the basis of the prosecution histories of the '146 and '147 Patents, Roche's claims against Bayer are barred, in whole or in part, by prosecution laches.

### Sixth Affirmative Defense
### (Patent License)

47.     Roche's claims against Bayer are barred, in whole or in part, because the accused Bayer products are covered under the June 3, 2003 Settlement and License Agreement between Roche and Bayer.  Any disputes as to coverage of the products under the Settlement and License Agreement are subject to a contractual dispute resolution process, including binding arbitration. Thus, the Complaint fails to state a claim against Bayer upon which relief can be granted.

### Seventh Affirmative Defense
### (Improper Joinder)

48.     Defendants are not properly joined together as parties in this action under Rule 20 of the Federal Rules of Civil Procedure.

### PRAYER FOR RELIEF

WHEREFORE, Bayer respectfully requests that this Court enter judgment in its favor:

A.     Dismissing Roche's claims in their entirety and with prejudice;

B.     Denying Roche any relief whatsoever by way of its complaint;

C.     Awarding Bayer its costs pursuant to 35 U.S.C. § 284;

D.     Finding that this is an exceptional case and awarding Bayer its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

E.     Awarding such other relief as the Court may deem appropriate under the circumstances.

7

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Bayer demands a trial by jury on all claims so triable.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

_____

John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jcastellano@ycst.com
*Attorneys for Defendant Bayer Healthcare, LLC*

OF COUNSEL:

Rachel Krevans
Wesley E. Overson
Parisa Jorjani
Daniel P. Muino
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000

Kenneth P. George
Joseph M. Casino
AMSTER ROTHSTEIN
& EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
(212) 336-8000

Dated: January 11, 2008

DB02:6494916.1                                                                066694.1001

## CERTIFICATE OF SERVICE

I, Jeffrey T. Castellano, Esquire, hereby certify that on January 11, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Philip A. Rovner, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951

Frederick L. Cottrell, III, Esquire
Anne Shea Gaza, Esquire
Richards Layton & Finger PA
One Rodney Square
920 North King Street
Wilmington, DE 19801

Mary W. Bourke, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Rodger D. Smith, II, Esquire
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Steven J. Balick, Esquire
Lauren E. Maguire, Esquire
Ashby & Geddes
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

I further certify that on January 11, 2008, I caused a true and correct copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

Daniel A. Boehnen, Esquire [boehnen@mbhm.com]
Grantland G. Drutchas, Esquire [drutchas@mbhb.com]
Gary E. Hood, Esquire [hood@mbhb.com]
Nicole Keenan, Esquire [keenan@mbhb.com]
Paula S. Fritsch, Esquire [Fritsch@mbhb.com]
Sherri L. Oslick, Esquire [oslick@mbhb.com]
Jeffrey P. Armstrong [armstrongj@mbhb.com]
McDonnell Boehnen Hulbert & Bergoff LLP
300 South Wacker Drive
Chicago, IL  60606

Bradford J. Badke, Esquire [jim.badke@ropesgray.com]
Sona De, Esquire [sona.de@ropesgray.com]
Michael Kahn, Esquire [michael.kahn@ropesgray.com]
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY  10036-8704

Michael G. Adams, Esquire [mikeadams@parkerpoe.com]
Ashley L. Ellis, Esquire [ashleyellis@parkerpoe.com]
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC  28202

Edward A. Mas II, Esquire [emas@mcandrews-ip.com]
Stephen F. Sherry, Esquire [ssherry@mcandrews-ip.com]
Kirk A. Vander Leest, Esquire [kvanderleest@mcandrews-ip.com]
James M. Hafertepe, Esquire [jhafertepe@mcandrews-ip.com]
Merle S. Elliott, Esquire [melliott@mcandrews-ip.com]
McAndrews, Held & Malloy, Ltd.
500 West Madison Street
Chicago, IL  60661

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

_____
John W. Shaw (No. 3362) [jshaw@ycst.com]
Jeffrey T .Castellano (No. 4837)
[jcastellano@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19899
(302) 571-6600

*Attorneys for Defendant Bayer Healthcare, LLC*