IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 07-753-JJF |
| v. | ) ) ) | |
| ABBOTT DIABETES CARE, INCORPORATED and ABBOTT DIABETES CARE SALES CORPORATION, | ) ) ) ) ) | |
| BAYER HEALTHCARE, LLC, | ) ) | JURY TRIAL DEMANDED |
| DIAGNOSTICS DEVICES, INC., | ) ) | |
| LIFESCAN, INCORPORATED, and | ) ) | |
| NOVA BIOMEDICAL CORPORATION, | ) ) | |
| Defendants. | ) | |
| LIFESCAN, INCORPORATED, | ) ) | |
| Counterplaintiff, | ) ) | Civil Action No. 07-753-JJF |
| v. | ) ) ) | |
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED, | ) ) ) ) | |
| Counterdefendants. | ) | |

**ANSWER AND COUNTERCLAIMS OF DEFENDANT LIFESCAN, INC.**

Defendant LifeScan, Inc. ("LifeScan") hereby responds as follows to the Complaint of Plaintiffs Roche Diagnostics Operations, Inc. ("Roche") and Corange International Limited ("Corange") (collectively and severally, the "Plaintiffs"):

## **PARTIES, JURISDICTION AND VENUE**

1. LifeScan admits that the Complaint purports to set forth claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. LifeScan denies that Roche has any such cause of action in fact or law.

2. LifeScan admits the allegations contained in Paragraph 2 of the Complaint.

3. LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of the Complaint and therefore denies the same.

4. LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of the Complaint and therefore denies the same.

5. LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of the Complaint and therefore denies the same.

6. LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of the Complaint and therefore denies the same.

7. LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of the Complaint and therefore denies the same.

8. LifeScan admits the allegations contained in Paragraph 8 of the Complaint.

9. LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of the Complaint and therefore denies the same.

10. LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of the Complaint and therefore denies the same.

11. LifeScan admits that this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

12. LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of the Complaint and therefore denies the same.

13. LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of the Complaint and therefore denies the same.

14. LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of the Complaint and therefore denies the same.

15. LifeScan denies the allegations contained in Paragraph 15 of the Complaint.

16. LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 of the Complaint and therefore denies the same.

17. LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17 of the Complaint and therefore denies the same.

18. LifeScan admits venue is proper in this district under 28 U.S.C. § 1391(b)-(c) and 1400(b).

### CLAIM FOR RELIEF

19. LifeScan admits that U.S. Patent Number 7,276,146 ("the '146 patent") indicates on its face that it was issued on October 2, 2007. LifeScan further admits that an uncertified copy of the patent is attached to the Complaint as Exhibit A. LifeScan further admits that the title listed on the '146 patent is "Electrodes, Methods, Apparatuses Comprising Micro-Electrode Arrays." LifeScan lacks sufficient knowledge or information to admit or deny the allegation that Roche is the assignee of any interest in the '146 patent. LifeScan denies the remaining allegations set forth in Paragraph 19 of the Complaint.

20. LifeScan admits that U.S. Patent Number 7,276,147 ("the '147 patent") indicates on its face that it was issued October 2, 2007. LifeScan further admits that an uncertified copy of

the patent is attached to the Complaint as Exhibit B. LifeScan further admits that the title listed on the '147 patent is "Method for Determining the Concentration of an Analyte in a Liquid Sample Using Small Volume Samples and Fast Test Times." LifeScan lacks sufficient knowledge or information to admit or deny the allegation that Roche is the assignee any interest in the '147 patent. LifeScan denies the remaining allegations set forth in Paragraph 20 of the Complaint.

21.  LifeScan denies the allegations set forth in Paragraph 21 of the Complaint as they pertain to LifeScan and lacks sufficient knowledge of information to admit or deny the allegations as they pertain to other defendants.

