**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT DIABETES CARE, INCORPORATED, and ABBOTT DIABETES CARE SALES CORPORATION, et al. <br><br> Defendants. | C.A. No. 07-753 JJF <br><br> **DEMAND FOR JURY TRIAL** |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Nova Biomedical Corporation ("Nova"), by its undersigned attorneys, based upon its own knowledge, and otherwise upon information and belief, responds to the Complaint For Patent Infringement ("Complaint") as follows:

## PARTIES, JURISDICTION AND VENUE

1.  Nova admits that the Complaint purports to state causes of action under the patent laws of the United States, Title 35 of the United States Code. Nova denies the remaining allegations contained in Paragraph 1.

2.  Nova admits, upon information and belief, that RDOI is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 9115 Hague Road, Indianapolis, IN 46250. Nova denies the remaining allegations contained in Paragraph 2.

3.  Nova admits, upon information and belief, that Corange is a limited liability company organized and existing under the laws of Bermuda, with a principal place of

business at 22 Church Street, P.O. Box HM 2026, Hamilton HM HX Bermuda. Nova denies the remaining allegations contained in Paragraph 3.

   4.  Nova admits, upon information and belief, that Defendant ADC is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1360 South Loop Road, Alameda, CA 94502.

   5.  Nova admits, upon information and belief, that Defendant ADCS is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1360 Harbor Bay Parkway, Alameda, CA 94502.

   6.  Nova admits, upon information and belief, that Defendant Bayer is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 555 White Plains Road, Tarrytown, NY 10591.

   7.  Nova admits, upon information and belief, that Defendant DDI is a corporation organized and existing under the laws of the State of North Carolina, with a principal place of business at 9300 Harris Corners Pkwy, Suite 450, Charlotte, NC 28269.

   8.  Nova admits, upon information and belief, that Defendant LifeScan is a corporation organized and existing under the laws of the State of California, with a principal place of business at 1000 Gibraltar Drive, Milpitas, CA 95035.

   9.  Admitted.

   10.  Denied. Pursuant to the Court's January 8, 2008 Order, Sanvita Incorporated is no longer a party to this action.

   11.  Nova admits that this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

12.   Nova lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12, and therefore denies same.

13.   Nova lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13, and therefore denies same.

14.   Nova lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14, and therefore denies same.

15.   Nova lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15, and therefore denies same.

16.   Nova admits that it conducts business within this District. Nova denies that it has committed acts of patent infringement in the United States and denies the remaining allegations of Paragraph 16.

17.   Denied. Pursuant to the Court's January 8, 2008 Order, Sanvita Incorporated is no longer a party to this action.

18.   Nova admits that venue is proper in this District under 28 U.S.C. § 1400(b) and § 1391(b) and (c).

**CLAIM FOR RELIEF**

19.   Nova admits that, on its face, United States Patent No. 7,276,146 ("the '146 patent") is entitled "Electrodes, Methods, Apparatuses Comprising Micro-Electrode Arrays" and Roche Diagnostics Operations, Inc. and Corange International Limited are listed as Assignees, and that it issued on October 2, 2007. Nova further admits that a copy of the '146 patent is attached to the Complaint as Exhibit A. Nova denies the remaining allegations of Paragraph 19.

20. Nova admits that, on its face, United States Patent No. 7,276,147 ("the '147 patent") is entitled "Methods For Determining The Concentration Of An Analyte In A Liquid Sample Using Small Volume Liquid Samples And Fast Test Times" and Roche Diagnostics Operations, Inc. and Corange International Limited are listed as Assignees, and that it issued on October 2, 2007. Nova further admits that a copy of the '147 patent is attached to the Complaint as Exhibit B. Nova denies the remaining allegations of Paragraph 20.

21. As to Nova, Nova denies the allegations contained in Paragraph 21. Nova lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 as applied to the other named defendants.

## COUNT I

22. Nova incorporates Paragraphs 1-21 of its Answer as if set forth fully herein.

23. Nova lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and therefore denies same.

24. Nova lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and therefore denies same.

25. Nova lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and therefore denies same.

## COUNT II

26. Nova incorporates Paragraphs 1-21 of its Answer as if set forth fully herein.

27. Nova lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and therefore denies same.

28. Nova lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and therefore denies same.

29. Nova lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and therefore denies same.

## COUNT III

30. Nova incorporates Paragraphs 1-21 of its Answer as if set forth fully herein.

31. Nova lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, and therefore denies same.

32. Nova lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, and therefore denies same.

33. Nova lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, and therefore denies same.

## COUNT IV

34. Nova incorporates Paragraphs 1-21 of its Answer as if set forth fully herein.

35. Nova lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and therefore denies same.

36. Nova lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, and therefore denies same.

37. Nova lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, and therefore denies same.

**COUNT V**

38. Nova incorporates Paragraphs 1-21 of its Answer as if set forth fully herein.

39. Nova denies the allegations contained in Paragraph 39. Further, pursuant to the Court's January 8, 2008 Order, Sanvita Incorporated is no longer a party to this action.

