**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC.,<br>and CORANGE INTERNATIONAL LIMITED, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | C.A. No. 07-753-JJF |
| ABBOTT DIABETES CARE,<br>INCORPORATED, and<br>ABBOTT DIABETES CARE SALES<br>CORPORATION, | )<br>)<br>)<br>) | DEMAND FOR JURY TRIAL |
| BAYER HEALTHCARE, LLC, | )<br>) | |
| DIAGNOSTIC DEVICES, INC., | )<br>) | |
| LIFESCAN, INCORPORATED, and | )<br>) | |
| NOVA BIOMEDICAL CORPORATION, and<br>SANVITA INCORPORATED, | )<br>)<br>) | |
| Defendants. | ) | |

**PLAINTIFF/COUNTERCLAIM DEFENDANTS'**
**REPLY TO DEFENDANT ABBOTT'S COUNTERCLAIMS**

Plaintiffs/Counterclaim Defendants Roche Diagnostics Operations, Inc. ("RDOI") and

Corange International Limited ("Corange") (collectively "Roche") hereby file this Reply to the

Answer and Counterclaim to Plaintiff's Complaint for Patent Infringement ("Counterclaims")

filed by Defendants/Counterclaim Plaintiffs Abbott Diabetes Care, Incorporated ("ADC") and

Abbott Diabetes Care Sales Corporation ("ADCSC") (collectively "Abbott").

**THE PARTIES**

1.      ADC is a corporation organized and existing under the laws of the State of
Delaware and has a principal place of business at 1360 South Loop Road, Alameda, CA 94502.

**REPLY:**    Roche admits the allegations of paragraph 1 of Abbott's Counterclaims.

2.    ADCSC is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 1360 South Loop Road, Alameda, CA 94502.

**REPLY:**    Roche admits the allegations of paragraph 2 of Abbott's Counterclaims.

3.    On information and belief, RDOI is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 9115 Hague Road, Indianapolis, Indiana 46250

**REPLY:**    Roche admits the allegations of paragraph 3 of Abbott's Counterclaims.

4.    On information and belief, Corange is a limited liability company organized and existing under the laws of Bermuda and has a principal place of business at 22 Church Street, P.O. Box HM 2026, Hamilton HM HX Bermuda.

**REPLY:**    Roche admits the allegations of paragraph 4 of Abbott's Counterclaims.


## JURISDICTION AND VENUE

5.    Abbott's Counterclaim arises under the Patent Laws of the United States (35 U.S.C. § 1 *et seq.*).

**REPLY:**    Roche admits the allegations of paragraph 5 of Abbott's Counterclaims.

6.    The jurisdiction of this Court is proper under at least 28 U.S.C. §§ 1331, 1338, 1367, and 2201 *et seq.*

**REPLY:**    Roche admits that this Court has jurisdiction over the subject matter of

Abbott's Counterclaims.

7.    This Court has personal jurisdiction, general and specific, over RDOI.

**REPLY:**    Roche admits that this Court has personal jurisdiction over RDOI for

purposes of Abbott's Counterclaims.

8.    This Court has personal jurisdiction, general and specific, over Corange.

**REPLY:**    Roche admits that this Court has personal jurisdiction over Corange for

purposes of Abbott's Counterclaims.

9.    Venue is proper in this district under at least 28 U.S.C. § 1391.

**REPLY:**    Roche admits that venue is proper in this district.

## COUNT I

### Declaratory Judgment of Non-Infringement

10.    Based on Roche's Complaint and Abbott's First Affirmative Defense, an actual case or controversy exists between the parties concerning the alleged infringement of the patents-in-suit.

**REPLY:**    Roche admits that an actual case or controversy exists between the parties concerning Abbott's infringement of the patents-in-suit.

11.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq.*, Abbott requests a declaration by the Court that it does not infringe, and has not infringed, any claim of the patents-in-suit, either directly, contributorily, or by inducement.

