IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED, <br><br> Plaintiffs, <br><br> vs. <br><br> ABBOTT DIABETES CARE, INCORPORATED, and ABBOTT DIABETES CARE SALES CORPORATION, <br><br> BAYER HEALTHCARE, LLC, <br><br> DIAGNOSTIC DEVICES, INC., <br><br> LIFESCAN, INCORPORATED, and <br><br> NOVA BIOMEDICAL CORPORATION, and SANVITA INCORPORATED, <br><br> Defendants. | C.A. No. 07-753-JJF <br><br><br> DEMAND FOR JURY TRIAL |

**PLAINTIFF/COUNTERCLAIM DEFENDANTS' REPLY TO
ANSWER AND COUNTERCLAIMS OF DEFENDANT LIFESCAN, INC.**

Plaintiffs/Counterclaim Defendants Roche Diagnostics Operations, Inc. ("RDOI") and Corange International Limited ("Corange") (collectively "Roche") hereby file this Reply to the Answer and Counterclaims of Defendant Lifescan, Inc. ("Counterclaims") filed by Defendant/Counterclaim Plaintiff LifeScan, Inc. ("LifeScan").

**THE PARTIES**

46. Counterplaintiff LifeScan, Inc. is a corporation organized and existing under the laws of the State of California, with a principal place of business in Milpitas, California.

**REPLY:** Roche admits the allegations of paragraph 46 of LifeScan's Counterclaims.

47. Upon information and belief, Counterdefendant Roche Diagnostics Operations, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Indianapolis, Indiana.

**REPLY:** Roche admits the allegations of paragraph 47 of LifeScan's Counterclaims.

48. Upon information and belief, Counterdefendant Corange International Limited is a limited liability company organized under the laws of Bermuda with a principal place of business in Bermuda.

**REPLY:** Roche admits the allegations of paragraph 48 of LifeScan's Counterclaims.

## JURISDICTION AND VENUE

49. This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

**REPLY:** Roche admits the allegations of paragraph 49 of LifeScan's Counterclaims.

50. There is an actual controversy within this judicial district arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., and Declaratory Judgments Act, 28 U.S.C. §§ 2201 et seq., between Counterplaintiff and Counterdefendant. Roche initiated this action against LifeScan, alleging infringement by LifeScan of United States Patent Nos. 7,276,146 ("the '146 patent") and 7,276,147 ("the '147 patent"). An actual controversy exists at least by virtue of Plaintiff's Complaint and LifeScan's Answer thereto, asserting non-infringement and invalidity of the '146 and '147 patents.

**REPLY:** Roche admits the allegations of paragraph 50 of LifeScan's Counterclaims.

51. Venue for these Counterclaims is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**REPLY:** Roche admits that venue is proper in this district.

## FIRST COUNTERCLAIM FOR RELIEF

54.  Counterplaintiff incorporates the allegations of Counterclaim Paragraphs 46-53 as though fully set forth herein.

**REPLY:**  Roche incorporates by reference its Replies to paragraphs 46-53 of LifeScan's Counterclaims as if set forth fully herein.

55.  Counterplaintiff has not infringed any valid claim of the '146 patent, in any way, i.e. directly, contributory, or by inducement. Therefore, LifeScan is entitled to a judicial declaration that LifeScan has not and does not infringe the '146 patent.

**REPLY:**  Roche denies the allegations of paragraph 55 of LifeScan's Counterclaims.

56.  The claims of the '146 patent are invalid for failure to meet one or more of the requirements for patentability as set forth under 35 U.S.C. §§ 102, 103, and/or 112. Therefore, LifeScan is entitled to a judicial declaration that the '146 patent is invalid.

**REPLY:**  Roche denies the allegations of paragraph 56 of LifeScan's Counterclaims.

## SECOND COUNTERCLAIM FOR RELIEF

57.  Counterplaintiff incorporates the allegations of Counterclaim Paragraphs 46-53 as though fully set forth herein.

**REPLY:**  Roche incorporates by reference its Replies to paragraphs 46-53 of LifeScan's Counterclaims as if set forth fully herein.

