## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROCHE DIAGNOSTICS OPERATIONS, INC.,    )
and CORANGE INTERNATIONAL LIMITED,    )
                                )
         Plaintiffs,                 )
                                )
         vs.                       )
                                )    C.A. No. 07-753-JJF
ABBOTT DIABETES CARE,                )
INCORPORATED, and ABBOTT DIABETES    )
CARE SALES CORPORATION,          )
BAYER HEALTHCARE, LLC,         )    DEMAND FOR JURY TRIAL
DIAGNOSTIC DEVICES, INC.,         )
LIFESCAN, INCORPORATED, and      )
NOVA BIOMEDICAL CORPORATION, and    )
SANVITA INCORPORATED,          )
                                )
         Defendants.              )

## PLAINTIFFS' ANSWERING BRIEF IN
## OPPOSITION TO LIFESCAN INC.'S MOTION TO SEVER

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001


Dated: February 6, 2008

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
provner@potteranderson.com

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc. and*
*Corange International Limited*

# TABLE OF CONTENTS

INTRODUCTION..................................................................................1

NATURE AND STAGE OF THE PROCEEDINGS...........................................2

SUMMARY OF ARGUMENT.................................................................3

STATEMENT OF FACTS......................................................................3

ARGUMENT....................................................................................4

    A.    Joinder Of The Defendants Is Appropriate Under Rule 20.....................4

          1.    Roche's Claims And Each Defendant's Common
                  Defenses And Counterclaims Arise Out Of The
                  Same Transaction Or Occurrence............................................5

          2.    Numerous Issues Of Law And Fact Are Common
                  To All Defendants, Including Issues of Claim
                  Construction, Infringement, And Validity...............................8

          3.    Severance Will Waste Judicial Resources................................10

          4.    LifeScan Will Not Be Prejudiced If Severance
                  Is Denied....................................................................10

          5.    Severance Will Prejudice Roche..........................................11

    B.    Even If Rule 20 Joinder Is Not Appropriate, The Cases
          Should Be Consolidated Under Rule 42, At A Minimum,
          For All Pre-Trial Activities................................................12

CONCLUSION.................................................................................14

# TABLE OF AUTHORITIES

## CASES

*Biglow v. Boeing Co.*,
   201 F.R.D. 519 (D.Kan.2001) ................................................................. 5

*Johnson v. Manhattan Railway Co.*,
   289 U.S. 479 (1933) ............................................................................ 12

*Magnavox Co. v. APF Electronics*,
   496 F. Supp. 29 (N.D.Il1. 1980) ................................................. 5, 12, 13

*MyMail v. America Online*,
   223 F.R.D. 455 (E.D. Tex. 2004) ............................................... 5, 6, 7, 8

*Sage Products v. Devon Industries*,
   148 F.R.D. 213 (N.D. Ill. 1993) ....................................................... 12, 13

*Sprint Communications Co. v. Theglobe.com*,
   233 F.R.D. 615 (D. Kan. 2006) ................................... 5, 6, 7, 8, 10, 11

*SRI Int'l v. Internet Security Systems*,
   No. 04-1199-SLR, 2005 WL 851126
   (D. Del. Apr. 13, 2005) (Robinson, J.) .................................. 5, 6, 7, 8, 10

*United Mine Workers of Am. v. Gibbs*,
   383 U.S. 715 (1966) ............................................................................. 5

## STATUTES AND RULES

Fed. R. Civ. P. 20 ................................................................... 1, 3, 4, 5, 7, 12

Fed. R. Civ. P. 21 ............................................................................................. 5

Fed. R. Civ. P. 42 .............................................................................. 3, 12, 14

35 U.S.C. §102 ................................................................................................. 9

35 U.S.C. § 103 ................................................................................................ 9

35 U.S.C. § 112 ................................................................................................ 9

## INTRODUCTION

Plaintiffs Roche Diagnostics Operations, Inc. ("RDOI") and Corange International Limited ("Corange") (collectively "Roche") oppose Defendant LifeScan Incorporated's ("LifeScan") Motion to Sever. The arguments in LifeScan's motion ignore the precedent and related lines of cases in other jurisdictions establishing that joinder under Rule 20 is appropriate where common patent infringement claims are made against similar devices sold by different defendants, particularly where the defendants all assert that the PTO granted an invalid patent. LifeScan also ignores (i) the significant advantages of coordinated discovery and trial on common issues, such as validity, (ii) the significant prejudice to Roche that severance stands to cause from potentially inconsistent results through multiple jury trials, and (iii) the lack of any comparable prejudice to LifeScan from joinder.

