IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS INC., and CORANGE INTERNATIONAL LIMITED, | ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | Civil Action No. 07-753-JJF |
| ABBOTT DIABETES CARE, INCORPORATED, ABBOTT DIABETES CARE SALES CORPORATION, BAYER HEALTHCARE, LLC,  DIAGNOSTIC DEVICES, INC., LIFESCAN, INCORPORATED, and NOVA BIOMEDICAL CORPORATION, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## [PROPOSED] RULE 16 SCHEDULING ORDER

The attached proposed Scheduling Order shows significant areas of disagreement between the parties, including differences on the number and format of certain discovery events as well as the timing of those events.  The plaintiffs' positions are shown in blue font; the defendants' positions are shown in dark red font.  Both sides have included an initial statement that generally outlines their positions.

**Plaintiffs' Initial Statement:**

Plaintiffs preferred that the parties' initial statements be put into a separate letter, but Defendants insisted that their initial statement be incorporated into the Scheduling Order.  To avoid unnecessary dispute, Plaintiffs have agreed to this approach.

The first and primary difference between the parties' positions is that Plaintiffs' proposed schedule is structured to get the case to trial within about 18 months of the filing date, as directed

by the Court at the February 8th hearing. (Hearing Transcript, p. 38, "There will be a trial in 14 to 18 months from your filing date, which I think was November.") The schedule proposed by Defendants will not allow the parties to do this.    For example, Defendants' proposal does not provide any dates for any discovery events within the validity phase of the case, but merely offers open-ended time periods keyed off other open-ended events.  The comparison table set forth at the conclusion of Plaintiffs' Initial Statement demonstrates the significant differences between the schedules of the parties' proposals.

Second, Defendants' discovery event limitations are cumbersome, confusing, and unfairly prejudicial to Roche and its employees.  For examples:

- Defendants propose 450 shared and individual hours of deposition time (250 in the first phase of discovery; 200 in the second phase of discovery), without considering third party depositions.  Under the normal application of the Fed.R.Civ.P., this equates to more than sixty-four (64)  *7-hour depositions of Roche and its employees.*  And Defendants impose no limit whatsoever on the numbers of depositions of third parties.

- Defendants propose to collectively serve 125 interrogatories (55 in the first phase, and 70 in the second phase) and 375 Requests for Admission (175 in the first phase, and 200 in the second phase) for Roche's claims.

- Defendants also propose that any unused deposition hours, interrogatories, or requests for admissions from the first phase can be used in the second phase, thus compounding the discovery burden on Roche, its employees, and the judicial process during the later stages of the case.

- Defendants' proposal ignores the hour allotment per deposition suggested by the Court. (Transcript. pp. 28-29) ("If you are going to take a take, let's say, the inventor's deposition, then each party named as a defendant would have ten common hours and five individualized hours for a total of 15 hours for the inventor and anyone else that you are going to depose.")  To the contrary, Defendants' proposal also provides no limit on the length of deposition of any deponent.

- Defendants' proposal ignores this Court's directive that each deposition shall be consecutive (Transcript, p. 29) ("The exercise of the hours on any witness will have to be consecutive unless agreed to, be separated by the parties.")

- Defendants' proposal allows the two Abbott entities to conduct separate discovery, thus doubling their number of discovery requests compared to any of the other Defendants.

- Defendants' proposal limits any merits-based discovery on DDI until the Court has entered an order on DDI's pending motion to dismiss.

Roche's proposal, by contrast, includes more rational limits on depositions, interrogatories, and requests for admission.  For example, Roche proposes that Defendants be permitted to conduct up to 14 depositions of Roche and 14 depositions of third parties, divided between the first and second discovery phases, with each deposition permitting 10 hours of shared deposition time and 5 hours (collectively, e.g., 1 hour per each defendant organization) of individualized deposition time.  Roche also proposes that Defendants be permitted 70 joint and individual interrogatories and 170 Requests for Admission, divided between the two phases.

