**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED,

Plaintiffs,

vs.

ABBOTT DIABETES CARE INCORPORATED, and ABBOTT DIABETES CARE SALES CORPORATION,

BAYER HEALTHCARE, LLC,

DIAGNOSTICS DEVICES, INC.,

LIFESCAN, INC., and

NOVA BIOMEDICAL CORPORATION, and SANVITA INCORPORATED

Defendants.

C.A. No. 07-753-JJF

**DEMAND FOR JURY TRIAL**

**PLAINTIFFS/COUNTERCLAIM DEFENDANTS' REPLY TO THE AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANT NOVA BIOMEDICAL CORPORATION, INC.**

Plaintiffs/Counterclaim Defendants Roche Diagnostics Operations, Inc. ("RDOI") and Corange International Limited ("Corange") (collectively "Roche") hereby file this Reply to the Amended Answer, Affirmative Defenses and Counterclaims filed by Defendant/Counterclaim Plaintiff Nova Biomedical Corporation ("Nova").

**THE PARTIES**

1. Nova is a Massachusetts company having a principal place of business at 200 Prospect Street, Waltham, MA.

**REPLY:** Roche admits the allegations of paragraph 1 of Nova's Amended Counterclaims.

2. Upon information and belief, RDOI is a Delaware corporation with a principal place of business at 9115 Hague Road, Indianapolis, IN 46250.

**REPLY:** Roche admits the allegations of paragraph 2 of Nova's Amended Counterclaims.

3. Upon information and belief, Corange is a limited liability company organized and existing under the laws of Bermuda, with a principal place of business at 22 Church Street, P.O. Box HM 2026, Hamilton HM HX Bermuda.

**REPLY:** Roche admits the allegations of paragraph 3 of Nova's Amended Counterclaims.

**JURISDICTION AND VENUE**

4. Nova's First, Second and Third counterclaims arise under the patent laws of the United States, Title 35, United States code. This Court has jurisdiction over the subject matter of the Counterclaims under 28 U.S.C. §§ 1331, 1338, 2201 and 2202. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

**REPLY:** Roche admits that the Court has subject matter jurisdiction over Nova's first, second, and third counterclaims, and that venue is proper in this district for said counterclaims.

5. This Court has jurisdiction over the subject matter of Nova's Fourth, Fifth, Sixth and Seventh Counterclaims under 28 U.S.C. §§ 1332(a), 1332(c) and 1367(a). Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1391(c)

**REPLY:** Roche denies that this Court has subject matter jurisdiction over Nova's fourth, fifth, sixth, and seventh counterclaims under 28 U.S.C. §§ 1332(a), 1332(c), and 1367(a), or that venue is proper in this district for said counterclaims.

## FACTUAL ALLEGATIONS

6. On information and belief, F. Hoffman-La Roche Ltd. ("HLR") is a limited liability company organized and existing under the laws of Switzerland, with a principal place of business in Grenzacherstrasse 124, CH-4070 Basel, Switzerland.

**REPLY:** Roche admits that F. Hoffmann-La Roche Ltd. ("HLR") is a limited liability company organized and existing under the laws of Switzerland, with a principal place of business in Grenzacherstrasse 124, CH-4070 Basel, Switzerland.

7. On information and belief, Plaintiff RDOI is a subsidiary of, or otherwise related to HLR.

**REPLY:** Roche denies that RDOI is a subsidiary of HLR. Roche admits that F. Hoffmann-La Roche is owned by Roche Holding Ltd., a Swiss company. Roche further admits that RDOI is owned by Roche Holdings Inc., a Delaware company, which in turn is owned by Roche Finance Limited, a Swiss company, which in turn is owned by Roche Holding Ltd., a Swiss Company.

8. On information and belief, Dr. Werner Schaefer was President of the Roche Laboratory Systems business unit of HLR during the time period of the events set forth below.

**REPLY:** Roche denies the allegations of paragraph 8 of Nova's Amended Counterclaims.

9. On information and belief, Dr. Gerd Grenner is Chief Technology Officer of the Roche Diagnostics business unit of HLR.

**REPLY:** Roche admits that Dr. Gerd Grenner is Chief Technology Officer of Roche Diagnostics. Roche denies that Roche Diagnostics of a business unit of HLR.

10. On information and belief, from a time no later than 1995, Roche had intimate knowledge of Nova and its various technologies. In particular, in 1999, Roche expressed an interest in learning about Nova's glucose strip technology.

