IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS INC., and CORANGE INTERNATIONAL LIMITED,<br>           Plaintiffs,<br>    v.<br><br>ABBOTT DIABETES CARE, INCORPORATED, ABBOTT DIABETES CARE SALES CORPORATION, BAYER HEALTHCARE, LLC, DIAGNOSTIC DEVICES, INC., LIFESCAN, INCORPORATED, and NOVA BIOMEDICAL CORPORATION,<br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 07-753 JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **RULE 16 SCHEDULING ORDER**

IT IS ORDERED that:

    **1.**    **Pre-Discovery Disclosures.**

The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2 within 7 calendar days of the issuance of the instant Order.

    **2.**    **Joinder of other Parties.**

All motions to join other parties shall be filed on or before 7 days after the end of the Phase II deposition discovery period, described in more detail below.

**3.     Infringement and Invalidity Phases.**

Discovery shall proceed in two phases, as described in greater detail below.[1] Phase I shall be limited to infringement and prior invention issues, and Phase II shall be limited to invalidity issues. These limits shall not apply to any third party discovery. There shall be no discovery related to damages or willfulness issues, until so ordered by the Court.

**(a)     Phase I - Infringement and Prior Invention**

**(i)     Written and Document Discovery**

(1)     **Timing of Discovery:** Exchange and completion of interrogatories and document production for Phase I discovery shall be commenced for all claims and counterclaims so as to be completed by June 27, 2008.

(2)     **Interrogatories**: Plaintiffs shall be entitled to serve a maximum of 11 interrogatories on each defendant relating to Roche's claims, and a maximum of 15 interrogatories relating to Nova's counterclaims. Defendants as a group shall be entitled to serve a maximum of 5 shared interrogatories, and each Defendant shall also be entitled to serve 10 individual interrogatories, relating to Roche's claims. Nova shall be entitled to serve a maximum of 15 interrogatories relating to Nova's counterclaims. Any unused interrogatories may be used in Phase II, below. Responses to contention interrogatories shall not be due until the close of Phase I fact deposition discovery.

(3)     **Requests for Admission**: Plaintiffs shall be entitled to serve a maximum of 35 requests for admission on each defendant relating to Roche's claims, and a maximum of 30 requests for admission related to Nova's counterclaims. Defendants as a group

---

[1] Provided, however, Diagnostic Devices, Inc. ("DDI") will not be subject to merits-based discovery until the Court has ruled on DDI's Motion to Dismiss for Lack of Personal Jurisdiction.

shall be entitled to serve a maximum of 25 shared requests for admission, and each Defendant shall also be entitled to serve 30 individual requests for admission, relating to Roche's claims. Nova shall be entitled to serve a maximum of 30 requests for admission relating to Nova's counterclaims. Any unused requests for admission may be used in Phase II, below.

### (ii) Depositions

(1) **Timing of Depositions**: Depositions shall not commence until the discovery required by Paragraph 3 (a)(i) is completed. All Phase I fact depositions are to be completed by October 24, 2008.

(2) **Deposition Limits**: Plaintiffs shall be entitled to a maximum of 50 hours of deposition time of each defendant, excluding third party and expert depositions, relating to Roche's claims. Plaintiffs shall be entitled to a maximum of 100 hours of deposition time, excluding third party and expert depositions, relating to Nova's counterclaims. Defendants as a group shall be entitled to a maximum of 100 hours of shared deposition time, and each Defendant shall also be entitled to 30 hours of individual deposition time, excluding third party and expert depositions, relating to Roche's claims. Nova shall be entitled to a maximum of 100 hours of deposition time, excluding third party and expert discovery, relating to Nova's counterclaims. Any unused deposition time may be used in Phase II, below.

**(b)    Markman.**

A Markman Hearing shall be held on Roche's and Nova's patents-in-suit on December 5, 2008. The parties shall identify and exchange claim terms to be construed 9 weeks prior to the hearing. The parties shall exchange proposed constructions of the disputed claim terms and identify any allegedly supporting extrinsic evidence 6 weeks prior to the hearing. The parties shall file and serve opening claim construction briefs 28 days prior to the hearing. The parties

shall file and serve responsive claim construction briefs 7 days prior to the hearing. The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

      **(c)**    **Phase I Expert Discovery.**

           **(i)**    Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from each of the parties on Phase I issues, for all claims and counterclaims, for which they bear the burden of proof by 21 days after issuance of a *Markman* order. Responsive reports from retained experts are due 21 days after service of the opening reports.

           **(ii)**    Any party desiring to depose an expert witness shall notice and complete said deposition no later than 28 days after service of the responsive expert reports, unless otherwise agreed in writing by the parties or ordered by the Court.

      **(d)**    **Further Case Management Conference.**

As soon as practicable after the completion of expert discovery in Phase I, the parties shall appear for a further case management conference to discuss remaining issues in the case.

      **(e)**    **Phase II – Remaining Invalidity Fact Discovery.**

Phase II shall begin upon the issuance of a Court order instructing the parties to proceed to Phase II.

