IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS INC. and CORANGE INTERNATIONAL LTD., <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT DIABETES CARE, INC., ABBOTT DIABETES CARE SALES CORP., BAYER HEALTHCARE LLC, DIAGNOSTIC DEVICES INC., LIFESCAN INC., and NOVA BIOMEDICAL CORP., <br><br> Defendants. | C.A. No. 07-753-JJF |

**ROCHE'S NOTICE OF DEPOSITION TO
DIAGNOSTIC DEVICES INC. PURSUANT TO RULE 30(b)(6)**

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Roche Diagnostics Operations Inc. and Corange International Ltd. (referred to collectively as "Roche") shall take the deposition of Defendant Diagnostic Devices Inc. ("DDI") through the person(s) designated by DDI to testify on its behalf with respect to the subjects set forth in Exhibit A. The deposition will commence at 9:00 a.m. on March 13, 2008 at the offices of Parker Poe Adams & Bernstein LLP, 3 Wachovia Center, Ste. 3000, 401 S. Tryon St., Charlotte, North Carolina 28202 or at a time and place to be mutually agreed upon by counsel. The deposition will be recorded by stenographic means, may be videotaped, and will take place before a Notary Public or other officer duly authorized to administer oaths and will continue from day to day until concluded.

You are invited to attend and cross-examine.

| | |
|---|---|
| OF COUNSEL:<br><br>Daniel A. Boehnen<br>Grantland G. Drutchas<br>Gary E. Hood<br>Nicole A. Keenan<br>Paula S. Fritsch<br>Sherri L. Oslick<br>Jeffrey P. Armstrong<br>McDonnell Boehnen Hulbert & Berghoff LLP<br>300 South Wacker Drive<br>Chicago, IL 60606<br>(312) 913-0001<br><br>Dated: March 6, 2008<br>853365 | POTTER ANDERSON & CORROON LLP<br><br>By: _/s/ Philip A. Rovner_<br>Philip A. Rovner (#3215)<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>(302) 984-6000<br>provner@potteranderson.com<br><br>*Attorney for Plaintiffs*<br>*Roche Diagnostics Operations, Inc., and*<br>*Corange International Limited* |

## EXHIBIT A

In the following subjects:

1. The terms "Plaintiff" and "Roche" shall mean the Plaintiffs in this lawsuit, Roche Diagnostics Operations Inc. and Corange International Ltd.; any company name under which Roche is doing business; and its predecessors, parents, subsidiaries, divisions, directors, officers, employees, agents, distributors, salespersons, sales representatives, and attorneys, and each person acting or purporting to act on its or their behalf or under its or their control.

2. The terms "Defendant" and "DDI," shall mean Diagnostic Devices, Inc. (present at 9300 Harris Corners Parkway Suite 450, Charlotte, NC 28269, and possibly other addresses); any company name under which DDI is doing business; and its predecessors, parents, subsidiaries, divisions, licensees, franchisees, assigns or other related business entities, as well as directors, officers, employees, agents, distributors, jobbers, salespersons, sales representatives, and each person acting or purporting to act on its or their behalf or under its or their control.

3. The term "TaiDoc" shall mean TaiDoc Technology Corp. (present at 6F, No. 127, Wugong 2nd Rd. Wugu, Taipei County 248, Taiwan, and possibly other addresses); any company name under which TaiDoc is doing business; and its predecessors, parents, subsidiaries, divisions, licensees, franchisees, assigns or other related business entities, as well as directors, officers, employees, agents, distributors, jobbers, salespersons, sales representatives, and each person acting or purporting to act on its or their behalf or under its or their control.

4. "DDI Products" shall mean any product made by, distributed by, imported by, supplied by, shipped by, sold by, or branded by DDI or TaiDoc, including but not limited to: (1) blood glucose products and meters, such as, for example, those sold under the following brands: Prodigy, Prodigy Audio, Prodigy Autocode, Prodigy Duo, Prodigy Eject, Prodigy Voice, and

Prodigy Advance; (2) test strips for use with such products or meters; (3) control solutions for use with such products, meters, or test strips; and (4) software for use with such products, meters, or test strips.

5. The terms "person" and "persons" shall mean natural persons (including, without limitation, those employed by DDI), as well as all governmental entities, agencies, officers, departments, or affiliates of any other governmental entity, legal entity, and any corporation, foundation, partnership, proprietorship, association, or other organization.

6. The term "date" shall mean the exact day, month, and year (to the degree ascertainable) or, if not ascertainable, the best approximation (including relationship to other events).

