IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS INC. ) <br> and CORANGE INTERNATIONAL LTD., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ABBOTT DIABETES CARE, INC., ) <br> ABBOTT DIABETES CARE SALES CORP., ) <br> BAYER HEALTHCARE LLC, DIAGNOSTIC ) <br> DEVICES INC., LIFESCAN INC., and NOVA ) <br> BIOMEDICAL CORP., ) <br> ) <br> Defendants. ) | C.A. No. 07-753-JJF |

**NOTICE OF RULE 30(b)(6) DEPOSITION AND SUBPOENA
DIRECTED TO J&B MEDICAL SUPPLY CO., INC.**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(2) of the Federal Rules of Civil Procedure, Plaintiffs Roche Diagnostics Operations Inc. and Corange International Ltd. (referred to collectively as "Roche") is serving the attached subpoena on J&B Medical Supply Co., Inc. ("J&B") in the form appended hereto. Roche will take the deposition of J&B through one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf and who are most knowledgeable with respect to the deposition topics set forth in "Schedule A" at the time and place as set forth below.

Said deposition will be taken on March 24, 2008 at 9:30 a.m., at the offices of Rader, Fishman and Grauer PLLC, 39533 Woodward Avenue, Bloomfield Hills, MI 48304, or at such other time and place as may be agreed to by the parties. The deposition will continue until completed as provided in the Federal Rules of Civil Procedure. The deposition will be recorded stenographically and/or by videotape. You are invited to attend and cross-examine.

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
Christina L. Brown
Eric R. Moran
Jessica L. Lunney
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Dated: March 12, 2008
854348

POTTER ANDERSON & CORROON LLP

By: _____
Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
provner@potteranderson.com

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc., and*
*Corange International Limited*

AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

Eastern District of Michigan

ROCHE DIAGNOSTICS OPERATIONS, INC. ET. AL

V.

ABBOTT DIABETES CARE, INC., ET. AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 7-753-JJF

TO:  J&B MEDICAL SUPPLY CO., INC. ATTN: MARY E SHAYA
50496 W. PONTIAC TR.
WIXOM, MI 48393

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Rader, Fishman, and Grauer PLLC 39533 Woodward Ave, Bloomfield Hills, MI 48304 | 3/24/2008 9:30 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any documents referring or relating to any of the topics set forth in Schedule A attached.

| PLACE | DATE AND TIME |
|---|---|
| Rader, Fishman, and Grauer PLLC 39533 Woodward Ave, Bloomfield Hills, MI 48304 | 3/24/2008 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiffs  /s/ | 3/11/2008 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
| Grantland Drutchas, 300 S. Wacker St., Ste. 3100, Chicago, IL 60606, 312-913-0001 | |

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
 (2) Command to Produce Materials or Permit Inspection.
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 (3) Quashing or Modifying a Subpoena.
  (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information;
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
 (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
 The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

### TO THE SUBPOENA FOR RULE 30(b)(6) DEPOSITION AND PRODUCTION, INSPECTION, AND COPYING OF DOCUMENTS AND OTHER TANGIBLE THINGS IN THE POSSESSION, CUSTODY, OR CONTROL OF J&B MEDICAL SUPPLY CO., INC.

#### DEFINITIONS AND INSTRUCTIONS

The following definitions shall apply:

1. The term "J&B" shall mean J&B Medical Supply Co., Inc., any company name under which J&B Medical Supply Co., Inc. is doing or has done business; and its predecessors, parents, subsidiaries, divisions, licensees, franchisees, assigns or other related business entities, as well as directors, officers, employees, agents, and distributors.

2. The terms "Defendant" and "DDI," shall mean Diagnostic Devices, Inc. (present at 9300 Harris Corners Parkway Suite 450, Charlotte, NC 28269, and possibly other addresses); any company name under which DDI is doing or has done business; and its predecessors, parents, subsidiaries, divisions, licensees, franchisees, assigns or other related business entities, as well as directors, officers, employees, agents, and distributors.

