IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LTD., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | C.A. No. 07-753-JJF |
| ABBOTT DIABETES CARE, INC., ABBOTT DIABETES CARE SALES CORP., BAYER HEALTHCARE, LLC, DIAGNOSTIC DEVICES, INC., LIFESCAN, INC., and NOVA BIOMEDICAL CORP., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' MOTION TO COMPEL

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
provner@potteranderson.com

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc. and*
*Corange International Limited*

Dated: April 11, 2008

## I. INTRODUCTION

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiffs Roche Diagnostics Operations Inc. and Corange International Ltd. (collectively, "Roche") request that the Court enter an Order compelling the Defendants who have filed answers to date (namely, Abbott Diabetes Care, Inc., Abbott Diabetes Care Sales Corp., Bayer Healthcare, LLC, LifeScan, Inc. and Nova Biomedical Corp. (collectively, the "Answering Defendants")) to provide requested discovery:

- Roche served document requests on each of the Answering Defendants on January 23, 2008. Yet, none of the Answering Defendants will provide a date for substantial completion of their response to these document requests short of the Court-ordered cut-off date for document discovery in Phase I of this litigation (June 27, 2008). Roche needs a substantially complete response to the 1st round documents requests immediately in order to (i) review and digest the content of responses, (ii) conduct meet and confers, and (iii) supplement document requests and/or move to compel, as appropriate before the Court-ordered June 27, 2008 cut-off date.

- Each of the Answering Defendants has refused to produce licenses and other agreements that pertain to the design and development of the accused products. These documents identify and establish relationships with third parties including additional infringers and joint tortfeasors. These documents would include technical specifications for the products and an identification of patents, publications, and other documents that describe operation of the accused products. Development agreements are also likely to contain information relevant to prior invention, which the Court has ordered as part of Phase I discovery.

- Bayer has refused to provide discovery regarding its affirmative defenses to infringement such as laches, waiver, estoppel and unclean hands, arguing that these defenses are more related to the validity issues addressed in Phase II of this litigation. Since these affirmative defenses are defenses to infringement, Roche needs discovery on these issues now in Phase I.

- Bayer has refused to provide discovery focused on accused products supplied from the U.S and sold abroad. It is unclear whether Abbott will provide such discovery. These products constitute infringement under 35 U.S.C. § 271(f) and discovery during Phase 1 is appropriate for this reason.

- Nova and Abbott have refused to provide discovery regarding their knowledge of the patents and/or applications at issue, even though such knowledge is directly relevant to inducement of infringement (which has a knowledge/notice requirement). Roche needs this information to establish infringement by inducement. This includes a log of privileged documents (*e.g.*, opinions) that reference the patents-in-suit or the underlying applications.

- Each of the Answering Defendants has refused to produce all documents relating to their decision to commercialize the accused products. These "decision documents" relate to inducement – *i.e.*, showing that the decision was made with knowledge of the patents or patent applications.

- Each of the Answering Defendants has said that it will produce only "representative documents" in response to several categories of documents. A defendant's self-selection of "representative documents" does not comply with the defendant's obligations under the Federal Rules. Roche needs complete production of documents relating to (i) communications with distributors, medical personnel, customers, and/or end-users as to the structure, function and operation of the accused meters and strips; (ii) the patents in suit and underlying applications (i.e., "notice" documents); (iii) identification of customers; (iv) research, design and development of the accused products; (v) FDA files for the accused products, and (vi) the parties' defenses of non-infringement and prior invention.

- Nova has refused to produce documents relating to the structure, function, and operation of products sold prior to January 1, 2007. Although the sale or use of products prior to issue of the patents does not infringe, such meters continue to be used for years after they are sold. Defendants' sale of test strips *after* the issue of the patents for use in such prior-sold meters constitutes infringement by inducement and contributory infringement. Roche needs discovery of the structure, function, and operation of prior-sold products in order to confirm that later-sold products (*e.g.*, test strips) can only be used in an infringing manner.

As such, Roche requests that this Court enter the proposed Order attached as Exhibit A.

