**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED,<br><br>Plaintiffs,<br><br>vs.<br><br>ABBOTT DIABETES CARE, INC., ABBOTT DIABETES CARE SALES CORP., BAYER HEALTHCARE, LLC, DIAGNOSTIC DEVICES, INC., LIFESCAN, INCORPORATED, and NOVA BIOMEDICAL CORPORATION<br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 07-753-JJF<br><br>DEMAND FOR JURY TRIAL |

**AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Roche Diagnostics Operations, Inc. ("RDOI") and Corange International

Limited ("Corange") (collectively referred to herein as "ROCHE"), for their complaint against

     (1)     Defendants Abbott Diabetes Care, Incorporated ("ADC") and Abbott Diabetes

              Care Sales Corporation ("ADCSC") (ADC and ADCSC are collectively referred

              to herein as "Abbott");

     (2) Bayer HealthCare, LLC ("Bayer");

     (3) Diagnostics Devices, Inc. ("DDI");

     (4) LifeScan, Incorporated ("LifeScan"); and

     (5) Nova Biomedical Corporation ("Nova")

(all of these defendants being collectively referred to herein as "Defendants") allege as follows:

## PARTIES, JURISDICTION AND VENUE

1.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

2.      Plaintiff RDOI is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 9115 Hague Road, Indianapolis, Indiana 46250.

3.      Plaintiff Corange is a limited liability company organized and existing under the laws of Bermuda with a principal place of business at 22 Church Street, P.O. Box HM 2026, Hamilton HM HX Bermuda.

4.      On information and belief, Defendant ADC is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1360 South Loop Road, Alameda, CA 94502.

5.      On information and belief, Defendant ADCSC is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1360 South Loop Road, Alameda, CA 94502.

6.      On information and belief, Defendant Bayer is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 555 White Plains Road, Tarrytown, NY 10591.

7.      On information and belief, Defendant DDI is a corporation organized and existing under the laws of the State of North Carolina, with a principal place of business at 9300 Harris Corners Pkwy, Suite 450, Charlotte, NC 28269.

8.    On information and belief, Defendant LifeScan is a corporation organized and existing under the laws of the State of California, with a principal place of business at 1000 Gibraltar Drive, Milpitas, CA 95035.

9.    On information and belief, Defendant Nova is a corporation organized and existing under the laws of the State of Massachusetts, with a principal place of business at 200 Prospect St., Waltham, MA 02254.

10.    This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

11.    Personal jurisdiction over ADC comports with the United States Constitution and Section 3104 of the Delaware Code because ADC is incorporated in Delaware. Further, on information and belief, ADC has committed acts of patent infringement in the United States, such acts including the sale of infringing devices within Delaware such that it has purposefully availed itself of the privilege of conducting activities within this District. Personal jurisdiction over ADCSC comports with the United States Constitution and Section 3104 of the Delaware Code because ADC is incorporated in Delaware. Further, on information and belief, ADCSC has committed acts of patent infringement in the United States, such acts including the sale of infringing devices within Delaware such that it has purposefully availed itself of the privilege of conducting activities within this District.

12.    Personal jurisdiction over Bayer comports with the United States Constitution and Section 3104 of the Delaware Code because Bayer is incorporated in Delaware. Further, on information and belief, Bayer has committed acts of patent infringement in the United States, such acts including the sale of infringing devices within Delaware such that it has purposefully availed itself of the privilege of conducting activities within this District.

13.    Personal jurisdiction over DDI comports with the United States Constitution and Section 3104 of the Delaware Code because, on information and belief, DDI has committed acts of patent infringement in the United States, such acts including the sale and offer for sale, directly and/or indirectly, of infringing devices within Delaware, including the establishment of distribution channels that sell DDI's infringing devices to Delaware residents, such that it has purposefully availed itself of the privilege of conducting activities within this District.

14.    Personal jurisdiction over LifeScan comports with the United States Constitution and Section 3104 of the Delaware Code because, on information and belief, LifeScan has committed acts of patent infringement in the United States, such acts including the sale of infringing devices within Delaware such that it has purposefully availed itself of the privilege of conducting activities within this District.

15.    Personal jurisdiction over Nova comports with the United States Constitution and Section 3104 of the Delaware Code because, on information and belief, Nova has committed acts of patent infringement in the United States, such acts including the sale of infringing devices within Delaware such that it has purposefully availed itself of the privilege of conducting activities within this District.

