## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LTD., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 07-753-JJF |
| ABBOTT DIABETES CARE, INC., ABBOTT DIABETES CARE SALES CORP., BAYER HEALTHCARE, LLC, DIAGNOSTIC DEVICES, INC., LIFESCAN, INC., and NOVA BIOMEDICAL CORP., | ) ) ) ) ) ) ) | **PUBLIC VERSION** |
| Defendants. | ) | |

## APPENDIX OF EXHIBITS TO PLAINTIFFS' MOTION TO COMPEL

### VOLUME 2
### EXHIBITS N-T

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
provner@potteranderson.com

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc. and*
*Corange International Limited*

Dated:  April 11, 2008
Dated:  April 18, 2008

## Index of Exhibits

Exhibit A:    Proposed Order Compelling Discovery

Exhibit B:    Transcript of February 8, 2008 Hearing

Exhibit C:    Roche Diagnostics Operations, Inc.'s and Corange International Limited's First
Set of Requests to Defendant Nova Biomedical Corporation for the Production of
Documents and Things (Nos. 1-161)

Exhibit D:    Roche Diagnostics Operations, Inc.'s and Corange International Limited's First
Set of Requests to Defendant LifeScan, Inc. for the Production of Documents and
Things (Nos. 1-119)

Exhibit E:    Roche Diagnostics Operations, Inc.'s and Corange International Limited's First
Set of Requests to Defendant Bayer Healthcare, LLC for the Production of
Documents and Things (Nos. 1-119)

Exhibit F:    Roche Diagnostics Operations, Inc.'s and Corange International Limited's First
Set of Requests to Defendants Abbott Diabetes Care, Inc. and Abbott Diabetes
Care Sales Corporation for the Production of Documents and Things (Nos. 1-127)

Exhibit G:    Roche Diagnostics Operations, Inc.'s and Corange International Limited's First
Set of Interrogatories (Nos. 1-27) to Defendant Nova Biomedical Corporation

Exhibit H:    Roche Diagnostics Operations, Inc.'s and Corange International Limited's First
Set of Interrogatories (Nos. 1-16) to Defendant LifeScan, Inc.

Exhibit I:    Roche Diagnostics Operations, Inc.'s and Corange International Limited's First
Set of Interrogatories (Nos. 1-18) to Defendant Bayer Healthcare, LLC

Exhibit J:    Roche Diagnostics Operations, Inc.'s and Corange International Limited's First
Set of Interrogatories (Nos. 1-17) to Defendants Abbott Diabetes Care, Inc. and
Abbott Diabetes Care Sales Corporation

Exhibit K:    Letter Dated February 15, 2008, Withdrawing and Limiting Scope of Roche's
Discovery Requests

Exhibit L:    Defendant Bayer Healthcare, LLC's Responses to Plaintiffs' First Set of
Interrogatories (Nos. 1-18)

Exhibit M:    Defendant Bayer Healthcare, LLC's Responses to Plaintiffs' First Set of Requests
for the Production of Documents and Things (Nos. 1-119)

Exhibit N:     LifeScan Inc.'s Responses and Objections to Roche Diagnostics Operations, Inc.'s and Corange International Limited's First Set of Requests for the Production of Documents and Things (Nos. 1-119)

Exhibit O:     Abbott's Responses to Roche's First Set of Requests to Defendants Abbott Diabetes Care, Inc. and Abbott Diabetes Care Sales Corporation for the Production of Documents and Things (Nos. 1-127)

Exhibit P:     LifeScan Inc.'s Responses and Objections to Roche Diagnostics Operations, Inc.'s and Corange International Limited's First Set of Interrogatories (Nos. 1-16)

Exhibit Q:     Abbott's Responses to Plaintiffs' First Set of Interrogatories to Defendants Abbott Diabetes Care, Inc. and Abbott Diabetes Care Sales Corporation (Nos. 1-17)

Exhibit R:     Nova Biomedical Corporation's Responses and Objections to Plaintiffs' First Set of Requests for the Production of Documents and Things (Nos. 1-161)

Exhibit S:     Nova's Responses to Roche's Interrogatories Directed to Roche's Claims (Nos. 1-5, 7-9, 12, 18 and 19)

Exhibit T:     Nova's Responses to Roche's First Set of Interrogatories Directed to Nova's Counterclaims (Nos. 14-17, 20-24 and 26-27)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on April 18, 2008, the within document

was filed with the Clerk of the Court using CM/ECF which will send notification of such

filing(s) to the following; that the document was served on the following counsel as

indicated; and that the document is available for viewing and downloading from

CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com
gaza@rlf.com

Mary W. Bourke, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
mbourke@cblh.com

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
500 Delaware Avenue
8th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

**BY HAND DELIVERY AND E-MAIL**

John W. Shaw, Esq.
Jeffrey T. Castellano, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
jcastellano@ycst.com

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
rsmith@mnat.com

I hereby certify that on April 18, 2008 the foregoing document was sent by E-mail

to the following non-registered participants:

Edward A. Mas, II, Esq.
Stephen F. Sherry, Esq.
Kirk Vander Leest, Esq.
James M. Hafertepe, Esq.
Merle S. Elliott, Esq.
McAndrews, Held & Malloy, Ltd.
500 West Madison Street
34th Floor
Chicago, IL 60661
emas@mcandrews-ip.com
ssherry@mcandrews-ip.com
kvanderleest@mcandrews-ip.com
jhafertepe@mcandrews-ip.com
melliott@mcandrews-ip.com

Wesley E. Overson, Esq.
Rachel Krevans, Esq.
Jason R. Bartlett, Esq.
Parisa Jorjani, Esq.
Daniel P. Muino, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
woverson@mofo.com
rkrevans@mofo.com
jasonbartlett@mofo.com
pjorjani@mofo.com
dmuino@mofo.com

Kenneth P. George, Esq.
Joseph M. Casino, Esq.
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
kgeorge@arelaw.com
jcasino@arelaw.com

Michael G. Adams, Esq.
Ashley L. Ellis, Esq.
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

Bradford J. Badke, Esq.
Sona De, Esq.
Michael Kahn, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Jim.badke@ropesgray.com
Sona.de@ropesray.com
Michael.kahn@ropesgray.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com

-2-

# EXHIBIT N

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC.,<br>and CORANGE INTERNATIONAL LIMITED, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 07-753-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| ABBOTT DIABETES CARE, INCORPORATED<br>and ABBOTT DIABETES CARE SALES<br>CORPORATION,<br>BAYER HEALTHCARE, LLC,<br>DIAGNOSTICS DEVICES, INC.,<br>LIFESCAN, INCORPORATED, and<br>NOVA BIOMEDICAL CORPORATION, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## LIFESCAN INC.'S RESPONSES AND OBJECTIONS TO ROCHE DIAGNOSTICS OPERATIONS, INC.'S AND CORANGE INTERNATIONAL LIMITED'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-119)

Defendant, LifeScan, Inc. ("LifeScan"), pursuant to the Federal Rules of Civil Procedure,

hereby responds to Plaintiffs Roche Diagnostics Operations, Inc. ("RDOI") and Corange

International Limited ("Corange") (collectively "Plaintiffs") First Set of Requests for the

Production of Documents and Things (Nos. 1-119) as follows:

### GENERAL OBJECTIONS

The following General Objections are incorporated and made part of LifeScan's

subsequent specific objections and responses to each of the propounded requests as if fully

stated therein:

1.    LifeScan objects generally to the instructions from Plaintiffs' First Set of

Requests for the Production of Documents and Things (Nos. 1-119) to the extent that any instructions, definitions, or requests fail to comply with or impose obligations in excess of those required by the Federal Rules of Civil Procedure, the applicable Local Rules of this Court, and/or the Scheduling Order that will be entered in this case.

2.    LifeScan objects generally to the definitions from Plaintiffs' First Set of Requests for the Production of Documents and Things (Nos. 1-119). LifeScan's responses to these requests do not constitute a representation that LifeScan agrees or adopts any of Plaintiffs' definitions.

3.    LifeScan objects generally to the Plaintiffs' First Set of Requests for the Production of Documents and Things (Nos. 1-119) to the extent that any instructions, definitions, or requests seek information not in the possession, custody, or control of LifeScan.

4.    LifeScan objects to Plaintiffs' definition of "LifeScan" to the extent that it would require LifeScan to act on behalf of persons or entities over which LifeScan has no control. LifeScan will respond to these Requests on its behalf.

5.    LifeScan objects to these requests to the extent they seek information protected from discovery by the attorney-client privilege, work product immunity, or any other applicable privilege(s). LifeScan has registered their privilege and immunity objections expressly to each request that might, in their view, reasonably be interpreted to encompass privileged or immune documents. To the extent that any other requests are construed to encompass privileged or immune documents, however, LifeScan hereby incorporates this General Objection 5.

6.    LifeScan objects to Plaintiffs' instructions concerning privilege to the extent such instructions seek to impose additional burdens on LifeScan beyond the requirements of

2

Fed. R. Civ. P. 26(b)(5)(A). To the extent that these requests for production of documents and things encompass privileged documents that are relevant to a claim or defense asserted in the pleadings or otherwise involved in this action and to the extent such documents have been located, LifeScan has included or will include those items in a privilege log which has been or will be provided to counsel for Plaintiffs.

7.    As used herein, the phrase "LifeScan will produce relevant, non-objectionable, non-privileged documents," does not constitute a representation that such documents exist, but only that LifeScan will make, or have made, a good faith, reasonable effort to search for such documents and, subject to their objections, will produce at an appropriate time, or have produced, such documents within its possession, custody, or control if they are not otherwise protected from disclosure. The term "non-privileged documents" refers to documents which are not protected from discovery by the attorney-client privilege, the work product doctrine, or any other privilege(s) or immunities precluding discovery.

8.    As used herein, the phrase "LifeScan will produce relevant, non-objectionable, non-privileged documents," does not constitute a representation that any of such documents have not been or will not be withheld pursuant to a claim of privilege or immunity. Should documents be withheld pursuant to a claim of privilege or immunity that reasonably fall within the scope of one or more of Plaintiffs' document requests, LifeScan will comply with its obligations under Rule 26(b)(5) of the Federal Rules of Civil Procedure.

9.    Discovery is in the early stages, and LifeScan therefore reserves the right to amend, supplement, and/or alter these responses as warranted during the course of discovery. LifeScan objects to these Requests to the extent they purport to require supplementation of these responses beyond that required by Fed. R. Civ. P. 26(e).

10.    LifeScan objects to the requests to the extent they are unreasonably duplicative

and/or cumulative or seek information and/or documents and things that are obtainable from a source that is more convenient, less expensive, or less burdensome under Fed. R. Civ. P. 26(b)(2)(C).

11.    LifeScan objects to the requests to the extent that they improperly seek legal conclusions.

12.    LifeScan objects to Plaintiffs' use of specific terms found in the claims of the 146 and 147 patents to the extent these terms are subject to construction by the Court.

13.    LifeScan objects to Plaintiffs' definition of the term "Identified Electrochemical Sensor" to the extent it renders any request overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

14.    LifeScan objects to the requests to the extent they seek information which is subject to the terms of protective orders and/or confidentiality agreements in other cases and/or with third parties.

15.    LifeScan objects to the interrogatories to the extent they seek information or documents for which the disclosure or production would violate the privacy laws or other laws of a foreign country.

16.    LifeScan objects to the requests to the extent they seek documents relating to use, sale, offer for sale, licensing, and/or any other transaction outside the United States as overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

17.    LifeScan objects to the place designated in Plaintiffs' First Set of Requests for the Production of Documents and Things (Nos. 1-119) as unduly burdensome as it requires LifeScan to transport any responsive documents a significant distance from where they would normally be located. LifeScan will produce responsive documents and things subject to the

4

objections set forth herein at a date, time and location mutually agreed upon by both parties.

18.    LifeScan objects to the requests to the extent they are overbroad and unduly burdensome, particularly to the extent they do not identify specific documents and to the extent that representative samples would be sufficient, and thus would require unreasonably detailed and extensive search of all of LifeScan's documents and files.

19.    LifeScan objects to each request to the extent that the lack of a specific time frame renders any document request unduly burdensome and overly broad. The asserted patents were issued on October 2, 2007. Products sold by LifeScan prior to October 2, 2007 are not relevant to Plaintiff's claims.

20.    LifeScan objects to these requests to the extent they call for documents and things relating to subjects not raised by the pleadings, not relevant to any proper claim or defense, not material and necessary to the prosecution or defense of this action, or not reasonably calculated to lead to the discovery of admissible evidence.

21.    LifeScan's response to any request is not an admission or acknowledgement that the request calls for information which is relevant to the subject matter of this action. Each response is without prejudice to LifeScan's right to contest at trial or in any other subsequent proceeding in this action that such response to the document request is inadmissible, irrelevant, or immaterial. Each response to any document request is without prejudice to, and does not constitute a waiver of, any objection LifeScan may make to any future use of materials produced in response to a request.

22.    LifeScan objects to these requests to the extent they require LifeScan to speculate or make judgments as to its future beliefs, contentions, or conduct.

23.    LifeScan objects to the requests as premature. The Court issued an order on February 28, 2008 adopting Defendants' proposed discovery schedule, which renders many

5

requests premature.

24.    LifeScan objects to the requests to the extent they require LifeScan to produce
documents or information outside of the scope of the first phase of litigation ("Phase I") on
infringement and prior invention under 35 U.S.C. § 102(g), as ordered by Judge Farnan at the
February 8, 2008 Rule 16 Scheduling Conference.  (D.I. 70 at 27:13-15; 28:7-9; 34:14-19;
37:3-6.)  Any requests for information not relevant to the phase one issues of alleged
infringement or prior invention are objected to as premature, and any responses that are made
will be limited to those issues.  Specific objections will be noted in individual responses,
including but not limited to individual responses referencing Plaintiff's letter of February 15,
2008 in which Plaintiffs withdrew Request Nos. 38, 49, 50, 70, and 72-102 and limited
Request Nos. 36, 37, 43, 48, 53-59, and 107-115 to the issues of infringement and/or prior
invention under §102(g).  To the extent that any request seeks information outside the scope
of the first phase of litigation and is not specifically objected to, LifeScan hereby incorporates
General Objection 24.

25.    LifeScan objects to any request seeking "any" or "all" documents to the extent
that such a Request could be construed to place an undue burden on LifeScan, especially
where the identification or production of less than "all" or "any" of the documents will supply
the information needed.

26.    All confidential documents produced in response to the requests shall be
subject to any protective order entered in this case.  Any confidential documents produced
prior to the entry of a protective order shall be disclosed to outside counsel only pursuant to
Delaware L.R. 26.2.

27.    LifeScan hereby incorporates any objections, General or Specific, noted in
LifeScan's Response to Plaintiffs' First Set of Interrogatories (Nos. 1-16), filed concurrently

6

herewith. By way of example, LifeScan objects generally to the definition of "Identified Electrochemical Sensors," which refers to Plaintiffs' first Interrogatory, for the reasons stated in LifeScan's Response to Plaintiffs' First Set of Interrogatories (Nos. 1-16).

28.    The foregoing General Objections shall be deemed continuous throughout and are hereby incorporated by reference in LifeScan's response to the specific requests which follow.

## SPECIFIC OBJECTIONS AND RESPONSES

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, LifeScan expressly reserves the right to supplement or modify the following responses as warranted. In connection with these responses, LifeScan has made, and continues to make, a good faith search for information, documents and things from its extensive files related to the subjects of these Requests. LifeScan does not represent that all information or documents have yet been located and it will continue searching. If new information and documents are uncovered, to the extent not objectionable, they will be provided to Plaintiffs as soon as practical. Subject to, and without waiving, the foregoing General Objections, LifeScan responds to Plaintiffs' First Set of Requests for the Production of Documents and Things (Nos. 1-119) as follows:

## REQUESTS

1.    All documents and things concerning, referring to or relating to the research, design and/or development of Defendant's Identified Electrochemical Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan also objects to this request

7

to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege.    LifeScan objects to this request to the extent it seeks information or documents beyond LifeScan's possession, custody or control, under a confidentiality agreement with a third party, or protected under the laws of a foreign country.

LifeScan further objects to the definition of "Identified Electrochemical Sensors" as premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed or even begun discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction.  Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

    2.    Every laboratory notebook or note, technical report, research report, progress report or other document or thing referring or relating to laboratory work on, research on, design and/or development of the Identified Electrochemical Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome.  LifeScan also objects to this request as duplicative of the first request. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I.  LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege.  LifeScan objects to this request to the extent it seeks information or documents beyond LifeScan's possession, custody or control, under a confidentiality

8

agreement with a third party, or protected under the laws of a foreign country.

LifeScan further objects to the definition of "Identified Electrochemical Sensors" as premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed or even begun discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

3.    All documents and things concerning, referring to or relating to the research, design and/or development related to the sample volume used with Defendant's Identified Electrochemical Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. The request is also ambiguous as to the meaning of the phrase "sample volume." Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. LifeScan objects to this request to the extent it seeks information or documents beyond LifeScan's possession, custody or control, under a confidentiality agreement with a third party, or protected under the laws of a foreign country.

LifeScan further objects to the definition of "Identified Electrochemical Sensors" as premature to the extent it includes claim limitations because it seeks LifeScan's contentions

9

and analysis before LifeScan has completed or even begun discovery in Phase I, before

LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their

contentions relating to infringement and claim construction. Subject to and without waiving

these objections and the general objections set forth above, LifeScan will produce non-

objectionable, non-privileged documents relevant to the issues of Phase I to the extent they

exist and can be located after a reasonable search.

    4.    All documents concerning, referring to or relating to any tests, studies or

experiments related to the sample volume used with Defendant's Identified Electrochemical

Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly

burdensome. The request is also vague and ambiguous as to the meaning of the phrase

"sample volume." Additionally, LifeScan objects to the extent that this request requires

production of documents that are irrelevant to Phase I. LifeScan objects to this request to the

extent it seeks information or documents beyond LifeScan's possession, custody or control,

under a confidentiality agreement with a third party, or protected under the laws of a foreign

country.

LifeScan further objects to the definition of "Identified Electrochemical Sensors" as

premature to the extent it includes claim limitations because it seeks LifeScan's contentions

and analysis before LifeScan has completed or even begun discovery in Phase I, before

LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their

contentions relating to infringement and claim construction. Subject to and without waiving

these objections and the general objections set forth above, LifeScan will produce non-

objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

5.    All documents and things concerning, referring to or relating to the research, design and/or development related to the time required to determine the concentration of glucose in a blood sample with Defendant's Identified Electrochemical Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. The request is also ambiguous as to the meaning of the phrase "time required to determine the concentration of glucose in a blood sample." Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan objects to this request to the extent it seeks information or documents beyond LifeScan's possession, custody or control, under a confidentiality agreement with a third party, or protected under the laws of a foreign country.

LifeScan further objects to the definition of "Identified Electrochemical Sensors" as premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed or even begun discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

6.    All documents concerning, referring to or relating to any tests, studies or

11

experiments related to the time required to determine the concentration of glucose in a blood sample with Defendant's Identified Electrochemical Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. The request is also ambiguous as to the meaning of the phrase "time required to determine the concentration of glucose in a blood sample." Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan objects to this request to the extent it seeks information or documents beyond LifeScan's possession, custody or control, under a confidentiality agreement with a third party, or protected under the laws of a foreign country.

LifeScan further objects to the definition of "Identified Electrochemical Sensors" as premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed or even begun discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

7.    All documents and things concerning, referring to or relating to any inspection, review, testing, experimenting, operation, disassembly, analysis or reverse engineering of any Electrochemical Sensors having a capillary chamber that holds a blood sample volume of 1 μl or less and provides a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber made, used, offered for

sale or sold by Plaintiffs or any other person.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. The request is also ambiguous as to the meaning of the phrase "having a capillary chamber that holds a blood sample volume of 1 µl or less and provides a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber." Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

8.    All documents and things concerning, referring to or relating to any submissions, filings or communications with any state or federal regulatory agency relating to the Identified Electrochemical Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan objects to this request to the extent it seeks information or documents beyond LifeScan's possession, custody or control, under a confidentiality agreement with a third party, or protected under the laws of a foreign country.

LifeScan further objects to the definition of "Identified Electrochemical Sensors" as

13

premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed or even begun discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction.    Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

9.    All documents and things concerning, referring to or relating to Defendant's decision to research, design, develop, manufacture, import, sell or offer for sale any Electrochemical Sensors having a capillary chamber that holds a blood sample volume of 1 μl or less and providing a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. The request is vague and ambiguous as to the meaning of the phrase "capillary chamber that holds a blood sample volume of 1 μl or less and providing a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber." Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan objects to this request to the extent it seeks information or documents beyond LifeScan's possession, custody or control, under a confidentiality agreement with a third party, or protected under the laws of a foreign country. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged

14

documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

10.     All documents and things concerning, referring to, relating to or constituting minutes, memos or other records of meetings of directors, officers, employees and/or other personnel of Defendant where Electrochemical Sensors having a capillary chamber that holds a blood sample volume of 1 µl or less were discussed referenced or considered in any way.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. The request is vague and ambiguous as to the meaning of the phrase "capillary chamber that holds a blood sample volume of 1 µl or less." Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan objects to this request to the extent it seeks information or documents beyond LifeScan's possession, custody or control, under a confidentiality agreement with a third party, or protected under the laws of a foreign country. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

11.     All documents and things concerning, referring to, relating to or constituting minutes, memos or other records of meetings of directors, officers, employees and/or other personnel of Defendant where Electrochemical Sensors which provide a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber were discussed referenced or considered in any way.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan further objects to the request as vague and ambiguous as to the meaning of the phrase "provide a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber." Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan objects to the request to the extent it seeks information or documents beyond LifeScan's possession, custody or control or under a confidentiality agreement with a third party. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

12. All documents and things concerning, referring to or relating to any utility, advantages, value or business significance of any Electrochemical Sensors having a capillary chamber that holds a blood sample volume of 1 µl or less.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. The request is vague and ambiguous as to the meaning of the phrases "business significance," "value," "utility," "advantages," or "capillary chamber that holds a blood sample volume of 1 µl or less." Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan objects to this request to the extent it seeks information or documents beyond LifeScan's possession, custody or control, under a confidentiality agreement with a third party, or protected under

16

the laws of a foreign country. The request as phrased seeks only documents irrelevant to Phase I, and is thus premature at this time. Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

13.    All documents and things concerning, referring to or relating to any utility, advantages, value or business significance of any Electrochemical Sensors which provide a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan further objects to the request as vague and ambiguous as to the meaning of the phrases "utility, advantages, value or business significance" and "provide a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber." Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan objects to this request to the extent it seeks information or documents beyond LifeScan's possession, custody or control, under a confidentiality agreement with a third party, or protected under the laws of a foreign country. The request as phrased seeks only documents irrelevant to Phase I, and is thus premature at this time. Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

14.    Organizational charts or other documents for the period from 2002 to the present detailing the corporate structure, management, chain of command and all officers, directors or other employees or personnel of Defendant with any responsibility for the design,

17

engineering, research, development, testing, manufacturing, commercialization, sales, marketing, competitive product analysis or legal analysis of Identified Electrochemical Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad and unduly burdensome. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan further objects to the definition of "Identified Electrochemical Sensors" as premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed or even begun discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

15.    The most current curriculum vitae for the ten people primarily responsible for the design, engineering, research, development or testing of the Identified Electrochemical Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan further objects to the request as vague and ambiguous as to the meaning of the phrase "ten people primarily responsible." Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I.

LifeScan further objects to the definition of "Identified Electrochemical Sensors" as

18

premature to the extent it includes claim limitations because it seeks LifeScan's contentions

and analysis before LifeScan has completed or even begun discovery in Phase I, before

LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their

contentions relating to infringement and claim construction.  LifeScan objects to this request

to the extent it seeks information or documents beyond LifeScan's possession, custody or

control, under a confidentiality agreement with a third party, or protected under the laws of a

foreign country.  Subject to and without waiving these objections and the general objections

set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant

to the issues of Phase I to the extent they exist and can be located after a reasonable search.

16.    All documents and things identifying the names and titles of all persons having

any role in the research, design and/or development of any of Defendant's Identified

Electrochemical Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly

burdensome.  LifeScan further objects to the request as vague and ambiguous as to the

meaning of the phrase "having any role in."  Additionally, LifeScan objects to the extent that

this request requires production of documents that are irrelevant to Phase I.  LifeScan objects

to the request to the extent it seeks information or documents beyond LifeScan's possession,

custody or control or under a confidentiality agreement with a third party.  LifeScan further

objects to the definition of "Identified Electrochemical Sensors" as premature to the extent it

includes claim limitations because it seeks LifeScan's contentions and analysis before

LifeScan has completed or even begun discovery in Phase I, before LifeScan has conducted

expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to

infringement and claim construction. LifeScan objects to this request to the extent it seeks information or documents beyond LifeScan's possession, custody or control, under a confidentiality agreement with a third party, or protected under the laws of a foreign country. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

17.    The most current curriculum vitae for the ten people primarily responsible for the commercialization, sales, marketing or competitive product analysis of the Identified Electrochemical Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan further objects to the request as vague and ambiguous as to the meaning of the phrases "ten people primarily responsible" and "commercialization, sales, marketing or competitive product analysis." Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan further objects to the definition of "Identified Electrochemical Sensors" as premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed or even begun discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction. The request as phrased seeks only documents irrelevant to Phase I, and is thus premature at this time. Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

18.    All documents and things identifying the names and titles of all persons having

any role in the sales and/or marketing of any of Defendant's Identified Electrochemical

Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly

burdensome. Further, LifeScan objects to this request as vague and ambiguous as to the

meaning of the phrase "having any role." LifeScan further objects to the definition of

"Identified Electrochemical Sensors" as premature to the extent it includes claim limitations

because it seeks LifeScan's contentions and analysis before LifeScan has completed or even

begun discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and

before Plaintiffs have provided their contentions relating to infringement and claim

construction. Additionally, LifeScan objects to this request because it requires production

only of documents that are irrelevant to Phase I. Based on the foregoing General and

Specific Objections, LifeScan will not respond at this time.


19.    All documents and things concerning, referring to or relating to any

comparison or comparative test of Defendant's Identified Electrochemical Sensors with any

other Electrochemical Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly

burdensome. LifeScan further objects to the request as vague and ambiguous as to the

meaning of the phrase "comparison or comparative test." Additionally, LifeScan objects to

the extent that this request requires production of documents that are irrelevant to Phase I.

LifeScan further objects to the definition of "Identified Electrochemical Sensors" as

21

premature to the extent it includes claim limitations because it seeks LifeScan's contentions

and analysis before LifeScan has completed or even begun discovery in Phase I, before

LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their

contentions relating to infringement and claim construction.　The request as phrased seeks

only documents irrelevant to Phase I, and is thus premature at this time.　Based on the

foregoing General and Specific Objections, LifeScan will not respond at this time.


　　　　20.　　　All documents and things referring to, relating to or comprising product

literature and technical descriptions provided to health care providers, users and/or customers,

including but not limited to instruction manuals, operators manuals, owners manuals, user

guides, user manuals, repair manuals, services manuals or care manuals, concerning, referring

to or relating to Identified Electrochemical Sensors, including drafts or other versions not

distributed to health care providers, users and/or customers.

　　　**RESPONSE:**

　　　LifeScan objects to this request as overbroad as to time and subject matter, and unduly

burdensome.　Additionally, LifeScan objects to the extent that this request requires

production of documents that are irrelevant to Phase I.　LifeScan further objects to the

definition of "Identified Electrochemical Sensors" as premature to the extent it includes claim

limitations because it seeks LifeScan's contentions and analysis before LifeScan has

completed or even begun discovery in Phase I, before LifeScan has conducted expert

discovery in Phase I, and before Plaintiffs have provided their contentions relating to

infringement and claim construction.　Subject to and without waiving these objections and

the general objections set forth above, LifeScan will produce non-objectionable, non-

privileged documents relevant to the issues of Phase I to the extent they exist and can be

located after a reasonable search.

21.    Ten (10) samples of every model or type of Defendant's Identified
Electrochemical Sensors.

**RESPONSE:**

LifeScan objects to the request as ambiguous as to whether it is seeking ten samples
of electrochemical sensor strips or meters. LifeScan further objects to the definition of
"Identified Electrochemical Sensors" as premature to the extent it includes claim limitations
because it seeks LifeScan's contentions and analysis before LifeScan has completed or even
begun discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and
before Plaintiffs have provided their contentions relating to infringement and claim
construction.    Subject to and without waiving these objections and the general objections set
forth above, LifeScan will produce one sample meter of each of the products accused of
infringement (LifeScan disputes Plaintiffs' allegations)-- OneTouch® Ultra®, OneTouch®
UltraSmart®, OneTouch® Ultra2®, and OneTouch® UltraMini® and one box of test strips.

22.    All documents and things concerning, referring to or relating to the research,
design, development, production or manufacture of any alternatives to Defendant's Identified
Electrochemical Sensors, whether or not rejected.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly
burdensome. Additionally, LifeScan objects to this request as premature because it requires
production of documents that are irrelevant to Phase I. LifeScan objects to this request as
vague and ambiguous as to the meaning of the term "alternatives." LifeScan further objects to

the definition of "Identified Electrochemical Sensors" as premature to the extent it includes

claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has

completed or even begun discovery in Phase I, before LifeScan has conducted expert

discovery in Phase I, and before Plaintiffs have provided their contentions relating to

infringement and claim construction. LifeScan objects to this request to the extent it seeks

information or documents beyond LifeScan's possession, custody or control, under a

confidentiality agreement with a third party, or protected under the laws of a foreign country.

The request as phrased seeks only documents irrelevant to Phase I, and is thus premature at

this time. Based on the foregoing General and Specific Objections, LifeScan will not respond

at this time.

23.    All documents and things concerning, referring to or relating to the decision(s)

by Defendant regarding the selection or rejection of any designs of or components for

Identified Electrochemical Sensors and/or methods of using an Electrochemical Sensor

having a capillary chamber that holds a blood sample volume of 1 µl or less or provides a

readout of the glucose concentration of the blood sample within 10 seconds or less after the

blood sample enters the capillary chamber.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly

burdensome. LifeScan further objects to the request as vague and ambiguous as to the

meaning of the phrase "capillary chamber that holds a blood sample volume of 1 µl or less or

provides a readout of the glucose concentration of the blood sample within 10 seconds or less

after the blood sample enters the capillary chamber." Additionally, LifeScan objects to the

extent that this request seeks production of documents that are irrelevant to Phase I and to this

case. LifeScan further objects to the definition of "Identified Electrochemical Sensors" as premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed or even begun discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction. LifeScan objects to this request to the extent it seeks information or documents beyond LifeScan's possession, custody or control, under a confidentiality agreement with a third party, or protected under the laws of a foreign country. The request as phrased seeks only documents irrelevant to Phase I, and is thus premature at this time. Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

24.    All documents and things concerning, referring to or relating to any components or parts contained in, or used or considered for use in Defendant's Identified Electrochemical Sensors, including but not limited to any research and development related thereto.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan objects to the request as vague and ambiguous as to the meaning of the phrase "components or parts contained in, or used or considered for use." Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan further objects to the definition of "Identified Electrochemical Sensors" as premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed or even begun discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have

25

provided their contentions relating to infringement and claim construction. LifeScan objects

to this request to the extent it seeks information or documents beyond LifeScan's possession,

custody or control, under a confidentiality agreement with a third party, or protected under

the laws of a foreign country.    Subject to and without waiving these objections and the

general objections set forth above, LifeScan will produce non-objectionable, non-privileged

documents relevant to the issues of Phase I to the extent they exist and can be located after a

reasonable search.

 

    25.    All documents and things concerning, referring to, relating to or depicting the

specifications of and process steps used in Defendant's Identified Electrochemical Sensors,

and each revision thereof.

**RESPONSE:**

    LifeScan objects to this request as overbroad as to time and subject matter, and unduly

burdensome.    Additionally, LifeScan objects to the extent that this request requires

production of documents that are irrelevant to Phase I.    LifeScan further objects to the

definition of "Identified Electrochemical Sensors" as premature to the extent it includes claim

limitations because it seeks LifeScan's contentions and analysis before LifeScan has

completed or even begun discovery in Phase I, before LifeScan has conducted expert

discovery in Phase I, and before Plaintiffs have provided their contentions relating to

infringement and claim construction.    LifeScan further objects to the request as vague and

ambiguous as to the meanings of the phrases "specifications of" and "process steps." Subject

to and without waiving these objections and the general objections set forth above, LifeScan

will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to

the extent they exist and can be located after a reasonable search.

26.    All documents and things concerning, referring to or relating to all draft, proposed or final specifications for Defendant's Identified Electrochemical Sensors or any other existing or proposed Electrochemical Sensors having a capillary chamber that holds a blood sample volume of 1 µl or less or provides a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan further objects to the request as vague and ambiguous as to the meanings of the phrases "specifications for" and "capillary chamber that holds a blood sample volume of 1 µl or less or provides a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber." Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan further objects to the definition of "Identified Electrochemical Sensors" as premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed or even begun discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

27.    All documents and things showing, describing, referring to or relating to the structure and/or operation of any Electrochemical Sensor having a capillary chamber that

holds a blood sample volume of 1 μl or less, including but not limited to Defendant's Identified Electrochemical Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan further objects to the request as vague and ambiguous as to the meaning of the phrase "capillary chamber that holds a blood sample volume of 1 μl or less." Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan further objects to the definition of "Identified Electrochemical Sensors" as premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed or even begun discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction. LifeScan objects to this request to the extent it seeks information or documents beyond LifeScan's possession, custody or control, under a confidentiality agreement with a third party, or protected under the laws of a foreign country.   Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

28.    All documents and things showing, describing, referring to or relating to the structure and/or operation of any Electrochemical Sensor which provide a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber, including but not limited to Defendant's Identified Electrochemical Sensors.

28

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan further objects to the request as vague and ambiguous as to the meaning of the phrase "provide a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber." Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan further objects to the definition of "Identified Electrochemical Sensors" as premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed or even begun discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

29.    All documents and things sufficient to show how the component parts of Defendant's Identified Electrochemical Sensors work together or interact with each other in the operation of the Identified Electrochemical Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan further objects to the request as vague and ambiguous as to the meaning of the phrase "component parts." Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan further objects to the definition of "Identified Electrochemical Sensors" as premature to the extent it

29

includes claim limitations because it seeks LifeScan's contentions and analysis before

LifeScan has completed or even begun discovery in Phase I, before LifeScan has conducted

expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to

infringement and claim construction.    Subject to and without waiving these objections and

the general objections set forth above, LifeScan will produce non-objectionable, non-

privileged documents relevant to the issues of Phase I to the extent they exist and can be

located after a reasonable search

30.    All documents and things concerning, referring to or relating to comparisons

between the components used in Defendant's Identified Electrochemical Sensors and any

other components considered, proposed or actually used in Electrochemical Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly

burdensome.  Additionally, LifeScan objects to the extent that this request requires

production of documents that are irrelevant to Phase I.  LifeScan further objects to the

definition of "Identified Electrochemical Sensors" as premature to the extent it includes claim

limitations because it seeks LifeScan's contentions and analysis before LifeScan has

completed or even begun discovery in Phase I, before LifeScan has conducted expert

discovery in Phase I, and before Plaintiffs have provided their contentions relating to

infringement and claim construction.    The request as phrased seeks only documents

irrelevant to Phase I, and is thus premature at this time.  Based on the foregoing General and

Specific Objections, LifeScan will not respond at this time.

