IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT DIABETES CARE, INCORPORATED, and ABBOTT DIABETES CARE SALES CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 07-753 JJF |

### DEFENDANT NOVA BIOMEDICAL'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
rsmith@mnat.com
*Attorneys for Defendant*
*Nova Biomedical Corporation*

OF COUNSEL:

Bradford J. Badke
Sona De
Michael P. Kahn
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704

April 28, 2008

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 3

II. NATURE AND STAGE OF THE PROCEEDINGS .................................................... 4

III. SUMMARY OF ARGUMENTS .................................................................................... 5

IV. STATEMENT OF FACTS ............................................................................................. 5
    A. The Timing of Document Production ................................................................... 5
    B. The Scope of Roche's Document Requests ......................................................... 6

V. ARGUMENT ................................................................................................................... 7
    A. Roche Presents No Proper Justification for Deviation
       From the Court's Order ......................................................................................... 7
       1. Nova Has Been Diligent and Timely With Its Production ........................ 7
       2. Roche Has Obstructed and Delayed the Discovery Process ..................... 9
    B. Roche's Additional Complaints (§§ 2, 5-8) Are Unwarranted ......................... 10
       1. Roche's Motion Cut-Short The Parties' Ongoing Discussions ............... 10
       2. Nova Agreed To Produce The Requested Agreements (Br. § 2) ............ 11
       3. Nova's Pre-Issuance Notice Of The Application That Resulted In
          The Patents-in-Suit Is Not Relevant To Phase I Discovery (Br. § 5) ...... 11
       4. Roche's Requested "Decision Documents" Have No Bearing
          On Phase I Issues (Br. § 6) ......................................................................... 12
       5. Roche's Complaint Regarding Representative Documents
          "Sufficient To Show" Relates Only To An Offer Of Compromise
          Proposed During The Parties Meet-And-Confer (Br. § 7) ....................... 13
       6. Nova Already Produced Documents Concerning The
          Structure, Function And Operation Of Products Sold Prior
          To January 2007 (Br. § 8) .......................................................................... 13

VI. CONCLUSION ............................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*DSU Med. Corp. v. JMS Co.*,
    471 F.3d 1293 (Fed. Cir. 2006)............................................................................................9

*Nat'l Presto Indus., Inc. v. W. Bend Co.*,
    76 F.3d 1185 (Fed. Cir. 1996)..............................................................................................10

**STATUTES**

35 U.S.C. §102(g) ...............................................................................................................1, 2, 3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 34(b)(2)..............................................................................................................6

I.  **INTRODUCTION**

Roche ignores the Court's Order setting a June 27, 2008 deadline for Phase I document production and limiting Phase I discovery to issues on infringement and prior invention under 35 U.S.C. § 102(g) ("Phase I Issues"). (D.I. 77.) What Roche does not tell the Court is that Nova had already produced over 27,000 pages of documents directed to Phase I discovery by the time Roche filed its motion. And, in its haste to bring its motion, Roche failed to review that production. Had it done so, it would have seen that many of the very documents that it now seeks in its motion to compel were already in its hands. There is no reason for Roche to burden the Court with this motion.

Roche's motion seeks to alter the Phase I document production deadline set by the Court. Notwithstanding that deadline and Nova's substantial production, Roche argues that it is entitled to a "substantially complete" document production before June 27 because it served its document requests early. What Roche does not say is that its document requests, served before the Court ordered phased discovery, were directed broadly to all claims and defenses in the case. In light of the Court's Order, Nova asked Roche to withdraw its discovery requests, without prejudice, and revise them to focus on Phase I Issues. Roche refused.

Instead, Roche insists on production of documents in response to its requests beyond the Phase I issues. Specifically, Roche seeks documents related to business strategies, advantageous product features, cost data, projections, sales, marketing, opinions of counsel and prior art even though they have nothing to do with Phase I. These documents are relevant to willfulness, damages, invalidity, and unenforceability, and will be produced later when discovery on those issues is underway. To obtain these documents before they are required to be produced, Roche argues that these documents are somehow evidence of inducement of infringement. Yet, Roche does not cite a single case to show that this type of evidence is relevant to infringement or

prior invention. Roche's request is contrary to the Court's Order that such discovery be deferred until later.

