IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 07-753-JJF |
| v. | ) ) ) | |
| ABBOTT DIABETES CARE, INCORPORATED and ABBOTT DIABETES CARE SALES CORPORATION, | ) ) ) ) ) | |
| BAYER HEALTHCARE, LLC, | ) ) | JURY TRIAL DEMANDED |
| DIAGNOSTICS DEVICES, INC., | ) ) | |
| LIFESCAN, INCORPORATED, and | ) ) | |
| NOVA BIOMEDICAL CORPORATION, | ) ) | |
| Defendants. | ) | |
| LIFESCAN, INCORPORATED, | ) ) | |
| Counterplaintiff, | ) ) | Civil Action No. 07-753-JJF |
| v. | ) ) ) | |
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED, | ) ) ) | |
| Counterdefendants. | ) | |

**ANSWER AND COUNTERCLAIMS OF DEFENDANT LIFESCAN, INC. TO PLAINTIFFS' AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant LifeScan, Inc. ("LifeScan") hereby responds as follows to the Amended Complaint of Plaintiffs Roche Diagnostics Operations, Inc. ("Roche") and Corange International Limited ("Corange") (collectively and severally, the "Plaintiffs"):

## **PARTIES, JURISDICTION AND VENUE**

1. LifeScan admits that the Amended Complaint purports to set forth claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. LifeScan denies that Roche has any such cause of action in fact or law.

2. LifeScan admits the allegations contained in Paragraph 2 of the Amended Complaint.

3. LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of the Amended Complaint and therefore denies the same.

4. LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of the Amended Complaint and therefore denies the same.

5. LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of the Amended Complaint and therefore denies the same.

6. LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of the Amended Complaint and therefore denies the same.

7. LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of the Amended Complaint and therefore denies the same.

8. LifeScan admits the allegations contained in Paragraph 8 of the Amended Complaint.

9. LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of the Amended Complaint and therefore denies the same.

10. LifeScan admits that this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

11. LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of the Amended Complaint and therefore denies the same.

12. LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of the Amended Complaint and therefore denies the same.

13. LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of the Amended Complaint and therefore denies the same.

14. LifeScan denies the allegations contained in Paragraph 14 of the Amended Complaint.

15. LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 15 of the Amended Complaint and therefore denies the same.

16. LifeScan admits venue is proper in this district under 28 U.S.C. § 1391(b)-(c) and 1400(b).

## CLAIM FOR RELIEF

17. LifeScan admits that U.S. Patent Number 7,276,146 ("the '146 patent") indicates on its face that it was issued on October 2, 2007. LifeScan further admits that an uncertified copy of the patent is attached to the Amended Complaint as Exhibit A. LifeScan further admits that the title listed on the '146 patent is "Electrodes, Methods, Apparatuses Comprising Micro-Electrode Arrays." LifeScan lacks sufficient knowledge or information to admit or deny the allegation that Roche is the assignee of any interest in the '146 patent. LifeScan denies the remaining allegations set forth in Paragraph 17 of the Amended Complaint.

18. LifeScan admits that U.S. Patent Number 7,276,147 ("the '147 patent") indicates on its face that it was issued October 2, 2007. LifeScan further admits that an uncertified copy of the patent is attached to the Amended Complaint as Exhibit B. LifeScan further admits that the

title listed on the '147 patent is "Method for Determining the Concentration of an Analyte in a Liquid Sample Using Small Volume Samples and Fast Test Times." LifeScan lacks sufficient knowledge or information to admit or deny the allegation that Roche is the assignee any interest in the '147 patent. LifeScan denies the remaining allegations set forth in Paragraph 18 of the Amended Complaint.

19. LifeScan denies the allegations set forth in Paragraph 19 of the Amended Complaint as they pertain to LifeScan and lacks sufficient knowledge or information to admit or deny the allegations as they pertain to other defendants.

