IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC. and CORANGE INTERNATIONAL LIMITED, <br><br> Plaintiffs, <br><br> vs. <br><br> ABBOTT DIABETES CARE INC., ABBOTT DIABETES CARE SALES CORPORATION, BAYER HEALTHCARE, LLC, DIAGNOSTIC DEVICES, INC., LIFESCAN, INC., and NOVA BIOMEDICAL CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

C.A. No. 07-753-JJF

### DEFENDANTS ABBOTT DIABETES CARE INC.'S AND ABBOTT DIABETES CARE SALES CORP.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

OF COUNSEL:
Edward A. Mas II
Stephen F. Sherry
Kirk Vander Leest
James M. Hafertepe
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
(312) 775-8000

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700

*Attorneys for Abbott Diabetes Care Inc and Abbott Diabetes Care Sales Corp.*

Dated: April 30, 2008

RLF1-3278190-1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii
NATURE AND STAGE OF THE PROCEEDINGS ............................................................... 1
SUMMARY OF THE ARGUMENT ....................................................................................... 1
COUNTERSTATEMENT OF FACTS .................................................................................... 3
ARGUMENT ............................................................................................................................ 3

    A. Roche Has Not Shown Good Cause To Modify The Scheduling Order ........................................................................................................ 3

    B. Roche's Request For "Agreements, Licenses and Communications" Is Overbroad On Its Face ................................................... 6

    C. Knowledge Of A Patent Application Is Irrelevant ..................................... 7

    D. The Decision To Introduce Products Prior To Issuance Of The Patents Is Irrelevant .................................................................................... 9

    E. Roche's Demand For "All Documents" Is Overkill ................................ 10

CONCLUSION ....................................................................................................................... 11

# TABLE OF AUTHORITIES

**CASES**

*Aramburu v. Boeing Co.,*
  885 F. Supp. 1434 (D. Kan. 1995) ............................................................................................. 7

*Coleman v. American Red Cross,*
  23 F.3d 1091 (6th Cir. 1994) ...................................................................................................... 6

*Knorr-Bremse v. Dana Corp.,*
  383 F.3d 1337 (Fed. Cir. 2004) .................................................................................................. 9

*National Presto Industries, Inc. v. West Bend Co.,*
  76 F.3d 1185 (Fed. Cir. 1996) ................................................................................................ 8, 9

*Standard Chlorine of Del., Inc. v. Sinibaldi,*
  821 F.Supp. 232 (D. Del. 1992) ................................................................................................. 6

*State Industries, Inc. v. A.O. Smith Corp.,*
  51 F.2d 1226 (Fed. Cir. 1985) .................................................................................................... 8

*Trustees of Columbia Univ. v. Roche Diagnostics GmbH,*
  150 F. Supp. 2d 191 (D. Mass. 2001) ........................................................................................ 8

**RULES**

Fed. R. Civ. P. 16(b)(4) .................................................................................................................. 3

Fed. R. Civ. P. 26 ........................................................................................................................... 7

Fed. R. Civ. P. 34 ........................................................................................................................... 5

Defendants Abbott Diabetes Care, Inc. and Abbott Diabetes Care Sales Corp. (collectively "Abbott") hereby oppose Plaintiff Roche Diagnostics Operations, Inc.'s and Plaintiff Corange International Ltd.'s (collectively "Roche") Motion to Compel (D.I. 135 ("*Roche Motion*")).[1]

## NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement action. Written and document discovery for Phase I (infringement and prior invention) has been proceeding in accordance with this Court's Scheduling Order (D.I. 147). The Court has set a deadline of June 27, 2008 for Phase I document production. (*Id.* at 2.) To date, Abbott has produced nearly 10,000 pages of documents in response to Roche's Phase I requests. (*See Abbott Exhibits* 1-3.)[2]

## SUMMARY OF THE ARGUMENT

As part of its Phase I document production, Abbott has and will continue to produce the fundamental documents containing direct evidence of the structure, function, and operation of its accused products.[3] For example, Abbott is producing marketing materials, user manuals, FDA submissions, and Design History Files ("DHFs") for each accused product. Significantly, Abbott's production of DHFs will provide Roche with detailed engineering specifications for

---

[1] Abbott's opposition is timely submitted in accordance with the briefing schedule entered by the Court. (*See* Docket Entry dated April 11, 2008, "Set Briefing Schedule re 135 MOTION to Compel. Answering Brief due 5/1/2008.")

