IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC. and CORANGE INTERNATIONAL LIMITED, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | C.A. No. 07-753-JJF |
| ABBOTT DIABETES CARE INC., ABBOTT DIABETES CARE SALES CORPORATION, BAYER HEALTHCARE, LLC, DIAGNOSTIC DEVICES, INC., LIFESCAN, INC., and NOVA BIOMEDICAL CORPORATION, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DECLARATION OF ANNE SHEA GAZA IN SUPPORT OF
DEFENDANTS ABBOTT DIABETES CARE INC.'S AND
ABBOTT DIABETES CARE SALES CORP.'S OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL**

I, Anne Shea Gaza, of full age, hereby declare as follows:

1. I am Counsel at Richards, Layton & Finger, which represents Defendants Abbott Diabetes Care, Inc. and Abbott Diabetes Care Sales Corp. (collectively "Abbott") in this action. I make this Declaration in support of Abbott's Opposition to Plaintiffs' Motion to Compel (D.I. 135).

2. Attached hereto as Abbott Exhibit 1 is a true and correct copy of a letter dated April 7, 2008 from Annette Vonder Mehden to Daniel A. Boehnen.

3. Attached hereto as Abbott Exhibit 2 is a true and correct copy of a letter dated April 16, 2008 from Annette Vonder Mehden to Daniel A. Boehnen.

4. Attached hereto as Abbott Exhibit 3 is a true and correct copy of a letter dated April 28, 2008 from Annette Vonder Mehden to Daniel A. Boehnen.

5.   Attached hereto as Abbott Exhibit 4 is a true and correct copy of a letter dated March 21, 2008 from Sean M. Sullivan to Stephen F. Sherry.

6.   Attached hereto as Abbott Exhibit 5 is a true and correct copy of a letter dated April 8, 2008 from Sean M. Sullivan to Stephen F. Sherry.

7.   Attached hereto as Abbott Exhibit 6 is a true and correct copy of a letter dated April 11, 2008 from Matthew A. Anderson to Sean M. Sullivan.

8.   Attached hereto as Abbott Exhibit 7 is a true and correct copy of a letter dated March 28, 2008 from Stephen F. Sherry to Sean M. Sullivan.

9.   Attached hereto as Abbott Exhibit 8 is a true and correct copy of an email dated April 8, 2008 from Daniel A. Boehnen to counsel for the defendants in the action, including Stephen F. Sherry, counsel for Abbott.

I hereby declare under penalty of perjury that all the statements made by me herein are true and correct.

Dated:  April 30, 2008

Anne Shea Gaza (#4093)

2

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2008, I caused to be served by electronic service and

hand delivery the foregoing document and electronically filed the same with the Clerk of Court

using CM/ECF which will send notification of such filing(s) to the following:

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951

Mary W. Bourke
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899-1347

John W. Shaw
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801

Rodger D. Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Steven J. Balick
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, DE  19899

I hereby certify that on April 30, 2008, the foregoing document was sent via electronic

mail to the following non-registered participants:

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert
  & Berghoff LLP
300 South Wacker Drive
Chicago, IL  60606

Ashley L. Ellis
Michael G. Adams
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202

Wesley E. Overson
Rachel Krevans
Parisa Jorjani
Daniel P. Muino
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105-2482

Joseph M. Casino
Kenneth P. George
Amster, Rothstein & Ebenstein, LLP
90 Park Avenue
New York, NY   10016

Bradford J. Badke
Sona De
Michael Kahn
Ropes & Gray
1211 Avenue of the Americas
New York, NY 10036-8704

Anne Shea Gaza (#4093)
gaza@rlf.com

# EXHIBIT 1



**mcandrews**
McANDREWS HELD & MALLOY LTD

500 WEST MADISON STREET  34TH FLOOR  CHICAGO ILLINOIS 60661
(T) 312 775 8000    (F) 312 775 8100   www.mcandrews-lp.com

AANNETTE VONDER MEHDEN
(T) 312 775 8247
avondermehden@mcandrews-lp.com

April 7, 2008

**VIA HAND DELIVERY**
Daniel A. Boehnen, Esq.
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL  60606

Re:     <u>Roche v. Abbott et al.</u>
        Case No.  07-753-JFF

Dear Mr. Boehnen:

Enclosed please find Abbott production Bates Numbered for identification as ADC0000001 – ADC0004853.  Please treat these documents in accordance with USDC Delaware Local Rule 26.2.

Please let me know if you have any questions or problems with the enclosed.

Sincerely,

Annette Vonder Mehden
Paralegal

Enclosure

cc:     Matt Anderson (w/o encl.)

# EXHIBIT 2



**mcandrews**
McANDREWS HELD & MALLOY LTD

500 WEST MADISON STREET  34TH FLOOR  CHICAGO ILLINOIS 60661
(T) 312 775 8000    (F) 312 775 8100    www.mcandrews-ip.com

AANNETTE VONDER MEHDEN
(T) 312 775 8247
avondermehden@mcandrews-ip.com

April 16, 2008

**VIA HAND DELIVERY**
Daniel A. Boehnen, Esq.
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL  60606

        Re:    <u>Roche v. Abbott et al.</u>
               Case No.  07-753-JFF

Dear Mr. Boehnen:

        Enclosed please find Abbott production Bates Numbered for identification as ADC0004854 – ADC0004998.  Please treat these documents in accordance with USDC Delaware Local Rule 26.2.

        Please let me know if you have any questions or problems with the enclosed.

