IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LTD., <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT DIABETES CARE, INC., ABBOTT DIABETES CARE SALES CORP., BAYER HEALTHCARE, LLC, DIAGNOSTIC DEVICES, INC., LIFESCAN, INC., and NOVA BIOMEDICAL CORP., <br><br> Defendants. | ) ) ) ) ) ) ) ) C.A. No. 07-753-JJF ) ) ) ) ) ) ) ) ) |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF
MOTION FOR A ENTRY OF A PROTECTIVE ORDER**

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
provner@potteranderson.com

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc. and*
*Corange International Limited*

Dated: May 2, 2008

Plaintiffs Roche Diagnostics Operations Inc. and Corange International Ltd. (collectively, "Roche") submit this brief in reply to the answering briefs of Defendants Bayer Healthcare, LLC, LifeScan, Inc., and Nova Biomedical Corp. (collectively, the "Objecting Defendants"), D.I. 151 and 152, and in further support of Plaintiffs' Motion for Entry of a Protective Order. D.I. 133.

## I.  INTRODUCTION

After weeks of negotiating with the Defendants to resolve a Protective Order, Roche was left with no option but to request this Court's intervention to resolve the differences. Roche and Abbott agree on the terms of a Protective Order, but Bayer, LifeScan and Nova disagree with Roche and Abbott on one key issue. Roche's Motion, D.I. 133, laid out the Objecting Defendants' positions on the Protective Order, as the dispute existed at that time. The Objecting Defendants' answering briefs, D.I. 151, 152, slightly repackage their position on certain issues, but those positions remain in direct conflict with controlling case law.

The Objecting Defendants are trying to exclude all in-house counsel from the highest tier of confidential documents ("HIGHLY CONFIDENTIAL"). In addition, by defining patent prosecution as "competitive decision making," they seek to preclude access of the lower tier of documents ("CONFIDENTIAL") to in-house counsel involved in patent prosecution." Lastly, they seek to exclude Roche's specific in-house counsel, Ms. Nancy Tinsley, from all access because she would be the in-house attorney involved in any settlement negotiations. Such positions violate *U.S. Steel* and its progeny. Moreover, such exclusion denies Roche (and Abbott) its choice of counsel for this case.

All parties on both sides of the issue agree that in-house counsel should provide a statement stating that he/she is not involved in any competitive decision making. The Objecting Defendants seek to impose an additional requirement that in-house counsel – but not outside counsel – state that they are not involved in other activities, *inter alia,* patent prosecution.[1] But the Objecting Defendants provide no justification for the differential treatment of in-house and outside counsel, nor do they provide any reason why such a requirement is warranted under the facts of this case.

The problem with the Objecting Defendants' position become glaringly apparent when the Defendants launch into their baseless objections as to Ms. Nancy Tinsley, the in-house counsel Roche seeks to designate under the Protective Order. The objections levied against Ms. Tinsley make clear that the Objecting Defendants would object to virtually any in-house patent counsel Roche sought to qualify. These arguments disguise the Objecting Defendants' real yet unstated position – namely, the false, improper, and untenable assumption that in-house counsel cannot be trusted to obey the Court's order and the Rules of Professional Conduct.

As such, Roche requests that this Court enter the Protective Order – which has been agreed to by Defendant Abbott – attached as Exhibit A to Roche's Motion.

---

[1] At all times prior to this motion, the Objecting Defendants took the position that in-house counsel would have to state that he/she is not involved in either patent prosecution or management of patent litigation in order to have access to merely "CONFIDENTIAL" documents. In their opposition briefs, the Objecting Defendants apparently back away from that previous position, but continue to assert a more complex and confusing restriction.

2

## II. ARGUMENT

### (A) The Objecting Defendants' Attempt At A Blanket Preclusion Of In-House Counsel's Access To HIGHLY CONFIDENTIAL Material Is Not Supported By The Case Law

The Objecting Defendants seek blanket exclusion of in-house counsel from HIGHLY CONFIDENTIAL information[2], even if the in-house counsel has ***no*** involvement in competitive decision making processes. Their position violates *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), because it decides the issue of access solely on the classification of counsel as in-house counsel as opposed to outside counsel. There is no basis under the case law for such a distinction.

