IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT DIABETES CARE, INCORPORATED, ABBOTT DIABETES CARE SALES CORPORATION, BAYER HEALTHCARE LLC, DIAGNOSTIC DEVICES, INC., LIFESCAN, INCORPORATED, and NOVA BIOMEDICAL CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) C.A. No. 07-753-JJF ) ) ) ) ) ) ) ) ) |

**OPENING BRIEF IN SUPPORT OF DEFENDANT DIAGNOSTIC DEVICES, INC.'S
MOTION TO DISMISS AMENDED COMPLAINT
<u>FOR LACK OF PERSONAL JURISDICTION</u>**

*Of Counsel:*

Michael G. Adams
Ashley L. Ellis
Morgan H. Rogers
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, North Carolina 28202
704-372-9000

Dated: May 5, 2008

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendant Diagnostic Devices, Inc.*

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................1

NATURE AND STAGE OF PROCEEDING ......................................................................1

SUMMARY OF ARGUMENT .............................................................................................1

STATEMENT OF FACTS ....................................................................................................1

ARGUMENT..........................................................................................................................2

    I.    PLAINTIFFS CANNOT ESTABLISH PERSONAL JURISDICTION OVER DDI UNDER DELAWARE'S LONG ARM STATUTE........................3

    II.    THE COURT'S EXERCISE OF PERSONAL JURISDICTION OVER DDI WOULD NOT COMPORT WITH DUE PROCESS ..................................4

        A.    This Court does not have specific personal jurisdiction over DDI because DDI does not have sufficient contacts with Delaware and the claims for relief do not arise out of or relate to DDI contacts with Delaware ..............................................................................................5

            1.    There is no evidence that DDI has *any* contacts or activities in Delaware, and, therefore, this action cannot arise out of DDI's contacts with the forum.....................................5

            2.    DDI is not subject to personal jurisdiction under a "stream of commerce" theory of specific jurisdiction ....................6

        B.    Plaintiffs have not alleged, nor can they establish, general jurisdiction over DDI ..................................................................................................8

CONCLUSION....................................................................................................................10

## **TABLE OF CITATIONS**

### **FEDERAL CASES**

*Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F.Supp. 1458 (D. Del. 1991) .......................... 4

*Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102 (1987) .......................... 2

*Bell Helicopter Textron, Inc. v. C&C Helicopter Sales, Inc.*, 295 F.Supp.2d 400 (D. Del. 2002) .......................... 2, 3, 4, 6

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994) .......................... 6, 7

*BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254 (3d Cir. 2000) .......................... 9

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174 (1985) .......................... 2, 5

*Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 293 F.Supp.2d 423 (D. Del. 2003) .......................... 3

*Farmer Boys' Catfish Kitchens, Int'l, Inc. v. Golden West Wholesale Meats, Inc.*, 18 F.Supp.2d 656 (E.D.Tx. 1998) .......................... 5

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 498, 104 S.Ct. 1868 (1984) .......................... 8, 9

*Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002) .......................... 6

*Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, 62 Fed.Appx. 322 (Fed. Cir. 2003) .......................... 6, 8, 9

*Intel Corp. v. Silicon Storage Tech., Inc.*, 20 F.Supp. 690 (D. Del. 1998) .......................... 3

*Keeton v. Hustler Magazine*, 465 U.S. 770, 104 S.Ct. 1473 (1984) .......................... 8

*North American Phillips Corp. v. American Vending Sale, Inc.*, 35 F.3d 1576 (Fed. Cir. 1994) .......................... 6

*Provident Nat'l Bank v. Cal. Fed. Savings & Loan Assoc.*, 819 F.2d 434 (3d Cir. 1987) .......................... 2

*Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355 (Fed. Cir. 1998) .......................... 8, 9

*U.S. v. Consol. Rail Corp.*, 674 F.Supp. 138 (D. Del. 1987) .......................... 8

*Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424 (Fed. Cir. 1996) ..........................6

*World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559 (1980) ....................7

## STATUTES

10 Del. Code §3104(c) ...................................................................................................................3

10 Del. Code §3104(c)(1) ..............................................................................................................3

10 Del. Code §3104(c)(2) ..............................................................................................................3

10 Del. Code §3104(c)(3) ..............................................................................................................3

10 Del. Code §3104(c)(4) ..............................................................................................................4

10 Del. Code §3104(c)(5) ..............................................................................................................3

10 Del. Code §3104(c)(6) ..............................................................................................................3

## INTRODUCTION

Diagnostic Devices, Inc.'s ("DDI") motion to dismiss for lack of personal jurisdiction should be granted because DDI does not have sufficient minimum contacts with Delaware.

