IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC. and CORANGE INTERNATIONAL LIMITED, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | C.A. No. 07-753-JJF |
| ABBOTT DIABETES CARE INC., ABBOTT DIABETES CARE SALES CORPORATION, BAYER HEALTHCARE, LLC, DIAGNOSTIC DEVICES, INC., LIFESCAN, INC., and NOVA BIOMEDICAL CORPORATION, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DECLARATION OF ANNE SHEA GAZA IN SUPPORT OF
ABBOTT'S RESPONSE TO THE ANSWERING BRIEF OF
DEFENDANTS BAYER HEALTHCARE, LLC, LIFESCAN, INC. AND NOVA
BIOMEDICAL COPRPORATION IN OPPOSITION TO
PLAINTIFFS' MOTION FOR ENTRY OF A PROTECTIVE ORDER**

I, Anne Shea Gaza, of full age, hereby declare as follows:

1. I am Counsel at Richards, Layton & Finger, which represents Defendants Abbott Diabetes Care, Inc. and Abbott Diabetes Care Sales Corp. (collectively "Abbott") in this action. I make this Declaration in support of Abbott's Response To The Answering Brief of Defendants Bayer Healthcare, LLC, Lifescan, Inc. and Nova Biomedical Corporation in Opposition to Plaintiffs' Motion for Entry of a Protective Order (D.I. 151).

2. Attached hereto as Abbott Exhibit 1 is a true and correct copy of an Order Granting The Motion of Abbott Laboratories To Permit Access To Confidential Documents on the Same Basis As Outside Counsel entered in Case No. C04-2123 (and related Case Nos. C04-3732 and C04-3327) (N.D. Cal.).

3.    Attached hereto as Abbott Exhibit 3 is a true and correct copy of a Protective Order

entered in *Abbott Diabetes Care, Inc. v. Roche Diagnostics Operations, Inc., and Bayer*

*Healthcare, LLC,* Case No. 05-3117 (N.D. Cal).

I hereby declare under penalty of perjury that all the statements made by me herein are

true and correct.

Dated:  May 5, 2008

*Anne Shea Gaza*

Anne Shea Gaza (#4093)

2

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2008, I caused to be served by electronic service and hand

delivery the foregoing document and electronically filed the same with the Clerk of Court using

CM/ECF which will send notification of such filing(s) to the following:

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951

Mary W. Bourke
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899-1347

John W. Shaw
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801

Rodger D. Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Steven J. Balick
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, DE   19899

I hereby certify that on May 5, 2008, the foregoing document was sent via electronic mail

to the following non-registered participants:

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert
  & Berghoff LLP
300 South Wacker Drive
Chicago, IL  60606

Ashley L. Ellis
Michael G. Adams
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202

Wesley E. Overson
Rachel Krevans
Parisa Jorjani
Daniel P. Muino
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105-2482

Joseph M. Casino
Kenneth P. George
Amster, Rothstein & Ebenstein, LLP
90 Park Avenue
New York, NY   10016

Bradford J. Badke
Sona De
Michael Kahn
Ropes & Gray
1211 Avenue of the Americas
New York, NY 10036-8704

Anne Shea Gaza (#4093)
gaza@rlf.com

# EXHIBIT 1

1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9

10  THERASENSE, INC., and ABBOTT)
    LABORATORIES,               )
11                             )         No. C04-2123 MJJ (BZ)
              Plaintiff(s),    )
12                             )        **ORDER GRANTING THE MOTION OF**
         v.                    )        **ABBOTT LABORATORIES TO**
13                             )        **PERMIT IN-HOUSE COUNSEL**
    BECTON, DICKINSON AND CO., )        **ACCESS TO CONFIDENTIAL**
14                             )        **DOCUMENTS ON THE SAME BASIS**
              Defendant(s).    )        **AS OUTSIDE COUNSEL**
15  _____)
    THERASENSE, INC., and ABBOTT)
16  LABORATORIES               )         No. C04-3732 MJJ (BZ)
                               )
17            Plaintiff(s),    )
                               )
18       v.                    )
                               )
19  NOVA BIOMEDICAL CORPORATION,)
                               )
20            Defendant(s).    )
    _____)
21  BECTON DICKINSON & CO.,    )         No. C04-3327 MJJ (BZ)
                               )
22            Plaintiff(s),    )
                               )
23       v.                    )
                               )
24  THERASENSE, INC.,          )
                               )
25            Defendant(s).    )
    _____)
26

