IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC. and CORANGE INTERNATIONAL LIMITED,<br><br>Plaintiffs,<br><br>vs.<br><br>ABBOTT DIABETES CARE INC., ABBOTT DIABETES CARE SALES CORPORATION, BAYER HEALTHCARE, LLC, DIAGNOSTIC DEVICES, INC., LIFESCAN, INC., and NOVA BIOMEDICAL CORPORATION,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 07-753-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF JOSE E. RIVERA

I, José E. Rivera, make the following statements of my own personal knowledge and expertise, and, if called as a witness in this matter, I could and would testify competently thereto.

**Abbott Corporate Structure**

1.  Abbott Laboratories ("Abbott") has over 60,000 employees worldwide. Abbott's corporate offices are located in Abbott Park, Illinois.

2.  Abbott is generally divided into two business units, Pharmaceutical Products Group and Medical Products Group. The Medical Products Group is further divided into business units including diagnostics, molecular, diabetes care, point-of-care, nutritionals, vascular, spine, and animal health. Each business unit in the Medical Products Group is

responsible for the research, development, sales, pricing and manufacturing for hundreds of products in the medical products industry.

3.  All of Abbott's U.S. consumer and retail diabetes-related work, including the research, development, marketing and patent prosecution related to the technology at issue in this litigation is performed at Abbott Diabetes Care ("ADC") located in Alameda, California

4.  ADC'S dedicated legal staff is located in Alameda, which includes patent attorneys who supervise the patent prosecution for Abbott's blood-glucose related products. Those ADC lawyers do not report to any of the Abbott in-house litigators and do not manage the present litigation

## Personal Background

5.  I am an attorney duly licensed to practice in the State of Illinois. I am a member in good standing of the bar of Illinois. I have not been subject to any disciplinary actions by the bar of any state or court.

6.  I am a member of Abbott's legal division located in Abbott Park, Illinois. I have worked in Abbott's legal division since 1996 and my current title is Divisional Vice President and Associate General Counsel for Intellectual Property Litigation.

7.  Before joining Abbott as in-house counsel, I worked at Jenner & Block LLP and handled patent infringement cases as outside counsel.

## Job Responsibilities

8.  I am responsible for managing Abbott's intellectual property litigation and for providing legal advice to Abbott regarding the merits of litigation. In collaboration with outside counsel, I set, develop and execute Abbott's legal strategy in litigation involving, for example, patent infringement issues. I directly provide regular advice to Abbott's management relating to

the avoidance, defense or filing of litigation claims. Outside counsel rarely meets with Abbott's management to discuss litigation claims.

9. I am part of Abbott's litigation team for this case. Like other in-house litigation lawyers at Abbott, I take an active day-to-day role in litigation, including in this case. I will, as necessary, review expert reports, pleadings, and correspondences relating to key issues and for providing legal advice to Abbott, including regarding the merits of litigation. I expect myself or another in-house lawyer on our team to be involved in every significant decision and to participate in the drafting or review of every important discovery response and court filing. Similarly, I expect myself or another in-house lawyer on our team to attend key depositions and hearings and work closely with outside counsel to analyze facts, prepare arguments, and develop strategies.

10. I am not involved in and do not have any role or responsibility for competitive decision-making, which I understand to refer to "advice, participation, or role in the client's decisions about pricing, marketing, product design, patent prosecution, or scientific research made in light of similar or corresponding information about a competitor in blood glucose products."

11. I report directly to Laura Schumacher, Senior Vice President, Secretary, and General Counsel. I do not directly report to anyone with responsibility for competitive decision-making, *i.e*, for pricing, marketing, product design, patent prosecution, or scientific research or the like for blood glucose products, nor does anyone with such responsibilities report to me.

## Protective Orders

12. I have served as Abbott's in-house litigation counsel in myriad cases involving protective orders under which I had, and continue to have, access to highly confidential

information of other parties. My compliance with such protective orders has never been challenged. I understand that I am an officer of the court and ethically bound by the terms of the protective order.

13. I understand the terms of the proposed protective order in this case and have experience complying with such protective orders when providing advice and guidance to persons not granted access to the protective order.

14. I agree to be bound by the terms of the protective order in this case and to submit to the Court's jurisdiction with respect to any violations of that protective order.

15. If I am provided confidential information in this case, such information will be stored in a secure facility in the litigation department or on a password protected server. Only myself and others covered by the protective order will have access to the confidential information. ADC employees will not have access to such confidential information.

### Contact with ADC Decision Makers

16. Except in the context of pending or potential litigation, I do not have regular contact with employees of Abbott Diabetes Care ("ADC"). No employee or attorney at ADC reports to me, and I do not report to anyone at ADC. My duties are solely those of an attorney in Abbott's Legal Division.

17. I have no familial ties to any of Abbott's officers, directors, or other competitive decision makers of the company.

I declare that the foregoing is true and correct under penalty of perjury of the laws of the United States.

Dated: 5-5-08

José E. Rivera

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2008, I caused to be served by electronic service and hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951

Mary W. Bourke
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899-1347

John W. Shaw
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801

Rodger D. Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Steven J. Balick
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, DE  19899

I hereby certify that on May 5, 2008, the foregoing document was sent via electronic mail to the following non-registered participants:

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert
 & Berghoff LLP
300 South Wacker Drive
Chicago, IL  60606

Ashley L. Ellis
Michael G. Adams
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202

Wesley E. Overson
Rachel Krevans
Parisa Jorjani
Daniel P. Muino
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105-2482

Joseph M. Casino
Kenneth P. George
Amster, Rothstein & Ebenstein, LLP
90 Park Avenue
New York, NY  10016

Bradford J. Badke
Sona De
Michael Kahn
Ropes & Gray
1211 Avenue of the Americas
New York, NY 10036-8704

_____
Anne Shea Gaza (#4093)
gaza@rlf.com