## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROCHE DIAGNOSTICS OPERATIONS, INC., )
and CORANGE INTERNATIONAL LTD., )
                                      )
           Plaintiffs, )
                                        )
            v. )     C.A. No. 07-753-JJF
                                        )
ABBOTT DIABETES CARE, INC., )
ABBOTT DIABETES CARE SALES CORP., )
BAYER HEALTHCARE, LLC, )
DIAGNOSTIC DEVICES, INC., )
LIFESCAN, INC., and )
NOVA BIOMEDICAL CORP., )
                                        )
           Defendants. )

## ROCHE'S MOTION TO STRIKE AND/OR DISMISS
## AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
## OF LIFESCAN, NOVA, AND BAYER
## FOR FAILURE TO COMPLY WITH RULE 8(a), FED. R. CIV. P.

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Dated: May 19, 2008

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
provner@potteranderson.com

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc. and*
*Corange International Limited*

## I.    INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f), Roche hereby moves this Court to dismiss certain Counterclaims and to strike certain Affirmative Defenses filed by Defendant LifeScan, Inc. ("LifeScan"), Nova Biomedical Corp. ("Nova") and Bayer Healthcare, LLC ("Bayer"). The specific counterclaims and affirmative defenses challenged by this motion include:

- LifeScan's First and Second Counterclaims (¶¶ 52 and 55, respectively) and its Second Affirmative Defense;

- Nova's Second Counterclaim and its Second and Fourth Affirmative Defenses; and

- Bayer's Second, Third, Fourth and Fifth Affirmative Defenses.

Each of these counterclaims and/or affirmative defenses fails to provide adequate pleading under *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, these counterclaims should be dismissed, and these affirmative defenses should be stricken.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

On November 21, 2007, Roche filed a Complaint alleging that Defendants were infringing two Roche patents by commercializing various blood glucose monitoring products. D.I. 1. On April 11, 2008 Roche sought leave to amend the Complaint (D.I. 132). Leave to amend was granted on April 15, 2008 (D.I. 141).

On April 29, 2008, LifeScan filed its Answer and Counterclaims to the Amended Complaint ("LifeScan's Answer and Counterclaims") (D.I. 156). On May 5, 2008, Nova and Bayer each filed their Answers and Affirmative Defenses to the Amended Complaint ("Nova's Answer and Counterclaims" and "Bayer's Answer," respectively) (D.I. 181 and 182). Certain counterclaims and affirmative defenses in these pleadings are so deficient that they fail to plausibly suggest that LifeScan, Nova and Bayer are entitled to relief. Those failures form the

basis for this motion.[1]

## III.    SUMMARY OF THE ARGUMENT

Under the Supreme Court's *Twombly* decision and its progeny, a patent infringement

defendant must plead more than mere speculation or conclusions of law. The allegations

contained in the Defendants pleadings must provide sufficient factual support to raise a right to

relief. The challenged pleadings fail to do so.

## IV.    STATEMENT OF FACTS

The defendants' responsive pleadings contain blanket assertions that fail to provide

adequate non-speculative allegations under *Twombly* and its progeny. LifeScan's Answer and

Counterclaims, for example, provides the following blanket assertion:

### [LIFESCAN'S] SECOND AFFIRMATIVE DEFENSE

42. The claims of the '146 patent and/or the '147 patent are invalid for
failing to meet the requirements of one or more provisions of 35 U.S.C. §§ 102,
103 and/or 112.

(D.I. 156)

LifeScan provided equally conclusory allegations in both its First and Second

Counterclaims:

### [LIFESCAN'S] FIRST COUNTERCLAIM FOR RELIEF

***

52. The claims of the '146 patent are invalid for failure to meet one or
more of the requirements for patentability as set forth under 35 U.S.C. §§ 102,
103, and/or 112. Therefore, LifeScan is entitled to a judicial declaration that the
'146 patent is invalid.

