IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LTD., <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT DIABETES CARE, INC., ABBOTT DIABETES CARE SALES CORP., BAYER HEALTHCARE, LLC, DIAGNOSTIC DEVICES, INC., LIFESCAN, INC., and NOVA BIOMEDICAL CORP., <br><br> Defendants. | ) ) ) ) ) ) ) ) C.A. No. 07-753-JJF ) ) ) ) ) ) ) ) ) ) |

## ROCHE'S MOTION TO DISMISS
## NOVA'S FOURTH, FIFTH, SIXTH AND SEVENTH COUNTERCLAIMS
## UNDER RULE 12(b)(6)

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Dated: May 28, 2008

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
provner@potteranderson.com

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc. and*
*Corange International Limited*

I.  **INTRODUCTION**

Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiffs Roche Diagnostics Operations, Inc. and Corange International Ltd. (collectively "Roche") hereby move this Court to dismiss certain counterclaims filed by Defendant Nova Biomedical Corp. ("Nova"). The specific counterclaims challenged by this motion include[1]:

- Nova's Fourth Counterclaim for Breach of Contract;
- Nova's Fifth Counterclaim for Misappropriation of Trade Secrets;
- Nova's Sixth Counterclaim for Unfair Competition; and
- Nova's Seventh Counterclaim for Conversion.

Nova's Fourth through Seventh Counterclaims arise out of a contractual agreement between Nova and F. Hoffmann-La Roche Ltd. ("HLR"). Nova's Fifth, Sixth, and Seventh Counterclaims seek tort remedies for the alleged breach of the contract. However, the agreement between Nova and HLR expressly dictates that all claims arising out the agreement shall be governed by Swiss law. Therefore, all of Nova's Fourth through Seventh Counterclaims are governed by Swiss law.

But Nova has not provided any notice pursuant to Rule 44.1, Fed. R. Civ. P., that these Counterclaims are brought under Swiss law. To the contrary, Nova's Counterclaims are presented under U.S. common law, which does not apply. Therefore, each of these Fourth through Seventh Counterclaims fails to state a claim upon which relief can be granted and should be dismissed.

Even if this Court were to find that U.S. law (rather than Swiss law) should apply to Nova's tort remedy counterclaims, the Delaware Uniform Trade Secrets Act preempts Nova's

---

[1] Nova's First through Third Counterclaims involve U.S. patents, and are not involved in this motion.

Sixth Counterclaim (unfair competition) and Seventh Counterclaim (conversion). Therefore, even if U.S. law applied to Nova's tort remedy counterclaims, Nova's Sixth and Seventh Counterclaims fail to state a claim upon which relief can be granted and should be dismissed.

## II. NATURE AND STAGE OF THE PROCEEDINGS

On November 21, 2007, Roche filed a Complaint alleging that Defendants were infringing two Roche patents by commercializing various blood glucose monitoring products. (D.I. 1). On April 11, 2008, Roche sought leave to amend the Complaint. (D.I. 132). Leave to amend was granted on April 15, 2008. (D.I. 141).

On May 5, 2008, Nova filed its Answer, Affirmative Defenses and Counterclaims to the Amended Complaint. (D.I. 181). Several of Nova's counterclaims – namely, Nova's Fourth through Seventh Counterclaims – are deficient to the point that they fail to state a claim. Those deficiencies form the basis for this motion.

## III. SUMMARY OF THE ARGUMENT

1. Each of Nova's Fourth through Seventh Counterclaims arise out of a contractual agreement between Nova and HLR, including Nova's Fourth Counterclaim (breach of contract), and its Fifth through Seventh Counterclaims, which seek alternative, common law tort remedies for the alleged breach of the contract. The Nova-HLR agreement expressly dictates that all claims arising out the agreement shall be governed by Swiss law. Therefore, all of Nova's Fourth through Seventh Counterclaims are governed by Swiss law.

2. Rule 44.1, Fed. R. Civ. P., requires that Nova "provide notice by a pleading or other writing" that these Counterclaims are brought under Swiss law. Nova has not done that. To the contrary, Nova's Counterclaims are presented under U.S. common law, which does not apply. Therefore, each of these Fourth through Seventh Counterclaims fails to state a claim upon which relief can be granted.

