IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 07-753-JJF |
| ABBOTT DIABETES CARE, INCORPORATED, ABBOTT DIABETES CARE SALES CORPORATION, BAYER HEALTHCARE, LLC, DIAGNOSTICS DEVICES, INC., LIFESCAN, INCORPORATED, and NOVA BIOMEDICAL CORPORATION | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ANSWERING BRIEF OF BAYER HEALTHCARE, LLC, LIFESCAN, INC., AND NOVA BIOMEDICAL CORPORATION IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE AND/OR DISMISS AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

OF COUNSEL:

Rachel Krevans
Wesley E. Overson
Parisa Jorjani
Daniel P. Muino
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000

Kenneth P. George
Joseph M. Casino
AMSTER ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
(212) 336-8000

YOUNG CONAWAY STARGATT & TAYLOR, LLP
John W. Shaw (No. 3362)
jshaw@ycst.com
Jeffrey T. Castellano (No. 4837)
jcastellano@ycst.com
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

*Attorneys for Bayer Healthcare, LLC*

CONNOLLY BOVE LODGE & HUTZ LLP
Mary W. Bourke (No. 2356)
R. Eric Hutz (No. 2702)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

*Attorneys for LifeScan, Inc.*

OF COUNSEL:

Bradford J. Badke
Sona De
Michael P. Kahn
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000

MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
Rodger D. Smith II
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

*Attorneys for Nova Biomedical Corporation*

June 6, 2008

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS ................................................ 1

SUMMARY OF ARGUMENT ................................................................................ 2

ARGUMENT .......................................................................................................... 3

    A.    Defendants' Counterclaims And Affirmative Defenses Are
            Properly Pled Under Federal Rule Of Civil Procedure 8(a). ............................ 3

    B.    *Twombly* Is Not Applicable To Affirmative Defenses ...................... 7

    C.    If The Court Is Inclined To Require More Specificity In
            Defendants' Affirmative Defenses And Counterclaims,
            Defendants Should Be Given Leave To Amend Their
            Answers.............................................................................................. 10

CONCLUSION....................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Abbott Diabetes Care Inc., et al. v. Roche Diagnostic Operations, Inc., et al.,*
Case No. 05-3117 WHA (N.D. Cal.) ...................................................................................2

*Anticancer Inc. v. Xenogen Corp.,*
248 F.R.D. 278 (S.D. Cal. 2007) ...............................................................................8, 10

*Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.,*
531 F. Supp. 2d 620 (S.D.N.Y. 2008)........................................................................8, 10

*Bartronics, Inc. v. Power-One, Inc.,*
245 F.R.D. 532 (S.D. Ala. 2007) .....................................................................................8

*Bell Atlantic Corp. v. Twombly,*
127 S. Ct. 1955 (2007)..........................................................................................2, 3, 4, 9

*CFMT, Inc. v. Yieldup Int'l Corp.,*
Civ. No. 95-549-LON, 1996 U.S. Dist. LEXIS 22795 (D. Del. April 5, 1996) .......................8

*Erickson v. Pardus,*
127 S. Ct. 2197 (2007)................................................................................................3, 4

*Ferguson Beauregard/Logic Controls, Inc. v. Mega Sys., LLC,*
350 F.3d 1327, 1344 (Fed. Cir. 2003)...............................................................................9

*McKesson Info. Solutions, LLC v. The Trizetto Group, Inc.,*
Civ. No. 04-1258-SLR, 2005 U.S. Dist. LEXIS 6733 (D. Del., April 20, 2005) .................3, 8

*McZeal v. Sprint Nextel Corp.,*
501 F.3d 1354 (Fed. Cir. 2007)........................................................................................5

*Phillips v. County of Allegheny,*
515 F.3d 224, 234 (3rd Cir. 2008) ...............................................................................5, 10

*Symbol Techs., Inc. v. Hand Held Prods., Inc.,*
Civ. No. 03-102-SLR, 2003 WL 22750145 (D. Del. Nov. 14, 2003) ......................................9

*Winer Family Trust v. Queen,*
503 F.3d 319 (3d Cir. 2007)............................................................................................10

## STATUTES AND RULES

35 U.S.C.
  § 282(4)....................................................................................................8, 9

37 U.S.C.
  §§ 102, 103, and 112................................................................................8

Fed. R. Civ. P.
  8...................................................................................2, 3, 4, 5
  8(a)...............................................................................3, 4, 10
  8(a)(2)..............................................................................4, 5
  8(b)......................................................................................7
  9(b)......................................................................................9
  12(b)(6)............................................................................4, 5
  15(a)...................................................................................10
  16.......................................................................................10

Defendants Bayer Healthcare, LLC ("Bayer"), LifeScan, Inc. ("LifeScan"), and Nova

Biomedical Corporation ("Nova") (collectively, "Defendants") submit this answering brief in

opposition to the motion of plaintiffs Roche Diagnostics Operations, Inc. and Corange

International Ltd. (collectively, "Roche") to strike and/or dismiss Defendants' affirmative

defenses and counterclaims.