## COUNT I

22.  LifeScan incorporates the responses of Paragraphs 1-21.

23.  LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 23 of the Complaint and therefore denies the same.

24.  LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 24 of the Complaint and therefore denies the same.

25.  LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 25 of the Complaint and therefore denies the same.

## COUNT II

26.  LifeScan incorporates the responses of Paragraphs 1-21.

27.  LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 27 of the Complaint and therefore denies the same.

28.  LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 28 of the Complaint and therefore denies the same.

29.     LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 29 of the Complaint and therefore denies the same.

### COUNT III

30.     LifeScan incorporates the responses of Paragraphs 1-21.

31.     LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 31 of the Complaint and therefore denies the same.

32.     LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 32 of the Complaint and therefore denies the same.

33.     LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 33 of the Complaint and therefore denies the same.

### COUNT IV

34.     LifeScan incorporates the responses of Paragraphs 1-21.

35.     LifeScan denies the allegations contained within Paragraph 35.

36.     LifeScan denies the allegations contained within Paragraph 36.

37.     LifeScan denies the allegations contained within Paragraph 37.

### COUNT V

38.     LifeScan incorporates the responses of Paragraphs 1-21.

39.     LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 39 of the Complaint and therefore denies the same.

40.     LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 40 of the Complaint and therefore denies the same.

41.     LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 41 of the Complaint and therefore denies the same.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, LifeScan alleges as follows by way of affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

42. LifeScan does not infringe any valid claim of the '146 patent or the '147 patent.

### SECOND AFFIRMATIVE DEFENSE

43. The claims of the '146 patent and/or the '147 patent are invalid for failing to meet the requirements of one or more provisions of 35 U.S.C. §§ 102, 103 and/or 112.

### THIRD AFFIRMATIVE DEFENSE

44. Plaintiffs fail to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

44. LifeScan is not properly joined as a Defendant in this action.

## COUNTERCLAIMS

LifeScan ("Counterplaintiff") for its counterclaims against Plaintiffs ("Counterdefendants") allege as follows:

### PARTIES

46. Counterplaintiff LifeScan, Inc. is a corporation organized and existing under the laws of the State of California, with a principal place of business in Milpitas, California.

47. Upon information and belief, Counterdefendant Roche Diagnostics Operations, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Indianapolis, Indiana.

6

48. Upon information and belief, Counterdefendant Corange International Limited is a limited liability company organized under the laws of Bermuda with a principal place of business in Bermuda.

## JURISDICTION AND VENUE

49. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 *et seq.* This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Counterplaintiff LifeScan seeks declaratory judgment of patent non-infringement and invalidity under 28 U.S.C. §§ 2201 and 2202.

50. There is an actual controversy within this judicial district arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and Declaratory Judgments Act, 28 U.S.C. §§ 2201 *et seq.*, between Counterplaintiff and Counterdefendant. Roche initiated this action against LifeScan, alleging infringement by LifeScan of United States Patent Nos. 7,276,146 ("the '146 patent") and 7,276,147 ("the '147 patent"). An actual controversy exists at least by virtue of Plaintiff's Complaint and LifeScan's Answer thereto, asserting non-infringement and invalidity of the '146 and '147 patents.

51. Venue for these Counterclaims is proper in this judicial district under 28 U.S.C. §§ 1391(b) & (c) and 1400(b).

## FIRST COUNTERCLAIM FOR RELIEF

54. Counterplaintiff incorporates the allegations of Counterclaim Paragraphs 46-53 as though fully set forth herein.

55. Counterplaintiff has not infringed any valid claim of the '146 patent, in any way, i.e. directly, contributorily, or by inducement. Therefore, LifeScan is entitled to a judicial declaration that LifeScan has not and does not infringe the '146 patent.

56. The claims of the '146 patent are invalid for failure to meet one or more of the requirements for patentability as set forth under 35 U.S.C. §§ 102, 103, and/or 112. Therefore, LifeScan is entitled to a judicial declaration that the '146 patent is invalid.