40. Nova denies the allegations contained in Paragraph 40.

41. Nova denies the allegations contained in Paragraph 41. Further, pursuant to the Court's January 8, 2008 Order, Sanvita Incorporated in no longer a party to this action.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Nova is not infringing and has not infringed, either directly or by inducing or contributing to infringement by others, any valid claim of the '146 patent or the '147 patent.

**Second Affirmative Defense**

The claims of the '146 patent and the '147 patent are invalid for failure to comply with the conditions for patentability specified in 35 U.S.C. § 101, *et seq.*, including, but not limited to, the requirements in 35 U.S.C. §§ 102, 103 and 112.

**Third Affirmative Defense**

Roche Diagnostics Operations, Inc. and Corange International Limited (collectively, "Roche") are estopped from construing the claims of the '146 patent and the '147 patent in such a way as to cover any of Nova's products or activities by reasons of statements made to the United States Patent and Trademark Office ("USPTO") during the prosecution of the applications that resulted in those patents.

**Fourth Affirmative Defense**

Roche's claims against Nova are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, forfeiture and/or acquiescence.

**Fifth Affirmative Defense**

Defendants are not properly joined together under FED. R. CIV. P. 20 because the relief sought by Roche from each defendant is not in respect of, or arising out of, the same transaction, occurrence, or series of transactions or occurrences.

**COUNTERCLAIMS**

**THE PARTIES**

1. Nova is a Massachusetts company having a principal place of business at 200 Prospect Street, Waltham, MA.

2. Upon information and belief, RDOI is a Delaware corporation, with a principal place of business at 9115 Hague Road, Indianapolis, IN 46250.

3. Upon information and belief, Corange is a limited liability company organized and existing under the laws of Bermuda, with a principal place of business at 22 Church Street, P.O. Box HM 2026, Hamilton HM HX Bermuda.

**JURISDICTION AND VENUE**

4. Nova's First, Second and Third counterclaims arise under the patent laws of the United States, Title 35, United States Code. This Court has jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331, 1338, 2201 and 2202. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

5. This Court has jurisdiction over the subject matter of Nova's Fourth, Fifth, Sixth and Seventh Counterclaims under 28 U.S.C. §§ 1332(a), 1332(c) and 1367(a). Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1391(c).

## FACTUAL ALLEGATIONS

6. On information and belief, F. Hoffman-La Roche, Ltd. ("HLR") is a limited liability company organized and existing under the laws of Switzerland, with a principal place of business at Grenzacherstrasse 124, CH-4070 Basel, Switzerland.

7. On information and belief, Plaintiff RDOI is a subsidiary of, or otherwise related to, HLR.

8. On information and belief, Dr. Werner Schaefer was President of the Roche Laboratory Systems business unit of HLR during the time period of the events set forth below.

9. On information and belief, Dr. Gerd Grenner is Chief Technology Officer of the Roche Diagnostics business unit of HLR.

10. On information and belief, from a time no later than 1995, Roche had intimate knowledge of Nova and its various technologies. In particular, in 1999, Roche expressed an interest in learning about Nova's glucose strip technology.

11. On September 8, 1999, Drs. Schaefer and Grenner met with Nova to discuss, *inter alia*, Nova's glucose strip technology.

12. On information and belief, HLR attended this meeting for the purposes of evaluating a potential business relationship whereby HLR would be entitled to distribute and sell blood glucose monitoring strips developed by Nova.

13. On September 8, 1999, HLR and Nova entered into a confidentiality agreement (the "Agreement") governing Nova's disclosure of proprietary information relating to its "new glucose monitoring technology" (the "Information"). A true and correct copy of the executed Agreement is attached hereto as Exhibit A.

14. Paragraph 3 of the Agreement provides that "Affiliated companies of ROCHE as well as consultants of ROCHE are not considered third parties in the meaning of Art. 3, provided they assume the same secrecy obligations and are therefore bound by the secrecy obligations of ROCHE." Exhibit A, ¶ 3.

15. On information and belief, Plaintiff RDOI is bound by the terms of the Agreement by virtue of its affiliation with HLR.

16. The Agreement required HLR, *inter alia*, to "treat such Information for a period of five (5) years after execution of this Agreement in the same manner as it would treat its own proprietary information and will not divulge the Information to third parties or use any Information for any other purposes than its evaluation." Exhibit A, ¶ 3.

17. At least during the September 8, 1999 meeting, and subject to the Agreement, Nova provided HLR through the disclosures to Drs. Schaefer and Grenner with Information concerning Nova's glucose strip technology, including, *inter alia*, a product demonstration, a description of the manufacturing process, the product specifications, the design of the product, including the component parts and layers, and other confidential and proprietary Information concerning Nova's work on a sub-microliter glucose strip.