**REPLY:**    Roche admits that Abbott requests the declaration alleged in paragraph 11 of its Counterclaims. Roche denies that Abbott does not infringe, and has not infringed, any claim of the patents-in-suit, either directly, contributorily, or by inducement, and further denies that Abbott has any basis for a declaration by this Court that it does not infringe, and has not infringed, any claim of the patents-in-suit, either directly, contributorily, or by inducement.

## COUNT II

### Declaratory Judgment of Invalidity

12.    Based on Roche's Complaint and Abbott's Second Affirmative Defense, an actual case or controversy exists between the parties concerning the validity and enforceability of the patents-in-suit.

**REPLY:**    Roche admits that an actual case or controversy exists between the parties concerning the validity and enforceability of the patents-in-suit.

13.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq.*, Abbott requests a declaration by the Court that the patents-in-suit are invalid.

**REPLY:**    Roche admits that Abbott requests the declaration alleged in paragraph 13 of its Counterclaims. Roche denies that the patents-in-suit are invalid, and further denies that Abbott has any basis for a declaration by this Court that the patents-in-suit are invalid.

### ROCHE'S PRAYER FOR RELIEF

WHEREFORE, having fully replied to Abbott's Counterclaims, Roche respectfully demands judgment for itself and against Defendant/Counterclaim Plaintiff Abbott as follows:

(a) That this Court adjudge that Abbott has been infringing the '146 and '147 Patents;

(b) That this Court issue an injunction enjoining Abbott and its officers, agents, servants and employees, privies, and all persons in active concert or participation with them from further infringement of the '146 and '147 Patents;

(c) That this Court ascertain and award Roche damages sufficient to compensate it for Abbott's infringement, and that the damages so ascertained be trebled and awarded to Roche with interest;

(d) That this Court deny Abbott's request for a declaration that it does not infringe, and has not infringed, any claim of the '146 and '147 Patents, and declare that Abbott does infringe, and has infringed, claim(s) of the '146 and '147 Patents;

(e) That this Court deny Abbott's request for a declaration that the '146 and '147 Patents are invalid, and declare that the '146 and '147 Patents are valid;

(f) That this Court find this case to be exceptional and award Roche its attorneys fees, costs, and expenses in this action; and

(g) That this Court award Roche such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(b), Plaintiff Roche demands a trial by jury on all issues triable by a jury.


POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

By: _____
        Philip A. Rovner (#3215)
        Hercules Plaza
        P.O. Box 951
        Wilmington, DE 19899-0951
        (302) 984-6000
        provner@potteranderson.com

Dated:  January 31, 2008
845859

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc., and*
*Corange International Limited*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on January 31, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com
gaza@rlf.com

John W. Shaw, Esq.
Jeffrey T. Castellano, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
jcastellano@ycst.com

Mary W. Bourke, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
mbourke@cblh.com

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
rsmith@mnat.com

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
500 Delaware Avenue
8th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

I hereby certify that on January 31, 2008 I have sent by E-mail the foregoing

document to the following non-registered participants:

Edward A. Mas, II, Esq.
Stephen F. Sherry, Esq.
Kirk Vander Leest, Esq.
James M. Hafertepe, Esq.
Merle S. Elliott, Esq.
McAndrews, Held & Malloy, Ltd.
500 West Madison Street
34th Floor
Chicago, IL 60661
emas@mcandrews-ip.com
ssherry@mcandrews-ip.com
kvanderleest@mcandrews-ip.com
jhafertepe@mcandrews-ip.com
melliott@mcandrews-ip.com

Wesley E. Overson, Esq.
Rachel Krevans, Esq.
Jason R. Bartlett, Esq.
Parisa Jorjani, Esq.
Daniel P. Muino, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
woverson@mofo.com
rkrevans@mofo.com
jasonbartlett@mofo.com
pjorjani@mofo.com
dmuino@mofo.com

Kenneth P. George, Esq.
Joseph M. Casino, Esq.
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
kgeorge@arelaw.com
jcasino@arelaw.com

Michael G. Adams, Esq.
Ashley L. Ellis, Esq.
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

Bradford J. Badke, Esq.
Sona De, Esq.
Michael Kahn, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Jim.badke@ropesray.com
Sona.de@ropesray.com
Michael.kahn@ropesgray.com

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com

-2-