58.  Counterplaintiff has not infringed any valid and enforceable claim of the '147 patent, in any way, i.e. directly, contributorily, or by inducement. Therefore, LifeScan is entitled to a judicial declaration that LifeScan has not and does not infringe the '147 patent.

**REPLY:**  Roche denies the allegations of paragraph 58 of LifeScan's Counterclaims.

59.  The claims of the '147 patent are invalid for failure to meet one or more of the requirements for patentability as set forth under 35 U.S.C. §§ 102, 103 and/or 112. Therefore, LifeScan is entitled to a judicial declaration that the '147 patent is invalid.

**REPLY:**  Roche denies the allegations of paragraph 59 of LifeScan's Counterclaims.

## ROCHE'S PRAYER FOR RELIEF

WHEREFORE, having fully replied to Lifescan's Counterclaims, Roche respectfully demands judgment for itself and against Defendant/Counterclaim Plaintiff LifeScan as follows:

(a) That this Court adjudge that LifeScan has been infringing the '146 and '147 Patents;

(b) That this Court issue an injunction enjoining LifeScan and its officers, agents, servants and employees, privies, and all persons in active concert or participation with them from further infringement of the '146 and '147 Patents;

(c) That this Court ascertain and award Roche damages sufficient to compensate it for LifeScan's infringement, and that the damages so ascertained be trebled and awarded to Roche with interest;

(d) That this Court deny LifeScan's request for a declaration that it has not infringed and does not infringe either the '146 Patent or the '147 Patent, and declare that LifeScan has infringed and does infringe the '146 Patent and the '147 Patent;

(e) That this Court deny LifeScan's request for a declaration that the claims of the '146 Patent and the '147 Patent are invalid, and declare that the claims of the '146 Patent and '147 Patent are valid;

(f) That this Court find this case to be exceptional and award Roche its attorneys fees, costs, and expenses in this action; and

(g) That this Court award Roche such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(b), Plaintiff Roche demands a trial by jury on all issues triable by a jury.

-5-

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Dated:  January 31, 2008
845860

POTTER ANDERSON & CORROON LLP

By: _____
Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
provner@potteranderson.com

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc., and*
*Corange International Limited*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on January 31, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

## BY HAND DELIVERY AND E-MAIL

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com
gaza@rlf.com

John W. Shaw, Esq.
Jeffrey T. Castellano, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
jcastellano@ycst.com

Mary W. Bourke, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
mbourke@cblh.com

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
rsmith@mnat.com

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
500 Delaware Avenue
8th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

I hereby certify that on January 31, 2008 I have sent by E-mail the foregoing document to the following non-registered participants:

Edward A. Mas, II, Esq.
Stephen F. Sherry, Esq.
Kirk Vander Leest, Esq.
James M. Hafertepe, Esq.
Merle S. Elliott, Esq.
McAndrews, Held & Malloy, Ltd.
500 West Madison Street
34th Floor
Chicago, IL  60661
emas@mcandrews-ip.com
ssherry@mcandrews-ip.com
kvanderleest@mcandrews-ip.com
jhafertepe@mcandrews-ip.com
melliott@mcandrews-ip.com

Kenneth P. George, Esq.
Joseph M. Casino, Esq.
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY  10016
kgeorge@arelaw.com
jcasino@arelaw.com

Bradford J. Badke, Esq.
Sona De, Esq.
Michael Kahn, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Jim.badke@ropesgray.com
Sona.de@ropesray.com
Michael.kahn@ropesgray.com

Wesley E. Overson, Esq.
Rachel Krevans, Esq.
Jason R. Bartlett, Esq.
Parisa Jorjani, Esq.
Daniel P. Muino, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
woverson@mofo.com
rkrevans@mofo.com
jasonbartlett@mofo.com
pjorjani@mofo.com
dmuino@mofo.com

Michael G. Adams, Esq.
Ashley L. Ellis, Esq.
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com

-2-