Finally, LifeScan ignores the reality that consolidation would be appropriate even if this Court severs LifeScan's claims. Each of the factors noted above weigh heavily in favor of consolidating these cases, particularly for pre-trial discovery, claim construction, and dispositive (and non-dispositive) motion practice. LifeScan has admitted that consolidation of claim construction is appropriate. Thus, in the event that the Court holds joinder to be inappropriate, Roche requests that the Court direct consolidation of the cases for all pre-trial activities.

Regardless of whether this action proceeds under permissive joinder pursuant to Rule 20 or consolidation pursuant to Rule 42, the ultimate question is how to coordinate the proceedings in order to best serve overall judicial efficiency. Even the other defendants tacitly admit the questionable logic behind severing these proceedings; no other defendant (including Abbott Diabetes Care Inc. and Abbott Diabetes Care Sales Corp. (collectively "Abbott"); Bayer Healthcare, LLC ("Bayer"); Diagnostic Devices, Inc. ("Diagnostic Devices"); or Nova

Biomedical Corp. ('Nova')[1] has joined in LifeScan's motion to sever. Coordinated pre-trial proceedings, including discovery, claim construction, and dispositive motions will substantially reduce the Court's overall workload, will substantially reduce the expenses incurred by the parties overall, and will expedite trial.

## NATURE AND STAGE OF THE PROCEEDINGS

This action was filed on November 21, 2007. (D.I. 1.) The parties submitted a Joint Proposed Rule 16 Scheduling Order on January 8, 2008. (D.I. 31.) The Scheduling Conference is currently set to take place on Friday, February 8, 2008, at 11:30 a.m. (D.I. 16.)

On January 9, 2008, Abbott moved to stay these proceedings pending reexamination of the patents-in-suit. (D.I. 36.) This issue has now been fully briefed, including an opposition filed by LifeScan. (D.I. 56, Roche's Answering Brief; D.I. 60, LifeScan's Partial Opposition; D.I. 65, Abbott's Reply Brief.)

All Defendants answered or otherwise responded to the Complaint on January 11, 2008. (D.I. 40, Abbott; D.I. 41, Bayer; D.I. 43, LifeScan; D.I. 44, Diagnostic Devices; D.I. 47, Nova.) Roche answered all counterclaims against it on January 31, 2007. (D.I. 62-64.)

Roche has initiated discovery, serving Abbott, Bayer, LifeScan and Nova on January 23, 2008. (D.I. 55.) Roche also served Diagnostic Devices with discovery on jurisdictional issues on January 29, 2008. (D.I. 61.) Under the Proposed Rule 16 Scheduling Order, the parties will exchange their initial disclosures, as required by Federal Rule of Civil Procedure 26(a)(1), on or before February 8, 2008.

---

[1] The original Complaint also listed Sanvita Incorporated ("Sanvita") as a Defendant. As Sanvita was a mere distributor of Nova's product, the claims against Sanvita were dismissed without prejudice by joint stipulation on January 8, 2008. (D.I. 33.)

LifeScan filed its motion to sever on January 28, 2008, over two weeks after filing its Answer and Counterclaim. (D.I. 59, 60.) As noted above, none of the other defendants have joined in LifeScan's motion to sever.

## SUMMARY OF ARGUMENT

1. Severance is improper because the allegations against each of the defendants meet both prongs of Rule 20, Fed. R. Civ. P.:

- First, precedent and related lines of cases in other jurisdictions establish that the enforcement of the same patents against multiple defendants, coupled with common defenses by the defendants of invalidity and non-infringement, constitutes a "right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences."

- Second, the validity and infringement allegations asserted against the various defendants and the defenses asserted by the defendants clearly raise common issues of law and fact; LifeScan's brief does not contest this fact.

2. Severance of this action would waste significant judicial resources and could substantially prejudice Roche. By contrast, LifeScan does not demonstrate any non-speculative prejudice arising from joinder.