**The Parties' Respective Proposed Schedules:**

| Event | Roche's Proposal | Defendants' Proposal |
|---|---|---|
| Complaint is filed | Nov. 21, 2007 | |
| Initial Scheduling Conference | Feb. 8, 2008 | |
| Initial Disclosures | Feb. 29, 2008 | 7 calendar days after issuance of Scheduling Order |
| Joinder of other Parties | April 15, 2008 | 7 days after completion of Phase II deposition discovery |
| All motions to amend the pleadings | April 15, 2008 | 7 days after completion of Phase II deposition discovery |
| Phase I Written and Document Discovery (Infringement and Prior Invention) | April 15, 2008 | June 27, 2008 |
| Phase I  Fact Depositions Completed | June 13, 2008 | October 24, 2008 |

3

| Event | Roche's Proposal | Defendants' Proposal |
|---|---|---|
| | | |
| Claim Construction: Parties to identify and exchange claim terms to be construed | June 27, 2008 | 9 weeks prior to *Markman* hearing |
| Claim Construction: Parties to exchange proposed constructions of the disputed claim terms and identify any allegedly supporting extrinsic evidence | July 15, 2008 | 6 weeks prior to *Markman* hearing |
| Claim Construction: Simultaneous Opening briefs due | July 31, 2008 | 28 days prior to *Markman* hearing |
| Claim Construction: Simultaneous Responsive briefs due | Aug. 15, 2008 | 7 days prior to *Markman* hearing |
| Claim Construction: Hearing | Sept. 1, 2008 | December 5, 2008 |
| Opening Expert Reports (Phase I) (party bearing burden of proof) | Oct. 10, 2008 | 21 days after issuance of *Markman* Order |
| Responsive Expert Reports (Phase I) | Oct. 30, 2008 | 21 days after service of opening reports |
| Expert Depositions (Phase I) Completed | Nov. 26, 2008 | 28 days after service of responsive reports |
| Case Dispositive Motions Filed (Phase I) | Dec, 12, 2008 | Subject to separate Order of Court |
| Phase II Written and Document Discovery (Validity) | Jan. 15, 2009 | 10 weeks after commencement of Phase II (subject to issuance of Court Order instructing parties to proceed) |
| Phase II Fact Depositions Completed | March 16, 2009 | 12 weeks after completion of Phase II written and document discovery |
| Opening Expert Reports (Phase II) (party bearing burden of proof) | April 7, 2009 | 14 days after completion of Phase II deposition discovery |

4

| Event | Roche's Proposal | Defendants' Proposal |
|-------|------------------|----------------------|
| Responsive Expert Reports (Phase II) | May 1, 2009. | 21 days after service of the opening reports |
| Expert Depositions (Phase II) Completed (30 days) | June 1, 2009 | 28 days after service of the responsive expert reports |
| Case Dispositive Motions Filed (Phase II) | June 12, 2009 | Subject to separate Order of Court |

**Defendants' Initial Statement:**

Defendants believe their proposals provide a practical discovery framework that comports with the instructions the Court provided at the February 8, 2008 case management conference. Defendants propose that third-party discovery be excluded from the limits of Section 3 governing Phases I and II. Defendants anticipate that third-party discovery (including, but not limited to, possible overseas witnesses) will be crucial to the issues of prior invention and other invalidity defenses. Given the considerable time and effort that will be required to complete this third-party discovery, it will not be practical to fit this discovery within the timeframes of Phases I and II. Accordingly, defendants propose that third-party discovery be excluded from the limits of Section 3 and instead occur throughout the two discovery phases.

With respect to interrogatories, defendants' proposal allows plaintiffs to serve a total of 25 interrogatories on each defendant, and each defendant to serve a total of 25 interrogatories on plaintiffs, during Phases I and II. Likewise, plaintiffs and Nova are given 25 interrogatories each on Nova's counterclaims, during Phases I and II.[1] This complies with the limit set by Rule 33 of

_____

[1] Under defendants' proposal, plaintiffs can serve 11 interrogatories on each defendant in Phase I and 14 interrogatories on each defendant in Phase II. Defendants can serve 5 shared interrogatories and 10 individual interrogatories in Phase I (11 for each of the five defendants, if

the Federal Rules of Civil Procedure.  By contrast, plaintiffs propose significantly fewer interrogatories for each party than the Rule 33 limit:  For plaintiffs' claims, 14 interrogatories to plaintiffs on each defendant, and 14 interrogatories for each defendant on plaintiffs; for Nova's counterclaims, 20 interrogatories each for plaintiffs and Nova.  Defendants believe that the interests of the parties is best served by following the Rule 33 interrogatory limit of 25 interrogatories per party.