**REPLY:** Roche denies the allegations of paragraph 10 of Nova's Amended Counterclaims as stated. Roche admits that HLR signed the Agreement referenced in paragraph

13 of Nova's Amended Counterclaims, which states that "[HLR] desires to obtain access to [information relating to Nova's glucose monitoring technology] for the purpose of evaluating [HLR's] interest therein."

11. On September 8, 1999, Drs. Schaefer and Grenner met with Nova to discuss, *inter alia*, Nova's glucose strip technology.

**REPLY:** Roche admits that Drs. Schaefer and Grenner met with Nova in 1999 to discuss point of care technology for blood gas/electrolyte testing. Roche otherwise denies the remaining allegations of paragraph 11 of Nova's Amended Counterclaims.

12. On information and belief, HLR attended this meeting for the purposes of evaluating a potential business relationship whereby HLR would be entitled to distribute and sell blood glucose monitoring strips developed by Nova.

**REPLY:** Roche admits that Drs. Schaefer and Grenner attended a meeting with Nova for the purposes of evaluating a potential business relationship with Nova related to point of care technology for blood gas/electrolyte testing. Roche otherwise denies the remainder of the allegations of paragraph 12 of Nova's Amended Counterclaims.

13. On September 8, 1999, HLR and Nova entered into a confidentiality agreement (the "Agreement") governing Nova's disclosure of proprietary information relating to its "new glucose monitoring technology" (the "Information"). A true and correct copy of the executed Agreement is attached hereto as Exhibit A.

**REPLY:** Roche admits that representatives from HLR and Nova signed the Agreement attached to Nova's Amended Counterclaim as Exhibit A. Roche otherwise denies the remaining allegations of paragraph 13 of Nova's Amended Counterclaims.

14. Paragraph 3 of the Agreement provides that "Affiliated companies of ROCHE as well as consultants of ROCHE are not considered third parties in the meaning of Art. 3, provided they assume the same secrecy obligations and are therefore bound by the secrecy obligations of ROCHE." Exhibit A, ¶3.

**REPLY:** Roche admits that Paragraph 3 of the Agreement attached to Nova's Amended Counterclaims states, *inter alia*, that "Affiliated companies of [HLR] as well as

consultants of [HLR] are not considered third parties in the meaning of Art. 3, provided they assume the same secrecy obligations and are therefore bound by the secrecy obligations of [HLR]."

15. On information and belief, Plaintiff RDOI is bound by the terms of the Agreement by virtue of its affiliation with HLR.

**REPLY:** Roche denies the allegations of paragraph 15 of Nova's Amended Counterclaims.

16. The Agreement required HLR, *inter alia*, to "treat such Information for a period of five (5) years after execution of this Agreement in the same manner as it would treat its own proprietary information and will not divulge the Information to third parties or use any Information for any other purposes than its evaluation." Exhibit A, ¶ 3.

**REPLY:** Roche admits that the Agreement states that either party will "treat such Information for a period of five (5) years after execution of this Agreement in the same manner as it would treat its own proprietary information and will not divulge the Information to third parties or use any Information for any other purposes than its evaluation."

17. At least during the September 8, 1999 meeting, and subject to the Agreement, Nova provided HLR through the disclosures to Drs. Schaefer and Grenner with Information concerning Nova's glucose strip technology, including, inter alia, a product demonstration, a description of the manufacturing process, the product specifications, the design of the product, including the component parts and layers, and other confidential and proprietary Information concerning Nova's work on a sub-microliter glucose strip.

**REPLY:** Roche admits that HLR received what Nova described as unpublished copies of two patent applications that were pending at the time they were delivered to HLR. Roche denies the remaining allegations of paragraph 17 of Nova's Amended Counterclaims.

18. Nova also provided Roche with additional confidential and proprietary Information concerning Nova's development of a blood glucose monitoring strip, including unpublished copies of two-then-pending Nova patent applications.

**REPLY:** Roche admits that HLR received what Nova described as unpublished copies of two patent applications that were pending at the time they were delivered to HLR. Roche denies the remaining allegations of paragraph 18 of Nova's Amended Counterclaims.

19. On information and belief, Roche and Roche's legal counsel conducted a comprehensive study of Nova's then unpublished patent applications.

**REPLY:** Roche admits that HLR and its legal counsel reviewed what Nova described as unpublished copies of two patent applications. Roche denies the remaining allegations of paragraph 19 of Nova's Amended Counterclaims.