           **(i)**    **Written and Document Discovery**

                (1)    **Timing of Discovery:** Exchange and completion of interrogatories and document production shall be commenced for all Phase II claims and counterclaims so as to be completed by 10 weeks after the commencement of Phase II.

                (2)    **Interrogatories**: In addition to any unused interrogatories remaining from Phase I, Plaintiffs shall be entitled to serve a maximum of 14 interrogatories on each defendant relating to Roche's claims, and a maximum of 10 interrogatories relating to

Nova's counterclaims. In addition to any unused shared or individual interrogatories remaining from Phase I, Defendants as a group shall be entitled to serve a maximum of 10 shared interrogatories, and each Defendant shall also be entitled to serve 12 individual interrogatories, relating to Roche's claims (for a total of 25 interrogatories per defendant for both phases). In addition to any unused interrogatories remaining from Phase I, Nova shall be entitled to serve a maximum of 10 interrogatories relating to Nova's counterclaims (for a total of 25 interrogatories for both phases). Responses to contention interrogatories shall not be due until the close of Phase II fact deposition discovery.

(3)     **Requests for Admission:** In addition to any unused requests for admission remaining from Phase I, Plaintiffs shall be entitled to serve a maximum of 40 requests for admission on each defendant relating to Roche's claims, and a maximum of 30 requests for admission relating to Nova's counterclaims. In addition to any unused shared or individual requests for admission remaining from Phase I, Defendants as a group shall be entitled to serve a maximum of 25 shared requests for admission, and each Defendant shall also be entitled to serve 35 individual requests for admission, relating to Roche's claims. In addition to any unused shared or individual requests for admission remaining from Phase I, Nova shall be entitled to serve a maximum of 30 requests for admission relating to Nova's counterclaims.

(ii)    **Depositions**

(1)     **Timing of Depositions**: Depositions shall not commence until the discovery required by Paragraph 3 (e)(i) is completed. All Phase II fact depositions are to be completed by 12 weeks after the completion of Phase II written and document discovery.

(2)     **Deposition Limits**: In addition to any unused deposition hours remaining from Phase I, Plaintiffs shall be entitled to a maximum of 40 hours of deposition

time of each defendant, excluding third party and expert depositions, relating to Roche's claims, and a maximum of 40 hours of deposition time, excluding third party and expert depositions, relating to Nova's counterclaims. In addition to any unused shared or individual deposition hours remaining from Phase I, Defendants as a group shall be entitled to a maximum of 100 hours of shared deposition time, and each Defendant shall also be entitled to 20 hours of individual deposition time, excluding third party and expert depositions, relating to Roche's claims. In addition to any unused deposition hours remaining from Phase I, Nova shall be entitled to a maximum of 40 hours of deposition time, excluding third party and expert depositions, relating to Nova's counterclaims.

### (f) Phase II Expert Discovery

**(i)** Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from each of the parties on Phase II issues, for all claims and counterclaims, for which they bear the burden of proof by 14 days after the completion of Phase II deposition discovery. Responsive reports from retained experts are due 21 days after service of the opening reports.

**(ii)** Any party desiring to depose an expert witness shall notice and complete said deposition no later than 28 days after service of the responsive expert reports, unless otherwise agreed in writing by the parties or ordered by the Court.

### (g) Further Case Management Conference.

As soon as practicable after the completion of expert discovery in Phase II, the parties shall appear for a further case management conference to discuss remaining issues in the case.

### 4. Case Dispositive Motions.

The Court will issue a separate Order regarding procedures for filing summary judgment motions. Opening briefs shall be due 14 days after the issuance of a Court order regarding

procedures for filing summary judgment motions. Responsive briefs shall be due 14 days after the filing and service of the opening briefs, and reply briefs shall be due 7 days after the filing and service of the responsive briefs.

    **5.**    **Non-Case Dispositive Motions.**

    **(a)**    Any non-case dispositive motion, along with an Opening Brief, shall be filed with a Notice of Motion. The Notice of Motion shall indicate the date on which the movant seeks to have the motion heard. Available motion dates will be posted on the Court's website at: www.ded.uscourts.gov.

    **(b)**    At the motion hearing, each side will be allocated twenty (20) minutes to argue and respond to questions from the Court.

    **(c)**    Upon filing of the Notice of Motion, a copy of said Notice shall be sent to Chambers by e-mail at: jjf_civil@ded.uscourts.gov.

    **6.**    **Amendment of the Pleadings.**

All motions to amend the pleadings shall be filed on or before 7 days after the end of Phase II deposition discovery period.

    **7.**    **Applications by Motion.**

    **(a)**    Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective June 30, 2007). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1 and be made in accordance with the Court's December 15, 2006 Order on Procedures for Filing Non-dispositive motions in Patent Cases. Parties may file stipulated and

unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

   **(b)**  No facsimile transmissions will be accepted.

   **(c)**  No telephone calls shall be made to Chambers.

   **(d)**  Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

   **8.**  **Pretrial Conference and Trial.**  After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference. At least two separate trials will be held, separately addressing issues relevant to Phase I and Phase II. The Court may also determine whether further severance, for example as between each Defendant, should be ordered.

   The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

_____  _____
   DATE               UNITED STATES DISTRICT JUDGE