7. The term "document" shall mean writings, recordings and other communications reduced to physical or electronic form, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including without limitation, correspondence, memoranda, notes, e-mail, diaries, minutes, statistics, letters, telegrams, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, prospectuses, calendars, diaries, planners, interoffice and intra-office communications, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, meetings, or printouts, teletypes, telefax, invoices, work sheets, and all drafts, alterations, modifications, changes and amendments of the foregoing), graphic or oral representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs, and recordings).

8. The terms "relating to" and "referring to" shall be interpreted so as to encompass the liberal scope of discovery set forth in Federal Rule of Civil Procedure 26(b).

9. The terms "identify" and "describe" shall mean providing, among other things:

(a) with respect to a natural person, home and work addresses and telephone numbers, the name of the person's present (or if unknown, the last known) place of employment, date of commencement and termination (if any) of employment, job title, and description of his or her duties and responsibilities;

(b) with respect to a corporation or other non-natural person, the full name, address, main telephone number, state of incorporation, and identity of all persons who have acted on behalf of such entity;

(c) with respect to a document, the type of document (e.g., letter, e-mail, telex, contract, calendar, invoice, report); the number of pages; a description of the document's contents; an identification of the person(s) who prepared the document, for whom the document was prepared, who signed the document, to whom the document was delivered, mailed, or otherwise received, and to whom a copy of the document was sent or otherwise received; the date of writing, creation, or publication; identifying number(s), letter(s), or combination thereof, if any; the significance or meaning of such numbers(s), letter(s) or combination thereof; and the present location and identity of the custodian of that document. Documents to be identified shall include all documents in your possession, custody or control, documents you know or believe to have existed but are no longer existing, and other documents of which you have knowledge or information.

10. The terms "and," "or," and "and/or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the request all responses which otherwise might be construed to be outside its scope.

11. The terms "describe" and "state" shall mean to set forth fully and unambiguously every relevant fact of which DDI (including its agents and representatives) has knowledge or information.

12. Any word written in the singular herein shall be construed as plural or vice versa to bring within the scope of the request all responses which otherwise might be construed to be outside its scope.

13. "Complaint" means the Complaint filed by Roche in the United States District Court for the District of Delaware, on or about November 21, 2007.

**The subjects for examination at the Rule 30(b)(6) deposition shall include:**

1.   The corporate structure and background of DDI, including any related entities, and any design/engineering, manufacturing, sales, marketing, or distribution partners, agencies, or other entities who have worked with DDI.

2.   All contacts between DDI, its officers, directors, employees, distributors, sales representatives, resellers, promoters, website, purchasers and Delaware.

3.   All contacts between DDI (including its officers, directors, employees, distributors, and sales representatives) and any person or entity who is a reseller (i.e., not an end-user) of DDI products.

4.   All contacts between DDI and TaiDoc.

5.   All design, engineering, manufacturing, use, marketing, distribution, sales, offers to sell, warehousing, or importation of any DDI products in, into, or out of the state of Delaware, by any entity, including but not limited to sales of any DDI device over the Internet or providing software via the Internet.

6.   The distribution chain of DDI products from manufacture to use and final disposition, including but not limited to brick and mortar retailers, internet retailers, government purchasers, group purchase plans, pharmacies, hospitals, and any and all intermediaries.

7.   All communications between DDI and chain retailers, including chain pharmacies.

8.   All communications between DDI and Wal-Mart.

9.   All communications between DDI and managed care companies.

5

10. DDI's presence at trade shows, including but not limited to the name, location, and date of the trade shows, the DDI products discussed or displayed at the trade shows, the DDI personnel present at the trade shows, and the persons or entities contacted through, during, or as a result of the trade shows.

11. All publications, including Internet publications, in which DDI advertises or promotes DDI products, and all articles (print, video, or Internet) regarding DDI or DDI products.

12. Any efforts to avoid sales of, distribution of, or use of DDI products in and to Delaware.

13. An identification of DDI's blood glucose product line, including meters, test strips, software and related products.

14. The location and manner of storage of documents responsive to Roche's document requests.

15. The location and manner of storage of documents related to any design, engineering, manufacturing, use, marketing, distribution, sales, offers to sell, warehousing, or importation of any DDI product in or to Delaware, by any entity.

16. All contact that DDI has had with end-use customers, including but not limited to feedback from customers that results in customer testimonials posted on the DDI website, and any information that DDI retains about such customers.

17. All information that DDI has or maintains about the downloading of software from its website, including how often such software is downloaded, to where the software is downloaded, and what technical support DDI has offered and now offers to customers who download its software.

18.     Information about the preparation and distribution of the document attached as Exhibit C, including where and to whom it was sent.