3. The term "TaiDoc" shall mean TaiDoc Technology Corp. (present at 6F, No. 127, Wugong 2nd Rd. Wugu, Taipei County 248, Taiwan, and possibly other addresses); and any company name under which TaiDoc is doing or has done business.

4. The terms "person" and "persons" shall mean natural persons and any other governmental, legal, or other entity.

5. The term "document" shall mean writings, recordings and other communications reduced to physical or electronic form, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise.

6. "DDI Products" shall mean any product made, distributed, imported, marketed, sold, or branded by DDI or TaiDoc, including but not limited to: (1) blood glucose products and meters, such as, for example, those sold under the following brands: Prodigy, Prodigy Audio, Prodigy Autocode, Prodigy Duo, Prodigy Eject, Prodigy Voice, and Prodigy Advance; (2) test strips for use with such products or meters; (3) control solutions for use with such products, meters, or test strips; and (4) software for use with such products, meters, or test strips.

## RULE 30(b)(6) DEPOSITION TOPICS AND
## DOCUMENTS AND THINGS REQUESTED

Please provide documents, things, and deposition testimony relating to the following topics. Also, please do not allow any materials requested by this subpoena duces tecum, including notes or drafts, to be destroyed.

1.  The marketing, advertising, sale, offer for sale, or use of DDI Products.

2.  Any sales or offers of sales and dates of sales or offers of sales of DDI Products in Delaware, Pennsylvania, or Maryland, including but not limited to purchase orders, invoices, sales reports, shipping documents (including delivery confirmations), and receipts.

3.  Any shipment or return of DDI Products in, to, or from Delaware, Pennsylvania, or Maryland.

4.  The distribution or warehousing of DDI Products in Delaware, Pennsylvania, or Maryland.

5.  The use of DDI Products in Delaware, Pennsylvania, or Maryland.

6.  The marketing of DDI Products in Delaware, Pennsylvania, or Maryland.

7.  The general chain(s) of custody of DDI Products between DDI and users of DDI Products in Delaware, Pennsylvania, or Maryland.

8.  All communications to or from DDI, or any entity or person acting on DDI's behalf, referring or relating to Topics 1 through 7 above.

9.  All communications to or from TaiDoc, or any entity or person acting on TaiDoc's behalf, referring or relating to Topics 1 through 7 above.

10. All documents or communications referring or relating to the relationship between DDI and J&B.

11. All documents, communications, or other materials provided to customers in connection with the sale of DDI Products in Delaware, Pennsylvania, or Maryland.

12. Background information on J&B.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on March 12, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com
gaza@rlf.com

Mary W. Bourke, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
mbourke@cblh.com

**BY HAND DELIVERY AND E-MAIL**

John W. Shaw, Esq.
Jeffrey T. Castellano, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
jcastellano@ycst.com

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
rsmith@mnat.com

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
500 Delaware Avenue
8th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

I hereby certify that on March 12, 2008 the foregoing document to the following non-registered participants:

Edward A. Mas, II, Esq.
Stephen F. Sherry, Esq.
Kirk Vander Leest, Esq.
James M. Hafertepe, Esq.
Merle S. Elliott, Esq.
McAndrews, Held & Malloy, Ltd.
500 West Madison Street
34th Floor
Chicago, IL 60661
emas@mcandrews-ip.com
ssherry@mcandrews-ip.com
kvanderleest@mcandrews-ip.com
jhafertepe@mcandrews-ip.com
melliott@mcandrews-ip.com

Kenneth P. George, Esq.
Joseph M. Casino, Esq.
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
kgeorge@arelaw.com
jcasino@arelaw.com

Bradford J. Badke, Esq.
Sona De, Esq.
Michael Kahn, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Jim.badke@ropesgray.com
Sona.de@ropesray.com
Michael.kahn@ropesgray.com

Wesley E. Overson, Esq.
Rachel Krevans, Esq.
Jason R. Bartlett, Esq.
Parisa Jorjani, Esq.
Daniel P. Muino, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
woverson@mofo.com
rkrevans@mofo.com
jasonbartlett@mofo.com
pjorjani@mofo.com
dmuino@mofo.com

Michael G. Adams, Esq.
Ashley L. Ellis, Esq.
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com