## II. NATURE AND STAGE OF THE PROCEEDINGS

On November 21, 2007, Roche filed a Complaint alleging that Defendants were infringing two Roche patents by commercializing various blood glucose monitoring products. D.I. 1. Although most Defendants answered, D.I. 40, 41, 43, and 47, one Defendant, Diagnostics Devices Inc. ("DDI") filed a motion to dismiss the complaint for lack of personal jurisdiction. D.I. 44.

This Court has ordered phased discovery, with infringement and prior invention issues including within the first phase of discovery ("Phase I"), followed by discovery into validity issues ("Phase II") after a Markman hearing. February 8, 2008 Hearing Transcript, p. 36-38 (Exhibit B).

As noted above, Roche served document requests and interrogatories on each of the

2

Answering Defendants on January 23, 2008. The Answering Defendants' responses to those discovery requests (or lack thereof) form the basis for this motion.

### III.  SUMMARY OF THE ARGUMENT

1. Documents responsive to Roche's requests served on January 23, 2008, were due on February 25, 2008, subject to agreed extensions. The Answering Defendants' obligation to produce documents is past due, and the Defendants cannot delay completing production of responsive documents until the final cut-off date for Phase I document discovery (*i.e.*, June 27, 2008).

2. Licenses and other agreements relating to the accused products are reasonably calculated to lead to the discovery of admissible evidence regarding Phase I issues, including (i) relationships with third parties, including additional infringers and joint tortfeasors; (ii) technical specifications and patents that describe the operation of the accused products; and (iii) development agreements.

3. Discovery regarding affirmative defenses to infringement such as laches, waiver, estoppel and unclean hands is relevant to Phase I, and due at this time.

4. Discovery into products sold abroad relates to infringement under 35 U.S.C. § 271(f)

5. Discovery regarding the Defendants' knowledge of the patents-in-suit and underlying patent applications is directly relevant to Roche's inducement of infringement allegations.

6. Documents relating to the Defendants' decision to introduce the accused products are also relevant to knowledge and intent and, therefore, to inducement.

7. Under Rules 26 and 34, Fed. R. Civ. P., Defendants cannot limit their document production to include only self-selected "representative documents," which they consider "sufficient."

8. Information pertaining to the structure, function, and operation of products sold before

3

October 2, 2007, is relevant to the Phase 1 issues, provided that such products are designed to be used and may be used with accused products sold after October 2, 2007.

## IV. STATEMENT OF FACTS

The discovery requests that Roche served on January 23, 2008 are attached hereto as Exhibits C-J. After the Case Management Conference in which this Court ordered phased discovery, Roche sent a letter to the Answering Defendants that focused the discovery request onto the Phase I issues, by either withdrawing or limiting requests. (Exhibit K.) During recent meet & confer discussions, Roche has further clarified the discovery requests so that these focus on only the Phase 1 issues.

Defendants improperly objected to many of the discovery requests as not relating to Phase I issues, and failed to provide any appropriate deadline for completing document production. (Exhibits L-T.) One defendant (LifeScan) refused to identify even when it will ***begin*** producing documents.

## V. ARGUMENT

### 1. The Answering Defendants Should Be Compelled To Provide Documents Immediately That Are Responsive To Requests Served On January 23, 2008

Bayer, Abbott and Nova have begun producing some documents within the last week; LifeScan has yet to produce a single document. In fact, LifeScan has even refused to commit to producing any documents before the end of April, which is more than three months after Roche served its requests. More importantly, all of the Answering Defendants have refused to commit to any date for substantially completing their document production, except to say that they will finish by June 27, 2008, the Court-ordered cut-off date for document discovery in the case.

Roche asked that the Answering Defendants substantially complete production of responsive documents by April 30, 2008, more than three (3) months after those requests were

4

served. This timing would give Roche adequate time before the June 27th cut-off to (i) review the documents produced by the Answering Defendants, (ii) follow-up with meet and confer activities where appropriate, and (iii) determine whether any supplemental document requests need to be served and/or any motions to compel need to be filed. Defendants' decision to wait until the June 27, 2008 cut-off date to substantially complete their document production precludes Roche from doing the necessary and appropriate follow-up activities after receiving the documents.