16.    Venue is proper in this District under 28 U.S.C. § 1400(b) and § 1391(b) and (c).

## CLAIM FOR RELIEF

17.    On October 2, 2007, the United States Patent and Trademark Office duly and legally issued United States Letters Patent No. 7,276,146 ("the 146 Patent"), entitled "Electrodes, Methods, Apparatuses Comprising Micro-Electrode Arrays." ROCHE is the assignee of the entire right, title, and interest in and to the 146 Patent. A true and correct copy of the patent is attached as Exhibit A to this complaint.

18.    On October 2, 2007, the United States Patent and Trademark Office duly and legally issued United States Letters Patent No. 7,276,147 ("the 147 Patent"), entitled "Method For Determining The Concentration Of An Analyte In A Liquid Sample Using Small Volume Samples And Fast Test Times." ROCHE is the assignee of the entire right, title, and interest in and to the 147 Patent. A true and correct copy of the patent is attached as Exhibit B to this complaint.

19.    On information and belief, and as set forth in more detail below, each of the Defendants have infringed one or more claims of the 146 and 147 patents under 35 U.S.C. § 271 (a), (b), (c), and/or (f) by, *inter alia*, commercializing "electrochemical sensors" (i.e., meters and/or test strips) that utilize the claimed invention. Further, on information and belief, the Defendants have known of the existence of the 146 and 147 Patents, and their acts of infringement as set out in the following paragraphs have been deliberate and willful, and in reckless disregard of ROCHE's patent rights.

## COUNT I – ABBOTT'S INFRINGEMENT

20.     ROCHE incorporates the allegations of paragraphs 1-19.

21.     On information and belief, without license or authorization, Abbott has been and is committing acts of patent infringement under 35 U.S.C. § 271 (a), (b), (c), and/or (f), including, but not limited to, making, using, selling, and/or offering for sale in the United States, including within this District, and/or importing to or exporting from the United States, certain electrochemical sensors which embody or employ the inventions claimed in the 146 and 147 Patents. These electrochemical sensors are non-staple articles of commerce incapable of any substantial non-infringing use. When these electrochemical sensors are used by customers in the manner as directed and/or encouraged by Abbott, those customers directly infringe the 146 and 147 patents. Such electrochemical sensors include, but are not limited to, meters and test strips sold under the FreeStyle®, FreeStyle Flash®, FreeStyle Freedom®, FreeStyle Lite®, FreeStyle Mini®, Precision Xtra, and Optium trade names.

22.     ROCHE has no adequate remedy at law.

23.     The infringement activities of Abbott have caused damage to the rights of ROCHE. On information and belief, Abbott will continue its infringing activities, and continue to damage ROCHE, unless enjoined by this Court. ROCHE's damages from the aforesaid actions of Abbott are not yet determined.

## COUNT II – BAYER'S INFRINGEMENT

24.     ROCHE incorporates the allegations of paragraphs 1-19.

25.     On information and belief, without license or authorization, Bayer has been and is committing acts of patent infringement under 35 U.S.C. § 271 (a), (b), (c), and/or (f), including, but not limited to, making, using, selling, and/or offering for sale in the United States, including within this District, and/or importing to or exporting from the United States, certain electrochemical sensors which embody or employ the inventions claimed in the 146 and 147 Patents. These electrochemical sensors are non-staple articles of commerce incapable of any substantial non-infringing use. When these electrochemical sensors are used by customers in the manner as directed and/or encouraged by Bayer, those customers directly infringe the 146 and 147 patents. Such electrochemical sensors include, but are not limited to, meters and test strips sold under the Ascensia® BREEZE® 2, Ascensia® Contour® (5 second test time), and Contour® TS trade names.

26.     ROCHE has no adequate remedy at law.

27.     The infringement activities of Bayer have caused damage to the rights of ROCHE. On information and belief, Bayer will continue its infringing activities, and continue to damage ROCHE, unless enjoined by this Court. ROCHE's damages from the aforesaid actions of Bayer are not yet determined.

## COUNT III -- DDI'S INFRINGEMENT

28.    ROCHE incorporates the allegations of paragraphs 1-19.

29.    On information and belief, without license or authorization, DDI has been and is committing acts of patent infringement under 35 U.S.C. § 271 (a), (b), (c), and/or (f), including, but not limited to, making, using, selling, and/or offering for sale in the United States, including within this District, and/or importing to or exporting from the United States, certain electrochemical sensors which embody or employ the inventions claimed in the 146 and 147 Patents.  These electrochemical sensors are non-staple articles of commerce incapable of any substantial non-infringing use.  When these electrochemical sensors are used by customers in the manner as directed and/or encouraged by DDI, those customers directly infringe the 146 and 147 patents.  Such electrochemical sensors include, but are not limited to, meters and test strips sold under the Prodigy®, Prodigy® Advance, Prodigy® Audio, Prodigy® Autocode, Prodigy® Duo, Prodigy® Voice, and Prodigy® Eject trade names.