31.    All documents and things concerning, referring to or relating to any agreement

30

between Defendant and any other person for the research, design, development or manufacture of the Identified Electrochemical Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan further objects to the definition of "Identified Electrochemical Sensors" as premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed or even begun discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction. LifeScan objects to this request to the extent it seeks information or documents beyond LifeScan's possession, custody or control, under a confidentiality agreement with a third party, or protected under the laws of a foreign country. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

32.    All documents and things concerning, referring to, relating to or constituting any communications between Defendant and any other person concerning the Identified Electrochemical Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. The request does nothing to limit the types of communications identified or the types of "other persons" identified to reasonably tailor the request to issues of relevance to

31

Phase I. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan further objects to the request as duplicative of numerous other requests already sought. LifeScan further objects to the definition of "Identified Electrochemical Sensors" as premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed or even begun discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction. LifeScan objects to this request to the extent it seeks information or documents beyond LifeScan's possession, custody or control, under a confidentiality agreement with a third party, or protected under the laws of a foreign country. The request as phrased seeks only documents irrelevant to Phase I, and is thus premature at this time. Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

33.    All documents and things concerning, referring to, relating to or constituting any communications between Defendant and any other person concerning an Electrochemical Sensor having a blood sample volume of 1 μl or less.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. Nothing within the request identifies which types of communications are meant or who "any other person" is. LifeScan further objects to the request as vague and ambiguous as to the meaning of the phrase "having a blood sample volume of 1 μl or less." Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan objects to this request to the extent it seeks

information or documents beyond LifeScan's possession, custody or control, under a confidentiality agreement with a third party, or protected under the laws of a foreign country. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

     34.    All documents and things concerning, referring to, relating to or constituting any communications between Defendant and any other person concerning an Electrochemical Sensor having a test time of 10 seconds or less.

    **RESPONSE:**

     LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. Nothing within the request identifies what type of communications are sought or to whom those communications were made. LifeScan further objects to the request as vague and ambiguous as to the meaning of the phrase "test time of 10 seconds or less." LifeScan objects to this request to the extent it seeks information or documents beyond LifeScan's possession, custody or control, under a confidentiality agreement with a third party, or protected under the laws of a foreign country. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

     35.    All documents and things concerning, referring to, relating to or constituting any communications between Defendant and any other person concerning an Electrochemical

Sensor which provide a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. Nothing in the request identifies the types of communications sought or the person to whom those communications were made. LifeScan further objects to this request as duplicative of Request No. 34. LifeScan objects to this request to the extent it seeks information or documents beyond LifeScan's possession, custody or control, under a confidentiality agreement with a third party, or protected under the laws of a foreign country. LifeScan further objects to the request as vague and ambiguous as to the meaning of the phrase "provide a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber." Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

36.    All documents resulting from, concerning, referring to or relating to any prior art, literature and/or patent searches conducted by, at the request of or on behalf of Defendant with respect to Electrochemical Sensors having a capillary chamber that holds a blood sample volume of 1 μl or less.

**RESPONSE:**

Pursuant to Plaintiffs' letter of February 15, 2008, this request has been limited to issues relevant to the first phase of the case. Therefore, this request will only be answered to

the extent that it contains information relevant to Phase I.    LifeScan objects to this request

as overbroad as to time and subject matter, and unduly burdensome.  LifeScan also objects to

the request as vague and ambiguous as to the meaning of the phrase "capillary chamber that

holds a blood sample volume of 1 µl or less."  LifeScan further objects to the request to the

extent that it seeks documents that are protected by either attorney-client privilege or work

product doctrine.  The request as phrased seeks only documents irrelevant to Phase I, and is

thus premature at this time. Based on the foregoing General and Specific Objections,

LifeScan will not respond at this time.


37.    All documents resulting from, concerning, referring to or relating to any prior

art, literature and/or patent searches conducted by, at the request of or on behalf of Defendant

with respect to Electrochemical Sensors which provide a readout of the glucose concentration

of the blood sample within 10 seconds or less after the blood sample enters the capillary

chamber.

**RESPONSE:**

Pursuant to Plaintiffs' letter of February 15, 2008, this request has been limited to

issues relevant to the first phase of the case.  Therefore, this request will only be answered to

the extent that it contains information relevant to Phase I.    LifeScan objects to this request

as overbroad as to time and subject matter, and unduly burdensome.  LifeScan further objects

to this request as vague and ambiguous as to the meaning of the phrase "provide a readout of

the glucose concentration of the blood sample within 10 seconds or less after the blood

sample enters the capillary chamber." LifeScan further objects to the request to the extent

that it seeks documents that are protected by either attorney-client privilege or work product

doctrine.  The request as phrased seeks only documents irrelevant to Phase I, and is thus

35

premature at this time. Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

38.    All documents and things sufficient to demonstrate the amount of time, money and effort spent by or on behalf of Defendant with respect to developing Defendant's Identified Electrochemical Sensors.

**RESPONSE:**
This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Therefore, no response is due.

39.    All documents and things concerning, referring to or relating to Defendant's knowledge of Plaintiffs' activities in research, patenting, development, manufacturing, use or sale of Electrochemical Sensors having a capillary chamber that holds a blood sample volume of 1 μl or less.

**RESPONSE:**
LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan further objects to the request as vague and ambiguous as to the meaning of the phrase "capillary chamber that holds a blood sample volume of 1 μl or less." LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the

36

issues of Phase I to the extent they exist and can be located after a reasonable search.

40.    All documents and things concerning, referring to or relating to Defendant's knowledge of Plaintiffs' activities in research, patenting, development, manufacturing, use or sale of Electrochemical Sensors which provide a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. LifeScan objects to the request as vague and ambiguous as to the meaning of the phrase "provide a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber." Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

41.    All documents concerning, referring to or relating to Christopher D. Wilsey.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. LifeScan objects to this request to the extent it seeks information or documents beyond LifeScan's

possession, custody or control, under a confidentiality agreement with a third party, or protected under the laws of a foreign country. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

      42.    All documents concerning, referring to or relating to Nigel A. Surridge.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. LifeScan objects to this request to the extent it seeks information or documents beyond LifeScan's possession, custody or control, under a confidentiality agreement with a third party, or protected under the laws of a foreign country. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

      43.    All documents and things concerning, referring to or relating (in words or in substance) to the patents-in-suit, including but not limited to:

          (a)    all documents and things concerning, referring to or relating to the

validity and/or invalidity of the patents-in-suit;

(b)    all documents and things concerning, referring to or relating to the enforceability and/or unenforceability of any of the subject matter claimed by the patents-in-suit; and

(c)    all documents and things concerning, referring to or relating to any infringement and/or non-infringement of the patents-in-suit by Defendant or by anyone else.

**RESPONSE:**

Pursuant to Plaintiffs' letter of February 15, 2008, this request has been limited to issues relevant to the first phase of the case. Therefore, this request will only be answered to the extent that it contains information relevant to Phase I. LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. LifeScan objects to the request as compound. As phrased, only subsection (c) seeks documents relevant to Phase I. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

44.    All documents and things concerning, referring to or relating to any analysis, consideration, negotiation, recommendation or proposal relating to obtaining a license or other rights under the patents-in-suit.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly

burdensome. LifeScan further objects to the request as vague and ambiguous as to the meaning of the phrase "analysis, consideration, negotiation, recommendation or proposal." Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. The request as phrased seeks only documents irrelevant to Phase I, and is thus premature at this time. Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

45.    All documents and things concerning, referring to, relating to or constituting minutes, memos or other records of meetings of directors, officers, employees and/or other personnel of Defendant where Plaintiffs and/or the patents-in-suit were discussed, referenced or considered in any way.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. LifeScan objects to the request as vague and ambiguous as to the meaning of the phrases "minutes, memoirs or other records of meetings" and "directors, officers, employees and/or other personnel." Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

46.    All documents and things concerning, referring to or relating to any consideration given or decisions or efforts made by Defendant to design around the patents-in-suit.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome.  Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I.  LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege.  LifeScan objects to the request as vague and ambiguous as to the meaning of the phrase "consideration given or decisions or efforts made."  The request as phrased seeks only documents irrelevant to Phase I, and is thus premature at this time.  Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

47.    All documents and things concerning, referring to or relating to any decisions or efforts made by Defendant to design Electrochemical Sensors that would not infringe the patents-in-suit.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome.  Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I.  LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege.  LifeScan objects to the request as vague and ambiguous as

41

to the meaning of the phrase "decisions or efforts made." The request as phrased seeks only documents irrelevant to Phase I, and is thus premature at this time. Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

48.    All documents that Defendant intends to rely on to assert invalidity, unenforceability or non-infringement of any of the patents-in-suit or which otherwise refer or relate to any defense or counterclaim asserted by Defendant.

**RESPONSE:**

Pursuant to Plaintiffs' letter of February 15, 2008, this request has been limited to issues relevant to the first phase of the case. Therefore, this request will only be answered to the extent that it contains information relevant to Phase I. LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

49.    All patents, printed publications, other items of prior art or other documents, including any English translations thereof, the Defendant believes may have any bearing on the validity of the patents-in-suit.

**RESPONSE:**

42

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Therefore, no response is due.

50.    All documents resulting from, concerning, referring to or relating to any prior art, literature and/or patent searches conducted by, at the request of or on behalf of Defendant with respect to the patents-in-suit.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Therefore, no response is due.

51.    All documents evidencing, referring to or relating to the state of the art relevant to the subject matter claimed in the patents-in-suit as of the time of filing of the application that issued as the 146 patent.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan further objects to the request as vague and ambiguous as to the meaning of the phrases "evidencing, referring to or relating to" and "state of the art relevant to the subject matter claimed in the patents-in-suit as of the time of filing of the application that issued as the 146 patent." Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. LifeScan objects to the request as premature to

43

the extent it seeks disclosure of expert opinions. The request as phrased seeks only documents irrelevant to Phase I, and is thus premature at this time. Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.


52.     All documents evidencing, referring to or relating to the state of the art relevant to the subject matter claimed in the patents-in-suit as of the time of filing of the application that issued as the 147 patent.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan further objects to the request as vague and ambiguous as to the meaning of the phrases "evidencing, referring to or relating to" and "state of the art relevant to the subject matter claimed in the patents-in-suit as of the time of filing of the application that issued as the 147 patent Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. LifeScan objects to the request as premature to the extent it seeks disclosure of expert opinions. The request as phrased seeks only documents irrelevant to Phase I, and is thus premature at this time. Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.


53.     All documents and things concerning, referring to or relating to United States or foreign patent applications, requests for reexamination, patents, invention certificates, reissues, reexaminations, invention disclosures and file histories concerning or relating to the patents-in-suit, including but not limited to the Requests for Reexamination.

44

**RESPONSE:**

Pursuant to Plaintiffs' letter of February 15, 2008, this request has been limited to issues relevant to the first phase of the case. Therefore, this request will only be answered to the extent that it contains information relevant to Phase I.  LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome.  Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege.  Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

54.    All documents and things concerning, referring to or relating to any written opinions prepared by or on Defendant's behalf, or received by or on Defendant's behalf, regarding the patents-in-suit, including but not limited to opinions relating to the validity, invalidity, enforceability, unenforceability, infringement and/or non-infringement of the patents-in-suit, all drafts of opinions and all documents considered, reviewed or relied on in formulating and/or rendering opinions.

**RESPONSE:**

Pursuant to Plaintiffs' letter of February 15, 2008, this request has been limited to issues relevant to the first phase of the case. Therefore, this request will only be answered to the extent that it contains information relevant to Phase I. LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome.   LifeScan objects to the request as seeking privileged communications. LifeScan further objects to the request as

45

premature because it seeks information irrelevant to Phase I. Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

55.    All documents and things concerning, referring to or relating to any discussion or communication, whether written or oral, of the validity, invalidity, enforceability, unenforceability, infringement and/or non-infringement of the patents-in-suit.

**RESPONSE:**

Pursuant to Plaintiffs' letter of February 15, 2008, this request has been limited to issues relevant to the first phase of the case. Therefore, this request will only be answered to the extent that it contains information relevant to Phase I. LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. LifeScan further objects to the request as vague and ambiguous as to the definitions of research, design and/or development. The request as phrased seeks only documents irrelevant to Phase I, and is thus premature at this time. Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

56.    All documents and things concerning, referring to or relating to the billing, such as bills or invoices, for any opinion, discussion and/or communication, whether written or oral, regarding validity, invalidity, enforceability, unenforceability, infringement and/or non-infringement of the patents-in-suit or any claim thereof.

**RESPONSE:**

Pursuant to Plaintiffs' letter of February 15, 2008, this request has been limited to

46

issues relevant to the first phase of the case. Therefore, this request will only be answered to the extent that it contains information relevant to Phase I. LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan further objects to the request to the extent that it only seeks documents that are protected by either attorney-client privilege or work product doctrine. LifeScan objects to the request as premature to the extent it seeks disclosure of expert opinions. The request as phrased seeks only documents irrelevant to Phase I, and is thus premature at this time. Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

57.    All documents and things concerning, referring to or relating to any licensing discussions, negotiations or agreements between Defendant and any person relating to any rights with regard to Defendant's Identified Electrochemical Sensors.

**RESPONSE:**

Pursuant to Plaintiffs' letter of February 15, 2008, this request has been limited to issues relevant to the first phase of the case. Therefore, this request will only be answered to the extent that it contains information relevant to Phase I.    LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. The request as phrased seeks only documents irrelevant to Phase I, and is thus premature at this time. Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

58.    All license agreements and other documents concerning, referring to or relating to or reflecting any agreements between Defendant and any other person relating in any way

to Electrochemical Sensors capable of being used to determine the concentration of a compound in any sample.

**RESPONSE:**

Pursuant to Plaintiffs' letter of February 15, 2008, this request has been limited to issues relevant to the first phase of the case. Therefore, this request will only be answered to the extent that it contains information relevant to Phase I. LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan also objects to the request as vague and ambiguous as to the meaning of the phrase "capable of being used to determine the concentration of a compound in any sample." The request as phrased seeks only documents irrelevant to Phase I, and is thus premature at this time. Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

59.    All documents and things concerning, describing, referring to, or relating to any agreements between Defendant and any other person with respect to Electrochemical Sensors.

**RESPONSE:**

Pursuant to Plaintiffs' letter of February 15, 2008, this request has been limited to issues relevant to the first phase of the case. Therefore, this request will only be answered to the extent that it contains information relevant to Phase I. LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. LifeScan objects to the request as overbroad, vague, and ambiguous, as the request does not in any way limit the phrase "any other person" or the nature of the agreements sought. The request as phrased seeks only documents

irrelevant to Phase I, and is thus premature at this time. Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

60.    All documents and things concerning, referring to or relating to any offer for sale or sale in the United States of Defendant's Identified Electrochemical Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. LifeScan further objects to the definition of "Identified Electrochemical Sensors" as premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed or even begun discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction. As best understood without further explanation of the relevance of the request by Plaintiffs, the request as phrased seeks only documents irrelevant to Phase I, and is thus premature at this time. Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

61.    All documents and things evidencing, concerning, referring to or relating to any free samples or other units of Defendant's Identified Electrochemical Sensors distributed without charge.

**RESPONSE:**

49

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan objects to the request as vague and ambiguous as to the meaning of the phrase "other units." Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. LifeScan further objects to the definition of "Identified Electrochemical Sensors" as premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed or even begun discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction. As best understood without further explanation of the relevance of the request by Plaintiffs, the request as phrased seeks only documents irrelevant to Phase I, and is thus premature at this time. Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

62.    All documents and things constituting, referring to, or relating to advertising plans, business plans, marketing plans or efforts, promotional programs or strategies on the part of Defendant, or on its behalf, concerning Defendant's Identified Electrochemical Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan further objects to the definition of "Identified Electrochemical Sensors" as premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed or even begun discovery in Phase I,

before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction. The request as phrased seeks only documents irrelevant to Phase I, and is thus premature at this time. Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

63.    All documents and things advertising, describing or promoting, by or on behalf of Defendant, its Identified Electrochemical Sensors, whether or not such documents have yet been made public, including material prepared by or used by or for persons that distribute, market or sell Defendant's Identified Electrochemical Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan further objects to the request to the extent it seeks documents that have not yet been made public, as such documents would be irrelevant to Phase I. LifeScan further objects to the definition of "Identified Electrochemical Sensors" as premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed or even begun discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction. The request as phrased seeks only documents irrelevant to Phase I, and is thus premature at this time. Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

64.    All documents and things comprising, referring to, or relating in any way to

marketing materials that Defendant prepared or had prepared on its behalf in connection with

the marketing and/or sale of the Identified Electrochemical Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly

burdensome. LifeScan further objects to the definition of "Identified Electrochemical

Sensors" as premature to the extent it includes claim limitations because it seeks LifeScan's

contentions and analysis before LifeScan has completed or even begun discovery in Phase I,

before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have

provided their contentions relating to infringement and claim construction. The request as

phrased seeks only documents irrelevant to Phase I, and is thus premature at this time. Based

on the foregoing General and Specific Objections, LifeScan will not respond at this time.


65.    All documents and things collecting, reflecting, or commenting upon feedback

of any type from customers and/or users of Defendant's Identified Electrochemical Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly

burdensome. LifeScan objects to this request as vague and ambiguous as to the meaning of

the phrase "collecting, reflecting, or commenting upon feedback of any type." Additionally,

LifeScan objects to the extent that this request requires production of documents that are

irrelevant to Phase I. LifeScan further objects to the definition of "Identified Electrochemical

Sensors" as premature to the extent it includes claim limitations because it seeks LifeScan's

contentions and analysis before LifeScan has completed or even begun discovery in Phase I,

before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have

provided their contentions relating to infringement and claim construction. The request as

phrased seeks only documents irrelevant to Phase I, and is thus premature at this time. Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

66.   All documents and things concerning, referring to or relating to communications with distributors of Defendant's Identified Electrochemical Sensors, or potential distributors of Defendant's Identified Electrochemical Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan further objects to the definition of "Identified Electrochemical Sensors" as premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed or even begun discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction.    As best understood without further explanation of the relevance of the request by Plaintiffs, the request as phrased seeks only documents irrelevant to Phase I, and is thus premature at this time. Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

67.   All documents and things concerning, referring to or relating to communications with physicians, nurses, clinics or other potential users of Defendant's Identified Electrochemical Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly

burdensome. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan further objects to the definition of "Identified Electrochemical Sensors" as premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed or even begun discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction.    The request as phrased seeks only documents irrelevant to Phase I, and is thus premature at this time.   Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

68.    All documents and things concerning, referring to or relating to any study, projection, market or other evaluation or analysis of past, current or future sales or revenues for the Identified Electrochemical Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan further objects to the definition of "Identified Electrochemical Sensors" as premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed or even begun discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction.   The request as phrased seeks only documents irrelevant to Phase I, and is thus premature at this time.   Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

69.    All documents and things concerning, referring to or relating to any study,

54

projection, market or other evaluation or analysis of past, current or future sales or revenues for Electrochemical Sensors sold by Defendant, Plaintiffs or any other person.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan further objects to the definition of "Identified Electrochemical Sensors" as premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed or even begun discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction. The request as phrased seeks only documents irrelevant to Phase I, and is thus premature at this time. Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

70.    All documents and things concerning, referring to or relating to actual or projected sales or market share by Defendant, Plaintiffs or any other person of any Electrochemical Sensors.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Therefore, no response is due.

71.    All documents and things constituting, referring to or relating to Defendant's budgets, forecasts, projections, short and long term business and strategic plans, and short and long term reports related to sales activity for Identified Electrochemical Sensors.

**RESPONSE:**

55

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan further objects to the definition of "Identified Electrochemical Sensors" as premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed or even begun discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction. The request as phrased seeks only documents irrelevant to Phase I, and is thus premature at this time. Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

72.    Documents sufficient to identify all quantities of Defendant's Identified Electrochemical Sensors manufactured in or imported into the United States for any purpose.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Therefore, no response is due.

73.    Documents sufficient to identify Defendant's current inventory of its Identified Electrochemical Sensors, in terms of potential value in sales.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Therefore, no response is due.

74.     All documents and things concerning, referring to or relating to Defendant's sales of the Identified Electrochemical Sensors, by month and by year, from 2002 to present.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Therefore, no response is due.

75.     All documents and things evidencing, referring to or relating to any income or revenue received, prices charged, costs incurred or profits earned by Defendant in connection with the Identified Electrochemical Sensors sold in the United States.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Therefore, no response is due.

76.     All documents and things from which Defendant's unit sales and revenue of each model or type of Identified Electrochemical Sensors may be determined for each monthly and annual time period from 2002 to present.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Therefore, no response is due.

77.    All documents and things from which Defendant's gross dollar sales of each model or type of Identified Electrochemical Sensors may be determined for each monthly and annual time period from 2002 to present.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Therefore, no response is due.

78.    All documents constituting, concerning, referring to or relating to any determination of profit (including any estimates of unit or marginal profit, cost of goods sold, incremental costs, as well as any actual determination of profit) from Defendant's sales of Identified Electrochemical Sensors.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Therefore, no response is due.

79.    All documents and things constituting, referring to or relating to sales summaries, sales invoices, purchase orders or discount summaries relating to Defendant's Identified Electrochemical Sensors.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Therefore, no response is due.

80.    All documents and things identifying Defendant's distributors, dealers, sellers and customers of Defendant's Identified Electrochemical Sensors and volume of sales in units and dollars for each broken down on a monthly basis (and if monthly data is not available, quarterly or any other periodic basis that you keep records for) from 2002 to present.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Therefore, no response is due.

81.    All documents and things constituting, relating to or referring to Defendant's pricing of Identified Electrochemical Sensors, any changes in Defendant's pricing of Identified Electrochemical Sensors and/or any discounts offered or given on Defendant's Identified Electrochemical Sensors.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Therefore, no response is due.

82.    All documents and things constituting, referring to or relating to unit pricing structure or pricing policies for each model or type of Defendant's Identified Electrochemical Sensors.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Therefore, no response is due.

83.    All documents and things constituting, referring to or relating to Defendant's contracts with customers, dealers, distributors and sellers for the sale of Defendant's Identified Electrochemical Sensors.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Therefore, no response is due.

84.    All documents and things referring to, relating to or discussing retail pricing, price levels, price breaks or discounts (retail or distributor) with Defendant's distributors, dealers, sellers and customers of Defendant's Identified Electrochemical Sensors.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Therefore, no response is due.

85.   All documents and things concerning, referring to or relating to competition for the sale of Electrochemical Sensors, including competition between Defendant and its competitors, including but not limited to Plaintiffs, and any other defendants in this action.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Therefore, no response is due.

86.   All documents and things concerning, referring to or relating to market share, market share studies and marketing analyses or reports relating to Identified Electrochemical Sensors, including those prepared by or on behalf of Defendant, as well as industry reports.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Therefore, no response is due.

87.   All documents and things concerning, referring to or relating to marketing studies or research showing the size, forecast size or potential size of the market or industry for Defendant's Identified Electrochemical Sensors.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Therefore, no response is due.

88.    All documents and things concerning, referring to or relating to marketing studies or research showing the size, forecast size or potential size of the customer base for Defendant's Identified Electrochemical Sensors, including but not limited to sales to distributors as well as consumers.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Therefore, no response is due.

89.    All documents and things concerning, referring to or relating to market share, market share studies and marketing analyses or reports relating to products competitive with Defendant's Identified Electrochemical Sensors (including but not limited to the products of Defendant's competitors such as Plaintiffs, and any other defendants in this action), including those prepared by or on behalf of Defendant, as well as industry reports.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Therefore, no response is due.

90.    All documents and things concerning, referring to or relating to marketing studies or research showing the size, forecast size or potential size of the market or industry for products competitive with Defendant's Identified Electrochemical Sensors, including but not limited to the products of Defendant's competitors such as Plaintiffs, and any other defendants in this action.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Therefore, no response is due.

91.    All documents and things concerning, referring to or relating to marketing studies or research showing the size, forecast size or potential size of the customer base for products competitive with Defendant's Identified Electrochemical Sensors (including but not limited to the products of Defendant's competitors such as Plaintiffs, and any other defendants in this action), including but not limited to sales to distributors as well as consumers.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Therefore, no response is due.

92.    All documents and things concerning, referring to or relating to information on the marketing or sale by Defendant or any of its customers, distributors, dealers or sellers of

Defendant's Identified Electrochemical Sensors.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which

Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests.

Therefore, no response is due.

93.    All documents and things concerning, referring to or relating to information on

the marketing or sale of products competitive with Defendant's Identified Electrochemical

Sensors, including but not limited to the products of Defendant's competitors such as

Plaintiffs, and any other defendants in this action.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which

Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests.

Therefore, no response is due.

94.    All documents and things concerning, referring to or relating to information on

market trends for Electrochemical Sensors, including but not limited to the products of

Defendant's competitors such as Plaintiffs, and any other defendants in this action.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which

Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests.

Therefore, no response is due.

95.    All documents and things concerning, referring to or relating to Defendant's market share of the total market for Electrochemical Sensors on a monthly basis (and if monthly data is not available, quarterly or any other periodic basis that you keep records for) from 2002 to present.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Therefore, no response is due.

96.    All documents and things from which Defendant's cost of production (including manufacturing costs, costs of materials, labor, overhead and other cost items) for each model or type of Identified Electrochemical Sensors may be determined for each monthly and annual time period from 2002 to present.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Therefore, no response is due.

97.    All documents and things from which Defendant's cost of sales (including selling expenses, marketing, distribution, attributed research and development and other general or administrative expense and interest expense) for each model or type of Identified Electrochemical Sensors may be determined for each monthly and annual time period from

2002 to present.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which

Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests.

Therefore, no response is due.


98.    All documents and things concerning, referring to or relating to any analyses

done by or on behalf of Defendant relating to the cost of Defendant's Identified

Electrochemical Sensors compared to the cost of any other Electrochemical Sensors.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which

Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests.

Therefore, no response is due.


99.    All financial statements, quarterly and annual reports and other shareholder

reports for Defendant from 2002 to present.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which

Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests.

Therefore, no response is due.


100.    All documents comprising any and all financial statements (audited and

unaudited), financial projections or forecasts and profit and loss statements prepared by

Defendant or on Defendant's behalf from 2002 to present.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which

Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests.

Therefore, no response is due.


101.    All documents comprising any and all financial statements (audited and

unaudited) for Defendant (as a whole, by division, by product line and by product), e.g.,

income statements, balance sheets and statements of cash flow for each monthly, quarterly,

annual or other period from 2002 to present.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which

Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests.

Therefore, no response is due.


102.    All documents and things constituting, referring to or relating to Defendant's

financial planning with respect to Identified Electrochemical Sensors.

**RESPONSE:**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which

Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests.

Therefore, no response is due.

103.    All documents and things constituting, referring to or relating to Defendant's issued patents or pending patent applications directed to any aspect of Defendant's Identified Electrochemical Sensors, including any patents and pending patent applications on which Defendant is a licensee.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan objects to the request as vague and ambiguous as to the meaning of the phrase "any aspect of." Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. LifeScan further objects to the definition of "Identified Electrochemical Sensors" as premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed or even begun discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction.   Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

104.    All documents and things concerning, referring to or relating to United States or foreign patent applications, requests for reexamination, patents, invention certificates, reissues, reexaminations, invention disclosures and file histories concerning or relating to any aspect of Defendant's Identified Electrochemical Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan further objects to the definition of "Identified Electrochemical Sensors" as premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed or even begun discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

105.    All documents referring to or relating to Defendant's OneTouch® UltraSmart®, OneTouch® Ultra®, OneTouch® Ultra® 2 and OneTouch® UltraMini™ products.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

106.    All documents concerning, referring to or relating to both Plaintiffs and Electrochemical Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan objects to the request as vague and ambiguous as to the meaning of the phrase "both Plaintiffs and Electrochemical Sensors." LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan objects to the request as overbroad, vague, and ambiguous, and therefore unanswerable. Nothing in the request provides any guidance as to the type of information being sought by Plaintiffs. Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

107.    All documents and things relied upon or referred to in preparing your Answer.

**RESPONSE:**

Pursuant to Plaintiffs' letter of February 15, 2008, this request has been limited to issues relevant to the first phase of the case. Therefore, this request will only be answered to the extent that it contains information relevant to Phase I. LifeScan objects to this request as vague and ambiguous as to the meaning of the phrase "relied upon or referred to." LifeScan objects to this request to the extent it requires production of documents created after filing of the Complaint. LifeScan objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. Additionally, LifeScan objects to the extent that this request requires production of

documents that are irrelevant to Phase I. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

108.    All documents and things concerning or forming the basis for any of the Affirmative Defenses asserted in Defendant's Answer.

**RESPONSE:**

Pursuant to Plaintiffs' letter of February 15, 2008, this request has been limited to issues relevant to the first phase of the case. Therefore, this request will only be answered to the extent that it contains information relevant to Phase I.   LifeScan objects to this request as vague and ambiguous as to the meaning of the phrase "forming the basis for." LifeScan objects to this request to the extent it requires production of documents created after filing of the Complaint. LifeScan objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

109.    All documents and things concerning or forming the basis for either of the Counterclaims asserted in Defendant's Answer.

**RESPONSE:**

71

Pursuant to Plaintiffs' letter of February 15, 2008, this request has been limited to issues relevant to the first phase of the case. Therefore, this request will only be answered to the extent that it contains information relevant to Phase I. LifeScan objects to this request as vague and ambiguous as to the meaning of the phrase "forming the basis for." LifeScan objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan objects to this request to the extent it requires production of documents created after filing of the Complaint. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

110.    All documents referred to in your Initial Disclosures pursuant to F.R.Civ.P. 26(a)(1).

**RESPONSE:**

Pursuant to Plaintiffs' letter of February 15, 2008, this request has been limited to issues relevant to the first phase of the case. Therefore, this request will only be answered to the extent that it contains information relevant to Phase I. LifeScan objects to this request as overbroad and unduly burdensome. LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. LifeScan objects to this request to the extent it requires production of documents created after filing of the Complaint. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan has

not yet made Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) in accordance with the scheduling order to be entered in this case. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search

    111.   All documents requested for identification by Plaintiffs' First Set of Interrogatories to Defendant LifeScan, Inc. (Nos. 1-16), served concurrently herewith.

**RESPONSE:**

Pursuant to Plaintiffs' letter of February 15, 2008, this request has been limited to issues relevant to the first phase of the case. Therefore, this request will only be answered to the extent that it contains information relevant to Phase I. LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. Subject to and without the General Objections or objections raised in LifeScan's Response to Plaintiffs' First Set of Interrogatories (Nos. 1-16), LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search

    112.   All documents relied upon, referred to or otherwise consulted directly or indirectly in responding to Plaintiffs' First Set of Interrogatories to Defendant LifeScan, Inc. (Nos. 1-16), served concurrently herewith.

**RESPONSE:**

Pursuant to Plaintiffs' letter of February 15, 2008, this request has been limited to issues relevant to the first phase of the case. Therefore, this request will only be answered to the extent that it contains information relevant to Phase I.   LifeScan objects to this request as vague and ambiguous as to the meaning of the phrase "relied upon, referred to or otherwise consulted directly or indirectly." LifeScan objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan also incorporates any objections raised in LifeScan's Response to Plaintiffs' First Set of Interrogatories (Nos. 1-16). Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

113.    All documents and things prepared by or for, or concerning, referring to or relating to any expert retained by Defendant in this litigation.

**RESPONSE:**

Pursuant to Plaintiffs' letter of February 15, 2008, this request has been limited to issues relevant to the first phase of the case. Therefore, this request will only be answered to the extent that it contains information relevant to Phase I.   LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan further objects to this request as premature at this time. Based on the foregoing General and Specific

74

Objections, LifeScan will not respond at this time.


114.    All documents and things upon which you intend to rely at any time during this litigation.

**RESPONSE:**

Pursuant to Plaintiffs' letter of February 15, 2008, this request has been limited to issues relevant to the first phase of the case. Therefore, this request will only be answered to the extent that it contains information relevant to Phase I.    LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan objects to this request as vague and ambiguous as to the meaning of the phrases "upon which you intend to rely" and "at any time during this litigation." LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. The request as written is premature, as LifeScan has yet to determine all documents and things upon which it may rely. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.


115.    All documents and things you intend to introduce as exhibits during the trial of this matter.

**RESPONSE:**

Pursuant to Plaintiffs' letter of February 15, 2008, this request has been limited to issues relevant to the first phase of the case. Therefore, this request will only be answered to

the extent that it contains information relevant to Phase I.    LifeScan objects to this request
as overbroad and unduly burdensome.  LifeScan also objects to this request to the extent it
seeks information protected by the work product or attorney-client privilege, or any other
applicable privilege. Additionally, LifeScan objects to the extent that this request requires
production of documents that are irrelevant to Phase I.  The request as written is premature,
as LifeScan has yet to determine all exhibits it will use for trial.  Based on the foregoing
General and Specific Objections, LifeScan will not respond at this time.


116.    All documents and things describing, referring to, or relating to Defendant's
information archival and/or retrieval system containing any information related to design,
manufacture, promotion or sale of Defendant's Identified Electrochemical Sensors.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly
burdensome.  LifeScan objects to this request as vague and ambiguous as to the meaning of
the phrases "information archival and/or retrieval system."  Additionally, LifeScan objects to
the extent that this request requires production of documents that are irrelevant to Phase I.
LifeScan further objects to the definition of "Identified Electrochemical Sensors" as
premature to the extent it includes claim limitations because it seeks LifeScan's contentions
and analysis before LifeScan has completed or even begun discovery in Phase I, before
LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their
contentions relating to infringement and claim construction.  LifeScan objects to this request
to the extent is seeks information or documents beyond LifeScan's possession, custody or
control, under a confidentiality agreement with a third party, or protected under the laws of a
foreign country.  Subject to and without waiving these objections and the general objections

76

set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant
to the issues of Phase I to the extent they exist and can be located after a reasonable search.

117.    All documents and things constituting, referring to or relating to Defendant's
policies, practices and/or procedures with respect to the generation, distribution, storage,
retention or destruction of documents and records, effective as of or subsequent to 2002.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly
burdensome.  Additionally, LifeScan objects to the extent that this request requires
production of documents that are irrelevant to Phase I.  Subject to and without waiving these
objections and the general objections set forth above, LifeScan will produce non-
objectionable, non-privileged documents relevant to the issues of Phase I to the extent they
exist and can be located after a reasonable search.

118.    Documents sufficient to identify all files or repositories in which any document
responsive to the foregoing requests is maintained in the normal course of business and each
index, key, code or other means of accessing and locating documents within such files or
repositories.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly
burdensome.  LifeScan objects to this request as vague and ambiguous as to the meaning of
the phrases "all files and repositories" and "index, key, code or other means of accessing and
locating documents within such files or repositories."  LifeScan objects to this request to the
extent it seeks information or documents beyond LifeScan's possession, custody or control,

77

under a confidentiality agreement with a third party, or protected under the laws of a foreign country. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. Subject to and without waiving these objections and the general objections set forth above, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

119. All documents and things not otherwise described by the above requests that refer or relate to the subject matter shown, described or claimed in the patents-in-suit.