Moreover, Roche's motion short-circuited the parties' ongoing meet-and-confer efforts on document production, during which Nova repeatedly assured Roche that it would timely produce documents concerning the Phase I issues. Nova told Roche that it would produce documents relevant to Phase I discovery now, even if those same documents also relate to non-Phase I issues. Stated differently, Nova agreed that it would not withhold any documents on the basis that they also bear on later to-be-discovered issues, provided a document relates to Phase I discovery. Further, as Roche requested, Nova agreed to produce its documents on a rolling basis. Roche's complaints regarding the pace of discovery are belied by Nova's compliance with the Court's Order on discovery and inconsistent with Roche's own behavior: Roche has admitted that it is withholding production of its own documents to Nova.

Roche provides no valid reason for why the Court should deviate from the various discovery deadlines and limitations set forth in the Rule 16 Scheduling Order in this case. Accordingly, Nova respectfully requests the Court deny Roche's motion.

## II.  NATURE AND STAGE OF THE PROCEEDINGS

On November 21, 2007, Roche filed suit against Nova and four other defendants for infringement of two patents related to methods for measuring blood-glucose levels. Nova filed its Answer and Counterclaims on January 11, 2008. Nova's counterclaims allege, *inter alia*, infringement by Roche of one Nova patent and misappropriation of Nova's proprietary and confidential trade secrets in the development of Roche's products.

On February 8, the Court limited the initial phase of discovery ("Phase I") to the issues of infringement and prior inventorship under 35 U.S.C. § 102(g).

On February 28, the Court adopted the Defendants' proposed timing for discovery, with a June 27, 2008 deadline for Phase I document production.

In the midst of Nova's document production and conferences regarding Roche's omnibus discovery requests, Roche filed the instant motion.

### III.   SUMMARY OF ARGUMENTS

1. Roche's motion is an improper attempt to reargue the deadline for document production set forth in the Court's Rule 16 Scheduling Order.

2. Roche's specific complaints about Nova's document production are unjustified: Nova has either produced, or agreed to produce, all responsive Phase I documents about which Roche complains.

### IV.   STATEMENT OF FACTS

#### A.   The Timing of Document Production

On January 23, 2008, Roche served 161 document requests and 27 interrogatories directed to all claims and defenses: damages, invalidity, willful infringement, unenforceability, and non-infringement.

At the February 8 Scheduling Conference, the Court instructed the parties to conduct discovery in phases. The Court limited the initial phase of discovery ("Phase I") to infringement and prior inventorship under 35 U.S.C. § 102(g).[1] Following that conference, on February 22, the parties submitted a Proposed Rule 16 Scheduling Order to the Court for phased

---

[1] "[T]his case today is only about infringement and counterclaims properly brought to an infringement charge. We're going to push out validity. We're going to push out damages and anything else that might be in the case right now." (D.I. 70, Feb. 8 Transcript, at 27:12-18.)

discovery. (D.I. 76.) Therein, Roche asked the Court for an April 15, 2008 deadline on all Phase I document production, while the defendants proposed a completion date of June 27, 2008.

On February 28, the Court adopted the defendants' proposed discovery schedule, setting the deadline for Phase I document production as June 27, 2008. Rejecting Roche's proposed April 15 deadline, the Court stated, "the Defendant's proposal more closely addresses the Court's suggestions made during the February 8, 2008 Rule 16 [Scheduling] Conference." (D.I. 77.)

### B.     The Scope of Roche's Document Requests

In view of the phased discovery ordered by the Court, defendants requested that Roche withdraw its discovery requests and re-serve a more appropriately-tailored set limited to Phase I Issues. (Kahn Decl., Ex. A.) Roche refused. Instead, in a February 15 letter, Roche asked Nova and the other defendants to cull through Roche's requests and to decide how such requests might be interpreted in light of Phase I of discovery. (Kahn Decl., Ex. B.)[2]

Following Roche's refusal to withdraw its requests, Nova was forced to serve objections to many requests that have no bearing on any Phase I Issues. Nova served its objections and responses on February 29, 2008, the date agreed to by Roche. (D.I. 82.) On March 11, 2008, Roche sent a letter to Nova requesting the parties meet-and-confer regarding the scope of Roche's discovery requests. (Kahn Decl., Ex. C.) On the same day, Nova responded to Roche's letter, addressing Roche's stated concerns, and proposed a meet-and-confer on March 20, 2008. (Kahn Decl., Ex. D.) In anticipation of this meeting, Nova asked Roche to "explain why many of [Roche's] discovery requests that appear to relate solely to damages,

---

[2]     Roche did withdraw some requests, and limited others, but, as described below, this was only window-dressing.

invalidity and willfulness issues, reasonably call for the production of documents concerning any Phase I Issue." (Kahn Decl., Ex. E.) Roche declined to elaborate.