## COUNT I

20. LifeScan incorporates the responses of Paragraphs 1-19.

21. LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 21 of the Amended Complaint and therefore denies the same.

22. LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 22 of the Amended Complaint and therefore denies the same.

23. LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 23 of the Amended Complaint and therefore denies the same.

## COUNT II

24. LifeScan incorporates the responses of Paragraphs 1-19.

25. LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 25 of the Amended Complaint and therefore denies the same.

26. LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 26 of the Amended Complaint and therefore denies the same.

27.  LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 27 of the Amended Complaint and therefore denies the same.

### COUNT III

28.  LifeScan incorporates the responses of Paragraphs 1-19.

29.  LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 29 of the Amended Complaint and therefore denies the same.

30.  LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 30 of the Amended Complaint and therefore denies the same.

31.  LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 31 of the Amended Complaint and therefore denies the same.

### COUNT IV

32.  LifeScan incorporates the responses of Paragraphs 1-19.

33.  LifeScan denies the allegations contained within Paragraph 33.

34.  LifeScan denies the allegations contained within Paragraph 34.

35.  LifeScan denies the allegations contained within Paragraph 35.

### COUNT V

36.  LifeScan incorporates the responses of Paragraphs 1-19.

37.  LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 37 of the Amended Complaint and therefore denies the same.

38.  LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 38 of the Amended Complaint and therefore denies the same.

39.  LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 39 of the Amended Complaint and therefore denies the same.

40. LifeScan lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 40 of the Amended Complaint and therefore denies the same.

## AFFIRMATIVE DEFENSES

In further response to the Amended Complaint, LifeScan alleges as follows by way of affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

41. LifeScan does not infringe any valid claim of the '146 patent or the '147 patent.

### SECOND AFFIRMATIVE DEFENSE

42. The claims of the '146 patent and/or the '147 patent are invalid for failing to meet the requirements of one or more provisions of 35 U.S.C. §§ 102, 103 and/or 112.

### THIRD AFFIRMATIVE DEFENSE

43. LifeScan is not properly joined as a Defendant in this action.

## COUNTERCLAIMS

LifeScan ("Counterplaintiff") for its counterclaims against Plaintiffs ("Counterdefendants") allege as follows:

### PARTIES

44. Counterplaintiff LifeScan, Inc. is a corporation organized and existing under the laws of the State of California, with a principal place of business in Milpitas, California.

45. Upon information and belief, Counterdefendant Roche Diagnostics Operations, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Indianapolis, Indiana.

46. Upon information and belief, Counterdefendant Corange International Limited is a limited liability company organized under the laws of Bermuda with a principal place of business in Bermuda.

## JURISDICTION AND VENUE

47. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 *et seq.* This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Counterplaintiff LifeScan seeks declaratory judgment of patent non-infringement and invalidity under 28 U.S.C. §§ 2201 and 2202.

48. There is an actual controversy within this judicial district arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and Declaratory Judgments Act, 28 U.S.C. §§ 2201 *et seq.*, between Counterplaintiff and Counterdefendant. Roche initiated this action against LifeScan, alleging infringement by LifeScan of United States Patent Nos. 7,276,146 ("the '146 patent") and 7,276,147 ("the '147 patent"). An actual controversy exists at least by virtue of Plaintiff's Complaint and LifeScan's Answer thereto, asserting non-infringement and invalidity of the '146 and '147 patents.

49. Venue for these Counterclaims is proper in this judicial district under 28 U.S.C. §§ 1391(b) & (c) and 1400(b).

## FIRST COUNTERCLAIM FOR RELIEF

50. Counterplaintiff incorporates the allegations of Counterclaim Paragraphs 44-49 as though fully set forth herein.

51. Counterplaintiff has not infringed any valid claim of the '146 patent, in any way, i.e. directly, contributorily, or by inducement. Therefore, LifeScan is entitled to a judicial declaration that LifeScan has not and does not infringe the '146 patent.

52. The claims of the '146 patent are invalid for failure to meet one or more of the requirements for patentability as set forth under 35 U.S.C. §§ 102, 103, and/or 112. Therefore, LifeScan is entitled to a judicial declaration that the '146 patent is invalid.

## SECOND COUNTERCLAIM FOR RELIEF

53. Counterplaintiff incorporates the allegations of Counterclaim Paragraphs 44-49 as though fully set forth herein.

54. Counterplaintiff has not infringed any valid and enforceable claim of the '147 patent, in any way, i.e. directly, contributorily, or by inducement. Therefore, LifeScan is entitled to a judicial declaration that LifeScan has not and does not infringe the '147 patent.