[2] *Abbott Exhibits* 1-8 are attached to the Declaration of Anne Shea Gaza, dated April 30, 2008, contemporaneously filed herewith. As used herein, "*Roche Exhibit*" refers to Roche's Appendix of Exhibits (D.I. 136-137).

[3] Roche has yet to specifically identify by model number the Abbott products accused of infringement. Abbott's production of documents, therefore, is based upon the nature of the particular Abbott products referenced generally in Roche's Amended Complaint.

each product, as well as comprehensive information detailing the performance characteristics of each relevant Abbott product. The DHFs will include, for example, Marketing Requirements, Electrical and Mechanical Design Specifications, Software Specifications, and Meter Performance Verification Reports. Abbott has agreed to produce the entire DHF for each product, providing information far beyond that required to establish the structure, function and operation of Abbott's products.

Apparently dissatisfied with the pace of Abbott's document production, Roche demands an order from this Court requiring production of largely irrelevant documentation corresponding to numerous vague and general categories. Roche's attempt to obtain discovery of every scrap of paper having anything whatsoever to do with the accused Abbott products is way out of proportion to the needs of this case. At the Scheduling Conference, Roche represented to the Court that the evidence relevant to the infringement claim would be relatively straightforward. In fact, Roche's counsel stated: "These claims don't turn upon, you know, trying to reverse engineer software or hardware. These claims cover things that can be viewed and observed as an outside user." (*Roche Exhibit* B at 12:19-22.)

Roche's overly broad requests encompass most (if not all) of the documents in the possession of Abbott's Diabetes Care division. Roche further insists that these documents be produced on an impossibly short schedule, long before the deadline for document production that has already been set by the Court. Neither the Federal Rules nor applicable case law support compelling the type of document production Roche demands in its motion. Roche's motion to compel directed to Abbott should be denied in its entirety.

## COUNTERSTATEMENT OF FACTS

Abbott timely served written objections to Roche's document requests on March 3, 2008. (*Roche Exhibit* O.) Roche did not contact Abbott regarding its objections until March 21, 2008. (*Abbott Exhibit* 4.) Roche proposed and Abbott agreed to a telephonic meet and confer during the first week in April. The parties held a single telephonic meet and confer on April 3, 2008. (*Abbott Exhibits* 5, 6.) On April 8, 2008, Roche raised two new issues for the first time in a letter to Abbott's counsel. (*Abbott Exhibit* 5 at 4.) Roche filed its motion before even receiving Abbott's response.[4] (D.I. 135; *Abbott Exhibit* 6.)

The Court has set a deadline of June 27, 2008 for Phase I document production. (D.I. 147 at 2.) To date, Abbott has produced nearly 10,000 pages of documents in response to Roche's Phase I requests. (*See Abbott Exhibits* 1-3.)

## ARGUMENT

### A.  Roche Has Not Shown Good Cause To Modify The Scheduling Order

The Court's Rule 16 Scheduling Order sets June 27, 2008 as the deadline for completion of all Phase I document production. (D.I. 147 at 2.) Roche demands modification of that deadline by requiring the defendants' Phase I document production to be "substantially completed" many weeks before June 27, 2008. (*Roche Motion* at 4-5.) Roche has not demonstrated the required good cause for changing the Court's pre-trial discovery schedule. Fed. R. Civ. P. 16(b)(4).

---

[4] Without even considering the substantive deficiencies explained herein, Roche's motion can be denied due to Roche's failure to adequately meet and confer with Abbott. D. Del. LR 7.1.1.

Roche and Abbott agreed that document production would be conducted on a "rolling basis." (*See, e.g., Abbott Exhibit* 7.) Abbott will continue to do so as documents are located, reviewed for responsiveness and privilege, and prepared for production (*e.g.,* bates numbered, labeled with appropriate confidentiality designations, and properly formatted for electronic production). Abbott is working diligently to have the bulk of its document production completed as soon as reasonably practicable and hopefully reasonably before the June deadline. Because of the inherent uncertainties in the process, Abbott cannot promise that its production will be "substantially complete" on some arbitrary date selected by Roche. Abbott intends of course to comply with the Court's June 27, 2008 deadline. Nothing further should be required.