                                Sincerely,

                                Annette Vonder Mehden
                                Paralegal

Enclosure

cc:    Matt Anderson (w/o encl.)

# EXHIBIT 3



**mcandrews**
McANDREWS HELD & MALLOY LTD

500 WEST MADISON STREET  34TH FLOOR   CHICAGO ILLINOIS 60661
(T) 312 775 8000    (F) 312 775 8100   www.mcandrews-ip.com

AANNETTE VONDER MEHDEN
(T) 312 775 8247
avondermehden@mcandrews-ip.com

April  28, 2008

**VIA HAND DELIVERY**
Daniel A. Boehnen, Esq.
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL  60606

          Re:     <u>Roche v. Abbott et al.</u>
                  Case No.  07-753-JFF

Dear Mr. Boehnen:

          Enclosed please find Abbott production Bates Numbered for identification as ADC0004999 – ADC0009965.  Please treat these documents in accordance with USDC Delaware Local Rule 26.2.

          Please let me know if you have any questions or problems with the enclosed.

                              Sincerely,

                              Annette Vonder Mehden
                              Paralegal

Enclosure

cc:     Matt Anderson (w/o encl.)

# EXHIBIT 4



**McDonnell Boehnen Hulbert & Berghoff** LLP      300 South Wacker Drive      312 913 0001 phone
                                                  Chicago, Illinois 60606-6709   312 913 0002 fax
                                                  www.mbhb.com

March 21, 2008

***SENT VIA E-MAIL AND FIRST CLASS MAIL***

Stephen F. Sherry, Esq.
McAndrews, Held & Malloy, Ltd.
500 West Madison St.
34th Floor
Chicago, IL 60661

Re:    *Roche v. Abbott et al.*, Case No. 07-753-JJF (District of Delaware)
       **Abbott's Responses to Plaintiffs' First Set of Requests for Production**

Dear Mr. Sherry:

As an initial matter, we would sincerely appreciate it if you would let us know when Abbott will start its rolling production of responsive documents, as well as when Abbott thinks such a production will be completed.  We look forward to receiving your prompt response to this inquiry.

We have reviewed Abbott's objections and responses to Plaintiffs' First Set of Document Requests 1-127 and wanted to set forth some concerns we have with the responses.  We do so in hopes of clarifying Abbott's responses and identifying those areas where there is disagreement.  The following is a preliminary identification of concerns relating to the Phase I issues of infringement, claim construction, and prior invention.  There may be additional issues following review of Abbott's document production, and in later Phases of the case, but our most pressing concerns are outlined below.

As a general proposition, Plaintiffs seek documents regarding research, design, development, structure, function, features, science, operation, and use of Abbott's products falling within the specified scope of its discovery requests.  Plaintiffs also seek all filings, submissions, and communications to both state and federal agencies regarding these products, and documents relating to any offer for sale or sale, advertising and promotion, marketing materials, feedback from customers, and communications with

users, distributors, physicians nurses, clinics, or other potential users of these products. Such documents are clearly within the permissible scope of discovery for Phase 1, as more specifically addressed below.

As a general proposition, we recognize that some of the requests may encompass subject matter that relates to later phases of the case. Please note that we do not seek discovery of information that relates **_solely_** to later phases of the case. But Roche is entitled to receive – and we do seek – discovery that relates to Phase 1 and/or claim construction, regardless of whether the information might also have relevance later.

Requests for Production – General Objections

Abbott has set forth a list of General Objections to the Production Requests that purport to apply to all of Abbott's responses. Our concerns with Abbott's General Objections, as well as any of Abbott's Specific Objections that repeat these General Objections, are set forth below:

In General Objection 4, Abbott objects to the Requests to the extent they seek publicly available documents or documents that are already in the possession of Plaintiffs. The fact that a document can be located elsewhere is not a proper basis for withholding documents. Furthermore, Abbott's very possession of certain publicly available documents may itself lead to the discovery of highly relevant, admissible evidence. Thus, Plaintiffs request Abbott to withdraw this portion of General Objection 4. To the extent that Abbott does withhold any documents on the grounds that the documents are publicly available or in Plaintiff's possession, please identify with particularity the Requests to which this General Objection applies. Moreover, to the extent that Abbott withholds any such documents on the basis of General Objection 4, Abbott must at least identify each such document with sufficient particularity for Plaintiffs to challenge the refusal to produce and/or to identify and locate the documents.

In General Objection 6, Abbott generally objects to the Requests as impermissibly premature to the extent the Requests seek information irrelevant to infringement or prior invention. In view of the Court's February 28, 2008 adoption of Defendants' proposed schedule, Plaintiffs do not challenge this objection. However, Plaintiffs believe General Objection 6 to be unnecessary and unwarranted in light of our February 15, 2008 letter withdrawing certain Requests and specifically limiting others to comply with the Court's directives regarding the staging of discovery. As discussed in more detail below regarding Abbott's objections to specific Requests, Abbott has taken an overly narrow and restrictive view as to what is relevant to the issue of infringement.

In General Objection 22, Abbott objects to all Requests that seek documents for Abbott's products that were not sold on or after October 2, 2007. Plaintiffs note that the Requests encompass documents predating October 2, 2007, including, but not limited to, research, design, and development documents relating to Abbott's products that are accused of infringement. Plaintiffs submit that such pre-October 2, 2007 documents are relevant to the issue of infringement and should be produced because those documents relate directly to Abbott's post-October 2, 2007 accused products, and likely predecessor products, including, but not limited to, the activities outlined in paragraph 3 of page 1 of this letter, as well as to later-sold strips used with earlier-sold meters. Please confirm that Abbott will not be withholding any documents simply because they pre-date October 2, 2007.