The Objecting Defendants try to justify their limitation on access by noting that the volume of HIGHLY CONFIDENTIAL documents is likely to be small, such that in-house counsel will still have access to the "bulk" of the opposing party's information. According to the Opposing Defendants, the limited exclusion from this "exceptionally sensitive" information is a proper compromise. That is not correct. Roche has no basis to know at this time whether the volume of documents at issue will or will not be "small." Moreover, this compromise fails to address the heart of the issue defined by the Federal Circuit, namely, whether in-house counsel poses an unacceptable risk of inadvertent disclosure if the counsel in question is granted access. *U.S. Steel*, 730 F.2d at 1468.

The Objecting Defendants have not even attempted to provide an explanation as to why the risk of inadvertent disclosure of HIGHLY CONFIDENTIAL information by in-house

---

[2] The Objecting Defendants propose amendments to the definitions of CONFIDENTIAL and HIGHLY CONFIDENTIAL information. In particular, the Objecting Defendants propose: (i) to move the term "financial records" from the CONFIDENTIAL category to the HIGHLY CONFIDENTIAL category, and (ii) to amend the definition of HIGHLY CONFIDENTIAL information to specify types of financial records that fall within that category. Although this is the first time the Objecting Defendants have raised these amendments with Roche, Roche does not object to these amendments. However these amendments do ***not*** change the underlying dispute.

3

counsel is significant if the person in question is not involved in any competitive decision making. Without those facts, the Objecting Defendants cannot justify excluding all in-house counsel from accessing this information. For this reason alone, the Objecting Defendants' proposal must be rejected.

The Objecting Defendants' blanket exclusion of in-house counsel has the effect of denying Roche its choice of counsel. Their argument that in-house counsel should not have access to HIGHLY CONFIDENTIAL material because Roche is represented by outside counsel presupposes a business model in which Roche's in-house counsel is not directly involved. That is not the case. The Roche in-house attorney working on the case, Ms. Tinsley, stated in her declaration that she is one of the trial counsel for this case. D.I. 134, ¶ 7. Six months ago, Ms. Tinsley was a partner in a prominent Indianapolis law firm; six months ago there would not have been any question about her access to information under the Protective Order. Today, she is an employee of Roche, hired to supervise and manage its patent litigation. She has no role in competitive decision making activities.

In reality, Ms. Tinsley is in essentially the same position as outside counsel, but she happens to carry the title of in-house counsel. To deny her access to HIGHLY CONFIDENTIAL material would directly contradict the holding of *U.S. Steel*. It would be the equivalent of denying access to one of Roche's outside counsel. Such result makes no sense in light of the assurances in her declaration explaining in detail that she does not have any competitive decision-making responsibilities for Roche. *Id.* at ¶ 6.

The cases cited by the Objecting Defendants in support of the proposal to preclude in-house counsel from accessing HIGHLY CONFIDENTIAL information are all distinguishable from the facts of this case. In none of those cases did the court decide to exclude in-house

counsel from accessing highly confidential information _solely_ on the grounds asserted by the Objecting Defendants, i.e., that the parties are adequately represented by outside counsel. Instead, some other reason factored into the court's decision in each case. For instance, *Akzo N.V. v. U.S. Int'l Trade Comm'n*, 808 F.2d 1471 (Fed. Cir. 1986) and *A. Hirsch, Inc. v. United States*, 657 F. Supp. 1297 (Ct. Int'l Trade 1987), were both administrative agency cases where "it is the exception rather than the rule to release confidential information to in-house counsel." *Akzo*, 808 F.2d 1483 (internal citation omitted). In addition, in the *Hirsch* case, the court was not convinced that the attorney was adequately isolated from policy making decisions. 657 F. Supp. at 1303-04.