## NATURE AND STAGE OF PROCEEDING

Plaintiffs filed the Complaint on November 21, 2007 (D.I. 1) and an Amended Complaint on April 15, 2008 (D.I. 142). DDI has moved to dismiss for lack of personal jurisdiction.

## SUMMARY OF ARGUMENT

DDI is a North Carolina Corporation and has no relationship with or to Delaware. It has not made, sold, or offered for sale the allegedly infringing devices in Delaware, and has not otherwise performed any acts covered by Delaware's long-arm statute. DDI is not subject to specific jurisdiction because DDI does not have significant contacts with Delaware and has not purposefully directed any business activities toward Delaware. DDI does not have the systematic and continuous business contacts with Delaware necessary to justify general jurisdiction. Therefore, DDI is not subject to personal jurisdiction in Delaware.

## STATEMENT OF FACTS

DDI is a North Carolina corporation with its principal place of business in Charlotte, North Carolina. (*See* D.I. 45; Admani Affidavit, ¶3) DDI sells blood glucose meters under the trade name Prodigy® to distributors, which in turn sell the meters to patients with diabetes. (Admani Affidavit, ¶3) DDI has never sold products to any individual or distributor in Delaware. (Admani Affidavit, ¶5) DDI has never had employees in Delaware, has never shipped products to Delaware, has no offices in Delaware, is not licensed to do business in Delaware, and does not advertise in Delaware. (Admani Affidavit, ¶¶4, 6, 8, 9, 14)

Plaintiffs allege that DDI Prodigy® Advance line of blood meter and test strip products infringe plaintiffs' patents. (D.I. 142, ¶29) Plaintiffs allege personal jurisdiction over DDI "on

information and belief" and contend that "DDI has committed acts of patent infringement in the United States, such acts including the sale and offer for sale, directly and/or indirectly, of infringing devices within Delaware, including the establishment of distribution channels that sell DDI's infringing devices to Delaware residents, such that it has purposefully availed itself of the privilege of conducting activities within the District." (D.I. 142, ¶13) Plaintiffs have not provided any evidence to support this allegation.

In fact, in addition to the lack of contacts outlined above, DDI has never entered into any contracts in Delaware. (Admani Affidavit, ¶¶5-6, 12) DDI does not service any warranties in Delaware. (Admani Affidavit, ¶¶7-8) It is not part of DDI's business plan to solicit business from customers living in Delaware. (Admani Affidavit, ¶10) DDI does not maintain any property, facilities, or bank accounts in Delaware. (Admani Affidavit, ¶¶13-15) DDI does not have an agent for service of process in Delaware and has never been licensed to do business in Delaware. (Admani Affidavit, ¶¶9, 11) DDI executives have not traveled to Delaware in the last ten years for any business purpose. (Admani Affidavit, ¶16) DDI has no minimum contacts with Delaware and accordingly is not subject to personal jurisdiction in Delaware.

## ARGUMENT

"Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing with reasonable particularity that sufficient minimum contacts have occurred between the defendant and the forum state to support jurisdiction." *Bell Helicopter Textron, Inc. v. C&C Helicopter Sales, Inc.*, 295 F.Supp.2d 400, 403 (D. Del. 2002) (citing *Provident Nat'l Bank v. Cal. Fed. Savings & Loan Assoc.*, 819 F.2d 434, 437 (3d Cir. 1987)). These minimum contacts must be based on "'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its

laws.'" *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 109, 107 S.Ct. 1026, 1030 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183 (1985)). The court may not exercise personal jurisdiction unless jurisdiction is consistent with both the Delaware long-arm statute and the constitutional requirements of due process. *Bell Helicopter Textron, Inc. v. C&C Helicopter Sales, Inc.*, 295 F.Supp.2d 400, 404 (D. Del. 2002).