27       Now before me is the motion of Abbot Laboratories to

28  permit in-house counsel access to confidential documents on

                                1

1　the same basis as outside counsel. Although the parties have

2　agreed on the general terms of a protective order, they

3　disagree about whether in-house counsel should be granted

4　access to information designated confidential or highly

5　confidential. Abbott Laboratories contends that two of its

6　in-house attorneys, Karen L. Hale and Jose E. Rivera, should

7　have access to confidential and highly information on the same

8　basis as outside counsel. Defendants Nova Biomedical

9　Corporation and Becton, Dickinson and Company argue that Hale

10　and Rivera should be denied such access because they

11　"participate in and influence competitive decisions."

12　　　　Having reviewed the parties' papers and the supporting

13　declarations, the Court is satisfied that neither Karen L.

14　Hale nor Jose E. Rivera are involved in competitive

15　decisionmaking for Abbott Laboratories. See Brown Bag

16　Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir.

17　1992); U.S. Steel Corp. v. United States, 730 F.2d 1465, 1468

18　(Fed. Cir. 1984); Amgen, Inc. v. Elanex Pharmaceuticals, 160

19　F.R.D. 134, 139 (W.D. Wash. 1994); Carpenter Tech. Corp. v.

20　Armco, Inc., 132 F.R.D. 24 (E.D. Pa. 1990). Both Hale and

21　Rivera have filed declarations in which they state that they

22　are not involved in competitive decisionmaking for Abbott

23　Laboratories; that they have no involvement in product

24　pricing, sales, marketing, production, research, or

25　development; that they do not prosecute patents; and that they

26　agree not to assume any role in product design or prosecution

27　of patents related to blood glucose testing during the course

28　of the litigation and for three years after the conclusion of

2

1  this case. See Supplemental Declaration of Karen L. Hale

2  ("Hale Supp. Decl.") ¶¶ 1-2, 4; Supplemental Declaration of

3  Jose E. Rivera ("Rivera Supp. Decl.") ¶¶ 1-2, 4.  Hale and

4  Rivera have been granted access to confidential information

5  pursuant to protective orders in the past, and have complied

6  with the terms of such orders. See Hale Supp. Decl. ¶ 16;

7  Rivera Supp. Decl. ¶ 9.  They also agree to abide by the terms

8  of the protective order in this case, and to store any

9  confidential information in a secure facility in the

10 litigation department or on a password protected server.  Hale

11 Supp. Decl. ¶¶ 17-18; Rivera Supp. Decl. ¶¶ 10-11.  By

12 contrast, defendants have presented no evidence to demonstrate

13 that a significant risk of inadvertent disclosure will exist

14 if Hale and Rivera are permitted access to confidential

15 information.  I therefore find that allowing Hale and Rivera

16 access to confidential information will not result in an

17 unacceptable risk of inadvertent disclosure. See Matsushita

18 Elec. Indus. Co., Ltd. v. United States, 929 F.2d 1577, 1580

19 (Fed. Cir. 1991) (citing U.S. Steel, 730 F.2d at 1468).

20      Hale and Rivera advise Abbott Laboratories regarding

21 litigation decisions in this case, and Hale in particular

22 spends a significant portion of her time on work on this

23 lawsuit. See Decl. of Karen L. Hale Regarding Protective

24 Order ("Hale Decl.") ¶ 3; Hale Supp. Decl. ¶ 10-11; Decl. of

25 Jose E. Rivera Regarding Protective Order ("Rivera Decl.") ¶

26 5; Rivera Supp. Decl. ¶ 7-8.  There also appears to be no

27 dispute that in-house counsel at Abbott Laboratories

28 ordinarily involve themselves in litigation, including

3

1  regularly attending depositions and hearings, and drafting or
2  reviewing substantive pleadings and discovery responses.  See
3  id.  Indeed, counsel have attested that they intend to file
4  pro hac vice applications in this case and attend hearings,
5  depositions, and the trial, as well as review all pleadings,
6  expert reports, and other correspondence.  See Hale Supp.
7  Decl. ¶ 12; Rivera Supp. Decl. ¶ 8.  Abbott Laboratories would
8  therefore suffer prejudice if Hale and Rivera are denied
9  access to confidential documents.  This is especially true
10  given that defendants represented to the Court at a telephonic
11  discovery conference on this matter that all or most of
12  documents that they had produced had been marked confidential
13  or highly confidential.  The Court is satisfied that limiting
14  access to confidential information to Hale and Rivera strikes
15  the proper balance between protecting against the risk of
16  inadvertent disclosure and allowing the parties to effectively
17  litigate their case.  See Brown Bag Software v. Symantec
18  Corp., 960 F.2d 1465, 1470 (9th Cir. 1992).