*Id.* at ¶ 52; *see also* LifeScan's Second Counterclaim for Relief (*Id.* at ¶ 55).

---

[1] Abbott filed a motion to dismiss under Rule 12(b)(6) and thus has not yet filed an Answer or
Counterclaims to Roche's Amended Complaint.   Similarly, Defendant Diagnostics Devices Inc.
filed a motion to dismiss for lack of personal jurisdiction, and has not yet filed an Answer.

Similarly, Nova's Answer and Counterclaims provides affirmative defenses containing the following blanket assertions:

### [NOVA'S] SECOND AFFIRMATIVE DEFENSE

42. The claims of the '146 patent and the '147 patent are invalid for failing to comply with the conditions of patentability in 35 U.S.C. § 101, *et seq.*, including but not limited to, the requirements in 35 U.S.C. §§ 102, 103 and 112.

\*\*\*

### [NOVA'S] FOURTH AFFIRMATIVE DEFENSE

44.  Roche's claims against Nova are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, forfeiture and/or acquiescence.

(D.I. 181).

Nova's Second Counterclaim contains the same broad and unsupported allegations as its Second Affirmative Defense:

### [NOVA'S] SECOND COUNTERCLAIM

\*\*\*

27. The claims of the '146 and ' 147 patents are invalid for failure to comply with the conditions for patentability specified in 35 U.S.C. § 101, *et seq.*, including, without limitation, the requirements in 35 U.S.C. §§ 102, 103 and 112.

*Id.*

Several of Bayer's affirmative defenses are also inadequate as a matter of law:

### [BAYER'S] SECOND AFFIRMATIVE DEFENSE
### (Patent Invalidity)

42. The '146 and '147 Patents, and all of their claims, are invalid under one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

### [BAYER'S] THIRD AFFIRMATIVE DEFENSE
### (Scope of the Prior Art)

43. The prior art known before the alleged inventions covered by the '146 and '147 Patents limits and restricts the scope of the patents, such that Bayer does

not infringe any claims of the '146 and '147 Patents.

## [BAYER'S] FOURTH AFFIRMATIVE DEFENSE
### (Waiver, Estoppel, Unclean Hands, Forfeiture, and Acquiescence)

44. Roche's claims against Bayer are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, forfeiture, and/or acquiescence.

## [BAYER'S] FIFTH AFFIRMATIVE DEFENSE
### (Prosecution Laches)

45. On the basis of the prosecution histories of the '146 and '147 Patents, Roche's claims against Bayer are barred, in whole or in part, by prosecution laches.

(D.I. 182)

LifeScan, Nova and Bayer have failed not only to provide sufficient factual support, but they have also failed to provide *any* factual support establishing plausibility of any of these claims or defenses.

## V.    ARGUMENT

LifeScan's, Nova's, and Bayer's responsive pleadings each contain numerous claims and/or defenses that fail under the requirements of the *Twombly* decision. A party's obligation "to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 127 S. Ct. at 1964-65 (alteration in original) (internal citations omitted).

In applying *Twombly*, the Third Circuit has explained that the case sets forth a "'plausibility' paradigm for evaluating the sufficiency of complaints;" that is, a party in its pleading must set forth a factual basis sufficient to plausibly support the party's claims and defenses. *Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3rd Cir. 2007). "[Rule 8(a)]

4

requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.' That is to say, there must be some showing sufficient to justify moving the case beyond the pleadings to the next." *Id.* at 234.

It is beyond dispute that the requirements of the *Twombly* decision apply to patent infringement actions. *See Aspex v. Clariti,* 531 F. Supp. 2d 620 (S.D.N.Y. 2008) (dismissing patent counterclaims and striking affirmative defenses); *Anticancer, Inc. v. Zenogen Corp*., No. 05-CV-0448, 2007 U.S. Dist. LEXIS 59811, at *9 (S.D. Cal. Aug. 13, 2007) (noting that the *Twombly* standard applies to pleadings in patent infringement actions).