2

3.	Even if this Court were to find that U.S. law (rather than Swiss law) applies to Nova's tort remedy counterclaims, the Delaware Uniform Trade Secret Act, 6 Del. C. § 2001 et seq, preempts Nova's Sixth Counterclaim (unfair competition) and its Seventh Counterclaim (conversion). As such, even if U.S. law applies, Nova's Sixth and Seventh Counterclaims fail to state a claim upon which relief can be granted.

## IV.	STATEMENT OF FACTS

Nova alleges that on September 8, 1999, HLR and Nova "entered into a confidentiality agreement (the 'Agreement') governing Nova's disclosure of proprietary information . . . ." (D.I. 181 at ¶ 13). Pursuant to this Agreement, Nova allegedly shared with HLR "Information concerning Nova's glucose strip technology including, *inter alia,* a product demonstration, a description of the manufacturing process, the product specifications, the design of the product, including the component parts and layers, and other confidential and proprietary Information concerning Nova's work on a sub-microliter glucose strip," as well as "unpublished copies of two then-pending Nova patent applications." (D.I. 181 at ¶¶ 17, 18). Nova does not allege any further contact between Nova and HLR or any further exchange of information between Nova and HLR.

According to Nova, the Agreement required the parties to "treat such Information for a period of five (5) years after execution of this Agreement in the same manner as it would treat its own proprietary information and will not divulge the Information to third parties or use any Information for any other purposes than its evaluation." (D.I. 181 at ¶ 16).

Each of Nova's Fourth-Seventh Counterclaims is based on the same set of facts – namely, that Roche allegedly misused the information Nova shared with HLR (citing D.I. 181):

\*\*\*

22. On information and belief, Roche improperly used Nova's confidential and proprietary Information, provided under the Agreement, to develop Roche's own blood glucose monitoring strips.

\*\*\*

### [NOVA'S] FOURTH COUNTERCLAIM
### BREACH OF CONTRACT
\*\*\*

34. Nova repeats and realleges the allegations contained in Paragraphs 1-22 of its Counterclaims as if set forth fully herein.

35. Roche's use of Nova's proprietary Information to develop its own blood glucose monitoring strips constitutes a breach of Paragraph 3 of the Agreement.

\*\*\*

### [NOVA'S] FIFTH COUNTERCLAIM
### MISAPPROPRIATION OF TRADE SECRETS
\*\*\*

37. Nova repeats and realleges the allegations contained in Paragraphs 1-22 of its Counterclaims as if set forth fully herein.

38. Upon information and belief, Roche acquired proprietary and trade secret information from Nova under circumstances giving rise to a legal duty to maintain that information's secrecy, and not improperly use that information to Roche's benefit.

39. Upon information and belief, Roche misused Nova's proprietary and trade secret information in the development of its own blood glucose test strips without express or implied consent from Nova.

\*\*\*

## [NOVA'S] SIXTH COUNTERCLAIM
## UNFAIR COMPETITION
\*\*\*

41. Nova repeats and realleges the allegations contained in Paragraphs 1-22 of its Counterclaims as if set forth fully herein.

42. Roche's improper use of Nova's confidential and proprietary information has inhibited Nova's ability to realize returns on its investment in innovation, research and development and impeded Nova's ability to earn revenue. On information and belief, such damage will continue to cause irreparable harm unless Roche is enjoined by this Court.

\*\*\*

## [NOVA'S] SEVENTH COUNTERCLAIM
## CONVERSION
\*\*\*

43. Nova repeats and realleges the allegations contained in Paragraphs 1-22 of its Counterclaims as if set forth fully herein.

44. Nova had a property right in the confidential and proprietary information obtained by Roche from Nova.

45. On information and belief, Roche exercised dominion over such information in a manner that was inconsistent with Nova's rights and interests to maintain the information as confidential and proprietary.

The basic legal and factual issue for each of these claims is whether HLR's alleged use of Nova's information complied with the terms of the Nova-HLR Agreement. If HLR's use of Nova information did comply with the terms of the Agreement, then each of Nova's Fourth through Seventh Counterclaims fail as a matter of law.