## NATURE AND STAGE OF THE PROCEEDINGS

On November 21, 2007, Roche filed the present action alleging that Defendants

infringe U.S. Patents No. 7,276,146 (the "'146 Patent") and No. 7,276,147 (the "'147 Patent"),

covering methods used in blood glucose monitoring products. D.I. 1. All Defendants answered

the complaint, except for Diagnostic Devices Inc. ("DDI"), which moved to dismiss for lack of

personal jurisdiction. D.I. 41, 43, 44, 47. Defendants asserted a number of affirmative defenses,

including patent invalidity, waiver, estoppel, unclean hands, forfeiture, and acquiescence.

Defendant Nova asserted, *inter alia*, a counterclaim against Roche for infringement of U.S.

Patent No. 6,258,229 (the "'229 Patent"). D.I. 47 at 11. Roche answered Nova's counterclaims

on January 31, 2008, and asserted single-sentence affirmative defenses of invalidity, laches,

waiver, estoppel, unclean hands, forfeiture, and acquiescence, among others. D.I. 63 at 11-12.

On February 8, 2008, Nova filed an amended answer with the same patent infringement

counterclaim, and Roche again answered with the same single-sentence affirmative defenses.

D.I. 69, 81.

On April 16, 2008, Roche's Amended Complaint was entered. D.I. 142. Defendants

Bayer, LifeScan, and Nova answered the amended complaint, again asserting a number of

affirmative defenses and counterclaims. D.I. 156, 181, 182. Roche answered Nova's patent

infringement counterclaim and asserted its affirmative defenses, this time adding one or two

sentences to each defense describing an example of the defense.  D.I. 199.

## SUMMARY OF ARGUMENT

Bayer, LifeScan, and Nova have pled their affirmative defenses and counterclaims

(including defenses of invalidity, waiver, estoppel, unclean hands, forfeiture, and acquiescence)

in the same manner that patent affirmative defenses and counterclaims have long been pled

throughout the country (and even by Roche in this case) – by giving notice of the statutes and

legal standards under which each affirmative defense and counterclaim is raised.  Defendants

thereby satisfied the notice pleading requirement of Federal Rule of Civil Procedure 8.

In its motion to strike Defendants' affirmative defenses and counterclaims, Roche makes

the startling argument that the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 127

S. Ct. 1955 (2007), somehow raised the pleading standard for patent defenses, even though that

case did not address patent defenses at all.  Roche's attempt to dramatically alter the pleading

standard in patent cases is without support and should be denied.

Defendants' affirmative defenses and counterclaims follow the form that is customarily

used for such pleadings, even by Roche itself.  Indeed, until recently, Roche's affirmative

defenses to Nova's counterclaims in this case were pled in the same manner as Defendants'

affirmative defenses.  As a further example, in the currently pending case of *Abbott Diabetes*

*Care Inc., et al. v. Roche Diagnostic Operations, Inc., et al.*, Case No. 05-3117 WHA (N.D.

Cal.), defendants Roche, Bayer, and Nova all pled affirmative defenses, post-*Twombly*, in the

same manner as the Bayer, LifeScan, and Nova defenses in the present case.  It is undeniable that

the defenses and counterclaims in this case were pled in the typical manner for such pleadings.

Contrary to Roche's assertion, the Supreme Court's *Twombly* decision did not change this pleading standard. *Twombly* was focused on the pleading of antitrust claims, and did not address patent defenses at all. Neither the Federal Circuit nor the District of Delaware have ever interpreted *Twombly* to modify the longstanding pleading requirements for patent defenses.

Defendants' notice pleading of their affirmative defenses and counterclaims is in the manner that has always been sufficient in the past, and there is no authority to support a change in this approach. If the Court is nevertheless inclined to require more specificity in these pleadings, Defendants should be permitted to amend their answers as needed.

## ARGUMENT

"Motions to strike affirmative defenses . . . are disfavored." *McKesson Info. Solutions, LLC v. The Trizetto Group, Inc.,* Civ. No. 04-1258-SLR, 2005 U.S. Dist. LEXIS 6733, at *3 (D. Del., April 20, 2005). "When ruling on such a motion, 'the court must construe all facts in favor of the nonmoving party . . . and deny the motion if the defense is sufficient under the law.'" *Id.* (citation omitted). Roche's motion provides no compelling basis for the dramatic remedy that it seeks – the striking of Defendants' affirmative defenses and counterclaims on invalidity and other crucial defenses.

### A.    Defendants' Counterclaims And Affirmative Defenses Are Properly Pled Under Federal Rule Of Civil Procedure 8(a).

Contrary to Roche's suggestion, the Supreme Court's decision in *Twombly* did not effect a dramatic change in federal pleading requirements. The *Twombly* Court specifically stated that it did not intend to significantly change the standard of notice pleading captured in Federal Rule of Civil Procedure 8 ("Rule 8"). *Twombly*, 127 S. Ct. at 1964 (a pleading "does not need detailed factual allegations"). Indeed, in a case decided shortly after *Twombly*, the Supreme Court reaffirmed its commitment to notice pleading. *Erickson v. Pardus,* 127 S. Ct. 2197, 2200

(2007) (per curiam) ("specific facts are not necessary . . ."). By its own terms, *Twombly* did not change the general pleading standard in federal cases, let alone the requirements for pleading patent affirmative defenses and counterclaims.