### SECOND COUNTERCLAIM FOR RELIEF

57. Counterplaintiff incorporates the allegations of Counterclaim Paragraphs 46-53 as though fully set forth herein.

58. Counterplaintiff has not infringed any valid and enforceable claim of the '147 patent, in any way, i.e. directly, contributorily, or by inducement. Therefore, LifeScan is entitled to a judicial declaration that LifeScan has not and does not infringe the '147 patent.

59. The claims of the '147 patent are invalid for failure to meet one or more of the requirements for patentability as set forth under 35 U.S.C. §§ 102, 103, and/or 112. Therefore, LifeScan is entitled to a judicial declaration that the '147 patent is invalid.

### PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterplaintiff Lifescan respectfully prays for judgment:

A. Dismissing the Complaint in its entirety, with prejudice, and denying Plaintiffs any relief requested in their Complaint;

B. Declaring that LifeScan has not infringed and is not infringing either the '146 patent or the '147 patent;

C. Declaring that one or more of the claims of the '146 patent and/or the '147 patent are invalid;

D. Enjoining permanently Plaintiff-Counterdefendant Roche from asserting or enforcing the '146 and the '147 patent against LifeScan;

8

E.   Awarding LifeScan its costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285; and

F.   Granting such other relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED,

/s/ Mary W. Bourke
Mary W. Bourke (#2356)
R. Eric Hutz (#2702)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

*Attorneys for Defendant LifeScan, Inc.*

Dated: January 11, 2008

## CERTIFICATE OF SERVICE

I, Mary W. Bourke, Esquire, hereby certify that on January 11, 2008, I caused to be served by electronic service the foregoing document and electronically filed the same with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Philip A. Rovner
Potter Anderson & Corroon, LLP
1313 N. Market St.
Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951
*Attorneys for Plaintiffs Roche Diagnostic Operations, Inc. and Corange International Limited*

Daniel A. Boehnen
Grantland G. Drutchas
Gary E. Hood
Nicole Keenan
Paula S. Fritsch
Sherri L. Oslick
Jeffrey P. Armstrong
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
*Attorneys for Plaintiffs Roche Diagnostic Operations, Inc. and Corange International Limited*

John W. Shaw
Jeffrey Thomas Castellano
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
*Attorneys for Defendant Bayer Healthcare, LLC*

Rodger Dallery Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
*Attorneys for Defendant Nova Biomedical Corporation*

Frederick L. Cottrell, III
Anne Shea Gaza
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
*Attorneys for Defendants Abbott Diabetes Care Inc. and Abbott Diabetes Care Sales Corporation.*

Steven J. Balick
John G. Day
Lauren E. Maguire
Ashby & Geddes
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
*Attorneys for Defendant Diagnostic Devices Inc.*

I further certify that on January 11, 2008, I caused a true and correct copy of the foregoing document to be served by e-mail to the following non-registered participants:

Kirk A. Vander Leest
Edward A. Mas II
Stephen F. Sherry
James M. Hafertepe
Merle S. Elliott
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, Suite 3400
Chicago, IL 60661
*Attorneys for Defendants Abbott Diabetes Care Inc. and Abbott Diabetes Care Sales Corporation*

Wesley E. Overson
Rachel Krevans
Jason R. Bartlett
Parisa Jorjani
Daniel P. Muino
Morrisson & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
*Attorneys for Defendant Bayer Healthcare, LLC*

Kenneth P. George
Joseph M. Casino
Amster Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
*Attorneys for Defendant Bayer Healthcare, LLC*

Ashley L. Ellis
Michael G. Adams
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
*Attorneys for Defendant Diagnostic Devices Inc.*

Bradford J. Badke
Sona De
Michael Kahn
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
*Attorneys for Defendant Nova Biomedical Corporation*

CONNOLLY BOVE LODGE & HUTZ LLP

<u>/s/ Mary W. Bourke</u>
Mary W. Bourke (#2356)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-1347

*Attorneys for Defendant LifeScan Incorporated*

582887