18. Nova also provided Roche with additional confidential and proprietary Information concerning Nova's development of a blood glucose monitoring strip, including unpublished copies of two then-pending Nova patent applications.

19. On information and belief, Roche and Roche's legal counsel conducted a comprehensive study of Nova's then unpublished patent applications.

20. On July 10, 2001, United States Patent No. 6,258,229 ("the '229 Patent") was duly and legally issued, entitled "Disposable Sub-Microliter Volume Sensor And Method Of Making," with named inventors Handani Winarta, Xiaohua Cai, Fung Seto and Chung Chang Young. Nova is the owner of all right, title and interest in and to the '229 Patent. The '229 Patent is attached hereto as Exhibit B.

21. One of the two patent applications referred to in Paragraphs 18-19 resulted in the issuance of the '229 Patent.

22. On information and belief, Roche improperly used Nova's confidential and proprietary Information, provided under the Agreement, to develop Roche's own blood glucose monitoring strips.

## FIRST COUNTERCLAIM

### Declaratory Relief Regarding Non-Infringement

23. Nova repeats and realleges the allegations contained in Paragraphs 1-22 of its Counterclaims as if set forth fully herein.

24. Nova is not infringing and has not infringed, either directly or by inducing or contributing to infringement by others, any valid claim of the '146 or '147 patents.

25. To resolve the legal and factual questions raised by Roche and to afford relief from the uncertainty and controversy which Roche's accusations have precipitated, Nova is entitled to a declaratory judgment that it does not infringe the claims of the '146 or '147 patents.

## SECOND COUNTERCLAIM

### Declaratory Relief Regarding Invalidity

26.    Nova repeats and realleges the allegations contained in Paragraphs 1-22 of its Counterclaims as if set forth fully herein.

27.    The claims of the '146 and '147 patents are invalid for failure to comply with the conditions for patentability specified in 35 U.S.C. § 101, *et seq.*, including, without limitation, the requirements in 35 U.S.C. §§ 102, 103 and 112.

28.    To resolve the legal and factual questions raised by Roche and to afford relief from the uncertainty and controversy which Roche's accusations have precipitated, Nova is entitled to a declaratory judgment that the claims of the '146 and '147 patents are invalid.

## THIRD COUNTERCLAIM

### Patent Infringement

29.    Nova repeats and realleges the allegations contained in Paragraphs 1-22 of its Counterclaims as if set forth fully herein.

30.    On information and belief, Roche has been and is infringing the '229 Patent by making, using, selling or offering for sale in the United States, including within this District, electrochemical sensors, including those sold under the trade name Accu-Chek® Aviva.

31.    Roche's infringement has been, and continues to be, knowing, intentional and willful.

32.    Nova has no adequate remedy at law.

33.    Roche's infringing activities have caused substantial damage to Nova. Unless enjoined by this Court, upon information and belief, Roche will continue its infringing activities and will continue to damage Nova and cause irreparable harm.

## FOURTH COUNTERCLAIM

### Breach of Contract

34. Nova repeats and realleges the allegations contained in Paragraphs 1-22 of its Counterclaims as if set forth fully herein.

35. Roche's use of Nova's proprietary Information to develop its own blood glucose monitoring strips constitutes a breach of Paragraph 3 of the Agreement.

36. Nova has sustained damages as a result of Roche's breach and, on information and belief, will continue to sustain damages and suffer irreparable harm unless Roche is enjoined by this Court.

## FIFTH COUNTERCLAIM

### Misappropriation Of Trade Secrets

37. Nova repeats and realleges the allegations contained in Paragraphs 1-22 of its Counterclaims as if set forth fully herein.

38. Upon information and belief, Roche acquired proprietary and trade secret information from Nova under circumstances giving rise to a legal duty to maintain that information's secrecy, and not improperly use that information to Roche's benefit.

39. Upon information and belief, Roche misused Nova's proprietary and trade secret information in the development of its own blood glucose test strips without express or implied consent from Nova.

40. Nova has sustained damages as a result of Roche's improper use of Nova's proprietary and trade secret information and, on information and belief, will continue to sustain damages and suffer irreparable harm unless Roche is enjoined by this Court.

## SIXTH COUNTERCLAIM

### Unfair Competition

41. Nova repeats and realleges the allegations contained in Paragraphs 1-22 of its Counterclaims as if set forth fully herein.

42. Roche's improper use of Nova's confidential and proprietary information has inhibited Nova's ability to realize returns on its investment in innovation, research and development and impeded Nova's ability to earn revenue. On information and belief, such damage will continue and cause irreparable harm unless Roche is enjoined by this Court.