3. In any event, consolidation is appropriate under Rule 42, Fed. R. Civ. P., for, at a minimum, all pre-trial activities, including discovery, claim construction and motion practice.

## STATEMENT OF FACTS

Roche has alleged that each of the defendants, including LifeScan, has infringed and is continuing to infringe the 7,276,146 & 7,276,146 patents ("the patents in suit"). (D.I. 1.) Roche

has asserted the same two patents against every defendant. *Id.* Each of the defendants, including LifeScan, is in the business of manufacturing, selling, or offering to sell blood glucose monitoring sensors that infringe the patents in suit. *Id.*

Indeed, from the perspective of the asserted claims, each of the accused products is virtually identical. For example, each of the accused products has a 1.0 μl or less blood sample volume and a 10 second or less test time as called for, *inter alia,* by the asserted claims. Even the allegations against each of the defendants are verbatim identical; only the specific products of each of the defendants identified in the Complaint vary. *Id.* Moreover, LifeScan admits that its infringing products are in direct competition with the infringing products of the other defendants. (D.I. 60 at 8-9.)

In answering Roche's complaint, each of the four defendants who answered the complaint, including LifeScan, raised nearly identical affirmative defenses and/or counterclaims of invalidity and non-infringement. In particular, each of the defendants raised defenses asserting invalidity under §§ 102, 103 and 112. (D.I. 40 at 11; D.I. 41 at 6; D.I. 43 at 6; D.I. 47 at 6.)

In recognition of the overlapping issues of fact and law, LifeScan has admitted that at least claim construction proceedings should be consolidated. (D.I. 60 at 11 n.6.)

## ARGUMENT

### A.    Joinder Of The Defendants Is Appropriate Under Rule 20

Under Rule 20, multiple parties may be joined as defendants in a single action if: (1) "any right to relief is asserted against [the parties]…with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Rule 20 was

4

created "to increase judicial efficiency by allowing related claims against different parties to be tried together." *MyMail v. America Online*, 223 F.R.D. 455, 457 (E.D. Tex. 2004). The Supreme Court has held that, "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Accordingly, Courts should and do construe Rule 20 broadly. *Biglow v. Boeing Co.*, 201 F.R.D. 519, 520 (D.Kan.2001).

Here, both elements of Rule 20 are satisfied. LifeScan's motion to sever should be denied, particularly at this stage of the litigation.[2] Keeping all parties joined at this stage is necessary to avoid unnecessary duplication of discovery, motions, and other pre-trial proceedings, and the resulting waste of judicial resources. The benefits of this coordination and consolidation outweigh any arguable benefit of severance.

### 1.    Roche's Claims And Each Defendant's Common Defenses And Counterclaims Arise Out Of The Same Transaction Or Occurrence

In a patent infringement case, the enforcement of the same patents against multiple defendants, coupled with common defenses by the defendants of invalidity and non-infringement, is recognized as constituting a "right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences." *See Sprint Communications Co. v. Theglobe.com*, 233 F.R.D. 615, 616 (D. Kan. 2006); *SRI Int'l v. Internet Security Systems*, No.

---

[2] The court may add or drop a party, or sever any claim against a party, at any time during an action, either on motion or on its own. Fed. R. Civ. P. 21; *see Magnavox Co. v. APF Electronics*, 496 F.Supp. 29, 32 (N.D.Ill. 1980) ("any prejudice that could result from improper joinder can be prevented since improperly joined parties can be dropped or added <u>at a later stage of the litigation</u>...and since separate trials on certain claims or issues can be ordered.") (emphasis added); *see also MyMail v. AmericaOnline*, 223 F.R.D. 455, 457 (E.D. Tex. 2004) ("When discovery is complete, the Court, upon motion of a party, will determine whether the state of the evidence compels severance of some type under Rule 21.").

5

04-1199-SLR, 2005 WL 851126, at *4 (D. Del. Apr. 13, 2005) (Robinson, J.); *MyMail*, 223 F.R.D. at 457 (E.D. Tex. 2004). This is precisely the situation at hand.