Defendants also propose in Sections 3(a)(i)(2) and 3(e)(i)(2) that responses to contention interrogatories shall not be due until the close of fact discovery in each phase, as suggested in the Court's standard Rule 16 scheduling order.

With respect to depositions, the Court specifically instructed that defendants receive an allotment of common and individual deposition hours, to be used as the defendants see fit.  Transcript at 28-30.  Likewise, plaintiffs are to receive an appropriate allotment of deposition hours.  The Court's guidance did not contemplate an arbitrary limit on the number of depositions, as proposed by plaintiffs.

While defendants will endeavor to take each witness's deposition only once, the phasing of discovery may make it unavoidable that some witnesses will be called twice.  For this reason, the parties should not be barred from deposing an individual more than once, as plaintiffs propose in Sections 3(a)(ii)(1) and 3(e)(ii)(1).

---

the shared interrogatories are divided evenly), and 10 shared interrogatories and 12 individual interrogatories in Phase II (14 for each of the five defendants, if the shared interrogatories are divided evenly).    Plaintiffs and Nova have 15 interrogatories each in Phase I and 10 interrogatories each in Phase II.

In Sections 3(a)(ii)(1) and 3(e)(ii)(1), defendants propose that depositions shall not commence until written and document discovery is completed. This comports with the Court's standard Rule 16 scheduling order, which contains the same provision.

With respect to the further case management conference that defendants propose in Section 3(d), the Court indicated that "we're going to come back and we're going to decide" how to proceed once the Phase I expert discovery is completed. Tr. at 37.

With respect to the Markman and dispositive motion briefing schedules (Sections 3(b) and 4), defendants believe it is more efficient to set deadlines tied to the hearing dates (rather than fixed deadlines) to avoid the need for further revision of the scheduling order should the hearing dates change.

Plaintiffs' proposed deadline for amending pleadings (April 15, 2008) is far too early to allow defendants a reasonable opportunity to meaningfully amend their answers, if they so choose. The discovery in Phase II will be critical to determining whether additional defenses exist for inclusion into an amended answer. Defendants' proposed deadline (7 days after the close of Phase II deposition discovery) allows sufficient time for amendment of pleadings.

Finally, given the number of parties, third parties, and counterclaims in this action, plaintiffs' proposed schedule is simply too compacted on the whole to be workable. Defendants proposal provides adequate time for the completion of discovery and other case activities.

IT IS ORDERED that:

**1.      Pre-Discovery Disclosures.**

The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) and D.

Del. LR 16.2 [**Plaintiffs' Proposal**: by Friday, February 29, 2008; **Defendants' Proposal**:

within 7 calendar days of the issuance of the instant Order].

**2.      Joinder of other Parties.**

All motions to join other parties shall be filed on or before [**Plaintiffs' Proposal**: April

15, 2008; **Defendants' Proposal:** 7 days after the end of Phase II deposition discovery period,

described in more detail below].

**3.      Infringement and Invalidity Phases**

Discovery shall proceed in two phases, as described in greater detail below.[2]

[**Plaintiffs' Proposal**:  Phase I shall be limited to infringement and prior invention (35 U.S.C. §

102(g)) issues, and Phase II shall be limited to any remaining invalidity issues.  There shall be no

discovery related to damages or willfulness issues, until so ordered by the Court.

[**Defendants' Proposal**:  Phase I shall be limited to infringement and prior invention issues, and

Phase II shall be limited to invalidity issues.  These limits shall not apply to any third party

discovery.  There shall be no discovery related to damages or willfulness issues, until so ordered

by the Court.[3]]

_____

[2]      [**Defendants' Proposal**:  Provided, however, Diagnostic Devices, Inc. ("DDI") will not
be subject to merits-based discovery until the Court has ruled on DDI's Motion to Dismiss for
Lack of Personal Jurisdiction.]
[3]      [**Nova's Proposal**:   Nova requests that discovery relating to Nova's counterclaim
regarding Roche's willful infringement of the '229 patent proceed in Phase 1.  There is a
substantial overlap of the issues raised in Nova's non-patent counterclaims and Roche's willful
infringement of Nova's '229 patent.  Conducting discovery on these issues concurrently in Phase

(a)    **Phase I - Infringement and Prior Invention**[4,5]

(i)    **Written and Document Discovery**

(1)    **Timing of Discovery:**  Exchange and completion of interrogatories and document production for Phase I discovery shall be commenced for all claims and counterclaims so as to be completed by [**Plaintiffs' Proposal**: April 15, 2008; **Defendants' Proposal:** June 27, 2008].