20. On July 10, 2001, United States Patent No. 6,258,229 ("the '229 Patent") was dully and legally issued, entitled "Disposable Sub-Microliter Volume Sensor and Method of Making," with named inventors Handani Winarta, Xiaohua Cai, Fung Seto and Chung Chang Young. Nova is the owner of all right, title and interest in and to the '229 Patent. The '229 Patent is attached hereto as Exhibit B.

**REPLY:** Roche admits that the '229 patent indicates on its face that it issued on July 10, 2001, is titled "Disposable Sub-Microliter Volume Sensor and Method of Making," and lists the named inventors as Handani Winarta, Xiaohua Cai, Fung Seto, and Chung Chang Young. Roche admits that a copy of what purports to be the '229 patent is attached to the Counterclaims as Exhibit B. Roche lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 20 of Nova's Amended Counterclaims, and therefore denies the same.

21. One of the two patent applications referred to in Paragraphs 18-19 resulted in the issuance of the '229 Patent.

**REPLY:** Roche lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Nova's Amended Counterclaims, and therefore denies the same.

22. On information and belief, Roche improperly used Nova's confidential and proprietary Information, provided under the Agreement, to develop Roche's own blood glucose monitoring strips.

**REPLY:** Roche denies the allegations of paragraph 22 of Nova's Amended Counterclaims.

## FIRST COUNTERCLAIM

### Declaratory Relief Regarding Non-Infringement

23. Nova repeats and realleges the allegations contained in Paragraphs 1-22 of its Counterclaims as if set forth fully herein.

**REPLY:** Roche incorporates by reference its Replies to paragraphs 1-22 of Nova's Amended Counterclaims as if set forth fully herein.

24. Nova is not infringing and has not infringed, either directly or by inducing or contributing to infringement by others, any valid claim of the '146 or '147 patents.

**REPLY:** Roche denies the allegations of paragraph 24 of Nova's Amended Counterclaims.

25. To resolve the legal and factual questions raised by Roche and to afford relief from the uncertainty and controversy which Roche's accusations have precipitated, Nova is entitled to a declaratory judgment that it does not infringe the claims of the '146 or '147 patents.

**REPLY:** Roche denies the allegations of paragraph 25 of Nova's Amended Counterclaims.

## SECOND COUNTERCLAIM

### Declaratory Relief Regarding Invalidity

26. Nova repeats and realleges the allegations contained in Paragraphs 1-22 or its counterclaims as if set forth fully herein.

**REPLY:** Roche incorporates by reference its Replies to paragraphs 1-22 of Nova's Amended Counterclaims as if set forth fully herein.

27. The claims of the '146 and '147 patents are invalid for failure to comply with the conditions for patentability specified in 35 U.S.C. § 101, *et seq*., including, without limitation, the requirements in 35 U.S.C. §§ 102, 103 and 112.

**REPLY:** Roche denies the allegations of paragraph 27 of Nova's Amended Counterclaims.

28. To resolve the legal and factual questions raised by Roche and to afford relief from the uncertainty and controversy which Roche's accusations have precipitated, Nova is entitled to a declaratory judgment that the claims of the '146 and '147 patents are invalid.

**REPLY:** Roche denies the allegations of paragraph 28 of Nova's Amended Counterclaims.

## THIRD COUNTERCLAIM

### Patent infringement

29. Nova repeats and realleges the allegations contained in Paragraphs 1-22 of its Counterclaims as if set forth fully herein.

**REPLY:** Roche incorporates by reference its Replies to paragraphs 1-22 of Nova's Amended Counterclaims as if set forth fully herein.

30. On information and belief, Roche has been and is infringing the '229 patent by making, using, selling or offering for sale in the United States, including within this District, electrochemical sensors, including those sold under the trade name Accu-Chek® Aviva.

**REPLY:** Roche denies the allegations of paragraph 30 of Nova's Amended Counterclaims.

31. Roche's infringement has been, and continues to be, knowing intentional and willful.

**REPLY:** Roche denies the allegations of paragraph 31 of Nova's Amended Counterclaims.

32. Nova has no adequate remedy at law.

**REPLY:** Roche denies the allegations of paragraph 32 of Nova's Amended Counterclaims, and further denies that Nova is entitled to any remedy whatsoever.

33. Roche's infringing activities have caused substantial damage to Nova. Unless enjoined by this Court, upon information and belief, Roche will continue its infringing activities and will continue to damage Nova and cause irreparable harm.