19.     All topics covered in Roche's Interrogatories, including DDI's Responses.

20.     All topics covered in Roche's Requests for Production, including DDI's Responses and documents produced.

21.     All matters on which DDI relies to support its motion to dismiss for lack of personal jurisdiction, including all assertions therein and materials in support thereof.

## **EXHIBIT B**

### DEFINITIONS

All definitions set forth in Exhibit A above are incorporated as if set forth fully herein.

### INSTRUCTIONS

All instructions set forth in Roche's previous discovery requests are incorporated as if set forth fully herein.

### DOCUMENT REQUEST

1. All documents that have been referred to or reviewed in preparing for this deposition or that are the source of information that the witness or DDI expects to provide in response to this deposition notice.

**EXHIBIT C**

Case 1:07-cv-00753-JJF    Document 89    Filed 03/06/2008    Page 11 of 14



Diagnostic Devices, Inc.
www.prodigymeter.com

**Headquarters**
5900-A Northwoods Business Park
Charlotte, NC 28269
phone 1-800-366-5901
fax 1-877-847-3419

*news release*

### Diagnostic Devices Introduces PRODIGY™ AUTOCODE –
### the world's first talking glucose meter that codes itself!

*Ideal for the visually impaired or anyone who wants the added convenience of a meter that talks and codes automatically,*
*PRODIGY AUTOCODE delivers audible readings in English or Spanish.*

Charlotte, NC - Managing diabetes through blood glucose monitoring is a challenge for many diabetics, but it is especially difficult for the thousands of patients who have lost their eyesight to complications of the disease or are visually impaired. Recognizing the difficulties most meters present to diabetics, Diagnostic Devices developed Prodigy Audio, their first talking meter, in early 2006. Almost immediately, they started development of a next generation meter that would provide new freedom and confidence for diabetics with vision problems.

PRODIGY AUTOCODE is the result. Reports Rick Admani of Diagnostic Devices, "We learned that even with audio prompts, calibrating the meter proved to be a barrier to use by the visually impaired. So we developed a talking meter that does not require manual coding by the user to ensure accuracy."

Recognizing that painful testing is also an impediment, PRODIGY AUTOCODE is designed for ease and comfort. Alternate site testing permits taking blood from the arms, thighs or hands – all areas that are less painful than fingers. Only a tiny 0.6 microliter blood sample is required so patients can use extra-fine gauge lancets for less pain.

Results are reported audibly and via a large visual readout in just 6 seconds. Data management includes 450-test memory with date and time, and automatic averaging in intervals of 7, 14, 21, 28, 60 and 90 days. Data can also be downloaded to a computer supported by free software available at prodigymeter.com.

PRODIGY AUTOCODE is covered by Medicare and most heath insurance plans, and it is also affordable for the uninsured.

For more information about PRODIGY meters and other health management tools from Diagnostic Devices, visit prodigymeter.com or call 1-800-366-5901.

Contact: Jeff Cramp
Cramp+Associates, Inc.
610-649-6002

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on March 6, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com
gaza@rlf.com

Mary W. Bourke, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
mbourke@cblh.com

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
500 Delaware Avenue
8th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

**BY HAND DELIVERY AND E-MAIL**

John W. Shaw, Esq.
Jeffrey T. Castellano, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
jcastellano@ycst.com

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
rsmith@mnat.com

I hereby certify that on March 6, 2008 the foregoing document to the following non-registered participants:

Edward A. Mas, II, Esq.
Stephen F. Sherry, Esq.
Kirk Vander Leest, Esq.
James M. Hafertepe, Esq.
Merle S. Elliott, Esq.
McAndrews, Held & Malloy, Ltd.
500 West Madison Street
34th Floor
Chicago, IL 60661
emas@mcandrews-ip.com
ssherry@mcandrews-ip.com
kvanderleest@mcandrews-ip.com
jhafertepe@mcandrews-ip.com
melliott@mcandrews-ip.com

Kenneth P. George, Esq.
Joseph M. Casino, Esq.
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
kgeorge@arelaw.com
jcasino@arelaw.com

Bradford J. Badke, Esq.
Sona De, Esq.
Michael Kahn, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Jim.badke@ropesgray.com
Sona.de@ropesray.com
Michael.kahn@ropesgray.com

Wesley E. Overson, Esq.
Rachel Krevans, Esq.
Jason R. Bartlett, Esq.
Parisa Jorjani, Esq.
Daniel P. Muino, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
woverson@mofo.com
rkrevans@mofo.com
jasonbartlett@mofo.com
pjorjani@mofo.com
dmuino@mofo.com

Michael G. Adams, Esq.
Ashley L. Ellis, Esq.
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com