Defendants take the position that the Court-ordered June 27th cut-off date for document discovery trumps the Federal Rules of Civil Procedure. They ignore the obligation under Rule 34, Fed. R. Civ. P., to respond within 30 days of service of the requests, absent extensions. Roche recognizes that parties typically agree to a rolling production that often takes more than the thirty (30) days allotted under the rules. But the Defendants' unilateral decision to extend the time to more than 5 months, without seeking agreement from Roche or leave from the Court, is not acceptable.[1]

Roche requests that the Court compel Abbott, Bayer, LifeScan and Nova to substantially complete their production of documents responsive to Roche's first Set of Document Requests, including a withheld document log, within one (1) week after the decision on this motion.

### 2. The Answering Defendants Should Be Compelled to Produce Licenses And Other Agreements That Relate to The Accused Products

Document Requests 31-35 and 57-60 in Roche's First Set of Document Requests (Nos. 1-119) seek the production of documents and things relating to agreements, licenses, and communications between the Answering Defendants and others regarding the research, design,

---

[1] If the Court had given the parties until December 31, 2008 for a document discovery cut-off date, Defendants would be arguing that they are entitled to extend their responses to this first set of document requests to more than 11 months! This is clearly not what the Court intended.

development, manufacture, or importation of the accused products. (*See* Exs. E (Bayer), F (Abbott), D (LifeScan), C (Nova)). These documents will include information directly relevant to infringement, including (i) relationships with third parties and, potentially, additional infringers and joint tortfeasors; (ii) technical specifications for the accused products and patents that help describe operation of the accused products; and (iii) development agreements that contain information relevant to prior invention, which the court has ordered to be part of Phase I discovery.

These requests are ***not*** seeking licenses and other agreements that relate only to a reasonable royalty determination. Such documents are admittedly not part of Phase 1 discovery. However, these agreements are directly relevant to infringement issues and should be produced at this time.

The accused products of several of the Defendants were produced by either predecessor companies or third parties. Several of the Bayer accused products were made by the Japanese company Matsushita. Yet Bayer has refused to provide any agreements between Bayer and Matsushita regarding the design, development, manufacture or importation of such products. Several of the accused Abbott products were developed by a predecessor company called Therasense. Nova made products (and still makes test strips) for products sold by Becton Dickinson. Yet Abbott, Nova, and LifeScan have also refused to provide pertinent agreements relating to the accused products. The Answering Defendants should be compelled to produce these agreements.

### 3. Bayer Should Be Compelled to Produce Discovery On Affirmative Defenses To Infringement Such As Laches, Waiver, Estoppel And Unclean Hands

Bayer has refused to respond to Roche's discovery requests directed to its affirmative defenses of waiver, estoppel, unclean hands, forfeiture, acquiescence, and license (*see* D.I. 41),

6

arguing that they are reserved for issues addressed in Phase II. *See* Bayer's responses to Interrogatory Nos. 15 and 16 to Bayer (Ex. L), and Document Request No. 108 to Bayer (Ex. M) (February 29, 2008). These affirmative defenses have no relation to the Phase II issues, and Bayer should be compelled to produce discovery on these defenses.

The Federal Circuit has held that such allegations are defenses to infringement. *See ABB Robotics, Inc. v. Robotics Corp.*, 52 F.3d 1062, 1063 (Fed. Cir. 1995) (estoppel is an equitable defense to a charge of patent infringement); *Carborundum Co. v. Molten Metal Equip. Innovations, Inc.*, 72 F.3d 872, 878 (Fed. Cir. 1995)(a license is a defense to infringement); *Diversey Lever, Inc. v. Ecolab, Inc.*, 191 F.3d 1350, 1352-53 (Fed. Cir. 1999) (estoppel is a defense to a infringement and, unless raised in response to a motion for summary judgment of infringement, is waived).

### 4. Bayer Should be Compelled to Produce Documents on Accused Products Supplied from The U.S. and Sold Abroad For Use In Patented Methods

Bayer has objected to responding to any discovery that relates to accused products that are sold or used outside the U.S. This objection applies broadly to all interrogatories and documents requests, including the research, development, structure, function, use, marketing or sales of such products supplied for use abroad.[2] Bayer ignores 35 U.S.C. § 271(f), which makes it an act of infringement to supply products from the U.S. that are to be used ex-U.S. in patented methods.