30.    ROCHE has no adequate remedy at law.

31.    The infringement activities of DDI have caused damage to the rights of ROCHE. On information and belief, DDI will continue its infringing activities, and continue to damage ROCHE, unless enjoined by this Court.  ROCHE's damages from the aforesaid actions of DDI are not yet determined.

## COUNT IV – LIFESCAN'S INFRINGEMENT

32.     ROCHE incorporates the allegations of paragraphs 1-19.

33.     On information and belief, without license or authorization, LifeScan has been and is committing acts of patent infringement under 35 U.S.C. § 271 (a), (b), (c), and/or (f), including, but not limited to, making, using, selling, and/or offering for sale in the United States, including within this District, and/or importing to or exporting from the United States, certain electrochemical sensors which embody or employ the inventions claimed in the 146 and 147 Patents.  These electrochemical sensors are non-staple articles of commerce incapable of any substantial non-infringing use.  When these electrochemical sensors are used by customers in the manner as directed and/or encouraged by LifeScan, those customers directly infringe the 146 and 147 patents.  Such electrochemical sensors include, but are not limited to, meters and test strips sold under the OneTouch® UltraSmart®, OneTouch® Ultra®, OneTouch® Ultra® 2, and OneTouch® UltraMini™ trade names.

34.     ROCHE has no adequate remedy at law.

35.     The infringement activities of LifeScan have caused damage to the rights of ROCHE.  On information and belief, LifeScan will continue its infringing activities, and continue to damage ROCHE, unless enjoined by this Court.  ROCHE's damages from the aforesaid actions of LifeScan are not yet determined.

## COUNT V – NOVA'S INFRINGEMENT

36.     ROCHE incorporates the allegations of paragraphs 1-19.

37.     On information and belief, without license or authorization, Nova has been and is committing acts of patent infringement under 35 U.S.C. § 271 (a), (b), (c), and/or (f), including, but not limited to, making, using, selling, and/or offering for sale in the United States, including within this District, and/or importing to or exporting from the United States, certain electrochemical sensors which embody or employ the inventions claimed in the 146 and 147 Patents. These electrochemical sensors are non-staple articles of commerce incapable of any substantial non-infringing use. When these electrochemical sensors are used by customers in the manner as directed and/or encouraged by Nova, those customers directly infringe the 146 and 147 patents. Such electrochemical sensors include, but are not limited to, meters and test strips sold under the NovaMax® and NovaMax Link trade names.

38.     Nova has committed additional acts of patent infringement by making and selling test strips for use in meters that Nova manufactured for sale by BD or for sale under the BD trade name (collectively "BD meters"). The test strips that Nova makes and sells for the BD meters are non-staple articles of commerce incapable of any substantial non-infringing use. When these strips are used by customers with BD meters in the manner directed and/or encouraged by Nova, those customers directly infringe the 146 and 147 patents.

39.     ROCHE has no adequate remedy at law.

40.     The infringement activities of Nova have caused damage to the rights of ROCHE. On information and belief, Nova will continue its infringing activities, and continue to damage

ROCHE, unless enjoined by this Court. ROCHE's damages from the aforesaid actions of Nova are not yet determined.

## PRAYER FOR RELIEF

WHEREFORE, ROCHE respectfully demands judgment for itself and against Defendants Abbott, Bayer, DDI, LifeScan, and Nova as follows:

(a) That this Court adjudge that each of the Defendants has been infringing the 146 and 147 Patents under one or more sections of 35 U.S.C. §271;

(b) That this Court issue an injunction enjoining each of the Defendants and its officers, agents, servants and employees, privies, and all persons in active concert or participation with them from infringing, contributing to the infringement of, or inducing infringement of the 146 and 147 Patents under 35 U.S.C. §271, as well as all further and proper relief under 35 U.S.C. § 283;

(c) That this Court ascertain and award ROCHE damages sufficient to compensate it for Defendants' infringement, and that the damages so ascertained be trebled and awarded to ROCHE with interest, as provided in 35 U.S.C. § 284;

(d) That this Court find this case to be exceptional and award ROCHE its attorneys fees, costs, and expenses in this action, as provided in 35 U.S.C. § 285; and

(f) That this Court award ROCHE such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(b), Plaintiff Roche demands a trial by jury on all issues triable by a jury.

POTTER ANDERSON & CORROON LLP

By: _____

Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
provner@potteranderson.com

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert & Berghoff LLP
300 S. Wacker Drive
Chicago, IL 60606
312-913-0001

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc., and Corange*
*International Limited*