**RESPONSE:**

LifeScan objects to this request as overbroad as to time and subject matter, and unduly burdensome. LifeScan further objects to the request as vague and ambiguous as to the meaning of the phrase "shown, described or claimed in the patents-in-suit." LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. LifeScan objects to this request to the extent it seeks information or documents beyond LifeScan's possession, custody or control, under a confidentiality agreement with a third party, or protected under the laws of a foreign country. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan objects to this request as overbroad, vague, and ambiguous, and therefore unanswerable without further guidance as to the information being sought by Plaintiffs. Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Mary W. Bourke
Mary W. Bourke (#2356)
R. Eric Hutz (#2702)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

*Attorneys for Defendant/Counter-Plaintiff*
*LifeScan, Inc.*

Dated: March 3, 2008

## CERTIFICATE OF SERVICE

I, Mary W. Bourke, Esquire, hereby certify that on March 3, 2008, I caused

copies of the foregoing document to be served on the following counsel in the manner

indicated:

**BY HAND AND EMAIL**
Philip A. Rovner
Potter Anderson & Corroon, LLP
1313 N. Market St.
Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951
*Attorneys for Plaintiffs Roche Diagnostic*
*Operations, Inc. and Corange*
*International Limited*

**BY EMAIL**
Daniel A. Boehnen
Grantland G. Drutchas
Gary E. Hood
Nicole Keenan
Paula S. Fritsch
Sherri L. Oslick
Jeffrey P. Armstrong
McDonnell Boehnen Hulbert &
Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
*Attorneys for Plaintiffs Roche*
*Diagnostic Operations, Inc. and*
*Corange International Limited*

**BY HAND AND EMAIL**
John W. Shaw
Jeffrey Thomas Castellano
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
*Attorneys for Defendant Bayer*
*Healthcare, LLC*

**BY HAND AND EMAIL**
Rodger Dallery Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
*Attorneys for Defendant Nova*
*Biomedical Corporation*

**BY HAND AND EMAIL**
Frederick L. Cottrell, III
Anne Shea Gaza
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
*Attorneys for Defendants Abbott Diabetes*
*Care Inc. and Abbott Diabetes Care*
*Sales Corporation.*

**BY HAND AND EMAIL**
Steven J. Balick
John G. Day
Lauren E. Maguire
Ashby & Geddes
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
*Attorneys for Defendant Diagnostic*
*Devices Inc.*

**BY EMAIL**
Wesley E. Overson
Rachel Krevans
Jason R. Bartlett
Parisa Jorjani
Daniel P. Muino
Morrisson & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
*Attorneys for Defendant Bayer
Healthcare, LLC*

**BY EMAIL**
Nancy Tinsley
Roche Diagnostics
9115 Hague Road
Indianapolis, IN 46250
*Attorney for Plaintiff Roche Diagnostics
Operations, Inc. and Corange
International Limited*

**BY EMAIL**
Bradford J. Badke
Sona De
Michael Kahn
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
*Attorneys for Defendant Nova
Biomedical Corporation*

**BY EMAIL**
Kenneth P. George
Joseph M. Casino
Amster Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
*Attorneys for Defendant Bayer
Healthcare, LLC*

**BY EMAIL**
Kirk A. Vander Leest
Edward A. Mas II
Stephen F. Sherry
James M. Hafertepe
Merle S. Elliott
Matthew A. Anderson
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, Suite 3400
Chicago, IL 60661
*Attorneys for Defendants Abbott Diabetes
Care Inc. and Abbott Diabetes Care
Sales Corporation*

**BY EMAIL**
Ashley L. Ellis
Michael G. Adams
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
*Attorneys for Defendant Diagnostic
Devices Inc.*

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Mary W. Bourke
Mary W. Bourke (#2356)
R. Eric Hutz (#2702)
Kristen Healey Cramer (#4512)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-1347

*Attorneys for Defendant LifeScan Incorporated*

# EXHIBIT O – PART I

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROCHE DIAGNOSTICS OPERATIONS, INC.  )
and CORANGE INTERNATIONAL           )
LIMITED,                            )
                                    )
            Plaintiffs,             )
                                    )
    vs.                             )   C.A. No. 07-753-JJF
                                    )
ABBOTT DIABETES CARE INC.,          )
ABBOTT DIABETES CARE SALES          )
CORPORATION, BAYER HEALTHCARE,      )
LLC, DIAGNOSTIC DEVICES, INC.,      )
LIFESCAN, INC., and NOVA BIOMEDICAL )
CORPORATION,                        )
                                    )
            Defendants.             )
                                    )

## ABBOTT'S RESPONSES TO ROCHE'S
### FIRST SET OF REQUESTS TO DEFENDANTS ABBOTT DIABETES CARE INC. AND ABBOTT DIABETES CARE SALES CORPORATION FOR THE PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-127)

Pursuant to Fed. R. Civ. P. 26 and 34, Defendants, Abbott Diabetes Care Inc. and Abbott

Diabetes Care Sales Corporation ("Abbott"), responds to Roche Diagnostics Operations, Inc. and

Corange International Limited, (collectively "Roche") First Set of Requests to Defendants Abbott

Diabetes Care Inc. and Abbott Diabetes Care Sales Corporation for the Production of Documents

and Things as follows.

### Preliminary Statement

As used in these responses, the term "will produce" means that, subject to the general and

specific objections set forth herein and after a reasonable, good-faith investigation, Abbott will

produce documents, if any, of the types or categories described to the extent that such documents

exist and are within Abbott's possession, custody, and control.  Abbott's statement that it "will

produce" documents should not be construed as a statement or concession that such documents do in

fact exist. The production of documents or disclosure of information should not be deemed a waiver

of any objection Abbott may have with respect to whether any such documents or information are

ultimately relevant or admissible. Abbott reserves the right to supplement these responses. No

incidental or implied admissions are intended by the responses contained herein. This preliminary

statement is hereby incorporated by reference into each of Abbott's responses.

Through the letter of its counsel dated February 15, 2008, Roche has withdrawn Request for

Production Nos. 38, 49, 50, 70 and 72-102. Thus, as acknowledged by Roche, Abbott is not

required to object or further respond to those requests at this time. Roche has also agreed to limit

Request for Production Nos. 36, 37, 43, 48, 53-59 and 107-123 to the issues of infringement and/or

prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent.

### General Objections

Abbott makes the following General Objections to Defendants' Requests, which are hereby

incorporated by reference and made part of its response to each and every document request.

Abbott's failure to expressly repeat these General Objections in each response shall not be deemed a

waiver thereof. Moreover, Abbott's specification of one or more objections in any given response is

not intended to preclude the applicability of any of the General Objections.

1.     Abbott objects to the production of documents at the offices of McDonnel Boehnen

Hubert & Berghoff LLP. Copies of relevant, responsive, non-privileged documents will be

delivered at a time and place and in a manner agreed to by counsel. Alternatively, responsive, non-

privileged documents will be made available for inspection and/or copying at a mutually agreeable

time and place.

2.     Abbott objects to each document request and Roche's Definitions and Instructions to

the extent that they infer or place a duty to provide discovery or a burden to supplement beyond that

2

provided in the Federal Rules of Civil Procedure, the Local Rules of this Court, Orders by the Court, and/or applicable case law.

3.    Abbott has not yet completed its investigation of the facts pertaining to this action, discovery has recently started, and Abbott is continuing its preparation for trial. All responses to the following requests are based on information presently known to Abbott after a reasonable effort to locate information called for by these requests. Accordingly, all responses are given without prejudice to Abbott's right to produce documents based on any additional information that may develop or come to Abbott's attention at a later time. In addition, Abbott's objections as set forth herein are made without prejudice to Abbott's right to assert any additional or supplemental objections should Abbott discover additional grounds for such objections.

4.    Abbott objects to the Requests given that many of the documents sought by Roche are (a) already in Roche's possession; (b) publicly available; and/or (c) irrelevant. Further, several of Roche's requests are unreasonably overbroad. For at least these reasons, Abbott objects to the Requests as unduly burdensome.

5.    Abbott objects to each request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

6.    Abbott objects to each request as being impermissibly premature to the extent it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention (35 U.S.C. § 102(g)).

7.    Abbott objects to each request to the extent it is overly broad, unreasonably cumulative or duplicative, and/or to the extent it imposes an unduly burdensome or expensive

3

obligation on Abbott to search for, gather, and produce documents whose relevancy, if any, is far outweighed by the cost and burden on Abbott.

8.    Abbott objects to each request to the extent that it seeks information protected by any applicable privilege, immunity, or confidentiality obligation, including without limitation the attorney-client privilege, work-product immunity doctrine, and settlement privilege.    Nothing contained in these responses, or contained in any subsequently produced documents, is intended to be, or in any way constitutes, a waiver of any such privilege, immunity, or confidentiality obligation. Abbott objects to the introduction into evidence or use of any privileged information that is revealed or produced inadvertently. Withheld documents will be listed on a appropriate log that will be provided within a reasonable time and updated from time to time in accordance with Fed. R. Civ. P. 26(b)(5) and 26(e).

9.    Abbott objects to each request to the extent it seeks privileged information that was created after this lawsuit was filed. No privileged information or documents related to Abbott's trial strategy will be produced or logged.

10.    Abbott objects to each request to the extent it seeks information related to third parties that is subject to a protective order, non-disclosure agreement, confidentiality agreement, or other obligation of confidentiality.

11.    Abbott objects to each request to the extent it does not describe with reasonable particularity the subject matter of the requested discovery. Abbott further objects to each request to the extent it uses terms or language that are vague and/or ambiguous. Abbott will respond to each request, upon a fair reading of the terms used therein, to the best of its understanding.

12.    Abbott objects to each request to the extent it is premature given that Roche has not yet (a) identified the asserted claims, (b) provided their proposed constructions of the asserted claims, (c) provided the bases and supporting evidence for such proposed constructions, and/or (d)

4

provided the bases for Roche's allegations of infringement of such asserted claims (including claim charts).

13.    Abbott objects to each request as impermissibly premature to the extent it calls for expert testimony. Expert discovery has not yet started in this case.

14.    Abbott objects to each request to the extent it improperly seeks information prematurely in view of the Federal Rules of Civil Procedure, Local Rules, and/or the Court's Orders and schedule.

15.    Abbott objects to each request to the extent it seeks confidential, proprietary, and/or sensitive business information. Subject to its objections, and prior to entry of an appropriate Protective Order, Abbott will produce such information only on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

16.    Abbott objects to each request to the extent it seeks information not within the possession, custody, or control of Abbott.

17.    Abbott objects to each request to the extent it seeks documents beyond representative examples or summaries of documents produced en masse or to the extent it seeks more than a single copy of the same document.

18.    Abbott objects to each request to the extent it purports to define a word or phrase as used in any of the claims of the patents-in-suit.

19.    Abbott objects to each request to the extent it calls for a legal conclusion. For example, the Court has not yet construed the patent claim language. Production by Abbott of a document shall not be construed to be an admission by Abbott that such document satisfies any particular legal characterization made by these requests.

20.    The use of terms herein from the patents-in-suit should not be understood to mean that such terms as used in the patents-in-suit or claims thereof are definite or otherwise comply with

5

the conditions of patentability under 35 U.S.C. § 112. Likewise, the use of terms herein from the patents-in-suit should not be understood to suggest or imply a common, usual, ordinary, customary, plain, or accepted meaning in the art for any such term.

21.    Abbott objects to each request which seeks the production of "all" documents on grounds that such a request is overly broad, to the extent such discovery is unreasonably cumulative or duplicative, and to the extent such a request imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevancy, if any, is far outweighed by the cost and burden on Abbott.

22.    Abbott objects to each request as overly broad, unduly burdensome, and harassing to the extent they seek documents and information regarding products not accused of infringement in this case. In this regard, Abbott objects to each request to the extent it seeks documents and information concerning products that are not being manufactured, used, sold, offered for sale or imported into the United States on or after October 2, 2007.

23.    Abbott objects to the definitions of "Defendants," "Abbott," "you" and "your" as overly broad and unduly burdensome to the extent they encompass entities and/or persons unrelated to this litigation and to the extent they seek to encompass information outside the custody and control of Abbott Laboratories and Abbott Cardiovascular Systems, Inc.

24.    Abbott objects to the definition of "Electrochemical Sensor" as vague and indefinite (e.g. "capable of being used to determine the concentration of glucose in a blood sample").

25.    Abbott objects to the definition of "Electrochemical Sensor" as overly broad and unduly burdensome to the extent it encompasses devices that are not relevant to any issue in this case and/or not relevant to the issues of infringement and/or prior inventorship (35 U.S.C. § 102(g))

26.    Abbott objects to the Requests' Instructions to the extent they prohibit appropriate redactions.

6

27. Any responses made by Abbott to Roche's Requests are made without waiver and with preservation of:

(a)    all questions as to competency, relevancy, materiality, privilege, and admissibility of the responses and the subject matter thereof of evidence for any purpose and in any further proceeding in this action (including the trial of this action) and in any other action or matter;

(b)    the right to object to the use of such responses or the subject matter thereof, on any ground in any further proceeding in this action (including the trial of this action) and in any other action or matter;

(c)    the right to object on any ground at any time to a demand or request for further response to these or any other discovery requests or proceedings involved or related to the subject matter of the information provided or the discovery to which these responses are provided; and

(d)    the right at any time to review, amend, correct, supplement or clarify any of the responses contained herein.

28.    Abbott is willing to discuss its objections in a good-faith attempt to resolve or narrow any differences between the parties.

29.    Roche's requests are restated below, followed by Abbott's responses.

## ABBOTT'S RESPONSES TO ROCHE'S
## FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

All documents and things concerning, referring to or relating to the research, design and/or development of Defendant's Identified Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 1:**

Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "all documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it is duplicative of other requests (*e.g.* Request Nos. 2 and 3).

Abbott also objects to this request as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention (35 U.S.C. § 102(g)).

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2

**REQUEST NO. 2:**

Every laboratory notebook or note, technical report, research report, progress report or other document or thing referring or relating to laboratory work on, research on, design and/or development of the Identified Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 2:**

Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "every . . . note . . . other document"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it is duplicative of other requests (*e.g.* Request No. 1).

Abbott also objects to this request as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention (35 U.S.C. § 102(g)).

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 3:**

All documents and things concerning, referring to or relating to the research, design and/or development related to the sample volume used with Defendant's Identified Electrochemical Sensors.

9

**RESPONSE TO REQUEST NO. 3:**

Abbott objects to this request as vague and ambiguous (*e.g.*, "sample volume used with"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it is duplicative of other requests (*e.g.* Request No. 1).

Abbott also objects to this request as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 4:**

All documents concerning, referring to or relating to any tests, studies or experiments related to the sample volume used with Defendant's Identified Electrochemical Sensors.

10

**RESPONSE TO REQUEST NO. 4:**

Abbott objects to this request as vague and ambiguous (*e.g.*, "sample volume used with"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it seeks publicly available information or information that is within the custody of Roche. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott. Abbott further objects to this request to the extent it is duplicative of other requests (*e.g.*, Request Nos. 1-3). Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

11

**REQUEST NO. 5:**

All documents and things concerning, referring to or relating to the research, design and/or development related to the time required to determine the concentration of glucose in a blood sample with Defendant's Identified Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 5:**

Abbott objects to this request as vague and ambiguous (e.g., "blood sample" and "time required to determine the concentration of glucose in a blood sample"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (e.g., to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it seeks publicly available information or information that is within the custody of Roche. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott. Abbott further objects to this request to the extent it is duplicative of other requests (e.g., Request No. 1).

Abbott also objects to this request as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive

12

documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 6:**

All documents concerning, referring to or relating to any tests, studies or experiments related to the time required to determine the concentration of glucose in a blood sample with Defendant's Identified Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 6:**

Abbott objects to this request as vague and ambiguous (*e.g.*, "time required to determine the concentration of glucose in a blood sample"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it seeks publicly available information or information that is within the custody of Roche. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott. Abbott further objects to this request to the extent it is duplicative of other requests (*e.g.*, Request Nos. 1 and 5). Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention (35 U.S.C. § 102(g)).

13

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 7:**

All documents and things concerning, referring to or relating to any inspection, review, testing, experimenting, operation, disassembly, analysis or reverse engineering of any Electrochemical Sensors having a capillary chamber that holds a blood sample volume of 1 μl or less and provides a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber made, used, offered for sale or sold by Plaintiffs or any other person.

**RESPONSE TO REQUEST NO. 7:**

Abbott objects to this request as vague and ambiguous (*e.g.*, "experimenting . . . of any Electrochemical Sensor," "within 10 seconds or less after the blood sample enter the capillary chamber," "blood sample volume" and "capillary chamber"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it seeks publicly available information or information that is within the custody of Roche. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control

14

of Abbott. Abbott further objects to this request to the extent it is duplicative of other requests (*e.g.*, Request No. 19).

Abbott also objects to this request as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. Abbott's "inspection, review, testing, experimenting, operation, disassembly, analysis or reverse engineering of any Electrochemical Sensors . . . made, used, offered for sale or sold by Plaintiffs or any other person" is not relevant to the issues infringement or prior invention.

**REQUEST NO. 8:**

All documents and things concerning, referring to or relating to any submissions, filings or communications with any state or federal regulatory agency relating to the Identified Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 8:**

Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it seeks publicly available information or information that is within the custody of Roche. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott.

15

Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. Abbott further objects to this request to the extent it is duplicative of other requests (e.g., Request No. 1, 4, 5 and 6).

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 9:**

All documents and things concerning, referring to or relating to Defendant's decision to research, design, develop, manufacture, import, sell or offer for sale any Electrochemical Sensors having a capillary chamber that holds a blood sample volume of 1 μl or less and providing a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber.

**RESPONSE TO REQUEST NO. 9:**

Abbott objects to this request as vague and ambiguous (e.g., "capillary chamber," "blood sample volume" and "readout," within 10 seconds or less after the blood sample enters the capillary chamber"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Abbott specifically objects to this request to the extent that it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, used, sold, offered for sale or imported in the United States on or after October 2, 2007. Abbott also objects to this request as overly broad and unduly burdensome (e.g., to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an

16

unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it is duplicative of other requests (e.g., Request No. 1).

Abbott also objects to this request as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. "[Abbott's] decision to research, design, develop, manufacture, import, sell or offer for sale any Electrochemical Sensors having a capillary chamber that holds a blood sample volume of 1μl or less and providing a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber" is not relevant to the issues infringement or prior invention.

**REQUEST NO. 10:**

All documents and things concerning, referring to, relating to or constituting minutes, memos or other records of meetings of directors, officers, employees and/or other personnel of Defendant where Electrochemical Sensors having a capillary chamber that holds a blood sample volume of 1 μl or less were discussed referenced or considered in any way.

**RESPONSE TO REQUEST NO. 10:**

Abbott objects to this request as vague and ambiguous (e.g., "blood sample volume," "capillary chamber" and "discussed referenced or considered in any way"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Abbott specifically objects to this request to the extent that it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured,

17

used, sold, offered for sale or imported in the United States on or after October 2, 2007. Abbott also objects to this request as overly broad and unduly burdensome (e.g., to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott also objects to this request as, being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention.

**REQUEST NO. 11:**

All documents and things concerning, referring to, relating to or constituting minutes, memos or other records of meetings of directors, officers, employees and/or other personnel of Defendant where Electrochemical Sensors which provide a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber were discussed referenced or considered in any way.

**RESPONSE TO REQUEST NO. 11:**

Abbott objects to this request as vague and ambiguous (e.g., "capillary chamber," "after the blood sample enters the capillary chamber," "blood sample" and "discussed referenced or considered in any way"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Abbott specifically objects to this request to the extent that it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, used, sold, offered for sale or imported in the United States on or after October 2, 2007. Abbott also objects to this request as overly broad and

18

unduly burdensome (e.g., to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention. The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

## REQUEST NO. 12:

All documents and things concerning, referring to or relating to any utility, advantages, value or business significance of any Electrochemical Sensors having a capillary chamber that holds a blood sample volume of 1 μl or less.

## RESPONSE TO REQUEST NO. 12:

Abbott objects to this request as vague and ambiguous (e.g., "utility, advantages, value or business significance," "capillary chamber" and "blood sample volume"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Abbott specifically objects to this request to the extent that it seeks discovery concerning

19

Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, used, sold, offered for sale or imported in the United States on or after October 2, 2007. Abbott also objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it seeks publicly available information or information that is within the custody of Roche. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott.

Abbott also objects to this request as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. Discovery concerning "any utility, advantages, value or business significance of any Electrochemical Sensors having a capillary chamber that holds a blood sample volume of 1 μl or less" is not relevant in any way to the issues of infringement or prior invention. Rather, this discovery appears to be relevant, if at all, to the issues of damages and willful infringement, and therefore to be improper at this time.

**REQUEST NO. 13:**

All documents and things concerning, referring to or relating to any utility, advantages, value or business significance of any Electrochemical Sensors which provide a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber.

**RESPONSE TO REQUEST NO. 13:**

Abbott objects to this request as vague and ambiguous (*e.g.*, "ready out," "capillary chamber," "blood sample," "advantages, value or business significance," and "after the blood sample enters the capillary chamber"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Abbott specifically objects to this request to the extent that it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, used, sold, offered for sale or imported in the United States on or after October 2, 2007. Abbott also objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it seeks publicly available information or information that is within the custody of Roche. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott. Abbott further objects to this request to the extent it is duplicative of other requests (*e.g.*, Request No. 9).

Abbott also objects to this request as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. Discovery concerning "any utility, advantages, value or business significance of any Electrochemical Sensors which provide a readout

21

of the glucose concentration of the blood sample within 10 seconds or less after the blood sample

enters the capillary chamber" is not relevant to the issues infringement or prior invention (35 U.S.C.

§ 102(g)). Rather, this discovery appears to be relevant, if at all, to the issues of damages and

willful infringement, and therefore to be improper at this time.

## REQUEST NO. 14:

Organizational charts or other documents for the period from 2002 to the present detailing the corporate structure, management, chain of command and all officers, directors or other employees or personnel of Defendant with any responsibility for the design, engineering, research, development, testing, manufacturing, commercialization, sales, marketing, competitive product analysis or legal analysis of Identified Electrochemical Sensors.

## RESPONSE TO REQUEST NO. 14:

Abbott objects to this request as vague and ambiguous (*e.g.*, "any responsibility"). Abbott

objects to this request to the extent it seeks information that is neither relevant to any claim or

defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

(*e.g.*, to the extent it seeks "documents for the period from 2002 to the present"). Abbott also

objects to this request as being impermissibly premature in that it seeks information that is not

relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has

ordered phased discovery in this action, with discovery during this initial phase being limited to the

issues of infringement or prior invention. The information sought through this request is not

relevant to the issues infringement or prior invention.

## REQUEST NO. 15:

The most current curriculum vitae for the ten people primarily responsible for the design, engineering, research, development or testing of the Identified Electrochemical Sensors.

## RESPONSE TO REQUEST NO. 15:

Abbott objects to this request as vague and ambiguous (*e.g.*, "primary responsibility"). Abbott also objects to this request as being impermissibly premature in that it seeks information that

is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

## REQUEST NO. 16:

All documents and things identifying the names and titles of all persons having any role in the research, design and/or development of any of Defendant's Identified Electrochemical Sensors.

## RESPONSE TO REQUEST NO. 16:

Abbott objects to this request as vague and ambiguous (*e.g.*, "any role"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott.

Abbott also objects to this request as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention.

23

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 17:**

The most current curriculum vitae for the ten people primarily responsible for the commercialization, sales, marketing or competitive product analysis of the Identified Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 17:**

Abbott objects to this request as vague and ambiguous (*e.g.*, "primary responsibility"). Abbott also objects to this request as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. The information sought through this request is not relevant to the issues infringement or prior invention.

**REQUEST NO. 18:**

All documents and things identifying the names and titles of all persons having any role in the sales and/or marketing of any of Defendant's Identified Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 18:**

Abbott objects to this request as vague and ambiguous (*e.g.*, "any role"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive

24

obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott.

Abbott also objects to this request as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. The information sought through this request is not relevant to the issues infringement or prior invention.

**REQUEST NO. 19:**

All documents and things concerning, referring to or relating to any comparison or comparative test of Defendant's Identified Electrochemical Sensors with any other Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 19:**

Abbott objects to this request as vague and ambiguous (*e.g.*, "comparison or comparative test"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it seeks publicly available information or information that is within the custody of Roche. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott. Abbott further objects to this request to the extent it is duplicative of other requests (*e.g.* Request No. 7).

25

Abbott also objects to this request as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention (35 U.S.C. § 102(g)). "[C]omparison or comparative test of Defendant's Identified Electrochemical Sensors with any other Electrochemical Sensors" is not relevant to the issues infringement or prior invention (35 U.S.C. § 102(g)).

## REQUEST NO. 20:

All documents and things referring to, relating to or comprising product literature and technical descriptions provided to health care providers, users and/or customers, including but not limited to instruction manuals, operators manuals, owners manuals, user guides, user manuals, repair manuals, services manuals or care manuals, concerning, referring to or relating to Identified Electrochemical Sensors, including drafts or other versions not distributed to health care providers, users and/or customers.

## RESPONSE TO REQUEST NO. 20:

Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott also objects to this request as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. In this regard, "drafts or other versions not

26

distributed to health care providers, users and/or customers" are not relevant to the issues infringement or prior invention.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 21:**

Ten (10) samples of every model or type of Defendant's Identified Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 21:**

Abbott objects to this as imposing an unduly burdensome and expensive obligation on Abbott. Defendant's Electrochemical Sensors, including those identified in paragraph 23 of Roche's Complaint, are commercially available at a variety of retailers and can readily be purchased by Roche.

**REQUEST NO. 22:**

All documents and things concerning, referring to or relating to the research, design, development, production or manufacture of any alternatives to Defendant's Identified Electrochemical Sensors, whether or not rejected.

**RESPONSE TO REQUEST NO. 22:**

Abbott objects to this request as vague and ambiguous (*e.g.*, "alternatives" and "whether or not rejected"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes

27

an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce

documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott

further objects to this request to the extent that it is invasive of the attorney-client privilege, work-

product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott further objects to this request to the extent it is duplicative of other requests (*e.g.*

Request No. 1). Abbott also objects to this request as being impermissibly premature in that it seeks

information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)).

The Court has ordered phased discovery in this action, with discovery during this initial phase being

limited to the issues of infringement or prior invention. "[T]he research, design, development,

production or manufacture of . . . alternatives to Defendant's Identified Electrochemical Sensors" is

not relevant to the issues infringement or prior invention.

**REQUEST NO. 23:**

All documents and things concerning, referring to or relating to the decision(s) by
Defendant regarding the selection or rejection of any designs of or components for Identified
Electrochemical Sensors and/or methods of using an Electrochemical Sensor having a capillary
chamber that holds a blood sample volume of 1 μl or less or provides a readout of the glucose
concentration of the blood sample within 10 seconds or less after the blood sample enters the
capillary chamber.

**RESPONSE TO REQUEST NO. 23:**

Abbott objects to this request as vague and ambiguous (*e.g.*, "capillary chamber," "blood

sample volume," "readout," and "after the blood sample enters the capillary chamber"). Abbott

objects to this request to the extent it seeks information that is neither relevant to any claim or

defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. In

this regard, Abbott specifically objects to this request to the extent that it seeks discovery

concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being

manufactured, used, sold, offered for sale or imported in the United States on or after October 2,

2007. Abbott objects to this request as overly broad and unduly burdensome (e.g., to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it is duplicative of other requests (e.g. Request No. 1).

Abbott also objects to this request as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. "[T]he selection or rejection of any designs of or components for Identified Electrochemical Sensors and/or methods of using an Electrochemical Sensor" is not relevant to the issues infringement or prior invention.

**REQUEST NO. 24:**

All documents and things concerning, referring to or relating to any components or parts contained in, or used or considered for use in Defendant's Identified Electrochemical Sensors, including but not limited to any research and development related thereto.

**RESPONSE TO REQUEST NO. 24:**

Abbott objects to this request as vague and indefinite (e.g., "considered for use"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (e.g., to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this

29

request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it is duplicative of other requests (*e.g.* Request No. 1).

Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. The "components or parts . . . considered for use in Defendant's Identified Electrochemical Sensors" and the "research and development related [to any components or parts contained in, or used or considered for use in Defendant's Identified Electrochemical Sensors]" is not relevant to the issues infringement or prior invention.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 25:**

All documents and things concerning, referring to, relating to or depicting the specifications of and process steps used in Defendant's Identified Electrochemical Sensors, and each revision thereof.

**RESPONSE TO REQUEST NO. 25:**

Abbott objects to this request as vague and ambiguous (*e.g.*, "specifications of" and "process steps used in"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Abbott specifically objects to this request to the extent that it

seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors

that are being manufactured, used, sold, offered for sale or imported in the United States on or after

October 2, 2007. Abbott objects to this request as overly broad and unduly burdensome (e.g., to the

extent it seeks "All documents" and "each revision"). Abbott further objects to this request to the

extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and

produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott.

Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege,

work-product immunity or other applicable privilege, immunity, or confidential obligation.

Subject to and without waiving Abbott's General Objections and specific objections, and to

the extent this request can be understood, Abbott will produce non-privileged, responsive

documents to the extent they exist and are in the possession, custody or control of Abbott. Further,

responsive documents that contain confidential, proprietary, and/or sensitive business information

will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.


**REQUEST NO. 26:**

All documents and things concerning, referring to or relating to all draft, proposed or final specifications for Defendant's Identified Electrochemical Sensors or any other existing or proposed Electrochemical Sensors having a capillary chamber that holds a blood sample volume of 1 µl or less or provides a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber.

**RESPONSE TO REQUEST NO. 26:**

Abbott objects to this request as vague and ambiguous (e.g., "specifications," "capillary

chamber," "blood sample volume," "readout," and "after the blood sample enters the capillary

chamber"). Abbott objects to this request to the extent it seeks information that is neither relevant to

any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible

evidence. In this regard, Abbott specifically objects to this request to the extent that it seeks

31

discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, used, sold, offered for sale or imported in the United States on or after October 2, 2007. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents" and "draft [or] proposed . . . specifications"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 27:**

All documents and things showing, describing, referring to or relating to the structure and/or operation of any Electrochemical Sensor having a capillary chamber that holds a blood sample volume of 1 µl or less, including but not limited to Defendant's Identified Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 27:**

Abbott objects to this request as vague and ambiguous (*e.g.*, "capillary chamber" and "blood sample volume"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Abbott specifically objects to this request to the extent that it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, used, sold, offered for sale or imported in the United States on or after

October 2, 2007. Abbott objects to this request as overly broad and unduly burdensome (e.g., to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 28:**

All documents and things showing, describing, referring to or relating to the structure and/or operation of any Electrochemical Sensor which provide a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber, including but not limited to Defendant's Identified Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 28:**

Abbott objects to this request as vague and ambiguous (e.g., "capillary chamber," "blood sample" and "after the blood samples enters the capillary chamber"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Abbott specifically objects to this request to the extent that it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, used, sold,

33

offered for sale or imported in the United States on or after October 2, 2007. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 29:**

All documents and things sufficient to show how the component parts of Defendant's Identified Electrochemical Sensors work together or interact with each other in the operation of the Identified Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 29:**

Abbott objects to this request as vague and ambiguous (*e.g.*, "work together or interact").

Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Abbott specifically objects to this request to the extent that it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, used, sold, offered for sale or imported in the United States on or after October 2, 2007. Subject to and without waiving Abbott's General Objections and specific objections, and

34

to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 30:**

All documents and things concerning, referring to or relating to comparisons between the components used in Defendant's Identified Electrochemical Sensors and any other components considered, proposed or actually used in Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 30:**

Abbott objects to this request as vague and ambiguous (*e.g.*, "comparisons"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott specifically objects to this request to the extent it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, sold, offered to sale, used or imported into the United States on or after October 2, 2007. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott. Abbott further objects to this request to the extent it is duplicative of other requests (*e.g.* Request No. 24).

Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention. The Court has

35

ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. It is not seen how "comparisons between the components used in Defendant's Identified Electrochemical Sensors and any other components considered, proposed or actually used in Electrochemical Sensors" is relevant to the issues infringement or prior invention.

**REQUEST NO. 31:**

All documents and things concerning, referring to or relating to any agreement between Defendant and any other person for the research, design, development or manufacture of the Identified Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 31:**

Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott specifically objects to this request to the extent it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, sold, offered to sale, used or imported into the United States on or after October 2, 2007. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. For example, it is not seen how

36

"[agreements for] the research, design, [and/or] development of the Identified Electrochemical

Sensors" is relevant to the issues infringement or prior invention.

Subject to and without waiving Abbott's General Objections and specific objections, and to

the extent this request can be understood, Abbott will produce non-privileged, responsive

documents to the extent they exist and are in the possession, custody or control of Abbott. Further,

responsive documents that contain confidential, proprietary, and/or sensitive business information

will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 32:**

All documents and things concerning, referring to, relating to or constituting any
communications between Defendant and any other person concerning the Identified Electrochemical
Sensors.

**RESPONSE TO REQUEST NO. 32:**

Abbott objects to this request to the extent it seeks information that is neither relevant to any

claim or defense in this action nor reasonably calculated to lead to the discovery of admissible

evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent

it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly

burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose

relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott specifically objects to

this request to the extent it seeks discovery concerning Electrochemical Sensors other than Abbott's

Electrochemical Sensors that are being manufactured, sold, offered to sale, used or imported into the

United States on or after October 2, 2007. Abbott further objects to this request to the extent that it

is invasive of the attorney-client privilege, work-product immunity or other applicable privilege,

immunity, or confidential obligation. Abbott also objects to this request as being impermissibly

premature to the extent that it seeks information that is not relevant to the issues of infringement or

prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with

37

discovery during this initial phase being limited to the issues of infringement or prior invention (35 U.S.C. § 102(g)).

**REQUEST NO. 33:**

All documents and things concerning, referring to, relating to or constituting any communications between Defendant and any other person concerning an Electrochemical Sensor having a blood sample volume of 1 µl or less.

**RESPONSE TO REQUEST NO. 33:**

Abbott objects to this request as vague and indefinite (*e.g.*, "blood sample volume"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Abbott specifically objects to this request to the extent that it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, used, sold, offered for sale or imported in the United States on or after October 2, 2007. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it is duplicative of other requests (*e.g.* Request No. 36). Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention.

38

**REQUEST NO. 34:**

All documents and things concerning, referring to, relating to or constituting any communications between Defendant and any other person concerning an Electrochemical Sensor having a test time of 10 seconds or less.

**RESPONSE TO REQUEST NO. 34:**

Abbott objects to this request as vague and indefinite (*e.g.*, "test time"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Abbott specifically objects to this request to the extent that it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, used, sold, offered for sale or imported in the United States on or after October 2, 2007. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it is duplicative of other requests (*e.g.* Request No. 35).

Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention.

**REQUEST NO. 35:**

All documents and things concerning, referring to, relating to or constituting any communications between Defendant and any other person concerning an Electrochemical Sensor which

39

provide a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber.

**RESPONSE TO REQUEST NO. 35:**

Abbott objects to this request as vague and indefinite (*e.g.*, "readout," "glucose concentration," "blood sample," "within 10 seconds after the blood sample enters the capillary chamber" and "capillary chamber"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Abbott specifically objects to this request to the extent that it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, used, sold, offered for sale or imported in the United States on or after October 2, 2007.    Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it is duplicative of other requests (*e.g.* Request No. 34). Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further,

40

responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

## REQUEST NO. 36:

All documents resulting from, concerning, referring to or relating to any prior art, literature and/or patent searches conducted by, at the request of or on behalf of Defendant with respect to Electrochemical Sensors having a capillary chamber that holds a blood sample volume of 1 µl or less.

## RESPONSE TO REQUEST NO. 36:

Abbott objects to this request as vague and indefinite (*e.g.*, "capillary chamber" and "blood sample volume"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it is duplicative of other requests (*e.g.* Request No. 33). Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. It is noted that Roche agreed to limit this request to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent. "[P]rior art, literature and/or patent searches" are not relevant to the issues infringement or prior invention.

41

**REQUEST NO. 37:**

All documents resulting from, concerning, referring to or relating to any prior art, literature and/or patent searches conducted by, at the request of or on behalf of Defendant with respect to Electrochemical Sensors which provide a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber.

**RESPONSE TO REQUEST NO. 37:**

Abbott objects to this request as vague and indefinite (*e.g.*, "readout," "glucose concentration," "blood sample," "after the blood sample enters the capillary chamber" and "capillary chamber"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it is duplicative of other requests (*e.g.* Request Nos. 34 and 35).

Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention (35 U.S.C. § 102(g)). It is noted that Roche agreed to limit this request to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent. "[P]rior art, literature and/or patent searches" are not relevant to the issues infringement or prior invention.

42

## REQUEST NO. 38:

All documents and things sufficient to demonstrate the amount of time, money and effort spent by or on behalf of Defendant with respect to developing Defendant's Identified Electrochemical Sensors.

## RESPONSE TO REQUEST NO. 38:

Roche has withdrawn this request, and, thus, Abbott is not required to object or further respond to this request.

## REQUEST NO. 39:

All documents and things concerning, referring to or relating to Defendant's knowledge of Plaintiffs' activities in research, patenting, development, manufacturing, use or sale of Electrochemical Sensors having a capillary chamber that holds a blood sample volume of 1 µl or less.

## RESPONSE TO REQUEST NO. 39:

Abbott objects to this request as vague and indefinite (*e.g.*, "knowledge," "activities," "capillary chamber" and "blood sample volume"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention (35 U.S.C. § 102(g)).