On March 20, 2008, the parties conducted a telephonic meet-and-confer session for over an hour on the scope of Roche's requests. Following this call, Nova sent a follow-up letter clarifying Nova's positions and accepting Roche's offer to continue the meet-and-confer on April 1, 2008. (Kahn Decl., Ex. F.)

After this second meet-and-confer directed to the scope of Roche's requests, Roche sent Nova a letter suggesting further discussions and proposing certain stipulations in an effort to circumvent any further dispute. (Kahn Decl., Ex. G.) Roche also acknowledged that Nova was working with Roche to agree on the format for electronic document production. (*Id.*) Nova maintained its willingness to consider Roche's proposals and advised Roche that it would be providing its initial document production on April 7.

Roche filed its motion to compel on April 11, in the midst of Nova's production of thousands of documents:

- Nova produced over 27,000 pages on April 7.
- Nova produced 3 supplemental documents on April 14.
- Nova produced over 3,700 pages on April 21.
- Nova produced over 9,000 pages on April 23.

## V.  ARGUMENT

### A.  Roche Presents No Proper Justification for Deviation From the Court's Order

#### 1.  Nova Has Been Diligent and Timely With Its Production

Roche's only purported basis for disregarding the Court's Scheduling Order is that "Defendants cannot delay completing production of responsive documents until the final

- 7 -

cut-off date." (Br. at 3.) But Nova has not delayed nor withheld *any* Phase I document production.

To the contrary, prior to Roche's motion, Nova had produced over 27,000 pages of documents. Nova further advised Roche that more documents were being prepared for production and were forthcoming shortly – specifically, documents that were collected in hard-copy that were still being processed. (Kahn Decl., Ex. H.) As of the date of this opposition, Nova has produced over 40,000 pages of Phase I documents. As Nova informed Roche during their meet-and-confer sessions, Nova intends to complete its Phase I document production as soon as possible and well within the Court-ordered deadline.

Roche's arguments that documents responsive to "Roche's requests served on January 23, 2008 were due on February 25, 2008," and "[t]he Answering Defendants' obligation to produce documents is past due" are not well founded. (Br. at 3, 5.) As an initial matter, Roche's repeated attempts to cling to its January 23 service date are misplaced. Roche did not serve appropriately-tailored requests on that date. Instead, weeks later, Roche put Nova and the other defendants to the burden of identifying some Phase I nexus in otherwise premature requests. Further, Roche's argument confuses three distinct events: a written response to document requests as required by Rule 34, the commencement of document production, and the close of Phase I discovery.[3] Nova began producing discovery materials on April 7 – a date that

---

[3] Roche misreads Federal Rule 34. This Rule does not define when production of discovery materials begins or ends; rather, it sets a deadline for when a written response must be provided by a party in receipt of discovery requests. Nova properly provided Roche with a written response within the time limits set by Rule 34 and an agreed-upon one-week extension. *See* Fed. R. Civ. P. 34(b)(2). *See also* 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2213 (2008) ("The simplest response is one saying that the discovery sought by the request will be allowed at the time and place and in the manner specified by the request.").

Roche expressed satisfaction with during the March 20 meet-and-confer. And, as Roche concedes, "parties typically agree to a rolling production." (Br. at 5.)

### 2. Roche Has Obstructed and Delayed the Discovery Process

Roche's refusal to re-serve document requests and interrogatories focused on Phase I Issues has significantly delayed the discovery process. Roche's February 15 token withdrawal of several particularly egregious requests did nothing to lessen the problems that have ensued.

For the past two months, Nova has trudged through Roche's omnibus discovery requests, diligently sifting for requests that relate to Phase I discovery. Through letters and meet-and-confer sessions in March and April, Roche insisted that many of its original requests are somehow relevant to Phase I.[4] These included document requests related to:

- Damages: Nos. 13, 18, 22, 44, 61, 62, 63, 64, 65, 68, 69, 71
- Willful Infringement: Nos. 22, 39, 40, 46, 47
- Unenforceability: Nos. 41-42
- Prior Art Unrelated to Phase I: Nos. 51, 52, 60

For example:

- Document Request 18 (damages): All marketing documents and things identifying the names and titles of all persons having *any role in the sales and/or marketing* of any of Defendant's Identified Electrochemical Sensors.

- Document Request 46 (willful infringement): All documents and things concerning, referring to or relating to any consideration given or decisions or efforts made by Defendant to *design around* the patents-in-suit.