55. The claims of the '147 patent are invalid for failure to meet one or more of the requirements for patentability as set forth under 35 U.S.C. §§ 102, 103, and/or 112. Therefore, LifeScan is entitled to a judicial declaration that the '147 patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterplaintiff Lifescan respectfully prays for judgment:

A. Dismissing the Amended Complaint in its entirety, with prejudice, and denying Plaintiffs any relief requested in their Complaint;

B. Declaring that LifeScan has not infringed and is not infringing either the '146 patent or the '147 patent;

C. Declaring that one or more of the claims of the '146 patent and/or the '147 patent are invalid;

D. Enjoining permanently Plaintiff-Counterdefendant Roche from asserting or enforcing the '146 and the '147 patent against LifeScan;

E.   Awarding LifeScan its costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285; and

F.   Granting such other relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED,

/s/ Mary W. Bourke
Mary W. Bourke (#2356)
R. Eric Hutz (#2702)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

*Attorneys for Defendant LifeScan, Inc.*

Dated: April 29, 2008

## CERTIFICATE OF SERVICE

I, Mary W. Bourke, Esquire, hereby certify that on April 29, 2008, I caused to be served by electronic service the foregoing document and electronically filed the same with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Philip A. Rovner
Potter Anderson & Corroon, LLP
1313 N. Market St.
Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951
*Attorneys for Plaintiffs Roche Diagnostic Operations, Inc. and Corange International Limited*

Daniel A. Boehnen
Grantland G. Drutchas
Gary E. Hood
Nicole Keenan
Paula S. Fritsch
Sherri L. Oslick
Jeffrey P. Armstrong
Christina L. Brown
Sean M. Sullivan
Richard A. Machonkin
Eric R. Moran
Christopher M. Cavan
Patrick G. Gattari
Benjamin R. Huber
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
*Attorneys for Plaintiffs Roche Diagnostic Operations, Inc. and Corange International Limited*

John W. Shaw
Jeffrey Thomas Castellano
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
*Attorneys for Defendant Bayer Healthcare, LLC*

Rodger Dallery Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
*Attorneys for Defendant Nova Biomedical Corporation*

| | |
|---|---|
| Frederick L. Cottrell, III<br>Anne Shea Gaza<br>Richards, Layton & Finger<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899<br>*Attorneys for Defendants Abbott Diabetes Care Inc. and Abbott Diabetes Care Sales Corporation.* | Steven J. Balick<br>John G. Day<br>Lauren E. Maguire<br>Ashby & Geddes<br>500 Delaware Avenue<br>P.O. Box 1150<br>Wilmington, DE 19899<br>*Attorneys for Defendant Diagnostic Devices Inc.* |
| Wesley E. Overson<br>Rachel Krevans<br>Jason R. Bartlett<br>Parisa Jorjani<br>Daniel P. Muino<br>Morrisson & Foerster LLP<br>425 Market Street<br>San Francisco, CA 94105-2482<br>*Attorneys for Defendant Bayer Healthcare, LLC* | Kenneth P. George<br>Joseph M. Casino<br>Amster Rothstein & Ebenstein LLP<br>90 Park Avenue<br>New York, NY 10016<br>*Attorneys for Defendant Bayer Healthcare, LLC* |
| Nancy Tinsley<br>Roche Diagnostics<br>9115 Hague Road<br>Indianapolis, IN 46250<br>*Attorney for Plaintiff Roche Diagnostics Operations, Inc. and Corange International Limited* | Kirk A. Vander Leest<br>Edward A. Mas II<br>Stephen F. Sherry<br>James M. Hafertepe<br>Merle S. Elliott<br>Matthew A. Anderson<br>McAndrews, Held & Malloy, Ltd.<br>500 West Madison Street, Suite 3400<br>Chicago, IL 60661<br>*Attorneys for Defendants Abbott Diabetes Care Inc. and Abbott Diabetes Care Sales Corporation* |

I further certify that on April 29, 2008, I caused a true and correct copy of the foregoing document to be served by e-mail to the following non-registered participants:

Bradford J. Badke
Sona De
Michael Kahn
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
*Attorneys for Defendant Nova Biomedical Corporation*

Ashley L. Ellis
Michael G. Adams
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
*Attorneys for Defendant Diagnostic Devices Inc.*

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Mary W. Bourke
Mary W. Bourke (#2356)
R. Eric Hutz (#2702)
Kristen Healey Cramer (#4512)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-1347

*Attorneys for Defendant LifeScan Incorporated*

605639