Roche suggests that Abbott unreasonably delayed producing documents because Roche served document requests in January. The facts do not bear out Roche's accusation. Roche not only initiated its discovery prematurely, weeks before the parties appeared before the Court for the Rule 16 Scheduling Conference, but its requests sought discovery well beyond the Phase I issues of infringement and prior invention. Abbott lodged timely written objections to Roche's document requests, but Roche waited weeks before raising any issues with Abbott about those objections. (*See Abbott Exhibit* 4.) Roche proposed and Abbott agreed to a telephonic meet and confer during the first week in April. During the meet and confer, Roche demanded that Abbott "substantially complete" all document production by the end of April – two months in advance of the Court's Scheduling Order deadline. (*See Abbott Exhibit* 8.) Abbott declined.

As explained in more detail below, an enormous volume of documents are potentially responsive to Roche's overly broad and burdensome requests. Even subject to Abbott's

objections, demanding a "substantially complete" production of all responsive documents in the time frame sought by Roche is completely unreasonable.[5]

Roche also argues that the "obligation under Rule 34, Fed. R. Civ. P., to respond within 30 days of service" means that Abbott was required to produce all responsive documents at the time Abbott provided its written response to Roche's requests. (*Roche Motion* at 5.) Roche's position does not comport with the plain language of Rule 34. Rule 34(b)(2)(A) requires only a response "in writing" within 30 days of service (or longer, if so stipulated by the parties or ordered by the Court). As to the time for actually producing the requested documents, Rule 34(b)(1)(B) requires that the request "specify a reasonable time, place, and manner" for the production. Abbott appropriately and timely objected to Roche's specified time, place and manner for document production. (*Roche Exhibit* O at 2.) Under these circumstances, Abbott was not obligated to produce documents in accordance with the unreasonable schedule unilaterally set by Roche's discovery request. Roche does not cite any authority to the contrary.

In summary, Roche's demand that Abbott accelerate its document production to achieve substantial completion well before the date set in the Court's Scheduling Order is unreasonable and unwarranted by the Federal Rules or any other legal authority. Roche has not attempted to establish any good cause for modifying the Court's Scheduling Order to impose additional, unnecessary burdens on Abbott and the other defendants. Roche's motion should be denied.

---

[5] The phrase "substantially complete" injects unnecessary ambiguity into the Court's schedule, as that phrase is subject to interpretation. Roche's motion thus invites further motion practice, all of which diverts the parties' resources away from reviewing and producing documents.

## B. Roche's Request For "Agreements, Licenses and Communications" Is Overbroad On Its Face

By its motion, Roche seeks discovery of "documents and things relating to agreements, licenses, and communications between the Answering Defendants and others regarding the research, design, development, manufacture, or importation of the accused products." (*Roche Motion* at 5-6.) The actual document requests on which Roche bases its motion are even broader in scope. For example, Roche's Request No. 59 demands "All documents and things concerning, describing, referring to, or relating to any agreements between Defendant and any other person with respect to Electromechanical Sensors." (*Roche Exhibit* O at 19.) Similarly, Roche's Request No. 32 demands "All documents and things concerning, referring to, relating to or constituting any communications between Defendant and any other person concerning the Identified Electromechanical Sensors." (*Id.* at 15.) Abbott objected to these requests because they are not limited to documents containing information relevant to the Phase I infringement or prior invention issues. Abbott also objected because to the extent responsive documents might contain relevant information, such documents would be cumulative or duplicative of what Abbott has or is in the process of producing (*e.g.*, marketing materials, user manuals, FDA submissions, and DHFs for each accused product). Abbott's objections should be sustained.