In General Objection 22, Abbott also objects to the extent the Requests "seek documents and information concerning products that are not being manufactured, used, sold, offered for sale or imported into the United States." Plaintiffs submit that such documents may be relevant to the issues of infringement to the extent they relate to acts of infringement within the United States. For example, sales, offers to sell, distribution, and importation into the United States of blood glucose test meters and/or test strips are clearly relevant to infringement under 35 U.S.C. 271(a)-(c), and exportation out of the United States is relevant to infringement under 35 U.S.C. 271(f). Please confirm that General Objection 22 applies only to such acts that have no relation to the United States.

The foregoing identifies a number of concerns regarding Abbott's General Objections. However, as discovery proceeds, further concerns and issues may arise regarding Abbott's application of these General Objections, and Plaintiffs reserve the right to raise them in the future.

Requests for Production - Specific Objections

In Requests 7 and 19, Abbott refused to produce documents on the basis of relevance. However, these requests encompass documents referring or relating to (i) Abbott's "inspection, review, testing, experimenting, operation, disassembly, analysis or reverse engineering of any Electrochemical Sensors having a capillary chamber that holds a blood sample volume of 1 μl or less and provides a readout of the glucose concentration of the blood sample within 10 seconds or less . . ." and/or (ii) Abbott's "comparisons or comparative test[s]" of its own "Electrochemical Sensors with any other Electrochemical Sensor." Such documents are clearly relevant to the issue of infringement and the use, design, operation, and structure of the accused products. Plaintiffs request that Abbott withdraw this objection.

In Request 21, Abbott refused to provide any samples of its Electrochemical Sensors. Plaintiffs are willing to limit the number of samples to 3 of each model of meters, and

several (more than 1) boxes of each model of test strip . Alternatively, Plaintiffs are willing to purchase Abbott's meters and test strips from a retailer, provided that Abbott agrees not to raise any chain of custody issues. Otherwise, Plaintiffs must insist that Abbott provide additional samples of its Electrochemical Sensors (meters and test strips) as requested.

Abbott has refused to provide documents for a number of requests on the basis that the Requests are not related to the Phase I issues of infringement and prior invention. Request 9 seeks documents relating to Abbott's decision to research, design, develop, manufacture, etc. an Electrochemical Sensor having a blood sample volume of 1 μl or less and providing a readout within 10 seconds or less. In response, Abbott stated that it would not respond at this time on the grounds that the request was premature and did not relate to Phase 1. Plaintiffs request that Abbott withdraw this objection, as the requested information could lead to the discovery of admissible evidence relating to Phase 1, including admissions regarding the operation of Abbott's products, equivalents and statements or admissions relating to claim construction.

Requests 10, 11, 12, 13, and 22 seek documents relating to Electrochemical Sensors having a blood sample volume of 1 μl or less or readout within 10 seconds or less, or alternatives to Abbott's Identified Electrochemical Sensors. Abbott refused to respond (except for prior invention) on the grounds that the Requests were premature and did not relate to Phase 1. Plaintiffs request that Abbott withdraw these objections, as the requested information could lead to the discovery of admissible evidence relating to Phase 1, including admissions regarding the operation of Abbott's products, equivalents and statements or admissions relating to claim construction.

Abbott's responses to Requests 14, 17, and 18 provide objections, but fail to indicate that Abbott will produce documents in response to these Requests. Please clarify whether Abbott is refusing to produce documents in response to these Requests. Plaintiffs do not disagree that aspects of these Requests pertain to other phases of this case, and we do not seek such information at this time. But, each of these Requests also seeks documents and things that relate or refer to Plaintiffs' infringement claims, and thus should be responded to accordingly in this phase of the case.

In Requests 32-35, seeking communications between Abbott and others regarding Abbott's accused products, Abbott refused to respond on the grounds that the request was premature and did not relate to Phase 1. Plaintiffs request that Abbott withdraw this objection, as the requested information is directly relevant to inducing infringement, and could lead to the discovery of admissible evidence relating to Phase 1, including admissions regarding the operation of Abbott's products, equivalents and statements or admissions relating to claim construction.

Requests 39-45 seek, *inter alia*, documents related to the patents-in-suit.  Abbott refused to respond to these Requests on the grounds that they were premature and did not relate to Phase 1.  Plaintiffs request that Abbott withdraw these objections, at least with respect to the patents-in-suit, as the requested information could lead to the discovery of admissible evidence relating to Phase 1, including for example inducement and/or contributory infringement and admissions related to direct infringement.

In Requests 46 and 47, requesting documents relating to design around and non-infringement, Abbott refused to respond on the grounds that the request was premature and did not relate to Phase 1.  Plaintiffs request that Abbott withdraw this objection, as the requested information relates directly to infringement including what constitutes an infringement and what does not.  This information would also be relevant to issues of claim construction.

In Request 53, requesting documents relating to the patents-in-suit and reexamination, Abbott refused to respond on the grounds that the request was premature and did not relate to Phase 1.  Plaintiffs request that Abbott withdraw this objection, as the requested information relates directly to claim construction of the patents-in-suit.