The *Allegheny Ludlum Corp. v. Nippon Steel Corp.*, No. 89-5940, 1990 WL 6152, *1 (E.D. Pa. Jan. 25, 1990) and *Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525 (N.D. Cal. 2000), cases involve modification of an existing, stipulated protective order, which presents "a higher burden on the movant to justify modification of the order." *Allegheny*, 1990 WL 6152, *1. Moreover, the *Allegheny* decision included the fact that in-house counsel did not make adequate representations that measures would be taken to avoid the possibility of inadvertent disclosure of the confidential information. *Id.* at *3. Similarly, in *Intel*, fact that the attorney reported directly to business personnel involved in competitive decision making weighed heavily into the court's decision to exclude in-house counsel. 198 F.R.D. 530-31.

### (B) The Inconsistency In The Objecting Defendants' Access Requirements For In-House Counsel As Compared To Counsel Of Record Is Equally Inappropriate

Recognizing their pre-motion position to be baseless, the Objecting Defendants have moved away from that position vis a' vis CONFIDENTIAL information. That is, the Objecting Defendants have backed off their position that in-house counsel must execute a declaration

5

stating that he or she does not have a role in, *inter alia*, "patent portfolio management (including patent prosecution and litigation), [and] licensing." Instead, the Objecting Defendants now agree to allow in-house counsel access to CONFIDENTIAL documents if in-house counsel executes a declaration stating that he or she does not have a role in competitive decision-making; but what they give with one hand, they take back with the other. The Objecting Defendants now seek to amend the definition of "competitive decision-making" to include patent prosecution.

There is no basis for treating patent prosecution as "competitive decision making." The United States Supreme Court made clear in *Sperry v. Florida*, 373 U.S. 379 (1963), that patent prosecution is the practice of law, and patent prosecutors are just as much lawyers as those who practice in other areas of law. Moreover, the Objecting Defendants have not provided any plausible explanation for imposing such a requirement on in-house counsel when such a requirement is not made of Counsel of Record, and arbitrarily imposing such a distinction violates *U.S. Steel*.

Further, the Objecting Defendants have not explained why this additional requirement is warranted under the facts of this case. The realities of this case are that: (a) the products at issue are all on the market, and (b) the Defendants have all objected to producing any documents and information regarding products that are still in development and not on the market. To the extent Roche wanted to draft patent claims with an eye towards the Defendants' existing products, it can do so without any reviewing any confidential information. It can simply look at (and reverse-engineer) the products on the market. To the extent that Roche wanted to draft patent claims with an eye towards the Defendants' future products, it would need a crystal ball, since the Defendants are not producing documents on those products unless and until such products hit the market.

Still further, the patents-in-suit are involved in a Patent Office reexamination. If the Objecting Defendants' position were accepted, then the in-house counsel responsible for this litigation might arguably be involved in "patent prosecution" and thus precluded from accessing the CONFIDENTIAL documents. Alternatively, the in-house counsel responsible for this litigation would have to be excluded from the reexamination process. Such inconsistency is illogical, and seeks to hamstring Roche in an improper and unacceptable manner. There is no basis for distinguishing between in-house counsel versus outside counsel all working on the reexamination.

The bottom line is that the Objecting Defendants have no basis for requiring this additional limitation on in-house counsel. Roche's proposed Protective Order – which has Abbott's concurrence – provides adequate protection for the parties' confidential and highly confidential information.

### (C) The Objecting Defendants Cannot Properly Preclude Ms. Nancy Tinsley From Accessing Both CONFIDENTIAL And HIGHLY CONFIDENTIAL Materials

Ms. Nancy Tinsley provided a declaration verifying that she met the criteria set forth in *U.S. Steel* and its progeny, thereby justifying her access to CONFIDENTIAL and HIGHLY CONFIDENTIAL information. D.I. 134. Despite this declaration, the Objecting Defendants raise objections that are improper and, quite frankly, insulting to Ms. Tinsley's character.

The first objection attacks her job description, trying too hard to make something out of nothing. Ms. Tinsley's job description is clearly laid out in her declaration. The Defendants object that she is a registered patent attorney, therefore she *could* potentially be involved in patent prosecution decisions, and her declaration is silent on this issue so she should be excluded. This position is based entirely on speculation and innuendo. Her job description is silent on the

issue of patent prosecution because that is not part of her job description, not because she was trying to deceive anyone.