### I.   PLAINTIFFS CANNOT ESTABLISH PERSONAL JURISDICTION OVER DDI UNDER DELAWARE'S LONG ARM STATUTE.

Plaintiffs have not adequately alleged any conduct which would satisfy the requirements of the Delaware long-arm statute. *See* 10 Del. Code §3104(c). DDI is not subject to long-arm jurisdiction under 10 Del. Code §3104(c)(2), (5), or (6) because DDI has not contracted in Delaware, nor does it use, possess, or have an interest in real property in Delaware. (Admani Affidavit, ¶¶12-14, 18) DDI is also not subject to long-arm jurisdiction under 10 Del. Code § 3104(c)(1), (3), or (4).

DDI has not transacted any business in Delaware, so 10 Del. C. §3104(c)(1) cannot apply. In *Intel Corp. v. Silicon Storage Tech., Inc.*, this Court held that the defendant was not transacting business in Delaware when the defendant did not sell its product in Delaware, did not direct advertisements to residents of Delaware, and did not have a general business plan to solicit business in Delaware. 20 F.Supp. 690, 695-97 (D. Del. 1998). Similarly, in this case, DDI has not sold products in Delaware, has not advertised in Delaware, and soliciting business from or shipping products into Delaware is not part of DDI's business plan. (Admani Affidavit, ¶¶5, 10) Accordingly, as in *Intel*, DDI is not "transacting business" in Delaware for the purposes of §3104(c)(1).

DDI is not subject to long-arm jurisdiction under 10 Del. Code §3104(c)(3) because DDI has not caused tortious injury in Delaware. In *Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, this Court held that a defendant who did not transact business in Delaware

{00214270;v1}    - 3 -

could not injure a patentee located in Delaware because: (1) the defendant did not sell the allegedly infringing product in Delaware; and (2) the defendant was not present in Delaware, either directly or through its agents. 293 F.Supp.2d 423, 429 (D. Del. 2003). Therefore, this subsection does not confer jurisdiction over DDI because DDI does not transact business in Delaware, does not sell products in Delaware, and is not present in Delaware, either directly or through its agents.

Finally, plaintiffs cannot establish long-arm jurisdiction over DDI pursuant to 10 Del. Code §3104(c)(4). This subsection requires: (1) "that the defendant or its agent is generally present in the State"; and (2) that "the defendant or its agent 'regularly does or solicits business, engages in any persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in this State.'" *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F.Supp. 1458, 1469 (D. Del. 1991). Plaintiffs cannot satisfy these requirements. In *Applied Biosystems*, this Court held that this long-arm subsection – and all other long-arm subsections – did not apply even though the defendant was incorporated in Delaware, mailed samples of the allegedly infringing product to Delaware, conducted a meeting in Delaware, and obtained financing from Delaware sources. *Id.* at 1466-69. Because the long-arm statute was held not to apply to the defendant in *Applied Biosystems*, it certainly does not apply to DDI, which has no contacts with Delaware.

## II. THE COURT'S EXERCISE OF PERSONAL JURISDICTION OVER DDI WOULD NOT COMPORT WITH DUE PROCESS.

In order to satisfy constitutional due process requirements, plaintiffs must prove that the cause of action arises out of or relates to DDI's substantial contacts with Delaware (specific jurisdiction) or that DDI has continuous and systematic contacts with Delaware (general jurisdiction). *See Bell Helicopter*, 295 F. Supp.2d at 403. Plaintiffs cannot establish personal jurisdiction under either test.

### A. This Court does not have specific personal jurisdiction over DDI because DDI does not have sufficient contacts with Delaware and the claims for relief do not arise out of or relate to DDI contacts with Delaware.

As noted, plaintiffs fail to provide any evidence of their broad and conclusory allegation, "on information and belief" that DDI has sold (or offered for sale) infringing devices in Delaware. In order to meet their burden of proof to establish specific jurisdiction, plaintiffs must establish that the action arises out of defendant's contacts with the forum and must present specific evidence that:

- Defendant "purposefully directed its activities at residents of the forum" to create a "substantial connection" with the forum;
- The litigation results from alleged injuries that arise out of or relate to those activities; and,
- "The assertion of personal jurisdiction would comport with fair play and substantial justice."