19      **IT IS THEREFORE ORDERED** that Abbot Laboratories' motion
20  is **GRANTED**, and Karen L. Hale and Jose E. Rivera shall have
21  access to information designated confidential or highly
22  confidential on condition that they sign the protective order
23  in this case and abide by the restrictions on their work they
24  have agreed to assume in their declarations.

25  Dated: August 11, 2005

26                          Bernard Zimmerman
27                          United States Magistrate Judge

28  G:\BZALL\-REFS\THERASENSE\CONFIDENTIAL2.ORD.wpd

4

# EXHIBIT 2

1

2

3

4

5

6

7

8

9 **UNITED STATES DISTRICT COURT**

10 **NORTHERN DISTRICT OF CALIFORNIA**

11 | ABBOTT DIABETES CARE INC. and | CASE NO. C05-3117 MJJ
ABBOTT LABORATORIES,

12 | | **PROTECTIVE ORDER**

13 | Plaintiffs, | GRANTED

14 | vs.

15 | ROCHE DIAGNOSTICS CORPORATION
and BAYER HEALTHCARE LLC

16 |

17 | Defendant.

18

19

20

21

22

23

24

25

26

27

28

1            Pursuant to Fed. R. Civ. P. 26(c), by agreement of Abbott Diabetes Care Inc.

2 ("ADC"), Abbott Laboratories ("Abbott") (collectively, "Plaintiffs"), and Defendants Roche

3 Diagnostics Corporation ("RDC"), Roche Diagnostics Operations, Inc. ("RDOI"), and Bayer

4 Healthcare LLC ("Bayer") (hereinafter individually referred to as a "party" or collectively as "the

5 parties"), the Court finds that good cause exists for entry of a protective order to prevent

6 unauthorized disclosure and use of the parties' trade secrets and other confidential information

7 during and after the course of this litigation. Accordingly, IT IS HEREBY ORDERED THAT:

8          1.      This Stipulation and Order governs the treatment of documents, transcripts of and

9 exhibits to depositions, interrogatory answers, responses to requests for admissions,

10 correspondence, and other written, recorded, or graphic material, including all copies, excerpts,

11 abstracts, or summaries thereof, and any physical objects or other items or any other information

12 gained by inspection of any tangible thing, including data or code stored in electronic form

13 (collectively, "Material"), produced, filed with the Court, served by, or obtained from any party

14 or non-party to this action (collectively, "Person(s)").

15          2.      Any Person shall have the right, before disclosure to other parties, to designate as

16 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any Material it produces or provides that

17 constitutes, reflects or discloses its trade secrets or other confidential research, development, or

18 commercial information within the scope of Rule 26(c)(7) of the Federal Rules of Civil

19 Procedure, subject to the further limitations enumerated in this Protective Order.

20 **A.**      **Definitions**

21          3.      The terms "Confidential Information" and "Highly Confidential Information" shall

22 include all information, documents and other materials revealed or disclosed during the

23 proceedings and trial of the above matter that are designated as "Confidential Information" or

24 "Highly Confidential" as set forth in the next two paragraphs.

25          4.      "Confidential Information" shall mean material that a party claims in good faith

26 contains or discloses information relating to, referencing or pertaining to trade secrets or other

27 confidential research, development or commercial information that is properly subject to

28

---

1   protection under Federal Rule of Civil Procedure 26(c), including but not limited to any party's

2   technical information relating to blood glucose test strips and monitoring devices, and methods of

3   producing the same. These documents include, but are not limited to, non-public experiments,

4   technical documents, lab notebooks, financial records, market information, and marketing

5   material. Counsel shall not designate any discovery material "CONFIDENTIAL" without first

6   making a good faith determination that such protection is warranted.

7        5.     "Highly Confidential Information" shall mean discovery materials that qualify as

8   "Confidential Information" pursuant to the definition in paragraph A. 4. above, AND that are of

9   such sensitivity that a party reasonably believes that their disclosure to the adversary could harm

10  its business, such as customer, licensee, supplier and vendor information, financial or marketing

11  information (including past information indicative of current practices), business plans or

12  competitive strategies, information relating to research, development, chemical composition,

13  testing, and manufacturing, or software algorithms, or information relating to pending or

14  abandoned patent applications which have not been made available to the public. These

15  documents include, but are not limited to, "future" documents such as unfiled patents, developing

16  technologies, and marketing and business plans and "current" company documents such as

17  current pricing and financial information, current marketing plans, current research and

18  development, and current customer, distributor, licensee, supplier, and vendor information.