Nor is there any doubt that these same requirements apply equally to counterclaims and affirmative defenses. "Affirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy." *Shechter v. Comptroller of New York,* 79 F.3d 265, 270 (2d Cir. 1996) (quoting *Nat'l Acceptance Co. of Am. v. Regal Prods.*, Inc., 155 F.R.D. 631, 634 (E.D. Wis. 1994) ("affirmative defenses are pleadings, and therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure")) (internal quotations and citations omitted); *Directv, Inc. v. Semulka,* No. 04-769, 2006 U.S. Dist. LEXIS 15043, at *3-4 (W.D. Pa. Feb. 9, 2006) ("Moreover, affirmative defenses that are merely bare bones conclusory allegations do not meet the standards of Rule 8 and must be stricken."); *Anticancer,* 2007 U.S. Dist. LEXIS, at *10 ("Therefore, the Court FINDS that, in this patent infringement action, parties must demonstrate a plausible entitlement to relief in all pleadings, including claims, counterclaims, cross-claims, third party claims, and separate affirmative defenses" (emphasis in original)). *See also Aspex*, 531 F. Supp.2d at 623.

In *Aspex*, the Court applied *Twombly* in a situation virtually identical to the present case, with affirmative defenses and counterclaims that were virtually identical to each of the present

defendants' affirmative defenses and counterclaims. In particular, the *Aspex* court dismissed

counterclaims and struck affirmative defenses containing blanket assertions that the patents in

suit were invalid and/or unenforceable, and alleging collateral estoppel and/or res judicata,

equitable estoppel, and patent misuse and/or unclean hands:[2]

> Clariti merely asserts these claims and defenses without alleging even general
> facts to support them. In fact, Clariti asserts **no** facts, nor does Clariti even refer to
> the elements of the various affirmative defenses. Mere conclusory assertions are
> not sufficient to give plaintiffs notice of the counterclaims and defenses and, thus,
> do not meet Rule 8(a)'s pleading standards. *See Takeda Chem. Indus. v.
> Alphapharm Pty., Ltd.*, No. 04 Civ. 1966 (DLC), 2004 U.S. Dist. LEXIS 16584,
> 2004 WL 1872707 (S.D.N.Y. Aug. 19, 2004). Accordingly, plaintiffs' motion to
> strike certain affirmative defenses and dismiss certain counterclaims is granted.

*Id.* at 623 (emphasis in original).

LifeScan's First and Second Counterclaims, its Second Affirmative Defense, Nova's

Second Counterclaim, its Second and Fourth Affirmative Defenses, and Bayer's Second, Third,

Fourth and Fifth Affirmative defenses are all equally conclusory, and fail to meet the pleading

---

[2] The counterclaims dismissed by the Court in *Aspex* include the following:

> 9. The claims of the '747 patent are invalid and/or unenforceable for: (i)
> failure to comply with ore or more provisions of the Patent Laws of the United
> States, Title 35, United States Code, Section 101 et seq., including without
> limitation Sections 102, 103, and/or 112; and/or (ii) any one or more of the
> reasons set forth above.

The affirmative defenses stricken by the Court in *Aspex* include the following:

> 24. The '747 patent is invalid and/or unenforceable for failure to comply
> with one or more provisions of the Patents Laws of the United States, Title 35,
> United States Code, Sections 101 et seq., including without limitation Sections
> 102, 103, and/or 112.
> 32. Plaintiffs' claims are barred by collateral estoppel and/or res judicata.
> 37. Plaintiffs' claims are barred by the doctrine of laches, waiver, and/or
> equitable estoppel.
> 38. Plaintiffs' claims are barred by the doctrine of patent misuse and/or
> unclean hands.

*See* Clariti's Answer, Affirmative Defenses and Counterclaims (Exhibit A).

6

standards of Rule 8(a), Fed. R. Civ. P. As such, the counterclaims should be dismissed, and the affirmative defenses stricken.