The following facts are incontestable and readily apparent from the pleadings:

- The Agreement explicitly states, "This Agreement shall be governed in all respects by the laws of Switzerland." (D.I. 181 at Exhibit A, ¶ 6); and

- Nova's Counterclaims completely ignore the fact that the relationship between Nova and HLR regarding the exchange and use of Nova's alleged trade secret information is controlled by Swiss law.

5

V.  **ARGUMENT**

   **A. Nova Has Not Stated A Claim For Breach Of Contract Because It Failed To Plead Any Claims Under Swiss Law**

Nova's pleading takes great pains to detail sections of the Agreement that Nova deems necessary to its Counterclaims, yet the pleading fails to note a critical section of the Agreement – the choice of law provision. (D.I. 181 at Exhibit A, ¶ 6). Where a contract specifically provides for the choice of law to govern a contract, a court will generally apply that choice. *See, e.g., Annan v. Wilmington Trust Co. Trustee*, 559 A.2d 1289, 1293 (Del. 1989) ("Delaware courts will recognize a choice of law provision if the jurisdiction selected bears some material relationship to the transaction.").

Paragraph 6 of the Agreement expressly provides that the Agreement is governed by Swiss law. (D.I. 181, Exhibit A). Therefore, starting with Nova's Breach of Contract Counterclaim, no cause of action exists under U.S. law. Yet Nova has not pleaded or otherwise noticed counterclaims under Swiss law, much less met the requirements of Rule 44.1, Fed. R. Civ. P. Since Nova has pleaded on the assumption that Delaware law applies, and since Nova has no cause of action under Delaware law, Nova has not stated a claim for breach of contract and has failed to adequately plead its claims under *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Therefore, Nova's Fourth Counterclaim, i.e., Breach of Contract, must be dismissed.

   **B. Nova's Misappropriation Of Trade Secret, Unfair Competition, And Conversion Counterclaims Arise Under the Agreement And Also Fail To State A Claim**

The choice of law provision in the Agreement, coupled with Nova's failure to plead Swiss law, requires that the Court also dismiss Nova's Fifth through Seventh Counterclaims. As

6

noted above, the broad choice of law provision in the Agreement indicates that the parties' relationship is "governed in all respects" by Swiss law. Where a choice of law provision is written broadly, as here, a court will generally apply the chosen law to all disputes arising out of the contractual relationship. *See, e.g., ABRY Partners V, L.P. v. F&W Acquisition LLC*, 891 A.2d 1032, 1048 (Del. Ch. 2006) (applying the choice of law provision to the breach of contract claim as well as other tort claims); *see also VGS, Inc. v. Castiel*, C.A. No. 17995, 2003 WL 723285 at *7 (Del. Ch. Feb. 28, 2003), and *Turtur v. Rothschild Registry Int'l, Inc.*, 26 F.3d 304, 309 (2d. Cir. 1994). In this case, the broad language of the choice of law provision evidences a clear intent to have Swiss law apply to the full relationship between Nova and HLR concerning information exchanged under the Agreement.

Nova's own pleading makes clear that its Misappropriation of Trade Secret, Unfair Competition and Conversion Counterclaims are based upon the alleged misuse of information that Nova provided under the Agreement. Indeed, Nova bases its Misappropriation of Trade Secrets, Unfair Competition and Conversion Counterclaims on the ***exact same*** set of facts as Nova's Breach of Contract Counterclaim, namely, that Roche allegedly misused Nova's confidential, proprietary and/or trade secret information. *Compare* D.I. 181 at ¶¶ 37-39, 41-42 and 43-45 *with id.* at ¶¶ 34-35. In other words, if Roche's use of the alleged information complied with the terms of the Nova-HLR Agreement, then there was no breach of contract, no misuse of trade secrets, no unfair competition, no conversion, and all of Nova's Fourth through Seventh Counterclaims fail as a matter of law.

For purposes of the present motion to dismiss, the important point is that Nova's Fifth through Seventh Counterclaims arise out of the Agreement. And because the Agreement specifies that it is governed "in all respects" by Swiss law, those counterclaims are governed by

7

Swiss law. But as previously noted, Nova has neither pleaded nor noticed Swiss law, much less met the requirements of Rule 44.1, Fed. R. Civ. P. Instead, Nova has presented counterclaims for U.S. common law torts, which do not apply. In this situation, Nova has not stated a claim for misappropriation of trade secrets, unfair competition, or conversion and has failed to adequately plead its claims under *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). For at least the foregoing reasons, Nova's Fifth through Seventh Counterclaims must be dismissed.