Notice pleading, as set forth in Rule 8, is the standard in federal civil court. A complaint is sufficiently pled when it contains:

> (1) a short and plain statement of the grounds for the court's jurisdiction [. . . ]
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought [. . .].

Fed. R. Civ. P. 8(a). The *Twombly* Court reiterated that Rule 8(a)(2) requires the claim to "sho[w] that the pleader is entitled to relief." *Twombly*, 127 S. Ct. at 1966. While the Court found that Twombly's complaint for alleged antitrust violations failed that basic requirement, it did not impose a higher pleading requirement than already existed. *Id.* at 1973 n. 14. In fact, the Court cited *Twombly* just days later as authority for traditional Rule 8 and 12(b)(6) principles. *See Erickson*, 127 S. Ct. at 2200.

Specific facts are not necessary to survive a motion to dismiss or strike – the pleading need only provide fair notice of the claims and the grounds on which they rest. *Erickson*, 127 S. Ct. at 2200. In *Erickson*, an inmate representing himself *pro se* alleged an Eighth Amendment claim based on the prison officials' termination of his treatment program for hepatitis C. His complaint stated only that medication was withheld "shortly after" he had commenced a treatment program that would take one year, that he was "still in need of treatment for this disease," and that the prison officials were refusing to provide the treatment. *Erickson*, 127 S. Ct. at 2200. The Court of Appeals found that the allegations were too conclusory, because Erickson could not show that the interruption of his medication caused a cognizable independent harm necessary to make a claim under the Eight Amendment. *Id.* Applying *Twombly*, the Supreme Court reversed the Court of Appeals, finding that Erickson's brief

description satisfied the "liberal" pleading requirements of Rule 8(a)(2), because it provided sufficient notice to the defendants. *Id.*

The Federal Circuit has confirmed that *Twombly* did not change the notice pleading requirement of Rule 8. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (the discussion in *Twombly* "does not suggest that [it] changed the pleading requirement of Federal Rule of Civil Procedure 8"). In *McZeal*, the court upheld plaintiff's patent infringement claims against a motion to dismiss. *Id.* at 1358-59. The court found that "McZeal's complaint contain[ed] enough detail to allow the defendants to answer and thus me[t] the notice pleading required to survive a Rule 12(b)(6) motion. Nothing more is required." *Id.* at 1357 (citation omitted).

The Third Circuit has also considered the *Twombly* ruling and found it to be consistent with the traditional pleading requirements of the Federal Rules of Civil Procedure. In *Phillips v. County of Allegheny*, the Third Circuit clarified that post-*Twombly* pleading "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d 224, 234 (3rd Cir. 2008). The determination of whether a pleading includes "enough facts" to state a claim depends on the legal and factual context of the case. *Id.* at 232. In other words, "[f]air notice under Rule 8(a)(2) depends on the type of case—some complaints will require at least some factual allegations to make out a 'showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* at 233 (citing *Twombly,* 127 S. Ct. at 1964). Thus, what qualifies as "enough facts" will vary from case to case.

In patent cases, it has long been deemed sufficient to plead invalidity and other defenses by naming the patents in question and the statutory or other legal bases for the defense. For

example, in *Abbott Diabetes Care Inc., et al. v. Roche Diagnostic Operations, Inc., et al.*, Case

No. 05-3117 WHA (N.D. Cal.), Roche itself submitted the following affirmative defenses and

counterclaims, even after *Twombly* was decided:

### AFFIRMATIVE DEFENSES

      1.      The '551 and '745 patents are invalid for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, and 112.

      2.      The '551 patent is invalid for prosecution laches.

      3.      Abbott's claims under the '551 patent are barred by laches.

### COUNTERCLAIMS FOR DECLARATORY JUDGMENT

      4.      The '551 and '745 patents are invalid for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, and 112.

      5.      The '551 patent is invalid for prosecution laches and Abbott's claims under it are barred by laches.

Exhibit ("Ex.") A (Roche again asserted these defenses in an amended answer filed under

seal in January 2007, after *Twombly* was decided). These affirmative defenses and

counterclaims are drafted in the same manner as the defenses and counterclaims asserted

by Defendants in this case.

      Moreover, in this very case, Roche has asserted affirmative defenses that do not meet the

heightened pleading requirement that Roche now asks the Court to impose on Defendants.

Nova's answer of January 11, 2008 included a counterclaim against Roche for infringement of

the '229 Patent. D.I. 47 at 11. In answering Nova's counterclaims, Roche asserted affirmative

defenses of invalidity, laches, waiver, estoppel, unclean hands, forfeiture, and acquiescence, in

the following manner:

**Second Affirmative Defense**

The claims of the '229 patent are invalid for failure to comply with one or more of the conditions for patentability specified in 35 U.S.C. § 101, et seq., including, but not limited to, the requirements in 37 U.S.C. §§ 102, 103, and 112.