## SEVENTH COUNTERCLAIM

### Conversion

43. Nova repeats and realleges the allegations contained in Paragraphs 1-22 of its Counterclaims as if set forth fully herein.

44. Nova had a property right in the confidential and proprietary information obtained by Roche from Nova.

45. On information and belief, Roche exercised dominion over such information in a manner that was inconsistent with Nova's rights and interests to maintain the information as confidential and proprietary.

46. Nova has sustained damages as a result of Roche's actions and, on information and belief, will continue to sustain damage and suffer irreparable harm unless Roche is enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Nova respectfully requests that this Court:

A.  Dismiss with prejudice the Complaint and each and every count contained therein;

B.  Determine and declare that the claims of the '146 patent are invalid;

C.  Determine and declare that the claims of the '146 patent are not infringed;

D.  Determine and declare that the claims of the '147 patent are invalid;

E.  Determine and declare that the claims of the '147 patent are not infringed;

F.  Determine and declare that Roche infringes the claims of the '229 patent;

G.  Enjoin Roche from continuing to infringe the claims of the '229 patent;

H.  Award Nova damages sufficient to compensate it for Roche's infringement, with interest, and treble such damages as a result of Roche's willful infringement;

I.  Order that this case is exceptional pursuant to 35 U.S.C. § 285, and award Nova its reasonable attorneys' fees incurred in this action;

J.  Determine that Roche's actions constitute one or more breaches of the Agreement;

K.  Award Nova damages sufficient to compensate it for Roche's breach(es) of the Agreement;

L.  Enjoin Roche from continuing its actions in breach of the Agreement and causing irreparable harm to Nova;

M.  Determine that Roche's actions constitute misappropriation of trade secrets;

N.  Award Nova damages sufficient to compensate it for Roche's misappropriation of Nova's trade secrets;

   O. Enjoin Roche from continuing its actions and causing irreparable harm to Nova;

   P. Determine that Roche's actions constitute unfair competition;

   Q. Award Nova damages sufficient to compensate it for Roche's unfair competition;

   R. Enjoin Roche from continuing its unfair competition and causing irreparable harm to Nova;

   S. Determine that Roche's actions constitute conversion of Nova's information;

   T. Award Nova damages sufficient to compensate it for Roche's conversion of Nova's confidential and proprietary information;

   U. Enjoin Roche from continuing its actions and causing irreparable harm to Nova; and

   V. Grant such other and further relief as this Court deems appropriate.

**JURY DEMAND**

For all issues in Nova's Counterclaims that are triable by a jury, Nova demands a trial by jury pursuant to Rule 38(b), FED. R. CIV. P.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Rodger D. Smith II
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com

*Attorneys for Defendant
Nova Biomedical Corporation*

OF COUNSEL:

Bradford J. Badke
Sona De
Michael P. Kahn
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000

January 11, 2008

1382006

# CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on January 11, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Phillip A. Rovner, Esquire
> Potter Anderson & Corroon LLP
>
> Frederick L. Cottrell, III, Esquire
> Richards Layton & Finger PA
>
> Mary W. Bourke, Esquire
> Connolly Bove Lodge & Hutz LLP
>
> Steven J. Balick, Esquire
> Ashby & Geddes
>
> John W. Shaw, Esquire
> Young Conaway Stargatt & Taylor LLP

and that on January 11, 2008, I caused copies to be served upon the following in the manner indicated:

## BY HAND & E-MAIL

> Phillip A. Rovner, Esquire
> Potter Anderson & Corroon LLP
> 1313 North Market Street
> Wilmington, DE  19801
>
> Frederick L. Cottrell, III, Esquire
> Richards Layton & Finger PA
> One Rodney Square
> 920 North King Street
> Wilmington, DE  19801
>
> Mary W. Bourke, Esquire
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 North Orange Street
> Wilmington, DE  19801

Steven J. Balick, Esquire
Ashby & Geddes
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

John W. Shaw, Esquire
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

**BY E-MAIL**

Daniel A. Boehnen, Esquire
Grantland G. Drutchas, Esquire
McDonnell Boehnen Hulbert & Bergoff LLP
300 South Wacker Drive
Chicago, IL 60606
boehnen@mbhb.com
drutchas@mbhb.com

Michael G. Adams, Esquire
Ashley L. Ellis, Esquire
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

Edward A. Mas II, Esquire
McAndrews, Held & Malloy, Ltd.
500 West Madison Street
Chicago, IL 60661
emas@mcandrews-ip.com

Rachel Krevans, Esquire
Wesley E. Overson, Esquire
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
rkrevans@mofo.com
woverson@mofo.com

2

Kenneth P. George
Joseph M. Casino
Amster Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY  10016
kgeorge@arelaw.com
jcasino@arelaw.com

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
(302) 658-9200
rsmith@mnat.com