In *Sprint*, a patent holder alleged that three separate defendants infringed the same seven patents, and each defendant "raised several identical affirmative defenses." 233 F.R.D. at 617. The court denied a motion to sever, concluding that the patent holder's claims against the separate defendants arose out of the "same transaction or occurrence." *Id.*

Similarly, in *MyMail*, a patent holder's claims against seven separate defendants for infringement of the same patent arose out of the "same series of transactions or occurrences," again where each defendant asserted similar affirmative defenses of non-infringement and invalidity. 223 F.R.D. at 456-57. Again, the court denied a motion to sever. *Id.* at 458. As the court noted "[t]he prospect of inconsistent claim construction favors resolving related patent cases in the same forum when possible" because, in addition to "being a duplicative use of scarce judicial resources, two claim constructions risk inconsistency, create greater uncertainty regarding the patent's scope, and impede the administration of justice." *Id.*

This Court has followed the same reasoning as that set forth by the courts in *MyMail* and *Sprint*. In *SRI*, for example, this Court denied a motion to sever where the plaintiff asserted common patents against two separate defendants (although notably the plaintiff asserted only two of the four against one of the defendants). 2005 WL 851126, at *4. The Court nevertheless denied a motion to sever, because all of the asserted patents were drawn to related technology, and both defendants asserted similar invalidity defenses. As such, the Court held that the proceedings against the different defendants involved common transactions or occurrences:

> Both [defendants] have asserted invalidity defenses that will require this court to consider the validity of the asserted patents. These defenses will require the court to determine the date of conception and reduction to practice, the relevance of prior art and the level or ordinary skill in the art. It would be

6

> an inefficient use of judicial resources for this court to perform all of these
> tasks twice, once for [one defendant] and once for [the other defendant].
> Therefore, [the defendants'] motions to sever are denied at this stage of the
> proceedings.

*Id.*

The well-reasoned rationale articulated by the courts in *Sprint*, *MyMail*, and *SRI* applies with equal force to the facts here. Just as in *Sprint, MyMail,* and *SRI,* Roche has charged each of the defendants with infringing the same two patents in suit. (D.I. 1.) All of the defendants who have filed Answers have each raised the same affirmative defenses and/or counterclaims of non-infringement and invalidity. (D.I. 1; D.I. 40 at 11; D.I. 41 at 6; D.I. 43 at 6; D.I. 47 at 6.) Roche's claims against the defendants thus arise out of the "same series of transactions or occurrences." Indeed, even LifeScan must admit that the Court would be faced with duplicative arguments and overlapping evidence if it grants LifeScan's motion to sever, and allows the claims between Roche and LifeScan to proceed separately; hence LifeScan's acknowledgement that claim construction proceedings should be consolidated.

LifeScan argues that joinder of multiple parties is improper where the "only" connection between the parties is that they have infringed the same patents. (D.I. 60 at 6.) Even accepting for sake of argument that this is the only nexus between the parties, multiple courts have expressly rejected any type of per se rule such as that apparently advocated by LifeScan.

In particular, the court in *MyMail* expressly rejected the per se rule regarding the "same transaction" prong of Rule 20 that LifeScan advocates:

> The [defendants] urge the Court to adopt the rule that infringement by
> different defendants does not satisfy Rule 20's same transaction requirement,
> but ***the Court finds that this interpretation of Rule 20 is a hypertechnical
> one that perhaps fails to recognize the realities of complex, and particularly
> patent, litigation***. In essence, the [defendants] advocate a rule that requires
> separate proceedings simply because unrelated defendants are alleged to have
> infringed the same patent. The Court disagrees with such a per se rule that

7

> elevates form over substance. Such an interpretation does not further the
> goals of Rule 20, especially for discovery and motion purposes.

223 F.R.D. at 457 (emphasis added); *see also Sprint*, 233 F.R.D. at 617 ("contrary to [the

defendant's] strict interpretation, courts have consistently held that " '[t]ransaction' is a word of

flexible meaning [that] may comprehend a series of many occurrences, depending not so much

upon the immediateness of their connection as upon their logical relationship.").

The conclusion that Roche's claims along with each defendant's corresponding common

defenses and counterclaims arise out of the "same transaction or occurrence" not only furthers

the goals of Rule 20(a), but is supported by the well reasoned rationale articulated by this and

other district courts.