(2)    **Interrogatories**:

[**Plaintiffs' Proposal**:  Maximum of 10 joint interrogatories, including contention interrogatories, from each side to each side with respect to Roche's claims.  Each party may also serve an additional 5 individual interrogatories on each party with respect to Roche's claims.  Plaintiffs and Nova will have a maximum of 10 interrogatories each in relation to Nova's claims.]

[**Defendants' Proposal**:  Plaintiffs shall be entitled to serve a maximum of 11 interrogatories on each defendant relating to Roche's claims, and a maximum of 15 interrogatories relating to Nova's counterclaims.  Defendants as a group shall be entitled to serve a maximum of 5 shared interrogatories, and each Defendant

---

1 would be the most efficient use of the parties' resources and the least burdensome on the witnesses involved.]

[4]    For Nova's counterclaims, Phase I will include discovery relating to infringement and any alleged prior inventorship of Nova's '229 patent, and also discovery relating to Nova's non-patent counterclaims.

[5]    [**Plaintiffs' Proposal**:  Any corporate parties that are commonly owned, in privity or otherwise related shall be treated as one "party" for the purposes of this Order.  For example, the Plaintiffs RDOI and Corange and the Abbott Defendants will not be permitted to have separate discovery requests.]

shall also be entitled to serve 10 individual interrogatories, relating to Roche's claims. Nova shall be entitled to serve a maximum of 15 interrogatories relating to Nova's counterclaims. Any unused interrogatories may be used in Phase II, below. Responses to contention interrogatories shall not be due until the close of Phase I fact deposition discovery.]

(3)    **Requests for Admission**:

[**Plaintiffs' Proposal**:  Maximum of 35 joint requests for admission from each side to each side with respect to Roche's claims. Each party may also serve an additional 10 requests for admission on each party with respect to Roche's claims. Plaintiffs and Nova may have a maximum of 25 requests for admission each in relation to Nova's claims.]

[**Defendants' Proposal**:  Plaintiffs shall be entitled to serve a maximum of 35 requests for admission on each defendant relating to Roche's claims, and a maximum of 30 requests for admission related to Nova's counterclaims. Defendants as a group shall be entitled to serve a maximum of 25 shared requests for admission, and each Defendant shall also be entitled to serve 30 individual requests for admission, relating to Roche's claims. Nova shall be entitled to serve a maximum of 30 requests for admission relating to Nova's counterclaims. Any unused requests for admission may be used in Phase II, below.]

(ii)    **Depositions**

(1)    **Timing of Depositions**:

[**Plaintiffs' Proposal**:  All Phase I fact depositions are to be completed by June 13, 2008.  All deposition of a given individual shall run consecutively, such that a given individual is not deposed more than once.]

[**Defendants' Proposal**:  Depositions shall not commence until the discovery required by Paragraph 3 (a)(i) is completed.  All Phase I fact depositions are to be completed by October 24, 2008.]

(2)    **Deposition Limits**

[**Plaintiffs' Proposal**:  Maximum of seven (7) depositions by each side of each party, excluding expert depositions, relating to Roche's claims.  Each side may also take a maximum of seven (7) third party depositions.  Each deposition shall be limited to ten (10) hours of shared deposition time and one (1) additional hour per party of individual deposition time for each witness.  In no event is the combined deposition of an individual to run for more than 15 hours of examination by the opposing side.  Plaintiffs and Nova may each conduct seven (7) depositions related to Nova's claims; each such deposition shall run no more than seven (7) hours each.]

[**Defendants' Proposal**:  Plaintiffs shall be entitled to a maximum of 50 hours of deposition time of each defendant, excluding third party and expert depositions, relating to Roche's

11

claims.  Plaintiffs shall be entitled to a maximum of 100 hours of deposition time, excluding third party and expert depositions, relating to Nova's counterclaims.  Defendants as a group shall be entitled to a maximum of 100 hours of shared deposition time, and each Defendant shall also be entitled to 30 hours of individual deposition time, excluding third party and expert depositions, relating to Roche's claims.  Nova shall be entitled to a maximum of 100 hours of deposition time, excluding third party and expert discovery, relating to Nova's counterclaims.  Any unused deposition time may be used in Phase II, below.]