**REPLY:** Roche denies the allegations of paragraph 33 of Nova's Amended Counterclaims.

## FOURTH COUNTERCLAIM

### Breach of Contract

34. Nova repeats and realleges the allegations contained in Paragraphs 1-22 of its Counterclaims as if set forth fully herein.

**REPLY:** Roche incorporates by reference its Replies to paragraphs 1-22 of Nova's Amended Counterclaims as if set forth fully herein.

35. Roche's use of Nova's proprietary Information to develop its own blood glucose monitoring strips constitutes a breach of Paragraph 3 of the Agreement.

**REPLY:** Roche denies the allegations of paragraph 35 of Nova's Amended Counterclaims.

36. Nova has sustained damages as a result of Roche's breach and, on information and belief will continue to sustain damages and suffer irreparable harm unless Roche is enjoined by this Court.

**REPLY:** Roche denies the allegations of paragraph 36 of Nova's Amended Counterclaims.

## FIFTH COUNTERCLAIM

### Misappropriation of Trade Secrets

37. Nova repeats and realleges the allegations contained in Paragraphs 1-22 of its Counterclaims as if set forth fully herein.

**REPLY:** Roche incorporates by reference its Replies to paragraphs 1-22 of Nova's Amended Counterclaims as if set forth fully herein.

38. Upon information and belief, Roche acquired proprietary and trade secret information from Nova under circumstances giving rise to a legal duty to maintain that information's secrecy, and not improperly use that information to Roche's benefit.

**REPLY:** Roche denies the allegations of paragraph 38 of Nova's Amended Counterclaims.

39. Upon information and belief, Roche misused Nova's proprietary and trade secret information in the development of its own blood glucose test strips without express or implied consent from Nova.

**REPLY:** Roche denies the allegations of paragraph 39 of Nova's Amended Counterclaims.

40. Nova has sustained damages as a result of Roche's improver use of Nova's proprietary and trade secret information and, on information and belief, will continue to sustain damages and suffer irreparable harm unless Roche is enjoined by this Court.

**REPLY:** Roche denies the allegations of paragraph 40 of Nova's Amended Counterclaims.

## SIXTH COUNTERCLAIM

### Unfair Competition

41. Nova repeats and realleges the allegations contained in Paragraphs 1-22 of its Counterclaims as if set for fully herein.

**REPLY:** Roche incorporates by reference its Replies to paragraphs 1-22 of Nova's Amended Counterclaims as if set forth fully herein.

42. Roche's improper use of Nova's confidential and proprietary information has inhibited Nova's ability to realize returns on its investment in innovation, research and development and impeded Nova's ability to earn revenue. On information and belief, such damage will continue to cause irreparable harm unless Roche is enjoined by this Court.

**REPLY:** Roche denies the allegations of paragraph 42 of Nova's Amended Counterclaims.

## SEVENTH COUNTERCLAIM

### Conversion

43. Nova repeats and realleges the allegations contained in paragraphs 1-22 of its Counterclaims as if set forth fully herein.

**REPLY:** Roche incorporates by reference its Replies to paragraphs 1-22 of Nova's Amended Counterclaims as if set forth fully herein.

44. Nova had a property right in the confidential and proprietary information obtained by Roche from Nova.

**REPLY:** Roche denies the allegations of paragraph 44 of Nova's Amended Counterclaims.

45. On information and belief, Roche exercised dominion over such information in a manner that was inconsistent with Nova's rights and interests to maintain the information as confidential and proprietary.

**REPLY:** Roche denies the allegations of paragraph 45 of Nova's Amended Counterclaims.

46. Nova has sustained damages as a result of Roche's actions and, on information and belief, will continue to sustain damage and suffer irreparable harm unless Roche is enjoined by this Court.

**REPLY:** Roche denies the allegations of paragraph 46 of Nova's Amended Counterclaims.

**AFFIRMATIVE DEFENSES TO NOVA'S AMENDED COUNTERCLAIMS**

**First Affirmative Defense**

Roche is not infringing and has not infringed, literally or under the doctrine of equivalents, either directly or indirectly, through inducement, contribution, or otherwise, any valid claim of the '229 patent.

**Second Affirmative Defense**

The claims of the '229 patent are invalid for failure to comply with one or more of the conditions for patentability specified in 35 U.S.C. § 101, et seq., including, but not limited to, the requirements in 37 U.S.C. §§ 102, 103, and 112.

**Third Affirmative Defense**

Nova is estopped from construing the claims of the '229 patent in such a way as to cover any of Roche's products or activities by reasons of statements made to the United States Patent and Trademark Office ("USPTO") during the prosecution of the application that resulted in the patent.