The Federal Circuit has held that the supply of products from the U.S. for use in patented methods is an act of infringement under § 271(f). *Union Carbide Chemicals & Plastics*

---

[2] In discussions, Bayer's counsel refused to produce any documents relating to marketing, sales, etc. outside the U.S., asserting that they are not relevant to infringement under 35 U.S.C. § 271(f). *See also* Bayer's response to Request No. 60 ("Bayer objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks discovery of sales outside of the United States.") (Ex. M). LifeScan has asserted – but apparently withdrawn – a similar objection. *See* LifeScan's General Objection No. 16 (Ex. N).

*Technology Corp. v. Shell Oil Co.*, 425 F.3d 1366, 1378-79 (Fed. Cir. 2005). Section 271(f) makes a party "liable as an infringer" for supplying "any component of a patented invention" for use "outside of the United States in a manner that would infringe the patent if such combination occurred within the United States." Section 271(f) "appl[ies] to components used in the performance of patented process/method inventions," and is not limited to components of a patented apparatus. 425 F.3d at 1378-79. Bayer's categorical refusal to respond to discovery regarding products sold or used outside the U.S. is improper, and Bayer should be compelled to respond to such discovery.

### 5. Nova and Abbott Should Be Compelled to Produce Documents and Log Opinions Regarding Their Knowledge Of The Patents And Applications At Issue

In order to prove infringement by inducement, Roche has the burden of showing that "the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006). "The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent." *Id.* Defendants' knowledge of the patents-in-suit is an essential inquiry for Phase I.

Roche's document requests seek the production of documents and things relating to the Defendants' knowledge of the patents-in-suit and related patent applications. (*See, e.g.,* Document Requests Nos. 39-45 and 53.)[3] In addition, Roche's document requests seek the identification (*i.e.,* a log) of opinions and communications regarding infringement or non-infringement of the patents-in-suit. (*See, e.g.,* Document Requests Nos. 54-55 to each of the

---

[3] Although these document requests initially requested additional information, Roche limited the requests for Phase I to Defendants' knowledge of the patents-in-suit and related patent applications.

8

Answering Defendants.)[4] These requests seek documents evidencing the Defendants' knowledge of the patents-in-suit – either directly or indirectly through knowledge of their related applications.

Nevertheless, the Answering Defendants have refused to produce documents responsive to these requests. For instance, none of the Defendants has agreed to produce documents related to its knowledge of the underlying patent applications for the patents-in-suit, and only Abbott and Bayer have offered to produce documents related to their knowledge of the issued patents-in-suit. Moreover, with the exception of Bayer, all of the Defendants have refused to log their opinions and communications regarding the infringement (or non-infringement) of the patents-in-suit. Since knowledge of the patents-in-suit is a required element for inducing infringement, the Court should compel Defendants to produce their documents related to such knowledge in Phase I.

### 6. The Answering Defendants Should Be Compelled to Produce Documents Relating To The Defendants' Decision To Introduce The Accused Products

Roche's document requests seek all documents and things relating to business meetings and decisions to research, design, develop, manufacture, import, or sell any of the accused products, as well as any utility, advantages, value and/or business significance of such products. (*See, e.g.*, Document Requests Nos. 9-13 and 22 to each of the Answering Defendants.) The Answering Defendants have refused to produce all documents responsive to these requests. Defendants' decisions to introduce the accused products are directly relevant to infringement, particularly to the issue of inducement. To prove inducement, Roche must show "that the alleged infringer's actions induced infringing acts and that he knew or should have known his

---

[4] As with the requests seeking Defendants' knowledge of the patents-in-suit, for purposes of Phase I discovery, Roche agreed to limit the requests to the issue of infringement/non-infringement.

9

actions would induce actual infringements." *DSU*, 471 F.3d at 1304. The Defendants' decisions to introduce the accused products, especially those decisions that were made and implemented with knowledge of the patents-in-suit, would relate to the requisite "actions" and "knowledge" to prove inducement.