43

"[Abbott's] knowledge of Plaintiffs' activities in research, patenting, development, manufacturing, use or sale of Electrochemical Sensors having a capillary chamber that holds a blood sample volume of 1 µl or less" is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). Rather, the information sought through this request appears to be relevant, if at all, to the issue of willful infringement.

### REQUEST NO. 40:

All documents and things concerning, referring to or relating to Defendant's knowledge of Plaintiffs' activities in research, patenting, development, manufacturing, use or sale of Electrochemical Sensors which provide a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber.

### RESPONSE TO REQUEST NO. 40:

Abbott objects to this request as vague and indefinite (e.g., "readout," "glucose concentration," "blood sample," "after the blood sample enters the capillary chamber" and "capillary chamber"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (e.g., to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. "[Abbott's] knowledge of

44

Plaintiffs' activities in research, patenting, development, manufacturing, use or sale of Electrochemical Sensors which provide a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber" is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). Rather, the information sought through this request appears to be relevant, if at all, to the issue of willful infringement.

**REQUEST NO. 41:**

All documents concerning, referring to or relating to Christopher D. Wilsey.

**RESPONSE TO REQUEST NO. 41:**

Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it seeks publicly available information or information that is within the custody of Roche. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott.

Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention.

45

**REQUEST NO. 42:**

All documents concerning, referring to or relating to Nigel A. Surridge.

**RESPONSE TO REQUEST NO. 42:**

Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it seeks publicly available information or information that is within the custody of Roche. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott.

Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention.

**REQUEST NO. 43:**

All documents and things concerning, referring to or relating (in words or in substance) to the patents-in-suit, including but not limited to: (a) all documents and things concerning, referring to or relating to the validity and/or invalidity of the patents-in-suit; (b) all documents and things concerning, referring to or relating to the enforceability and/or unenforceability of any of the subject matter claimed by the patents-in-suit; and (c) all documents and things concerning, referring to or relating to any infringement and/or non-infringement of the patents-in-suit by Defendant or by anyone else.

46

**RESPONSE TO REQUEST NO. 43:**

Abbott objects to this request as vague and indefinite (*e.g.*, "in words or in substance"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it seeks publicly available information or information that is within the custody of Roche. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott.

Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. It is noted that Roche agreed to limit this request to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

47

## REQUEST NO. 44:

All documents and things concerning, referring to or relating to any analysis, consideration, negotiation, recommendation or proposal relating to obtaining a license or other rights under the patents-in-suit.

## RESPONSE TO REQUEST NO. 44:

Abbott objects to this request as vague and indefinite (*e.g.*, "other rights"). Abbott objects to

this request to the extent it seeks information that is neither relevant to any claim or defense in this

action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to

this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents").

Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive

obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far

outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent

that it is invasive of the attorney-client privilege, work-product immunity or other applicable

privilege, immunity, or confidential obligation.

Abbott also objects to this request as being impermissibly premature to the extent that it

seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. §

102(g)). The Court has ordered phased discovery in this action, with discovery during this initial

phase being limited to the issues of infringement or prior invention. Documents "concerning,

referring to or relating to any analysis, consideration, negotiation, recommendation or proposal

relating to obtaining a license or other rights under the patents-in-suit" are not relevant to the issues

of infringement or prior inventorship.

## REQUEST NO. 45:

All documents and things concerning, referring to, relating to or constituting minutes, memos or other records of meetings of directors, officers, employees and/or other personnel of Defendant where Plaintiffs and/or the patents-in-suit were discussed, referenced or considered in any way.

48

**RESPONSE TO REQUEST NO. 45:**

Abbott objects to this request as vague and indefinite (*e.g.*, "other rights"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. "[M]inutes, memos or other records of meetings of directors, officers, employees and/or other personnel of Defendant where Plaintiffs and/or the patents-in-suit were discussed, referenced or considered in any way" are not relevant to the issues infringement or prior invention.

**REQUEST NO. 46:**

All documents and things concerning, referring to or relating to any consideration given or decisions or efforts made by Defendant to design around the patents-in-suit.

**RESPONSE TO REQUEST NO. 46:**

Abbott objects to this request as vague and indefinite (*e.g.*, "design around"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects

49

to this request as overly broad and unduly burdensome (e.g., to the extent it seeks "All documents").
Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive
obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far
outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent
that it is invasive of the attorney-client privilege, work-product immunity or other applicable
privilege, immunity, or confidential obligation.

Abbott also objects to this request as being impermissibly premature to the extent that it
seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. §
102(g)). The Court has ordered phased discovery in this action, with discovery during this initial
phase being limited to the issues of infringement or prior invention. Discover relating to "any
consideration given or decisions or efforts made by [Abbott] to design around the patents-in-suit" is
not relevant to the issues of infringement or prior invention.

**REQUEST NO. 47:**

All documents and things concerning, referring to or relating to any decisions or efforts
made by Defendant to design Electrochemical Sensors that would not infringe the patents-in-suit.

**RESPONSE TO REQUEST NO. 47:**

Abbott objects to this request to the extent it seeks information that is neither relevant to any
claim or defense in this action nor reasonably calculated to lead to the discovery of admissible
evidence. Abbott objects to this request as overly broad and unduly burdensome (e.g., to the extent
it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly
burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose
relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this
request to the extent that it is invasive of the attorney-client privilege, work-product immunity or
other applicable privilege, immunity, or confidential obligation.

# EXHIBIT O – PART 2

Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. Discovery relating to "decisions or efforts made by [Abbott] to design Electrochemical Sensors that would not infringe the patents-in-suit" is not relevant to the issues of infringement or prior invention.

**REQUEST NO. 48:**

All documents that Defendant intends to rely on to assert invalidity, unenforceability or non-infringement of any of the patents-in-suit or which otherwise refer or relate to any defense or counterclaim asserted by Defendant.

**RESPONSE TO REQUEST NO. 48:**

Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. In this regard, it is noted that Roche has limited this request to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent.

Abbott objects to this request as premature and unduly burdensome because, *inter alia*, Roche has not yet identified the asserted claims. Abbott further objects to this request as premature

51

since Roche has not yet provided (a) their proposed constructions of the asserted claims, (b) the bases and supporting evidence for such proposed constructions, or (c) the bases for Roche's allegations of infringement of such asserted claims (including claim charts). As the alleged patent owner, Roche has the burden of proof on infringement and presumably has this information readily available.

Abbott further objects to this request as a premature because discovery only recently commenced in this lawsuit and Roche has not yet obtained the required discovery from Roche on the patents-in-suit (indeed, Roche has not produced any documents to date). Abbott would be unduly burdened having to respond to this request at this time without the opportunity to obtain and review such discovery from Roche.

Abbott further objects to this request as being premature to the extent it conflicts with the scheduling adopted by the Court. (*See* D.I. 76 and 77). The schedule provides dates for the exchange of claim construction contentions and expert discovery.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 49:**

All patents, printed publications, other items of prior art or other documents, including any English translations thereof, the Defendant believes may have any bearing on the validity of the patents-in-suit.

**RESPONSE TO REQUEST NO. 49:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further respond to this request.

52

**REQUEST NO. 50:**

All documents resulting from, concerning, referring to or relating to any prior art, literature and/or patent searches conducted by, at the request of or on behalf of Defendant with respect to the patents-in-suit.

**RESPONSE TO REQUEST NO. 50:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further respond to this request.

**REQUEST NO. 51:**

All documents evidencing, referring to or relating to the state of the art relevant to the subject matter claimed in the patents-in-suit as of the time of filing of the application that issued as the 146 patent.

**RESPONSE TO REQUEST NO. 51:**

Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it seeks publicly available information or information that is within the custody of Roche. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott.

Abbott also objects to this request as being impermissibly premature to the extent it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention.

Abbott objects to this request as premature and unduly burdensome because, *inter alia*, Roche has not yet identified the asserted claims.

Abbott further objects to this request as being premature to the extent it conflicts with the schedule adopted by the Court. The schedule provides dates for the exchange of claim construction contentions and expert discovery.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 52:**

All documents evidencing, referring to or relating to the state of the art relevant to the subject matter claimed in the patents-in-suit as of the time of filing of the application that issued as the 147 patent.

**RESPONSE TO REQUEST NO. 52:**

Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it seeks publicly available information or information that is within the custody of Roche. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott.

54

. ~Abbott also objects to this request as being impermissibly premature to the extent it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention.

Abbott objects to this request as premature and unduly burdensome because, *inter alia*, Roche has not yet identified the asserted claims.

Abbott further objects to this request as a premature because discovery only recently commenced in this lawsuit and Roche has not yet obtained the required discovery from Roche on the patents-in-suit (indeed, Roche has not produced any documents to date). Abbott would be unduly burdened having to respond to this request at this time without the opportunity to obtain and review such discovery from Roche.

Abbott further objects to this request as being premature to the extent it conflicts with the schedule adopted by the Court. The schedule provides dates for the exchange of claim construction contentions and expert discovery.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 53:**

All documents and things concerning, referring to or relating to United States or foreign patent applications, requests for reexamination, patents, invention certificates, reissues, reexaminations, invention disclosures and file histories concerning or relating to the patents-in-suit, including but not limited to the Requests for Reexamination.

**RESPONSE TO REQUEST NO. 53:**

Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it seeks publicly available information or information that is within the custody of Roche. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott.

Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. Roche has limited this request to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent.

Abbott further objects to this request as a premature because discovery only recently commenced in this lawsuit and Roche has not yet obtained the required discovery from Roche on the patents-in-suit (indeed, Roche has not produced any documents to date). Abbott would be unduly burdened having to respond to this request at this time without the opportunity to obtain and review such discovery from Roche.

56

## REQUEST NO. 54:

All documents and things concerning, referring to or relating to any written opinions prepared by or on Defendant's behalf, or received by or on Defendant's behalf, regarding the patents-in-suit, including but not limited to opinions relating to the validity, invalidity, enforceability, unenforceability, infringement and/or non-infringement of the patents-in-suit, all drafts of opinions and all documents considered, reviewed or relied on in formulating and/or rendering opinions.

## RESPONSE TO REQUEST NO. 54:

Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott.

Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. Roche has limited this request to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent.

Abbott objects to this request as being premature and unduly burdensome to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine in advance of any Court-ordered date for election of whether Abbott wishes to waive the attorney-client privilege with respect to any potentially responsive information.

57

**REQUEST NO. 55:**

All documents and things concerning, referring to or relating to any discussion or communication, whether written or oral, of the validity, invalidity, enforceability, unenforceability, infringement and/or non-infringement of the patents-in-suit.

**RESPONSE TO REQUEST NO. 55:**

Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott. Abbott further objects to this request to the extent it is duplicative of other requests (*e.g.* Request No. 54).

Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. Roche has limited this request to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent.

Abbott objects to this request as being premature and unduly burdensome to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine in advance of any Court-ordered date for election of whether Abbott wishes to waive the attorney-client privilege with respect to any potentially responsive information.

58

**REQUEST NO. 56:**

All documents and things concerning, referring to or relating to the billing, such as bills or invoices, for any opinion, discussion and/or communication, whether written or oral, regarding validity, invalidity, enforceability, unenforceability, infringement and/or non-infringement of the patents-in-suit or any claim thereof.

**RESPONSE TO REQUEST NO. 56:**

Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. Roche has limited this request to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent.

Abbott objects to this request as being premature and unduly burdensome to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine in advance of any Court-ordered date for election of whether Abbott wishes to waive the attorney-client privilege with respect to any potentially responsive information.

## REQUEST NO. 57:

All documents and things concerning, referring to or relating to any licensing discussions, negotiations or agreements between Defendant and any person relating to any rights with regard to Defendant's Identified Electrochemical Sensors.

## RESPONSE TO REQUEST NO. 57:

Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott specifically objects to this request to the extent it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, sold, offered for sale, used or imported into the United States on or after October 2, 2007. Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott.

Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. Roche has limited this request to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent.

60

**REQUEST NO. 58:**

All license agreements and other documents concerning, referring to or relating to or reflecting any agreements between Defendant and any other person relating in any way to electrochemical sensors capable of being used to determine the concentration of a compound in any sample.

**RESPONSE TO REQUEST NO. 58:**

Abbott objects to this request as vague and indefinite (*e.g.,* "relating in any way" "capable of being used"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott specifically objects to this request to the extent it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, sold, offered for sale, used or imported into the United States on or after October 2, 2007. Abbott objects to this request as overly broad and unduly burdensome (*e.g.,* to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott. Abbott further objects to this request to the extent it is duplicative of other requests (*e.g.* Request No. 57).

Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. Roche has limited this request

61

to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent.

**REQUEST NO. 59:**

All documents and things concerning, describing, referring to, or relating to any agreements between Defendant and any other person with respect to Electrochemical Sensors

**RESPONSE TO REQUEST NO. 59:**

Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott specifically objects to this request to the extent it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, sold, offered for sale, used or imported into the United States on or after October 2, 2007. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott. Abbott further objects to this request to the extent it is duplicative of other requests (*e.g.*, Request No. 57 and 58).

Abbott also objects to this request as being impermissibly premature to that extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. Roche has limited this request

to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146

patent and the 147 patent.

### REQUEST NO. 60:

All documents and things concerning, referring to or relating to any offer for sale or sale in the United States of Defendant's Identified Electrochemical Sensors.

### RESPONSE TO REQUEST NO. 60:

Abbott objects to this request as vague and indefinite (*e.g.*, "offer for sale" and "sale"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott specifically objects to this request to the extent it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, sold, offered for sale, used or imported into the United States on or after October 2, 2007. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

63

**REQUEST NO. 61:**

All documents and things evidencing, concerning, referring to or relating to any free samples or other units of Defendant's Identified Electrochemical Sensors distributed without charge.

**RESPONSE TO REQUEST NO. 61:**

Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott specifically objects to this request to the extent it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, sold, offered for sale, used or imported into the United States on or after October 2, 2007. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 62:**

All documents and things constituting, referring to, or relating to advertising plans, business plans, marketing plans or efforts, promotional programs or strategies on the part of Defendant, or on its behalf, concerning Defendant's Identified Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 62:**

Abbott objects to this request as vague and ambiguous (*e.g.*, "advertising plans," "business plans," "marketing plans or efforts" and "promotional plans or strategies"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott also objects to this request as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 63:**

All documents and things advertising, describing or promoting, by or on behalf of Defendant, its Identified Electrochemical Sensors, whether or not such documents have yet been made public, including material prepared by or used by or for persons that distribute, market or sell Defendant's Identified Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 63:**

Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it is duplicative of other requests (*e.g.*, Request No. 62).

Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. Discovery concerning the documents that have not yet been made public is not relevant to the issues of infringement or prior invention.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

66

**REQUEST NO. 64:**

All documents and things comprising, referring to, or relating in any way to marketing materials that Defendant prepared or had prepared on its behalf in connection with the marketing and/or sale of the Identified Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 64:**

Abbott objects to this request as vague and ambiguous (*e.g.*, "marketing materials"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott specifically objects to this request to the extent it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, sold, offered for sale, used or imported into the United States on or after October 2, 2007. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it is duplicative of other requests (*e.g.*, Request No 63).

Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention (35 U.S.C. § 102(g)).

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further,

responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 65:**

All documents and things collecting, reflecting, or commenting upon feedback of any type from customers and/or users of Defendant's Identified Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 65:**

Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott specifically objects to this request to the extent it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, sold, offered for sale, used or imported into the United States on or after October 2, 2007. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott also objects to this request as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention (35 U.S.C. § 102(g)). Discovery concerning "customer feedback" is not relevant to the issues of infringement or prior invention.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive

68

documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 66:**

All documents and things concerning, referring to or relating to communications with distributors of Defendant's Identified Electrochemical Sensors, or potential distributors of Defendant's Identified Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 66:**

Abbott objects to this request as vague and ambiguous (*e.g.*, "comparisons"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott specifically objects to this request to the extent it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, sold, offered for sale, used or imported into the United States on or after October 2, 2007. Abbott specifically objects to this request to the extent it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, sold, offered for sale, used or imported into the United States on or after October 2, 2007. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. §

69

102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention (35 U.S.C. § 102(g)).

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

## REQUEST NO. 67:

All documents and things concerning, referring to or relating to communications with physicians, nurses, clinics or other potential users of Defendant's Identified Electrochemical Sensors.

## RESPONSE TO REQUEST NO. 67:

Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott specifically objects to this request to the extent it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, sold, offered for sale, used or imported into the United States on or after October 2, 2007. Abbott objects to this request as overly broad and unduly burdensome (e.g., to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. §

70

102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention (35 U.S.C. § 102(g)).

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 68:**

All documents and things concerning, referring to or relating to any study, projection, market or other evaluation or analysis of past, current or future sales or revenues for the Identified Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 68:**

Abbott objects to this request as vague and ambiguous (*e.g.*, "study" "projection" market or other evaluation"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott specifically objects to this request to the extent it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, sold, offered for sale, used or imported into the United States on or after October 2, 2007. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

71

Abbott also objects to this request as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention (35 U.S.C. § 102(g)). Discovery "relating to any study, projection, market or other evaluation or analysis of past, current or future sales or revenues for the Identified Electrochemical Sensors" is not relevant to the issues infringement or prior invention (35 U.S.C. § 102(g)).

### REQUEST NO. 69:

All documents and things concerning, referring to or relating to any study, projection, market or other evaluation or analysis of past, current or future sales or revenues for Electrochemical Sensors sold by Defendant, Plaintiffs or any other person.

### RESPONSE TO REQUEST NO. 69:

Abbott objects to this request as vague and ambiguous (*e.g.*, "study" "projection" market or other evaluation"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott specifically objects to this request to the extent it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, sold, offered for sale, used or imported into the United States on or after October 2, 2007. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott.

72

Abbott further objects to this request to the extent it is duplicative of other requests (*e.g.* Request No. 68).

Abbott also objects to this request as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention (35 U.S.C. § 102(g)). Discovery "relating to any study, projection, market or other evaluation or analysis of past, current or future sales or revenues for Electrochemical Sensors sold by Defendant, Plaintiffs or any other person" is not relevant to the issues infringement or prior invention (35 U.S.C. § 102(g)).

**REQUEST NO. 70:**

All documents and things concerning, referring to or relating to actual or projected sales or market share by Defendant, Plaintiffs or any other person of any Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 70:**

Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott specifically objects to this request to the extent it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, sold, offered for sale, used or imported into the United States on or after October 2, 2007. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to

73

the extent it seeks information not within the possession, custody or control of Abbott. Abbott further objects to this request to the extent it is duplicative of other requests (*e.g.* Request No. 69).

Abbott also objects to this request as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention (35 U.S.C. § 102(g)). Discovery "relating to actual or projected sales or market share by Defendant, Plaintiffs or any other person of any Electrochemical Sensors" is not relevant to the issues infringement or prior invention (35 U.S.C. § 102(g)).

**REQUEST NO. 71:**

All documents and things constituting, referring to or relating to Defendant's budgets, forecasts, projections, short and long term business and strategic plans, and short and long term reports related to sales activity for Identified Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 71:**

Abbott objects to this request as vague and indefinite (*e.g.*, "budgets," "forecasts," "projections," and "business and strategic plans"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott specifically objects to this request to the extent it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, sold, offered for sale, used or imported into the United States on or after October 2, 2007. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the

attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott also objects to this request as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. Discovery "relating to [Abbott's] budgets, forecasts, projections, short and long term business and strategic plans, and short and long term reports related to sales activity for Identified Electrochemical Sensors" is not relevant to the issues infringement or prior invention (35 U.S.C. § 102(g)).

**REQUEST NO. 72:**

Documents sufficient to identify all quantities of Defendant's Identified Electrochemical Sensors manufactured in or imported into the United States for any purpose.

**RESPONSE TO REQUEST NO. 72:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further respond to this request.

**REQUEST NO. 73:**

Documents sufficient to identify Defendant's current inventory of its Identified Electrochemical Sensors, in terms of potential value in sales.

**RESPONSE TO REQUEST NO. 73:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further respond to this request.

**REQUEST NO. 74:**

All documents and things concerning, referring to or relating to Defendant's sales of the Identified Electrochemical Sensors, by month and by year, from 2002 to present.

**RESPONSE TO REQUEST NO. 74:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further respond to this request.

**REQUEST NO. 75:**

All documents and things evidencing, referring to or relating to any income or revenue received, prices charged, costs incurred or profits earned by Defendant in connection with the Identified Electrochemical Sensors sold in the United States.

**RESPONSE TO REQUEST NO. 75:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further respond to this request.

**REQUEST NO. 76:**

All documents and things from which Defendant's unit sales and revenue of each model or type of Identified Electrochemical Sensors may be determined for each monthly and annual time period from 2002 to present.

**RESPONSE TO REQUEST NO. 76:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further respond to this request.

**REQUEST NO. 77:**

All documents and things from which Defendant's gross dollar sales of each model or type of Identified Electrochemical Sensors may be determined for each monthly and annual time period from 2002 to present.

**RESPONSE TO REQUEST NO. 77:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further respond to this request.

**REQUEST NO. 78:**

All documents constituting, concerning, referring to or relating to any determination of profit (including any estimates of unit or marginal profit, cost of goods sold, incremental costs, as well as any actual determination of profit) from Defendant's sales of Identified Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 78:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further

respond to this request.

**REQUEST NO. 79:**

All documents and things constituting, referring to or relating to sales summaries, sales invoices, purchases orders or discount summaries relating to Defendant's Identified Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 79:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further

respond to this request.

**REQUEST NO. 80:**

All documents and things identifying Defendant's distributors, dealers, sellers and customers of Defendant's Identified Electrochemical Sensors and volume of sales in units and dollars for each broken down on a monthly basis (and if monthly data is not available, quarterly or any other periodic basis that you keep records for) from 2002 to present.

**RESPONSE TO REQUEST NO. 80:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further

respond to this request.

**REQUEST NO. 81:**

All documents and things constituting, relating to or referring to Defendant's pricing of Identified Electrochemical Sensors, any changes in Defendant's pricing of Identified Electrochemical Sensors and/or any discounts offered or given on Defendant's Identified Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 81:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further

respond to this request.

**REQUEST NO. 82:**

All documents and things constituting, referring to or relating to unit pricing structure or
pricing policies for each model or type of Defendant's Identified Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 82:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further

respond to this request.

**REQUEST NO. 83:**

All documents and things constituting, referring to or relating to Defendant's contracts with
customers, dealers, distributors and sellers for the sale of Defendant's Identified Electrochemical
Sensors.

**RESPONSE TO REQUEST NO. 83:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further

respond to this request.

**REQUEST NO. 84:**

All documents and things referring to, relating to or discussing retail pricing, price levels,
price breaks or discounts (retail or distributor) with Defendant's distributors, dealers, sellers and
customers of Defendant's Identified Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 84:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further

respond to this request.

**REQUEST NO. 85:**

All documents and things concerning, referring to or relating to competition for the sale of
Electrochemical Sensors, including competition between Defendant and its competitors, including
but not limited to Plaintiffs, and any other defendants in this action.

**RESPONSE TO REQUEST NO. 85:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further

respond to this request.

**REQUEST NO. 86:**

All documents and things concerning, referring to or relating to market share, market share studies and marketing analyses or reports relating to Identified Electrochemical Sensors, including those prepared by or on behalf of Defendant, as well as industry reports.

**RESPONSE TO REQUEST NO. 86:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further

respond to this request.

**REQUEST NO. 87:**

All documents and things concerning, referring to or relating to marketing studies or research showing the size, forecast size or potential size of the market or industry for Defendant's Identified Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 87:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further

respond to this request.

**REQUEST NO. 88:**

All documents and things concerning, referring to or relating to marketing studies or research showing the size, forecast size or potential size of the customer base for Defendant's Identified Electrochemical Sensors, including but not limited to sales to distributors as well as consumers.

**RESPONSE TO REQUEST NO. 88:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further

respond to this request.

**REQUEST NO. 89:**

All documents and things concerning, referring to or relating to market share, market share studies and marketing analyses or reports relating to products competitive with Defendant's Identified Electrochemical Sensors (including but not limited to the products of Defendant's competitors such as Plaintiffs, and any other defendants in this action), including those prepared by or on behalf of Defendant, as well as industry reports.

**RESPONSE TO REQUEST NO. 89:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further

respond to this request.

**REQUEST NO. 90:**

All documents and things concerning, referring to or relating to marketing studies or research showing the size, forecast size or potential size of the market or industry for products competitive with Defendant's Identified Electrochemical Sensors, including but not limited to the products of Defendant's competitors such as Plaintiffs, and any other defendants in this action.

**RESPONSE TO REQUEST NO. 90:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further

respond to this request.

**REQUEST NO. 91:**

All documents and things concerning, referring to or relating to marketing studies or research showing the size, forecast size or potential size of the customer base for products competitive with Defendant's Identified Electrochemical Sensors (including but not limited to the products of Defendant's competitors such as Plaintiffs, and any other defendants in this action), including but not limited to sales to distributors as well as consumers.

**RESPONSE TO REQUEST NO. 91:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further

respond to this request.

**REQUEST NO. 92:**

All documents and things concerning, referring to or relating to information on the marketing or sale by Defendant or any of its customers, distributors, dealers or sellers of Defendant's Identified Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 92:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further

respond to this request.

**REQUEST NO. 93:**

All documents and things concerning, referring to or relating to information on the marketing or sale of products competitive with Defendant's Identified Electrochemical Sensors, including but not limited to the products of Defendant's competitors such as Plaintiffs, and any other defendants in this action.

**RESPONSE TO REQUEST NO. 93:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further

respond to this request.

**REQUEST NO. 94:**

All documents and things concerning, referring to or relating to information on market trends for Electrochemical Sensors, including but not limited to the products of Defendant's competitors such as Plaintiffs, and any other defendants in this action.

**RESPONSE TO REQUEST NO. 94:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further

respond to this request.

**REQUEST NO. 95:**

All documents and things concerning, referring to or relating to Defendant's market share of the total market for Electrochemical Sensors on a monthly basis (and if monthly data is not available, quarterly or any other periodic basis that you keep records for) from 2002 to present.

**RESPONSE TO REQUEST NO. 95:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further

respond to this request.

**REQUEST NO. 96:**

All documents and things from which Defendant's cost of production (including manufacturing costs, costs of materials, labor, overhead and other cost items) for each model or type of Identified Electrochemical Sensors may be determined for each monthly and annual time period from 2002 to present.

**RESPONSE TO REQUEST NO. 96:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further

respond to this request.

**REQUEST NO. 97:**

All documents and things from which Defendant's cost of sales (including selling expenses, marketing, distribution, attributed research and development and other general or administrative expense and interest expense) for each model or type of Identified Electrochemical Sensors may be determined for each monthly and annual time period from 2002 to present.

**RESPONSE TO REQUEST NO. 97:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further

respond to this request.

**REQUEST NO. 98:**

All documents and things concerning, referring to or relating to any analyses done by or on behalf of Defendant relating to the cost of Defendant's Identified Electrochemical Sensors compared to the cost of any other Electrochemical Sensors.

**RESPONSE TO REQUEST NO. 98:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further

respond to this request.

**REQUEST NO. 99:**

All financial statements, quarterly and annual reports and other shareholder reports for Defendant from 2002 to present.

82

**RESPONSE TO REQUEST NO. 99:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further

respond to this request.

**REQUEST NO. 100:**

All documents comprising any and all financial statements (audited and unaudited), financial projections or forecasts and profit and loss statements prepared by Defendant or on Defendant's behalf from 2002 to present.

**RESPONSE TO REQUEST NO. 100:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further

respond to this request.

**REQUEST NO. 101:**

All documents comprising any and all financial statements (audited and unaudited) for Defendant (as a whole, by division, by product line and by product), *e.g.*, income statements, balance sheets and statements of cash flow for each monthly, quarterly, annual or other period from 2002 to present.

**RESPONSE TO REQUEST NO. 101:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further

respond to this request.

**REQUEST NO. 102:**

All documents and things constituting, referring to or relating to Defendant's financial planning with respect to Identified Electrochemical Sensors

**RESPONSE TO REQUEST NO. 102:**

Roche has withdrawn this request, and, thus, Abbott is not required to object or further

respond to this request.

**REQUEST NO. 103:**

All documents and things constituting, referring to or relating to Defendant's issued patents or pending patent applications directed to any aspect of Defendant's Identified Electrochemical Sensors, including any patents and pending patent applications on which Defendant is a licensee.

**RESPONSE TO REQUEST NO. 103:**

Abbott objects to this request as vague and indefinite (e.g. "any aspect"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Abbott specifically objects to this request to the extent that it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, used, sold, offered for sale or imported in the United States on or after October 2, 2007. Abbott objects to this request as overly broad and unduly burdensome (e.g., to the extent it seeks "All documents . . . directed to any aspect"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further,

84

responsive documents that contain confidential, proprietary, and/or sensitive business information—

will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

## REQUEST NO. 104:

All documents and things concerning, referring to or relating to United States or foreign patent applications, requests for reexamination, patents, invention certificates, reissues, reexaminations, invention disclosures and file histories concerning or relating to any aspect of Defendant's Identified Electrochemical Sensors.

## RESPONSE TO REQUEST NO. 104:

Abbott objects to this request as vague and ambiguous (e.g. "any aspect"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Abbott specifically objects to this request to the extent that it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, used, sold, offered for sale or imported in the United States on or after October 2, 2007. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents . . . directed to any aspect"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott.

Abbott also objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. §

102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 105:**

All documents referring to or relating to Defendant's FreeStyle, FreeStyle Flash®, FreeStyle Freedom®, Precision Xtra and Optium products.

**RESPONSE TO REQUEST NO. 105:**

Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Abbott specifically objects to this request to the extent that it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, used, sold, offered for sale or imported in the United States on or after October 2, 2007. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott.

86

Abbott also objects to this request as being impermissibly premature to the extent that it

seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. §

102(g)). The Court has ordered phased discovery in this action, with discovery during this initial

phase being limited to the issues of infringement or prior invention.

Subject to and without waiving Abbott's General Objections and specific objections, and to

the extent this request can be understood, Abbott will produce non-privileged, responsive

documents to the extent they exist and are in the possession, custody or control of Abbott. Further,

responsive documents that contain confidential, proprietary, and/or sensitive business information

will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 106:**

All documents concerning, referring to or relating to both Plaintiffs and Electrochemical
Sensors.

**RESPONSE TO REQUEST NO. 106:**

Abbott objects to this request as being vague and ambiguous (*e.g.*, "referring or relating to

*both* Plaintiffs and Electrochemical Sensors"). Abbott objects to this request to the extent it seeks

information that is neither relevant to any claim or defense in this action nor reasonably calculated

to lead to the discovery of admissible evidence. In this regard, Abbott specifically objects to this

request to the extent that it seeks discovery concerning Electrochemical Sensors other than Abbott's

Electrochemical Sensors that are being manufactured, used, sold, offered for sale or imported in the

United States on or after October 2, 2007. Abbott objects to this request as overly broad and unduly

burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to

the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather,

and produce documents whose relevance, if any, is far outweighed by the cost and burden on

Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client

87

privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott.

Abbott also objects to this request as being impermissibly premature to the extent it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. It is not seen how documents concerning "both Plaintiffs and Electrochemical Sensors" are relevant to this phase of the litigation.

### REQUEST NO. 107:

All documents and things relied upon or referred to in preparing your Answer.

### RESPONSE TO REQUEST NO. 107:

Abbott objects to this request as being vague and ambiguous (*e.g.*, "relied upon"). Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention. The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention (35 U.S.C. § 102(g)). In this regard, it is noted that Roche has limited this request to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive

documents to the extent they exist and are in the possession, custody or control of Abbott. Further,

responsive documents that contain confidential, proprietary, and/or sensitive business information

will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 108:**

All documents and things concerning or forming the basis for any of the Affirmative
Defenses asserted in Defendant's Answer.

**RESPONSE TO REQUEST NO. 108:**

Abbott objects to this request as being vague and ambiguous (*e.g.*, "forming the basis").

Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks

"All documents").    Abbott further objects to this request to the extent that it is invasive of the

attorney-client privilege, work-product immunity or other applicable privilege, immunity, or

confidential obligation.

Abbott objects to this request as being impermissibly premature to the extent that it seeks

information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)).

The Court has ordered phased discovery in this action, with discovery during this initial phase being

limited to the issues of infringement or prior invention. In this regard, it is noted that Roche has

limited this request to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of

any claim in the 146 patent and the 147 patent.

Abbott objects to this request as premature and unduly burdensome because, *inter alia*,

Roche has not yet identified the asserted claims. Abbott further objects to this request as premature

since Roche has not yet provided (a) their proposed constructions of the asserted claims, (b) the

bases and supporting evidence for such proposed constructions, or (c) the bases for Roche's

allegations of infringement of such asserted claims (including claim charts). As the alleged patent

owner, Roche has the burden of proof on infringement and presumably has this information readily available.

Abbott further objects to this request as being premature to the extent it conflicts with the schedule approved by the Court.  The schedule provides dates for the exchange of claim construction contentions and expert discovery.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott.  Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 109:**

All documents and things concerning or forming the basis for either of the Counterclaims asserted in Defendant's Answer.

**RESPONSE TO REQUEST NO. 109:**

Abbott objects to this request as being vague and ambiguous (*e.g.*, "forming the basis"). Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents").  Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott objects to this request as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention.  In this regard, it is noted that Roche has

90

limited this request to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent.

Abbott objects to this request as premature and unduly burdensome because, *inter alia*, Roche has not yet identified the asserted claims. Abbott further objects to this request as premature since Roche has not yet provided (a) their proposed constructions of the asserted claims, (b) the bases and supporting evidence for such proposed constructions, or (c) the bases for Roche's allegations of infringement of such asserted claims (including claim charts). As the alleged patent owner, Roche has the burden of proof on infringement and presumably has this information readily available.

Abbott further objects to this request as being premature to the extent it conflicts with the schedule adopted by the Court. The schedule provides dates for the exchange of claim construction contentions and expert discovery.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 110:**

A copy of each file created or maintained by Abbott (including its representatives, attorneys and agents) that relates to or contains the WO 626 application.

**RESPONSE TO REQUEST NO. 110:**

Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott also objects to this request as overly broad and unduly burdensome (*e.g.*, to the

91

extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott also objects to this request as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. In this regard, it is noted that Roche has limited this request to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent. Discovery concerning "the WO 626 application" is not relevant to the issues of infringement or prior invention.

### REQUEST NO. 111:

All documents referring to, relating to or constituting the WO 626 application.

### RESPONSE TO REQUEST NO. 111:

Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (e.g., to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation. Abbott also objects to this request to the extent it seeks publically available information or information that is within the custody of

92

Roche. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott. Roche has limited this request to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent.

Abbott also objects to this request as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. In this regard, it is noted that Roche has limited this request to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent. Discovery concerning "the WO 626 application" is not relevant to the issues of infringement or prior invention.

## REQUEST NO. 112:

All documents relating to the conception, reduction to practice and/or testing of the alleged invention claimed in the WO 626 application.

## RESPONSE TO REQUEST NO. 112:

Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott also objects to this request as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention (35 U.S.C. § 102(g)). In this regard, it is noted that Roche has limited this request to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent. Discovery concerning "conception, reduction to practice and/or testing of the alleged invention claimed in the WO 626 application" is not relevant to the issues of validity or prior inventorship.

**REQUEST NO. 113:**

All drafts of the WO 626 application and all drafts of any amendments to the WO 626 application.

**RESPONSE TO REQUEST NO. 113:**

Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott also objects to this request as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. In this regard, it is noted that Roche has

94

limited this request to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent. Discovery concerning "the WO 626 application" is not relevant to the issues of validity or prior inventorship.

**REQUEST NO. 114:**

All documents submitted to the World Intellectual Property Organization in connection with the WO 626 application

**RESPONSE TO REQUEST NO. 114:**

Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent it seeks publicly available information or information that is within the custody of Roche. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott.