- Document Request 71 (damages): All documents and things constituting, referring to or relating to Defendant's *budgets, forecasts, projections, short and long term business and strategic plans*, and short and long term reports related to sales activity for Identified Electrochemical Sensors.

(Kahn Decl., Ex. I) (emphasis and parentheticals added).

---

[4] See Ex. C-H (letters dated 3/11, 3/14, 4/1, 4/4, 4/9).

By refusing to re-serve new discovery requests limited to Phase I Issues, Roche has forced the parties to consider the topics *outside* of Phase I, rather than the subset of issues *within* it, effectively frustrating the very discovery process that it now claims has been too slow.[5]

### B.     Roche's Additional Complaints (§§ 2, 5-8) Are Unwarranted

Roche moves to compel Nova to produce documents that fall in five different categories (§§ 2, 5-8, Br. at 5-12.) Roche's complaints within these sections are unwarranted because Nova already produced most of these documents. If Roche had reviewed Nova's document production and continued the parties' ongoing meet-and-confer sessions on this issue, it could have avoided burdening the Court with this motion.

#### 1.     Roche's Motion Cut-Short The Parties' Ongoing Discussions

Roche's motion arrived in the midst of ongoing discussions between the parties. During these exchanges, Nova has strived to work with Roche, despite Roche's refusal to submit appropriately-tailored Phase I discovery requests. On April 4, Roche proposed two stipulations, which it recognized Nova was "willing to consider and discuss." (Kahn Decl., Ex. G.) The first such stipulation related directly to section 8 of Roche's motion, directed to products sold in October, 2007, because the patents-in-suit issued. (Br. at 11.) Roche wrote Nova on April 22, inquiring as to "whether Nova is willing to agree to, or is at least willing to discuss further" such stipulation despite having already filed the instant motion. (Kahn Decl., Ex. J.)

---

[5]  Roche has also stalled its own discovery efforts. During an April 10 telephone call, Roche informed Nova that its first batch of documents were "ready to go." However, with no explanation, Roche refused to produce these documents until April 18 – the final allowable date under the Federal Rules for Roche's written response. In an April 22 letter, Roche notified Nova that it was withholding discovery related to Nova's counterclaims until Nova complies with Roche's other discovery demands. Such tactics demonstrate a disregard for expeditious discovery. (Kahn Decl., Ex. J.)

Roche's motion not only wastes time and resources – it disrupts discussions that the parties had yet to conclude. Further, as set forth below, Nova produced the requested documents on April 7. It is apparent that Roche did not review Nova's production before burdening the Court with an unnecessary motion.

### 2.     Nova Agreed To Produce The Requested Agreements (Br. § 2)

In Roche's April 4 letter to Nova before it filed the instant motion, Roche set forth its understanding that Nova intended to produce the documents in section 2 of Roche's motion, directed to licenses and other agreements. (Kahn Decl., Ex. G; "Licenses and Other Agreements".) Nova produced such development and distribution agreements on April 14. The only matter left unresolved in Roche's April 4 letter was whether Nova "also intends to produce any documents related to the structure, function, features, operation, or use of the products-in-suit that were exchanged pursuant to a licensing or other agreement." Nova had already agreed in its April 1 letter to produce such information and did so on April 7. (Kahn Decl., Ex. F.) It is further apparent that Roche did not review Nova's document production before it included Nova in this section of its motion.

To the extent that Nova finds additional responsive documents in this category, Nova will supplement its document production prior to the Court's June 27 deadline for the completion of document production.

### 3.     Nova's Pre-Issuance Notice Of The Application That Resulted In The Patents-in-Suit Is Not Relevant To Phase I Discovery (Br. § 5)

This section of Roche's motion, directed to Nova's knowledge of the patents-in-suit or their underlying applications, is an improper attempt by Roche to circumvent the limits of Phase I discovery. The requests relate to willful infringement (*e.g.*, copying, opinions of counsel, etc.) and potentially to licensing/damages considerations. (*See* Kahn Decl., Ex. I,

Request Nos. 39-45 and 53-55.) Notwithstanding the foregoing, Roche presents no authority to support its argument that evidence of knowledge regarding patent applications has any relevance to a claim of inducement or contributory infringement. This is because it has none. Roche's reliance on *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293 (Fed. Cir. 2006), is misplaced. As the Federal Circuit has held, "inducement of infringement under § 271(b) does not lie when the acts of inducement occurred before there existed a patent to be infringed." *Nat'l Presto Indus., Inc. v. W. Bend Co.*, 76 F.3d 1185, 1196 (Fed. Cir. 1996).[6]

In an effort to obviate any further dispute on this issue, however, Nova will produce (or log) any documents or evidence relating to Nova's pre-suit knowledge of the issued patents-in-suit.