Essentially, these requests would require Abbott to empty the files of its legal department. The requests could also conceivably encompass every email ever sent to or from an employee of the Diabetes Care division. Such overbroad requests are not consistent with the letter or spirit of the Federal Rules. *See Standard Chlorine of Del., Inc. v. Sinibaldi,* 821 F.Supp. 232, 258 (D. Del. 1992); *Coleman v. American Red Cross,* 23 F.3d 1091, 1098 (6th Cir. 1994)

- 6 -

(affirming denial of motion to compel where requests "would have required the Red Cross to search every file that exists at National Headquarters for any documents that might be of any relevance to any matter in the case.").

Roche argues that the requested agreements and communications should be produced because they may include, among other things, "technical specifications for the accused products and patents that help describe operation of the accused products." (*Roche Motion* at 6.) This argument illustrates a fundamental flaw in Roche's position. As explained above, Abbott has already agreed to provide, and is in the process of producing, the actual technical specifications for the accused products. No reasonable justification exists for searching through vast amounts of potentially responsive documents in Abbott's files because they might contain cumulative information embodied in what at best could be described as secondary and indirect sources of technical information. *See Aramburu v. Boeing Co.*, 885 F. Supp. 1434, 1441-45 (D. Kan. 1995) ("In 1983, Rule 26 was amended 'to add a sentence to deal with the problem of over-discovery...The objective is to guard against redundant or disproportionate discovery...'") (quoting 1983 Advisory Committee Notes, Fed. R. Civ. P. 26). Roche's motion to compel production of these documents should be denied.

### C.  Knowledge Of A Patent Application Is Irrelevant

Roche seeks production of documents relating to Abbott's knowledge of <u>patent applications</u> related to the issued patents-in-suit.[6] (*Roche Motion* at 8.) However, knowledge of

---

[6] Abbott has agreed to produce non-privileged documents relating to Abbott's knowledge of the issued patents-in-suit. However, Roche's patents issued just late last year, on October 2, 2007. (D.I. 1, Exhibits A, B.) Abbott received a copy of the complaint with the patent attached shortly after the November 21, 2007 filing date of this case. Thus, the only documents relevant

a patent application is not relevant to a claim for inducement of infringement, which requires knowledge of an issued patent. *National Presto Industries, Inc. v. West Bend Co.*, 76 F.3d 1185, 1195-96 (Fed. Cir. 1996) ("as a matter of law § 271(b) does not reach actions taken before issuance of the adverse patent."); *see also Trustees of Columbia Univ. v. Roche Diagnostics GmbH*, 150 F. Supp. 2d 191, 208 (D. Mass. 2001).

Roche contends that Abbott's knowledge of a patent application demonstrates Abbott's knowledge of the patents that eventually issued. (*Roche Motion* at 8-9.) Roche's position is illogical and inconsistent with the law. As the Federal Circuit has explained:

> To willfully infringe a patent, the patent must exist and one must have knowledge of it. A "patent pending" notice gives one no knowledge whatsoever. It is not even a guarantee that an application has been filed. Filing an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents. What the scope of claims in patents that do issue will be is something totally unforeseeable.

*State Industries, Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985). Thus, even assuming *arguendo* that Abbott had knowledge of a patent application related to the issued patents-in-suit, such knowledge is not evidence that Abbott had any knowledge of a later issued patent. Whether or not Abbott ever knew of pending Roche patent applications is totally irrelevant to resolution of Roche's infringement allegations against Abbott.

Additionally, Roche seeks production of a privilege log identifying "opinions and communications regarding the infringement (or non-infringement) of the patents-in-suit." (*Roche Motion* at 9.) The Court's Scheduling Order states that there shall be no discovery

---

to Abbott's possible earlier knowledge of the issued patents would fall between October 2, 2007 and November 21, 2007.

related to willfulness issues until so ordered. Accordingly, opinions of counsel are not relevant to the Phase I issues of infringement and prior invention. Further, Abbott has not determined whether it will defend against willfulness by reliance on any advice of counsel. Until willfulness discovery commences and Abbott makes that determination, Roche is not entitled to know whether or not relevant written opinions of counsel even exist. In *Knorr-Bremse v. Dana Corp.*, 383 F.3d 1337, 1344 (Fed. Cir. 2004), the Federal Circuit held that "no adverse inference shall arise from invocation of the attorney-client and/or work product privilege" with respect to opinions of patent counsel. *Knorr-Bremse* also held that "it is inappropriate to draw a similar adverse inference from failure to consult counsel." *Id.* at 1345. Abbott should not be required to include any such opinions on a privilege log generated for this phase of discovery.