In Requests 54 and 55, requesting documents relating to written opinions or communications regarding infringement, Abbott refused to respond on the grounds that the request was premature and did not relate to Phase 1.  Plaintiffs request that Abbott withdraw this objection, insofar as the requested information involves opinions regarding "infringement and/or non-infringement of the patents-in-suit" which is undeniably relevant to Phase I.  To the extent such documents are privileged, Plaintiffs are entitled to review a privilege log to determine whether privilege has been properly claimed.  To the extent the documents are not privileged, Plaintiffs are entitled to their production in Phase 1.

In Request 106, Abbott refused to respond on the grounds that the Request was vague, ambiguous, and irrelevant.  Plaintiffs will limit Request 106 for now to "Plaintiffs' Electrochemical Sensors" (as opposed to "both Plaintiffs and Electrochemical Sensors").  In view of this clarification, Plaintiffs request that Abbott withdraw these objections and agree to respond to Request 106.

We look forward to a response to this letter by March 28, 2008, and to the receipt of Abbott's documents responsive to Plaintiffs' Requests.

Sincerely,

Sean M. Sullivan
312 935 2356 (direct)
sullivan@mbhb.com

**Subject:**       Fw: Roche v  Abbott et al  --  Abbott's Responses to Document Requests

**Attachments:**       20080321121832870 pdf; ENVELOPE TXT

 

2008032112183287  ENVELOPE TXT (2
 0.pdf (692 KB)         KB)

```
----- Original Message -----
From: sullivan@mbhb.com <sullivan@mbhb.com>
To: Ed Mas; Steve Sherry; Kirk Vander Leest; Jim Hafertepe; Merle S. Elliott;
Cottrell@rlf.com <Cottrell@rlf.com>; gaza@rlf.com <gaza@rlf.com>
Cc: Boehnen@mbhb.com <Boehnen@mbhb.com>; Drutchas@mbhb.com <Drutchas@mbhb.com>;
steck@mbhb.com <steck@mbhb.com>; armstrongj@mbhb.com <armstrongj@mbhb.com>
Sent: Fri Mar 21 13:45:08 2008
Subject: Roche v. Abbott et al. --  Abbott's Responses to Document Requests

Counsel:

Please see the attached letter.

Sean M. Sullivan
MBHB (an LLP)
300 South Wacker Drive
Chicago, Illinois 60606
General 312.913.0001
Direct 312.935.2356
Fax 312.913.0002
```

1

# EXHIBIT 5



**McDonnell Boehnen Hulbert & Berghoff LLP**

300 South Wacker Drive    312 913 0001 phone
Chicago, Illinois 60606-6709    312 913 0002 fax
www.mbhb.com

April 8, 2008

*SENT VIA E-MAIL*

Stephen F. Sherry, Esq.
McAndrews, Held, & Malloy, Ltd.
500 West Madison St.
34th Floor
Chicago, IL 60661

Re:    *Roche v. Abbott et al.*, **Case No. 07-753-JJF (District of Delaware)**
       **Meet and Confer Follow-up**

Dear Steve:

This letter memorializes our discussion on April 3, 2008 regarding Abbott's objections to Roche's discovery requests.

As a general matter, Abbott agreed that it would not impose any particular cut-off date for the production of documents based on when meters were sold.  We discussed Roche's needs, for example, for information regarding the structure, function, operation, features and use of meters that may have been discontinued prior to the issuance of the patents in suit, where strips that may be used with those meters continue to be sold after the date of issuance.

Similarly, Abbott agreed to consider Roche's need for information regarding the structure, function, operation, features and use of meters that may have been sold only outside the U.S., where the strips that may be used with those meters were manufactured in or exported from the U.S.

**Document Production Schedule:**  Abbott refused to commit to any particular document production schedule for Phase 1, but Abbott agreed that:
    (1)  Abbott will begin rolling document production on or about April 7, 2008.

      (2) Abbott will produce all Phase 1 documents by the June 27, 2008 deadline.

      (3) Abbott would not commit to completing Phase 1 document production in advance of the June 27, 2008 deadline.

**Abbott's General Objection No. 4:** Abbott and Roche agreed that:

      (1) Abbott will not withhold relevant documents within their possession, custody, or control merely because those documents might be publicly available from other sources.

      (2) Roche does not expect Abbott to search publicly accessible sources to obtain publicly available documents that are not currently within Abbott's possession, custody, or control.

      (3) Abbott will search for and produce all relevant FDA filings in its possession, custody, or control related to the accused products, and Abbott will search for and produce all relevant FDA filings related to predecessor products of the accused products.

      (4) Roche does not expect Abbott to search for or produce state regulatory or SEC filings that may mention the accused products.

**Abbott's General Objection No. 22:** Abbott and Roche agreed that:

      (1) Abbott will search for and produce relevant documents related to accused test strips made or sold in the U.S. on or after October 2, 2007.

      (2) Abbott will search for and produce relevant documents related to all meters compatible for use with the accused test strips, regardless of whether the meters were sold before or after October 2, 2007, or whether the meters were sold outside of the U.S.

**Document Requests 7 and 19:** Abbott agreed to search for and produce the results of relevant comparisons between the Abbott accused products and other comparable third party products. However, Abbott refused to search for or produce any documents related to comparable third party products that do not reference or include a comparison to Abbott's accused products.

**Document Request 21:** Abbott agreed not to raise any chain of custody issues related to Abbott's accused products that Roche purchases from a retailer and, absent alteration of the products by Roche, to treat any accused products purchased by Roche from any retailer as though the products had been provided to Roche by Abbott.