The second objection, that Ms. Tinsley would possibly share Defendants' confidential information with competitive decision makers, is unfounded. Even if Ms. Tinsley does have contact with Roche's decision makers, she is a seasoned trial attorney who understands and would respect the boundaries that need to be maintained when she is given access to the Defendants' confidential information. In addition, by virtue of her entry of an appearance in this case, she is an officer of this court, subject to its jurisdiction and sanctions, and she is bound by the same Code of Professional Responsibility as the other Counsel of Record. Ms. Tinsley is in essentially the same position as outside counsel. If advising Roche on settlement of litigation matters is a form of competitive decision-making, then outside counsel is also involved in competitive decision-making because outside counsel has a responsibility to discuss settlement with the client.

Under the Objecting Defendants' strained reading of their proposed Section 4.2(b), only an in-house attorney with no USPTO registration number and no involvement in patent litigation would qualify. Perhaps Roche's in-house employment attorney would be acceptable to defendants, but such a result is absurd. The Objecting Defendants are using the objections to Ms. Tinsley as a back-door, disingenuous way of getting what they insisted on in the first place, that in-house attorneys sign off on a declaration saying that they are not involved in "patent portfolio management (including patent prosecution and litigation)."

**(D) Nova's Hollow Allegations Of Misuse Of Confidential And Proprietary Information In No Way Supports The Objecting Defendants' Position**

Nova raises the additional argument that Roche cannot be trusted with CONFIDENTIAL and HIGHLY CONFIDENTIAL information as evidenced by Nova's trade secret

8

misappropriation, unfair competition and conversion counterclaims. D.I. 152. However, Nova's allegations are completely unsubstantiated, mere conclusory attorney argument. Despite repeated requests from Roche, Nova has yet to identify with particularity, the confidential, proprietary and/or trade secret information underlying the counterclaims, or how such information was misappropriated or misused. Unless and until Nova can specifically and particularly articulate the factual bases underlying its counterclaims, the Court should not deny Roche's in-house counsel designated under Section 4.2(b) access to CONFIDENTIAL or HIGHLY CONFIDENTIAL information.

### III. CONCLUSION

For at least the foregoing reasons, Roche respectfully requests that the Court enter the Protective Order previously submitted as Exhibit A to Roche's motion, with which Defendant Abbott concurs.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
Patrick G. Gattari
Paula S. Fritsch
Benjamin R. Huber
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Dated: May 2, 2008
862833

By: _____
Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
provner@potteranderson.com

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc., and*
*Corange International Limited*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on May 2, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com
gaza@rlf.com

Mary W. Bourke, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
mbourke@cblh.com

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
500 Delaware Avenue
8th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

**BY HAND DELIVERY AND E-MAIL**

John W. Shaw, Esq.
Jeffrey T. Castellano, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
jcastellano@ycst.com

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
rsmith@mnat.com

I hereby certify that on May 2, 2008 the foregoing document was sent by E-mail to the following non-registered participants:

Edward A. Mas, II, Esq.
Stephen F. Sherry, Esq.
Kirk Vander Leest, Esq.
James M. Hafertepe, Esq.
Merle S. Elliott, Esq.
McAndrews, Held & Malloy, Ltd.
500 West Madison Street
34th Floor
Chicago, IL  60661
emas@mcandrews-ip.com
ssherry@mcandrews-ip.com
kvanderleest@mcandrews-ip.com
jhafertepe@mcandrews-ip.com
melliott@mcandrews-ip.com

Kenneth P. George, Esq.
Joseph M. Casino, Esq.
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY  10016
kgeorge@arelaw.com
jcasino@arelaw.com

Bradford J. Badke, Esq.
Sona De, Esq.
Michael Kahn, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Jim.badke@ropesgray.com
Sona.de@ropesray.com
Michael.kahn@ropesgray.com

Wesley E. Overson, Esq.
Rachel Krevans, Esq.
Jason R. Bartlett, Esq.
Parisa Jorjani, Esq.
Daniel P. Muino, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
woverson@mofo.com
rkrevans@mofo.com
jasonbartlett@mofo.com
pjorjani@mofo.com
dmuino@mofo.com

Michael G. Adams, Esq.
Ashley L. Ellis, Esq.
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com