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 475, 477, 105 S.Ct. 2174, 2182, 2184 (1985). A party cannot rely on innuendo in a complaint to establish minimum contacts—instead, it must show specific facts admissible into evidence. *See Farmer Boys' Catfish Kitchens, Int'l, Inc. v. Golden West Wholesale Meats, Inc.*, 18 F.Supp.2d 656, 661-62 (E.D.Tx. 1998) (rejecting uncorroborated conclusory statements and hearsay). Since this is a pure patent infringement case, plaintiffs must establish that DDI has contacts with Delaware, and that it is from those contacts that its allegations of patent infringement (*i.e.*, making, using, offering to sell, or selling a patented invention) arise.

### 1. There is no evidence that DDI has *any* contacts or activities in Delaware, and, therefore, this action cannot arise out of DDI's contacts with the forum.

In fact, all competent evidence is to the contrary. DDI does not make its products in Delaware, does not conduct business in Delaware, does not sell its products in Delaware, and does not offer to sell its products in Delaware. (Admani Aff., ¶¶5, 8, 10) DDI has not purposefully directed any action

towards Delaware. (Admani Aff., ¶18) Accordingly, DDI's contact with the forum (which is none) cannot amount to patent infringement in Delaware – the only claim asserted by plaintiffs. In *Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, an athletic shoe patentee brought an infringement action against, among others, Costco Wholesale Corporation, a seller of the allegedly infringing product. 62 Fed.Appx. 322, 323 (Fed. Cir. 2003).[1] The Federal Circuit Court of Appeals dismissed the action against the seller for lack of personal jurisdiction on facts similar to the instant case. *Id.* at 338. There, the plaintiff could not satisfy the "arising out of" prong of the three-prong *Burger King* test because the defendant seller never sold the alleged infringing shoes to customers *in the forum*. *Id.* at 336-37. Thus, the plaintiff could not establish specific jurisdiction. *Id.*

Since DDI does not have *any* contacts with Delaware, plaintiffs cannot establish specific jurisdiction under the due process requirements of the Constitution. Due process requires that a defendant have certain minimum contacts with the forum state in order for the Court's exercise of personal jurisdiction not to offend traditional notions of fair play and substantial justice. *Bell Helicopter*, 295 F. Supp.2d at 406. Jurisdiction over DDI would offend traditional notions of fair play and substantial justice.

2. **DDI is not subject to personal jurisdiction under a "stream of commerce" theory of specific jurisdiction.** Personal jurisdiction under the "stream of commerce" theory requires *at a minimum*: (a) proving infringing products are present in the forum state; and (b) evidence of intentional conduct on the part of the defendant that resulted in the products being found in the forum. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994); *North American Phillips Corp. v. American Vending Sale, Inc.*, 35 F.3d

---

[1] Since this is an alleged patent infringement case, federal circuit law controls the determination of personal jurisdiction. *Hildebrand v. Steck Mfg. Co.*, 279 F.3d 135, 1354 (Fed. Cir. 2002).

1576 (Fed. Cir. 1994); *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424 (Fed. Cir. 1996). Here, there is no factual allegation in the Complaint or evidence of record that any infringing product has ever been sold in Delaware, and there is no allegation in the complaint or evidence of record that DDI engaged in conduct intended to place its devices in Delaware. In *World-Wide Volkswagen v. Woodson,* the Supreme Court held that the presence of the defendant's products in the forum alone was constitutionally insufficient to establish personal jurisdiction. 444 U.S. 286, 295, 100 S.Ct. 559, 566 (1980). The case at hand is even further short of meeting constitutional requirements than *World-Wide Volkswagon* because here there is *no* evidence that the product has ever been present in the forum.

However, even if there were such evidence, that would not create personal jurisdiction. *World-Wide Volkswagon* held that the unilateral act of any person who might have brought DDI's products to Delaware is not sufficient to create jurisdiction even if it was foreseeable that the products might find their way to the forum. *Id.* at 295, 100 S.Ct. at 566. In deciding that the Volkswagon dealer from New York was not subject to personal jurisdiction in Oklahoma where the accident occurred, the Court held that the purchaser's driving the car to Oklahoma could not create jurisdiction: "[T]he mere 'unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." *Id.* at 298, 100 S.Ct. at 567.