19  Counsel shall not designate any discovery material "HIGHLY CONFIDENTIAL" without first

20  making a good faith determination that such protection is warranted.

21  **B.    Designation of Confidential Information**

22       6.     If an exhibit, pleading, interrogatory answer or admission (collectively "discovery

23  response"), document or thing (collectively "document or thing") or a deposition transcript, other

24  transcript of testimony or declaration or affidavit (collectively "testimony") contains information

25  determined in good faith to be confidential by a Person, such exhibit, pleading, discovery

26  response, document or thing, or testimony shall be designated "Confidential" or "Highly

27  Confidential" by the Person contending there is confidential information therein. If an exhibit,

28

1  pleading, discovery response, document or thing, testimony or other court submission contains

2  information designated by a Person as "Confidential" or "Highly Confidential," the words

3  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be affixed thereto before production

4  or service.

5         7.     A Person may designate information disclosed during a deposition or other

6  testimony as "Confidential" or "Highly Confidential," either by (a) designating on the record that

7  all or specific portions of the deposition transcript, and the information contained therein, is to be

8  treated as "Confidential" or "Highly Confidential"; or (b) designating in writing, within thirty

9  (30) days after receipt of the testimony, specific portions of the testimony that should be so

10  designated. Unless otherwise agreed on the record of the deposition or other testimony, all

11  transcripts shall be treated as "Highly Confidential" for a period of thirty (30) days after their

12  receipt, and the transcript shall not be disclosed by a non-designating party to persons other than

13  those persons named or approved according to paragraph 11 to review documents or information

14  designated "Highly Confidential" on behalf of that non-designating party. For such time as any

15  information or documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are

16  disclosed in a deposition or Court proceeding, the Person whose information or documents are to

17  be disclosed shall have the right to exclude from attendance at the deposition or Court proceeding

18  any person who is not entitled to receive such information or documents pursuant to this Order.

19         8.     All documents, or any portion thereof, produced for inspection only (i.e., copies

20  have not yet been provided to the receiving party) shall be deemed "Highly Confidential." If a

21  copy of any such document is requested after inspection, the document shall only be deemed

22  "Confidential" or "Highly Confidential" if labeled or marked in conformity with this Protective

23  Order.

24  **C.**      **Use of Confidential Information**

25         9.     Except upon the prior written consent of the designating Person, or upon further

26  Order of this Court, Confidential Information or Highly Confidential Information shall be treated

27  strictly in accordance with the provisions of this Protective Order and may be used or disclosed

28

only as specified in this Protective Order. Further, where required in paragraphs 10 and 11 below, no Confidential Information or Highly Confidential Information shall be disclosed to any person until he/she has signed a copy of the Non-Disclosure and Confidentiality Agreement, which is attached as Exhibit A to this Protective Order.

10. Access to information marked CONFIDENTIAL shall be limited to:

(a) Outside counsel for the respective parties to this litigation, including persons working in secretarial, clerical and paralegal capacities who are providing assistance to outside counsel.

(b) The following ADC and Abbott in-house counsel: Karen L. Hale (Division Counsel, Intellectual Property Litigation), Nicholas Poulos (Divisional Vice President and Section Head, Intellectual Property Litigation), and José Rivera, (Divisional Vice President and Associate General Counsel, Intellectual Property Litigation), and clerical staff assisting said individuals in the prosecution or defense of this action following the production of declaration establishing that Ms. Hale, Mr. Poulos, and Mr. Rivera are not involved in competitive decision-making for blood glucose products. ADC or Abbott may, as necessary, request the substitution or addition of and RDC, RDOI, and Bayer may request the addition of other lawyers who are not involved in competitive decision-making for blood glucose products, and consent will not unreasonably be withheld following the production of a declaration establishing that the lawyer is not involved in competitive decision-making for blood glucose products. For purposes of this Order, "competitive decision-making" does not include advice that in-house counsel provides to his or her client regarding designing around a patent.