## VI.    CONCLUSION

For at least the foregoing reasons, Roche respectfully requests that the Court dismiss the following pleadings for failure to meet the pleading standards of Rule 8(a), Fed. R. Civ. P.:

- LifeScan's First and Second Counterclaims (¶¶ 52 and 55, respectively);
- LifeScan's Second Affirmative Defense;
- Nova's Second Counterclaim;
- Nova's Second and Fourth Affirmative Defenses; and
- Bayer's Second, Third, Fourth and Fifth Affirmative Defenses.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Dated:  May 19, 2008
865319

By:  /s/ Philip A. Rovner
       Philip A. Rovner (#3215)
       Hercules Plaza
       P.O. Box 951
       Wilmington, DE 19899-0951
       (302) 984-6000
       provner@potteranderson.com

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc., and*
*Corange International Limited*

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on May 19, 2008, the within document

was filed with the Clerk of the Court using CM/ECF which will send notification of such

filing(s) to the following; that the document was served on the following counsel as

indicated; and that the document is available for viewing and downloading from

CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com
gaza@rlf.com

Mary W. Bourke, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
mbourke@cblh.com

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
500 Delaware Avenue
8th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

**BY HAND DELIVERY AND E-MAIL**

John W. Shaw, Esq.
Jeffrey T. Castellano, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
jcastellano@ycst.com

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
rsmith@mnat.com

I hereby certify that on May 19, 2008 the foregoing document was sent by E-mail

to the following non-registered participants:

Edward A. Mas, II, Esq.
Stephen F. Sherry, Esq.
Kirk Vander Leest, Esq.
James M. Hafertepe, Esq.
Merle S. Elliott, Esq.
McAndrews, Held & Malloy, Ltd.
500 West Madison Street
34th Floor
Chicago, IL  60661
emas@mcandrews-ip.com
ssherry@mcandrews-ip.com
kvanderleest@mcandrews-ip.com
jhafertepe@mcandrews-ip.com
melliott@mcandrews-ip.com

Wesley E. Overson, Esq.
Rachel Krevans, Esq.
Jason R. Bartlett, Esq.
Parisa Jorjani, Esq.
Daniel P. Muino, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
woverson@mofo.com
rkrevans@mofo.com
jasonbartlett@mofo.com
pjorjani@mofo.com
dmuino@mofo.com

Kenneth P. George, Esq.
Joseph M. Casino, Esq.
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY  10016
kgeorge@arelaw.com
jcasino@arelaw.com

Michael G. Adams, Esq.
Ashley L. Ellis, Esq.
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

Bradford J. Badke, Esq.
Sona De, Esq.
Michael Kahn, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Jim.badke@ropesgray.com
Sona.de@ropesgray.com
Michael.kahn@ropesgray.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LTD., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 07-753-JJF |
| ABBOTT DIABETES CARE, INC., ABBOTT DIABETES CARE SALES CORP., BAYER HEALTHCARE, LLC, DIAGNOSTIC DEVICES, INC., LIFESCAN, INC., and NOVA BIOMEDICAL CORP., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## [PROPOSED] ORDER

This _____ day of _____, 2008, Plaintiffs Roche Diagnostics Operations Inc. and Corange International Limited having filed a motion to strike and/or dismiss LifeScan's First and Second Counterclaims (¶¶ 52 and 55, respectively), LifeScan's Second Affirmative Defense, Nova's Second Counterclaim, Nova's Second and Fourth Affirmative Defenses, and Bayer's Second, Third, Fourth and Fifth Affirmative Defenses for failure to meet the pleading standards of Rule 8(a), Fed. R. Civ. P., and after considering the positions of the parties, having concluded that good grounds exist for the requested relief; now therefore,

IT IS HEREBY ORDERED that Roche's motion to strike and/or dismiss these pleadings is **GRANTED.**