### C. If Delaware Law Applies, Then the Sixth Counterclaim (Unfair Competition) And the Seventh Counterclaim (Conversion) Are Preempted

If this should Court decide that Swiss law does not apply to Nova's tort remedy counterclaims, then Nova's claims for unfair competition and conversion against Roche, a Delaware Corporation, are preempted by the Delaware Uniform Trade Secrets Act ("DUSTA").

The DUSTA preempts common-law claims that rely wholly on alleged trade secret misappropriation. *Ethypharm S.A. France v. Bently Pharmas., Inc.,* 388 F. Supp. 2d 426, 433 (D. Del. 2005) ("A claim will be preempted [by the Delaware Uniform Trade Secret Act] if it is grounded in the same facts which purportedly support the Misappropriation of Trade Secrets claim.") (internal citation omitted); *Leucadia, Inc., v. Applied Extrusion Technologies, Inc.,* 755 F. Supp. 635, 637 (D. Del 1991) (noting the Delaware legislature's intent to create a single cause of action for allegations of trade secret misappropriation). As noted above, Nova's Misappropriation of Trade Secrets, Unfair Competition, and Conversion Counterclaims are all based on the exact same alleged misuse of the exact same information. *See* D.I. 181 at ¶¶ 37-39, 41-42 and 43-45. Thus, under Delaware law, the unfair competition and conversion counterclaims are preempted by the trade secrets misappropriation counterclaim. For these

reasons too, Nova has failed to state a claim for unfair competition and conversion because no such claims exist under Delaware law under the facts alleged by Nova.

## VI.    CONCLUSION

For at least the foregoing reasons, Roche respectfully requests that the Court dismiss the following Nova Counterclaims for failure to state a claim upon which relief can be granted:

- Nova's Fourth Counterclaim for Breach of Contract;

- Nova's Fifth Counterclaim for Misappropriation of Trade Secrets;

- Nova's Sixth Counterclaim for Unfair Competition; and

- Nova's Seventh Counterclaim for Conversion.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Dated: May 28, 2008
866709

By: /s/ Philip A. Rovner
    Philip A. Rovner (#3215)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    provner@potteranderson.com

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc., and*
*Corange International Limited*

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on May 28, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Frederick L. Cottrell, III, Esq.
Anne Shea Gaza, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com
gaza@rlf.com

Mary W. Bourke, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
mbourke@cblh.com

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
500 Delaware Avenue
8th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

**BY HAND DELIVERY AND E-MAIL**

John W. Shaw, Esq.
Jeffrey T. Castellano, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
jcastellano@ycst.com

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
rsmith@mnat.com

I hereby certify that on May 28, 2008 the foregoing document was sent by E-mail to the following non-registered participants:

Edward A. Mas, II, Esq.
Stephen F. Sherry, Esq.
Kirk Vander Leest, Esq.
James M. Hafertepe, Esq.
Merle S. Elliott, Esq.
McAndrews, Held & Malloy, Ltd.
500 West Madison Street
34th Floor
Chicago, IL 60661
emas@mcandrews-ip.com
ssherry@mcandrews-ip.com
kvanderleest@mcandrews-ip.com
jhafertepe@mcandrews-ip.com
melliott@mcandrews-ip.com

Kenneth P. George, Esq.
Joseph M. Casino, Esq.
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
kgeorge@arelaw.com
jcasino@arelaw.com

Bradford J. Badke, Esq.
Sona De, Esq.
Michael Kahn, Esq.
Simon Fitzpatrick, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Jim.badke@ropesgray.com
Sona.de@ropesray.com
Michael.kahn@ropesgray.com
Simon.fitzpatrick@ropesgray.com

Wesley E. Overson, Esq.
Rachel Krevans, Esq.
Jason R. Bartlett, Esq.
Parisa Jorjani, Esq.
Daniel P. Muino, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
woverson@mofo.com
rkrevans@mofo.com
jasonbartlett@mofo.com
pjorjani@mofo.com
dmuino@mofo.com

Michael G. Adams, Esq.
Ashley L. Ellis, Esq.
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com