**Eleventh Affirmative Defense**

Nova's counterclaims against Roche are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, unclean hands, forfeiture and/or acquiescence.

D.I. 63 at 11-12. It is no surprise that Roche penned its affirmative defenses in substantially the same manner as the affirmative defenses it now seeks to strike. This is the standard way of drafting an affirmative defense in patent litigation. Roche submitted these exact defenses not once, but twice in this post-*Twombly* litigation: first, in its initial answer to Nova's counterclaims (D.I. 63), and again in response to Nova's amended answer and counterclaims. D.I. 81.

On May 28, 2008, just nine days after Roche filed its motion to strike or dismiss, Roche again answered Nova's patent infringement counterclaim with the same affirmative defenses, but this time added one or two sentences to each defense describing an example of the defense. D.I. 199. This modification of its affirmative defenses is a transparent and belated attempt to conform to the heightened pleading standard that Roche argues is required by *Twombly*. Yet, the fact that Roche only recently added a few sentences to its defenses, after twice pleading its defenses in the usual "notice" manner, demonstrates that Roche itself did not initially interpret *Twombly* in the way it now asserts.

**B.      *Twombly* Is Not Applicable To Affirmative Defenses.**

*Twombly* did not reach Rule 8(b) defenses or 8(c) affirmative defenses. Roche simply goes too far with the suggestion that there is "no question" regarding the application of *Twombly* to affirmative defenses. Roche cites two district court cases from other jurisdictions holding that

the rationale in *Twombly* applies to affirmative defenses.  *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.,* 531 F. Supp. 2d 620, 623 (S.D.N.Y. 2008); *Anticancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278, 282 (S.D. Cal. 2007).  But this question is far from settled.  At least one district court has held that *Twombly* does not "require more detailed pleading of affirmative defenses." *Bartronics, Inc. v. Power-One, Inc.*, 245 F.R.D. 532, 537 (S.D. Ala. 2007).

       The weight of patent law authorities cuts against a heightened pleading requirement for affirmative defenses.  In *McKesson,* plaintiff moved to strike or dismiss defendant's affirmative defenses and counterclaims.  *McKesson*, 2005 U.S. Dist. LEXIS 6733, at *3 (D. Del., April 20, 2005).  The defendant had pled its affirmative defense of invalidity in the traditional manner: "[Patent is invalid] for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and 112." *Id*. at *4.  The court denied plaintiff's motion, noting that "[i]n complex litigation, such as cases involving patent infringement, it is through the discovery process that the parties refine and focus their claims." *Id*. at *5.

       Similarly, in *CFMT, Inc. v. Yieldup Int'l Corp.*, plaintiff asserted that defendant did not plead its affirmative defenses with specificity.  *CFMT*, Civ. No. 95-549-LON, 1996 U.S. Dist. LEXIS 22795 at *7 (D. Del. April 5, 1996).  Again, defendant had pled its affirmative defenses in the traditional manner.  For example, the invalidity defense stated, "Upon information and belief, the claims of the '761 patent are invalid because the invention allegedly patented thereby fails to meet one or more of the conditions for patentability specified in Title 35, United States Code, in particular one or more of Sections 102(a), 102(b), 102(e), 102(f), 102(g) and 112." *Id.* The court denied plaintiff's motion to strike, noting that "a party seeking to assert the defense of noninfringement or invalidity of the patent [is required to] give the plaintiff 30 days written

notice of certain elements of those defenses, if the defendant has chosen not to set forth those elements in his answer." *Id.* at *8 (citing 35 U.S.C. § 282). As the court recognized, the abbreviated method of pleading affirmative defenses in patent cases is specifically contemplated and permitted by the patent statute itself, which does not require prior art to be disclosed in an answer. *See* 35 U.S.C. § 282(4). The two cases cited by Roche make no mention of this statutory provision governing patent defenses.

Additionally, it should be noted that patent law does require heightened pleading for at least one affirmative defense – inequitable conduct. As with all fraud-related allegations, inequitable conduct must be pled with greater specificity under Federal Rule of Civil Procedure 9(b). *See Ferguson Beauregard/Logic Controls, Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003) ("inequitable conduct, while a broader concept than fraud, must be pled with particularity"). But this has always been the exception, rather than the rule. Roche's approach would improperly hold all patent affirmative defenses to the heightened pleading standard reserved for inequitable conduct allegations under Rule 9(b).

The answer to a complaint is not the place for defendants to lay out the details of their defenses to patent infringement. Defendants do not have the advantage of being able to conduct pre-filing investigation to support their theories, as plaintiffs do. Accordingly, it is unreasonable to expect defendants to have their defenses developed by the time they file their answers a mere 20 days into the case. In *Twombly*, the Court examined plaintiffs' antitrust claims, the sufficiency of which would determine whether the case would even proceed to discovery. *Twombly*, 127 S. Ct. at 1964-65. In this case, Phase I discovery on Roche's claims of patent infringement is already underway, and invalidity discovery is scheduled for Phase II. The details of Defendants' defenses will be developed through the course of discovery. *See Symbol Techs.,*

*Inc. v. Hand Held Prods., Inc.*, Civ. No. 03-102-SLR, 2003 WL 22750145 at * 3 (D. Del., Nov. 14, 2003) ("[p]articularly in complex litigation, it is through the discovery process that the parties refine and focus their claims"). For pleading purposes, the affirmative defenses and counterclaims pled by Defendants are sufficient to put Roche on notice of Defendants' defenses, as required by Rule 8(a).