### 2. Numerous Issues Of Law And Fact Are Common To All Defendants, Including Issues of Claim Construction, Infringement, And Validity

LifeScan seems to accept that the allegations against the various defendants raise

common issues of law and fact, the second prong of the test for joinder under Rule 20. Indeed,

this is virtually indisputable. In patent infringement cases, where each defendant has been

accused of infringing the same patent(s), and where each defendant has raised similar defenses

and counterclaims, issues related to claim construction, invalidity, and infringement of the

asserted patents have repeatedly been found to be "common issues of law and fact" that clearly

satisfy the second requirement of Rule 20. *Sprint*, 233 F.R.D. at 617 (finding common issues of

law related to claim construction and invalidity of the asserted patents, and common issues of

fact related to infringement of the asserted patent); *MyMail*, 223 F.R.D. at 457 ("The legal

question as to the [asserted] patent's scope is common to all the defendants."); *SRI*, 2005 WL

851126, at *4 ("It is the experience of this court that patents over the same technology often give

rise to the same questions of law and fact (e.g., same prior art references, same level of ordinary skill in the art).").

Claim construction, infringement, and invalidity all present common issues of law and fact vis-à-vis all of the defendants, particularly where, as here, each of the infringing products are essentially identical from the perspective of the asserted claims. Each of the infringing products has a 1.0 μl or less blood sample volume and a 10 second or less test time. Moreover, each of the answering defendants have asserted the same affirmative defenses and/or counterclaims of invalidity under 35 U.S.C. §§ 102, 103, and 112. (D.I. 40 at 11; D.I. 41 at 6; D.I. 43 at 6; D.I. 47 at 6.). While the defendants may or may not ultimately rely on differing grounds for alleged invalidity, the fact remains that the issue of validity is common to all parties.

LifeScan pays lip service to the alleged "unique" arguments that it and the other defendants have asserted. None of these arguments negate the fact that the base claims in this litigation meet both prongs of the joinder requirements under Rule 20. LifeScan has not identified any LifeScan-specific non-infringement or invalidity theories that would not apply to the other defendants. Nor could it; if the patents are invalid as LifeScan asserts, they are invalid for all of the defendants. The other defendants' "unique" defenses also do not negate the appropriateness of joinder.[3]

---

[3] Nova's patent and trade secret counterclaims are meritless. They represent a hastily assembled knee-jerk response, brought only in an attempt to gain leverage against Roche's complaint. Bayer's alleged contract defense is facially incorrect, as the license agreement never addresses either the Bayer products in suit or the Roche patents in suit; Bayer has not asserted that the case should be stayed pending arbitration under the contract. Furthermore, as set forth in Roche's opposition to Abbott's motion to stay, Abbott's reexamination requests are unlikely to be granted; and if granted, those proceedings are unlikely to result in a significant change to the claims. Indeed, LifeScan would not have opposed Abbott's motion to stay if it thought the reexamination would invalidate the patent.

As such, numerous issues of law and fact related to such topics as claim construction, infringement, and validity, are common to all parties here. Therefore, Rule 20 joinder of the defendants is proper here.

### 3.    Severance Will Waste Judicial Resources

LifeScan's position that severance will not adversely impact judicial economy is untenable. Even if severance of LifeScan's claims "would result in only two cases before the court" as LifeScan posits, (D.I. 60 at 11), two cases will still require substantial duplication of judicial efforts. Though admitting that a joint claim construction hearing is proper (D.I. 60 at 11), LifeScan ignores the fact each of the four answering defendants has raised the same defenses of non-infringement and invalidity, all of which will require a multiplicity of hearings and motions covering the same subject matter. Multiple hearings and trials will entail a waste of substantial judicial resources and cause unnecessary delay.

Indeed, as discussed above, this Court denied motions to sever filed by each of the defendants in a closely analogous case, because the common invalidity defenses asserted by each of the defendants would have required the court to determine a number of common issues. This Court concluded that performing each of these tasks separately for each defendant, in short, would be "an inefficient use of judicial resources." *SRI*, 2005 WL 851126 at * 4 (Robinson, J.); *see also Sprint*, 233 F.R.D. at 618 ("to the extent that there are common issues here, there are clear economies to be achieved").

### 4.    LifeScan Will Not Be Prejudiced If Severance Is Denied

LifeScan argues that it will be prejudiced if it has to proceed through discovery and trial with the other defendants because it must rely on confidential information to prove that it does

10

not infringe, and its ability to compete in the marketplace would be harmed if that information were revealed to its competitors. (D.I. 60 at 9.) However, LifeScan has not shown why a suitable Protective Order is inadequate to preserve its confidential information.