**(b)**     **Markman.**

[**Plaintiffs' Proposal**:  A Markman Hearing shall be held on or before September 1, 2008.  The parties shall identify and exchange claim terms to be construed on or before June 27, 2008.  The parties shall exchange proposed constructions of the disputed claim terms and identify any allegedly supporting extrinsic evidence on or before July 15, 2008.  The parties shall file and serve opening claim construction briefs on or before July 31, 2008.  The parties shall file and serve responsive claim construction briefs on or before August 15, 2008. The Court, after reviewing the briefing, will allocate time to the parties for the hearing.]

[**Defendants' Proposal**:  A Markman Hearing shall be held on Roche's and Nova's patents-in-suit on December 5, 2008.  The parties shall identify and exchange claim terms to be construed 9 weeks prior to the hearing.  The parties

12

shall exchange proposed constructions of the disputed claim terms and identify any allegedly supporting extrinsic evidence 6 weeks prior to the hearing. The parties shall file and serve opening claim construction briefs 28 days prior to the hearing. The parties shall file and serve responsive claim construction briefs 7 days prior to the hearing. The Court, after reviewing the briefing, will allocate time to the parties for the hearing.]

(c)    **Phase I Expert Discovery**

(1)    Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from each of the parties on Phase I issues, for all claims and counterclaims, for which they bear the burden of proof by [**Plaintiffs' Proposal:** October 10, 2008; **Defendants' Proposal:** 21 days after issuance of a *Markman* order]. Responsive reports from retained experts are due [**Plaintiffs' Proposal:** October 30, 2008; **Defendants' Proposal** 21 days after service of the opening reports.]

(2)    Any party desiring to depose an expert witness shall notice and complete said deposition no later than [**Plaintiff's Proposal:** November 26, 2008; **Defendants' Proposal:** 28 days after service of the responsive expert reports], unless otherwise agreed in writing by the parties or ordered by the Court.]

(d)    [**Defendants' Proposal: Further Case Management Conference** - As soon as practicable after the completion of expert discovery in Phase I, the parties shall appear for a further case management conference to discuss remaining issues in the case.]

(e)    **Phase II – Remaining Invalidity Fact Discovery**[6]

**[Plaintiffs' Proposal:**  Phase II discovery shall proceed according to the dates set forth below.  **Defendants' Proposal**:  Phase II shall begin upon the issuance of a Court order instructing the parties to proceed to Phase II.]

(i)    **Written and Document Discovery**

(1)    **Timing of Discovery:**  Exchange and completion of interrogatories and document production shall be commenced for all Phase II claims and counterclaims so as to be completed by [**Plaintiffs' Proposal**: January 15, 2009; **Defendants' Proposal:**  10 weeks after the commencement of Phase II].

(2)    **Interrogatories**:

[**Plaintiffs' Proposal**:  Maximum of 10 joint interrogatories, including contention interrogatories, from each side to each side with respect to Roche's claims.  Each party may also serve an additional 5 individual interrogatories on each party with respect to Roche's claims.  Plaintiffs and Nova will each have a maximum of 10 interrogatories with respect to Nova's claims.]

[**Defendants' Proposal**:  In addition to any unused interrogatories remaining from Phase I, Plaintiffs shall be entitled to serve a maximum of 14 interrogatories on each defendant relating to Roche's claims, and a maximum of 10 interrogatories relating to Nova's counterclaims.  In addition to any unused shared

---

[6] [**Plaintiffs' Proposal**:  Note: as used herein, "validity" will include evidence and contentions relating to all bases for validity challenges other than 35 U.S.C. § 102(g).]

14

or individual interrogatories remaining from Phase I, Defendants as a group shall be entitled to serve a maximum of 10 shared interrogatories, and each Defendant shall also be entitled to serve 12 individual interrogatories, relating to Roche's claims (for a total of 25 interrogatories per defendant for both phases). In addition to any unused interrogatories remaining from Phase I, Nova shall be entitled to serve a maximum of 10 interrogatories relating to Nova's counterclaims (for a total of 25 interrogatories for both phases). Responses to contention interrogatories shall not be due until the close of Phase II fact deposition discovery.]