**Fourth Affirmative Defense**

This Court lacks subject matter jurisdiction over Nova's Fourth, Fifth, Sixth, and Seventh Counterclaims.

**Fifth Affirmative Defense**

The Court should decline to exercise supplemental jurisdiction over Nova's Fourth, Fifth, Sixth, and Seventh Counterclaims pursuant to 28 U.S.C. § 1367(c).

**Sixth Affirmative Defense**

Venue is not proper in this district for Nova's Fourth, Fifth, Sixth, and Seventh Counterclaims.

**Seventh Affirmative Defense**

Nova's Fourth, Fifth, Sixth, and Seventh Counterclaims fail to state a claim upon which relief may be granted.

**Eighth Affirmative Defense**

Roche did not receive any confidential information from Nova.

**Ninth Affirmative Defense**

Roche did not use any information received from Nova for an improper purpose.

**Tenth Affirmative Defense**

The information that Roche received from Nova was intangible and not subject to a claim for conversion.

**Eleventh Affirmative Defense**

Nova's counterclaims against Roche are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, unclean hands, forfeiture and/or acquiescence.

Roche reserves the right to raise additional or different affirmative defenses to Nova's Counterclaims as investigation and discovery proceed.

**ROCHE'S PRAYER FOR RELIEF**

WHEREFORE, having fully replied to Nova's Amended Counterclaims, Roche respectfully demands judgment for itself and against Defendant/Counterclaim Plaintiff Nova as follows:

(a) That this Court adjudge that Nova has been and is infringing the '146 and '147 Patents;

(b) That this Court issue an injunction enjoining Nova and its officers, agents, servants and employees, privies, and all persons in active concert or participation with them from further infringement of the '146 and '147 Patents;

(c) That this Court ascertain and award Roche damages sufficient to compensate it for Nova's infringement, and that the damages so ascertained be trebled and awarded to Roche with interest;

(d) That this Court deny Nova's request for a declaration that it does not infringe the '146 and '147 patents, and declare that Nova does infringe the '146 and '147 Patents;

(e) That this Court deny Nova's request for a declaration that the '146 and '147 patents are invalid, and declare that the '146 and '147 Patents are valid;

(f) That this Court dismiss Nova's Counterclaims three through seven with prejudice, and enter judgment in favor of Roche thereon;

(g) That this Court find this case to be exceptional and award Roche its attorney fees, costs, and expenses in this action; and

(h) That this Court award Roche such other relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Federal Rule of Civil Procedure 38(b), Plaintiff Roche demands a trial by jury on all issues triable by a jury.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Dated: February 28, 2008
851253

By: ______________________

Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
provner@potteranderson.com

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc., and*
*Corange International Limited*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on February 28, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY E-MAIL**

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com
gaza@rlf.com

John W. Shaw, Esq.
Jeffrey T. Castellano, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
jcastellano@ycst.com

Mary W. Bourke, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
mbourke@cblh.com

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
rsmith@mnat.com

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
500 Delaware Avenue
8th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

I hereby certify that on February 28, 2008 I have sent by E-mail the foregoing document to the following non-registered participants:

Edward A. Mas, II, Esq.
Stephen F. Sherry, Esq.
Kirk Vander Leest, Esq.
James M. Hafertepe, Esq.
Merle S. Elliott, Esq.
McAndrews, Held & Malloy, Ltd.
500 West Madison Street
34th Floor
Chicago, IL 60661
emas@mcandrews-ip.com
ssherry@mcandrews-ip.com
kvanderleest@mcandrews-ip.com
jhafertepe@mcandrews-ip.com
melliott@mcandrews-ip.com

Wesley E. Overson, Esq.
Rachel Krevans, Esq.
Jason R. Bartlett, Esq.
Parisa Jorjani, Esq.
Daniel P. Muino, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
woverson@mofo.com
rkrevans@mofo.com
jasonbartlett@mofo.com
pjorjani@mofo.com
dmuino@mofo.com

Kenneth P. George, Esq.
Joseph M. Casino, Esq.
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
kgeorge@arelaw.com
jcasino@arelaw.com

Michael G. Adams, Esq.
Ashley L. Ellis, Esq.
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

Bradford J. Badke, Esq.
Sona De, Esq.
Michael Kahn, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Jim.badke@ropesgray.com
Sona.de@ropesray.com
Michael.kahn@ropesgray.com

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com