For example, Abbott's new FreeStyle Freedom Lite meter was apparently introduced after the present lawsuit was filed. Although Abbott clearly had notice of the patents-in-suit, Abbott made the decision to proceed with the launch of this product. Documents related to such a decision are clearly relevant to the "alleged infringer's actions" required for inducement.

### 7. The Answering Defendants Should Be Compelled to Produce All Responsive Documents, not Just Representative Documents In Response To Roche's Requests

The Answering Defendants asserted that they are obligated to produce only "representative" documents of the categories requested. LifeScan imposed this restriction in its General Objection Nos. 18 and 25, incorporated by reference in nearly all of its responses. Ex. N. Abbott interposed General Objection No. 17, also incorporated by reference in each of Abbott's responses. Ex. O. Bayer interposed a representative document limitation in responses directed specifically to the structure, function, and operation of the accused products, to knowledge of the patents-in-suit, to its assertion of prior invention, and to its non-infringement and prior invention affirmative defenses.[5] Nova stated that it would produce only documents

---

[5] *See, e.g.,* Bayer's Response to Roche's Request for Production Nos. 1 and 2 ("Bayer will produce relevant, non-privileged documents (or portions thereof) ***sufficient to show*** research and/or development work on the accused products ...."), Nos. 3-6 ("Bayer will produce relevant, non-privileged documents (or portions thereof) ***sufficient to show*** the sample volume [or test times] of the accused products ...."); No. 7, 24, 25, 26, 29 33, 35, 105, ("Bayer will produce relevant, non-privileged documents (or portions thereof) ***sufficient to show*** the structure and function of the accused ... products ...."); No. 40 ("Bayer will produce relevant, non-privileged documents (or portions thereof) ***sufficient to show*** knowledge of the patents-in-suit ...."); Nos. 10, 11, 22, 23, 27, 28, 34, 35, 37, 51, ("Bayer will produce relevant, non-privileged documents (or portions thereof) ***sufficient to show*** prior invention of products ...."); Nos. 107, 108 ("Bayer will produce relevant, non-privileged documents (or portions thereof) ***sufficient to***

10

"sufficient to show" the operation of meters sold prior to the issuance of the patents-in-suit that may be used with strips sold after issuance.

Defendants' position is inadequate. Roche needs a complete production of responsive documents, including those relating to (i) all marketing, sales and product literature that is or has been supplied to distributors, medical personnel, customers, and/or potential customers regarding the structure, function and operation of the accused meters and strips, regardless of any date restrictions; (ii) knowledge of the patents in suit and underlying applications (i.e., "notice" documents); (iii) identification of end-users; (iv) research, design and development of the accused products; (v) FDA files for the accused products, and (vi) the parties' defenses of non-infringement and prior invention.

### 8. Nova is Obligated to Produce Documents On The Structure, Function, and Operation of Products Sold Prior To October 2, 2007, If Those Products Are Designed For Use With Accused Products Sold After October 2, 2007

Originally, all of the Defendants refused to produce information about products that were sold prior to October 2, 2007 (the issue date of the patents), arguing that there could be no inducement before the patents issued. After various meet and confer proceedings, all Defendants except Nova agreed to produce information regarding the structure, function, and operation of products sold prior to October 2, 2007, to the extent that such products are adapted for use and may be used in combination with accused products sold after October 2, 2007. The Defendants are also willing to consider a potential stipulation that may eliminate the underlying issue from dispute.

Nova unilaterally selected a discovery cut-off date of January 1, 2007, and refused to produce documents relating to the structure, function, and operation of products sold prior to

---

*show* the factual basis for Bayer's answer and relating to Bayer's position ....") ( Ex. M) (emphasis added).

11

January 1, 2007, arguing that this date is sufficiently before the issue date of the patent in suit. It is true that the sale and use of products prior to issue of the patents does not infringe. But consumers typically use glucose meters for several years after purchase. Defendants are inducing and contributing to the continuing use of such meters by selling strips with instructions to customers for the use of the strips in such older meters. Roche needs discovery of the structure, function, and operation of such products regardless of when sold, if those products are adapted for use and may be used in combination with accused products sold after the patents issued.