Abbott also objects to this request as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. In this regard, it is noted that Roche has limited this request to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent. Discovery concerning "the WO 626 application" is not relevant to the issues of validity or prior inventorship.

95

**REQUEST NO. 115:**

All documents, including but not limited to lab notebooks, research reports, worksheets and charts, that were used to develop, or refer or relate to, any Example disclosed in the WO 626 application.

**RESPONSE TO REQUEST NO. 115:**

Abbott objects to the request as vague and indefinite (*e.g.*, "used to develop"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott also objects to this request as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. In this regard, it is noted that Roche has limited this request to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent. Discovery concerning "any Example disclosed in the WO 626 application" is not relevant to the issues of validity or prior inventorship.

**REQUEST NO. 116:**

All documents, including but not limited to lab notebooks, research reports, worksheets and charts, that were used to develop, or refer or relate to, Example 12 in the WO 626 application.

**RESPONSE TO REQUEST NO. 116:**

Abbott objects to the request as vague and indefinite (*e.g.*, "used to develop"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott also objects to this request as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. In this regard, it is noted that Roche has limited this request to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent. Discovery concerning "Example 12 in the WO 626 application" is not relevant to the issues of validity or prior inventorship.

**REQUEST NO. 117:**

All documents reflecting or relating to communications with the World Intellectual Property Organization regarding the 229 patent.

**RESPONSE TO REQUEST NO. 117:**

Abbott objects to the request as vague and indefinite (*e.g.*, "229 patent"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to

97

this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent it seeks publicly available information or information that is within the custody of Roche. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott also objects to this request as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention (35 U.S.C. § 102(g)). In this regard, it is noted that Roche has limited this request to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent. Discovery concerning "communications with the World Intellectual Property Organization regarding the 229 patent" is not relevant to the issues of validity or prior inventorship.

### REQUEST NO. 118:

All documents referred to in your Initial Disclosures pursuant to F.R.Civ.P. 26(a)(1).

### RESPONSE TO REQUEST NO. 118:

Subject to and without waiving Abbott's General Objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that

-contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 119:**

All documents requested for identification by Plaintiffs' First Set of Interrogatories to Defendants Abbott Diabetes Care Inc. and Abbott Diabetes Care Sales Corporation (Nos. 1-17), served concurrently herewith.

**RESPONSE TO REQUEST NO. 119:**

Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott specifically objects to this request to the extent it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, sold, offered for sale, used or imported into the United States on or after October 2, 2007. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent it seeks publicly available information or information that is within the custody of Roche. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott also objects to this request as being impermissibly premature to the extent it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention (35 U.S.C. § 102(g)). In this regard, it is

99

noted that Roche has limited this request to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent.

Abbott objects to this request as premature and unduly burdensome because, *inter alia*, Roche has not yet identified the asserted claims. Abbott further objects to this request as premature since Roche has not yet provided (a) their proposed constructions of the asserted claims, (b) the bases and supporting evidence for such proposed constructions, or (c) the bases for Roche's allegations of infringement of such asserted claims (including claim charts). As the alleged patent owner, Roche has the burden of proof on infringement and presumably has this information readily available.

Abbott further objects to this request as a premature because discovery only recently commenced in this lawsuit and Roche has not yet obtained the required discovery from Roche on the patents-in-suit (indeed, Roche has not produced any documents to date). Abbott would be unduly burdened having to respond to this request at this time without the opportunity to obtain and review such discovery from Roche.

Abbott further objects to this request as being premature to the extent it conflicts with the schedule adopted by the Court. The schedule provides dates for expert discovery.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 120:**

All documents relied upon, referred to or otherwise consulted directly or indirectly in responding to Plaintiffs' First Set of Interrogatories to Defendants Abbott Diabetes Care Inc. and Abbott Diabetes Care Sales Corporation (Nos. 1-17), served concurrently herewith.

**RESPONSE TO REQUEST NO. 120:**

Abbott objects to this request as vague and ambiguous (*e.g.*, "consulted directly or indirectly"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott specifically objects to this request to the extent it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, sold, offered for sale, used or imported into the United States on or after October 2, 2007. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent it seeks publicly available information or information that is within the custody of Roche. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott also objects to this request as being impermissibly premature to the extent it seeks information that is not relevant to the issues of infringement or prior invention. The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention (35 U.S.C. § 102(g)). In this regard, it is noted that Roche

101

has limited this request to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent.

Abbott further objects to this request as being premature to the extent it conflicts with the schedule adopted by the Court. The schedule provides dates for expert discovery.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

## REQUEST NO. 121:

All documents and things prepared by or for, or concerning, referring to or relating to any expert retained by Defendant in this litigation.

## RESPONSE TO REQUEST NO. 121:

Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (e.g., to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent it seeks publicly available information or information that is within the custody of Roche. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

102

Abbott also objects to this request as being impermissibly premature to the extent it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention (35 U.S.C. § 102(g)). In this regard, it is noted that Roche has limited this request to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent.

Abbott further objects to this request as being premature to the extent it conflicts with the schedule adopted by the Court. The schedule provides dates for the exchange of claim construction contentions and expert discovery.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 122:**

All documents and things upon which you intend to rely at any time during this litigation.

**RESPONSE TO REQUEST NO. 122:**

Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent it seeks publicly available information or information that is within the custody of Roche. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott. Abbott further objects to this request to the extent that it is

103

invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott also objects to this request as being impermissibly premature to the extent it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. In this regard, it is noted that Roche has limited this request to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent.

Abbott objects to this request as premature and unduly burdensome because, *inter alia*, Roche has not yet identified the asserted claims. Abbott further objects to this request as premature since Roche has not yet provided (a) their proposed constructions of the asserted claims, (b) the bases and supporting evidence for such proposed constructions, or (c) the bases for Roche's allegations of infringement of such asserted claims (including claim charts). As the alleged patent owner, Roche has the burden of proof on infringement and presumably has this information readily available.

Abbott further objects to this request as a premature because discovery only recently commenced in this lawsuit and Roche has not yet obtained the required discovery from Roche on the patents-in-suit (indeed, Roche has not produced any documents to date). Abbott would be unduly burdened having to respond to this request at this time without the opportunity to obtain and review such discovery from Roche.

Abbott further objects to this request as being premature to the extent it conflicts with the schedule adopted by the Court.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive

104

documents to the extent they exist and are in the possession, custody or control of Abbott. Further,

responsive documents that contain confidential, proprietary, and/or sensitive business information

will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 123:**

All documents and things you intend to introduce as exhibits during the trial of this matter.

**RESPONSE TO REQUEST NO. 123:**

Abbott objects to this request to the extent it seeks information that is neither relevant to any

claim or defense in this action nor reasonably calculated to lead to the discovery of admissible

evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent

it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly

burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose

relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this

request to the extent it seeks publicly available information or information that is within the custody

of Roche. Abbott further objects to this request to the extent it seeks information not within the

possession, custody or control of Abbott. Abbott further objects to this request to the extent that it is

invasive of the attorney-client privilege, work-product immunity or other applicable privilege,

immunity, or confidential obligation.

Abbott also objects to this request as being impermissibly premature to the extent it seeks

information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)).

The Court has ordered phased discovery in this action, with discovery during this initial phase being

limited to the issues of infringement or prior invention (35 U.S.C. § 102(g)). In this regard, it is

noted that Roche has limited this request to the issues of infringement and/or prior invention under

35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent.

105

Abbott objects to this request as premature and unduly burdensome because, *inter alia*, Roche has not yet identified the asserted claims. Abbott further objects to this request as premature since Roche has not yet provided (a) their proposed constructions of the asserted claims, (b) the bases and supporting evidence for such proposed constructions, or (c) the bases for Roche's allegations of infringement of such asserted claims (including claim charts). As the alleged patent owner, Roche has the burden of proof on infringement and presumably has this information readily available.

Abbott further objects to this request as a premature because discovery only recently commenced in this lawsuit and Roche has not yet obtained the required discovery from Roche on the patents-in-suit (indeed, Roche has not produced any documents to date). Abbott would be unduly burdened having to respond to this request at this time without the opportunity to obtain and review such discovery from Roche.

Abbott further objects to this request as being premature to the extent it conflicts with the schedule adopted by the Court.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

## REQUEST NO. 124:

All documents and things describing, referring to, or relating to Defendant's information archival and/or retrieval system containing any information related to design, manufacture, promotion or sale of Defendant's Identified Electrochemical Sensors.

106

**RESPONSE TO REQUEST NO. 124:**

Abbott objects to this request as vague and ambiguous (e.g., "information archival and/or retrieval system"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott specifically objects to this request to the extent it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, sold, offered for sale, used or imported into the United States on or after October 2, 2007. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 125:**

All documents and things constituting, referring to or relating to Defendant's policies, practices and/or procedures with respect to the generation, distribution, storage, retention or destruction of documents and records, effective as of or subsequent to 2002.

**RESPONSE TO REQUEST NO. 125:**

Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible

107

evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 126:**

Documents sufficient to identify all files or repositories in which any document responsive to the foregoing requests is maintained in the normal course of business and each index, key, code or other means of accessing and locating documents within such files or repositories.

**RESPONSE TO REQUEST NO. 126:**

Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott specifically objects to this request to the extent it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, sold, offered for sale, used or imported into the United States on or after October 2, 2007. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to

108

the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

**REQUEST NO. 127:**

All documents and things not otherwise described by the above requests that refer or relate to the subject matter shown, described or claimed in the patents-in-suit.

**RESPONSE TO REQUEST NO. 127:**

Abbott objects to this request as vague and ambiguous (*e.g.*, "refer or relate"). Abbott objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Abbott objects to this request as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this request to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott. Abbott further objects to this request to the extent it seeks publicly available information or information that is within the custody of Roche. Abbott further objects to this request to the extent it seeks information not within the possession, custody or control of Abbott. Abbott further objects to this request to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

109

Abbott also objects to this request as being impermissibly premature to the extent it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention (35 U.S.C. § 102(g)).

Subject to and without waiving Abbott's General Objections and specific objections, and to the extent this request can be understood, Abbott will produce non-privileged, responsive documents to the extent they exist and are in the possession, custody or control of Abbott. Further, responsive documents that contain confidential, proprietary, and/or sensitive business information will only be produced on an outside attorneys' eyes only basis, pursuant to Local Rule 26.2.

McANDREWS HELD & MALLOY, LTD

Kirk A. Vander Leest
Ed Mas
Stephen F. Sherry
Merle S. Elliott
500 West Madison Street, Suite 3400
Chicago, IL 60661
Telephone: (312)775-8000
Facsimile: (312)775-8100
kvanderleest@mcandrews-ip.com
emas@mcandrews-ip.com
ssherry@mcandrews-ip.com
melliott@mcandrews-ip.com

Attorneys for Defendants,
ABBOTT DIABETES CARE INC. and
ABBOTT DIABETES CARE SALES
CORPORATION

110

*Of Counsel:*

Frederick L. Cottrell, III
Ann Shea Gaza
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700

Date: <u>March 3, 2008</u>

111

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of March 2008, the attached **ABBOTT'S RESPONSES TO ROCHE'S FIRST SET OF REQUESTS TO DEFENDANTS ABBOTT DIABETES CARE INC. AND ABBOTT DIABETES CARE SALES CORPORATION FOR THE PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-127)** was served upon the below-named counsel of record at the addresses and in the manner indicated:

Philip A. Rovner, Esq.                                   VIA ELECTRONIC MAIL
Potter Anderson & Corroon LLP
Hercules Plaza
1313 N. Market Street
Wilmington, DE 19899-0951
provner@potteranderson.com
Counsel for Plaintiffs

Daniel A. Boehnen, Esq.                                  VIA ELECTRONIC MAIL and
McDonnell Boehnen Hulbert & Berghoff LLP                 U.S. MAIL
300 South Wacker Drive
Chicago, IL 60606
boehnen@mbhb.com
Counsel for Plaintiffs

Nancy Tinsley, Esq.                                      VIA ELECTRONIC MAIL
Roche Diagnostics
9115 Hague Road
Indianapolis, IN 46250
nancy.tinsley@roche.com
Counsel for Plaintiffs

Steve J. Balick, Esq.                                    VIA ELECTRONIC MAIL
Ashy & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
Counsel for Defendant
Diagnostic Devices, Inc.

T. Cole Peterson                                    VIA ELECTRONIC MAIL
Corporate Counsel
Diagnostic Devices, Inc.
14255 49th Street, Suite 301
Clearwater, FL 33762
Cole.Peterson@ccsmed.com
Counsel for Defendant
Diagnostic Devices, Inc.

John W. Shaw, Esq.                                  VIA ELECTRONIC MAIL
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
Counsel for Defendant
Bayer Healthcare, LLC

Wesley E. Overson, Esq.                             VIA ELECTRONIC MAIL
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
woverson@mofo.com
Counsel for Defendant
Bayer Healthcare, LLC

Kenneth P. George, Esq.                             VIA ELECTRONIC MAIL
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
kgeorge@arelaw.com
Counsel for Defendant
Bayer Healthcare, LLC

Mary W. Bourke, Esq.                                VIA ELECTRONIC MAIL
Connolly, Bove, Lodge & Hutz
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
mbourke@cblh.com
Counsel for Defendant
Lifescan, Inc.

Rodger D. Smith, II, Esq.                    VIA ELECTRONIC MAIL
Morris, Nichols, Arsht & Tunnel LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
rsmith@mnat.com
Counsel for Defendant
Nova Biomedical Corp.

Bradford J. Badke, Esq.                      VIA ELECTRONIC MAIL
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
jim.badke@ropesgray.com
Counsel for Defendant
Nova Biomedical Corp.

_____
Kirk A. Vander Leest

# EXHIBIT P

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC.,<br>and CORANGE INTERNATIONAL LIMITED, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 07-753-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| ABBOTT DIABETES CARE, INCORPORATED | ) | |
| and ABBOTT DIABETES CARE SALES | ) | |
| CORPORATION, | ) | |
| BAYER HEALTHCARE, LLC, | ) | JURY TRIAL DEMANDED |
| DIAGNOSTICS DEVICES, INC., | ) | |
| LIFESCAN, INCORPORATED, and | ) | |
| NOVA BIOMEDICAL CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**LIFESCAN, INC.'S RESPONSES AND OBJECTIONS TO ROCHE DIAGNOSTICS**
**OPERATIONS, INC.'S AND CORANGE INTERNATIONAL**
**LIMITED'S FIRST SET OF INTERROGATORIES (NOS. 1-16)**

Defendant, LifeScan, Inc. ("LifeScan"), pursuant to the Federal Rules of Civil Procedure, hereby responds to Plaintiffs Roche Diagnostics Operations, Inc. ("RDOI") and Corange International Limited ("Corange") (collectively "Plaintiffs") First Set of Interrogatories (Nos. 1-16) as follows:

**GENERAL OBJECTIONS**

The following General Objections are incorporated and made a part of each of LifeScan's subsequent specific objections and responses to each of the propounded interrogatories as fully as if stated therein:

1.      LifeScan objects generally to Plaintiffs' First Set of Interrogatories (Nos. 1-16) to the extent that any instructions, definitions, or interrogatories fail to comply with or impose obligations in excess of those required by the Federal Rules of Civil Procedure, the Local Rules of this Court and/or the Scheduling Order that will be entered in this case, including Rule 33 of

1

the Federal Rules of Civil Procedure and the limits placed on the number of interrogatories permitted by the Scheduling Order.

2.    LifeScan objects generally to Plaintiffs' First Set of Interrogatories (Nos. 1-16) to the extent that any instructions, definitions, or interrogatories seek information not in the possession, custody or control of LifeScan.

3.    LifeScan objects to Plaintiffs' definition of "LifeScan" to the extent that it would require LifeScan to act on behalf of persons or entities over which LifeScan has no control. LifeScan will respond to these Interrogatories on its behalf.

4.    LifeScan objects to Plaintiffs' First Set of Interrogatories (Nos. 1-16) to the extent they seek information protected by the attorney-client privilege, work product immunity or any other applicable privilege(s) (herein referred to as "privilege"). LifeScan has registered its privilege and immunity objections expressly to each interrogatory that might, in its view, reasonably be interpreted to encompass privileged or immune information, however, LifeScan hereby incorporates this General Objection 4.

5.    LifeScan objects to Plaintiffs' instructions concerning privilege to the extent such instructions seek to impose additional burdens on LifeScan beyond the requirements of Fed. R. Civ. P. 26(b)(5)(A). To the extent that these Interrogatories include requests for production of documents and things encompass privileged documents that are relevant to a claim or defense asserted in the pleadings or otherwise involved in this action and to the extent such documents have been located, LifeScan has included or will include those items in a privilege log which has been or will be provided to counsel for Plaintiffs.

6.    LifeScan objects to the requests to the extent they are unreasonably duplicative and/or cumulative or seek information and/or documents and things that are obtainable from a source that is more convenient, less expensive, or less burdensome under Fed. Civ. P.

2

26(b)(2)(C).

     7.    LifeScan objects to the Interrogatories to the extent that they improperly seek legal conclusions.

     8.    LifeScan objects to Plaintiffs' use of specific terms found in the claims of the 146 and 147 patents to the extent these terms are subject to construction by the Court.

     9.    LifeScan objects to Plaintiffs' definition of the term "Identified Electrochemical Sensor" to the extent it renders any request overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

     10.    Discovery is in the early stages and LifeScan therefore reserves the right to amend, supplement, and/or alter their responses as warranted during the course of discovery. LifeScan objects to these Requests to the extent they purport to require supplementation of these responses beyond that required by Fed. R. Civ. P. 26(e).

     11.    LifeScan objects to the interrogatories to the extent they seek information or documents which are subject to the terms of protective orders and/or confidentiality agreements in other cases and/or with third parties

     12.    LifeScan objects to the interrogatories to the extent they seek information or documents for which the disclosure or production would violate the privacy laws or other laws of a foreign country.

     13.    LifeScan objects to the requests to the extent they seek documents relating to use, sale, offer for sale, licensing, and/or any other transaction outside the United States as overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

     14.    LifeScan objects to the interrogatories to the extent that the lack of a specified time frame renders any interrogatory unduly burdensome and overly broad. The asserted patents were issued on October 2, 2007. Products sold by LifeScan prior to October 2, 2007 are not

3

relevant to Plaintiffs' claims.

15.    LifeScan objects to the interrogatories to the extent they seek information and/or the identification of individuals, documents and things relating to subjects not raised by the pleadings, not relevant to any claim or defense, not material and necessary to the prosecution or defense of this action, or not reasonably calculated to lead to the discovery of admissible evidence.

16.    LifeScan's response to any interrogatory is not an admission or acknowledgement that the interrogatory calls for information which is relevant to the subject matter of this action. Each response is without prejudice to LifeScan's right to contest at trial or in any subsequent proceeding in this action that such response to the interrogatory is inadmissible, irrelevant, or immaterial. Each response to any interrogatory is without prejudice to, and does not constitute a waiver of, any objection LifeScan may make to any future use of the response.

17.    LifeScan objects to the interrogatories to the extent that the interrogatories require LifeScan to speculate or make judgments as to their future beliefs, contentions, or conduct.

18.    LifeScan objects generally to the definitions from Plaintiffs' First Set of Interrogatories (Nos. 1-16). LifeScan's responses to these requests do not constitute a representation that LifeScan agrees or adopts any of Plaintiffs' definitions.

19.    LifeScan objects to the interrogatories as premature. The Court issued an order on February 28, 2008 adopting Defendants' proposed discovery schedule, which renders many requests premature.

20.    LifeScan objects to the interrogatories to the extent they require LifeScan to produce documents or information outside of the scope of the first phase of litigation ("Phase I") on infringement and prior invention under 35 U.S.C. § 102(g), as ordered by Judge Farnan at the February 8, 2008 Rule 16 Scheduling Conference. (D.I. 70 at 27:13-15; 28:7-9; 34:14-19; 37:3-

6.) Any requests for information not relevant to the Phase I issues of alleged infringement or prior invention are objected to as premature, and any responses that are made will be limited to those issues. Specific objections will be noted in individual responses, including but not limited to individual responses referencing Plaintiffs' letter of February 15, 2008 in which Plaintiffs withdrew Interrogatory Nos. 6, 10, 11, and 13 and limited Interrogatory Nos. 7, 8, 12, and 16 to the issues of infringement and/or prior invention under § 102(g). To the extent that any interrogatory seeks information outside the scope of Phase I of the litigation and is not specifically objected to, LifeScan hereby incorporates General Objection 20.

21.    LifeScan objects to any Interrogatory requiring the identification of "any" or "all" documents to the extent that such a Request could be construed to place an undue burden on LifeScan, especially where the identification or production of less than "all" or "any" of the documents will supply the information needed.

22.    LifeScan objects the interrogatories to the extent they exceed Plaintiffs' limit of eleven (11) interrogatories to be served on each Defendant in Phase I under the Rule 16 Scheduling Order to be entered in this case and to the extent they contain subparts requiring separate and distinct responses.

23.    LifeScan hereby incorporates any objections, General or Specific, noted in LifeScan's Response to Plaintiffs' First Set of Requests for Production (Nos. 1-119), filed concurrently herewith.

24.    All confidential documents produced in response to the requests shall be subject to any protective order entered in this case. Any confidential documents produced prior to the entry of a protective order shall be disclosed to outside counsel only pursuant to Delaware L.R. 26.2.

25.    By agreeing to produce documents in response to these requests, LifeScan makes no representation that any such documents exits, but only represents that such documents will be

5

produced if they exist, can be located with reasonable diligence, and are not otherwise protected from disclosure.

26.    The foregoing General Objections shall be deemed continuous throughout and are hereby incorporated by reference in LifeScan's responses to the specific interrogatories which follow.

**SPECIFIC OBJECTIONS AND RESPONSES**

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, LifeScan expressly reserves the right to supplement or modify following responses as warranted.  In connection with these responses, LifeScan has made, and continues to make, a good faith search for information, documents and things from its extensive files related to the subjects of these Interrogatories. LifeScan does not represent that all information or documents have yet been located and it will continue searching.  If new information and documents are uncovered, to the extent not objectionable, they will be provided to Plaintiffs as soon as practical.  Subject to, and without waiving, the foregoing General Objections, LifeScan responds to Plaintiffs' First Set of Interrogatories (Nos. 1-16) as follows:

## INTERROGATORY NO. 1

Identify each model or type of Electrochemical Sensor that Defendant has made, used, sold, offered for sale in or imported into the United States having a capillary chamber that holds a blood sample volume of 1 µl or less and providing a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber, including (i) an identification of the model number; (ii) all revisions of the model numbers (to the extent any revision exists); (iii) the dates of manufacture, use, sale, offer for sale or import of the model; (iv) all documents and things (including, but not limited to, engineering drawings,

6

manufacturing drawings or other schematic drawings, specifications, orders and instruction

manuals) that illustrate and/or describe the design, structure and operation of each model or type

identified in response to this Interrogatory; and (v) the identity of the persons most

knowledgeable regarding the design, structure and operation of each such model or type of

Electrochemical Sensor.

**RESPONSE**

LifeScan objects to this request as overbroad and unduly burdensome as to time and with

respect to its use of "all." Products sold before October 2, 2007, including information and

documents on such products, are not relevant to Plaintiffs' claims in Phase I. LifeScan objects to

the request to the extent it calls for legal conclusions and/or expert opinions on infringement.

LifeScan also objects to the request to the extent it seeks to invade the attorney-client and work

product exceptions to discovery. LifeScan also objects to the request as vague and ambiguous to

the extent it requests information on "each model or type of Electrochemical Sensor having a

capillary chamber that holds a blood sample volume of 1 μl or less and providing a readout of the

glucose concentration of the blood sample within 10 seconds or less after the blood sample enters

the capillary chamber" and to the extent it requests "orders." LifeScan further objects to this

request as premature to the extent it includes claim limitations because it seeks LifeScan's

contentions and analysis before LifeScan has completed or even begun discovery in Phase I,

before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided

their contentions relating to infringement and claim construction. Accordingly, LifeScan cannot

identify products as this time. LifeScan objects to this request to the extent is seeks information

or documents beyond LifeScan's possession, custody or control, under a confidentiality

agreement with a third party, or protected under the laws of a foreign country. LifeScan further

objects to the request as compound because it contains multiple subparts that require separate and

7

distinct responses. Subject to and without waiving these objections and the general objections set

forth above, LifeScan responds as follows concerning the LifeScan products accused of

infringement in Plaintiffs' Complaint (LifeScan disputes Plaintiffs' allegations):

(i) The accused LifeScan products are the OneTouch® Ultra®, OneTouch® UltraSmart®,

OneTouch® Ultra2® , OneTouch® UltraMini®.

(ii) The accused LifeScan products are the OneTouch® Ultra®, OneTouch® UltraSmart®,

OneTouch® Ultra2® , OneTouch® UltraMini®.

(iii) The "official launch" of LifeScan's OneTouch® Ultra® product in the United States

was January 2001. The "official launch" of LifeScan's OneTouch® UltraSmart® product in the

United States was February 2003. The "official launch" of LifeScan's OneTouch® Ultra2®

product in the United States was March 2006. The "official launch" of LifeScan's OneTouch®

UltraMini® product in the United States was August 2006. As is well known in this industry,

however, offers for sale, sales, and uses of these devices in public occur well before the "official

launch" date.

(iv) LifeScan will produce non-privileged documents (or portions thereof) that are

relevant to Phase I in response to this interrogatory.

(v) LifeScan's investigation into this request is ongoing, and LifeScan will identify

individuals with knowledge. Any individuals currently or previously employed by LifeScan,

Inc., LifeScan Scotland, Ltd., Inverness Medical Ltd., and/or any affiliated companies can be

contacted through counsel for LifeScan.

LifeScan's investigation is ongoing, and LifeScan will supplement and/or amend the

response to Interrogatory 1 in conformance with the Scheduling Order that is ultimately entered

in this case and as circumstances warrant in compliance with the Federal Rules of Civil

Procedure.

8

**INTERROGATORY NO. 2**

For each Electrochemical Sensor identified in response to Interrogatory No. 1, describe Defendant's research, development and design effort for such Electrochemical Sensor and the events leading to the research, development, and design of such Electrochemical Sensor, including but not limited to an identification of (i) Defendant's corporate structure relating to the research, development or design of such Electrochemical Sensors (including but not limited to all subsidiaries, predecessors and/or other related business entities owned, partially owned, controlled and/or partially controlled by Defendant; and the function of all departments, groups, units and/or divisions within each such entity pertaining to such Electrochemical Sensor); (ii) each person (including third parties) who had a role in and the role that each such person had in the research, development or design of such Electrochemical Sensor; (iii) where such Electrochemical Sensor was researched, developed and/or designed; (iv) all documents that relate to the research, development or design of such Electrochemical Sensor, including any licenses or other agreements with third parties; and (v) the three most knowledgeable persons regarding any facts that relate to the (a) research, (b) development and (c) design of such Electrochemical Sensors.

**RESPONSE**

LifeScan objects to this request as overbroad and unduly burdensome as to time and with respect to its use of "each." Products sold before October 2, 2007, including information and documents on such products, are not relevant to Plaintiffs' claims in Phase I. LifeScan objects to the request to the extent it depends from Interrogatory 1 and incorporates its objections to Interrogatory 1, which calls for legal conclusions and/or expert opinions on infringement. LifeScan further objects to the request as compound because it contains multiple subparts that require separate and distinct responses and to the extent it exceeds the limit of 11 interrogatories

9

provided in the Scheduling Order to be entered in this case. In particular, the request for
information on "Defendant's corporate structure" is a separate interrogatory. LifeScan also
objects to the request for "licenses or other agreements with third parties" as premature and
beyond the scope of Phase I, and therefore will not respond at this time. LifeScan also objects to
the request as vague and ambiguous to the extent it depends from Interrogatory 1, which requests
information on "each model or type of Electrochemical Sensor having a capillary chamber that
holds a blood sample volume of 1 μl or less and providing a readout of the glucose concentration
of the blood sample within 10 seconds or less after the blood sample enters the capillary
chamber." LifeScan objects to this request to the extent it is directed to any "research,
development and design effort" as unduly broad and burdensome, vague and ambiguous, and
inclusive of information not relevant to the issues in this case and specifically not relevant to
issues in Phase I of this case. LifeScan objects to this request to the extent is seeks information
or documents beyond LifeScan's possession, custody or control, under a confidentiality
agreement with a third party, or protected under the laws of a foreign country. Subject to and
without waiving these objections, the objection to Interrogatory 1, and the general objections set
forth above, LifeScan responds as follows concerning the LifeScan products accused of
infringement in Plaintiffs' Complaint (LifeScan disputes Plaintiffs' allegations):

  (i) and (iv) LifeScan will produce non-privileged documents (or portions thereof) that are
relevant to Phase I in response to this interrogatory.

  (iii) The Lifescan products accused of infringement were developed at Inverness Medical
Ltd. in Inverness, UK, LifeScan, Inc. in Milpitas, California, and/or LifeScan Scotland, Ltd., in
Inverness, UK.

  (ii) and (v) LifeScan's investigation into this request is ongoing, and LifeScan will
identify individuals with knowledge. Any individuals currently or previously employed by

LifeScan, Inc., LifeScan Scotland, Ltd., Inverness Medical Ltd., and/or any affiliated companies can be contacted through counsel for LifeScan.

LifeScan's investigation is ongoing, and LifeScan will supplement and/or amend the response to Interrogatory 2 in conformance with the Scheduling Order that is ultimately entered in this case and as circumstances warrant in compliance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 3**

For each Electrochemical Sensor identified in response to Interrogatory No. 1, identify all documents that constitute, refer to or related to sales and/or marketing material or literature (whether or not such material or literature was ever used and/or distributed) which relates to the sample volume for such Electrochemical Sensor and/or the time required to determine the concentration of glucose in a blood sample with such Electrochemical Sensor, and identify the person or persons responsible for the drafting of such material or literature.

**RESPONSE**

LifeScan objects to this request as overbroad and unduly burdensome as to time. LifeScan objects to the request to the extent it depends from Interrogatory 1, which calls for legal conclusions and/or expert opinions on infringement. LifeScan also objects to the request to the extent it seeks to invade the attorney-client and work-product exceptions to discovery. LifeScan also objects to the request as vague and ambiguous to the extent it requests information relating to "the sample volume for such Electrochemical Sensor and/or the time required to determine the concentration of glucose in a blood sample with such Electrochemical Sensor," and also to the extent it depends from Interrogatory 1, which requests information on "each model or type of Electrochemical Sensor having a capillary chamber that holds a blood sample volume of 1 $\mu$l or less and providing a readout of the glucose concentration of the blood sample within 10 seconds

11

or less after the blood sample enters the capillary chamber." LifeScan objects to this request as premature, unduly broad and burdensome to the extent it requests information not relevant to issues in Phase I of this case, in violation of the Scheduling Order to be entered in this case. Interrogatories on subjects other than infringement and prior invention must be served at a later time in accordance with the Scheduling Order. Subject to and without waiving these objections, the objections to Interrogatory 1, and the general objections set forth above, LifeScan responds as follows:

A response to this request is more appropriately determined by a review of documents pursuant to Fed. R. Civ. P. 33(d). LifeScan refers Plaintiffs to the non-objectionable, non-privileged documents produced in response to Plaintiffs' First Set of Requests for Production that are relevant to Phase I. LifeScan's investigation into this request is ongoing, and LifeScan will supplement and/or amend this response in conformance with the Scheduling Order that is ultimately entered in this case and as circumstances warrant in compliance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 4**

If Defendant has asserted an affirmative defense or counterclaim alleging, or otherwise asserts, that any Electrochemical Sensor identified in response to Interrogatory No. 1 does not infringe any claim of either the 146 patent or the 147 patent, identify the factual basis for such affirmative defense, counterclaim or assertion, including but not limited to an identification of (i) each such allegedly non-infringing Electrochemical Sensor, including the model number, all revision numbers of the model (to the extent any revision numbers exist); (ii) each claim of each patent allegedly not infringed for each such Electrochemical Sensor; (iii) each claim limitation that is alleged to be absent from use of the Electrochemical Sensor or otherwise missing from the

12

Electrochemical Sensor; (iv) whether such specific claim limitation is missing literally or under the doctrine of equivalents, or both; (v) all documents and things upon which Defendant relies in support of any such assertion; and (vi) separately for each such allegedly non-infringing Electrochemical Sensor, the three persons having the most knowledge of the facts relating to each such assertion.

## RESPONSE

LifeScan objects to the request to the extent it calls for legal conclusions and/or expert opinions. LifeScan also objects to the request to the extent it seeks to invade the attorney-client and work-product exceptions to discovery. LifeScan also objects to the request as vague and ambiguous to the extent it depends from Interrogatory 1, which requests information on "each model or type of Electrochemical Sensor having a capillary chamber that holds a blood sample volume of 1 µl or less and providing a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber," and hereby incorporates each objection to Interrogatory 1. LifeScan further objects to this request as compound because it contains discrete subparts that require separate and distinct responses.

LifeScan also objects to the request as premature, overly broad, and unduly burdensome because it seeks LifeScan's contentions and analysis before LifeScan has completed or even begun discovery relating to Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement. Plaintiffs have not identified the claims that it alleges LifeScan is infringing, and there are 131 claims in the two Roche patents. Such a request by Plaintiffs at this early stage of the litigation is unnecessarily burdensome and oppressive and would require LifeScan to respond to numerous claims that may not be at issue in this action. Until Plaintiffs disclose the claims they are asserting, LifeScan is not obligated to provide its non-infringement positions. Moreover, contention interrogatories

13

relating to infringement issues are not due until the close of fact discovery in Phase I of the case under the Scheduling Order. LifeScan will not respond to Interrogatory 4 until the close of fact discovery in Phase I.

**INTERROGATORY NO. 5**

For each claim that Defendant alleges in response to Interrogatory No. 4 is not infringed and for each claim limitation that Defendant alleges in response to Interrogatory No. 4 is missing from the Electrochemical Sensors identified in response to Interrogatory No. 1, identify in detail the basis for such allegation, including but not limited to a description of (i) Defendant's proposed construction of such claim limitation or element; (ii) all passages of the claims, specification, prosecution history or other intrinsic evidence that allegedly supports Defendant's position; (iii) all prior art that Defendant asserts supports its proposed construction; (iv) all other extrinsic evidence that allegedly supports Defendant's position; (v) any prosecution history estoppel that Defendant asserts applies to construction of the claims of the patents-in-suit; (vi) all documents and things upon which Defendant relies in support of any such assertion; and (v) separately for each such allegedly non-infringing Electrochemical Sensor, the three persons having the most knowledge of the facts relating to each such assertion.

**RESPONSE**

LifeScan objects to the request to the extent it calls for legal conclusions and/or expert opinions. LifeScan also objects to the request to the extent it seeks to invade the attorney-client and work-product exceptions to discovery. LifeScan incorporates its responses to Interrogatories 1 and 4 and objects to the request as vague and ambiguous to the extent it depends from Interrogatory 1, which requests information on "each model or type of Electrochemical Sensor having a capillary chamber that holds a blood sample volume of 1 μl or less and providing a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood

14

sample enters the capillary chamber." LifeScan further objects to this request as compound because it contains discrete subparts that require separate and distinct responses.

LifeScan also objects to the request as premature, overly broad, and unduly burdensome because it seeks LifeScan's contentions and analysis before LifeScan has completed or even begun discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction. Plaintiffs have not identified the claims that it alleges LifeScan is infringing, and there are 131 claims in the two Roche patents. Such a request by Plaintiffs at this early stage of the litigation is unnecessarily burdensome and oppressive and would require LifeScan to respond to numerous claims that may not be at issue in this action. Until Plaintiffs disclose the claims they are asserting, LifeScan is not obligated to provide its non-infringement positions. Moreover, contention interrogatories relating to infringement issues are not due until the close of fact discovery in Phase I of the case under the Scheduling Order. LifeScan will not respond to Interrogatory 5 until the close of fact discovery in Phase I.