### 4. Roche's Requested "Decision Documents" Have No Bearing On Phase I Issues (Br. § 6)

Roche's sole purported justification for its entitlement to documents concerning Nova's decision to introduce the accused products in Phase I is that such documents may relate to the "intent" elements of indirect infringement. (Br. at 9-10.) Because all of Nova's accused products were launched before the issuance of Roche's patents-in-suit, this argument necessarily fails. Nova could not have contemplated patents-in-suit that simply did not exist back then.

Nevertheless, during the parties' meet-and-confer efforts, Nova made clear that it would produce documents in this category that related to the structure, function, features, and operation of the accused products.

---

[6] "The logic of the [*Presto*] holding extends to actions of alleged contributory infringement under Section 271(c) taken before the issuance of a patent." 5-17 Chisum on Patents § 17.03 (2008).

5.  **Roche's Complaint Regarding Representative Documents "Sufficient To Show" Relates Only To An Offer Of Compromise Proposed During The Parties Meet-And-Confer (Br. § 7)**

Roche's only purported issue with Nova in this section relates to Nova's offer of compromise with respect to documents showing the operation of the accused products before January 1, 2007. Nova, as set forth below, did not limit its production of pre-2007 documents in this regard. If Roche had reviewed Nova's production before filing the instant motion, the motion could have been avoided.

6.  **Nova Already Produced Documents Concerning The Structure, Function And Operation Of Products Sold Prior To January 2007 (Br. § 8)**

On April 7, Nova produced many documents dated well before 2007 that relate to the structure, function, and operation of its products sold before the October 2007 issuance of the patents-in-suit, as set forth in Roche's section 8. Surprisingly, Roche's section 8 moves to compel these very documents. It is evident that Roche failed to perform even a cursory review of the documents Nova produced before filing its motion.

Roche also admits in its motion that the parties were in the midst of discussing a proposed resolution to this precise issue when Roche filed its motion. Although now moot in light of Nova's document production, Roche's motion, in that regard, was improper and premature.

## VI. CONCLUSION

For the foregoing reasons, Roche's motion should be denied in all respects.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
rsmith@mnat.com
*Attorneys for Defendant*
*Nova Biomedical Corporation*

OF COUNSEL:

Bradford J. Badke
Sona De
Michael P. Kahn
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704

April 28, 2008

2308760

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on April 28, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

>Philip A. Rovner, Esquire
>Potter Anderson & Corroon LLP
>
>Frederick L. Cottrell, III, Esquire
>Richards Layton & Finger PA
>
>Mary W. Bourke, Esquire
>Connolly Bove Lodge & Hutz LLP
>
>Steven J. Balick, Esquire
>Ashby & Geddes
>
>John W. Shaw, Esquire
>Young Conaway Stargatt & Taylor LLP

I also certify that copies were caused to be served on April 28, 2008, upon the following in the manner indicated:

### BY HAND AND EMAIL

>Philip A. Rovner, Esquire
>Potter Anderson & Corroon LLP
>1313 North Market Street
>Wilmington, DE 19801
>
>Frederick L. Cottrell, III, Esquire
>Richards Layton & Finger PA
>One Rodney Square
>920 North King Street
>Wilmington, DE 19801
>
>Mary W. Bourke, Esquire
>Connolly Bove Lodge & Hutz LLP
>The Nemours Building
>1007 North Orange Street
>Wilmington, DE 19801

Steven J. Balick, Esquire
Ashby & Geddes
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

John W. Shaw, Esquire
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

**BY EMAIL**

Daniel A. Boehnen, Esquire
Grantland G. Drutchas, Esquire
McDonnell Boehnen Hulbert & Bergoff LLP
300 South Wacker Drive
Chicago, IL 60606
boehnen@mbhb.com
drutchas@mbhb.com

Michael G. Adams, Esquire
Ashley L. Ellis, Esquire
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

Edward A. Mas II, Esquire
McAndrews, Held & Malloy, Ltd.
500 West Madison Street
Chicago, IL 60661
emas@mcandrews-ip.com

Rachel Krevans, Esquire
Wesley E. Overson, Esquire
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
rkrevans@mofo.com
woverson@mofo.com

- 3 -

Kenneth P. George
Joseph M. Casino
Amster Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
kgeorge@arelaw.com
jcasino@arelaw.com

/s/ *Rodger D. Smith II*
Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
(302) 658-9200
rsmith@mnat.com