### D. The Decision To Introduce Products Prior To Issuance Of The Patents Is Irrelevant

Roche seeks production of "all documents and things relating to business meetings and decisions to research, design, develop, manufacture, import, or sell any of the accused products, as well as any utility, advantages, value and/or business significance of such products." (*Roche Motion* at 9.) For the same reasons set forth above, Roche's request is overbroad on its face. Also, for the same reasons set forth above, any decisions made prior to the issuance of Roche's patents-in-suit are irrelevant.

As explained previously, any acts undertaken prior to the issuance of the patents-in-suit are irrelevant to a claim of inducing infringement. *National Presto*, 76 F.3d at 1195-96 ("as a matter of law § 271(b) does not reach actions taken before issuance of the adverse patent."). Abbott has previously agreed to produce non-privileged documents (if any) relating to Abbott's

product-introduction decisions made after the October 2, 2007 issued date for the patents-in-suit. To the extent that Roche's requests encompass documents relating to products introduced long before the patents issued, they are irrelevant.

### E.    Roche's Demand For "All Documents" Is Overkill

Roche demands "complete production of responsive documents," specifically including six broad categories of documents. (*Roche Motion* at 11.) Once again, this is an example of "overkill" in Roche's requests. Roche essentially demands production of all documents that may have even the slightest possibility of containing some sort of information relevant to this litigation – irrespective of whether the information is duplicative or cumulative of what is contained in documents already produced to Roche. Abbott has conducted a reasonable search, and is producing those comprehensive documents having a high probability of containing the information directly relevant to the infringement issues in this case. For example, as described above, Abbott is producing the comprehensive DHF documents for each accused product. To the extent that numerous types of documents exist containing nothing more than the same or a portion of the same information, it is appropriate and reasonable to produce a representative sample. It is not reasonable to require (as Roche demands) that a party locate and produce every single scrap of paper that contains even the slightest amount of relevant information, whether it is duplicative or cumulative of the information contained in produced representative documents.

## CONCLUSION

Some of the discovery sought by Roche is irrelevant to the infringement or prior invention issues. Other discovery is unreasonably cumulative or duplicative, or can be obtained from a more convenient and less burdensome source. Lastly, the burden and expense of the discovery Roche seeks outweighs its likely benefit. Accordingly, Roche's motion to compel should be denied in its entirety.

| | |
|---|---|
| OF COUNSEL: | /s/ Anne Shea Gaza |
| Edward A. Mas II | Frederick L. Cottrell, III (#2555) |
| Stephen F. Sherry | cottrell@rlf.com |
| Kirk Vander Leest | Anne Shea Gaza (#4093) |
| James M. Hafertepe | gaza@rlf.com |
| McAndrews, Held & Malloy, Ltd. | Richards, Layton & Finger, P.A. |
| 500 West Madison Street, 34th Floor | One Rodney Square |
| Chicago, Illinois 60661 | P.O. Box 551 |
| (312) 775-8000 | 920 N. King Street |
| | Wilmington, DE 19899 |
| | (302) 651-7700 |
| Dated: April 30, 2008 | *Attorneys for Abbott Diabetes Care Inc. and Abbott Diabetes Care Sales Corp.* |

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2008, I caused to be served by electronic service and hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951

Mary W. Bourke
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899-1347

John W. Shaw
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801

Rodger D. Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Steven J. Balick
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

I hereby certify that on April 30, 2008, the foregoing document was sent via electronic mail to the following non-registered participants:

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert
 & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606

Ashley L. Ellis
Michael G. Adams
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202

Wesley E. Overson
Rachel Krevans
Parisa Jorjani
Daniel P. Muino
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105-2482

Joseph M. Casino
Kenneth P. George
Amster, Rothstein & Ebenstein, LLP
90 Park Avenue
New York, NY   10016

Bradford J. Badke
Sona De
Michael Kahn
Ropes & Gray
1211 Avenue of the Americas
New York, NY 10036-8704

_____
Anne Shea Gaza (#4093)
gaza@rlf.com