**Document Requests 9-13 and 22:** Abbott refused to produce relevant documents responsive to these document requests (decision to research, develop, etc., the accused products, meeting records, advantages or business significance of products with certain claim limitations, and development of alternatives to the accused products), and asserts

that (i) the burden on Abbott to produce documents responsive to these requests outweighs any value to Roche in receiving these documents, and (ii) the information desired by Roche is more readily obtainable through other categories of documents that Abbott has agreed to produce.  Abbott acknowledged, however, that it would have to search for and produce such documents during other phases of this litigation, and that Abbott's burden objection is limited to Phase 1 only.

**Document Request 14:** Abbott agreed to search for and produce documents complying with this request subject to their stated objections.  More particularly, Abbott agreed to search for and produce organizational charts from 2007-2008 that are in the possession, custody, or control of Abbott, but Abbott refused to search for or produce any organizational charts from prior to 2007.

**Document Requests 17 and 18:** Abbott agreed to search for and produce documents complying with this request subject to their stated objections.

**Document Requests 32-35:** Abbott agreed to search for and produce documents complying with this request subject to their stated objections.  Roche expects such documents to include, *inter alia*, (i) warranty registration cards, (ii) rebate request forms, and (iii) other documents sufficient to identify customers of Abbott who have used the accused meters and strips.  Such information is necessary for Roche to identify and contact these customers in order to establish that they are directly infringing the claims of the patents-in-suit by following the directions provided by Abbott with the meters and/or strips.  As an alternative to producing documents identifying Abbott's customers, Roche would accept the following stipulation.

> Proposed Stipulation:  The end-users of the following Abbott products use the accused Abbott products in the manner described in the owner's manual, product inserts, and/or other documents that are supplied by Abbott for these Abbott products:
>
> (a)  Strips:  FreeStyle, FreeStyle Lite, Optium, and Precision Xtra test strips.
> (b)  Meters: FreeStyle, FreeStyle Freedom, FreeStyle Flash, FreeStyle Lite, FreeStyle Freedom Lite, FreeStyle Mini, Optium, and Precision Xtra meters.

Once we receive a substantive interrogatory response from Abbott to Roche's Interrogatory No. 1, with an identification of meters and strips sold (past and present, inside the U.S. and out), we will amend or supplement the above listing of strips and meters, if necessary.

**Document Requests 39-43 and 45:** Abbott agreed to search for and produce documents related to Abbott's knowledge of the patents-in-suit or identify them on a privilege log (including opinions referring to the patents-in-suit). As indicated below, Abbott did not agree to produce documents referring or relating to the underlying applications.

**Document Request 44:** Abbott indicated that it has no documents responsive to this request and will so state in its supplemental response.

**Document Request 46-47:** Abbott agreed to search for and produce documents complying with this request subject to their stated objections.

**Document Request 53:** Abbott refused to search for or produce documents complying with this request (documents that refer or relate to the U.S. and foreign patent applications relating to the patents in suit).

**Document Requests 54-55:** Abbott agreed to search for and produce non-privileged documents related to the issue of infringement/noninfringement, but refused to identify any opinions of counsel that it will not rely on at trial.

**Document Request 106:** Abbott refused to search for or produce documents complying with this request (documents referring to Plaintiff's products).

**Interrogatories:** After initially refusing to provide any substantive answers to any of Roche's interrogatories, Abbott subsequently agreed (in an E-mail from Steve Sherry) to provide substantive answers to interrogatories 1, 2, 3, 14, and 17. We await your substantive responses to these interrogatories. Abbott continues to object to providing any substantive responses to interrogatories 4, 5, 7, 8, and 16.

There are also a couple of matters not specifically addressed in our telephone conference that we would like to have resolved:

- **Document Requests 57-58:** Abbott has objected to these requests on various grounds. Roche needs to have license agreements and other agreements that relate to the accused products. These may be helpful in helping establish relationships with third parties and, potentially, additional infringers and joint tortfeasors. These agreements may also contain technical specifications for the accused products, and an identification of patents that help describe operation of the accused products. Development agreements would also be likely to contain information relevant to prior invention, which the Court has ordered to be part of Phase I discovery. Will Abbott be maintaining its objection to producing these documents?

- **Abbott's General Objection No. 17:** This objection states that "Abbott objects to each request to the extent it seeks documents beyond representative examples or summaries of documents produced en masse or to the extent it seeks more than a single copy of the same document." At a minimum, Roche needs complete production in response to its existing document requests of (i) all marketing, sales and product literature that is supplied to distributors, medical personnel, customers, and/or potential customers; (ii) documents relating to the patents in suit and underlying applications (i.e., "notice" documents); (iii) identification of customers; (iv) research, design and development of the accused products and (v) FDA files. Obviously, we do not care about copies that are complete duplicates. Will Abbott be maintaining this objection or will Abbott produce all non-duplicative documents that are responsive to Roche's requests without regard to this objection?

Sincerely,

*Sean Sullivan / JPA*

Sean M. Sullivan
312 935 2356 (direct)
sullivan@mbhb.com

# EXHIBIT 6

6



**mcandrews**
McANDREWS HELD & MALLOY LTD

500 WEST MADISON STREET  34TH FLOOR  CHICAGO ILLINOIS 60661
(T) 312 775 8000    (F) 312 775 8100    www.mcandrews-ip.com

MATTHEW A. ANDERSON
(T) 312 775 8199
manderson@mcandrews-ip.com

April 11, 2008

**VIA EMAIL**

Sean M. Sullivan
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, Illinois 60606
sullivan@mbhb.com

RE: *Roche v. Abbott et. al.*, Civ. No. 07-753-JJF (D. Del.)