In *Beverly Hills Fan*, the Federal Circuit Court of Appeals found that there was sufficient evidence to find personal jurisdiction because there was evidence of intentional conduct to place the products into the jurisdiction: (1) the defendant purposefully shipped and sold, through intermediaries, the allegedly infringing product into the forum; and (2) there were at least 52 infringing products present in the forum. 21 F.3d 1558 (Fed. Cir. 1994). There is no such evidence in the present case.

DDI does not sell any of its products, including the allegedly infringing product, in Delaware. (Admani Affidavit, ¶5) Additionally, DDI does not have any officers, agent, or assets in Delaware, does not advertise in Delaware, and does not maintain a website through which its products could be sold to Delaware residents. (Admani Affidavit, ¶4, 8, 17) Because there is not evidence to support a "steam of commerce" theory, there can be no specific jurisdiction over DDI.

### B. Plaintiffs have not alleged, nor can they establish, general jurisdiction over DDI.

General jurisdiction exists only where the defendant has carried on "continuous and systematic" business activities in the forum state. *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16, 104 S.Ct. 1868, 1872-73 (1984)). The threshold level of minimum contacts sufficient to confer general jurisdiction "requires a higher level of activity than the exercise of specific jurisdiction." *U.S. v. Consol. Rail Corp.*, 674 F.Supp. 138, 145 (D. Del. 1987) (citing *Keeton v. Hustler Magazine*, 465 U.S. 770, 779, 104 S.Ct. 1473, 1480 (1984)). DDI does not have any contacts with, nor does it maintain, a relationship of permanence and continuity with Delaware.

Plaintiffs cannot establish general jurisdiction over DDI because DDI does not have any "continuous and systematic" activities within Delaware. In *Hockerson-Halberstadt*, the Federal Circuit Court of Appeals held that the plaintiff could not establish general jurisdiction over a patent infringement defendant that had more contacts with the forum than DDI. 62 Fed.Appx. 322 (Fed. Cir. 2003). There, the seller of the allegedly infringing product also never operated any warehouse locations in the forum state, had no bank accounts, property, offices, inventory, sales records, agents or employees in the forum state, and was not registered to do business in the forum state. *Id.* at 337. The defendant's only activities in the forum state were its online sales totaling $32,252.32. *Id.* The Federal Circuit Court of Appeals held that these contacts were not

sufficiently "continuous and systemic" to permit a finding of general jurisdiction. *Id.* The court also held that jurisdiction based on the defendant's online sales would offend fair play and substantial justice by "render[ing] established jurisdictional boundaries meaningless." *Id.* at 338. DDI has not even made sales in Delaware so it is not subject to general jurisdiction.

Courts have repeatedly held that sporadic and limited contacts with the forum are not sufficient to establish general jurisdiction. *See BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254 (3d Cir. 2000); *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998) ("'Random,' fortuitous,' or 'attenuated' contacts do not count in the minimum contacts calculus."). In *Helicopteros Nacionales de Columbia S.A. v. Hall*, the defendant moved to dismiss a wrongful death claim arising out of a helicopter crash in Peru, arguing it did not have sufficient contacts with the forum state of Texas. 466 U.S. 408, 104 S.Ct. 1868 (1984). There, the defendant purchased helicopters, equipment and training services from Texas. *Id.* at 411, 104 S.Ct. at 1870. In addition, the defendant's maintenance staff, pilots and management traveled to Texas for training and the defendant's chief executive officer once flew to Texas to negotiate a helicopter transport contract. *Id.* The United States Supreme Court held that the mere purchase of the helicopters in the State of Texas, along with the additional contacts, did not create general jurisdiction and were insufficient to comport with due process. *Id.* at 416, 104 S.Ct. at 1873. DDI has even fewer contacts with the forum (none) than the *Helicopteros* defendant. Thus, assertion of general jurisdiction over DDI would violate due process requirements.

As in the cases cited above, plaintiffs cannot show DDI has "continuous and systematic" contacts with Delaware. Accordingly, plaintiffs cannot justify the assertion of general personal jurisdiction.

## **CONCLUSION**

For the foregoing reasons, DDI respectfully requests that this Court dismiss the plaintiffs' Complaint against DDI for lack of personal jurisdiction.

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendant Diagnostic Devices, Inc.*

*Of Counsel:*

Michael G. Adams
Ashley L. Ellis
Morgan H. Rogers
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, North Carolina 28202
704-372-9000

Dated: May 5, 2008