(c) Witnesses in any deposition or other proceedings of this litigation who (i) at the time of such proceeding, are current employees of the producing Person, (ii) are the author or recipient of the information marked Confidential, or (iii) based on evidence, are reasonably believed to have had access to the "Confidential" information in the past. Notwithstanding the foregoing, the questioning attorney may show the document to a witness who is a former employee of the producing Person but who is not employed or retained by the party opposed to

1    the producing Person at the time of the examination, solely for the purpose of asking the witness

2    preliminary questions to determine authorship, receipt, or access to the information marked

3    "Confidential." If the witness testifies that he or she did not author, receive, or have access to the

4    information marked "Confidential," the information marked "Confidential" will be removed from

5    the witness' view.

6            (d)    Independent outside experts and consultants (and their employees or

7    clerical assistants) who are employed, retained or otherwise consulted by outside counsel of

8    record to assist in any way in the preparation and trial of this action; provided, however, that at

9    least seven business days before such person is given access to any confidential information, the

10    party retaining such expert or consultant shall provide the opposing party with (i) the current title

11    and employer of the expert, translator, or consultant; (ii) his or her current resume; and (iii) an

12    undertaking signed by the expert or consultant in the form attached here to as Exhibit A to abide

13    by the terms of this protective order. A separate disclosure and undertaking is not required for

14    staff assisting any such expert or consultant. For purposes of this Protective Order, the phrase

15    "outside experts or consultants" shall not include any current or former officer, director or

16    employee of any party.

17            (e)    Court personnel in the conduct of their official duties, and the trier of fact.

18            (f)    Qualified persons taking testimony involving Confidential Information and

19    necessary stenographic, videographic, and clerical personnel thereof.

20            (g)    Duplicating services, translators, litigation support services and other

21    auxiliary services of a like nature, routinely engaged by counsel.

22        11.    Access to information marked HIGHLY CONFIDENTIAL shall be limited to:

23            (a)    Outside counsel for the respective parties to this litigation, including

24    persons working in secretarial, clerical and paralegal capacities who are providing assistance to

25    outside counsel;

26            (b)    Witnesses in any deposition or other proceeding of this litigation who

27    either (i) are the author or recipient of the information marked "Highly Confidential," or (ii)

28

1 based on the evidence, have had access to the "Highly Confidential" information in the past.

2 Notwithstanding the foregoing, the questioning attorney may show the document to a witness

3 who is a current employee of the producing Person, or a former employee of the producing

4 Person but who is not employed or retained by the party opposed to the producing Person at the

5 time of the examination, solely for the purpose of asking the witness preliminary questions to

6 determine authorship, receipt, or access to the information marked "Highly Confidential." If the

7 witness testifies that he or she did not author, receive, or have access to the information marked

8 "Highly Confidential," the information marked "Highly Confidential" will be removed from the

9 witness' view.

10         (c)     Independent outside experts and consultants (and their employees or

11 clerical assistants) who are employed, retained or otherwise consulted by outside counsel of

12 record to assist in any way in the preparation and trial of this action; provided, however, that at

13 least seven business days before such person is given access to any confidential information, the

14 party retaining such expert or consultant shall provide the opposing party with (i) the current title

15 and employer of the expert, translator, or consultant; (ii) his or her current resume; and (iii) an

16 undertaking signed by the expert or consultant in the form attached here to as Exhibit A to abide

17 by the terms of this protective order. A separate disclosure and undertaking is not required for

18 staff assisting any such expert or consultant. For purposes of this Protective Order, the phrase

19 "outside experts or consultants" shall not include any current or former officer, director or

20 employee of any party.

21         (d)     Court personnel in the conduct of their official duties, and the trier of fact.

22         (e)     Qualified persons taking testimony involving Confidential Information and

23 necessary stenographic, videographic, and clerical personnel thereof.

24         (f)     Duplicating services, translators, litigation support services and other

25 auxiliary services of a like nature, routinely engaged by counsel.

26         (g)     The following ADC or Abbott in-house counsel: Karen L. Hale (Division

27 Counsel, Intellectual Property Litigation), Nicholas Poulos (Divisional Vice President and

28

1  Section Head, Intellectual Property Litigation), and José Rivera (Divisional Vice President and

2  Associate General Counsel, Intellectual Property Litigation), and clerical staff assisting said

3  individuals in the prosecution or defense of this action, provided that the identified counsel

4  produce declarations establishing that they (1) are not involved in competitive decision-making or

5  the development or marketing of any blood glucose product and (2) are not and will not be

6  involved in the prosecution of any patents relating to blood glucose testing from the date this

7  Protective Order is entered until thirty-six (36) months after judgment is entered in the above-

8  captioned action. ADC or Abbott may, as necessary, request to substitute or add and RDC,

9  RDOI, and Bayer may request to add inside counsel, provided that the lawyer produces a

10  declaration establishing that (1) the lawyer is not involved in competitive decision-making or the

11  development or marketing of any blood glucose product and (2) is not and will not be involved in

12  the prosecution of any patents relating to blood glucose testing from the date this Protective Order

13  is entered until thirty-six (36) months after judgment is entered in the above-captioned action.