Entered this _____ day of _____, 2008        _____

United States District Judge

# EXHIBIT A

Kevin N. Ainsworth (KA 8493)
MINTZ LEVIN COHN FERRIS
    GLOVSKY and POPEO, P.C.
666 Third Avenue, 25th Floor
New York, New York 10017
Phone: (212) 935-3000

*Attorneys for Defendant/Counterclaim Plaintiff Clariti Eyewear, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————X
ASPEX EYEWEAR, INC.; AND                    :
COUNTOUR OPTIK, INC.,                       :
                                            :
                        Plaintiffs,         :    Case Number:  07 Civ. 2373 (DC) (THK)
                                            :
        -against-                           :
                                            :
CLARITI EYEWEAR, INC.,                      :
                                            :
                        Defendant.          :
————————————————————X
CLARITI EYEWEAR, INC.,                      :
                                            :
                Counterclaim Plaintiff      :
                                            :
        -against-                           :
                                            :
ASPEX EYEWEAR, INC.; AND                    :
COUNTOUR OPTIK, INC.,                       :
                                            :
                Counterclaim Defendants.    :
————————————————————X

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant/Counterclaim Plaintiff, Clariti Eyewear, Inc. ("Clariti"), files this answer,

affirmative defenses and counterclaims in response to the complaint of Plaintiffs/Counterclaim

Defendants Aspex Eyewear, Inc. ("Aspex") and Countour Optik, Inc. ("Countour") (collectively

"plaintiffs") as follows:

1

## JURISDICTION AND VENUE

1.    Clariti respectfully refers all questions of law to the Court as alleged in paragraphs "1," "2," and "3." To the extent paragraphs 1, 2, or 3 contain any allegations of fact, Clariti denies those allegations.

## THE PARTIES

2.    Clariti denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4.

3.    Clariti denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5.

4.    Clariti admits that it is a corporation organized and existing under the laws of California with its principal place of business at 940 Ajax Avenue, City of Industry, California 91748; Clariti denies the remaining allegations in paragraph 6.

## FACTUAL ALLEGATIONS

### COUNT I

5.    Clariti repeats and realleges its responses to paragraphs 1 through 6, above, with full force and effect as if set forth in full.

6.    Clariti admits that on August 29, 2000, United States Patent No. 6,109,747, entitled "Eyeglass frames with magnets in flanges" ("the '747 Patent") was issued by the United States Patent and Trademark Office ("USPTO"). Clariti denies knowledge or information sufficient to form a belief as to purported assignment of the '747 Patent. The remaining allegations of paragraph 8 are denied.

7.    Clariti denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9.

2

8.     Clariti denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10.

9.     Clariti denies the allegations contained in paragraph 11.

10.    Clariti denies the allegations contained in paragraph 12.

11.    Clariti denies that its products infringe the '747 Patent; Clariti denies knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 13.

12.    Clariti denies the allegations contained in paragraph 14.

13.    Clariti denies the allegations contained in paragraph 15.

### COUNT II

14.    Clariti repeats and realleges its responses to paragraphs 1 through 15, above, with full force and effect as if set forth in full.

15.    Clariti admits that on February 12, 2002, United States Patent No. RE 37,545, entitled "Auxiliary lenses for eyeglasses" ("the '545 Patent") was issued by the USPTO. Clariti denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 17.

16.    Clariti admits Exhibit C to plaintiffs' Complaint speaks for itself; Clariti denies the remaining allegations in paragraph 18.

17.    Clariti denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19.

18.    Clariti denies the allegations contained in paragraph 20.

19.    Clariti denies the allegations contained in paragraph 21.

3

20.    Clariti denies that its products infringe the '545 Patent; Clariti denies knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 22.

21.    Clariti denies the allegations contained in paragraph 23.

22.    Clariti denies the allegations contained in paragraph 24.

## AFFIRMATIVE DEFENSES

23.    In addition to the defenses described below, Clariti specifically reserves the right to allege additional defenses as factual information in support of which become known through the course of discovery.