### C.    If The Court Is Inclined To Require More Specificity In Defendants' Affirmative Defenses And Counterclaims, Defendants Should Be Given Leave To Amend Their Answers.

Should the Court find fault with any of Defendants' affirmative defenses or counterclaims, Defendants must be permitted to amend their answers. Upon dismissal of a claim, counterclaim, or defense, "a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245. Generally, a court shall freely grant leave to amend, but may deny leave "on the grounds that amendment would cause undue delay or prejudice, or that amendment would be futile." Fed. R. Civ. P. 15(a); *Winer Family Trust v. Queen,* 503 F.3d 319, 330-31 (3d Cir. 2007) (internal quotation marks omitted). Indeed, in both post-*Twombly* cases cited by Roche, the courts permitted the parties to amend the pleadings that had been stricken or dismissed. *Aspex,* 531 F. Supp. 2d at 623; *Anticancer*, 248 F.R.D. at 282-83.

If the Court determines that any of the affirmative defenses or counterclaims were not pled sufficiently, the Court should grant defendants leave to amend. Amending the Defendants' answers would not cause undue delay or prejudice. Each defendant has between two and four claims or defenses that are subject to Roche's challenge. Most of the defenses and counterclaims targeted by Roche pertain to invalidity and prior art issues that are not even subject to discovery in this phase of the litigation. Under the Court's Rule 16 Scheduling Order, the invalidity phase

will likely not commence until early 2009, affording Roche plenty of opportunity to take

discovery on Defendants' affirmative defenses and counterclaims.

## **CONCLUSION**

For the foregoing reasons, Bayer, LifeScan, and Nova respectfully request that the Court

deny Roche's Motion to Strike and/or Dismiss Affirmative Defenses and Counterclaims.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

_____

John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jcastellano@ycst.com

Rachel Krevans
Wesley E. Overson
Parisa Jorjani
Daniel P. Muino
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000

Kenneth P. George
Joseph M. Casino
AMSTER ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
(212) 336-8000

*Attorneys for Bayer Healthcare, LLC*

CONNOLLY BOVE LODGE & HUTZ LLP
Mary W. Bourke (No. 2356)
R. Eric Hutz (No. 2702)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

*Attorneys for LifeScan, Inc.*


MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
Rodger D. Smith II
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com

Bradford J. Badke
Sona De
Michael P. Kahn
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000

*Attorneys for Nova Biomedical Corporation*

Dated:  June 6, 2008

# EXHIBIT A

1   Richard B. Ulmer Jr. (SBN 124561)          Donald E. Knebel (*pro hac vice*)
    LATHAM & WATKINS LLP                       Larry A. Mackey (*pro hac vice*)
2   135 Commonwealth Drive                     Lynn C. Tyler (*pro hac vice*)
    Menlo Park, CA 94025                        Paul B. Hunt (*pro hac vice*)
3   Telephone: (650) 328-4600                  BARNES & THORNBURG LLP
    Fax:  (650) 463-2600                       11 South Meridian Street
4   Email: dick.ulmer@lw.com                   Indianapolis, IN 46204
                                               Telephone: (317) 236-1313
5   Sandy Choi (SBN 236005)                    Fax: (317) 231-7433
    LATHAM & WATKINS LLP                       Email: donald.knebel@btlaw.com
6   505 Montgomery Street, Suite 2000
    San Francisco, CA 94111                    Daniel P. Albers (*pro hac vice*)
7   Telephone: (415) 391-0600                  Jonathan P. Froemel (*pro hac vice*)
    Fax: (415) 395-8095                        BARNES & THORNBURG LLP
8   Email: sandy.choi@lw.com                   One North Wacker Drive, Suite 4400
                                               Chicago, IL 60606
9   Brent A. Harris (*pro hac vice*)           Telephone: (312) 357-1313
    ROCHE DIAGNOSTICS OPERATIONS, INC.         Fax: (312) 759-5646
10  9115 Hague Road                            Email: daniel.albers@btlaw.com
    Indianapolis, IN 46250
11  Telephone: (317) 845-2000
    Fax: (317) 521-2883
12  Email: brent.harris@roche.com

13  Attorneys for Defendant/Counterplaintiff,
    ROCHE DIAGNOSTICS CORPORATION
14
                           UNITED STATES DISTRICT COURT
15                         NORTHERN DISTRICT OF CALIFORNIA