LifeScan's argument has been rejected by other courts. *See, e.g., Sprint*, 233 F.R.D. at 618. Like the defendants in the *Sprint* case, LifeScan has "fail[ed] to explain why the court cannot prevent any possible pretrial disclosure of trade secrets or confidential material by a protective order." *Id.* Indeed, LifeScan's argument presupposes that the counsel for the other defendants will not comply with this Court's Protective Orders. Such an argument is speculative at best, and raises issues that arise in every patent case. LifeScan has provided no reason or evidence supporting a conclusion that a Protective Order in this case would be less controlling than a Protective Order in other cases. Such information is regularly disclosed in patent cases such as this, and will be here whether in one proceeding or many.

Even if this case is severed, each defendant will almost certainly seek access to LifeScan's alleged invalidity evidence in the other cases because of the numerous common issues of law and fact related to expert witnesses, infringement analysis, validity, etc. Severance, then, would not address LifeScan's confidentiality concerns at all. Instead, granting severance is likely to entangle the Court in numerous, duplicative, never-ending discovery disputes between the parties in the separate cases.

### 5.    Severance Will Prejudice Roche

Severance will substantially prejudice Roche. In this case, the same patents have been asserted against each of the defendants, who each infringe for virtually the same reasons, and each of the defendants has asserted a common set of affirmative defenses of invalidity and non-infringement. (D.I. 1; D.I. 40 at 11; D.I. 41 at 6; D.I. 43 at 6; D.I. 47 at 6.) Accordingly, fact

11

discovery and trial testimony related to claim construction, prior art, the prosecution history, the relevant skill in the art, the date of conception, etc. will be common to all parties. Roche has sought coordinated discovery so that these issues of law and fact that are common to all the parties can be considered in common proceedings.

Multiple hearings and trials will thus add unnecessary cost, create substantial duplication of efforts on Roche's part, and run the risk of inconsistent outcomes. LifeScan's allegation of a "transparent attempt to hinder discovery" is simply wrong. (D.I. 60 at 10.) Not only would such an unnecessary duplication of efforts waste judicial resources, it will also add cost to the proceedings and delay the resolution of Roche's patent rights.

B.    **Even If Rule 20 Joinder Is Not Appropriate, The Cases Should Be Consolidated Under Rule 42, At A Minimum, For All Pre-Trial Activities**

If the Court decides to grant LifeScan's motion, Roche requests in the alternative that the Court consolidate all proceedings under Rule 42.   Rule 42 permits consolidation of "actions involving a common question of law or fact" with the goal of promoting convenience and judicial economy. Fed. R. Civ. P. 42; *Johnson v. Manhattan Railway Co.*, 289 U.S. 479, 496-97 (1933). In patent infringement cases, consolidation is proper when the same patent(s) are asserted against different named defendants, and the different defendants each raise similar defenses of non-infringement and invalidity. *Sage Products v. Devon Industries*, 148 F.R.D. 213, 215 (N.D. Ill. 1993); *Magnavox Co. v. APF Electronics*, 496 F. Supp. 29, 33 (D.C. Ill., 1980).

The court in *Sage Products* granted a motion to consolidate two cases against two separate defendants where the plaintiff alleged infringement of the same three patents because the two separate cases "involve[d] the same intellectual property and both defendants [had]

12

raised the same issues of fact and law." 148 F.R.D. at 215. The court reasoned that

consolidating the cases would "result in a substantial saving of judicial time and effort; neither

case has progressed to a point where the relatedness determination would delay the proceedings;

and the legal and factual questions are complex, numerous, and susceptible of resolution in a

joint hearing." *Id.* The court added that "duplication of effort will be avoided as will the delay

and expense of proceeding with separate depositions and separate motion schedules." *Id.*

Similarly, the court in *Magnavox* granted a motion to consolidate three cases against

fourteen separate defendants where the plaintiff had alleged infringement of the same two

patents. 496 F. Supp. at 33. In articulating its rationale for granting consolidation, the court

explained how consolidation prevents duplication and a waste of judicial resources:

> [P]retrial consolidation will prevent duplicative efforts by the Court and
> counsel. Since the same patent is at issue in each of the actions, it is probable
> that the same documents and technical drawings will be solicited from
> plaintiffs. It is also likely that defendants will want to depose the same
> persons. Thus, efficiency will be promoted by coordinating discovery.
> Common briefing and hearing schedules can be set which will facilitate the
> supervision of discovery, and eliminate the need to consider like arguments
> more than once.