(3)     Requests for Admission

        [**Plaintiffs' Proposal**:  Maximum of 35 joint requests for admission may be served by each side on each side with respect to Roche's claims.  Each party may also serve an additional 10 individual requests for admission on each party with respect to Roche's claims.  Plaintiffs and Nova may each have a maximum of 25 requests for admission with respect to Nova's claims.]

        [**Defendants' Proposal**:  In addition to any unused requests for admission remaining from Phase I, Plaintiffs shall be entitled to serve a maximum of 40 requests for admission on each defendant relating to Roche's claims, and a maximum of 30 requests for admission relating to Nova's counterclaims.  In addition to any unused shared or individual requests for admission remaining from

15

Phase I, Defendants as a group shall be entitled to serve a maximum of 25 shared requests for admission, and each Defendant shall also be entitled to serve 35 individual requests for admission, relating to Roche's claims.  In addition to any unused shared or individual requests for admission remaining from Phase I, Nova shall be entitled to serve a maximum of 30 requests for admission relating to Nova's counterclaims.]

(ii)   **Depositions**

(1)   **Timing of Depositions**:

[**Plaintiffs' Proposal**:  All Phase II fact depositions are to be completed by March 16, 2009.  All deposition of a given individual shall run consecutively, such that a given individual is not deposed more than once.]

[**Defendants' Proposal**:  Depositions shall not commence until the discovery required by Paragraph 3 (e)(i) is completed.  All Phase II fact depositions are to be completed by 12 weeks after the completion of Phase II written and document discovery.]

(2)   Deposition Limits

[**Plaintiffs' Proposal**:  Maximum of seven (7) depositions by each side of each party, excluding expert depositions, relating to Roche's claims.  Each side may also take a maximum of seven (7) third party depositions.   Each deposition shall be limited to ten (10) hours of shared deposition time.  Defendants may also use one

16

(1) additional hour per party of individual deposition time for each witness, subject to the limitation on length of depositions set forth above.  In no event is the combined deposition of an individual to run for more than 15 hours of examination by the opposing side.  Plaintiffs and Nova may each conduct seven (7) depositions related to Nova's claims of no more than seven (7) hours each.]

[**Defendants' Proposal**:  In addition to any unused deposition hours remaining from Phase I, Plaintiffs shall be entitled to a maximum of 40 hours of deposition time of each defendant, excluding third party and expert depositions, relating to Roche's claims, and a maximum of 40 hours of deposition time, excluding third party and expert depositions, relating to Nova's counterclaims.  In addition to any unused shared or individual deposition hours remaining from Phase I, Defendants as a group shall be entitled to a maximum of 100 hours of shared deposition time, and each Defendant shall also be entitled to 20 hours of individual deposition time, excluding third party and expert depositions, relating to Roche's claims.  In addition to any unused deposition hours remaining from Phase I, Nova shall be entitled to a maximum of 40 hours of deposition time, excluding third party and expert depositions, relating to Nova's counterclaims.]

(f)    **Phase II Expert Discovery**

(1)    Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from each of the parties on Phase II issues, for all claims and counterclaims, for which they bear the burden of proof by **[Plaintiffs' Proposal:**  April 7, 2009; **Defendants' Proposal:**  14 days after the completion of Phase II deposition discovery].  Responsive reports from retained experts are due **[Plaintiffs' Proposal:**  May 1, 2009; **Defendants' Proposal:**  21 days after service of the opening reports.]

(2)    Any party desiring to depose an expert witness shall notice and complete said deposition no later than **[Plaintiff's Proposal:**  June 1, 2009; **Defendants' Proposal:**  28 days after service of the responsive expert reports], unless otherwise agreed in writing by the parties or ordered by the Court.]

(g)    **[Defendants' Proposal:  Further Case Management Conference -** As soon as practicable after the completion of expert discovery in Phase II, the parties shall appear for a further case management conference to discuss remaining issues in the case.]