## VI. CONCLUSION

For at least the foregoing reasons, Roche respectfully requests that the Court enter the Order attached hereto as Exhibit A.

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Dated: April 11, 2008
859913

POTTER ANDERSON & CORROON LLP

By: _____
Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
provner@potteranderson.com

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc. and*
*Corange International Limited*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on April 11, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE  19801
cottrell@rlf.com
gaza@rlf.com

Mary W. Bourke, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19801
mbourke@cblh.com

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
500 Delaware Avenue
8th Floor
P.O. Box 1150
Wilmington, DE  19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

**BY HAND DELIVERY AND E-MAIL**

John W. Shaw, Esq.
Jeffrey T. Castellano, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE  19801
jshaw@ycst.com
jcastellano@ycst.com

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
rsmith@mnat.com

I hereby certify that on April 11, 2008 the foregoing document was sent by E-mail to the following non-registered participants:

Edward A. Mas, II, Esq.
Stephen F. Sherry, Esq.
Kirk Vander Leest, Esq.
James M. Hafertepe, Esq.
Merle S. Elliott, Esq.
McAndrews, Held & Malloy, Ltd.
500 West Madison Street
34th Floor
Chicago, IL 60661
emas@mcandrews-ip.com
ssherry@mcandrews-ip.com
kvanderleest@mcandrews-ip.com
jhafertepe@mcandrews-ip.com
melliott@mcandrews-ip.com

Kenneth P. George, Esq.
Joseph M. Casino, Esq.
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
kgeorge@arelaw.com
jcasino@arelaw.com

Bradford J. Badke, Esq.
Sona De, Esq.
Michael Kahn, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Jim.badke@ropesgray.com
Sona.de@ropesray.com
Michael.kahn@ropesgray.com

Wesley E. Overson, Esq.
Rachel Krevans, Esq.
Jason R. Bartlett, Esq.
Parisa Jorjani, Esq.
Daniel P. Muino, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
woverson@mofo.com
rkrevans@mofo.com
jasonbartlett@mofo.com
pjorjani@mofo.com
dmuino@mofo.com

Michael G. Adams, Esq.
Ashley L. Ellis, Esq.
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

/s/ Philip A. Rovner

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS INC. and CORANGE INTERNATIONAL LTD., <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT DIABETES CARE, INC., ABBOTT DIABETES CARE SALES CORP., BAYER HEALTHCARE LLC, DIAGNOSTIC DEVICES INC., LIFESCAN INC., and NOVA BIOMEDICAL CORP., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   C.A. No. 07-753-JJF |

## NOTICE OF MOTION TO COMPEL

PLEASE TAKE NOTICE that Plaintiffs Roche Diagnostics Operations, Inc. and Corange International Ltd. ("Roche") will present Roche's Motion to Compel to the Court on Friday, May 9, 2008 at 10:00 a.m.

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Dated: April 11, 2008
859890

POTTER ANDERSON & CORROON LLP

By: /s/ Philip A. Rovner
Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
provner@potteranderson.com

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc. and*
*Corange International Limited*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LTD., </br></br>Plaintiffs,</br></br>v.</br></br>ABBOTT DIABETES CARE, INC., ABBOTT DIABETES CARE SALES CORP., BAYER HEALTHCARE, LLC, DIAGNOSTIC DEVICES, INC., LIFESCAN, INC., and NOVA BIOMEDICAL CORP.,</br></br>Defendants. | )</br>)</br>)</br>)</br>)</br>)</br>) C.A. No. 07-753-JJF</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>) |

### D. DEL. LR 7.1.1 CERTIFICATION

Roche sent letters to each Answering Defendant addressing its respective discovery deficiencies, and engaged in follow-up meet and confer teleconferences with each of the Defendants. No resolution has been reached regarding the matters addressed in this motion.

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Dated: April 11, 2008
859913

POTTER ANDERSON & CORROON LLP

By: /s/ Philip A. Rovner
Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
provner@potteranderson.com

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc. and*
*Corange International Limited*