## INTERROGATORY NO. 6

For each Electrochemical Sensor identified in response to Interrogatory No. 1, identify the revenues and costs associated with such product, including but not limited to an identification of (i) the date of first sale or offer for sale; (ii) Defendant's monthly unit sales volume (or if monthly information is not available, whatever other periodic reporting period is available); (iii) Defendant's total sales by unit volume and total sales dollars; (iv) the standard unit sales price(s); (v) the cost of goods sold (with an allocation of all fixed and variable costs, including but not limited to all manufacturing, administrative, overhead and marketing costs per unit); (vi) Defendant's revenues and gross and net profits associated with such sales; (vii) each document

15

and thing that refers or relates to such unit sales, prices, costs, revenues and profits; and (viii) the three persons most knowledgeable regarding such unit sales, prices, costs, revenues and profits.

**RESPONSE**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Accordingly, no response is provided.

**INTERROGATORY NO. 7**

If Defendant has asserted an affirmative defense or counterclaim alleging, or otherwise asserts, that any claim in the 146 patent and the 147 patent is invalid, set forth with particularity the entire factual and legal basis in support of such affirmative defense, counterclaim or assertion, including but not limited to an identification of (i) each claim of the patents-in-suit that Defendant asserts is invalid; (ii) for each such claim, each statutory provision that Defendant asserts renders it invalid; (iii) all facts that constitute the basis for each of Defendant's assertions of invalidity; (iv) all documents that support, refute or are inconsistent with each of Defendant's assertions of invalidity; and (v) the three most knowledgeable witnesses regarding any facts that relate to such assertion of invalidity.

**RESPONSE**

Pursuant to Plaintiffs' letter of February 15, 2008, this request has been limited to issues relevant to Phase I of the case.

LifeScan objects to the request to the extent it calls for legal conclusions and/or expert opinions. LifeScan further objects to the request to the extent it seeks to invade the attorney-client and work-product exceptions to discovery. The request is also premature to the extent it seeks information relevant only to Phase II of this case. This request is also overly broad and

16

unduly burdensome including its use of "entire," "each" and "all." Also, Plaintiffs have not

identified the claims that it alleges LifeScan is infringing, and there are 131 claims in the two

Roche patents. Such a request by Plaintiffs at this early stage of the litigation is unnecessarily

burdensome and oppressive and would require LifeScan to respond to numerous claims that may

not be at issue in this action. LifeScan further objects to this request as compound because it

contains discrete subparts that require separate and distinct responses.

To the extent Plaintiffs rephrase the request and limit it to the Phase I issues of

infringement and/or prior invention, LifeScan will respond to the revised interrogatory. As

presently phrased, this request does not apply to Phase I and LifeScan will not provide a

piecemeal response.


**INTERROGATORY NO. 8**

If Defendant has asserted an affirmative defense or counterclaim alleging, or otherwise

asserts, that any claim in the 146 patent and the 147 patent is invalid, under 35 U.S.C. § 102

and/or obvious under 35 U.S.C § 103, set forth with particularity the entire legal and factual basis

for Defendant's allegation that the prior art invalidates each such claim, including but not limited

to an identification of (i) each item of alleged prior art upon which Defendant relies; (ii) the date

and circumstances under which each element of the alleged prior art became public; (iii) for each

such claim in the 146 patent and the 147 patent, how each element, limitation or step of such

claim is disclosed or taught by one or more alleged prior art references, either taken alone or in

combination; (iv) for each combination of references used to support a defense or other assertion

of obviousness, (a) the scope and content of the prior art, (b) the differences between the prior art

and the claims at issue, (c) the level of ordinary skill in the pertinent art, (d) the application of

secondary considerations as commercial success, long felt but unsolved needs, failure of others,

17

etc., and (e) the teaching, motivation or suggestion to make each such combination of references; (v) all documents that support such affirmative defense, counterclaim or assertion and (vi) the three most knowledgeable witnesses regarding such affirmative defense or assertion.

**RESPONSE**

Pursuant to Plaintiffs' letter of February 15, 2008, this request has been limited to issues relevant to Phase I of the case.

LifeScan objects to the request to the extent it calls for legal conclusions and/or expert opinions. LifeScan also objects to the request to the extent it seeks to invade the attorney-client and work-product exceptions to discovery. The request is also premature to the extent it seeks information relevant only to Phase II of this case. This request is also overly broad and unduly burdensome. Plaintiffs have not identified the claims that it alleges LifeScan is infringing, and there are 131 claims in the two Roche patents. Such a request by Plaintiffs at this early stage of the litigation is unnecessarily burdensome and oppressive and would require LifeScan to respond to numerous claims that may not be at issue in this action. LifeScan further objects to this request as compound because it contains discrete subparts that require separate and distinct responses.

To the extent Plaintiffs rephrase the request and limit it to the Phase I issues of infringement and/or prior invention, LifeScan will respond to the revised interrogatory. As presently phrased, this request does not apply to Phase I and LifeScan will not provide a piecemeal response.

**INTERROGATORY NO. 9**

Separately for each claim in the 146 patent and the 147 patent, define the person having ordinary skill in the art to which the subject matter of such claim pertains at the time the invention of such claim was made and at the date of filing of the original application to which the 146 and 147 patents claim priority.

**RESPONSE**

LifeScan objects to the request to the extent it calls for legal conclusions and/or expert opinions. LifeScan also objects to the request to the extent it seeks to invade the attorney-client and work-product exceptions to discovery. This request is also overly broad and unduly burdensome. Plaintiffs have not identified the claims that it alleges LifeScan is infringing, and there are 131 claims in the two Roche patents. Such a request by Plaintiffs at this early stage of the litigation is unnecessarily burdensome and oppressive and would require LifeScan to respond to numerous claims that may not be at issue in this action. LifeScan further objects to the request as premature because it seeks information relevant only to Phase II of this case and will not respond until the appropriate time under the Scheduling Order that is entered in this case.

**INTERROGATORY NO. 10**

Describe in detail the circumstances in which Defendant first became aware of the patents-in-suit, including, but not limited to, an identification of (i) the date on which Defendant first became aware of each one of the patents-in-suit; (ii) the person affiliated with Defendant who first became aware of each one of the patents-in-suit; (iii) how Defendant first became aware of each one of the patents-in-suit; (iv) from whom or where Defendant first became aware of each one of the patents-in-suit; (v) each and every document or thing that refers or relates to Defendant's first awareness of each one of the patents-in-suit; and (vi) the three persons most knowledgeable about the circumstances of Defendant's first awareness of each one of the patents-in-suit.

**RESPONSE**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Accordingly, no response is provided.

**INTERROGATORY NO. 11**

Identify any license entered into by Defendant, as licensor or licensee, related to sensor devices capable of being used to determine the concentration of glucose in a blood sample, including any licenses to components of such sensor devices, including but not limited to an identification of (i) the name of the licensee or licensor; (ii) the licensed property; (iii) the terms of the license, including consideration due under the agreement, whether it involved an initial upfront or initial payment, the royalty rate and the royalty base; (iv) when such license was executed and the effective date of the agreement; and (v) the three persons most knowledgeable regarding each such license.

**RESPONSE**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Accordingly, no response is provided.

**INTERROGATORY NO. 12**

Describe the circumstances surrounding any opinion, written and/or oral and formal and/or informal, that Defendant has requested or received regarding validity, infringement, enforceability or liability in relation to the 146 patent or the 147 patent, including but not limited to an identification of (i) whether the opinion was written or oral and formal or informal; (ii) the dates on which the opinion was requested, begun, completed and delivered; (iii) each person involved in the formulation and delivery of the opinion (including the role each such person had in the formulation and delivery of the opinion); (iv) each person who has received, reviewed or otherwise been informed of the substance of the opinion; (v) the subject matter of the opinion; (vi) whether Defendant intends to rely on such opinion in this case; (vii) to the extent that

Defendant intends to rely on such opinion, the substance of the opinion; and (viii) all documents or things that refers or relates to each opinion.

**RESPONSE**

Pursuant to Plaintiffs' letter of February 15, 2008, this request has been limited to issues relevant to Phase I of the case.

LifeScan objects to the request as seeking privileged communications. LifeScan further objects to the request as premature because it seeks information relevant only to the damages phase of this case, which the Court has ordered to occur, if at all, after the trials on the issues in Phases I and II.

**INTERROGATORY NO. 13**

If Defendant has asserted an affirmative defense alleging, or otherwise asserts, that the defendants in this action are not properly joined together under Rule 20 of the Federal Rules of Civil Procedure, set forth with particularity the entire legal and factual basis for the defense or assertion.

**RESPONSE**

This request was withdrawn by Plaintiffs' letter of February 15, 2008 in which Plaintiffs agreed that Defendants need not lodge objections to withdrawn requests. Accordingly, no response is provided.

**INTERROGATORY NO. 14**

With respect to LifeScan's Third Affirmative Defense, set forth with particularity the entire legal and factual basis for the defense asserted.

**RESPONSE**

LifeScan objects to the request to the extent it calls for legal conclusions. LifeScan also

21

objects to the request to the extent it seeks to invade the attorney-client and work-product

exceptions to discovery.  LifeScan further objects to the request as overbroad and unduly

burdensome with respect to the request for "the entire legal and factual basis."  Subject to and

without waiving these objections and the general objections set forth above, LifeScan responds as

follows:

Each and every claim of the asserted patents is a method claim.  Plaintiffs have alleged

that LifeScan infringes "by making, using, selling, and/or offering for sale in the United States . .

. certain Electrochemical Sensors which embody the inventions claimed in the 146 and 147

patents . . . . "  Plaintiffs have therefore failed to state a claim on which relief can be granted.


**INTERROGATORY NO. 15**

Identify each person who provided information concerning each response to these

Interrogatories and/or the supplementation of these Interrogatories, or in response to any

subsequent Interrogatories, and each person who participated in the collection and/or review of

documents and things in response to Plaintiffs' requests for production of documents and things,

and identify all documents that were reviewed or considered relating to such responses.

**RESPONSE**

LifeScan objects to the request because it seeks privileged information  LifeScan further

objects to the request as overbroad and unduly burdensome with respect to the request for "all

documents."  LifeScan further objects to this interrogatory on the grounds that it is vague and

ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.


**INTERROGATORY NO. 16**

Identify each witness, including but not limited to fact and expert witnesses, that

22

Defendant may call to testify at trial or hearing, and identify all expert opinions that Defendant may introduce at trial or a hearing.

**RESPONSE**

Pursuant to Plaintiffs' letter of February 15, 2008, this request has been limited to issues relevant to Phase I of the case.  This request will only be answered to the extent that it contains information relevant to Phase I.

LifeScan incorporates its General Objections herein.  This request is premature.  LifeScan has not yet determined what documents and witnesses will be relied on or called on.  At the appropriate time, LifeScan will supplement and/or amend this response in compliance with the Federal Rules of Civil Procedure and any pre-trial orders or other court orders entered in this case.

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Mary W. Bourke
Mary W. Bourke (#2356)
R. Eric Hutz (#2702)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

*Attorneys for Defendant/Counter-Plaintiff
LifeScan, Inc.*

Dated: March 3, 2008

23

## CERTIFICATE OF SERVICE

I, Mary W. Bourke, Esquire, hereby certify that on March 3, 2008, I caused copies

of the foregoing document to be served on the following counsel in the manner indicated:

**BY HAND AND EMAIL**
Philip A. Rovner
Potter Anderson & Corroon, LLP
1313 N. Market St.
Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951
*Attorneys for Plaintiffs Roche Diagnostic*
*Operations, Inc. and Corange*
*International Limited*

**BY HAND AND EMAIL**
John W. Shaw
Jeffrey Thomas Castellano
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
*Attorneys for Defendant Bayer*
*Healthcare, LLC*

**BY HAND AND EMAIL**
Frederick L. Cottrell, III
Anne Shea Gaza
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
*Attorneys for Defendants Abbott Diabetes*
*Care Inc. and Abbott Diabetes Care*
*Sales Corporation.*

**BY EMAIL**
Daniel A. Boehnen
Grantland G. Drutchas
Gary E. Hood
Nicole Keenan
Paula S. Fritsch
Sherri L. Oslick
Jeffrey P. Armstrong
McDonnell Boehnen Hulbert &
Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
*Attorneys for Plaintiffs Roche*
*Diagnostic Operations, Inc. and*
*Corange International Limited*

**BY HAND AND EMAIL**
Rodger Dallery Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
*Attorneys for Defendant Nova*
*Biomedical Corporation*

**BY HAND AND EMAIL**
Steven J. Balick
John G. Day
Lauren E. Maguire
Ashby & Geddes
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
*Attorneys for Defendant Diagnostic*
*Devices Inc.*

**BY EMAIL**
Wesley E. Overson
Rachel Krevans
Jason R. Bartlett
Parisa Jorjani
Daniel P. Muino
Morrisson & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
*Attorneys for Defendant Bayer
Healthcare, LLC*

**BY EMAIL**
Nancy Tinsley
Roche Diagnostics
9115 Hague Road
Indianapolis, IN 46250
*Attorney for Plaintiff Roche Diagnostics
Operations, Inc. and Corange
International Limited*

**BY EMAIL**
Bradford J. Badke
Sona De
Michael Kahn
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
*Attorneys for Defendant Nova
Biomedical Corporation*

**BY EMAIL**
Kenneth P. George
Joseph M. Casino
Amster Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
*Attorneys for Defendant Bayer
Healthcare, LLC*

**BY EMAIL**
Kirk A. Vander Leest
Edward A. Mas II
Stephen F. Sherry
James M. Hafertepe
Merle S. Elliott
Matthew A. Anderson
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, Suite 3400
Chicago, IL 60661
*Attorneys for Defendants Abbott Diabetes
Care Inc. and Abbott Diabetes Care
Sales Corporation*

**BY EMAIL**
Ashley L. Ellis
Michael G. Adams
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
*Attorneys for Defendant Diagnostic
Devices Inc.*

CONNOLLY BOVE LODGE & HUTZ LLP
/s/ Mary W. Bourke
Mary W. Bourke (#2356)
R. Eric Hutz (#2702)
Kristen Healey Cramer (#4512)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-1347
*Attorneys for Defendant LifeScan Incorporated*

# EXHIBIT Q

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROCHE DIAGNOSTICS OPERATIONS, INC. )
and CORANGE INTERNATIONAL LIMITED, )
                                    )
        Plaintiffs,                 )
                                    )
        vs.                         )
                                    )        C.A. No. 07-753-JJF
ABBOTT DIABETES CARE INC.,          )
ABBOTT DIABETES CARE SALES          )
CORPORATION,                        )
BAYER HEALTHCARE, LLC,              )
DIAGNOSTIC DEVICES, INC.,           )
LIFESCAN, INC., and                 )
NOVA BIOMEDICAL CORPORATION,        )
                                    )
        Defendants.                 )
                                    )

DEFENDANTS' RESPONSES TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES (NOS. 1-17)
TO DEFENDANTS ABBOTT DIABETES CARE INC.
AND ABBOTT DIABETES CARE SALES CORPORATION

Pursuant to Fed. R. Civ. P. 26 and 34, Defendants, Abbott Diabetes Care Inc. and Abbott

Diabetes Care Sales Corporation ("Abbott"), responds to Plaintiffs', Roche Diagnostics Operations,

Inc. and Corange International Limited, (collectively "Roche"), First Set of Interrogatories to

Defendant Nos. 1-17 as follows.[1]

---

[1] Through the letter of its counsel dated February 15, 2008, Roche has withdrawn Interrogatory Nos. 6, 10, 11, 13 and 15. Thus, as acknowledged by Roche, Abbott is not required to object or further respond to those requests at this time. Further, Roche has agreed to limit Interrogatory Nos. 7, 8, 12 and 17 to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent.

**GENERAL OBJECTIONS**

Abbott makes the following General Objections to Roche's Interrogatories, which are hereby incorporated by reference and made part of its response to each and every interrogatory. Abbott's failure to expressly repeat these General Objections in each response shall not be deemed a waiver thereof.   Moreover, Abbott's specification of one or more objections in any given response is not intended to preclude the applicability of any of the General Objections.

1.     Abbott hereby incorporates by reference Abbott's Responses Roche Diagnostics Operations, Inc.'s and Corange International Limited's First Set of Requests to Defendants Abbott Diabetes Care Inc. and Abbott Diabetes Care Sales Corporation for the Production of Documents and Things (Nos. 1-127), including Abbott's objections to the Definitions and Instructions and Abbott's General Objections (e.g., each General Objection to the document requests also applies to each interrogatory).

2.     Abbott objects to each interrogatory to the extent the information sought can be derived from documents that will be produced in discovery or that are uniquely in Roche's possession, custody, and control.

3.     Abbott objects to each interrogatory to the extent it truly constitutes more than one interrogatory. Abbott further objects to the Interrogatories as whole to the extent they exceed the permissible number of interrogatories allowed by the Scheduling Order in this case.

4.     Abbott's agreement to produce documents responsive to a particular interrogatory pursuant to Fed. R. Civ. P. 33(d) indicates that Abbott will produce responsive documents to the extent that such documents are in its possession, custody, or control, subject to the objections Abbott has raised to that interrogatory and the General Objections herein.

2

5.      Abbott is willing to discuss its objections in a good-faith attempt to resolve or narrow any differences between the parties.

6.      Abbott objects to Roche's Interrogatories as a whole because, even after withdrawing Interrogatory Nos. 6, 10, 11, 13 and 15, the number of interrogatories remaining exceeds the 11 interrogatories allowed in this phase under the schedule adopted by the Court. (*See* D.I. 76 at pp. 9-10 and D.I. 77). Further, Roche's 12 remaining interrogatories contain over 50 subparts. According to Local Rule 26.1(a), "Each subpart of an interrogatory or request shall be counted as a separate interrogatory or request."    Beyond its objections, Abbott will not respond to any of the interrogatories until Roche reduces the number of interrogatories and subparts to 11 in compliance with the limit set by the Court.

7.      Roche's interrogatories are restated below, followed by Abbott's responses.

3

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1

Identify each model or type of Electrochemical Sensor that Defendant has made, used, sold, offered for sale in or imported into the United States having a capillary chamber that holds a blood sample volume of 1µl or less and providing a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber, including (i) an identification of the model number; (ii) all revisions of the model numbers (to the extent any revision exists); (iii) the dates of manufacture, use, sale, offer for sale or import of the model; (iv) all documents and things (including, but not limited to, engineering drawings, manufacturing drawings or other schematic drawings, specifications, orders and instruction manuals) that illustrate and/or describe the design, structure and operation of each model or type identified in response to this Interrogatory; and (v) the identity of the persons most knowledgeable regarding the design, structure and operation of each such model or type of Electrochemical Sensor.

### RESPONSE TO INTERROGATORY NO. 1

Abbott objects to this interrogatory as vague and ambiguous (*e.g.*, "blood sample volume," "readout," "capillary chamber," and "after the blood sample enters the capillary chamber"),

Abbott objects to this interrogatory as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents").

Abbott objects to this interrogatory to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Abbott specifically objects to this interrogatory to the extent that it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, used, sold, offered for sale or imported in the United States on or after October 2, 2007.

Abbott further objects to this interrogatory to the extent it seeks confidential, proprietary, and/or sensitive business information, prior to the entry of a Protective Order in this case.

4

Abbott objects to Roche's Interrogatories as a whole because, even after withdrawing

Interrogatory Nos. 6, 10, 11, 13 and 15, the number of interrogatories remaining exceeds the 11

interrogatories allowed in this phase under the schedule adopted by the Court. (*See* D.I. 76 at pp. 9-

10 and D.I. 77). Further, Roche's 12 remaining interrogatories contain over 50 subparts. According

to Local Rule 26.1(a), "Each subpart of an interrogatory or request shall be counted as a separate

interrogatory or request." Therefore, Abbott will not further respond to this interrogatory until

Roche reduces the number of interrogatories and subparts to 11 in compliance with the limit set by

the Court.

## INTERROGATORY NO. 2

For each Electrochemical Sensor identified in response to Interrogatory No. 1, describe
Defendant's research, development and design effort for such Electrochemical Sensor and the events
leading to the research, development, and design of such Electrochemical Sensor, including but not
limited to an identification of (i) Defendant's corporate structure relating to the research,
development or design of such Electrochemical Sensors (including but not limited to all subsidiaries,
predecessors and/or other related business entities owned, partially owned, controlled and/or partially
controlled by Defendant; and the function of all departments, groups, units and/or divisions within
each such entity pertaining to such Electrochemical Sensor); (ii) each person (including third parties)
who had a role in and the role that each such person had in the research, development or design of
such Electrochemical Sensor; (iii) where such Electrochemical Sensor was researched, developed
and/or designed; (iv) all documents that relate to the research, development or design of such
Electrochemical Sensor, including any licenses or other agreements with third parties; and (v) the
three most knowledgeable persons regarding any facts that relate to the (a) research, (b) development
and (c) design of such Electrochemical Sensors.

## RESPONSE TO INTERROGATORY NO. 2

Abbott objects to this interrogatory as vague and ambiguous (*e.g.*, "blood sample volume,"

"readout," "capillary chamber," and "after the blood sample enters the capillary chamber").

Abbott objects to this interrogatory to the extent it seeks information that is neither relevant

to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible

evidence. In this regard, Abbott specifically objects to this interrogatory to the extent that it seeks

discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, used, sold, offered for sale or imported in the United States on or after October 2, 2007.

Abbott also objects to this interrogatory as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents"). Abbott further objects to this interrogatory to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott.

Abbott further objects to this interrogatory to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott further objects to this interrogatory to the extent it seeks confidential, proprietary, and/or sensitive business information, prior to the entry of a Protective Order in this case.

Abbott also objects to this interrogatory as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. The "research, development and design effort" for Abbott's Electrochemical Sensors and "events leading to the research, design, and development of such Electrochemical Sensors" are not relevant to the issues infringement or prior invention.

Abbott objects to Roche's Interrogatories as a whole because, even after withdrawing Interrogatory Nos. 6, 10, 11, 13 and 15, the number of interrogatories remaining exceeds the 11 interrogatories allowed in this phase under the schedule adopted by the Court. (*See* D.I. 76 at pp. 9-10 and D.I. 77). Further, Roche's 12 remaining interrogatories contain over 50 subparts. According

6

to Local Rule 26.1(a), "Each subpart of an interrogatory or request shall be counted as a separate interrogatory or request." Therefore, Abbott will not further respond to this interrogatory until Roche reduces the number of interrogatories and subparts to 11 in compliance with the limit set by the Court.

## INTERROGATORY NO. 3

For each Electrochemical Sensor identified in response to Interrogatory No. 1, identify all documents that constitute, refer to or related to sales and/or marketing material or literature (whether or not such material or literature was ever used and/or distributed) which relates to the sample volume for such Electrochemical Sensor and/or the time required to determine the concentration of glucose in a blood sample with such Electrochemical Sensor, and identify the person or persons responsible for the drafting of such material or literature.

## RESPONSE TO INTERROGATORY NO. 3

Abbott objects to this interrogatory as vague and ambiguous (*e.g.*, "sample volume" and "time required to determine glucose concentration").

Abbott objects to this interrogatory to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Abbott specifically objects to this interrogatory to the extent that it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, used, sold, offered for sale or imported in the United States on or after October 2, 2007.

Abbott also objects to this interrogatory as overly broad and unduly burdensome (*e.g.*, to the extent it seeks "All documents").

Abbott further objects to this interrogatory to the extent it imposes an unduly burdensome or expensive obligation on Abbott to search for, gather, and produce documents whose relevance, if any, is far outweighed by the cost and burden on Abbott.

7

Abbott further objects to this interrogatory to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidential obligation.

Abbott further objects to this interrogatory to the extent it seeks confidential, proprietary, and/or sensitive business information, prior to the entry of a Protective Order in this case.

Abbott also objects to this interrogatory as being impermissibly premature to the extent it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. For example, discovery relating to "material or literature [that was never] used and/or distributed" is not relevant to the issues infringement or prior invention.

Abbott objects to Roche's Interrogatories as a whole because, even after withdrawing Interrogatory Nos. 6, 10, 11, 13 and 15, the number of interrogatories remaining exceeds the 11 interrogatories allowed in this phase under the schedule adopted by the Court. (*See* D.I. 76 at pp. 9-10 and D.I. 77). Further, Roche's 12 remaining interrogatories contain over 50 subparts. According to Local Rule 26.1(a), "Each subpart of an interrogatory or request shall be counted as a separate interrogatory or request." Therefore, Abbott will not further respond to this interrogatory until Roche reduces the number of interrogatories and subparts to 11 in compliance with the limit set by the Court.

## INTERROGATORY NO. 4

If Defendant has asserted an affirmative defense or counterclaim alleging, or otherwise asserts, that any Electrochemical Sensor identified in response to Interrogatory No. 1 does not infringe any claim of either the 146 patent or the 147 patent, identify the factual basis for such affirmative defense, counterclaim or assertion, including but not limited to an identification of (i)

each such allegedly non-infringing Electrochemical Sensor, including the model number; all revision numbers of the model (to the extent any revision numbers exist); (ii) each claim of each patent allegedly not infringed for each such Electrochemical Sensor; (iii) each claim limitation that is alleged to be absent from use of the Electrochemical Sensor or otherwise missing from the Electrochemical Sensor; (iv) whether such specific claim limitation is missing literally or under the doctrine of equivalents, or both; (v) all documents and things upon which Defendant relies in support of any such assertion; and (vi) separately for each such allegedly non-infringing Electrochemical Sensor, the three persons having the most knowledge of the facts relating to each such assertion.

## RESPONSE TO INTERROGATORY NO. 4

Abbott objects to this interrogatory to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Abbott specifically objects to this interrogatory to the extent that it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, used, sold, offered for sale or imported in the United States on or after October 2, 2007.

Abbott objects to this interrogatory as premature because, *inter alia*, Roche has not yet identified the asserted claims. Abbott further objects to this interrogatory as premature since Roche has not yet provided (a) their proposed constructions of the asserted claims, (b) the bases and supporting evidence for such proposed constructions, or (c) the bases for Roche's allegations of infringement of such asserted claims (including claim charts). As the alleged patent owner, Roche has the burden of proof on infringement and presumably has this information readily available.

Abbott further objects to this interrogatory as premature in view of the schedule adopted by the Court. In this respect, Abbott objects to this interrogatory as a premature contention interrogatory in violation of the schedule adopted by the Court. Specifically, under the schedule adopted by the Court, responses to contention interrogatories shall not be due until the close of Phase I fact deposition discovery, *i.e.*, until at least October 24, 2008. (*See* D.I.76 at p. 10 and D.I. 77).

9

Abbott further objects to this interrogatory as premature to the extent it seeks expert discovery in advance of the date set forth in the schedule. Abbott further objects to this interrogatory as premature to the extent it seeks information that will be the subject of claim construction briefing by the parties. Abbott further objects to this interrogatory as premature because the Court has not yet construed the asserted claims in a *Markman* proceeding.

Abbott further objects to this interrogatory as overly broad, unduly burdensome, and harassing to the extent it seeks Abbott's non-infringement positions with respect to non-asserted claims. For similar reasons, Abbott further objects to this interrogatory to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Abbott further objects to this interrogatory to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidentiality obligation.

Abbott further objects to this interrogatory to the extent it seeks confidential, proprietary, and/or sensitive business information, prior to the entry of a Protective Order in this case.

Abbott objects to Roche's Interrogatories as a whole because, even after withdrawing Interrogatory Nos. 6, 10, 11, 13 and 15, the number of interrogatories remaining exceeds the 11 interrogatories allowed in this phase under the schedule adopted by the Court. (*See* D.I. 76 at pp. 9-10 and D.I. 77). Further, Roche's 12 remaining interrogatories contain over 50 subparts. According to Local Rule 26.1(a), "Each subpart of an interrogatory or request shall be counted as a separate interrogatory or request." Therefore, Abbott will not further respond to this interrogatory until Roche reduces the number of interrogatories and subparts to 11 in compliance with the limit set by the Court.

10

## INTERROGATORY NO. 5

For each claim that Defendant alleges in response to Interrogatory No. 4 is not infringed and for each claim limitation that Defendant alleges in response to Interrogatory No. 4 is missing from the Electrochemical Sensors identified in response to Interrogatory No. 1, identify in detail the basis for such allegation, including but not limited to a description of (i) Defendant's proposed construction of such claim limitation or element; (ii) all passages of the claims, specification, prosecution history or other intrinsic evidence that allegedly supports Defendant's position; (iii) all prior art that Defendant asserts supports its proposed construction; (iv) all other extrinsic evidence that allegedly supports Defendant's position; (v) any prosecution history estoppel that Defendant asserts applies to construction of the claims of the patents-in-suit; (vi) all documents and things upon which Defendant relies in support of any such assertion; and (v) separately for each such allegedly non-infringing Electrochemical Sensor, the three persons having the most knowledge of the facts relating to each such assertion.

## RESPONSE TO INTERROGATORY NO. 5

Abbott objects to this interrogatory to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Abbott specifically objects to this interrogatory to the extent that it seeks discovery concerning Electrochemical Sensors other than Abbott's Electrochemical Sensors that are being manufactured, used, sold, offered for sale or imported in the United States on or after October 2, 2007.

Abbott objects to this interrogatory as premature because, *inter alia*, Roche has not yet identified the asserted claims. Abbott further objects to this interrogatory as premature since Roche has not yet provided (a) their proposed constructions of the asserted claims, (b) the bases and supporting evidence for such proposed constructions, or (c) the bases for Roche's allegations of infringement of such asserted claims (including claim charts). As the alleged patent owner, Roche has the burden of proof on infringement and presumably has this information readily available.

Abbott further objects to this interrogatory as premature in view of the schedule adopted by the Court. In this respect, Abbott objects to this interrogatory as a premature contention

11

interrogatory in violation of the schedule adopted by the Court. Specifically, under the schedule adopted by the Court, responses to contention interrogatories shall not be due until the close of Phase I fact deposition discovery, *i.e.*, until at least October 24, 2008. (*See* D.I.76 at p. 10 and D.I. 77). Abbott further objects to this interrogatory as premature to the extent it seeks expert discovery in advance of the date set forth in the schedule. Abbott further objects to this interrogatory as premature to the extent it seeks information that will be the subject of claim construction briefing by the parties. Abbott further objects to this interrogatory as premature because the Court has not yet construed the asserted claims in a *Markman* proceeding.

Abbott further objects to this interrogatory as overly broad, unduly burdensome, and harassing to the extent it seeks Abbott's non-infringement positions with respect to non-asserted claims. For similar reasons, Abbott further objects to this interrogatory to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Abbott further objects to this interrogatory to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidentiality obligation.

Abbott further objects to this interrogatory to the extent it seeks confidential, proprietary, and/or sensitive business information, prior to the entry of a Protective Order in this case.

Abbott objects to Roche's Interrogatories as a whole because, even after withdrawing Interrogatory Nos. 6, 10, 11, 13 and 15, the number of interrogatories remaining exceeds the 11 interrogatories allowed in this phase under the schedule adopted by the Court. (*See* D.I. 76 at pp. 9-10 and D.I. 77). Further, Roche's 12 remaining interrogatories contain over 50 subparts. According to Local Rule 26.1(a), "Each subpart of an interrogatory or request shall be counted as a separate

interrogatory or request." Therefore, Abbott will not further respond to this interrogatory until Roche

reduces the number of interrogatories and subparts to 11 in compliance with the limit set by the

Court.

## INTERROGATORY NO. 6

For each Electrochemical Sensor identified in response to Interrogatory No. 1, identify the revenues and costs associated with such product, including but not limited to an identification of (i) the date of first sale or offer for sale; (ii) Defendant's monthly unit sales volume (or if monthly information is not available, whatever other periodic reporting period is available); (iii) Defendant's total sales by unit volume and total sales dollars; (iv) the standard unit sales price(s); (v) the cost of goods sold (with an allocation of all fixed and variable costs, including but not limited to all manufacturing, administrative, overhead and marketing costs per unit); (vi) Defendant's revenues and gross and net profits associated with such sales; (vii) each document and thing that refers or relates to such unit sales, prices, costs, revenues and profits; and (viii) the three persons most knowledgeable regarding such unit sales, prices, costs, revenues and profits.

## RESPONSE TO INTERROGATORY NO. 6

Roche has withdrawn this Interrogatory, and, thus, Abbott is not required to object or further

respond to this Interrogatory.

## INTERROGATORY NO. 7

If Defendant has asserted an affirmative defense or counterclaim alleging, or otherwise asserts, that any claim in the 146 patent and the 147 patent is invalid, set forth with particularity the entire factual and legal basis in support of such affirmative defense, counterclaim or assertion, including but not limited to an identification of (i) each claim of the patents-in-suit that Defendant asserts is invalid; (ii) for each such claim, each statutory provision that Defendant asserts renders it invalid; (iii) all facts that constitute the basis for each of Defendant's assertions of invalidity; (iv) all documents that support, refute or are inconsistent with each of Defendant's assertions of invalidity; and (v) the three most knowledgeable witnesses regarding any facts that relate to such assertion of invalidity.

## RESPONSE TO INTERROGATORY NO. 7

Abbott objects to this interrogatory as premature in view of the schedule adopted by the

Court. In this respect, Abbott objects to this interrogatory as a premature contention interrogatory in

13

violation of the schedule adopted by the Court. Specifically, under the schedule adopted by the Court, responses to contention interrogatories shall not be due until the close of Phase I fact deposition discovery, *i.e.*, until at least October 24, 2008. (*See* D.I.76 at p. 10 and D.I. 77). Abbott further objects to this interrogatory as premature to the extent it seeks expert discovery in advance of the date set forth in the schedule. Abbott further objects to this interrogatory as premature because the Court has not yet construed the asserted claims in a *Markman* proceeding.

Abbott further objects to this interrogatory to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidentiality obligation.

Abbott also objects to this interrogatory as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention (35 U.S.C. § 102(g)). In this respect, Roche has limited this interrogatory to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent.

Abbott objects to Roche's Interrogatories as a whole because, even after withdrawing Interrogatory Nos. 6, 10, 11, 13 and 15, the number of interrogatories remaining exceeds the 11 interrogatories allowed in this phase under the schedule adopted by the Court. (*See* D.I. 76 at pp. 9-10 and D.I. 77). Further, Roche's 12 remaining interrogatories contain over 50 subparts. According to Local Rule 26.1(a), "Each subpart of an interrogatory or request shall be counted as a separate interrogatory or request." Therefore, Abbott will not further respond to this interrogatory until Roche reduces the number of interrogatories and subparts to 11 in compliance with the limit set by the Court.

14

## INTERROGATORY NO. 8

If Defendant has asserted an affirmative defense or counterclaim alleging, or otherwise asserts, that any claim in the 146 patent and the 147 patent is invalid, under 35 U.S.C. § 102 and/or obvious under 35 U.S.C § 103, set forth with particularity the entire legal and factual basis for Defendant's allegation that the prior art invalidates each such claim, including but not limited to an identification of (i) each item of alleged prior art upon which Defendant relies; (ii) the date and circumstances under which each element of the alleged prior art became public; (iii) for each such claim in the 146 patent and the 147 patent, how each element, limitation or step of such claim is disclosed or taught by one or more alleged prior art references, either taken alone or in combination; (iv) for each combination of references used to support a defense or other assertion of obviousness, (a) the scope and content of the prior art, (b) the differences between the prior art and the claims at issue, (c) the level of ordinary skill in the pertinent art, (d) the application of secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc., and (e) the teaching, motivation or suggestion to make each such combination of references; (v) all documents that support such affirmative defense, counterclaim or assertion and (vi) the three most knowledgeable witnesses regarding such affirmative defense or assertion.

## RESPONSE TO INTERROGATORY NO. 8

Abbott objects to this interrogatory as premature in view of the schedule adopted by the Court. In this respect, Abbott objects to this interrogatory as a premature contention interrogatory in violation of the schedule adopted by the Court. Specifically, under the schedule adopted by the Court, responses to contention interrogatories shall not be due until the close of Phase I fact deposition discovery, *i.e.*, until at least October 24, 2008. (*See* D.I.76 at p. 10 and D.I. 77). Abbott further objects to this interrogatory as premature to the extent it seeks expert discovery in advance of the date set forth in the schedule. Abbott further objects to this interrogatory as premature because the Court has not yet construed the asserted claims in a *Markman* proceeding.