Dear Sean:

This is in response to your letter of April 8, 2008, which purported to memorialize our discussion of April 3, 2008. While we will not undertake to separately memorialize our entire conversation here, we seek to clarify the record with respect to at least the following topics:

**General Objection No. 4:** Abbott agreed to provide FDA filings for reasonably relevant predecessor products. Of course, we do not understand Roche to seek, and we do not intend to provide, a never-ending chain of FDA filings dating back to the beginning of Abbott's business.

**General Objection No. 22:** The parties did not come to any final agreement on this issue. Rather, Abbott indicated that it understood Roche's position, and would consider its requests.

**Document Request Nos. 9-13, 22:** Abbott agreed to produce relevant meeting minutes that were located by a reasonable search, but Abbott refused to undertake a separate search for these documents, in view of the multitude of other, more relevant documents that will be produced. Also, Abbott did not agree that it would necessarily be obligated to separately search for these documents during another phase of discovery.

**Document Request No. 14:** Abbott did not agree to produce organizational charts. Instead, Abbott agreed to consider Roche's narrowed request for current organizational charts that are in the possession, custody or control of Abbott. The parties reached no final agreement on this issue.



**mcandrews**
McANDREWS HELD & MALLOY LTD

Sean M. Sullivan, Esq.
April 11, 2008
Page 2

**Document Request Nos. 32-35:** The categories that Roche "expects" to receive were not mentioned during our discussion, nor was the stipulation proposed in your letter. While we may be willing to revisit the issue in the future, Abbott is not willing to enter into your proposed stipulation at this time.

**Document Request No. 44:** Abbott did not indicate that it had no responsive documents. Rather, we indicated that we did not yet know if any responsive documents existed. Also, it is unclear what type of supplemental response your letter is referring to; but in any event, Abbott did not agree to provide any supplemental discovery response relating to this topic.

As to the new matters raised in your letter, as with nearly every other issue that we discussed, Abbott is willing to produce relevant documents that are located upon a reasonable search, within the scope of Abbott's objections. However, Abbott will not agree to separately search for "license agreements and other agreements that relate to the accused products." That request is overly broad and unduly burdensome on its face. Your assertion that these agreements "may also contain technical specifications for the accused products" illustrates the fundamental problem with many of Roche's requests. Abbott will of course produce the actual technical specifications for the products that Roche accuses. Abbott will not undertake a separate search, spanning multiple Abbott facilities in various countries, for this type of second-hand information. For similar reasons, Abbott will not withdraw its General Objection No. 17. Again, Abbott will produce relevant documents that are located upon a reasonable search, within the scope of Abbott's objections. Abbott will not agree to produce cumulative information beyond the requirements of the Federal Rules.

Please let us know if you would like to discuss any of these issues further.

Very truly yours,

Matthew A. Anderson

c: Stephen F. Sherry

# EXHIBIT 7

7



*mcandrews*
MCANDREWS HELD & MALLOY LTD

STEPHEN F. SHERRY
(T) 312 775 8124
ssherry@mcandrews-ip.com

March 28, 2008

Via Email
Sullivan@mbhb.com

Sean M. Sullivan, Esq.
McDonnell Boehnen Hulbert & Berghoff LLP
300 S Wacker Dr
Chicago, IL  60606-6709

> Re:   Roche v. Abbott et al.  07-753-JJF
>        <u>Abbott's Responses to Plaintiffs' 1st Set of Requests for Production</u>

Dear Mr. Sullivan:

This responds to your five page, single spaced letter dated March 21, 2008 regarding "Abbott's Responses to Plaintiffs' First Set of Requests for Production" (Requests 1-127).  I will attempt to address the numerous matters raised in your letter, item by item.

<u>Item 1 – Commencement of Abbott Document Production</u>

Assuming we reach agreement in the near future about the protocol for e-discovery, I expect the rolling production of documents that Abbott has agreed to produce can begin on or about April 7, 2008.  We expect to complete Abbott's document production on or before the June 27, 2008 deadline set in the scheduling order.



mcandrews
MCANDREWS HELD & MALLOY LTD

Sean M. Sullivan, Esq.
March 28, 2008
Page 2


Item 2 – Abbott's General Objection 4

We have properly objected to Roche's request for Abbott to produce
publicly available documents, or documents that are already in the possession of
Roche. Abbott is not inclined to withdraw this objection, which applies particularly
to at least publicly available federal and state regulatory agency documentation,
Abbott's publicly available website, Roche's publicly available website, published
scientific literature, commercially available strips and meters, as well as printed
labels or instructions associated with commercially available products, all of which
contain to some extent information about Abbott's Electrochemical Sensors and/or
technology at issue in this case. We are willing to re-evaluate Abbott's position
should Roche provide us with legal authority to support the views expressed in
your letter.


Item 3 – Abbott's General Objection 22

We confirm that Abbott will not be withholding any documents simply
because they pre-date October 2, 2007. But Abbott will not be producing
documents and information concerning products that are not being manufactured,
used, sold, offered for sale or imported into the United States on or after October 2,
2007. Such products are not properly the subject of an infringement charge based
upon Roche patents which did not issue until October 2, 2007.