14       12.    Notwithstanding and in addition to the limitations placed upon access to

15  Confidential and Highly Confidential information set forth in the preceding paragraphs, the

16  persons set forth in the protective order entered in Case Nos. C04-2123 MJJ/BZ; C04-3327

17  MJJ/BZ; C04-3732 MJJ/BZ; and in this action may access Confidential and Highly Confidential

18  Information produced by all parties in this action, and such materials will be treated as if

19  designated under the Protective Order in those cases as to those persons. No party to any case

20  referenced in this paragraph shall deliver to any other party any document marked Confidential or

21  Highly Confidential except in the context of depositions, discovery responses, hearings, or court

22  filings in any case referenced in this paragraph; or if, after 10 days written notice to the producing

23  party, the producing party does not object; or by agreement.

24       13.    If, pursuant to this Order, a party identifies a person as an expert, consultant, or

25  advisor, no other party shall contact the person nor subject the expert to discovery to inquire into

26  matters arising within the expert's consultation with the designating party, except as provided by

27  Federal Rule of Civil Procedure 26(b)(4) or by Order of the Court.

28

**D.** **Filing Under Seal**

14. A party wishing to file any pleading or other document that contains Confidential Information or Highly Confidential Information designated by any other Person must place documents containing Confidential Information or Highly Confidential Information in a sealed envelope with instructions to the Clerk that (a) the document is filed pursuant to the Stipulated Protective Order; and (b) the envelope is not to be opened absent further order of the Court. The envelope should be labeled to identify the title of the case, case number, and the title of the document. In addition to these requirements, parties must also follow the procedures for filing documents under seal set forth in Northern District of California Local Rule 79-5.

**E.** **Inadvertent Production, Redactions and Failures to Designate.**

15. Notwithstanding anything contrary herein, if a Person through inadvertence or mistake fails to designate or produces discovery of any Confidential Information without marking it with the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL, or designates it with an incorrect level of confidentiality, the producing Person may give written notice to the receiving party, within 10 days of discovery of the inadvertent designation or production, that the exhibit, pleading, discovery response, document or thing, or testimony contains Confidential Information or Highly Confidential Information and should be treated as such in accordance with the provisions of this Protective Order. Upon receipt of such timely notice, and upon receipt of properly marked materials, the receiving party shall return or destroy said unmarked materials and not retain copies thereof, and must treat such exhibits, pleadings, discovery responses, documents or things, or testimony as Confidential Information or Highly Confidential Information, as the case may be, and shall cooperate in restoring the confidentiality of such Confidential or Highly Confidential Information. The inadvertent or unintentional disclosure by a Person of Confidential or Highly Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Person's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the non-

1 producing party is notified and properly marked documents are supplied as provided herein. The

2 receiving party shall not be responsible for the disclosure or other distribution of belatedly

3 designated Confidential or Highly Confidential Information as to such disclosure or distribution

4 that may occur before the receipt of such notification of a claim of confidentiality and such

5 disclosure or distribution shall not be deemed to be a violation of this Protective Order.

6       16.     Documents and things produced or made available for inspection may be subject

7 to redaction, in good faith by the producing Person, of information that is subject to the attorney-

8 client privilege, work-product immunity or any other privilege. Each such redaction, regardless

9 of size, will be clearly labeled. This paragraph shall not be construed as a waiver of any party's

10 right to seek disclosure of redacted information. The basis for any redaction based upon a claim

11 of attorney-client privilege or work-product immunity shall be listed on a privilege log.