24.    The '747 patent is invalid and/or unenforceable for failure to comply with one or more provisions of the Patents Laws of the United States, Title 35, United States Code, Sections 101 et seq., including without limitation Sections 102, 103, and/or 112.

25.    Clariti is not infringing and has not infringed any claim of the '747 patent. By asserting this defense, however, Clariti does not assume any burden of proof.

26.    Plaintiffs are estopped, based on statements, representations, and admissions made during prosecution of the patent applications resulting in the '747 patent, from asserting any interpretation of the claims of the '747 patent that would be broad enough to cover any of Clariti's products.

27.    On information and belief, plaintiffs' claim for relief concerning the '747 patent is limited by failure to comply with the marking and notice requirements of 35 U.S.C. Section 287. By asserting this defense, however, Clariti does not assume any burden of proof.

4

28.    The '545 patent is invalid and/or unenforceable for failure to comply with one or more provisions of the Patents Laws of the United States, Title 35, United States Code, Sections 101 et seq., including without limitation Sections 102, 103, and/or 112.

29.    Clariti is not infringing and has not infringed any claim of the '545 patent. By asserting this defense, however, Clariti does not assume any burden of proof.

30.    Plaintiffs are estopped, based on statements, representations, and admissions made during prosecution of the patent applications resulting in the '545 patent and/or the now-expired '207 patent, from asserting any interpretation of the claims of the '545 patent that would be broad enough to cover any of Clariti's products.

31.    On information and belief, plaintiffs' claim for relief concerning the '545 patent is limited by failure to comply with the marking and notice requirements of 35 U.S.C. Section 287. By asserting this defense, however, Clariti does not assume any burden of proof.

32.    Plaintiffs' claims are barred by collateral estoppel and/or res judicata.

33.    Plaintiffs' claims are time-barred.

34.    The Court lacks personal jurisdiction over Clariti.

35.    The alleged wrongful acts of Clariti set forth in the Complaint were not willful, as a result of which plaintiffs have no right to treble damages.

36.    Plaintiff's claims are barred by 35 U.S.C. Section 287 to the extent they include conduct occurring more than six years prior to the institution of this suit.

37.    Plaintiffs' claims are barred by the doctrine of laches, waiver, and/or equitable estoppel.

38.    Plaintiffs' claims are barred by the doctrine of patent misuse and/or unclean hands.

5

39.    Plaintiffs' claims fail to state a claim upon which relief may be granted.

## COUNTERCLAIM

In accordance with Rule 13 of the Federal Rules of Civil Procedure, Clariti brings these counterclaims against plaintiffs. Clariti repeats and realleges all of the preceding paragraphs as if fully set forth herein. Clariti demands a jury trial and alleges as follows:

### Parties

1.    Counterclaim plaintiff Clariti Eyewear, Inc. ("Clariti") is a corporation organized under the laws of the State of California with its principal place of business at 940 Ajax Avenue, City of Industry, California 91748.

2.    Aspex admits that it is a Delaware corporation having its principal place of business at: 2755 S.W. 32nd Avenue, Pembroke Park, Florida 33023.

3.    Contour admits that it is a corporation of Taiwan, whose post office address is 6 Industrial Fifth Road, Tou Chiau Industrial Park, Chiayl 621, Taiwan.

### Jurisdiction and Venue

4.    This Court has jurisdiction over the subject matter of this action under 28 U.S.C. Sections 1331, 1338, and/or 2201-02.

5.    Venue is proper in this district because these claims are being brought as compulsory counterclaims under Fed. R. Civ. P. 13(a) and under 28 U.S.C. Sections 1391 and/or 1400 because the claims at issue herein involve federal questions of patent law and plaintiffs are subject to personal jurisdiction in this district.