16  ABBOTT DIABETES CARE INC. and       )   CASE NO. C 05 3117
    ABBOTT LABORATORIES,                 )
17                                       )   ANSWER TO FIRST
                                         )   AMENDED COMPLAINT
18              Plaintiffs/              )   AND COUNTERCLAIMS
                Counterdefendants,       )
19                                       )
         vs.                             )   DEMAND FOR JURY TRIAL
20                                       )
    ROCHE DIAGNOSTICS CORP.,             )   CERTIFICATE OF INTERESTED
21  ROCHE DIAGNOSTICS OPERATIONS,        )   ENTITIES
    INC., and BAYER HEALTHCARE LLC,      )
22                                       )
                Defendants/              )
23              Counterplaintiffs.       )

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER TO FIRST AMENDED COMPLAINT
AND COUNTERCLAIMS
CASE NO. C 05 3117

1      Defendants Roche Diagnostics Corporation ("RDC") and Roche Diagnostics

2  Operations, Inc. ("RDOI"; collectively, Roche), for their Answer and Counterclaims to

3  Plaintiffs' First Amended Complaint for Patent Infringement ("Complaint"), allege and state:

4                      **THE PARTIES**

5         1.     Roche is without knowledge or information sufficient to form a belief as

6  to the truth of the allegations of the first sentence of paragraph 1 of Plaintiffs' Complaint. RDC

7  denies any and all remaining allegations of paragraph 1 of Plaintiffs' Complaint.

8         2.     Roche is without knowledge or information sufficient to form a belief as

9  to the truth of the allegations of the first two sentences of paragraph 2 of Plaintiffs' Complaint.

10  Roche denies any and all remaining allegations of paragraph 2 of Plaintiffs' Complaint.

11         3.     RDC admits the allegations of the first and third sentences of paragraph 3

12  of Plaintiffs' Complaint. RDC admits that it regularly conducts business in this district and

13  denies any and all remaining allegations of paragraph 3 of Plaintiff' Complaint.

14         4.     RDOI admits that it is a Delaware corporation with its principal place of

15  business in Indianapolis, Indiana. RDOI denies that it has business operations and regularly

16  conducts business in this district. RDOI admits that for purposes of Plaintiffs' First Amended

17  Complaint in this case only it may be served with process by serving its counsel, Lynn C. Tyler,

18  Barnes & Thornburg LLP, 11 South Meridian Street, Indianapolis, IN 46204-3535. Roche denies

19  any and all remaining allegations of paragraph 4 of Plaintiffs' Complaint.

20         5.     Roche is without knowledge or information sufficient to form a belief as

21  to the truth of the allegations of paragraph 5 of Plaintiffs' Complaint.

22             **JURISDICTION AND VENUE**

23         5.     Paragraph 6 of Plaintiffs' Complaint consists entirely of legal conclusions

24  to which Roche has no obligation to respond.

25         7.     Paragraph 7 of Plaintiffs' Complaint consists entirely of legal conclusions

26  to which Roche has no obligation to respond.

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

ANSWER TO FIRST AMENDED COMPLAINT
AND COUNTERCLAIMS
CASE NO. C 05 3117

## FIRST CAUSE OF ACTION
### (Patent Infringement - U.S. Patent No. 5,820,551 Against RDC)

8.     RDC incorporates by reference its response to the allegations of paragraphs 1 through 7 as if fully set forth herein.

9.     RDC admits that a copy of U.S. Patent No. 5,820,551 ("the '551 patent") was attached to Plaintiffs' Complaint as Exhibit A. RDC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 of Plaintiffs' Complaint.

10.     RDC denies any and all allegations of paragraph 10 of Plaintiffs' Complaint.

11.     RDC denies any and all allegations of paragraph 11 of Plaintiffs' Complaint.

12.     RDC denies any and all allegations of paragraph 12 of Plaintiffs' Complaint.

## SECOND CAUSE OF ACTION
### (Patent Infringement - U.S. Patent No. 5,820,551 Against RDOI)

13.     RDOI incorporates by reference its response to the allegations of paragraphs 1 through 12 as if fully set forth herein.

14.     RDOI admits that a copy of U.S. Patent No. 5,820,551 ("the '551 patent") was attached to Plaintiffs' Complaint as Exhibit A. RDOI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 of Plaintiffs' Complaint.

15.     RDOI denies any and all allegations of paragraph 15 of Plaintiffs' Complaint.

16.     RDOI denies any and all allegations of paragraph 16 of Plaintiffs' Complaint.

17.     RDOI denies any and all allegations of paragraph 17 of Plaintiffs' Complaint.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

ANSWER TO FIRST AMENDED COMPLAINT
AND COUNTERCLAIMS
CASE NO. C 05 3117

**THIRD CAUSE OF ACTION**

**(Patent Infringement - U.S. Patent No. 5,820,551 Against Bayer)**

18-22.   Paragraphs 18-22 of Plaintiffs' Complaint do not include any allegations directed against Roche and therefore Roche has no obligation to respond to those paragraphs.

**FOURTH CAUSE OF ACTION**

**(Patent Infringement - U.S. Patent No. 6,592,745 Against RDC)**

23.   RDC incorporates by reference its response to the allegations of paragraphs 1 through 22 as if fully set forth herein.