*Magnavox*, 496 F. Supp. 29, 33 (D.C. Ill., 1980).

As in *Sage Products* and *Magnavox*, consolidation is proper here because the same two

patents are asserted against multiple defendants, and the defendants each raise similar defenses

of non-infringement and invalidity. (D.I. 1; D.I. 40 at 11; D.I. 41 at 6; D.I. 43 at 6; D.I. 47 at 6.)

Indeed, the sound reasoning articulated by the district courts in *Sage Products* and *Magnavox* is

equally applicable to the facts here because the common legal and factual questions are complex,

numerous, and susceptible of resolution in a joint action.

Consolidation would result in a substantial savings of judicial time and effort. Because

the same patents have been asserted, each defendant is almost certain to seek the same

documents and technical information, and each defendant will also likely want to depose the same persons.

In short, even if the Court decides that severance is warranted, consolidation of all pre-trial activities is proper in order to prevent duplication of judicial efforts. Consolidation will eliminate the need for the Court to consider similar or identical arguments multiple times, in separate cases, will prevent a multiplicity of discovery motions, and will avoid the delay and expense of proceeding with separate pre-trial schedules.

## CONCLUSION

The joinder of LifeScan with the other defendants is proper under Rule 20 because: (i) Roche's claims against the separate defendants, and each defendant's assertion of common defenses, arise out of the same transaction or occurrence; and (ii) there are numerous common issues of law and fact, including issues related to claim construction, infringement, and validity. Moreover, granting severance will negatively impact judicial economy and cause a substantial duplication of judicial efforts by requiring the court to consider and rule on like arguments multiple times in multiple cases. Furthermore, LifeScan has not and cannot establish any unfair prejudice arising from joinder of it with the other defendants in this case. By contrast, Roche will be prejudiced if severance is granted.

If the Court deems that joinder is not appropriate here, the Court should consolidate all actions under Rule 42, at least for pre-trial activities, to promote convenience and judicial economy.

14

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Dated: February 6, 2008
847025

POTTER ANDERSON & CORROON LLP

By: _____
        Philip A. Rovner (#3215)
        Hercules Plaza
        P.O. Box 951
        Wilmington, DE 19899-0951
        (302) 984-6000
        provner@potteranderson.com

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc., and*
*Corange International Limited*

15

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on February 6, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com
gaza@rlf.com

John W. Shaw, Esq.
Jeffrey T. Castellano, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
jcastellano@ycst.com

Mary W. Bourke, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
mbourke@cblh.com

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
rsmith@mnat.com

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
500 Delaware Avenue
8th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

I hereby certify that on February 6, 2008 I have sent by E-mail the foregoing

document to the following non-registered participants:

Edward A. Mas, II, Esq.
Stephen F. Sherry, Esq.
Kirk Vander Leest, Esq.
James M. Hafertepe, Esq.
Merle S. Elliott, Esq.
McAndrews, Held & Malloy, Ltd.
500 West Madison Street
34th Floor
Chicago, IL 60661
emas@mcandrews-ip.com
ssherry@mcandrews-ip.com
kvanderleest@mcandrews-ip.com
jhafertepe@mcandrews-ip.com
melliott@mcandrews-ip.com

Wesley E. Overson, Esq.
Rachel Krevans, Esq.
Jason R. Bartlett, Esq.
Parisa Jorjani, Esq.
Daniel P. Muino, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
woverson@mofo.com
rkrevans@mofo.com
jasonbartlett@mofo.com
pjorjani@mofo.com
dmuino@mofo.com

Kenneth P. George, Esq.
Joseph M. Casino, Esq.
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
kgeorge@arelaw.com
jcasino@arelaw.com

Michael G. Adams, Esq.
Ashley L. Ellis, Esq.
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

Bradford J. Badke, Esq.
Sona De, Esq.
Michael Kahn, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Jim.badke@ropesray.com
Sona.de@ropesray.com
Michael.kahn@ropesgray.com

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com

-2-