4.    **Case Dispositive Motions.**

**[Plaintiffs' Proposal:**  Any case dispositive motions relating to infringement and § 102(g) issues, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before December 12, 2008.  Any case dispositive motions relating to any remaining validity issues, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before June 12, 2009.  Briefing shall be pursuant to D. Del. LR 7.1.2.  No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court.  The Court will issue a separate Order regarding procedures for filing summary judgment motions.]

18

[**Defendants' Proposal**:  The Court will issue a separate Order regarding procedures for filing summary judgment motions.  Opening briefs shall be due 14 days after the issuance of a Court order regarding procedures for filing summary judgment motions.  Responsive briefs shall be due 14 days after the filing and service of the opening briefs, and reply briefs shall be due 7 days after the filing and service of the responsive briefs.]

5.      **Non-Case Dispositive Motions.**

(a)      Any non-case dispositive motion, along with an Opening Brief, shall be filed with a Notice of Motion.  The Notice of Motion shall indicate the date on which the movant seeks to have the motion heard.  Available motion dates will be posted on the Court's website at: www.ded.uscourts.gov.

(b)      At the motion hearing, each side will be allocated twenty (20) minutes to argue and respond to questions from the Court.

(c)      Upon filing of the Notice of Motion, a copy of said Notice shall be sent to Chambers by e-mail at: jjf_civil@ded.uscourts.gov.

6.      **Amendment of the Pleadings.**

All motions to amend the pleadings shall be filed on or before [**Plaintiffs' Proposal:** April 15, 2008 (Date of Completion of Infringement (Phase I) Document Discovery); **Defendants' Proposal:** 7 days after the end of Phase II deposition discovery period].

7.      **Applications by Motion.**

(a)      Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective June 30, 2007).  Any non-dispositive motion shall contain the statement required by D.

19

Del. LR 7.1.1 and be made in accordance with the Court's December 15, 2006 Order on Procedures for Filing Non-dispositive motions in Patent Cases. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

        (b)     No facsimile transmissions will be accepted.

        (c)     No telephone calls shall be made to Chambers.

        (d)     Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

        **8.**    **Pretrial Conference and Trial.** After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference. At least two separate trials will be held, separately addressing issues relevant to Phase I and Phase II. The Court may also determine whether further severance, for example as between each Defendant, should be ordered.

        The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.


_____      _____
      DATE                                     UNITED STATES DISTRICT JUDGE

850402

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on February 22, 2008, the within

document was filed with the Clerk of the Court using CM/ECF which will send

notification of such filing(s) to the following; that the document was served on the

following counsel as indicated; and that the document is available for viewing and

downloading from CM/ECF.

## BY E-MAIL

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE  19801
cottrell@rlf.com
gaza@rlf.com

John W. Shaw, Esq.
Jeffrey T. Castellano, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE  19801
jshaw@ycst.com
jcastellano@ycst.com

Mary W. Bourke, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19801
mbourke@cblh.com

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
rsmith@mnat.com

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
500 Delaware Avenue
8th Floor
P.O. Box 1150
Wilmington, DE  19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

I hereby certify that on February 22, 2008 I have sent by E-mail the foregoing

document to the following non-registered participants:

Edward A. Mas, II, Esq.
Stephen F. Sherry, Esq.
Kirk Vander Leest, Esq.
James M. Hafertepe, Esq.
Merle S. Elliott, Esq.
McAndrews, Held & Malloy, Ltd.
500 West Madison Street
34th Floor
Chicago, IL 60661
emas@mcandrews-ip.com
ssherry@mcandrews-ip.com
kvanderleest@mcandrews-ip.com
jhafertepe@mcandrews-ip.com
melliott@mcandrews-ip.com

Kenneth P. George, Esq.
Joseph M. Casino, Esq.
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
kgeorge@arelaw.com
jcasino@arelaw.com

Bradford J. Badke, Esq.
Sona De, Esq.
Michael Kahn, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Jim.badke@ropesgray.com
Sona.de@ropesray.com
Michael.kahn@ropesgray.com

Wesley E. Overson, Esq.
Rachel Krevans, Esq.
Jason R. Bartlett, Esq.
Parisa Jorjani, Esq.
Daniel P. Muino, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
woverson@mofo.com
rkrevans@mofo.com
jasonbartlett@mofo.com
pjorjani@mofo.com
dmuino@mofo.com

Michael G. Adams, Esq.
Ashley L. Ellis, Esq.
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com

-2-