Abbott further objects to this interrogatory to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidentiality obligation.

Abbott also objects to this interrogatory as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. §

102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention (35 U.S.C. § 102(g)). In this respect, Roche has limited this interrogatory to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent.

Abbott objects to Roche's Interrogatories as a whole because, even after withdrawing Interrogatory Nos. 6, 10, 11, 13 and 15, the number of interrogatories remaining exceeds the 11 interrogatories allowed in this phase under the schedule adopted by the Court. (*See* D.I. 76 at pp. 9-10 and D.I. 77). Further, Roche's 12 remaining interrogatories contain over 50 subparts. According to Local Rule 26.1(a), "Each subpart of an interrogatory or request shall be counted as a separate interrogatory or request." Therefore, Abbott will not further respond to this interrogatory until Roche reduces the number of interrogatories and subparts to 11 in compliance with the limit set by the Court.

## INTERROGATORY NO. 9

Separately for each claim in the 146 patent and the 147 patent, define the person having ordinary skill in the art to which the subject matter of such claim pertains at the time the invention of such claim was made and at the date of filing of the original application to which the 146 and 147 patents claim priority.

## RESPONSE TO INTERROGATORY NO. 9

Abbott objects to this interrogatory as premature in view of the schedule adopted by the Court. In this respect, Abbott objects to this interrogatory as a premature contention interrogatory in violation of the schedule adopted by the Court. Specifically, under the schedule adopted by the Court, responses to contention interrogatories shall not be due until the close of Phase I fact deposition discovery, *i.e.*, until at least October 24, 2008. (*See* D.I.76 at p. 10 and D.I. 77). Abbott

16

further objects to this interrogatory as premature to the extent it seeks expert discovery in advance of the date set forth in the schedule. Abbott further objects to this interrogatory as premature to the extent it seeks information that will be the subject of claim construction briefing by the parties.

Abbott further objects to this interrogatory as overly broad, unduly burdensome, and harassing to the extent it seeks discovery from Abbott with respect to non-asserted claims. For similar reasons, Abbott further objects to this interrogatory to the extent it seeks information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Abbott further objects to this interrogatory to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidentiality obligation.

Abbott objects to Roche's Interrogatories as a whole because, even after withdrawing Interrogatory Nos. 6, 10, 11, 13 and 15, the number of interrogatories remaining exceeds the 11 interrogatories allowed in this phase under the schedule adopted by the Court. (*See* D.I. 76 at pp. 9-10 and D.I. 77). Further, Roche's 12 remaining interrogatories contain over 50 subparts. According to Local Rule 26.1(a), "Each subpart of an interrogatory or request shall be counted as a separate interrogatory or request." Therefore, Abbott will not further respond to this interrogatory until Roche reduces the number of interrogatories and subparts to 11 in compliance with the limit set by the Court.

## INTERROGATORY NO. 10

Describe in detail the circumstances in which Defendant first became aware of the patents-in-suit, including, but not limited to, an identification of (i) the date on which Defendant first became aware of each one of the patents-in-suit; (ii) the person affiliated with Defendant who first became aware of each one of the patents-in-suit; (iii) how Defendant first became aware of each one of the

17

patents-in-suit; (iv) from whom or where Defendant first became aware of each one of the patents-in-suit; (v) each and every document or thing that refers or relates to Defendant's first awareness of each one of the patents-in-suit; and (vi) the three persons most knowledgeable about the circumstances of Defendant's first awareness of each one of the patents-in-suit.

**RESPONSE TO INTERROGATORY NO. 10**

Roche has withdrawn this Interrogatory, and, thus, Abbott is not required to object or further

respond to this Interrogatory.

**INTERROGATORY NO. 11**

Identify any license entered into by Defendant, as licensor or licensee, related to sensor devices capable of being used to determine the concentration of glucose in a blood sample, including any licenses to components of such sensor devices, including but not limited to an identification of (i) the name of the licensee or licensor; (ii) the licensed property; (iii) the terms of the license, including consideration due under the agreement, whether it involved an initial upfront or initial payment, the royalty rate and the royalty base; (iv) when such license was executed and the effective date of the agreement; and (v) the three persons most knowledgeable regarding each such license.

**RESPONSE TO INTERROGATORY NO. 11**

Roche has withdrawn this Interrogatory, and, thus, Abbott is not required to object or further

respond to this Interrogatory.

**INTERROGATORY NO. 12**

Describe the circumstances surrounding any opinion, written and/or oral and formal and/or informal, that Defendant has requested or received regarding validity, infringement, enforceability or liability in relation to the 146 patent or the 147 patent, including but not limited to an identification of (i) whether the opinion was written or oral and formal or informal; (ii) the dates on which the opinion was requested, begun, completed and delivered; (iii) each person involved in the formulation and delivery of the opinion (including the role each such person had in the formulation and delivery of the opinion); (iv) each person who has received, reviewed or otherwise been informed of the substance of the opinion; (v) the subject matter of the opinion; (vi) whether Defendant intends to rely on such opinion in this case; (vii) to the extent that Defendant intends to rely *on such* opinion, the substance of the opinion; and (viii) all documents or things that refers or relates to each opinion.

**RESPONSE TO INTERROGATORY NO. 12**

Abbott objects to this interrogatory as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. In this respect, Roche has limited this interrogatory to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent.

Abbott objects to this interrogatory as being premature and unduly burdensome to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine in advance of any Court-ordered date for election of whether Abbott wishes to waive the attorney-client privilege with respect to any potentially responsive information.

Abbott objects to Roche's Interrogatories as a whole because, even after withdrawing Interrogatory Nos. 6, 10, 11, 13 and 15, the number of interrogatories remaining exceeds the 11 interrogatories allowed in this phase under the schedule adopted by the Court. (*See* D.I. 76 at pp. 9-10 and D.I. 77). Further, Roche's 12 remaining interrogatories contain over 50 subparts. According to Local Rule 26.1(a), "Each subpart of an interrogatory or request shall be counted as a separate interrogatory or request." Therefore, Abbott will not further respond to this interrogatory until Roche reduces the number of interrogatories and subparts to 11 in compliance with the limit set by the Court.

**INTERROGATORY NO. 13**

If Defendant has asserted an affirmative defense alleging, or otherwise asserts, that the defendants in this action are not properly joined together under Rule 20 of the Federal Rules of Civil Procedure, set forth with particularity the entire legal and factual basis for the defense or assertion.

**RESPONSE TO INTERROGATORY NO. 13**

Roche has withdrawn this Interrogatory, and, thus, Abbott is not required to object or further respond to this Interrogatory.

**INTERROGATORY NO. 14**

With respect to Abbott's Third Affirmative Defense, set forth with particularity the entire legal and factual basis for the defense or defenses asserted.

**RESPONSE TO INTERROGATORY NO. 14**

Abbott objects to this interrogatory as being impermissibly premature to the extent that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention. Roche has limited this interrogatory to the issues of infringement and/or prior invention under 35 U.S.C. § 102(g) of any claim in the 146 patent and the 147 patent.

Abbott further objects to this interrogatory to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidentiality obligation.

Abbott objects to Roche's Interrogatories as a whole because, even after withdrawing Interrogatory Nos. 6, 10, 11, 13 and 15, the number of interrogatories remaining exceeds the 11 interrogatories allowed in this phase under the schedule adopted by the Court. (*See* D.I. 76 at pp. 9-10 and D.I. 77). Further, Roche's 12 remaining interrogatories contain over 50 subparts. According

to Local Rule 26.1(a), "Each subpart of an interrogatory or request shall be counted as a separate interrogatory or request." Therefore, Abbott will not further respond to this interrogatory until Roche reduces the number of interrogatories and subparts to 11 in compliance with the limit set by the Court.

## INTERROGATORY NO. 15

With respect to the WO *626* application, describe in detail the experiments that provide the basis for the results described in each of the Examples and demonstrated in the Figures, including an identification of (i) each individual who conducted the experiments described in the Examples and demonstrated in the Figures; (ii) all documents (and the location of those documents) referring to, relating to or regarding such experiments; and (iii) with respect to the experiment described in Example 12 and shown in Figure 17, the complete protocols used to generate the results described in that Example and shown in that Figure, including but not limited to a description of the solution(s) or sample(s) used.

## RESPONSE TO INTERROGATORY NO. 15

Roche has withdrawn this Interrogatory, and, thus, Abbott is not required to object or further respond to this Interrogatory.

## INTERROGATORY NO. 16

Identify each person who provided information concerning each response to these Interrogatories and/or the supplementation of these Interrogatories, or in response to any subsequent Interrogatories, and each person who participated in the collection and/or review of documents and things in response to Plaintiffs' requests for production of documents and things, and identify all documents that were reviewed or considered relating to such responses.

**RESPONSE TO INTERROGATORY NO. 16**

Abbott objects to this interrogatory to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidentiality obligation.

Abbott objects to Roche's Interrogatories as a whole because, even after withdrawing Interrogatory Nos. 6, 10, 11, 13 and 15, the number of interrogatories remaining exceeds the 11 interrogatories allowed in this phase under the schedule adopted by the Court. (*See* D.I. 76 at pp. 9-10 and D.I. 77). Further, Roche's 12 remaining interrogatories contain over 50 subparts. According to Local Rule 26.1(a), "Each subpart of an interrogatory or request shall be counted as a separate interrogatory or request." Therefore, Abbott will not further respond to this interrogatory until Roche reduces the number of interrogatories and subparts to 11 in compliance with the limit set by the Court.

**INTERROGATORY NO. 17**

Identify each witness, including but not limited to fact and expert witnesses, that Defendant may call to testify at trial or hearing, and identify all expert opinions that Defendant may introduce at trial or a hearing.

**RESPONSE TO INTERROGATORY NO. 17**

Abbott objects to this interrogatory to the extent that it is invasive of the attorney-client privilege, work-product immunity or other applicable privilege, immunity, or confidentiality obligation.

Abbott further objects to this interrogatory as premature to the extent it seeks expert discovery in advance of the date set forth in the schedule.

Abbott also objects to this interrogatory as being impermissibly premature in that it seeks information that is not relevant to the issues of infringement or prior invention (35 U.S.C. § 102(g)). The Court has ordered phased discovery in this action, with discovery during this initial phase being limited to the issues of infringement or prior invention.

Abbott also objects to this request as being premature in that the Court has not yet set dates for the parties to exchange witness lists.

Abbott objects to Roche's Interrogatories as a whole because, even after withdrawing Interrogatory Nos. 6, 10, 11, 13 and 15, the number of interrogatories remaining exceeds the 11 interrogatories allowed in this phase under the schedule adopted by the Court. (*See* D.I. 76 at pp. 9-10 and D.I. 77). Further, Roche's 12 remaining interrogatories contain over 50 subparts. According to Local Rule 26.1(a), "Each subpart of an interrogatory or request shall be counted as a separate interrogatory or request." Therefore, Abbott will not further respond to this interrogatory until Roche reduces the number of interrogatories and subparts to 11 in compliance with the limit set by the Court.

McANDREWS HELD & MALLOY, LTD

Kirk A. Vander Leest
Ed Mas
Stephen F. Sherry
Merle S. Elliott
500 West Madison Street, Suite 3400
Chicago, IL 60661
Telephone: (312)775-8000
Facsimile: (312)775-8100

kvanderleest@mcandrews-ip.com
emas@mcandrews-ip.com
ssherry@mcandrews-ip.com

23

melliott@mcandrews-ip.com

Attorneys for Defendants,
ABBOTT DIABETES CARE INC. and
ABBOTT DIABETES CARE SALES
CORPORATION

*Of Counsel:*

Frederick L. Cottrell, III
Ann Shea Gaza
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone:  (302) 651-7700

Date:  March 3, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of March 2008, the attached **DEFENDANTS' RESPONSES**

**TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1-17) TO DEFENDANTS**

**ABBOTT DIABETES CARE INC. AND ABBOTT DIABETES CARE SALES CORPORATION**

was served upon the below-named counsel of record at the addresses and in the manner indicated:

Philip A. Rovner, Esq.                          VIA ELECTRONIC MAIL
Potter Anderson & Corroon LLP
Hercules Plaza
1313 N. Market Street
Wilmington, DE 19899-0951
provner@potteranderson.com
Counsel for Plaintiffs

Daniel A. Boehnen, Esq.                         VIA ELECTRONIC MAIL and
McDonnell Boehnen Hulbert & Berghoff LLP        U.S. MAIL
300 South Wacker Drive
Chicago, IL 60606
boehnen@mbhb.com
Counsel for Plaintiffs

Nancy Tinsley, Esq.                             VIA ELECTRONIC MAIL
Roche Diagnostics
9115 Hague Road
Indianapolis, IN 46250
nancy.tinsley@roche.com
Counsel for Plaintiffs

Steve J. Balick, Esq.                           VIA ELECTRONIC MAIL
Ashy & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
Counsel for Defendant
Diagnostic Devices, Inc.

T. Cole Peterson                                    VIA ELECTRONIC MAIL
Corporate Counsel
Diagnostic Devices, Inc.
14255 49th Street, Suite 301
Clearwater, FL 33762
Cole.Peterson@ccsmed.com
Counsel for Defendant
Diagnostic Devices, Inc.

John W. Shaw, Esq.                                  VIA ELECTRONIC MAIL
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
Counsel for Defendant
Bayer Healthcare, LLC

Wesley E. Overson, Esq.                             VIA ELECTRONIC MAIL
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
woverson@mofo.com
Counsel for Defendant
Bayer Healthcare, LLC

Kenneth P. George, Esq.                             VIA ELECTRONIC MAIL
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
kgeorge@arelaw.com
Counsel for Defendant
Bayer Healthcare, LLC

Mary W. Bourke, Esq.                                VIA ELECTRONIC MAIL
Connolly, Bove, Lodge & Hutz
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
mbourke@cblh.com
Counsel for Defendant
Lifescan, Inc.

Rodger D. Smith, II, Esq.                    VIA ELECTRONIC MAIL
Morris, Nichols, Arsht & Tunnel LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
rsmith@mnat.com
Counsel for Defendant
Nova Biomedical Corp.

Bradford J. Badke, Esq.                      VIA ELECTRONIC MAIL
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
jim.badke@ropesgray.com
Counsel for Defendant
Nova Biomedical Corp.

Kirk A. Vander Leest

# EXHIBIT R

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT DIABETES CARE, INCORPORATED, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 07-753 JJF <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**NOVA BIOMEDICAL CORPORATION'S RESPONSES AND**
**OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS**
**FOR THE PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-161)**

Pursuant to the Federal Rules of Civil Procedure 26 and 34 and Rule 26.2 of the Local Rules of Civil Procedure and Practice of the United States District Court for the District of Delaware (the "Local Rules"), Defendant Nova Biomedical Corporation ("Nova") responds to Roche Diagnostics Operations, Inc's and Corange International Limited's (collectively "Roche") First Set of Requests for the Production of Documents and Things (the "Requests"), dated January 23, 2008, as follows:

## GENERAL OBJECTIONS

1.    Nova objects to these Requests as premature. On February 28, 2008, the Court issued an Order adopting Defendants' proposed discovery schedule and indicating that it will stage discovery in such a manner that renders many of Roche's Requests untimely.

2.    Nova provides this response without waiver of or prejudice to its right, at any later time, to raise objections to: (a) the relevance, materiality, or admissibility of (i) the Requests or any part thereof, (ii) statements made in response to the Requests or any part thereof,

or (iii) any documents produced pursuant to these responses and objections; or (b) any further demand for discovery involving or relating to the matters raised in the Requests.

      3.     Nova objects to the Requests to the extent they require production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. In the event any privileged document is produced by Nova, its production is inadvertent and does not constitute a waiver of any privilege.

      4.     Nova objects to the Requests to the extent they call for documents not in Nova's possession, custody or control. Nova will not provide documents that are already in the possession, custody or control of Roche or are otherwise publicly available.

      5.     Nova objects to the Requests to the extent they seek confidential or proprietary information and will produce documents containing confidential or proprietary information subject to the protective order to be entered by the Court in this action or subject to Local Rule 26.2.

      6.     Nova objects to the Requests to the extent they seek documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

      7.     Nova objects to the Requests to the extent they call upon Nova to form and/or reveal legal conclusions to Roche. Nova's responses shall not be deemed to constitute admissions (i) that any particular document or thing exists, is relevant, or admissible in evidence, or (ii) that any statement or characterization in the Requests is accurate or complete.

      8.     Nova reserves the right, at any time, to revise, correct, and to supplement, modify, or clarify the specific responses set forth below or the information disclosed therein. By this reservation, Nova does not, however, assume a continuing responsibility to update its responses beyond the requirements of the Federal Rules of Civil Procedure and applicable Local

Rules, and it objects to the Requests to the extent they seek to impose any such continuing obligation.

9.    In the responses that follow, a statement that responsive documents will be produced does not mean that: (a) any documents exist; or (b) they are in Nova's possession, custody, or control. It only means that subject to any objections, Nova will perform a reasonable search for responsive documents, and produce or schedule those documents, if any.

10.    Nova objects to the Requests to the extent responding to them imposes any undue burden or expense on Nova or to the extent they seek to impose a duty on Nova greater than or different from the requirements of the Federal Rules of Civil Procedure, including without limitation Rules 26(e) and 34, or any applicable Local Rule.

11.    Nova objects to the Requests to the extent they contain no date limitations. Nova will search for and produce responsive, non-privileged documents subject to these objections that were created prior to the filing date of the Complaint in this action.

12.    Nova objects to the Requests to the extent they are unreasonably cumulative or duplicative of other discovery, or seek documents or information that is obtainable from a source that is more convenient, less burdensome, or less expensive. FED. R. CIV. P. 26(b)(2)(C)(i).

13.    Nova objects to the Requests as vague and ambiguous to the extent they include terms or phrases that are undefined.

14.    Nova objects to the Requests to the extent they seek documents regarding the confidential information of third parties.

3

15.    Nova objects to the Requests to the extent they seek documents that, based on a reasonable search or inquiry, appear either never to have existed or no longer exist within Nova.

16.    Nova objects to Roche's definition of the terms "Defendant," "Nova," "you" and "your" as vague, overbroad and unduly burdensome, and seeking to impose requirements or obligations on Nova in addition to, beyond the scope of, or different from those imposed by the Federal Rules of Civil Procedure and/or the Local Rules. "Defendant," "Nova," "you," and "your" will be interpreted to mean Nova Biomedical Corporation.

17.    Nova objects to Roche's definition of the term "document(s)" as overbroad and unduly burdensome, and seeking to impose requirements or obligations on Nova in addition to, beyond the scope of, or different from those imposed by the Federal Rules of Civil Procedure and/or the Local Rules. "Document(s)" will be interpreted consistent with Rule 34.

18.    Nova objects to Roche's definition of the term "thing(s)" as overbroad and unduly burdensome, and seeking to impose requirements or obligations on Nova in addition to, beyond the scope of, or different from those imposed by the Federal Rules of Civil Procedure and/or the Local Rules. "Thing(s)" will be interpreted in line with Rule 34.

19.    Nova objects to Roche's definition of the terms "identify," "identification," "describe" and "description" as vague, overbroad and unduly burdensome, and seeking to impose requirements or obligations on Nova in addition to, beyond the scope of, or different from those imposed by the Federal Rules of Civil Procedure and/or the Local Rules.

20.    Nova objects to those Requests that seek "every" document or "all" documents that refer or relate to a particular subject to the extent Roche purports to require Nova to seek documents from individuals not employed by or otherwise under the control of Nova.

4

Nova objects to conducting a search of this breadth on the grounds that such documents are not reasonably available to Nova, and on the grounds of undue burden and expense and not being reasonably calculated to lead to the discovery of admissible evidence.

21.    Nova objects to Roche's definition of the term "Electrochemical Sensor," as vague, overbroad and unduly burdensome. Nova will interpret the term Electrochemical Sensor to mean a disposable test strip capable of being used in conjunction with a meter to determine the concentration of glucose in a blood sample.

22.    Nova objects to the production of documents falling within any of the General Objections set forth herein or within one of the specific objections set forth below. In the event any document falling within such an objection is produced by Nova, its production does not constitute waiver of the objection.

## RESPONSES AND SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1

All documents and things concerning, referring to or relating to the research, design and/or development of Defendant's Identified Electrochemical Sensors.

### RESPONSE TO DOCUMENT REQUEST NO. 1

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's

5

counterclaims.  Subject to and without waiver of these and the foregoing General Objections,

Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 2**

Every laboratory notebook or note, technical report, research report, progress report or other document or thing referring or relating to laboratory work on, research on, design and/or development of the Identified Electrochemical Sensors.

**RESPONSE TO DOCUMENT REQUEST NO. 2**

Nova objects to this Request on the grounds that it is overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Nova also objects to this Request as vague and ambiguous because the terms "note," "technical

report," "research report" and "progress report" are undefined.  Nova further objects to the extent

the Request calls for the production of documents protected from discovery by the attorney-

client privilege, the work-product doctrine or any other applicable privilege.  Nova further

objects to this Request to the extent it requires Nova to produce documents and/or things that are

not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35

U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims.  Subject to and without

waiver of these and the foregoing General Objections, Nova is searching for and will produce

responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 3**

All documents and things concerning, referring to or relating to the research, design and/or development related to the sample volume used with Defendant's Identified Electrochemical Sensors.

**RESPONSE TO DOCUMENT REQUEST NO. 3**

Nova objects to this Request on the grounds that it is overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Nova also objects to this Request as vague and ambiguous because the term "sample volume" is

6

undefined. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 4**

All documents concerning, referring to or relating to any tests, studies or experiments related to the sample volume used with Defendant's Identified Electrochemical Sensors.

**RESPONSE TO DOCUMENT REQUEST NO. 4**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous because the term "sample volume" is undefined. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 5**

All documents and things concerning, referring to or relating to the research, design and/or development related to the time required to determine the concentration of glucose in a blood sample with Defendant's Identified Electrochemical Sensors.

7

**RESPONSE TO DOCUMENT REQUEST NO. 5**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous because the term "the time required to determine the concentration of glucose in a blood sample" is undefined. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 6**

All documents concerning, referring to or relating to any tests, studies or experiments related to the time required to determine the concentration of glucose in a blood sample with Defendant's Identified Electrochemical Sensors.

**RESPONSE TO DOCUMENT REQUEST NO. 6**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous because the term "the time required to determine the concentration of glucose in a blood sample" is undefined. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention

(35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims.  Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

## DOCUMENT REQUEST NO. 7

All documents and things concerning, referring to or relating to any inspection, review, testing, experimenting, operation, disassembly, analysis or reverse engineering of any Electrochemical Sensors having a capillary chamber that holds a blood sample volume of 1 µl or less and provides a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber made, used, offered for sale or sold by Plaintiffs or any other person.

## RESPONSE TO DOCUMENT REQUEST NO. 7

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege.  Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims.  Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

## DOCUMENT REQUEST NO. 8

All documents and things concerning, referring to or relating to any submissions, filings or communications with any state or federal regulatory agency relating to the Identified Electrochemical Sensors.

**RESPONSE TO DOCUMENT REQUEST NO. 8**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous because the terms "submissions," and "filings" are undefined. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 9**

All documents and things concerning, referring to or relating to Defendant's decision to research, design, develop, manufacture, import, sell or offer for sale any Electrochemical Sensors having a capillary chamber that holds a blood sample volume of 1 µl or less and providing a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber.

**RESPONSE TO DOCUMENT REQUEST NO. 9**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent documents relating to "Defendant's decision" are not relevant to any claim or defense and not reasonable calculated to lead to the discovery of admissible evidence. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things

10

that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention

(35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims.  Subject to and

without waiver of these and the foregoing General Objections, Nova is searching for and will

produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 10**

All documents and things concerning, referring to, relating to or constituting
minutes, memos or other records of meetings of directors, officers, employees and/or other
personnel of Defendant where Electrochemical Sensors having a capillary chamber that holds a
blood sample volume of 1 µl or less were discussed referenced or considered in any way.

**RESPONSE TO DOCUMENT REQUEST NO. 10**

Nova objects to this Request on the grounds that it is overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Nova also objects to this Request as vague and ambiguous.  Nova further objects to the extent the

Request calls for the production of documents protected from discovery by the attorney-client

privilege, the work-product doctrine or any other applicable privilege.  Nova further objects to

this Request to the extent it requires Nova to produce documents and/or things that are not

related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C.

§ 102(g)) of the Roche patents-in-suit, or Nova's counterclaims.  Subject to and without waiver

of these and the foregoing General Objections, Nova is searching for and will produce

responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 11**

All documents and things concerning, referring to, relating to or constituting
minutes, memos or other records of meetings of directors, officers, employees and/or other
personnel of Defendant where Electrochemical Sensors which provide a readout of the glucose
concentration of the blood sample within 10 seconds or less after the blood sample enters the
capillary chamber were discussed referenced or considered in any way.

## RESPONSE TO DOCUMENT REQUEST NO. 11

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

## DOCUMENT REQUEST NO. 12

All documents and things concerning, referring to or relating to any utility, advantages, value or business significance of any Electrochemical Sensors having a capillary chamber that holds a blood sample volume of 1 µl or less.

## RESPONSE TO DOCUMENT REQUEST NO. 12

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things relating to the "utility" standard of 35 U.S.C. § 101 or to validity and not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims.

12

## DOCUMENT REQUEST NO. 13

All documents and things concerning, referring to or relating to any utility, advantages, value or business significance of any Electrochemical Sensors which provide a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber.

## RESPONSE TO DOCUMENT REQUEST NO. 13

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things relating to the "utility" standard of 35 U.S.C. § 101 or to validity and not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims.

## DOCUMENT REQUEST NO. 14

Organizational charts or other documents for the period from 2002 to the present detailing the corporate structure, management, chain of command and all officers, directors or other employees or personnel of Defendant with any responsibility for the design, engineering, research, development, testing, manufacturing, commercialization, sales, marketing, competitive product analysis or legal analysis of Identified Electrochemical Sensors.

## RESPONSE TO DOCUMENT REQUEST NO. 14

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to

13

this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova also objects to this Request to the extent it seeks documents that were not in existence prior to the filing date of the Complaint. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 15**

The most current curriculum vitae for the ten people primarily responsible for the design, engineering, research, development or testing of the Identified Electrochemical Sensors.

**RESPONSE TO DOCUMENT REQUEST NO. 15**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, irrelevant to any claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 16**

All documents and things identifying the names and titles of all persons having any role in the research, design and/or development of any of Defendant's Identified Electrochemical Sensors.

**RESPONSE TO DOCUMENT REQUEST NO. 16**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C.

14

§ 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver

of these and the foregoing General Objections, Nova is searching for and will produce

documents sufficient to establish the names and titles of persons having a role in the research,

design and/or development of Nova's disposable electrochemical sensors to the extent any exist.

## DOCUMENT REQUEST NO. 17

The most current curriculum vitae for the ten people primarily responsible for the commercialization, sales, marketing or competitive product analysis of the Identified Electrochemical Sensors.

## RESPONSE TO DOCUMENT REQUEST NO. 17

Nova objects to this Request on the grounds that it is overbroad, unduly

burdensome, irrelevant to any claim or defense in this action, and not reasonably calculated to

lead to the discovery of admissible evidence.

## DOCUMENT REQUEST NO. 18

All documents and things identifying the names and titles of all persons having any role in the sales and/or marketing of any of Defendant's Identified Electrochemical Sensors.

## RESPONSE TO DOCUMENT REQUEST NO. 18

Nova objects to this Request on the grounds that it is overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the

Request calls for the production of documents protected from discovery by the attorney-client

privilege, the work-product doctrine or any other applicable privilege. Nova further objects to

this Request to the extent it requires Nova to produce documents and/or things that are not

related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C.

§ 102(g)) of the Roche patents-in-suit, or Nova's counterclaims.

15

## DOCUMENT REQUEST NO. 19

All documents and things concerning, referring to or relating to any comparison or comparative test of Defendant's Identified Electrochemical Sensors with any other Electrochemical Sensors.

## RESPONSE TO DOCUMENT REQUEST NO. 19

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

## DOCUMENT REQUEST NO. 20

All documents and things referring to, relating to or comprising product literature and technical descriptions provided to health care providers, users and/or customers, including but not limited to instruction manuals, operators manuals, owners manuals, user guides, user manuals, repair manuals, services manuals or care manuals, concerning, referring to or relating to Identified Electrochemical Sensors, including drafts or other versions not distributed to health care providers, users and/or customers.

## RESPONSE TO DOCUMENT REQUEST NO. 20

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous because the terms "product literature" and "technical descriptions" are undefined. Nova further objects to the extent the Request calls

16

for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 21**

Ten (10) samples of every model or type of Defendant's Identified Electrochemical Sensors.

**RESPONSE TO DOCUMENT REQUEST NO. 21**

Subject to and without waiver of the foregoing General Objections, Nova will exchange samples of its accused electrochemical sensors for Roche's accused electrochemical sensors at a time, place and manner to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 22**

All documents and things concerning, referring to or relating to the research, design, development, production or manufacture of any alternatives to Defendant's Identified Electrochemical Sensors, whether or not rejected.

**RESPONSE TO DOCUMENT REQUEST NO. 22**

Nova objects to this Request in its entirety as it requires Nova to produce documents and/or things that relate only to damages issues and are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova expressly reserves all other objections until the appropriate phase of discovery.

**DOCUMENT REQUEST NO. 23**

All documents and things concerning, referring to or relating to the decision(s) by Defendant regarding the selection or rejection of any designs of or components for Identified Electrochemical Sensors and/or methods of using an Electrochemical Sensor having a capillary chamber that holds a blood sample volume of 1 µl or less or provides a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber.

**RESPONSE TO DOCUMENT REQUEST NO. 23**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous because the terms "selection" and "rejection" are undefined. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 24**

All documents and things concerning, referring to or relating to any components or parts contained in, or used or considered for use in Defendant's Identified Electrochemical Sensors, including but not limited to any research and development related thereto.

**RESPONSE TO DOCUMENT REQUEST NO. 24**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client

18

privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

## DOCUMENT REQUEST NO. 25

All documents and things concerning, referring to, relating to or depicting the specifications of and process steps used in Defendant's Identified Electrochemical Sensors, and each revision thereof.

## RESPONSE TO DOCUMENT REQUEST NO. 25

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous because the terms "specifications" and "process steps" are undefined. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

19

**DOCUMENT REQUEST NO. 26**

　　　　　All documents and things concerning, referring to or relating to all draft, proposed or final specifications for Defendant's Identified Electrochemical Sensors or any other existing or proposed Electrochemical Sensors having a capillary chamber that holds a blood sample volume of 1 μl or less or provides a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber.

**RESPONSE TO DOCUMENT REQUEST NO. 26**

　　　　　Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous because the term "final specifications" is undefined. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 27**

　　　　　All documents and things showing, describing, referring to or relating to the structure and/or operation of any Electrochemical Sensor having a capillary chamber that holds a blood sample volume of 1 μl or less, including but not limited to Defendant's Identified Electrochemical Sensors.

**RESPONSE TO DOCUMENT REQUEST NO. 27**

　　　　　Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the

Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

## DOCUMENT REQUEST NO. 28

All documents and things showing, describing, referring to or relating to the structure and/or operation of any Electrochemical Sensor which provide a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber, including but not limited to Defendant's Identified Electrochemical Sensors.

## RESPONSE TO DOCUMENT REQUEST NO. 28

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 29**

All documents and things sufficient to show how the component parts of Defendant's Identified Electrochemical Sensors work together or interact with each other in the operation of the Identified Electrochemical Sensors.

**RESPONSE TO DOCUMENT REQUEST NO. 29**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous because the terms "work together" and "interact" are undefined. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 30**

All documents and things concerning, referring to or relating to comparisons between the components used in Defendant's Identified Electrochemical Sensors and any other components considered, proposed or actually used in Electrochemical Sensors.

**RESPONSE TO DOCUMENT REQUEST NO. 30**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to

this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 31**

All documents and things concerning, referring to or relating to any agreement between Defendant and any other person for the research, design, development or manufacture of the Identified Electrochemical Sensors.

**RESPONSE TO DOCUMENT REQUEST NO. 31**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 32**

All documents and things concerning, referring to, relating to or constituting any communications between Defendant and any other person concerning the Identified Electrochemical Sensors.

**RESPONSE TO DOCUMENT REQUEST NO. 32**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 33**

All documents and things concerning, referring to, relating to or constituting any communications between Defendant and any other person concerning an Electrochemical Sensor having a blood sample volume of 1 µl or less.

**RESPONSE TO DOCUMENT REQUEST NO. 33**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver

24

of these and the foregoing General Objections, Nova is searching for and will produce

responsive documents to the extent any exist.

## DOCUMENT REQUEST NO. 34

All documents and things concerning, referring to, relating to or constituting any
communications between Defendant and any other person concerning an Electrochemical Sensor
having a test time of 10 seconds or less.

## RESPONSE TO DOCUMENT REQUEST NO. 34

Nova objects to this Request on the grounds that it is overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Nova also objects to this Request as vague and ambiguous because the term "test time" is

undefined. Nova further objects to the extent the Request calls for the production of documents

protected from discovery by the attorney-client privilege, the work-product doctrine or any other

applicable privilege. Nova further objects to this Request to the extent it requires Nova to

produce documents and/or things that are not related to the alleged infringement of the Roche

patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's

counterclaims. Subject to and without waiver of these and the foregoing General Objections,

Nova is searching for and will produce responsive documents to the extent any exist.

## DOCUMENT REQUEST NO. 35

All documents and things concerning, referring to, relating to or constituting any
communications between Defendant and any other person concerning an Electrochemical Sensor
which provide a readout of the glucose concentration of the blood sample within 10 seconds or
less after the blood sample enters the capillary chamber.

## RESPONSE TO DOCUMENT REQUEST NO. 35

Nova objects to this Request on the grounds that it is overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the

Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 36**

All documents resulting from, concerning, referring to or relating to any prior art, literature and/or patent searches conducted by, at the request of or on behalf of Defendant with respect to Electrochemical Sensors having a capillary chamber that holds a blood sample volume of 1 μl or less.

**RESPONSE TO DOCUMENT REQUEST NO. 36**

Nova objects to this Request in its entirety as it requires Nova to produce documents and/or things that relate only to validity issues and are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova expressly reserves all other objections until the appropriate phase of discovery.

**DOCUMENT REQUEST NO. 37**

All documents resulting from, concerning, referring to or relating to any prior art, literature and/or patent searches conducted by, at the request of or on behalf of Defendant with respect to Electrochemical Sensors which provide a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber.

**RESPONSE TO DOCUMENT REQUEST NO. 37**

Nova objects to this Request in its entirety as it requires Nova to produce documents and/or things that relate only to validity issues and are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the

Roche patents-in-suit, or Nova's counterclaims. Nova expressly reserves all other objections until the appropriate phase of discovery.

## DOCUMENT REQUEST NO. 38

### [WITHDRAWN BY ROCHE IN FEBRUARY 15, 2008 LETTER.]

## DOCUMENT REQUEST NO. 39

All documents and things concerning, referring to or relating to Defendant's knowledge of Plaintiffs' activities in research, patenting, development, manufacturing, use or sale of Electrochemical Sensors having a capillary chamber that holds a blood sample volume of 1 µl or less.

## RESPONSE TO DOCUMENT REQUEST NO. 39

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

## DOCUMENT REQUEST NO. 40

All documents and things concerning, referring to or relating to Defendant's knowledge of Plaintiffs' activities in research, patenting, development, manufacturing, use or sale of Electrochemical Sensors which provide a readout of the glucose concentration of the blood sample within 10 seconds or less after the blood sample enters the capillary chamber.

27

**RESPONSE TO DOCUMENT REQUEST NO. 40**

        Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 41**

        All documents concerning, referring to or relating to Christopher D. Wilsey.

**RESPONSE TO DOCUMENT REQUEST NO. 41**

        Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 42**

All documents concerning, referring to or relating to Nigel A. Surridge.