Item 4 – Requests 7 and 19

Your letter only addresses Abbott's relevance objection and does not address
Abbott's other legitimate specific objections to these requests (e.g., vagueness,
ambiguous, overly broad, unduly burdensome etc.). As to the relevance objection,
we do not agree that Abbott's "inspection, review, testing, experimenting,
operation, disassembly, analysis or reverse engineering of *any* Electrochemical
Sensors…made, used, offered for sale or sold *by Plaintiffs or any other persons*" is
relevant to the issues of infringement or prior invention. Further, "*any* comparison
or comparative test" is not necessarily relevant to those issues. Please explain how



*mcandrews*
MCANDREWS HELD & MALLOY LTD

Sean M. Sullivan, Esq.
March 28, 2008
Page 3

such information would be in your view relevant to proving infringement at trial
with respect to Abbott's accused products.

Item 5 – Request 21

If Plaintiffs purchase Abbott's meters and test strips from a retailer, Abbott
agrees not to raise any chain of custody issues, provided that Roche does not
jeopardize the integrity or alter the condition of those products after they are
purchased.

Item 6 – Requests 9, 10, 11, 12, 13, and 22

Your letter only addresses Abbott's Phase 1- scope objection and does not
address Abbott's other legitimate specific objections to these requests. You appear
to concede that information relating to (i) Abbott's decision-making, (ii) "*any*
utility, advantages, value or business significance of *any* Electrochemical Sensors*",
or (iii) "*any alternatives*" to Abbott's accused Electrochemical Sensors is not
relevant to Phase 1 issues of infringement and prior invention, but assert that such
information is rather relevant to the overall subject matter of the action. Without a
showing of good cause (absent from your letter), information merely relevant to
the general subject matter of the action is not discoverable. Further, information
that is inadmissible, but likely to lead to the discovery of admissible evidence, is
only discoverable if relevant. Accordingly, please explain how the information
you seek through these requests would be in your view relevant to establishing any
material facts required to prove infringement with respect to Abbott's accused
products. In the alternative, please explain how that information is relevant to the
subject matter of the action and what good cause you believe justifies its
discoverability in Phase 1.

Item 7 – Requests 14, 17, and 18

Based upon the objections asserted with respect to these requests, Abbott
does not believe it is appropriate to produce any non-privileged, responsive



MCANDREWS HELD & MALLOY LTD

Sean M. Sullivan, Esq.
March 28, 2008
Page 4

documents. Nevertheless, Abbott is willing to give prompt consideration to a more reasonable, narrower, and reformulated request should Roche provide one in writing.

### Item 8 – Requests 32-35

Your letter only addresses Abbott's Phase 1- scope objection and does not address Abbott's other legitimate specific objections to these requests. Roche's requests seek production of "*any* communications" between Abbott and "*any other person*" regarding a number of specific topics. Certainly these requests on their face call for production of vast quantities of information obviously well beyond anything relevant to the Phase 1 infringement and prior invention issues.

You argue in your letter that all this information Roche seeks is "directly relevant to inducing infringement." Abbott disagrees. First, Roche has not pleaded any claim for indirect infringement (neither contributory nor inducement) against Abbott. Second, even assuming arguendo that inducement is an issue in this case, the only potentially relevant communication would be dated after the issue date of Roche's patents in suit (i.e., October 2, 2007). These requests are not limited to that time frame. Accordingly, Abbott is not inclined to withdraw its objections. We are willing to re-evaluate Abbott's position should Roche provide us with legal authority to support the views expressed in your letter.

### Item 9 – Requests 39-45

Your letter only addresses Abbott's Phase 1- scope objection and does not address Abbott's other legitimate specific objections to these requests. Additionally, your characterization of the scope of these requests as seeking documents "related to the patents-in-suit" is overly generalized and largely inaccurate. For example, Request 39 seeks documents relating to Abbott's knowledge of Roche's "activities in research, patenting, development, manufacturing, use or sale of Electrochemical Sensors."




Sean M. Sullivan, Esq.
March 28, 2008
Page 5


Abbott does not agree that the information sought by these requests would be relevant to the Phase 1 issues of infringement or prior invention. Accordingly, please explain how the information you seek through these requests would be in your view relevant to establishing any material facts required to prove infringement with respect to Abbott's accused products. We are willing to re-evaluate Abbott's position should Roche provide us with legal authority to support the views expressed in your letter.

### Item 10 – Requests 46 and 47

Your letter only addresses Abbott's Phase 1- scope objection and does not address Abbott's other legitimate specific objections to these requests. Abbott does not agree that Abbott's design decisions or design efforts with respect to Electrochemical Sensors (especially those occurring prior to the October 2, 2007 issue date of Roche's patents in suit) would be relevant to the Phase 1 issues of infringement or prior invention. Accordingly, please explain how the information you seek through these requests would be in your view relevant to establishing any material facts required to prove infringement with respect to Abbott's accused products. Further, we are willing to re-evaluate Abbott's position should Roche provide us with legal authority to support the views expressed in your letter.

### Item 11 – Request 53

Again I note that your letter only addresses Abbott's Phase 1- scope objection and does not address Abbott's other legitimate specific objections to these requests. You assert that the information sought by this request is relevant to claim construction. Abbott disagrees. As you know, claim construction is a question of law to be determined by the Court based primarily upon intrinsic evidence (i.e., the claims, specification, prosecution history and prior art of record for the asserted patents in suit). None of the information you seek corresponds to intrinsic evidence (or appropriate extrinsic evidence for that matter). Accordingly, please explain how the information you seek through this request would be in your view relevant to the legal determination of claim construction. Further, we are



mcandrews
MCANDREWS HELD & MALLOY LTD

Sean M. Sullivan, Esq.
March 28, 2008
Page 6

willing to re-evaluate Abbott's position should Roche provide us with legal authority to support the views expressed in your letter.

Item 12 – Requests 54 and 56

Your letter only addresses Abbott's Phase 1- scope objection and does not address Abbott's other legitimate specific objections to these requests. Indeed, you ignore a significant objection to these requests, namely that they seek disclosure of attorney opinions regarding any aspect of the patents in suit – information protected from discovery by the attorney-client privilege. Abbott will not withdraw its objections to these requests.

Item 13 – Request 106

The reformulated request in your letter seeks: "All documents concerning, referring to or relating to Plaintiffs' Electrochemical Sensors." On its face, this request is overly broad and seeks information well beyond the scope of legitimate discovery in this case. None of the information sought by this request has anything to do with Abbott's accused products. Accordingly, please explain how the information you seek through these requests would be in your view relevant to establishing any material facts required to prove infringement with respect to Abbott's accused products. Further, we are willing to re-evaluate Abbott's position should Roche provide us with legal authority to support the views expressed in your letter.

Should you wish to discuss any of these issues further, please let me know.

Regards,

Stephen F. Sherry

Digitally signed by Stephen F. Sherry
DN: cn=Stephen F. Sherry, o=McAndrews.
ou, email=ssherry@mhmlaw.com c=US
Date: 2008 03 28 14:27:37 -05'00'

Stephen F. Sherry for Abbott

| | |
|---|---|
| **From:** | Steve Sherry |
| **Sent:** | Friday, March 28, 2008 2:56 PM |
| **To:** | ECM |
| **Cc:** | Ed Mas; Kirk Vander Leest; Matthew Anderson |
| **Subject:** | FW: Roche v. Abbott et al |

**Attachments:**     sfs to sullivan 032808 pdf



sfs to sullivan
032808.pdf (13...

```
-----Original Message-----
From: Steve Sherry
Sent: Friday, March 28, 2008 2:53 PM
To: sullivan@mbhb.com
Subject: Roche v. Abbott et al

Please see attached correspondence regarding responses to Rule 34 requests.
```

1

# EXHIBIT 8

**From:** Boehnen@mbhb.com [mailto:Boehnen@mbhb.com]
**Sent:** Tuesday, April 08, 2008 12:01 PM
**To:** PJorjani@mofo.com; Cottrell@RLF.com; Steve Sherry; mbourke@cblh.com; ehutz@cblh.com; rsmith@mnat.com; Sona.De@ropesgray.com; Michael.Kahn@ropesgray.com; gaza@RLF.com; JSHAW@ycst.com; DMuino@mofo.com; JasonBartlett@mofo.com; jcasino@ARELAW.com; WOverson@mofo.com; RKrevans@mofo.com; jim.badke@ropesgray.com; kgeorge@ARELAW.com; SBalick@ashby-geddes.com; Kirk Vander Leest; jday@ashby-geddes.com; lmaguire@ashby-geddes.com
**Cc:** Drutchas@mbhb.com; hood@mbhb.com; Keenan@mbhb.com; sullivan@mbhb.com; machonkin@mbhb.com; Fritsch@mbhb.com; nancy.tinsley@roche.com; brownc@mbhb.com; moran@mbhb.com; provner@potteranderson.com; oslick@mbhb.com; Boehnen@mbhb.com; ashleyellis@parkerpoe.com; mikeadams@parkerpoe.com
**Subject:** Roche v. Abbott et al. -- Document Production Schedule



Counsel:

As you are aware, Roche served document requests on January 23, 2008 to each of the answering defendants.  Responses to those document requests were initially due February 25, 2008.  It has now been over two and half months since those requests were served.  Bayer, Abbott and Nova have just begun producing documents within the last week.  LifeScan has not yet produced a single document.

Although we have engaged in separate "meet-and-confers' with each of the answering defendants, none of the responding defendants have committed to a date by which their production in response to Roche's January 23rd requests are expected to be substantially complete.  LifeScan has not even given us assurance that it will begin producing any responsive documents before the end of April; Abbott and LifeScan both say only that they will complete their production of documents by the Court-ordered cut-off date for Phase I document discovery, June 27, 2008,  which will be over 5 months after the requests were served.

From Roche's perspective, this situation is unacceptable.  Roche needs adequate time

before the conclusion of written discovery on June 27, 2008 to review and digest the documents produced by the answering defendants, follow-up with meet & confer activities as appropriate, and determine whether any supplemental document requests need to be served and/or any motions to compel need to be filed.

As such, unless each of the answering defendants will commit by the close of business on Wednesday, April 9 that it will produce substantially all responsive documents by April 30, 2008, Roche will be forced to move to compel such production.

Dan Boehnen

---

300 S. Wacker Drive | Chicago, Illinois 60606 | Phone: 312.913.0001 | Fax: 312.913.0002
www.mbhb.com

This e-mail and any attached document(s) are intended only for the use and viewing of the individual or entity to whom or to which it is addressed. This message may contain information that is privileged, confidential, proprietary, trade secret and exempt from disclosure. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, use, or reproduction of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately (call collect) and discard the original message and any attachment(s).

4/9/2008