12       17.     The inadvertent or unintentional production of any document or thing by any

13 Person shall be without prejudice to any claim by the producing Person that such material is

14 protected by the attorney client privilege or protected from discovery as work product or under

15 another applicable privilege or doctrine, and no Person shall be held to have waived any rights

16 thereunder by inadvertent or unintentional production. If within ten (10) days after discovering

17 the inadvertent or unintentional production of the documents, a producing Person asserts that such

18 documents are protected by the attorney client privilege, work product doctrine, or other

19 applicable privilege or doctrine and were inadvertently or unintentionally produced, the receiving

20 party shall take prompt steps to ensure that all known copies of such documents are returned

21 promptly to the producing Person. The parties may thereafter contest such claims of privilege or

22 work product as if the materials had not been produced but shall not assert that a waiver occurred

23 as a result of the production. The receiving party shall not use any of the information contained

24 in the inadvertently or unintentionally produced materials.

25 **F.**     **Challenging "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Designations**

26       18.     There shall be no obligation to challenge a Confidential Information or Highly

27 Confidential Information designation when made and failure to do so shall not preclude a

28

1    subsequent challenge.

2         19.     Any party who objects to the designation of any information as "Confidential" or

3    "Highly Confidential" or objects to a restriction on the use of such Confidential Information or

4    Highly Confidential Information may apply to this Court for a ruling that the information or

5    material shall not be so designated. The burden of proof shall be on the party seeking protection

6    of the information to show that protection of such information under this Protective Order is

7    warranted. Unless and until the Court determines that protection under this Protective Order is

8    not warranted, the information shall continue to be treated as Confidential Information or Highly

9    Confidential Information.

10   **G.**     **Miscellaneous Provisions**

11        20.     In the event any of the parties (a) is subpoenaed in another action, or (b) is served

12   with a demand in another action to which it is a party, or (c) is served with any other legal process

13   by a person not a party to this litigation, and is requested to produce or otherwise disclose

14   information that was designated as Confidential Information or Highly Confidential Information

15   by a Person in this action, the party subpoenaed or served as referred to in this paragraph shall

16   object to production of the Confidential Information or Highly Confidential Information and shall

17   give prompt written notice to the designating Person with sufficient time to afford the designating

18   Person to intervene. The notice shall include a copy of any such subpoena, demand, or other

19   process. Should the person seeking access to the Confidential Information or Highly Confidential

20   Information take action against the party covered by this Protective Order to enforce such a

21   subpoena, demand or other legal process, it shall respond by setting forth the existence of this

22   Protective Order. Nothing in this Order shall be construed as requiring the party covered by this

23   Protective Order to challenge or appeal any order requiring production of Confidential

24   Information or Highly Confidential Information covered by this Protective Order, to subject itself

25   to any penalties for noncompliance with any legal process or order, or to seek any relief from this

26   Court.

27        21.     This Order shall not abrogate or diminish any contractual, statutory, or other legal

28

1    obligation or right of any party to this Order, as to any third party, with respect to any

2    Confidential Information.

3        22.    Nothing in this Protective Order shall be construed as a finding that any designated

4    Confidential Information or Highly Confidential Information actually constitutes or contains

5    proprietary or confidential material or trade secrets.  For purposes of this order, proprietary or

6    confidential information or trade secrets shall not include information or material that:

7            (a)    was, is or becomes public knowledge in a manner other than by violation

8    of this Order;

9            (b)    is acquired by the non-designating party from a third party having the right

10    to disclose voluntarily such information or material;

11            (c)    was lawfully possessed by the non-designating party prior to the entry of

12    this Order by the Court; or

13            (d)    was developed by the non-designating party independent of the information

14    produced under the Protective Order.

15        23.    Nothing in this Protective Order shall bar or otherwise restrict any attorney for the

16    parties from rendering advice to his or her client with respect to this action.  In the course of

17    doing so, said attorney may generally refer to or rely upon his or her examination of Confidential

18    Information or Highly Confidential Information, but shall not disclose the specific contents of

19    Confidential Information or Highly Confidential Information to persons not authorized to receive

20    such Confidential Information or Highly Confidential Information pursuant to this Protective

21    Order except by written agreement with counsel for the designating Person.

22        24.    The terms of this Protective Order are applicable to Confidential Information

23    produced by a non-party, and a party or a non-party may designate Material produced in

24    connection with this litigation as Confidential Information or Highly Confidential Information.

25    Such Information so designated will be protected by the remedies and relief provided by the

26    Protective Order.

27        25.    Upon the settlement or exhaustion of all appeals in this action ("Conclusion of this

28

1  Litigation"), all persons to whom Confidential Information or Highly Confidential Information

2  has been disclosed shall, without demand, either (a) destroy, or (b) return to the Person that

3  originally produced it, all Confidential Information or Highly Confidential Information (and all

4  copies of such material) and all other documents containing information taken from the

5  Confidential Information or Highly Confidential Information within sixty (60) days of the

6  Conclusion of this Litigation, except that each party's litigation counsel may retain copies of

7  pleadings, briefs, motions and the like actually filed in court that include Confidential Information

8  or Highly Confidential Information, and each party's litigation counsel may retain one complete

9  copy of any outside counsel work files containing Confidential or Highly Confidential

10  information.  Upon written request, all recipients of Confidential Information or Highly

11  Confidential Information shall certify in writing that they have complied with the provisions of

12  this paragraph.

13       26.     Upon the Conclusion of this Litigation:

14            (e)     any Confidential Information or Highly Confidential Information produced

15  hereunder that has been submitted for identification or into evidence at any hearing or trial in this

16  litigation may be withdrawn by counsel for the person who offered such Confidential Information

17  or Highly Confidential Information into evidence;

18            (f)     the Clerk is authorized to deliver said Confidential Information or Highly

19  Confidential Information to said counsel;

20            (g)     any such Confidential Information or Highly Confidential Information not

21  returned to counsel shall be destroyed.

22       27.     Nothing in this Order shall be deemed a waiver of any right any party otherwise

23  might have under the Federal Rules or the doctrines of attorney-client privilege or attorney work

24  product.  This Protective Order shall survive the Conclusion of this Litigation and continue in full

25  force and effect.  The Court shall retain jurisdiction to enforce this Protective Order for a period

26  of six (6) months after the final termination of the action.

27       28.     By entering this order and limiting the disclosure of information in this case, the

28

1  Court does not intend to preclude another court from finding that information may be relevant and

2  subject to disclosure in another case.

1

2   IT IS SO ORDERED.

3   DATED: ___MAY 30_____, 2006

4                             Honorable Martin J. Jenkins

5                             UNITED STATES DISTRICT COURT JUDGE

6

7

8

9

10   IT IS SO STIPULATED.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

BAKER BOTTS LLP

By: _____
    James W. Cannon, Jr.

4

5

ABBOTT LABORATORIES

6

7

By: _____
    Karen L. Hale

8

9

10

By: _____
    Nicholas A. Poulos

11

12

13

By: _____
    José E. Rivera

14

*Attorneys for Plaintiffs Abbott Diabetes Care Inc.
and Abbott Laboratories*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BARNES & THORNBURG LLP

By: _____
Donald E. Knebel
Lynn C. Tyler

*Attorneys for Defendants Roche Diagnostics Corporation and Roche Diagnostics Operations, Inc.*


MORRISON FOERSTER


By: _____
Wesley E. Overson

*Attorneys for Defendant Bayer Healthcare LLC*

---

AUS01:421513 3

16

PROTECTIVE ORDER
CASE NO. C05-3117 MJJ

sf-2059142

1

BARNES & THORNBURG LLP

2

3    By: _____
     Donald E. Knebel
     Lynn C. Tyler

4

5    *Attorneys for Defendants Roche Diagnostics
     Corporation and Roche Diagnostics Operations,
     Inc.*

6

7

MORRISON & FOERSTER LLP

8

9    By: _____
     Wesley E. Overson

10

11   *Attorneys for Defendant Bayer Healthcare LLC*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## EXHIBIT A

3

## <u>NON-DISCLOSURE AND CONFIDENTIALITY AGREEMENT</u>

4   The undersigned hereby acknowledges that (s)he has read the Protective Order

5   entered on _____, in the above-captioned action, and understands the terms

6   thereof, and agrees, upon threat of penalty of contempt, to be bound by such terms of each

7   paragraph of the Protective Order.  In particular, the undersigned understands that the terms of

8   said Protective Order obligate him/her to use Confidential Information or Highly Confidential

9   Information solely for the purposes of this litigation and to not disclose any such Confidential

10  Information or Highly Confidential Information to any other person, firm or entity, except that

11  there will be no restriction on documents that are used as exhibits in Court, unless such exhibits

12  were filed under seal, and there will be no restriction on information disclosed in open Court,

13  unless the Courtroom is sealed at the time of such disclosure.  Further, the undersigned hereby

14  agrees to subject himself/herself to the jurisdiction of this Court if any dispute arises regarding

15  his/her use of Confidential Information or for the purpose of otherwise enforcing this Non-

16  Disclosure and Confidentiality Agreement.

17

18  _____        _____

19  Date                                                               Signature

20

21

22

23

24

25

26

27

28