6.    Plaintiffs have sufficient minimum contacts with the forum to satisfy traditional notions of fair play and substantial justice, particularly having availed themselves of the benefits of the forum's court system for the subject matter underlying the counterclaims.

6

## Count I

7.    Clariti incorporates by reference and realleges all of the preceding paragraphs as if fully set forth herein.

8.    Clariti is not infringing and has not infringed any claim of the '747 patent. Clariti has the right to manufacture, have made, use, sell, offer to sell, and import all of its products accused of infringement, unhampered and unmolested by plaintiffs.

9.    The claims of the '747 patent are invalid and/or unenforceable for: (i) failure to comply with ore or more provisions of the Patent Laws of the United States, Title 35, United States Code, Section 101 et seq., including without limitation Sections 102, 103, and/or 112; and/or (ii) any one or more of the reasons set forth above.

10.    There is an actual and justicable controversy between Clariti and plaintiffs over the validity, enforceability, and infringement of the '747 patent.

## Count II

11.    Clariti incorporates by reference and realleges all of the preceding paragraphs as if fully set forth herein.

12.    Clariti is not infringing and has not infringed any claim of the '545 patent. Clariti has the right to manufacture, have made, use, sell, offer to sell, and import all of its products accused of infringement, unhampered and unmolested by plaintiffs.

13.    The claims of the '545 patent are invalid and/or unenforceable for: (i) failure to comply with ore or more provisions of the Patent Laws of the United States, Title 35, United States Code, Section 101 et seq., including without limitation Sections 102, 103, and/or 112; and/or (ii) any one or more of the reasons set forth above.

7

14.    There is an actual and justicable controversy between Clariti and plaintiffs over the validity, enforceability, and infringement of the '545 patent.

## PRAYER FOR RELIEF

WHEREFORE, Clariti asks the Court to enter judgment in Clariti's favor against plaintiffs as follows:

A.    Declaration granting all of the relief requested in Clariti's Answer, Affirmative Defenses and Counterclaims, and dismissing plaintiffs' complaint with prejudice.

B.    Declaration that Clariti has not infringed any of the claims of the '747 patent;

C.    Declaration that all of the claims of the '747 patent are invalid and/or unenforceable;

D.    Declaration that Clariti has not infringed any of the claims of the '545 patent;

E.    Declaration that all of the claims of the '545 patent are invalid and/or unenforceable;

F.    That plaintiffs take nothing by way of their complaint;

G.    That plaintiffs, and each of their officers, directors, employees, agents, servants, alter egos, and attorneys, and each person in active concern or participation with any of them, be restrained from further prosecuting or instituting any actions against Clariti which claim that any of the claims of the '747 or '545 patent are infringed by Clariti;

H.    That Clariti recover its actual and compensatory damages according to proof;

I.    That Clariti be awarded costs, expenses, and reasonable attorneys fees, including an award for such costs, expenses, and fees under 28 U.S.C. Section 285;

J.    That Clariti be awarded interest at the legal applicable rate; and

8

K.    Any such and further relief, including an award of Clariti's costs of suit and attorneys fees to the extent permitted by law, that this court deems just and proper.

### Jury Demand

Pursuant to Federal Rule of Civil Procedure 38, Counter-Plaintiff Clariti demands a jury trial as to all issues triable at law.

Dated:  May 18, 2007

MINTZ LEVIN COHN FERRIS GLOVSKY
and POPEO, P.C.


By:  __/s Kevin N. Ainsworth_____
Kevin N. Ainsworth (KA 8493)
666 Third Avenue, 25th Floor
New York, New York 10017
Phone: (212) 935-3000

*Attorneys for Defendant/Counterclaim Plaintiff
Clariti Eyewear, Inc.*

OF COUNSEL:
Andrew Skale, Esq.
MINTZ LEVIN COHN FERRIS GLOVSKY
and POPEO, P.C.
9255 Towne Centre Drive
Suite 600
San Diego, CA. 92121-3039
Phone: 858-320-3000