24.   RDC admits that a copy of U.S. Patent No. 6,592,745 ("the '745 patent") was attached to Plaintiffs' Complaint as Exhibit B. RDC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24 of Plaintiffs' Complaint.

25.   RDC denies any and all allegations of paragraph 25 of Plaintiffs' Complaint.

26.   RDC denies any and all allegations of paragraph 26 of Plaintiffs' Complaint.

27.   RDC denies any and all allegations of paragraph 27 of Plaintiffs' Complaint.

**FIFTH CAUSE OF ACTION**

**(Patent Infringement - U.S. Patent No. 6,592,745 Against RDOI)**

28.   RDOI incorporates by reference its response to the allegations of paragraphs 1 through 27 as if fully set forth herein.

29.   RDOI admits that a copy of U.S. Patent No. 6,592,745 ("the '745 patent") was attached to Plaintiffs' Complaint as Exhibit B. RDOI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 of Plaintiffs' Complaint.

30.   RDOI denies any and all allegations of paragraph 30 of Plaintiffs' Complaint.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

ANSWER TO FIRST AMENDED COMPLAINT
AND COUNTERCLAIMS
CASE NO. C 05 3117

1    31.    RDOI denies any and all allegations of paragraph 31 of Plaintiffs'

2    Complaint.

3    32.    RDOI denies any and all allegations of paragraph 32 of Plaintiffs'

4    Complaint.

**SIXTH CAUSE OF ACTION**

**(Patent Infringement - U.S. Patent No. 6,592,745 Against Bayer)**

33-37.    Paragraphs 33-37 of Plantiffs' Complaint do not include any allegations

directed against Roche and therefore Roche has no obligation to respond to those paragraphs.

**AFFIRMATIVE DEFENSES**

1.    The '551 and '745 patents are invalid for failure to comply with one or

more provisions of 35 U.S.C. §§ 101, 102, 103, and 112.

2.    The '551 patent is invalid for prosecution laches.

3.    Abbott's claims under the '551 patent are barred by laches.

4.    Plaintiffs' Complaint fails to state a claim upon which relief may be

granted.

**COUNTERCLAIMS FOR DECLARATORY JUDGMENT**

Roche Diagnostics Corporation ("RDC") and Roche Diagnostics Operations, Inc.

("RDOI") (collectively, "Roche"), for their Counterclaim against Plaintiffs/Counterdefendants,

Abbott Diabetes Care Inc. and Abbott Laboratories ("Plaintiffs"), allege and state:

1.    RDC is an Indiana corporation and RDOI is a Delaware corporation. RDC

and RDOI have their principal place of business in Indianapolis, Indiana. RDOI manufactures,

and RDC sells, certain meters and test strips for diabetics to use to test their blood glucose level.

2.    In light of Plaintiffs' Complaint, there is an actual controversy between

Roche and Plaintiffs within the meaning of 28 U.S.C. § 2201 concerning whether Roche

infringes the '551 patent and/or '745 patent and whether those patent are valid.

3.    Roche does not infringe either the '551 patent or the '745 patent.

4.    The '551 patent and '745 patent are invalid for failure to comply with one

or more of 35 U.S.C. §§ 101, 102, 103, and 112.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

ANSWER TO FIRST AMENDED COMPLAINT
AND COUNTERCLAIMS
CASE NO. C 05 3117

1          5.    The '551 patent is invalid for prosecution laches and Abbott's claims

2    under it are barred by laches.

3          WHEREFORE, RDC and RDOI pray that Plaintiffs take nothing by way of their

4    Complaint, that the Court dismiss Plaintiffs' claims against RDC and RDOI with prejudice, that

5    the Court award costs against Plaintiffs, and that the Court award RDC all other just and proper

6    relief. RDC and RDOI request that the Court enter a declaratory judgment in their favor and

7    against Plaintiffs/Counterdefendants that RDC and RDOI do not infringe either the '551 patent

8    or the '745 patent and that the '551 and '745 patents are invalid, assess costs against the

9    Plaintiffs, and award RDC and RDOI all other just and proper relief.

10   DATED:        October 18, 2005                    LATHAM & WATKINS LLP

11                                                     By: _____/s/_____
                                                           RICHARD B. ULMER JR.
12                                                         SANDY CHOI

13                                                     BARNES & THORNBURG LLP
                                                       Donald E. Knebel
14                                                     Larry A. Mackey
                                                       Daniel P. Albers
15                                                     Lynn C. Tyler
                                                       Paul B. Hunt
16                                                     Jonathan P. Froemel

17                                                     ROCHE DIAGNOSTICS OPERATIONS,
                                                       INC.
18                                                     Brent A. Harris

19                                                     Attorneys for Defendants/Counterplaintiffs
                                                       ROCHE DIAGNOSTICS CORPORATION
20                                                     and ROCHE DIAGNOSTICS
                                                       OPERATIONS, INC.

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

ANSWER TO FIRST AMENDED COMPLAINT
AND COUNTERCLAIMS
CASE NO. C 05 3117

1

## JURY DEMAND

2

3           Pursuant to Federal Rule of Civil Procedure 38(b) and the Seventh Amendment to

the Constitution of the United States, Roche Diagnostics Corporation and Roche Diagnostics

4

Operations, Inc. demand a trial by jury of all claims and issues triable as of right by jury in this

5

action.

6

7    DATED:    October 18, 2005    LATHAM & WATKINS LLP

8    By: _____/s/_____

9    RICHARD B. ULMER JR.
     SANDY CHOI

10    BARNES & THORNBURG LLP

11    Donald E. Knebel
      Daniel P. Albers

12    Lynn C. Tyler
      Paul B. Hunt

13    Jonathan P. Froemel

14    ROCHE DIAGNOSTICS OPERATIONS,
      INC.

15    Brent A. Harris

16    Attorneys for Defendants/Counterplaintiffs
      ROCHE DIAGNOSTICS CORPORATION

17    and ROCHE DIAGNOSTICS
      OPERATIONS, INC

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEMAND FOR JURY DEMAND
CASE NO. C 05 3117

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS
### Pursuant to Northern District Local Rule 3-16

In accordance with Civil Local Rule 3-16, the undersigned certifies that Roche Diagnostics Operations, Inc. has a financial interest in the subject matter in controversy. Roche Diagnostics Operations, Inc., a Delaware corporation, is a wholly-owned subsidiary of Roche Diagnostics Corporation, an Indiana corporation, which is a wholly-owned subsidiary of Roche Holdings, Inc., a Delaware corporation, which is owned, through a series of intermediate subsidiaries, by Roche Holding Ltd., a Swiss company.

In addition, Roche Diagnostics GmbH has an interest that could be substantially affected by the outcome of the proceeding. Roche Diagnostics GmbH, a German corporation, is a wholly-owned subsidiary of Roche Deutschland Holding GmbH, a German corporation, which is owned, through a series of intermediate subsidiaries, by Roche Holding Ltd., a Swiss company.

No other publicly held company or investment fund holds a 10% or more ownership interest in Roche Diagnostics Corporation, Roche Diagnostics Operations, Inc., or Roche Diagnostics GmbH.

DATED:      October 18, 2005                    LATHAM & WATKINS LLP

By: _____/s/_____
        RICHARD B. ULMER JR.

BARNES & THORNBURG LLP
Donald E. Knebel
Daniel P. Albers
Lynn C. Tyler
Paul B. Hunt
Jonathan P. Froemel

ROCHE DIAGNOSTICS OPERATIONS, INC.
Brent A. Harris

Attorneys for Defendant/Counterplaintiff
ROCHE DIAGNOSTICS CORPORATION
and Counterplaintiff
ROCHE DIAGNOSTICS OPERATIONS, INC.

## CERTIFICATE OF SERVICE

I, Jeffrey T. Castellano, Esquire, hereby certify that on June 6, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Philip A. Rovner, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951

Frederick L. Cottrell, III, Esquire
Anne Shea Gaza, Esquire
Richards Layton & Finger PA
One Rodney Square
920 North King Street
Wilmington, DE 19801

Mary W. Bourke, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Rodger D. Smith, II, Esquire
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Steven J. Balick, Esquire
Lauren E. Maguire, Esquire
Ashby & Geddes
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

I further certify that on June 6, 2008, I caused a true and correct copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

Daniel A. Boehnen, Esquire [boehnen@mbhm.com]
Grantland G. Drutchas, Esquire [drutchas@mbhb.com]
Gary E. Hood, Esquire [hood@mbhb.com]
Nicole Keenan, Esquire [keenan@mbhb.com]
Paula S. Fritsch, Esquire [Fritsch@mbhb.com]
Sherri L. Oslick, Esquire [oslick@mbhb.com]
Jeffrey P. Armstrong [armstrongj@mbhb.com]
McDonnell Boehnen Hulbert & Bergoff LLP
300 South Wacker Drive
Chicago, IL  60606

Bradford J. Badke, Esquire [jim.badke@ropesgray.com]
Sona De, Esquire [sona.de@ropesgray.com]
Michael Kahn, Esquire [michael.kahn@ropesgray.com]
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY  10036-8704

Michael G. Adams, Esquire [mikeadams@parkerpoe.com]
Ashley L. Ellis, Esquire [ashleyellis@parkerpoe.com]
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC  28202

Edward A. Mas II, Esquire [emas@mcandrews-ip.com]
Stephen F. Sherry, Esquire [ssherry@mcandrews-ip.com]
Kirk A. Vander Leest, Esquire [kvanderleest@mcandrews-ip.com]
James M. Hafertepe, Esquire [jhafertepe@mcandrews-ip.com]
Merle S. Elliott, Esquire [melliott@mcandrews-ip.com]
McAndrews, Held & Malloy, Ltd.
500 West Madison Street
Chicago, IL  60661

066694.1001

YOUNG CONAWAY STARGATT
  & TAYLOR, LLP

_____

John W. Shaw (No. 3362) [jshaw@ycst.com]
Jeffrey T .Castellano (No. 4837)
[jcastellano@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6600

*Attorneys for Defendant Bayer Healthcare, LLC*

3