**RESPONSE TO DOCUMENT REQUEST NO. 42**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 43**

All documents and things concerning, referring to or relating (in words or in substance) to the patents-in -suit, including but not limited to:

(a)    all documents and things concerning, referring to or relating to the validity and/or invalidity of the patents-in-suit;

(b)    all documents and things concerning, referring to or relating to the enforceability and/or unenforceability of any of the subject matter claimed by the patents-in-suit; and

(c)    all documents and things concerning, referring to or relating to any infringement and/or non-infringement of the patents-in-suit by Defendant or by anyone else.

**RESPONSE TO DOCUMENT REQUEST NO. 43**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client

privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

## DOCUMENT REQUEST NO. 44

All documents and things concerning, referring to or relating to any analysis, consideration, negotiation, recommendation or proposal relating to obtaining a license or other rights under the patents-in-suit.

## RESPONSE TO DOCUMENT REQUEST NO. 44

Nova objects to this Request in its entirety as it requires Nova to produce documents and/or things that relate to Roche's claim for damages and are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova expressly reserves all other objections until the appropriate phase of discovery.

## DOCUMENT REQUEST NO. 45

All documents and things concerning, referring to, relating to or constituting minutes, memos or other records of meetings of directors, officers, employees and/or other personnel of Defendant where Plaintiffs and/or the patents-in-suit were discussed, referenced or considered in any way.

## RESPONSE TO DOCUMENT REQUEST NO. 45

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client

privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

## DOCUMENT REQUEST NO. 46

All documents and things concerning, referring to or relating to any consideration given or decisions or efforts made by Defendant to design around the patents-in-suit.

## RESPONSE TO DOCUMENT REQUEST NO. 46

Nova objects to this Request in its entirety as it requires Nova to produce documents and/or things that relate to Roche's claim of willful infringement and/or damages and are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova expressly reserves all other objections until the appropriate phase of discovery.

## DOCUMENT REQUEST NO. 47

All documents and things concerning, referring to or relating to any decisions or efforts made by Defendant to design Electrochemical Sensors that would not infringe the patents-in-suit.

## RESPONSE TO DOCUMENT REQUEST NO. 47

Nova objects to this Request in its entirety as it requires Nova to produce documents and/or things that relate to Roche's claim of willful infringement and/or damages and are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova expressly reserves all other objections until the appropriate phase of discovery.

31

**DOCUMENT REQUEST NO. 48**

All documents that Defendant intends to rely on to assert invalidity, unenforceability or non-infringement of any of the patents-in-suit or which otherwise refer or relate to any defense or counterclaim asserted by Defendant.

**RESPONSE TO DOCUMENT REQUEST NO. 48**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 49**

[WITHDRAWN BY ROCHE IN FEBRUARY 15, 2008 LETTER.]

**DOCUMENT REQUEST NO. 50**

[WITHDRAWN BY ROCHE IN FEBRUARY 15, 2008 LETTER.]

**DOCUMENT REQUEST NO. 51**

All documents evidencing, referring to or relating to the state of the art relevant to the subject matter claimed in the patents-in-suit as of the time of filing of the application that issued as the 146 patent.

**RESPONSE TO DOCUMENT REQUEST NO. 51**

Nova objects to this Request in its entirety as it requires Nova to produce documents and/or things that relate to validity and are not related to the alleged infringement of

the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit,

or Nova's counterclaims.  Nova expressly reserves all other objections until the appropriate

phase of discovery.

## DOCUMENT REQUEST NO. 52

All documents evidencing, referring to or relating to the state of the art relevant to the subject matter claimed in the patents-in-suit as of the time of filing of the application that issued as the 147 patent.

## RESPONSE TO DOCUMENT REQUEST NO. 52

Nova objects to this Request in its entirety as it requires Nova to produce

documents and/or things that relate to validity and are not related to the alleged infringement of

the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit,

or Nova's counterclaims.  Nova expressly reserves all other objections until the appropriate

phase of discovery.

## DOCUMENT REQUEST NO. 53

All documents and things concerning, referring to or relating to United States or foreign patent applications, requests for reexamination, patents, invention certificates, reissues, reexaminations, invention disclosures and file histories concerning or relating to the patents-in-suit, including but not limited to the Requests for Reexamination.

## RESPONSE TO DOCUMENT REQUEST NO. 53

Nova objects to this Request on the grounds that it is overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Nova also objects to this Request as vague and ambiguous.  Nova further objects to the extent the

Request calls for the production of documents protected from discovery by the attorney-client

privilege, the work-product doctrine or any other applicable privilege.  Nova further objects to

this Request to the extent it requires Nova to produce documents and/or things that are not

related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C.

33

§ 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 54**

All documents and things concerning, referring to or relating to any written opinions prepared by or on Defendant's behalf, or received by or on Defendant's behalf, regarding the patents-in-suit, including but not limited to opinions relating to the validity, invalidity, enforceability, unenforceability, infringement and/or non-infringement of the patents-in-suit, all drafts of opinions and all documents considered, reviewed or relied on in formulating and/or rendering opinions.

**RESPONSE TO DOCUMENT REQUEST NO. 54**

Nova objects to this Request in its entirety as it requires Nova to produce documents and/or things that relate to Roche's claims of willful infringement and are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova expressly reserves all other objections until the appropriate phase of discovery.

**DOCUMENT REQUEST NO. 55**

All documents and things concerning, referring to or relating to any discussion or communication, whether written or oral, of the validity, invalidity, enforceability, unenforceability, infringement and/or non-infringement of the patents-in-suit.

**RESPONSE TO DOCUMENT REQUEST NO. 55**

Nova objects to this Request in its entirety as it requires Nova to produce documents and/or things that relate to Roche's claim of willful infringement and are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova expressly reserves all other objections until the appropriate phase of discovery.

34

**DOCUMENT REQUEST NO. 56**

All documents and things concerning, referring to or relating to the billing, such as bills or invoices, for any opinion, discussion and/or communication, whether written or oral, regarding validity, invalidity, enforceability, unenforceability, infringement and/or non-infringement of the patents-in-suit or any claim thereof.

**RESPONSE TO DOCUMENT REQUEST NO. 56**

Nova objects to this Request in its entirety as it requires Nova to produce

documents and/or things that relate to Roche's claim of willful infringement and are not related

to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C.

§ 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova expressly reserves all

other objections until the appropriate phase of discovery.

**DOCUMENT REQUEST NO. 57**

All documents and things concerning, referring to or relating to any licensing discussions, negotiations or agreements between Defendant and any person relating to any rights with regard to Defendant's Identified Electrochemical Sensors.

**RESPONSE TO DOCUMENT REQUEST NO. 57**

Nova objects to this Request in its entirety as it requires Nova to produce

documents and/or things that relate only to damages and are not related to the alleged

infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the

Roche patents-in-suit, or Nova's counterclaims. Nova expressly reserves all other objections

until the appropriate phase of discovery.

**DOCUMENT REQUEST NO. 58**

All license agreements and other documents concerning, referring to or relating to or reflecting any agreements between Defendant and any other person relating in any way to electrochemical sensors capable of being used to determine the concentration of a compound in any sample.

35

**RESPONSE TO DOCUMENT REQUEST NO. 58**

      Nova objects to this Request in its entirety as it requires Nova to produce documents and/or things that relate only to damages and are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova expressly reserves all other objections until the appropriate phase of discovery.

**DOCUMENT REQUEST NO. 59**

      All documents and things concerning, describing, referring to, or relating to any agreements between Defendant and any other person with respect to Electrochemical Sensors.

**RESPONSE TO DOCUMENT REQUEST NO. 59**

      Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 60**

      All documents and things concerning, referring to or relating to any offer for sale or sale in the United States of Defendant's Identified Electrochemical Sensors.

**RESPONSE TO DOCUMENT REQUEST NO. 60**

        Nova objects to this Request in its entirety as it requires Nova to produce documents and/or things that relate to damages and/or validity and are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova expressly reserves all other objections until the appropriate phase of discovery.

**DOCUMENT REQUEST NO. 61**

        All documents and things evidencing, concerning, referring to or relating to any free samples or other units of Defendant's Identified Electrochemical Sensors distributed without charge.

**RESPONSE TO DOCUMENT REQUEST NO. 61**

        Nova objects to this Request in its entirety as it requires Nova to produce documents and/or things that relate to damages and are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova expressly reserves all other objections until the appropriate phase of discovery.

**DOCUMENT REQUEST NO. 62**

        All documents and things constituting, referring to, or relating to advertising plans, business plans, marketing plans or efforts, promotional programs or strategies on the part of Defendant, or on its behalf, concerning Defendant's Identified Electrochemical Sensors.

**RESPONSE TO DOCUMENT REQUEST NO. 62**

        Nova objects to this Request in its entirety as it requires Nova to produce documents and/or things that relate to damages and/or validity and are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova expressly reserves all other objections until the appropriate phase of discovery.

**DOCUMENT REQUEST NO. 63**

All documents and things advertising, describing or promoting, by or on behalf of Defendant, its Identified Electrochemical Sensors, whether or not such documents have yet been made public, including material prepared by or used by or for persons that distribute, market or sell Defendant's Identified Electrochemical Sensors.

**RESPONSE TO DOCUMENT REQUEST NO. 63**

Nova objects to this Request in its entirety as it requires Nova to produce documents and/or things that relate to damages and/or validity and are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova expressly reserves all other objections until the appropriate phase of discovery.

**DOCUMENT REQUEST NO. 64**

All documents and things comprising, referring to, or relating in any way to marketing materials that Defendant prepared or had prepared on its behalf in connection with the marketing and/or sale of the Identified Electrochemical Sensors.

**RESPONSE TO DOCUMENT REQUEST NO. 64**

Nova objects to this Request in its entirety as it requires Nova to produce documents and/or things that relate to damages and/or validity and are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova expressly reserves all other objections until the appropriate phase of discovery.

**DOCUMENT REQUEST NO. 65**

All documents and things collecting, reflecting, or commenting upon feedback of any type from customers and/or users of Defendant's Identified Electrochemical Sensors.

**RESPONSE TO DOCUMENT REQUEST NO. 65**

Nova objects to this Request in its entirety as it requires Nova to produce documents and/or things that relate to damages and/or validity and are not related to the alleged

infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the

Roche patents-in-suit, or Nova's counterclaims. Nova expressly reserves all other objections

until the appropriate phase of discovery.

## DOCUMENT REQUEST NO. 66

All documents and things concerning, referring to or relating to communications with distributors of Defendant's Identified Electrochemical Sensors, or potential distributors of Defendant's Identified Electrochemical Sensors.

## RESPONSE TO DOCUMENT REQUEST NO. 66

Nova objects to this Request on the grounds that it is overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Nova also objects to this Request as vague and ambiguous because the term "potential

distributors" is undefined. Nova further objects to the extent the Request calls for the production

of documents protected from discovery by the attorney-client privilege, the work-product

doctrine or any other applicable privilege. Nova further objects to this Request to the extent it

requires Nova to produce documents and/or things that are not related to the alleged infringement

of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-

suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General

Objections, Nova is searching for and will produce responsive documents to the extent any exist.

## DOCUMENT REQUEST NO. 67

All documents and things concerning, referring to or relating to communications with physicians, nurses, clinics or other potential users of Defendant's Identified Electrochemical Sensors.

## RESPONSE TO DOCUMENT REQUEST NO. 67

Nova objects to this Request in its entirety on the grounds that it is overbroad and

unduly burdensome because it does not define any limits as to scope or subject matter of the

sought after "communications," and not reasonably calculated to lead to the discovery of admissible evidence. Nova expressly reserves all other objections.

**DOCUMENT REQUEST NO. 68**

All documents and things concerning, referring to or relating to any study, projection, market or other evaluation or analysis of past, current or future sales or revenues for the Identified Electrochemical Sensors.

**RESPONSE TO DOCUMENT REQUEST NO. 68**

Nova objects to this Request in its entirety as it requires Nova to produce documents and/or things that relate to damages and/or validity and are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova expressly reserves all other objections until the appropriate phase of discovery.

**DOCUMENT REQUEST NO. 69**

All documents and things concerning, referring to or relating to any study, projection, market or other evaluation or analysis of past, current or future sales or revenues for Electrochemical Sensors sold by Defendant, Plaintiffs or any other person.

**RESPONSE TO DOCUMENT REQUEST NO. 69**

Nova objects to this Request in its entirety as it requires Nova to produce documents and/or things that relate to damages and/or validity and are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova expressly reserves all other objections until the appropriate phase of discovery.

**DOCUMENT REQUEST NO. 70**

**[WITHDRAWN BY ROCHE IN FEBRUARY 15, 2008 LETTER.]**

40

## DOCUMENT REQUEST NO. 71

All documents and things constituting, referring to or relating to Defendant's budgets, forecasts, projections, short and long term business and strategic plans, and short and long term reports related to sales activity for Identified Electrochemical Sensors.

## RESPONSE TO DOCUMENT REQUEST NO. 71

Nova objects to this Request in its entirety as it requires Nova to produce documents and/or things that relate to damages and/or validity and are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova expressly reserves all other objections until the appropriate phase of discovery.

## DOCUMENT REQUEST NO. 72 – DOCUMENT REQUEST NO. 102

### [WITHDRAWN BY ROCHE IN FEBRUARY 15, 2008 LETTER.]

## DOCUMENT REQUEST NO. 103

All documents and things constituting, referring to or relating to Defendant's issued patents or pending patent applications directed to any aspect of Defendant's Identified Electrochemical Sensors, including any patents and pending patent applications on which Defendant is a licensee.

## RESPONSE TO DOCUMENT REQUEST NO. 103

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver

of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

## DOCUMENT REQUEST NO. 104

All documents and things concerning, referring to or relating to United States or foreign patent applications, requests for reexamination, patents, invention certificates, reissues, reexaminations, invention disclosures and file histories concerning or relating to any aspect of Defendant's Identified Electrochemical Sensors.

## RESPONSE TO DOCUMENT REQUEST NO. 104

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

## DOCUMENT REQUEST NO. 105

All documents referring to or relating to Defendant's NovaMax® products.

## RESPONSE TO DOCUMENT REQUEST NO. 105

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other

42

applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 106**

All documents concerning, referring to or relating to both Plaintiffs and Electrochemical Sensors.

**RESPONSE TO DOCUMENT REQUEST NO. 106**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous because it is unclear what the word "both" is modifying. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 107**

All documents and things relied upon or referred to in preparing your Answer.

**RESPONSE TO DOCUMENT REQUEST NO. 107**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Nova further objects to this Request as vague and ambiguous because it is unclear whether the Request refers to Nova's Answer or Nova's Amended Answer. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova also objects to this Request to the extent it seeks documents that were not in existence prior to the filing date of the Complaint. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 108**

All documents and things concerning or forming the basis for the any of the Affirmative Defenses asserted in Defendant's Answer.

**RESPONSE TO DOCUMENT REQUEST NO. 108**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous because it is unclear whether the Request refers to Nova's Answer or Nova's Amended Answer. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova also objects to this Request to the extent it seeks documents that were not in existence prior to the filing date of

the Complaint. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

## DOCUMENT REQUEST NO. 109

All documents and things concerning or forming the basis for any of the Counterclaims asserted in Defendant's Answer.

## RESPONSE TO DOCUMENT REQUEST NO. 109

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous because it is unclear whether the Request refers to Nova's Answer or Nova's Amended Answer. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova also objects to this Request to the extent it seeks documents that were not in existence prior to the filing date of the Complaint. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

## DOCUMENT REQUEST NO. 110

A copy of each file created or maintained by Nova (including its representatives, attorneys and agents) that relates to or contains the applications filed in the PTO that led to the issuance of the 229 patent.

## RESPONSE TO DOCUMENT REQUEST NO. 110

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

45

Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

### DOCUMENT REQUEST NO. 111

A copy of each file maintained or created by Nova (including its representatives, attorneys and agents) relating to the prosecution of the applications filed in the PTO that led to the issuance of the 229 patent.

### RESPONSE TO DOCUMENT REQUEST NO. 111

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

46

## DOCUMENT REQUEST NO. 112

All documents relating to the conception, reduction to practice, testing and/or commercialization of the alleged invention claimed in the 229 patent.

## RESPONSE TO DOCUMENT REQUEST NO. 112

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

## DOCUMENT REQUEST NO. 113

The applications filed in the PTO that led to the issuance of the 229 patent.

## RESPONSE TO DOCUMENT REQUEST NO. 113

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C.

§ 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

## DOCUMENT REQUEST NO. 114

All drafts of the applications filed in the PTO that led to the issuance of the 229 patent and all drafts of any corresponding amendments and/or responses to office actions.

## RESPONSE TO DOCUMENT REQUEST NO. 114

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova further objects to this Request in its entirety because it calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to the extent it requires Nova to produce documents that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova expressly reserves all other objections.

## DOCUMENT REQUEST NO. 115

All documents submitted to the PTO in connection with the applications filed in the PTO that led to the issuance of the 229 patent.

## RESPONSE TO DOCUMENT REQUEST NO. 115

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not

related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C.

§ 102(g)) of the Roche patents-in-suit, or Nova's counterclaims.  Subject to and without waiver

of these and the foregoing General Objections, Nova is searching for and will produce

responsive documents to the extent any exist.

## DOCUMENT REQUEST NO. 116

All documents that discuss or refer to the applications filed with the PTO that led
to the issuance of the 229 patent.

## RESPONSE TO DOCUMENT REQUEST NO. 116

Nova objects to this Request on the grounds that it is overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Nova also objects to this Request as vague and ambiguous.  Nova further objects to the extent the

Request calls for the production of documents protected from discovery by the attorney-client

privilege, the work-product doctrine or any other applicable privilege.  Nova further objects to

this Request to the extent it requires Nova to produce documents and/or things that are not

related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C.

§ 102(g)) of the Roche patents-in-suit, or Nova's counterclaims.  Subject to and without waiver

of these and the foregoing General Objections, Nova is searching for and will produce

responsive documents to the extent any exist.

## DOCUMENT REQUEST NO. 117

All documents reflecting or relating to communications with the PTO regarding
the 229 patent.

## RESPONSE TO DOCUMENT REQUEST NO. 117

Nova objects to this Request on the grounds that it is overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Nova also objects to this Request as vague and ambiguous.  Nova further objects to the extent the

Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 118**

All patent applications filed outside the United States which are counterparts of or correspond to the applications filed in the United States that led to the issuance of the 229 patent.

**RESPONSE TO DOCUMENT REQUEST NO. 118**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova further objects to this Request because the documents and things called for may be obtained by Roche directly and, therefore, in a less burdensome, less expensive and more efficient manner under Fed. R. Civ. P. 26(b)(2)(C)(i).

**DOCUMENT REQUEST NO. 119**

All documents submitted to foreign authorities in connection with patent applications filed outside the United States which are counterparts of or correspond to the applications filed in the United States that led to the issuance of the 229 patent.

**RESPONSE TO DOCUMENT REQUEST NO. 119**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova further objects to this Request because the documents and things called for may be obtained by Roche directly and, therefore, in a less burdensome, less expensive and more efficient manner under Fed. R. Civ. P. 26(b)(2)(C)(i).

**DOCUMENT REQUEST NO. 120**

All documents reflecting, referring to or relating to any opposition, nullity, or entitlement, suspension of grant proceedings filed against patent applications, or patents that issued from those applications, that are counterparts of or correspond to the applications filed in the United States that led to the issuance of the 229 patent.

**RESPONSE TO DOCUMENT REQUEST NO. 120**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client

privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova further objects to this Request because any non-privileged documents and things called for may be obtained by Roche directly and, therefore, in a less burdensome, less expensive and more efficient manner under Fed. R. Civ. P. 26(b)(2)(C)(i).

## DOCUMENT REQUEST NO. 121

All documents that discuss or refer to patent applications filed outside the United States which are counterparts of or correspond to the applications filed in the United States that led to the issuance of the 229 patent.

## RESPONSE TO DOCUMENT REQUEST NO. 121

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova further objects to this Request to the extent any non-privileged documents and things called for may be obtained by Roche directly and, therefore, in a less burdensome, less expensive and more efficient manner under Fed. R. Civ. P. 26(b)(2)(C)(i).

**DOCUMENT REQUEST NO. 122**

All documents, including but not limited to lab notebooks, research reports, worksheets and charts, that were used to develop, or refer or relate to, any example disclosed in the 229 patent.

**RESPONSE TO DOCUMENT REQUEST NO. 122**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 123**

The most current curriculum vitae available for each and every inventor of the 229 patent.

**RESPONSE TO DOCUMENT REQUEST NO. 123**

Nova objects to this Request in its entirety because it is not relevant to any claim or defense and is not reasonably calculated to lead to the discovery of admissible information. Nova expressly reserves all other objections.

**DOCUMENT REQUEST NO. 124**

All documents constituting or reflecting any agreement between Nova and any inventor of the 229 patent.

## RESPONSE TO DOCUMENT REQUEST NO. 124

Nova objects to this Request in its entirety because it is not relevant to any claim or defense and is not reasonably calculated to lead to the discovery of admissible information. Nova expressly reserves all other objections.

## DOCUMENT REQUEST NO. 125

All documents reflecting or relating to any payments or other compensation other than salary paid by Nova to each and every inventor of the 229 patent.

## RESPONSE TO DOCUMENT REQUEST NO. 125

Nova objects to this Request in its entirety because it is not relevant to any claim or defense and is not reasonably calculated to lead to the discovery of admissible information. Nova expressly reserves all other objections.

## DOCUMENT REQUEST NO. 126

A copy of each file created or maintained by Nova (including its representatives, attorneys and agents) that relates to or contains the second application.

## RESPONSE TO DOCUMENT REQUEST NO. 126

Nova objects to this Request in its entirety because it is not relevant to any claim or defense and is not reasonably calculated to lead to the discovery of admissible information. Nova expressly reserves all other objections.

## DOCUMENT REQUEST NO. 127

A copy of each file maintained or created by Nova (including its representatives, attorneys and agents) relating to the prosecution of the second application.

## RESPONSE TO DOCUMENT REQUEST NO. 127

Nova objects to this Request in its entirety because it is not relevant to any claim or defense and is not reasonably calculated to lead to the discovery of admissible information. Nova expressly reserves all other objections.

**DOCUMENT REQUEST NO. 128**

All documents relating to the conception, reduction to practice, testing and/or commercialization of the alleged invention claimed in the second application.

**RESPONSE TO DOCUMENT REQUEST NO. 128**

Nova objects to this Request in its entirety because it is not relevant to any claim or defense and is not reasonably calculated to lead to the discovery of admissible information. Nova expressly reserves all other objections.

**DOCUMENT REQUEST NO. 129**

All drafts of the second application and all drafts of any corresponding amendments and/or responses to office actions.

**RESPONSE TO DOCUMENT REQUEST NO. 129**

Nova objects to this Request in its entirety because it is not relevant to any claim or defense and is not reasonably calculated to lead to the discovery of admissible information. Nova expressly reserves all other objections.

**DOCUMENT REQUEST NO. 130**

All documents submitted to the PTO or other patent office in connection with the second application.

**RESPONSE TO DOCUMENT REQUEST NO. 130**

Nova objects to this Request in its entirety because it is not relevant to any claim or defense and is not reasonably calculated to lead to the discovery of admissible information. Nova expressly reserves all other objections.

**DOCUMENT REQUEST NO. 131**

All documents that discuss or refer to the second application.

**RESPONSE TO DOCUMENT REQUEST NO. 131**

Nova objects to this Request in its entirety because it is not relevant to any claim or defense and is not reasonably calculated to lead to the discovery of admissible information. Nova expressly reserves all other objections.

**DOCUMENT REQUEST NO. 132**

All documents reflecting or relating to communications with the PTO or other patent office regarding the second application.

**RESPONSE TO DOCUMENT REQUEST NO. 132**

Nova objects to this Request in its entirety because it is not relevant to any claim or defense and is not reasonably calculated to lead to the discovery of admissible information. Nova expressly reserves all other objections.

**DOCUMENT REQUEST NO. 133**

All patent applications filed outside the United States which are counterparts of or correspond to the second application.

**RESPONSE TO DOCUMENT REQUEST NO. 133**

Nova objects to this Request in its entirety because it is not relevant to any claim or defense and is not reasonably calculated to lead to the discovery of admissible information. Nova expressly reserves all other objections.

**DOCUMENT REQUEST NO. 134**

All documents submitted to foreign authorities in connection with patent applications filed outside the United States which are counterparts of or correspond to the second application.

**RESPONSE TO DOCUMENT REQUEST NO. 134**

Nova objects to this Request in its entirety because it is not relevant to any claim or defense and is not reasonably calculated to lead to the discovery of admissible information. Nova expressly reserves all other objections.

**DOCUMENT REQUEST NO. 135**

All documents reflecting, referring to or relating to any opposition, nullity, or entitlement, suspension of grant proceedings filed against patent applications, or patents that issued from those applications, that are counterparts of or correspond to the second application.

**RESPONSE TO DOCUMENT REQUEST NO. 135**

Nova objects to this Request in its entirety because it is not relevant to any claim

or defense and is not reasonably calculated to lead to the discovery of admissible information.

Nova expressly reserves all other objections.

**DOCUMENT REQUEST NO. 136**

All documents that discuss or refer to patent applications filed outside the United States which are counterparts of or correspond to the second application.

**RESPONSE TO DOCUMENT REQUEST NO. 136**

Nova objects to this Request in its entirety because it is not relevant to any claim

or defense and is not reasonably calculated to lead to the discovery of admissible information.

Nova expressly reserves all other objections.

**DOCUMENT REQUEST NO. 137**

All documents, including but not limited to lab notebooks, research reports, worksheets and charts, that were used to develop, or refer or relate to, any example disclosed in the second application.

**RESPONSE TO DOCUMENT REQUEST NO. 137**

Nova objects to this Request in its entirety because it is not relevant to any claim

or defense and is not reasonably calculated to lead to the discovery of admissible information.

Nova expressly reserves all other objections.

**DOCUMENT REQUEST NO. 138**

The most current curriculum vitae available for each and every inventor of the second application.

**RESPONSE TO DOCUMENT REQUEST NO. 138**

Nova objects to this Request in its entirety because it is not relevant to any claim

or defense and is not reasonably calculated to lead to the discovery of admissible information.

Nova expressly reserves all other objections.

**DOCUMENT REQUEST NO. 139**

All documents constituting or reflecting any agreement between Nova and any
inventor of the second application.

**RESPONSE TO DOCUMENT REQUEST NO. 139**

Nova objects to this Request in its entirety because it is not relevant to any claim

or defense and is not reasonably calculated to lead to the discovery of admissible information.

Nova expressly reserves all other objections.

**DOCUMENT REQUEST NO. 140**

All documents reflecting or relating to any payments or other compensation other
than salary paid by Nova to each and every inventor of the second application.

**RESPONSE TO DOCUMENT REQUEST NO. 140**

Nova objects to this Request in its entirety because it is not relevant to any claim

or defense and is not reasonably calculated to lead to the discovery of admissible information.

Nova expressly reserves all other objections.

**DOCUMENT REQUEST NO. 141**

All documents referring or relating to Dr. Werner Schaefer.

**RESPONSE TO DOCUMENT REQUEST NO. 141**

Nova objects to this Request on the grounds that it is overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Nova further objects to the extent the Request calls for the production of documents protected

from discovery by the attorney-client privilege, the work-product doctrine or any other

applicable privilege.   Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 142**

All documents reflecting or relating to communications with Dr. Werner Schaefer.

**RESPONSE TO DOCUMENT REQUEST NO. 142**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege.   Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 143**

All documents referring or relating to Dr. Gerd Grenner.

**RESPONSE TO DOCUMENT REQUEST NO. 143**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege.   Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 144**

All documents reflecting or relating to communications with Dr. Gerd Grenner.

**RESPONSE TO DOCUMENT REQUEST NO. 144**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 145**

All documents reflecting or relating to communications with F. Hoffman-La Roche, Ltd., or any of its business units, regarding Nova's glucose strip technology.

**RESPONSE TO DOCUMENT REQUEST NO. 145**

Nova objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 146**

All documents referring or relating to any meetings between persons from F. Hoffman-La Roche, Ltd., or any of its business units, and Nova regarding Nova's glucose strip technology.

**RESPONSE TO DOCUMENT REQUEST NO. 146**

Nova objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 147**

All documents constituting, referring to or relating to any agreements between F. Hoffman-La Roche, Ltd., or any of its business units, and Nova regarding Nova's glucose strip technology, including any draft agreements.

**RESPONSE TO DOCUMENT REQUEST NO. 147**

Nova objects to the extent the Request calls for the production of documents

protected from discovery by the attorney-client privilege, the work-product doctrine or any other

applicable privilege.   Subject to and without waiver of these and the foregoing General

Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 148**

All documents constituting, referring to or relating to any confidential and/or proprietary information provided to F. Hoffman-La Roche, Ltd., or any of its business units, regarding Nova's glucose strip technology.

**RESPONSE TO DOCUMENT REQUEST NO. 148**

Nova objects to the extent the Request calls for the production of documents

protected from discovery by the attorney-client privilege, the work-product doctrine or any other

applicable privilege.   Subject to and without waiver of these and the foregoing General

Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 149**

All documents and things concerning, referring to or relating to any written opinions prepared by or on Nova's behalf, or received by or on Nova's behalf, regarding the 229 patent, including but not limited to opinions relating to the validity, invalidity, enforceability, unenforceability, infringement and/or non-infringement of the 229 patent, all drafts of opinions and all documents considered, reviewed or relied on in formulating and/or rendering the opinions.

**RESPONSE TO DOCUMENT REQUEST NO. 149**

Nova objects to this Request in its entirety as it requires Nova to produce

documents and/or things that are not related to the alleged infringement of the Roche patents-in-

suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's

61

counterclaims.   Nova expressly reserves all other objections until the appropriate phase of

discovery.

## DOCUMENT REQUEST NO. 150

All documents and things concerning, referring to or relating to any written opinions prepared by or on Nova's behalf, or received by or on Nova's behalf, regarding the Agreement, including but not limited to opinions relating to the enforceability, unenforceability and/or breach of the Agreement, all drafts of opinions and all documents considered, reviewed or relied on in formulating and/or rendering the opinions.

## RESPONSE TO DOCUMENT REQUEST NO. 150

Nova objects to the extent the Request calls for the production of documents

protected from discovery by the attorney-client privilege, the work-product doctrine or any other

applicable privilege.    Subject to and without waiver of these and the foregoing General

Objections, Nova is searching for and will produce responsive documents to the extent any exist.

## DOCUMENT REQUEST NO. 151

All documents and things concerning, referring to, relating to or constituting the "product demonstration, ... description of the manufacturing process, the product specifications, the design of the product ... and other confidential and proprietary Information concerning Nova's work on a sub-microliter glucose strip" referred to in paragraph 17 of the Counterclaims of Nova's Answer.

## RESPONSE TO DOCUMENT REQUEST NO. 151

Nova objects to the extent the Request calls for the production of documents

protected from discovery by the attorney-client privilege, the work-product doctrine or any other

applicable privilege.    Subject to and without waiver of these and the foregoing General

Objections, Nova is searching for and will produce responsive documents to the extent any exist.

## DOCUMENT REQUEST NO. 152

All  documents  referred  to  in  your  Initial  Disclosures  pursuant  to F.R.Civ.P. 26(a)(1).

**RESPONSE TO DOCUMENT REQUEST NO. 152**

        Nova objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 153**

        All documents requested for identification by Plaintiffs' First Set of Interrogatories to Defendant Nova Biomedical Corporation (Nos. 1-27), served concurrently herewith.

**RESPONSE TO DOCUMENT REQUEST NO. 153**

        Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova also incorporates by reference any objections set forth in its Responses to Roche's First Set of Interrogatories (1-27), to be served on the dates agreed-upon by the parties. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 154**

All documents relied upon, referred to or otherwise consulted directly or indirectly in responding to Plaintiffs' First Set of Interrogatories to Defendant Nova Biomedical Corporation (Nos. 1-27), served concurrently herewith.

**RESPONSE TO DOCUMENT REQUEST NO. 154**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova also incorporates by reference any objections set forth in its Responses to Roche's First Set of Interrogatories (1-27), to be served on the dates agreed-upon by the parties. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 155**

All documents and things prepared by or for, or concerning, referring to or relating to any expert retained by Defendant in this litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 155**

Nova objects to this request in its entirety as untimely. Nova will produce documents and information concerning its experts, if any, as required by the Court or otherwise agreed upon by the parties. Nova expressly reserves all other objections.

**DOCUMENT REQUEST NO. 156**

All documents and things upon which you intend to rely at any time during this litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 156**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous to the extent the term "rely" is undefined. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 157**

All documents and things you intend to introduce as exhibits during the trial of this matter.

**RESPONSE TO DOCUMENT REQUEST NO. 157**

Nova objects to this request in its entirety as untimely. Nova will provide and/or identify exhibits at the time and place required by the Court or otherwise agreed upon by the parties. Nova expressly reserves all other objections.

**DOCUMENT REQUEST NO. 158**

All documents and things describing referring to, or relating to Defendant's information archival and/or retrieval system containing any information related to design, manufacture, promotion or sale of Defendant's Identified Electrochemical Sensors.

## RESPONSE TO DOCUMENT REQUEST NO. 158

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

## DOCUMENT REQUEST NO. 159

All documents and things constituting, referring to or relating to Defendant's policies, practices and/or procedures with respect to the generation, distribution, storage, retention or destruction of documents and records, effective as of or subsequent to 2002.

## RESPONSE TO DOCUMENT REQUEST NO. 159

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 160**

Documents sufficient to identify all files or repositories in which any document responsive to the foregoing requests is maintained in the normal course of business and each index, key, code or other means of accessing and locating documents within such files or repositories.

**RESPONSE TO DOCUMENT REQUEST NO. 160**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to the extent this Request requires Nova to create or compile documents or information that is not generated, created or maintained in the ordinary course of Nova's business. Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

**DOCUMENT REQUEST NO. 161**

All documents and things not otherwise described by the above requests that refer or relate to the subject matter shown, described or claimed in the patents-in-suit.

**RESPONSE TO DOCUMENT REQUEST NO. 161**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit or the prior invention (35 U.S.C.

§ 102(g)) of the Roche patents-in-suit, or Nova's counterclaims.  Subject to and without waiver of these and the foregoing General Objections, Nova is searching for and will produce responsive documents to the extent any exist.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Rodger D. Smith II
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com

*Attorneys for Defendant*
*Nova Biomedical Corporation*

OF COUNSEL:

Bradford J. Badke
Sona De
Michael P. Kahn
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036-8704
(212) 596-9000

February 29, 2008

1717792

68

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on February 29, 2008, I caused copies of

the foregoing to be served upon the following in the manner indicated:

### BY HAND & E-MAIL

Phillip A. Rovner, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 19801

Frederick L. Cottrell, III, Esquire
Richards Layton & Finger PA
One Rodney Square
920 North King Street
Wilmington, DE 19801

Mary W. Bourke, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801

Steven J. Balick, Esquire
Ashby & Geddes
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

John W. Shaw, Esquire
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

### BY E-MAIL

Daniel A. Boehnen, Esquire
Grantland G. Drutchas, Esquire
McDonnell Boehnen Hulbert & Bergoff LLP
300 South Wacker Drive
Chicago, IL 60606
boehnen@mbhb.com
drutchas@mbhb.com

Michael G. Adams, Esquire
Ashley L. Ellis, Esquire
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC  28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

Edward A. Mas II, Esquire
McAndrews, Held & Malloy, Ltd.
500 West Madison Street
Chicago, IL  60661
emas@mcandrews-ip.com

Rachel Krevans, Esquire
Wesley E. Overson, Esquire
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105
rkrevans@mofo.com
woverson@mofo.com
Kenneth P. George
Joseph M. Casino
Amster Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY  10016
kgeorge@arelaw.com
jcasino@arelaw.com

Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
(302) 658-9200
rsmith@mnat.com

2

# EXHIBIT S

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT T

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY