## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 07-753-JJF |
| vs. | ) ) ) | |
| ABBOTT DIABETES CARE, INC., ABBOTT DIABETES CARE SALES CORP., BAYER HEALTHCARE, LLC, DIAGNOSTIC DEVICES, INC., LIFESCAN, INCORPORATED, and NOVA BIOMEDICAL CORPORATION, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ROCHE'S SECOND MOTION TO COMPEL

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Dated: June 13, 2008

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
provner@potteranderson.com

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc. and*
*Corange International Limited*

## I.  INTRODUCTION

In the final weeks before the Court-mandated deadline of document discovery, the remaining answering Defendants, Bayer Healthcare, Inc. ("Bayer"), LifeScan, Inc. ("LifeScan"), and Nova Biomedical Corporation ("Nova") (collectively "Defendants") have each blocked significant and necessary discovery as to the identities of end-users of their products.  These end-users are direct infringers of the method claims of the patents-in-suit, and these Defendants are liable for that infringement under 35 U.S.C. §§271 (b) and (c).

Roche discussed with the Defendants simple and straightforward stipulations (*e.g.,* that end-users use each Defendants' product in accord with the instructions that each Defendant provides with the product) that would obviate the need for this discovery.  None of these Defendants has agreed.

In the absence of such stipulations, Roche needs information to identify the Defendants' customers and establish that they have used the Defendants' products in accord with the Defendants' instructions provided with the products.  Those acts of the end-users then become the predicate for Defendants' vicarious liability

If Defendants continue refusing to produce the requested documents and fail to produce them before the June 27, 2008 (which is the deadline for completing Phase I document production set forth in the Court's Rule 16 Scheduling Order (D.I. 147)), the appropriate sanction is an Order establishing as fact the information that Roche needs to prove and would prove with this discovery, namely:

> (a) The end-users of Defendants' products use the Defendants' accused meters and strips in the manner directed by the owner's manuals, product inserts, and other documents supplied by Defendants for those products.

> (b) Bayer, LifeScan, and Nova knew or should have known that their actions would induce such use by end-users.

(c) The end-users of Defendants' accused strips sold after October. 2, 2007 use those strips only in connection with meters that have the structure, functions, features, and operation of Defendants' accused meters sold by Defendants after October. 2, 2007.

An alternative remedial approach would be for the Court to order the Defendants to produce the requested information immediately. However, this approach will not avoid unfair prejudice to Roche unless the Court also adjusts the Phase I schedule for Roche so that it can take additional discovery of third parties and Defendants. That complicating factor was well known to the Defendants when they elected to stonewall discovery on this topic, and they should not be allowed to extend the schedule in such a manner. Thus, the more appropriate approach is to impose the sanctions originally requested above in order that the case can move forward in accord with the Scheduling Order.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

On November 21, 2007, Plaintiff Roche filed a complaint alleging that Defendants were infringing several Roche patents through the manufacture, sale, and use of various blood glucose monitoring products. D.I. 1. Although most of the Defendants answered, D.I. 156, 181, and 182, one Defendant, Diagnostics Devices Inc. ("DDI"), filed a motion to dismiss the complaint for lack of personal jurisdiction. D.I. 44. That jurisdiction motion is currently pending, and activities as to DDI are currently held in abeyance pending its resolution.

This Court has ordered phased discovery, with infringement and prior invention issues in this first phase of discovery ("Phase I"). D.I. 147. In particular, the Court ordered the parties to complete document production and interrogatories regarding infringement and prior inventions issues by June 27, 2007.

Defendants' refusal to provide needed discovery has already required Roche to file one motion to compel in relation to Roche's first set of discovery requests. That motion is fully

briefed and currently pending. Roche's narrowly tailored second set of document requests has

revealed that Bayer, Nova and LifeScan are effectively hiding the ball on an important element

of discovery needed to establish vicarious liability, thus necessitating this motion.

## III.    SUMMARY OF THE ARGUMENT

1. This Court ordered the parties to complete document production and interrogatories

regarding infringement and prior inventions issues by June 27, 2007.

2. Defendants have violated this Order by refusing to produce information that is clearly

related to infringement, as acknowledged by their own interrogatories. As such, an Order

establishing the following facts against Defendants is appropriate:

> (a) The end-users of Defendants' products use the Defendants' accused meters and strips in the manner directed by the owner's manuals, product inserts, and other documents supplied by Defendants for those products.

> (b) Defendants knew or should have known that their actions would induce such use by end-users.

3. Defendants have also violated this Order by refusing to produce information regarding

meters sold before the issuance of the patents-in-suit, even though those meters continue to be

used with test strips sold after the issue date. As such, an Order establishing the following facts

against Defendants is appropriate:

> (c) The end-users of Defendants' accused strips sold after October 2, 2007 use those strips only in connection with meters that have the structure, functions, features, and operation of Defendants' accused meters sold by Defendants after October 2, 2007.

## IV.    ARGUMENT

### A. Defendants Have Improperly Refused to Identify The End-Users

Document Request Nos. 121-123 in Roche's Second Set of Document Requests (as well

as Document Requests Nos. 32-34, 65, and 67 in Roche's First Set of Document Requests) seek

the production of documents and things that identify end-users of Defendants' accused products.

3

*See* Exs. A (LifeScan), B (Bayer) and C (Nova: Request Nos. 163-165). Such discovery is clearly relevant to Phase I issues, but Defendants have only interposed objections and have not produced the requested documents. As such, Roche requests that this Court enter an Order establishing as fact what Roche would have otherwise proven with this discovery, namely that: (i) the end-users of Defendants' products use the Defendants' accused meters and strips in the manner directed by the owner's manuals, product inserts, and other documents supplied by Defendants for those products and (ii) the Defendants knew or should have known that their actions would induce such use by end-users.

The Defendants have objected, asserting that the requests seek information that is not reasonably calculated to lead to the discovery of admissible evidence. That boilerplate objection is out of place. Information regarding the end-users of LifeScan's, Bayer's and Nova's accused products is clearly relevant to Phase I. Further, LifeScan flatly refused, stating that "LifeScan will not respond at this time." Bayer's responses to these requests include only objections and do not even suggest that Bayer will be producing any responsive documents.[1] Nova's response tries to have it both ways, raising a number of objections, and then stating that it will produce documents to the extent not objectionable.[2] None of these objections has any legitimate basis, and the failure to provide such discovery during the document discovery period is in flagrant disregard of this Court's Scheduling Order.

In order to establish these Defendants' liability under 35 U.S.C. § 271(b), Roche must prove not only direct infringement by the end-users, but also that the Defendants also actively

---

[1] Bayer has also objected to Request Nos. 122 and 123 on the basis that the requests allegedly call for information protected by health information privacy regulations. Roche submits that the confidentiality obligations imposed by Local Rule 26.2 and any Protective Order entered in this case are sufficient to address any arguable privacy concerns.

[2] Nova has not yet produced the requested documents. If Nova does fully produce the requested documents before June 27, 2008, then Roche will withdraw this portion of the motion as to Nova.

and knowingly aided and abetted that direct infringement. *DSU Med. Corp. v. JMS Co.*, 471

F.3d 1293, 1305 (Fed. Cir. 2006). Thus, Roche has the burden of showing that "the alleged

infringer's actions induced infringing acts and that he knew or should have known his actions

would induce actual infringements." *Id.* at 1304. Given these elements for proving induced

infringement, information regarding the end-users of Defendants' accused products and the

question of "who are the direct infringers" are clearly relevant to Phase I.

Moreover, Defendants' own discovery requests confirm that such information regarding

end-users is relevant to Phase I. LifeScan's Interrogatory No. 2 to Roche asks for the identity of

persons whom Roche contends to be third party direct infringers, as well as other information

regarding actively induced direct infringement by third parties:

> If you allege that LifeScan has actively induced direct infringement of the patents-
> in-suit by any third party, describe all facts and circumstances concerning such
> alleged inducement, including but not limited to *(i) the identity of the alleged third
> party direct infringers*, (ii) *the date, time, place and manner of such direct
> infringement* (iii) *the communications and/or actions by LifeScan constituting
> such active inducement,* (iv) the claim or claims of the patent-in-suit whose
> infringement is allegedly induced, (v) *the LifeScan Accused Products involved in
> either the direct or indirect infringement alleged*, and (vi) the identity of all
> persons with knowledge of the facts alleged and all documents or things
> concerning, supporting or tending to support the facts alleged.

*See* Ex. D. Bayer's Interrogatory No. 2 and Nova's Interrogatory No. 3 to Roche are essentially

identical. *See* Exs. E and F, respectively. Given this recognition by Defendants that the identity

of third party direct infringers (the end-users of their accused products) is relevant to Phase I, the

Defendants have no legitimate basis for their refusal to produce documents responsive to

Request Nos. 121-123.[3] Accordingly, the Court should impose the sanctions described above in

order to maintain the schedule that the Court clearly set forth.

---

[3]  The invalidity of the date restriction unilaterally imposed by Nova and other Defendants is
addressed in Section B, *infra*.

As noted above, Defendants will have the ability to cure their deficient responses to Request Nos. 121-123 by producing the requested documents no later than June 27, 2008, the deadline for completing Phase I document production set forth in the Court's Rule 16 Scheduling Order (D.I. 147). If any Defendant fully produces the requested documents by that date, then Roche will withdraw this motion as to that Defendant. If Defendants fail to do so, then they will be subject to sanctions under Fed. R. Civ. P. 37(b)(2)(A) for failing to complete Phase I document production by the June 27, 2008 deadline set by the Court.

The appropriate remedy for Defendants' misconduct is to eliminate the need for discovery regarding end-users by having usage of accused products deemed conclusively determined, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i). Accordingly, Roche requests that the Court enter the proposed Order establishing for purposes of this action that (i) since October 2, 2007, end-users of Defendants' accused products have used the accused products in the manner directed in the owner's manual, product inserts, and other documents supplied by these Defendants for their accused products, and (ii) Defendants knew or should have known that their actions would induce such use by end-users.

### B. Defendants Have Improperly Refused To Produce Documents Regarding Products Pre-Dating October 2, 2007.

Defendants Bayer, Lifescan, and Nova have also refused to produce documents regarding customers who purchased meters before October 2, 2007, which is the issue date for the two patents-in-suit. The act of selling a meter before October 2, 2007 admittedly did not infringe the patents. But those meters may thereafter continue being used in combination with accused strips sold after that date. If earlier sold meters have structure, function, features, and operation like the later sold meters, then an end users' continuing use of an earlier sold meter in combination with recently sold test strips gives rise to a current act of infringement. As such, documents

pertaining to the previously sold meters are highly relevant to Roche's claims of infringement, and within the scope of Phase I discovery.

Blood glucose meters such as those sold by the Defendants are typically in use for at least 1-2 years. As such, many of the Defendants' meters sold before issuance of the two patents-in-suit may be in use today, and used with testing strips that were sold after the issuance of the patents-in-suit. Roche believes that such current activity infringes the claims of the patents-in-suit. The question of when such meters were sold is of no moment regarding the Phase I issue of infringement – as long as these meters satisfy the elements of the asserted Claims. If the use of such meters today meets all the elements of the claims, then there is infringement today. Defendants are vicariously liable for such continuing direct infringement because the Defendants are continuing to sell the testing strips, which are essential for such infringing activity.

As previously noted, Defendants have requested Roche to identify just such information in response to Defendants' own interrogatories, *i.e.*, Defendants have asked Roche to identify all direct infringers and the details of previously sold meters used with later sold test strips.[4] In light of Defendants' refusal to produce these documents before the Court's June 27, 2008 deadline for production in Phase I, Roche is entitled to a finding that the end-users of Defendants' accused strips sold after October 2, 2007 use those strips only in connection with meters that have the structure, functions, features, and operation of Defendants' accused meters sold after October 2, 2007.

---

[4] For example, Defendants' refusal to provide this information regarding its customers who purchased such meters prior to the issue date precludes Roche from establishing the customers who continue to infringe by using those meters with sensor strips after the issue date (LifeScan's Interrogatory 2(i)); when and where they continued to infringe (LifeScan's Interrogatory No. 2(ii)); what communications those customers received (LifeScan Interrogatory No. 2(iii)); and specifically what meters they used and what strips they used (LifeScan Interrogatory No. 2(v)). Ex. D. *See also* Bayer's Interrogatory No. 2, Ex. E, and Nova's Interrogatory No. 3, Ex. F.

Roche must be able to identify the customers of the earlier sold meters to identify whether they are continuing to use those meters and to establish that the structure, function, features and operation of those meters are such that they directly infringe. Roche can only identify such customers who are continuing to infringe through records showing the purchase or ownership of meters. Typically, customers of meters can be identified through warranty registrations, warranty claims, etc.; customers who purchase strips cannot. Defendants' refusal to provide information during the Court-ordered document discovery period regarding the sale of those meters to the end-users who are direct infringers prevents Roche from establishing such continuing direct infringement.

The Defendants have now failed and refused to produce relevant documents regarding these issues, using the October 2, 2007 patent issue date as an arbitrary cutoff. Bayer, for instance, has objected to all of Roche's document requests as they purportedly "do not define a relevant time period, as such Requests are overbroad, oppressive and unduly burdensome." Bayer goes on to claim "Products sold by Bayer prior to October 2, 2007, and information thereon, are not relevant to Plaintiffs' claims." (Ex. B, p. 3, ¶ 7). Bayer lodged specific objections to several of Roche's Requests, particularly Requests 122-124, objecting that these Requests seek "documents regarding sales by Bayer prior to October 2, 2007…sales prior to this date are not relevant to Plaintiffs' claims." (*Id.*, pp. 6-8).

Lifescan similarly lodged a general objection to Roche's Requests "to the extent that the lack of a specific time frame renders any document request unduly burdensome and overly broad. The asserted patents were issued on October 2, 2007. Products sold by LifeScan prior to October 2, 2007 are not relevant to Plaintiff's claims." (Ex. A, p. 5, ¶ 19). Lifescan also objected to Requests 122-124, claiming these seek "information relating to sales prior to October 2, 2007…" (*Id.*, pp. 9-11).

8

Nova objected to Requests 122 and 123 (which are Requests 164 and 165 to Nova), noting that these Requests purportedly seek "documents and/or things regarding sales by Nova dated prior to October 2, 2007 – the date on which the patents-in-suit were granted." (Ex. C, pp. 3-5, Responses to Requests 164-65).

The Defendants' objections thus all allege, in one form or another, that the Requests seek documents regarding sales before October 2, 2007, and that such information is irrelevant. To be clear, the subject Roche Requests actually seek discovery on much more than just "sales:"

- Request 122 (164 to Nova) seeks "Documents and things sufficient to identify the names, addresses and telephone numbers of each of [Defendant's] customers in the United States of any Accused Product made, used, sold, offered for sale, or imported into the United States…" (*See, e.g.,* Ex. B, p. 6);

- Request 123 (165 to Nova) similarly seeks "All documents and things concerning, referring to, relating to or constituting any communications or exchange of information with any of [Defendant's] customers in the United States of any Accused Product made, used, sold, offered for sale, or imported into the United States…" (*Id.*, p. 7); and

- Request 124 seeks "All documents and things concerning, referring to or relating to all circumstances and situations where [Defendant] has used or operated any of the Accused Products in the United States, including for testing, operating, or evaluating them for any purpose, for demonstrating them for any purpose, for sales or marketing promotion, or for comparing the attributes or performance of them with any other Electrochemical Sensors." (*Id.*, pp. 7-8).

In short, Roche's Requests 122 and 123 sought information regarding customers who bought an Accused Product, and Request 124 sought information regarding Defendant's use of Accused Products including for sales or marketing promotion. Many customers who bought a meter before October 2, 2007, would still be using that meter today, with test strips that they continue to buy today, and in a manner that infringes. The information sought – and frustrated by Defendants' refusals – was intended to permit Roche to establish that the end-users of Defendants' accused strips sold after October 2, 2007 use those strips only in connection with meters that have the structure, functions, features, and operation of Defendants' accused meters

sold after October 2, 2007.  Indeed, as noted above, Defendants' interrogatories have specifically requested Roche to identify the very type of information that they have withheld from Roche!

Defendants' refusal to produce documents that would have provided Roche with necessary information regarding end-users who bought products before the issuance date of the patents-in-suit, and who may be using those products in an infringing manner still today, has significantly prejudiced Roche and its preparation of its case.  Defendants' refusal violates this Court's Rule 16 Scheduling Order.

In view of the compressed case schedule, and anticipating that the Defendants will stand on their objections and the Court will find their objections without basis, Roche requests the Court enter an Order establishing that the end-users of Defendants' accused strips sold after October 2, 2007 use those strips only in connection with meters that have the structure, functions, features, and operation of Defendants' meters sold after October 2, 2007

## V.    CONCLUSION

For the foregoing reasons, Roche respectfully requests that the Court enter the proposed Order submitted herewith.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Dated:  June 13, 2008
869535

By: /s/ Philip A. Rovner
    Philip A. Rovner (#3215)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE 19899-0951
    Ph:  (302) 984-6000
    provner@potteranderson.com

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc.,  and*
*Corange International Limited*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on June 13, 2008, the within document

was filed with the Clerk of the Court using CM/ECF which will send notification of such

filing(s) to the following; that the document was served on the following counsel as

indicated; and that the document is available for viewing and downloading from

CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
500 Delaware Avenue
8th Floor
P.O. Box 1150
Wilmington, DE  19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

Mary W. Bourke, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19801
mbourke@cblh.com

**BY HAND DELIVERY AND E-MAIL**

John W. Shaw, Esq.
Jeffrey T. Castellano, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE  19801
jshaw@ycst.com
jcastellano@ycst.com

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
rsmith@mnat.com

I hereby certify that on June 13, 2008 the foregoing document was sent by E-mail

to the following non-registered participants:

Bradford J. Badke, Esq.
Sona De, Esq.
Michael Kahn, Esq.
Simon Fitzpatrick, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Jim.badke@ropesgray.com
Sona.de@ropesray.com
Michael.kahn@ropesgray.com
Simon.fitzpatrick@ropesgray.com

Wesley E. Overson, Esq.
Rachel Krevans, Esq.
Jason R. Bartlett, Esq.
Parisa Jorjani, Esq.
Daniel P. Muino, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
woverson@mofo.com
rkrevans@mofo.com
jasonbartlett@mofo.com
pjorjani@mofo.com
dmuino@mofo.com

Kenneth P. George, Esq.
Joseph M. Casino, Esq.
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
kgeorge@arelaw.com
jcasino@arelaw.com

Michael G. Adams, Esq.
Ashley L. Ellis, Esq.
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com

-2-

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS INC. and CORANGE INTERNATIONAL LTD., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | C.A. No. 07-753-JJF |
| ABBOTT DIABETES CARE, INC., ABBOTT DIABETES CARE SALES CORP., BAYER HEALTHCARE LLC, DIAGNOSTIC DEVICES INC., LIFESCAN INC., and NOVA BIOMEDICAL CORP., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## <u>NOTICE OF MOTION TO COMPEL</u>

PLEASE TAKE NOTICE that Plaintiffs Roche Diagnostics Operations, Inc. and Corange

International Ltd. ("Roche") will present Roche's Second Motion to Compel to the Court on

Friday, July 11, 2008 at 10:00 a.m.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Dated: June 13, 2008
869477

By: /s/ Philip A. Rovner
    Philip A. Rovner (#3215)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    provner@potteranderson.com

    *Attorney for Plaintiffs*
    *Roche Diagnostics Operations, Inc. and*
    *Corange International Limited*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS INC.<br>and CORANGE INTERNATIONAL LTD., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )      C.A. No. 07-753-JJF<br>)<br>) |
| ABBOTT DIABETES CARE, INC.,<br>ABBOTT DIABETES CARE SALES CORP.,<br>BAYER HEALTHCARE LLC, DIAGNOSTIC<br>DEVICES INC., LIFESCAN INC., and NOVA<br>BIOMEDICAL CORP., | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## [PROPOSED] ORDER

This _____ day of _____, 2008, Plaintiffs Roche Diagnostics Operations Inc. and Corange International Limited having filed a motion to compel, and after considering the positions of the parties, having concluded that good grounds exist for the requested relief; now therefore,

IT IS HEREBY ORDERED as follows:

(1) Defendants Bayer, Nova and LifeScan ("Defendants") have refused to produce prior to the close of document discovery (June 27, 2008) all non-privileged documents responsive to Roche's Document requests Nos. Bayer 121-123, Nova 163-165, and LifeScan 121-123 (seeking information regarding identification of end-users). As such, for the purposes of this action, the following facts have been established:

(a) The end-users of Defendants' products use the Defendants' accused meters and strips in the manner directed by the owner's manuals, product inserts, and other documents supplied by Defendants for those products.

(b) Defendants knew or should have known that their actions would induce such use by end-users.

(2) Defendants Bayer, Nova and LifeScan have refused to produce prior to the close of document discovery (June 27, 2008) all non-privileged documents responsive to Roche's pending document requests regarding all meters potentially in use with accused strips after October 2, 2007, including meters manufactured and sold prior to that date. As such, for the purposes of this action, the following facts have been established:

(a) The end-users of Defendants' accused strips sold after October 2, 2007 use those strips only in connection with meters that have the structure, functions, features, and operation of Defendants' accused meters sold by Defendants after October 2, 2007.

Entered this _____ day of _____, 2008

_____
United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LTD., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | C.A. No. 07-753-JJF |
| ABBOTT DIABETES CARE, INC., ABBOTT DIABETES CARE SALES CORP., BAYER HEALTHCARE, LLC, DIAGNOSTIC DEVICES, INC., LIFESCAN, INC., and NOVA BIOMEDICAL CORP., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### D. DEL. LR 7.1.1 CERTIFICATION

Pursuant to Rule 7.1.1 of the Local Rules of the United States District Court for the

District of Delaware, I hereby certify that counsel for Roche Diagnostics Operations, Inc. and

Corange International Ltd. ("Roche") has made reasonable efforts to reach agreement with

counsel for defendants Bayer Healthcare, Inc., LifeScan, Inc. and Nova Biomedical Corporation

on the matters set forth in Roche's Second Motion to Compel, and that the parties were unable to

reach a compromise as described in the Motion.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Dated: June 13, 2008
869529

By: /s/ Philip A. Rovner
    Philip A. Rovner (#3215)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    provner@potteranderson.com

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc. and*
*Corange International Limited*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 07-753-JJF |
| v. | ) ) ) | |
| ABBOTT DIABETES CARE, INCORPORATED and ABBOTT DIABETES CARE SALES CORPORATION, BAYER HEALTHCARE, LLC, DIAGNOSTICS DEVICES, INC., LIFESCAN, INCORPORATED, and NOVA BIOMEDICAL CORPORATION, | ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## LIFESCAN, INC.'S RESPONSES AND OBJECTIONS TO ROCHE DIAGNOSTICS OPERATIONS, INC.'S AND CORANGE INTERNATIONAL LIMITED'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS (NOS. 120-143)

Defendant, LifeScan, Inc. ("LifeScan"), pursuant to the Federal Rules of Civil

Procedure, hereby responds to Plaintiffs Roche Diagnostics Operations, Inc. ("RDOI") and

Corange International Limited ("Corange") (collectively "Plaintiffs") Second Set of Requests

for the Production of Documents and Things (Nos. 120-143) as follows:

## GENERAL OBJECTIONS

The following General Objections are incorporated and made part of LifeScan's

subsequent specific objections and responses to each of the propounded requests as if fully

stated therein:

1.      LifeScan objects generally to the instructions from Plaintiffs' Second Set of

Requests for the Production of Documents and Things (Nos. 120-143) to the extent that any

instructions, definitions, or requests fail to comply with or impose obligations in excess of

those required by the Federal Rules of Civil Procedure, the applicable Local Rules of this Court, and/or the Scheduling Order entered in this case.

2.    LifeScan objects generally to the definitions from Plaintiffs' Second Set of Requests for the Production of Documents and Things (Nos. 120-143). LifeScan's responses to these requests do not constitute a representation that LifeScan agrees or adopts any of Plaintiffs' definitions.

3.    LifeScan objects generally to the Plaintiffs' Second Set of Requests for the Production of Documents and Things (Nos. 120-143) to the extent that any instructions, definitions, or requests seek information not in the possession, custody, or control of LifeScan.

4.    LifeScan objects to Plaintiffs' definition of "LifeScan" to the extent that it would require LifeScan to act on behalf of persons or entities over which LifeScan has no control. LifeScan will respond to these Requests on its behalf.

5.    LifeScan objects to these requests to the extent they seek information protected from discovery by the attorney-client privilege, work product immunity, or any other applicable privilege(s). LifeScan has registered their privilege and immunity objections expressly to each request that might, in their view, reasonably be interpreted to encompass privileged or immune documents. To the extent that any other requests are construed to encompass privileged or immune documents, however, LifeScan hereby incorporates this General Objection 5.

6.    LifeScan objects to Plaintiffs' instructions concerning privilege to the extent such instructions seek to impose additional burdens on LifeScan beyond the requirements of Fed. R. Civ. P. 26(b)(5)(A). To the extent that these requests for production of documents and things encompass privileged documents that are relevant to a claim or defense asserted in

the pleadings or otherwise involved in this action and to the extent such documents have been located, LifeScan has included or will include those items in a privilege log which has been or will be provided to counsel for Plaintiffs.

7.    As used herein, the phrase "LifeScan will produce relevant, non-objectionable, non-privileged documents," does not constitute a representation that such documents exist, but only that LifeScan will make, or have made, a good faith, reasonable effort to search for such documents and, subject to their objections, will produce at an appropriate time, or have produced, such documents within its possession, custody, or control if they are not otherwise protected from disclosure. The term "non-privileged documents" refers to documents which are not protected from discovery by the attorney-client privilege, the work product doctrine, or any other privilege(s) or immunities precluding discovery.

8.    As used herein, the phrase "LifeScan will produce relevant, non-objectionable, non-privileged documents," does not constitute a representation that any of such documents have not been or will not be withheld pursuant to a claim of privilege or immunity. Should documents be withheld pursuant to a claim of privilege or immunity that reasonably fall within the scope of one or more of Plaintiffs' document requests, LifeScan will comply with its obligations under Rule 26(b)(5) of the Federal Rules of Civil Procedure.

9.    Discovery is in the early stages, and LifeScan therefore reserves the right to amend, supplement, and/or alter these responses as warranted during the course of discovery. LifeScan objects to these Requests to the extent they purport to require supplementation of these responses beyond that required by Fed. R. Civ. P. 26(e).

10.    LifeScan objects to the requests to the extent they are unreasonably duplicative and/or cumulative or seek information and/or documents and things that are obtainable from a source that is more convenient, less expensive, or less burdensome under

Fed. R. Civ. P. 26(b)(2)(C).

11.    LifeScan objects to the requests to the extent that they improperly seek legal conclusions.

12.    LifeScan objects to Plaintiffs' use of specific terms found in the claims of the 146 and 147 patents to the extent these terms are subject to construction by the Court.

13.    LifeScan objects to Plaintiffs' definition of the term "Identified Electrochemical Sensor" to the extent it renders any request overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

14.    LifeScan objects to the requests to the extent they seek information which is subject to the terms of protective orders and/or confidentiality agreements in other cases and/or with third parties.

15.    LifeScan objects to the requests to the extent they seek information or documents for which the disclosure or production would violate the privacy laws or other laws of a foreign country.

16.    LifeScan objects to the requests to the extent they seek documents relating to use, sale, offer for sale, licensing, and/or any other transaction outside the United States as overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

17.    LifeScan objects to the place designated in Plaintiffs' Second Set of Requests for the Production of Documents and Things (Nos. 120-143) as unduly burdensome as it requires LifeScan to transport any responsive documents a significant distance from where they would normally be located. LifeScan will produce responsive documents and things subject to the objections set forth herein at a date, time and location mutually agreed upon by both parties.

18.    LifeScan objects to the requests to the extent they are overbroad and unduly burdensome, particularly to the extent they do not identify specific documents and to the extent that representative samples would be sufficient, and thus would require unreasonably detailed and extensive search of all of LifeScan's documents and files.

19.    LifeScan objects to each request to the extent that the lack of a specific time frame renders any document request unduly burdensome and overly broad.  The asserted patents were issued on October 2, 2007.  Products sold by LifeScan prior to October 2, 2007 are not relevant to Plaintiff's claims.

20.    LifeScan objects to these requests to the extent they call for documents and things relating to subjects not raised by the pleadings, not relevant to any proper claim or defense, not material and necessary to the prosecution or defense of this action, or not reasonably calculated to lead to the discovery of admissible evidence.

21.    LifeScan's response to any request is not an admission or acknowledgement that the request calls for information which is relevant to the subject matter of this action. Each response is without prejudice to LifeScan's right to contest at trial or in any other subsequent proceeding in this action that such response to the document request is inadmissible, irrelevant, or immaterial.  Each response to any document request is without prejudice to, and does not constitute a waiver of, any objection LifeScan may make to any future use of materials produced in response to a request.

22.    LifeScan objects to these requests to the extent they require LifeScan to speculate or make judgments as to its future beliefs, contentions, or conduct.

23.    LifeScan objects to the requests to the extent they require LifeScan to produce documents or information outside of the scope of the first phase of litigation ("Phase I") on infringement and prior invention under 35 U.S.C. § 102(g), as set forth in the April 24, 2008

Scheduling Order (D.I. 147). Any requests for information not relevant to the Phase I issues of alleged infringement or prior invention are objected to as premature, and any responses that are made will be limited to those issues. To the extent that any request seeks information outside the scope of the first phase of litigation and is not specifically objected to, LifeScan hereby incorporates General Objection 23.

24.      LifeScan objects to any request seeking "any" or "all" documents to the extent that such a request could be construed to place an undue burden on LifeScan, especially where the identification or production of less than "all" or "any" of the documents will supply the information needed.

25.      All confidential documents produced in response to the requests shall be subject to any protective order entered in this case. Any confidential documents produced prior to the entry of a protective order shall be disclosed to outside counsel only pursuant to Delaware L.R. 26.2.

26.      LifeScan hereby incorporates any objections, General or Specific, noted in LifeScan's Response to Plaintiffs' First Set of Interrogatories (Nos. 1-16), and LifeScan's Response to Plaintiffs' First Set of Requests for the Production of Documents and Things (1-119). By way of example, LifeScan objects generally to the definition of "Identified Electrochemical Sensors," which refers to Plaintiffs' Interrogatory No. 1, for the reasons stated in LifeScan's Response to Plaintiffs' First Set of Interrogatories (Nos. 1-16).

27.      The foregoing General Objections shall be deemed continuous throughout and are hereby incorporated by reference in LifeScan's response to the specific requests which follow.

## SPECIFIC OBJECTIONS AND RESPONSES

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, LifeScan expressly reserves the right to supplement or modify the following responses as warranted. In connection with these responses, LifeScan has made, and continues to make, a good faith search for information, documents and things from its extensive files related to the subjects of these Requests. LifeScan does not represent that all information or documents have yet been located and it will continue searching. If new information and documents are uncovered, to the extent not objectionable, they will be provided to Plaintiffs as soon as practical. Subject to, and without waiving, the foregoing General Objections, LifeScan responds to Plaintiffs' Second Set of Requests for the Production of Documents and Things (Nos. 120-143) as follows:

## REQUESTS

120.    To the extent not previously produced, all documents and things concerning, referring to or relating to any Premarket Notification 510(k) submission for any of the Accused Products, including but not limited to the original submission, any amendments, any withdrawals, and any and all subsequent correspondence to and from the FDA. Such submissions include but are not limited to 510(k) submission Nos. K960053, K961985, K970707, K990939, K993632, K000583, K001109, K001427, K002134, K003981, K011616, K011479, K021819, K021943, K024194, K043197, K053529, K061118, K062195, K072543 and K073231.

**RESPONSE:**

LifeScan objects to this request as cumulative and duplicative, overbroad as to time and subject matter, and unduly burdensome. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan further

objects to the extent that this request seeks documents related to products that are irrelevant to this case. LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. LifeScan objects to the definition of "Accused Products" as incorporating by reference the definition of "Identified Electrochemical Sensors," which is premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction. LifeScan also objects the request as unnecessary to the extent that responsive documents requested were already produced. Subject to and without waiving these objections or its General Objections, LifeScan will produce non-objectionable, non-privileged 510(k) applications, approval letters, and communications with the FDA for the Accused Products, to the extent they are relevant to Phase I, they exists and can be located after reasonable search, and they have not already been produced.

121.   All documents and things concerning, referring to or relating to any product warranty, warranty registration, or any claim on a warranty made by any person for any Accused Product.

**RESPONSE:**

LifeScan objects to this request as cumulative and duplicative, overbroad as to time and subject matter, and unduly burdensome. Additionally, LifeScan further objects to this request as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. LifeScan objects to the definition of "Accused Products" as incorporating by reference the definition of "Identified Electrochemical Sensors," which is premature to the extent it includes claim limitations because it seeks LifeScan's contentions

and analysis before LifeScan has completed discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction. Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

122. Documents and things sufficient to identify the names, addresses and telephone numbers of each of LifeScan's customers in the United States of any Accused Product made, used, sold, offered for sale, or imported into the United States. (Note: Defendant may treat this request as limited to information containing an identification of names, addresses, telephone numbers, and relevant LifeScan product for all end-users who have purchased, used or continued to use LifeScan Accused Products on or after January 1, 2006, where such information is separately available in this form.)

**RESPONSE:**

LifeScan objects to this request as cumulative and duplicative, overbroad as to subject matter, and unduly burdensome. LifeScan further objects to the terms "customers" and "end-users" as vague and ambiguous. Additionally, LifeScan objects to the definition of "Accused Products" as incorporating by reference the definition of "Identified Electrochemical Sensors," which is premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction. LifeScan further objects to this request as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. LifeScan also objects to the request as seeking information relating to sales prior to October 2, 2007, the issue date of the patents-in-suit. Based on the foregoing General and Specific Objections, LifeScan will not respond at this

time.

123.   All documents and things concerning, referring to, relating to or constituting any communications or exchange of information with any of LifeScan's customers in the United States of any Accused Product made, used, sold, offered for sale, or imported into the United States, including but not limited to customer complaints, rebate requests, and warranty cards. (Note: Defendant may treat this request as limited to information containing an identification of names, addresses, telephone numbers, and relevant LifeScan product for all end-users who have purchased, used or continued to use LifeScan Accused Products on or after January 1, 2006, where such information is separately available in this form.)

**RESPONSE:**

LifeScan objects to this request as cumulative and duplicative, overbroad as to time and subject matter, and unduly burdensome. LifeScan further objects to the terms "customers" and "end-users" as vague and ambiguous. LifeScan objects to the definition of "Accused Products" as incorporating by reference the definition of "Identified Electrochemical Sensors," which is premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction. LifeScan further objects to this request as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. LifeScan also objects to the request as seeking information relating to sales prior to October 2, 2007, the issue date of the patent. Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

124.   All documents and things concerning, referring to or relating to all

circumstances and situations where LifeScan has used or operated any of the Accused

Products in the United States, including for testing, operating, or evaluating them for any

purpose, for demonstrating them for any purpose, for sales or marketing promotion, or for

comparing the attributes or performance of them with any other Electrochemical Sensors.

(Note: Defendant may treat this request as limited to information containing an identification

of names, addresses, telephone numbers, and relevant LifeScan product for all end-users who

have purchased, used or continued to use LifeScan Accused Products on or after January 1,

2006, where such information is separately available in this form.)

### RESPONSE:

LifeScan objects to this request as cumulative and duplicative, overbroad as to time

and subject matter, and unduly burdensome.  Additionally, LifeScan objects to the extent that

this request requires production of documents that are irrelevant to Phase I.  LifeScan further

objects to the Note as vague and ambiguous in the context of this request.  LifeScan objects

to the definition of "Accused Products" as incorporating by reference the definition of

"Identified Electrochemical Sensors," which is premature to the extent it includes claim

limitations because it seeks LifeScan's contentions and analysis before LifeScan has

completed discovery in Phase I, before LifeScan has conducted expert discovery in Phase I,

and before Plaintiffs have provided their contentions relating to infringement and claim

construction.  LifeScan also objects to the request as seeking information relating to sales

prior to October 2, 2007, the issue date of the patent.  Subject to and without waiving these

objections or its General Objections, LifeScan will produce non-objectionable, non-

privileged documents relevant to the issues of Phase I to the extent they exist and can be

located after a reasonable search.

125.   All documents and things concerning, referring to or relating to any

agreements with any other persons or entities regarding the manufacture, exportation, or importation of each Accused Product.

**RESPONSE:**

LifeScan objects to this request as cumulative and duplicative, overbroad as to time and subject matter, and unduly burdensome. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan objects to the definition of "Accused Products" as incorporating by reference the definition of "Identified Electrochemical Sensors," which is premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction. LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. LifeScan further objects to this request as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections or its General Objections, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

126.    Documents and things sufficient to show the identity of the entity or entities who manufacture each Accused Product.

**RESPONSE:**

LifeScan objects to this request as cumulative and duplicative, overbroad as to time and subject matter, and unduly burdensome. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan objects

to the definition of "Accused Products" as incorporating by reference the definition of "Identified Electrochemical Sensors," which is premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction. LifeScan further objects to this request as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections or its General Objections, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

     127.    Documents and things sufficient to show how, where and by whom each Accused Product is imported into the United States or exported from the United States.

**RESPONSE:**

     LifeScan objects to this request as cumulative and duplicative, overbroad as to time and subject matter, and unduly burdensome. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan objects to the definition of "Accused Products" as incorporating by reference the definition of "Identified Electrochemical Sensors," which is premature to the extent it includes claim limitations because it seeks LifeScan's contentions and analysis before LifeScan has completed discovery in Phase I, before LifeScan has conducted expert discovery in Phase I, and before Plaintiffs have provided their contentions relating to infringement and claim construction. Subject to and without waiving these objections or its General Objections, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

128.    All documents and things concerning, referring to or relating to the OneTouch® Ultra™ System, including the OneTouch® Ultra™ Meter and the OneTouch® Ultra™ Test Strips, including but not limited to any notes, memoranda or correspondence written by, communicated to, or communicated from LifeScan.

**RESPONSE:**

LifeScan objects to this request as cumulative and duplicative, overbroad as to time and subject matter, and unduly burdensome.  LifeScan further objects to the request as vague and ambiguous and assumes by "OneTouch® Ultra™ System, including the OneTouch® Ultra™ Meter and the OneTouch® Ultra™ Test Strips," Plaintiffs mean the OneTouch® Ultra system that officially launched in January 2001.  Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan further objects to this request as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections or its General Objections, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

129.    All documents and things concerning, referring to or relating to U.S. Patent Publication No. 2002/0092612 or any related patents or related applications, including but not limited to any notes, memoranda or correspondence written by, communicated to, or communicated from LifeScan.

**RESPONSE:**

LifeScan objects to this request as cumulative and duplicative, overbroad as to time and subject matter, and unduly burdensome. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan also

objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. LifeScan further objects to this request as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections or its General Objections, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

130.    All documents and things concerning, referring to or relating to any search conducted by or on behalf of LifeScan for any alleged prior invention, including but not limited to the search results.

**RESPONSE:**

LifeScan objects to this request as cumulative and duplicative, overbroad as to time and subject matter, and unduly burdensome. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. LifeScan also objects to this request as requiring premature disclosure of expert opinions. Subject to and without waiving these objections or its General Objections, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

131.    All documents and things concerning, referring to or relating to any patents or patent applications owned by persons other than Plaintiffs pertaining to any alleged prior invention.

**RESPONSE:**

610457-1                                     15

LifeScan objects to this request as cumulative and duplicative, overbroad as to time and subject matter, and unduly burdensome. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. Subject to and without waiving these objections or its General Objections, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

———

132.    All documents and things concerning, referring to or relating to the conception, actual or constructive reduction to practice, diligence, corroboration, first written description, first disclosure to another, first public sale, and first public use of any alleged prior invention.

**RESPONSE:**

LifeScan objects to this request as cumulative and duplicative, overbroad as to time and subject matter, and unduly burdensome. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. LifeScan also objects this request as vague and ambiguous as to the meaning of the phrase "conception, actual or constructive reduction to practice, diligence, corroboration, first written description, first disclosure to another, first public sale, and first public use." Subject to and without waiving these objections or its General Objections, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

133.    All documents and things showing or refuting whether any alleged prior invention was abandoned, suppressed, or concealed.

**RESPONSE:**

LifeScan objects to this request as cumulative and duplicative, overbroad as to time and subject matter, and unduly burdensome. LifeScan also objects to the request as ambiguous as to the meaning of the phrase "abandoned, suppressed, or concealed." LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. Subject to and without waiving these objections or its General Objections, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

134.    All documents and things showing or refuting diligence in reducing any alleged prior invention to practice and filing a patent application or otherwise making public such information.

**RESPONSE:**

LifeScan objects to this request as cumulative and duplicative, overbroad as to time and subject matter, and unduly burdensome. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege. LifeScan also objects to the request as vague and ambiguous as to the meaning of the phrase "showing or refuting diligence." Subject to and without waiving these objections or its General Objections, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

135.    All documents and things concerning, referring to or relating to the research, design, development, analysis, and testing of any alleged prior invention.

**RESPONSE:**

LifeScan objects to this request as cumulative and duplicative, overbroad as to time and subject matter, and unduly burdensome. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. Subject to and without waiving these objections or its General Objections, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

136.    All documents and things concerning, referring to or relating to research, development, manufacture, sale or offer for sale of any product developed from any alleged prior invention.

**RESPONSE:**

LifeScan objects to this request as cumulative and duplicative, overbroad as to time and subject matter, and unduly burdensome. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan also objects to the request as vague and ambiguous as to the meaning of the phrase "developed from any alleged prior invention." LifeScan further objects to this request as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections or its General Objections, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

137.    All documents and things concerning, referring to or relating to the earliest disclosure of any product developed from any alleged prior invention.

**RESPONSE:**

LifeScan objects to this request as cumulative and duplicative, overbroad as to time and subject matter, and unduly burdensome. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan also objects to the request as vague and ambiguous as to the meaning of the phrase "developed from any alleged prior invention." LifeScan further objects to this request as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections or its General Objections, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

138.    All documents and things concerning, referring to or relating to invention disclosures and patent applications directed to any alleged prior invention.

**RESPONSE:**

LifeScan objects to this request as cumulative and duplicative, overbroad as to time and subject matter, and unduly burdensome.  Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I.  LifeScan also objects to the request as vague and ambiguous as to the meaning of the phrase "directed to any alleged prior invention." LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege.  Subject to and without waiving these objections or its General Objections, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

139.    Documents and things sufficient to show the identity of the person(s) who

conceived, or who witnessed the conception of any alleged prior invention.

**RESPONSE:**

LifeScan objects to this request as cumulative and duplicative, overbroad as to time and subject matter, and unduly burdensome. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan also objects to the request as ambiguous as to the meaning of the phrase "conceived, or who witnessed the conception." Subject to and without waiving these objections or its General Objections, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

140. Documents and things sufficient to show the identities and activities of any persons or entities who in any way assisted in conceiving, developing, reducing to practice, evaluating, or testing any alleged prior invention.

**RESPONSE:**

LifeScan objects to this request as cumulative and duplicative, overbroad as to time and subject matter, and unduly burdensome. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan also objects to the request as ambiguous as to the meaning of the phrase "assisted in conceiving, developing, reducing to practice, evaluating, or testing." Subject to and without waiving these objections or its General Objections, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

141. Documents and things sufficient to show the identity of the person(s) who first actually or constructively reduced to practice, or who witnessed the first actual or constructive reduction to practice, of any alleged prior invention.

**RESPONSE:**

LifeScan objects to this request as cumulative and duplicative, overbroad as to time and subject matter, and unduly burdensome. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan also objects to the request as vague and ambiguous as to the meaning of the phrase "who first actually or constructively reduced to practice, or who witnessed the first actual or constructive reduction to practice." Subject to and without waiving these objections or its General Objections, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

142.    Documents and things sufficient to show the dates, locations, and circumstances of the conception, diligence, corroboration, and reduction to practice of any alleged prior invention.

**RESPONSE:**

LifeScan objects to this request as cumulative and duplicative, overbroad as to time and subject matter, and unduly burdensome. Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I. LifeScan also objects to the request as vague and ambiguous as to the meaning of the phrase "dates, locations, and circumstances of the conception, diligence, corroboration, and reduction to practice." Subject to and without waiving these objections or its General Objections, LifeScan will produce non-objectionable, non-privileged documents relevant to the issues of Phase I to the extent they exist and can be located after a reasonable search.

143.    All documents and things concerning, referring to or relating to the following Premarket Notification 510(k) submissions: K895911, K913357, K922888, K923544,

K950727, K950816, K972473 and K974451.  The requested documents and things include but are not limited to the original submission, any amendments, any withdrawals, and any and all subsequent correspondence to and from the FDA.

**RESPONSE:**

LifeScan objects to this request as cumulative and duplicative, overbroad as to time and subject matter, and unduly burdensome.  Additionally, LifeScan objects to the extent that this request requires production of documents that are irrelevant to Phase I.  LifeScan further objects to the extent that this request seeks documents related to products that are irrelevant to this case.  LifeScan also objects to this request to the extent it seeks information protected by the work product or attorney-client privilege, or any other applicable privilege.  LifeScan further objects to this request as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  None of the information sought is relevant to the issues of Phase I.  Based on the foregoing General and Specific Objections, LifeScan will not respond at this time.

June 9, 2008

CONNOLLY BOVE LODGE & HUTZ LLP

*[signature]*

Mary W. Bourke (#2356)
R. Eric Hutz (#2702)
Kristen Healey Cramer (#4512)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-1347
*Attorneys for Defendant LifeScan Incorporated*

## CERTIFICATE OF SERVICE

I, Kristen Healey Cramer, Esquire, hereby certify that on June 9, 2008, I caused copies of the foregoing document to be served on the following counsel in the manner indicated:

**BY HAND AND EMAIL**
Philip A. Rovner
Potter Anderson & Corroon, LLP
1313 N. Market St.
Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951
*Attorneys for Plaintiffs Roche Diagnostic Operations, Inc. and Corange International Limited*

**BY EMAIL**
Daniel A. Boehnen
Grantland G. Drutchas
Gary E. Hood
Nicole Keenan
Paula S. Fritsch
Sherri L. Oslick
Jeffrey P. Armstrong
Christopher M. Cavan
Patrick G. Gattari
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
*Attorneys for Plaintiffs Roche Diagnostic Operations, Inc. and Corange International Limited*

**BY HAND AND EMAIL**
John W. Shaw
Jeffrey Thomas Castellano
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
*Attorneys for Defendant Bayer Healthcare, LLC*

**BY HAND AND EMAIL**
Rodger Dallery Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
*Attorneys for Defendant Nova Biomedical Corporation*

**BY EMAIL**
Nancy Tinsley
Roche Diagnostics
9115 Hague Road
Indianapolis, IN 46250
*Attorney for Plaintiff Roche Diagnostics Operations, Inc. and Corange International Limited*

**BY HAND AND EMAIL**
Steven J. Balick
John G. Day
Lauren E. Maguire
Ashby & Geddes
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
*Attorneys for Defendant Diagnostic Devices Inc.*

**BY EMAIL**
Wesley E. Overson
Rachel Krevans
Jason R. Bartlett
Parisa Jorjani
Daniel P. Muino
Morrisson & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
*Attorneys for Defendant Bayer Healthcare, LLC*

**BY EMAIL**
Kenneth P. George
Joseph M. Casino
Amster Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
*Attorneys for Defendant Bayer Healthcare, LLC*

**BY EMAIL**
Bradford J. Badke
Sona De
Michael Kahn
Simon A. Fitzpatrick
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
*Attorneys for Defendant Nova Biomedical Corporation*

**BY EMAIL**
Ashley L. Ellis
Michael G. Adams
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
*Attorneys for Defendant Diagnostic Devices Inc.*

CONNOLLY BOVE LODGE & HUTZ LLP

*[signature]*

Mary W. Bourke (#2356)
R. Eric Hutz (#2702)
Kristen Healey Cramer (#4512)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-1347
*Attorneys for Defendant LifeScan Incorporated*

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC.,<br>and CORANGE INTERNATIONAL LIMITED, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 07-753-JJF |
| ABBOTT DIABETES CARE,<br>INCORPORATED, ABBOTT DIABETES<br>CARE SALES CORPORATION, BAYER<br>HEALTHCARE, LLC, DIAGNOSTICS<br>DEVICES, INC., LIFESCAN,<br>INCORPORATED, and NOVA BIOMEDICAL<br>CORPORATION | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

### DEFENDANT BAYER HEALTHCARE, LLC'S RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS (NOS. 120-143)

Pursuant to Federal Rule of Civil Procedure 34, Defendant Bayer HealthCare, LLC ("Bayer") responds and objects to Roche Diagnostics Operations, Inc.'s ("Roche") and Corange International Limited's ("Corange") (collectively, "Plaintiffs") Second Set of Requests to Defendant Bayer Healthcare, LLC for the Production of Documents and Things ("Second Set of Requests for Production").

### GENERAL OBJECTIONS

Bayer makes the following objections, whether or not separately set forth in response to each Request, to each and every Request in the Second Set of Requests for Production:

1.     Bayer asserts that Plaintiffs' claims against Bayer are barred, in whole or in part, because the accused Bayer products are covered under the June 3, 2003 Settlement and License Agreement between Bayer, Roche Diagnostics Corporation and F. Hoffmann-La Roche Ltd. Any disputes as to coverage of the products under the Settlement and License Agreement are

subject to a contractual dispute resolution process, including binding arbitration, and Roche's assertion of any patents against the accused products is a violation of the Settlement and License Agreement. By responding to the Second Set of Requests for Production, Bayer does not waive its right to arbitrate the coverage issues under the Settlement and License Agreement.

2.    Bayer's responses to the Second Set of Requests for Production are made to the best of Bayer's present knowledge, information, and belief. These responses are at all times subject to such additional or different information that discovery or investigation may disclose. Bayer reserves its right to amend these responses in accordance with Rule 26(e)(1) of the Federal Rules of Civil Procedure to incorporate additional information, and to offer such additional information at trial or at any hearing or other proceeding in this case.

3.    All confidential documents produced in response to the Second Set of Requests for Production shall be subject to any Protective Order entered in this case. Until a Protective Order is entered, any confidential documents produced by Bayer shall be disclosed to outside counsel only, under Delaware Local Rule 26.2.

4.    Bayer objects to all Definitions, Instructions and Requests contained in the Second Set of Requests for Production to the extent that such Definitions, Instructions and Requests purport to impose any obligation beyond those set forth in the Federal Rules of Civil Procedure and the Local Rules of the District of Delaware. In responding to the Second Set of Requests for Production, Bayer will provide only such documents as may be required and proper under the Federal Rules of Civil Procedure and the Local Rules of the District of Delaware.

5.    Bayer objects to each Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or immunity. Nothing contained in these responses is intended to be, or shall be deemed to be, a waiver of any such privilege or protection. To the extent any privileged documents are provided in response to these Requests, the provision of these documents shall not constitute waiver of the privilege as to any such documents or related information, and Plaintiffs shall return any such documents upon request.

2

6.      Bayer objects to each Request to the extent it seeks documents that are not relevant to the subject matter of this litigation and do not appear to be reasonably calculated to lead to the discovery of admissible evidence. To the extent that Bayer provides documents in response to these Requests, Bayer does not concede that the documents provided are relevant to this litigation or admissible at any hearing or trial.

7.      Bayer objects to all Requests that do not define a relevant time period, as such Requests are overbroad, oppressive and unduly burdensome. The asserted patents, U.S. Patent No. 7,276,146 (the "'146 patent") and U.S. Patent No. 7,276,147 (the "'147 patent"), were issued on October 2, 2007. Products sold by Bayer prior to October 2, 2007, and information thereon, are not relevant to Plaintiffs' claims.

8.      Bayer objects to each Request to the extent it seeks documents that are not "within the possession, custody, or control" of Bayer.

9.      Bayer objects to each Request as overbroad and unduly burdensome to the extent that Plaintiffs seek documents from an unreasonable number of employees and third parties, in excess of Bayer's obligation under the Federal Rules. Bayer has not been afforded sufficient time to determine the volume of documents which may be responsive to Plaintiffs' requests. Once Bayer has determined the volume of potentially responsive documents, Bayer will establish a reasonable scope of search.

10.     In providing these responses, Bayer has interpreted the Requests utilizing ordinary meanings of words and has expended reasonable efforts to identify and convey documents that appear responsive. To the extent that the Requests purport to seek documents other than as so interpreted, Bayer objects on the ground that the Requests are vague, ambiguous and/or overbroad.

11.     Bayer objects to the use of specific terms that are found in the claims of the '146 and '147 patents, to the extent these terms will be subject to construction by the Court during the *Markman* process.

12.    Bayer objects to Plaintiffs' Requests to the extent that they seek documents relating to the use, sale, offers for sale, distribution, licensing, or any other transaction outside the United States. Such a request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

13.    Bayer objects to Plaintiffs' Requests to the extent that they seek publicly available documents that can be obtained as easily by Plaintiffs as by Bayer and to the extent they are already in the possession of Plaintiffs.

14.    Bayer objects to each document request as premature, to the extent that it does not comport with the Rule 16 Scheduling Order and attempts to seek information irrelevant to infringement or prior invention, the sole subjects of discovery during this phase of the case. Bayer will not produce any documents in Phase I that are not relevant to infringement or prior invention.

15.    By agreeing to produce documents, Bayer makes no representation that any such document exists. It represents only that the documents will be produced if they exist, can be located with reasonable diligence, and are not otherwise protected from disclosure.

16.    Bayer states these objections without waiving or intending to waive, and on the contrary preserving and intending to preserve:

(a)    all objections to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of these responses, the documents produced, or the subject matter thereof, in any subsequent proceeding in this litigation or in any other action;

(b)    the right to object on any ground to the use of any of these responses, documents produced, or the subject matter thereof, in any subsequent proceeding in this litigation or in any other action;

(c)    the right to object on any ground at any time to a demand for responses to these or any other discovery requests involving or relating to the subject matter of the document requests directed to Bayer; and the right to object on any ground to any other or any future discovery requests.

4

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION NO. 120:

To the extent not previously produced, all documents and things concerning, referring to or relating to any Premarket Notification 510(k) submission for any of the Accused Products, including but not limited to the original submission, any amendments, any withdrawals, and any and all subsequent correspondence to and from the FDA. Such submissions include but are not limited to 510(k) submission Nos. K062058 and K062347.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 120:

Bayer objects to this request to the extent it calls for documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege, including the joint defense privilege. Bayer also objects to this request as premature, to the extent that it does not comport with the Rule 16 Scheduling Order and attempts to seek information irrelevant to infringement or prior invention, the sole subjects of discovery during Phase I of the case. Bayer will not produce any documents in Phase I that are not relevant to infringement or prior invention. Bayer also objects to this request as cumulative, overbroad, unduly burdensome, and seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Bayer also objects that the terms "concerning," "referring," and "relating" used in this request are vague and ambiguous. Bayer also objects to this request as duplicative and unnecessary to the extent that the documents now requested were previously produced. Bayer also incorporates the General Objections set forth above.

Subject to these objections and its General Objections, Bayer responds: Bayer has produced FDA 510(k) applications and approval letters for the Accused Products, as well as communications with the FDA.

### REQUEST FOR PRODUCTION NO. 121:

All documents and things concerning, referring to or relating to any product warranty, warranty registration, or any claim on a warranty made by any person for any Accused Product.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 121:

Bayer objects to this request to the extent it calls for documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege,

including the joint defense privilege. Bayer also objects to this request as premature, to the extent that it does not comport with the Rule 16 Scheduling Order and attempts to seek information irrelevant to infringement or prior invention, the sole subjects of discovery during Phase I of the case. Bayer will not produce any documents in Phase I that are not relevant to infringement or prior invention. Bayer also objects to this request as cumulative, overbroad, unduly burdensome, and seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Bayer also objects that the terms "concerning," "referring," and "relating" used in this request are vague and ambiguous. Bayer also objects to this request as duplicative and unnecessary to the extent that the documents now requested were previously produced. Bayer also incorporates the General Objections set forth above.

Subject to these objections and its General Objections, Bayer responds: Bayer has produced documents sufficient to show warranties on the Accused Products.

## REQUEST FOR PRODUCTION NO. 122:

Documents and things sufficient to identify the names, addresses and telephone numbers of each of Bayer's customers in the United States of any Accused Product made, used, sold, offered for sale, or imported into the United States. (Note: Defendant may treat this request as limited to information containing an identification of names, addresses, telephone numbers, and relevant Bayer product for all end-users who have purchased, used or continued to use Bayer Accused Products on or after January 1, 2006, where such information is separately available in this form.)

## RESPONSE TO REQUEST FOR PRODUCTION NO. 122:

Bayer objects to this request to the extent it calls for documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege, including the joint defense privilege. Bayer also objects to this request to the extent it calls for information protected by health information privacy regulations. Bayer also objects to this request as cumulative, overbroad, unduly burdensome, and seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Bayer also objects to this request to the extent it seeks documents that are not "within the possession, custody, or control" of Bayer. Bayer also objects to this request to the extent that it seeks

documents regarding sales by Bayer prior to October 2, 2007. The patents-in-suit were granted on October 2, 2007, and sales prior to this date are not relevant to Plaintiffs' claims. Bayer also incorporates the General Objections set forth above.

**REQUEST FOR PRODUCTION NO. 123:**

All documents and things concerning, referring to, relating to or constituting any communications or exchange of information with any of Bayer's customers in the United States of any Accused Product made, used, sold, offered for sale, or imported into the United States, including but not limited to customer complaints, rebate requests, and warranty cards. (Note: Defendant may treat this request as limited to information containing an identification of names, addresses, telephone numbers, and relevant Bayer product for all end-users who have purchased, used or continued to use Bayer Accused Products on or after January 1, 2006, where such information is separately available in this form.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

Bayer objects to this request to the extent it calls for documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege, including the joint defense privilege. Bayer also objects to this request to the extent it calls for information protected by health information privacy regulations. Bayer also objects to this request as cumulative, overbroad, unduly burdensome, and seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Bayer also objects that the terms "concerning," "referring," and "relating" used in this request are vague and ambiguous. Bayer also objects to this request to the extent it seeks documents that are not "within the possession, custody, or control" of Bayer. Bayer also objects to this request to the extent that it seeks documents regarding products sold by Bayer prior to October 2, 2007. The patents-in-suit were granted on October 2, 2007, and sales prior to this date are not relevant to Plaintiffs' claims. Bayer also incorporates the General Objections set forth above.

Subject to these objections and its General Objections, Bayer responds: Bayer has produced documents comprising the instructions for using the Accused Products.

**REQUEST FOR PRODUCTION NO. 124:**

All documents and things concerning, referring to or relating to all circumstances and situations where Bayer has used or operated any of the Accused Products in the United States,

including for testing, operating, or evaluating them for any purpose, for demonstrating them for any purpose, for sales or marketing promotion, or for comparing the attributes or performance of them with any other Electrochemical Sensors. (Note: Defendant may treat this request as limited to information containing an identification of names, addresses, telephone numbers, and relevant Bayer product for all end-users who have purchased, used or continued to use Bayer Accused Products on or after January 1, 2006, where such information is separately available in this form.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

Bayer objects to this request to the extent it calls for documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege, including the joint defense privilege. Bayer also objects to this request as cumulative, overbroad, unduly burdensome, and seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Any information pertaining to any limited usage by Bayer of the Accused Products would not be relevant to infringement, because any such limited usage would not qualify as direct infringement and is protected by applicable law. Bayer also objects to this request to the extent it seeks documents that are not "within the possession, custody, or control" of Bayer. Bayer also objects to this request to the extent that it seeks documents regarding products sold by Bayer prior to October 2, 2007. The patents-in-suit were granted on October 2, 2007, and sales prior to this date are not relevant to Plaintiffs' claims. Bayer also objects to this request as duplicative and unnecessary to the extent that the documents now requested were previously produced. Bayer also incorporates the General Objections set forth above.

Subject to these objections and its General Objections, Bayer responds: Bayer has produced the Technical Reviews and Design History Files for the Accused Products, which include information on product testing.

**REQUEST FOR PRODUCTION NO. 125:**

All documents and things concerning, referring to or relating to any agreements with any other persons or entities regarding the manufacture, exportation, or importation of each Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

Bayer objects to this request to the extent it calls for documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege, including the joint defense privilege. Bayer objects to this request as premature, to the extent that it does not comport with the Rule 16 Scheduling Order and attempts to seek information irrelevant to infringement or prior invention, the sole subjects of discovery during Phase I of the case. Bayer will not produce any documents in Phase I that are not relevant to infringement or prior invention. Bayer also objects to this request as cumulative, overbroad, unduly burdensome, and seeking information not relevant or reasonably calculated to lead to the discovery of admissible evidence. Information pertaining to the exportation of the Accused Products for sale abroad is not relevant to infringement, because products sold overseas do not infringe the method claims of the patents-in-suit. Bayer also objects that the terms "concerning," "referring," and "relating" used in this request are vague and ambiguous. Bayer also objects to this request to the extent that Roche is already in possession or control of documents relevant to this request. Bayer also objects to this request as duplicative and unnecessary to the extent that the documents now requested were previously produced. Bayer also incorporates the General Objections set forth above.

Subject to these objections and its General Objections, Bayer responds: Bayer has produced an agreement with Matsushita Electric Industrial Co., Ltd. Bayer will produce relevant, non-privileged documents, if any, comprising development, manufacturing, or distribution agreements relating to the Accused products, provided that such documents are in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 126:**

Documents and things sufficient to show the identity of the entity or entities who manufacture each Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

Bayer objects to this request to the extent it calls for documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege, including the joint defense privilege. Bayer objects to this request as premature, to the extent that it does not comport with the Rule 16 Scheduling Order and attempts to seek information irrelevant to infringement or prior invention, the sole subjects of discovery during Phase I of the case. Bayer will not produce any documents in Phase I that are not relevant to infringement or prior invention. Bayer also objects to this request as cumulative, overbroad, unduly burdensome, and seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Bayer also objects to this request as duplicative and unnecessary to the extent that the documents now requested were previously produced. Bayer also incorporates the General Objections set forth above.

Subject to these objections and its General Objections, Bayer responds: Bayer has produced the Technical Reviews for the Accused Products, which include information responsive to this Request. Bayer has also produced a development agreement with Matsushita Electric Industrial Co., Ltd. Bayer will produce relevant, non-privileged documents, if any, comprising manufacturing agreements relating to the Accused products, provided that such documents are in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 127:**

Documents and things sufficient to show how, where and by whom each Accused Product is imported into the United States or exported from the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

Bayer objects to this request to the extent it calls for documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege, including the joint defense privilege. Bayer objects to this request as premature, to the extent that it does not comport with the Rule 16 Scheduling Order and attempts to seek information irrelevant to infringement or prior invention, the sole subjects of discovery during Phase I of the

10

case. Bayer will not produce any documents in Phase I that are not relevant to infringement or prior invention. Bayer also objects to this request as cumulative, overbroad, unduly burdensome, and seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Information pertaining to the exportation of the Accused Products for sale abroad is not relevant to infringement, because products sold overseas do not infringe the method claims of the patents-in-suit. Bayer also objects to this request as duplicative and unnecessary to the extent that the documents now requested were previously produced. Bayer also incorporates the General Objections set forth above.

Subject to these objections and its General Objections, Bayer responds: Bayer has produced the Technical Reviews for the Accused Products, which include information responsive to this Request. Bayer has also produced development agreements with Matsushita Electric Industrial Co., Ltd. Bayer will produce relevant, non-privileged documents, if any, comprising distribution agreements relating to the Accused Products, provided that such documents are in its possession, custody or control.

## REQUEST FOR PRODUCTION NO. 128:

All documents and things concerning, referring to or relating to the OneTouch® Ultra™ System, including the OneTouch® Ultra™ Meter and the OneTouch® Ultra ™Test Strips, including but not limited to any notes, memoranda or correspondence written by, communicated to, or communicated from Bayer.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 128:

Bayer objects to this request to the extent it calls for documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege, including the joint defense privilege. Bayer objects to this request as premature, to the extent that it does not comport with the Rule 16 Scheduling Order and attempts to seek information irrelevant to infringement or prior invention, the sole subjects of discovery during Phase I of the case. Bayer will not produce any documents in Phase I that are not relevant to infringement or prior invention. Bayer also incorporates the General Objections set forth above.

Subject to these objections and its General Objections, Bayer responds: Bayer will produce non-privileged documents (or portions thereof) relevant to the issue of prior invention that substantially discuss the OneTouch® Ultra™ System, including the OneTouch® Ultra™ Meter and the OneTouch® Ultra ™Test Strips, provided that such documents are in its possession, custody or control.

## REQUEST FOR PRODUCTION NO. 129:

All documents and things concerning, referring to or relating to U.S. Patent Publication No. 2002/0092612 or any related patents or related applications, including but not limited to any notes, memoranda or correspondence written by, communicated to, or communicated from Bayer.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 129:

Bayer objects to this request to the extent it calls for documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege, including the joint defense privilege. Bayer also objects to this request as cumulative, overbroad, unduly burdensome, and seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Bayer also objects to this request to the extent that Roche is already in possession or control of documents relevant to this request. Bayer also objects that the terms "concerning," "referring," and "relating" used in this request are vague and ambiguous. Bayer also incorporates the General Objections set forth above.

Bayer also objects to this request as premature, to the extent that it does not comport with the Rule 16 Scheduling Order and attempts to seek information irrelevant to infringement or prior invention, the sole subjects of discovery during this phase of the case. Bayer will not produce any documents in Phase I that are not relevant to infringement or prior invention. Bayer will not respond to this request at this time.

## REQUEST FOR PRODUCTION NO. 130:

All documents and things concerning, referring to or relating to any search conducted by or on behalf of Bayer for any alleged prior invention, including but not limited to the search results.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

Bayer objects to this request to the extent it calls for documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege, including the joint defense privilege. Bayer objects to this request as premature, to the extent that it does not comport with the Rule 16 Scheduling Order and attempts to seek information irrelevant to infringement or prior invention, the sole subjects of discovery during Phase I of the case. Bayer will not produce any documents in Phase I that are not relevant to infringement or prior invention. Bayer also objects to this request as cumulative, overbroad, unduly burdensome, and seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Bayer also objects to this request as it calls for premature disclosure of expert opinions. Bayer also objects that the terms "concerning," "referring," and "relating" used in this request are vague and ambiguous. Bayer also incorporates the General Objections set forth above.

Subject to these objections and its General Objections, Bayer responds: Bayer will produce relevant, non-privileged documents, if any, responsive to this request, provided that such documents are in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 131:**

All documents and things concerning, referring to or relating to any patents or patent applications owned by persons other than Plaintiffs pertaining to any alleged prior invention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

Bayer objects to this request to the extent it calls for documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege, including the joint defense privilege. Bayer objects to this request as premature, to the extent that it does not comport with the Rule 16 Scheduling Order and attempts to seek information irrelevant to infringement or prior invention, the sole subjects of discovery during Phase I of the case. Bayer will not produce any documents in Phase I that are not relevant to infringement or prior invention. Bayer also objects to this request as cumulative, overbroad, unduly burdensome,

13

and seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Bayer also objects to this request as it calls for premature disclosure of expert opinions. Bayer also objects that the terms "concerning," "referring," and "relating" used in this request are vague and ambiguous. Bayer also incorporates the General Objections set forth above.

Subject to these objections and its General Objections, Bayer responds: Bayer will produce relevant, non-privileged documents, if any, responsive to this request, provided that such documents are in its possession, custody or control.

## REQUEST FOR PRODUCTION NO. 132:

All documents and things concerning, referring to or relating to the conception, actual or constructive reduction to practice, diligence, corroboration, first written description, first disclosure to another, first public sale, and first public use of any alleged prior invention.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 132:

Bayer objects to this request to the extent it calls for documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege, including the joint defense privilege. Bayer objects to this request as premature, to the extent that it does not comport with the Rule 16 Scheduling Order and attempts to seek information irrelevant to infringement or prior invention, the sole subjects of discovery during Phase I of the case. Bayer will not produce any documents in Phase I that are not relevant to infringement or prior invention. Bayer also objects to this request as cumulative, overbroad, unduly burdensome, and seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Bayer also objects to this request as it calls for premature disclosure of expert opinions. Bayer also objects that the terms "concerning," "referring," and "relating" used in this request are vague and ambiguous. Bayer also incorporates the General Objections set forth above.

14

Subject to these objections and its General Objections, Bayer responds: Bayer will produce relevant, non-privileged documents, if any, responsive to this request, provided that such documents are in its possession, custody or control.

## REQUEST FOR PRODUCTION NO. 133:

All documents and things showing or refuting whether any alleged prior invention was abandoned, suppressed, or concealed.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 133:

Bayer objects to this request to the extent it calls for documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege, including the joint defense privilege. Bayer objects to this request as premature, to the extent that it does not comport with the Rule 16 Scheduling Order and attempts to seek information irrelevant to infringement or prior invention, the sole subjects of discovery during Phase I of the case. Bayer will not produce any documents in Phase I that are not relevant to infringement or prior invention. Bayer also objects to this request as cumulative, overbroad, unduly burdensome, and seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Bayer also objects to this request as it calls for premature disclosure of expert opinions. Bayer also incorporates the General Objections set forth above.

Subject to these objections and its General Objections, Bayer responds: Bayer will produce relevant, non-privileged documents, if any, responsive to this request, provided that such documents are in its possession, custody or control.

## REQUEST FOR PRODUCTION NO. 134:

All documents and things showing or refuting diligence in reducing any alleged prior invention to practice and filing a patent application or otherwise making public such information.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 134:

Bayer objects to this request to the extent it calls for documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege, including the joint defense privilege. Bayer objects to this request as premature, to the extent

15

that it does not comport with the Rule 16 Scheduling Order and attempts to seek information irrelevant to infringement or prior invention, the sole subjects of discovery during Phase I of the case. Bayer will not produce any documents in Phase I that are not relevant to infringement or prior invention. Bayer also objects to this request as cumulative, overbroad, unduly burdensome, and seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Bayer also objects to this request as it calls for premature disclosure of expert opinions. Bayer also incorporates the General Objections set forth above.

Subject to these objections and its General Objections, Bayer responds: Bayer will produce relevant, non-privileged documents, if any, responsive to this request, provided that Bayer determines that such documents are in its possession, custody or control.

### REQUEST FOR PRODUCTION NO. 135:

All documents and things concerning, referring to or relating to the research, design, development, analysis, and testing of any alleged prior invention.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 135:

Bayer objects to this request to the extent it calls for documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege, including the joint defense privilege. Bayer objects to this request as premature, to the extent that it does not comport with the Rule 16 Scheduling Order and attempts to seek information irrelevant to infringement or prior invention, the sole subjects of discovery during Phase I of the case. Bayer will not produce any documents in Phase I that are not relevant to infringement or prior invention. Bayer also objects to this request as cumulative, overbroad, unduly burdensome, and seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Bayer also objects to this request as it calls for premature disclosure of expert opinions. Bayer also objects that the terms "concerning," "referring," and "relating" used in this request are vague and ambiguous. Bayer also incorporates the General Objections set forth above.

066694.1001

Subject to these objections and its General Objections, Bayer responds: Bayer will produce relevant, non-privileged documents, if any, responsive to this request, provided that such documents are in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 136:**

All documents and things concerning, referring to or relating to research, development, manufacture, sale or offer for sale of any product developed from any alleged prior invention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

Bayer objects to this request to the extent it calls for documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege, including the joint defense privilege. Bayer objects to this request as premature, to the extent that it does not comport with the Rule 16 Scheduling Order and attempts to seek information irrelevant to infringement or prior invention, the sole subjects of discovery during Phase I of the case. Bayer will not produce any documents in Phase I that are not relevant to infringement or prior invention. Bayer also objects to this request as cumulative, overbroad, unduly burdensome, and seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Bayer also objects to this request as it calls for premature disclosure of expert opinions. Bayer also objects that the terms "concerning," "referring," and "relating" used in this request are vague and ambiguous. Bayer also incorporates the General Objections set forth above.

Subject to these objections and its General Objections, Bayer responds: Bayer will produce relevant, non-privileged documents, if any, responsive to this request prior invention, provided that such documents are in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 137:**

All documents and things concerning, referring to or relating to the earliest disclosure of any product developed from any alleged prior invention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

Bayer objects to this request to the extent it calls for documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege, including the joint defense privilege. Bayer objects to this request as premature, to the extent that it does not comport with the Rule 16 Scheduling Order and attempts to seek information irrelevant to infringement or prior invention, the sole subjects of discovery during Phase I of the case. Bayer will not produce any documents in Phase I that are not relevant to infringement or prior invention. Bayer also objects to this request as cumulative, overbroad, unduly burdensome, and seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Bayer also objects to this request as it calls for premature disclosure of expert opinions. Bayer also objects that the terms "concerning," "referring," and "relating" used in this request are vague and ambiguous. Bayer also incorporates the General Objections set forth above.

Subject to these objections and its General Objections, Bayer responds: Bayer will produce relevant, non-privileged documents, if any, responsive to this request, provided that such documents are in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 138:**

All documents and things concerning, referring to or relating to invention disclosures and patent applications directed to any alleged prior invention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

Bayer objects to this request to the extent it calls for documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege, including the joint defense privilege. Bayer objects to this request as premature, to the extent that it does not comport with the Rule 16 Scheduling Order and attempts to seek information irrelevant to infringement or prior invention, the sole subjects of discovery during Phase I of the case. Bayer will not produce any documents in Phase I that are not relevant to infringement or prior invention. Bayer also objects to this request as cumulative, overbroad, unduly burdensome,

18

and seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Bayer also objects to this request as it calls for premature disclosure of expert opinions. Bayer also objects that the terms "concerning," "referring," and "relating" used in this request are vague and ambiguous. Bayer also incorporates the General Objections set forth above.

Subject to these objections and its General Objections, Bayer responds: Bayer will produce relevant, non-privileged documents, if any, responsive to this request, provided that such documents are in its possession, custody or control.

## REQUEST FOR PRODUCTION NO. 139:

Documents and things sufficient to show the identity of the person(s) who conceived, or who witnessed the conception of any alleged prior invention.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 139:

Bayer objects to this request to the extent it calls for documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege, including the joint defense privilege. Bayer objects to this request as premature, to the extent that it does not comport with the Rule 16 Scheduling Order and attempts to seek information irrelevant to infringement or prior invention, the sole subjects of discovery during Phase I of the case. Bayer will not produce any documents in Phase I that are not relevant to infringement or prior invention. Bayer also objects to this request as cumulative, overbroad, unduly burdensome, and seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Bayer also incorporates the General Objections set forth above.

Subject to these objections and its General Objections, Bayer responds: Bayer will produce relevant, non-privileged documents, if any, responsive to this request, provided that such documents are in its possession, custody or control.

### REQUEST FOR PRODUCTION NO. 140:

Documents and things sufficient to show the identities and activities of any persons or entities who in any way assisted in conceiving, developing, reducing to practice, evaluating, or testing any alleged prior invention.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 140:

Bayer objects to this request to the extent it calls for documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege, including the joint defense privilege. Bayer objects to this request as premature, to the extent that it does not comport with the Rule 16 Scheduling Order and attempts to seek information irrelevant to infringement or prior invention, the sole subjects of discovery during Phase I of the case. Bayer will not produce any documents in Phase I that are not relevant to infringement or prior invention. Bayer also objects to this request as cumulative, overbroad, unduly burdensome, and seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Bayer also incorporates the General Objections set forth above.

Subject to these objections and its General Objections, Bayer responds: Bayer will produce relevant, non-privileged documents, if any, responsive to this request, provided that such documents are in its possession, custody or control.

### REQUEST FOR PRODUCTION NO. 141:

Documents and things sufficient to show the identity of the person(s) who first actually or constructively reduced to practice, or who witnessed the first actual or constructive reduction to practice, of any alleged prior invention.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 141:

Bayer objects to this request to the extent it calls for documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege, including the joint defense privilege. Bayer objects to this request as premature, to the extent that it does not comport with the Rule 16 Scheduling Order and attempts to seek information irrelevant to infringement or prior invention, the sole subjects of discovery during Phase I of the case. Bayer will not produce any documents in Phase I that are not relevant to infringement or

20

prior invention.  Bayer also objects to this request as cumulative, overbroad, unduly burdensome, and seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Bayer also objects to this request as it calls for premature disclosure of expert opinions.  Bayer also incorporates the General Objections set forth above.

Subject to these objections and its General Objections, Bayer responds:  Bayer will produce relevant, non-privileged documents, if any, responsive to this request, provided that such documents are in its possession, custody or control.

## REQUEST FOR PRODUCTION NO. 142:

Documents and things sufficient to show the dates, locations, and circumstances of the conception, diligence, corroboration, and reduction to practice of any alleged prior invention.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 142:

Bayer objects to this request to the extent it calls for documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege, including the joint defense privilege.  Bayer objects to this request as premature, to the extent that it does not comport with the Rule 16 Scheduling Order and attempts to seek information irrelevant to infringement or prior invention, the sole subjects of discovery during Phase I of the case.  Bayer will not produce any documents in Phase I that are not relevant to infringement or prior invention.  Bayer also objects to this request as cumulative, overbroad, unduly burdensome, and seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Bayer also objects to this request as it calls for premature disclosure of expert opinions.  Bayer also incorporates the General Objections set forth above.

Subject to these objections and its General Objections, Bayer responds:  Bayer will produce relevant, non-privileged documents, if any, responsive to this request, provided that such documents are in its possession, custody or control.

## REQUEST FOR PRODUCTION NO. 143:

The following documents and things from the Bayer California litigation: all transcripts, videos and exhibits from depositions of Bayer witnesses (individual and/or under F.R.C.P.

30(b)(6)); Bayer's responses to interrogatories, requests for admission and requests for production of documents and things; reports from Bayer's expert(s); and motions and/or briefs filed by Bayer related to any motion for summary judgment.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 143:

Bayer objects to this request to the extent it calls for documents protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege, including the joint defense privilege. Bayer objects to this request as premature, to the extent that it does not comport with the Rule 16 Scheduling Order and attempts to seek information irrelevant to infringement or prior invention, the sole subjects of discovery during Phase I of the case. Bayer will not produce any documents in Phase I that are not relevant to infringement or prior invention. Bayer also objects to this request as cumulative, overbroad, unduly burdensome, and seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Bayer also incorporates the General Objections set forth above.

Subject to these objections and its General Objections, Bayer responds: The requested documents are already within Roche's possession, custody or control, or are publicly available and can be as easily obtained by Roche as by Bayer.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jcastellano@ycst.com

*Attorneys for Bayer Healthcare, LLC*

22

OF COUNSEL:

Rachel Krevans
Wesley E. Overson
Parisa Jorjani
Daniel P. Muino
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000

Kenneth P. George
Joseph M. Casino
AMSTER ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
(212) 336-8000

Dated: June 9, 2008

23

## CERTIFICATE OF SERVICE

I, Jeffrey T. Castellano, Esquire, hereby certify that on June 9, 2008, I caused copies of the foregoing document to be served on the following counsel in the manner indicated:

### BY E-MAIL AND HAND DELIVERY

Philip A. Rovner, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951

Frederick L. Cottrell, III, Esquire
Anne Shea Gaza, Esquire
Richards Layton & Finger PA
One Rodney Square
920 North King Street
Wilmington, DE 19801

Mary W. Bourke, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Rodger D. Smith, II, Esquire
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Steven J. Balick, Esquire
Lauren E. Maguire, Esquire
Ashby & Geddes
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

**BY E-MAIL**

Daniel A. Boehnen, Esquire [boehnen@mbhm.com]
Grantland G. Drutchas, Esquire [drutchas@mbhb.com]
Gary E. Hood, Esquire [hood@mbhb.com]
Nicole Keenan, Esquire [keenan@mbhb.com]
Paula S. Fritsch, Esquire [Fritsch@mbhb.com]
Sherri L. Oslick, Esquire [oslick@mbhb.com]
Jeffrey P. Armstrong [armstrongj@mbhb.com]
McDonnell Boehnen Hulbert & Bergoff LLP
300 South Wacker Drive
Chicago, IL 60606

Bradford J. Badke, Esquire [jim.badke@ropesgray.com]
Sona De, Esquire [sona.de@ropesgray.com]
Michael Kahn, Esquire [michael.kahn@ropesgray.com]
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704

Michael G. Adams, Esquire [mikeadams@parkerpoe.com]
Ashley L. Ellis, Esquire [ashleyellis@parkerpoe.com]
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202

Edward A. Mas II, Esquire [emas@mcandrews-ip.com]
Stephen F. Sherry, Esquire [ssherry@mcandrews-ip.com]
Kirk A. Vander Leest, Esquire [kvanderleest@mcandrews-ip.com]
James M. Hafertepe, Esquire [jhafertepe@mcandrews-ip.com]
Merle S. Elliott, Esquire [melliott@mcandrews-ip.com]
McAndrews, Held & Malloy, Ltd.
500 West Madison Street
Chicago, IL 60661

YOUNG CONAWAY STARGATT
    & TAYLOR, LLP

John W. Shaw (No. 3362) [jshaw@ycst.com]
Jeffrey T. Castellano (No. 4837)
[jcastellano@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19899
(302) 571-6600

*Attorneys for Defendant Bayer Healthcare, LLC*

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT DIABETES CARE, INCORPORATED, and ABBOTT DIABETES CARE SALES CORPORATION, et al.<br><br>Defendants. | C.A. No. 07-753-JJF |

## NOVA'S RESPONSES TO ROCHE'S SECOND SET OF REQUESTS FOR DOCUMENTS AND THINGS (NOS. 162-185)

Pursuant to the Federal Rules of Civil Procedure 26 and 34 and Rule 26.2(b) of the Local Rules of Civil Procedure and Practice of the United States District Court for the District of Delaware (the "Local Rules"), Defendant Nova Biomedical Corporation ("Nova") responds to Roche Diagnostics Operations, Inc.'s and Corange International Limited's (collectively "Roche") Second Set of Requests for the Production of Documents and Things (the "Requests"), dated May 8, 2008, as follows:

### GENERAL OBJECTIONS

Each of Nova's responses, in addition to any specifically stated objection, is subject to and incorporates by reference Nova's General Objections in its Responses to Roche's First Set of Requests for Documents and Things (1-161), served on February 29, 2008.

### DOCUMENT REQUEST NO. 162

To the extent not previously produced, all documents and things concerning, referring to or relating to any Premarket Notification 510(k) submission for any of the Accused Products, including but not limited to the original submission, any amendments, any

withdrawals, and any and all subsequent correspondence to and from the FDA. Such submissions include but are not limited to 510(k) submission Nos. K022581, K023219, K030531, K040603, K041478 and K070255.

## RESPONSE TO DOCUMENT REQUEST NO. 162

Nova objects to this Request on the grounds that it is duplicative, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous with respect to the phrase "subsequent correspondence." Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit, the alleged prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova also objects to this request to the extent it seeks documents that are not within Nova's possession, custody, or control.

Subject to and without waiver of these and the foregoing General Objections, Nova responds that it has produced documents sought by this request, and pursuant to its continuing investigation, will continue to search for and produce responsive, non-privileged documents, to the extent any exist.

## DOCUMENT REQUEST NO. 163

All documents and things concerning, referring to or relating to any product warranty, warranty registration, or any claim on a warranty made by any person for any Accused Product.

## RESPONSE TO DOCUMENT REQUEST NO. 163

Nova objects to this Request on the grounds that it is duplicative, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous with respect to the phrase

2

"claim on a warranty." Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit, the alleged prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims.

Subject to and without waiver of these and the foregoing General Objections, Nova responds that it will search for and produce non-privileged documents responsive to this request, to the extent any exist.

**DOCUMENT REQUEST NO. 164**

Documents and things sufficient to identify the names, addresses and telephone numbers of each of Nova's customers in the United States of any Accused Product made, used, sold, offered for sale, or imported into the United States. (Note: Defendant may treat this request as limited to information containing an identification of names, addresses, telephone numbers, and relevant Nova product for all end-users who have purchased, used or continued to use Nova Accused Products on or after January 1, 2006, where such information is separately available in this form.)

**RESPONSE TO DOCUMENT REQUEST NO. 164**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous with respect to the phrase "customers in the United States of any Accused Product made, used, sold, offered for sale, or imported into the United States." Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the

Roche patents-in-suit, the alleged prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova also objects to this request to the extent it seeks documents that are not within Nova's possession, custody, or control. Nova also objects to this request to the extent it seeks documents and/or things regarding sales by Nova dated prior to October 2, 2007 -- the date on which the patents-in-suit were granted.

Subject to and without waiver of these and the foregoing General Objections, Nova responds that it will search for and produce non-privileged documents responsive to this request, to the extent any exist.

## DOCUMENT REQUEST NO. 165

All documents and things concerning, referring to, relating to or constituting any communications or exchange of information with any of Nova's customers in the United States of any Accused Product made, used, sold, offered for sale, or imported into the United States, including but not limited to customer complaints, rebate requests, and warranty cards. (Note: Defendant may treat this request as limited to information containing an identification of names, addresses, telephone numbers, and relevant Nova product for all end-users who have purchased, used or continued to use Nova Accused Products on or after January 1, 2006, where such information is separately available in this form.)

## RESPONSE TO DOCUMENT REQUEST NO. 165

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous with respect to the phrases "exchange of information" and "customers in the United States of any Accused Product made, used, sold, offered for sale, or imported into the United States." Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit, the alleged prior invention (35

U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova also objects to this request to the extent it seeks documents that are not within Nova's possession, custody, or control. Nova also objects to this request to the extent it seeks documents and/or things regarding sales by Nova dated prior to October 2, 2007 -- the date on which the patents-in-suit were granted.

Subject to and without waiver of these and the foregoing General Objections, Nova responds that it will search for and produce non-privileged documents responsive to this request, to the extent any exist.

## DOCUMENT REQUEST NO. 166

All documents and things concerning, referring to or relating to all circumstances and situations where Nova has used or operated any of the Accused Products in the United States, including for testing, operating, or evaluating them for any purpose, for demonstrating them for any purpose, for sales or marketing promotion, or for comparing the attributes or performance of them with any other Electrochemical Sensors. (Note: Defendant may treat this request as limited to information containing an identification of names, addresses, telephone numbers, and relevant Nova product for all end-users who have purchased, used or continued to use Nova Accused Products on or after January 1, 2006, where such information is separately available in this form.)

## RESPONSE TO DOCUMENT REQUEST NO. 166

Nova objects to this Request on the grounds that it is duplicative, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous with respect to the terms "testing, "operating," "evaluating," "demonstrating," "sales or marketing promotion," and "comparing the attributes or performance." Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged

infringement of the Roche patents-in-suit, the alleged prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims.

Subject to and without waiver of these and the foregoing General Objections, Nova responds that it has produced documents sought by this request, and pursuant to its continuing investigation, will continue to search for and produce responsive, non-privileged documents, to the extent any exist.

## DOCUMENT REQUEST NO. 167

All documents and things concerning, referring to or relating to any agreements with any other persons or entities regarding the manufacture, exportation, or importation of each Accused Product.

## RESPONSE TO DOCUMENT REQUEST NO. 167

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit, the alleged prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova also objects to this request to the extent it seeks documents that are not within Nova's possession, custody, or control.

Subject to and without waiver of these and the foregoing General Objections, Nova responds that it will search for and produce non-privileged documents responsive to this request, to the extent any exist.

6

**DOCUMENT REQUEST NO. 168**

Documents and things sufficient to show the identity of the entity or entities who manufacture each Accused Product.

**RESPONSE TO DOCUMENT REQUEST NO. 168**

Nova objects to this Request on the grounds that it is duplicative, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit, the alleged prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims.

Subject to and without waiver of these and the foregoing General Objections, Nova responds that it has produced documents sought by this request, and pursuant to its continuing investigation, will continue to search for and produce responsive, non-privileged documents, to the extent any exist.

**DOCUMENT REQUEST NO. 169**

Documents and things sufficient to show how, where and by whom each Accused Product is imported into the United States or exported from the United States.

**RESPONSE TO DOCUMENT REQUEST NO. 169**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Nova further objects to

this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit, the alleged prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova also objects to this request to the extent it seeks documents that are not within Nova's possession, custody, or control.

Subject to and without waiver of these and the foregoing General Objections, Nova responds that it will search for and produce non-privileged documents responsive to this request, to the extent any exist.

**DOCUMENT REQUEST NO. 170**

All documents and things concerning, referring to or relating to the OneTouch[®] Ultra[TM] System, including the OneTouch Ultra[TM] Meter and the OneTouch[®] Ultra[TM] Test Strips, including but not limited to any notes, memoranda or correspondence written by, communicated to, or communicated from Nova.

**RESPONSE TO DOCUMENT REQUEST NO. 170**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit, the alleged prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova also objects to this request to the extent it seeks documents that are not within Nova's possession, custody, or control.

Subject to and without waiver of these and the foregoing General Objections, Nova responds that it will search for and produce non-privileged documents responsive to this request, to the extent any exist.

## DOCUMENT REQUEST NO. 171

All documents and things concerning, referring to or relating to U.S. Patent Publication No. 2002/0092612 or any related patents or related applications, including but not limited to any notes, memoranda or correspondence written by, communicated to, or communicated from Nova.

## RESPONSE TO DOCUMENT REQUEST NO. 171

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit, the alleged prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova also objects to this request to the extent it seeks documents that are not within Nova's possession, custody, or control.

Subject to and without waiver of these and the foregoing General Objections, Nova responds that it will search for and produce non-privileged documents responsive to this request, to the extent any exist.

## DOCUMENT REQUEST NO. 172

All documents and things concerning, referring to or relating to any search conducted by or on behalf of Nova for any alleged prior invention, including but not limited to the search results.

**RESPONSE TO DOCUMENT REQUEST NO. 172**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous with respect to the phrases "any prior invention" and "search results." Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit, the alleged prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova also objects to this request to the extent it seeks documents that are not within Nova's possession, custody, or control.

Subject to and without waiver of these and the foregoing General Objections, Nova responds that it will search for and produce non-privileged documents responsive to this request, to the extent any exist.

**DOCUMENT REQUEST NO. 173**

All documents and things concerning, referring to or relating to any patents or patent applications owned by persons other than Plaintiffs pertaining to any alleged prior invention.

**RESPONSE TO DOCUMENT REQUEST NO. 173**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous with respect to the phrases "patent applications owned by persons" and "pertaining to any alleged prior invention." Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit, the alleged prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova also objects to this request to the extent it seeks documents that are not within Nova's possession, custody, or control.

Subject to and without waiver of these and the foregoing General Objections, Nova responds that it will search for and produce non-privileged documents responsive to this request, to the extent any exist.

**DOCUMENT REQUEST NO. 174**

All documents and things concerning, referring to or relating to the conception, actual or constructive reduction to practice, diligence, corroboration, first written description, first disclosure to another, first public sale, and first public use of any alleged prior invention.

**RESPONSE TO DOCUMENT REQUEST NO. 174**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous with respect to the phrases "actual or constructive reduction to practice," "diligence," "corroboration," "first disclosure to another," and "any alleged prior invention." Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit, the alleged prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova also objects to this request to the extent it seeks documents that are not within Nova's possession, custody, or control.

Subject to and without waiver of these and the foregoing General Objections, Nova responds that it will search for and produce non-privileged documents responsive to this request, to the extent any exist.

## DOCUMENT REQUEST NO. 175

All documents and things showing or refuting whether any alleged prior invention was abandoned, suppressed, or concealed.

## RESPONSE TO DOCUMENT REQUEST NO. 175

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous with respect to the phrases "abandoned," "suppressed," "concealed," and "any alleged prior invention." Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit, the alleged prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova also objects to this request to the extent it seeks documents that are not within Nova's possession, custody, or control.

Subject to and without waiver of these and the foregoing General Objections, Nova responds that it will search for and produce non-privileged documents responsive to this request, to the extent any exist.

## DOCUMENT REQUEST NO. 176

All documents and things showing or refuting diligence in reducing any alleged prior invention to practice and filing a patent application or otherwise making public such information.

### RESPONSE TO DOCUMENT REQUEST NO. 176

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous with respect to the phrases "refuting diligence," "making public," and "any alleged prior invention." Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit, the alleged prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova also objects to this request to the extent it seeks documents that are not within Nova's possession, custody, or control.

Subject to and without waiver of these and the foregoing General Objections, Nova responds that it will search for and produce non-privileged documents responsive to this request, to the extent any exist.

### DOCUMENT REQUEST NO. 177

All documents and things concerning, referring to or relating to the research, design, development, analysis, and testing of any alleged prior invention.

### RESPONSE TO DOCUMENT REQUEST NO. 177

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous with respect to the phrases "research," "design," "development," "analysis," "testing," and "any alleged prior invention." Nova further objects to the extent the Request calls for the production of documents protected from discovery

by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit, the alleged prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova also objects to this request to the extent it seeks documents that are not within Nova's possession, custody, or control.

Subject to and without waiver of these and the foregoing General Objections, Nova responds that it will search for and produce non-privileged documents responsive to this request, to the extent any exist.

### DOCUMENT REQUEST NO. 178

All documents and things concerning, referring to or relating to research, development, manufacture, sale or offer for sale of any product developed from any alleged prior invention.

### RESPONSE TO DOCUMENT REQUEST NO. 178

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous with respect to the phrases "research," "development," "manufacture," and "alleged prior invention." Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit, the alleged prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova also objects to

this request to the extent it seeks documents that are not within Nova's possession, custody, or control.

Subject to and without waiver of these and the foregoing General Objections, Nova responds that it will search for and produce non-privileged documents responsive to this request, to the extent any exist.

## DOCUMENT REQUEST NO. 179

All documents and things concerning, referring to or relating to the earliest disclosure of any product developed from any alleged prior invention.

## RESPONSE TO DOCUMENT REQUEST NO. 179

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous with respect to the phrases "earliest disclosure" and "alleged prior invention." Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit, the alleged prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova also objects to this request to the extent it seeks documents that are not within Nova's possession, custody, or control.

Subject to and without waiver of these and the foregoing General Objections, Nova responds that it will search for and produce non-privileged documents responsive to this request, to the extent any exist.

15

**DOCUMENT REQUEST NO. 180**

All documents and things concerning, referring to or relating to invention disclosures and patent applications directed to any alleged prior invention.

**RESPONSE TO DOCUMENT REQUEST NO. 180**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous with respect to the phrases "invention disclosures" and "alleged prior invention." Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit, the alleged prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova also objects to this request to the extent it seeks documents that are not within Nova's possession, custody, or control.

Subject to and without waiver of these and the foregoing General Objections, Nova responds that it will search for and produce non-privileged documents responsive to this request, to the extent any exist.

**DOCUMENT REQUEST NO. 181**

Documents and things sufficient to show the identity of the person(s) who conceived, or who witnessed the conception of any alleged prior invention.

**RESPONSE TO DOCUMENT REQUEST NO. 181**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous with respect to the phrases "witnessed the conception" and "alleged prior invention." Nova further objects to the extent the Request

16

calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit, the alleged prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova also objects to this request to the extent it seeks documents that are not within Nova's possession, custody, or control.

Subject to and without waiver of these and the foregoing General Objections, Nova responds that it will search for and produce non-privileged documents responsive to this request, to the extent any exist.

**DOCUMENT REQUEST NO. 182**

Documents and things sufficient to show the identities and activities of any persons or entities who in any way assisted in conceiving, developing, reducing to practice, evaluating, or testing any alleged prior invention.

**RESPONSE TO DOCUMENT REQUEST NO. 182**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous with respect to the phrases "assisted in conceiving, developing, reducing to practice, evaluating or testing" and "alleged prior invention." Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit, the alleged prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or

17

Nova's counterclaims. Nova also objects to this request to the extent it seeks documents that are not within Nova's possession, custody, or control.

Subject to and without waiver of these and the foregoing General Objections, Nova responds that it will search for and produce non-privileged documents responsive to this request, to the extent any exist.

## DOCUMENT REQUEST NO. 183

Documents and things sufficient to show the identity of the person(s) who first actually or constructively reduced to practice, or who witnessed the first actual or constructive reduction to practice, of any alleged prior invention.

## RESPONSE TO DOCUMENT REQUEST NO. 183

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous with respect to the phrases "constructively reduced to practice," "constructive reduction to practice," and "alleged prior invention." Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit, the alleged prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova also objects to this request to the extent it seeks documents that are not within Nova's possession, custody, or control.

Subject to and without waiver of these and the foregoing General Objections, Nova responds that it will search for and produce non-privileged documents responsive to this request, to the extent any exist.

**DOCUMENT REQUEST NO. 184**

Documents and things sufficient to show the dates, locations, and circumstances of the conception, diligence, corroboration, and reduction to practice of any alleged prior invention.

**RESPONSE TO DOCUMENT REQUEST NO. 184**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nova also objects to this Request as vague and ambiguous with respect to the phrases "circumstances," "diligence," "corroboration," and "alleged prior invention." Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit, the alleged prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova also objects to this request to the extent it seeks documents that are not within Nova's possession, custody, or control.

Subject to and without waiver of these and the foregoing General Objections, Nova responds that it will search for and produce non-privileged documents responsive to this request, to the extent any exist.

**DOCUMENT REQUEST NO. 185**

The following documents and things from the Nova and Becton, Dickinson California litigations: all transcripts, videos and exhibits from depositions of Nova and/or Becton, Dickinson & Company witnesses (individual and/or under F.R.C.P. 30(b)(6)); Nova's and/or Becton, Dickinson & Company's responses to interrogatories, requests for admission and requests for production of documents and things; reports from Nova's and/or Becton, Dickinson & Company's expert(s); and motions and/or briefs filed by Nova and/or Becton, Dickinson & Company related to any motion for summary judgment.

**RESPONSE TO DOCUMENT REQUEST NO. 185**

Nova objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. To the extent this Request seeks documents in Nova's possession, custody or control that have any relevance to the claims or defenses at issue in this litigation, Nova objects to this Request as duplicative. Nova further objects to the extent the Request calls for the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Nova further objects to this Request to the extent it requires Nova to produce documents and/or things that are not related to the alleged infringement of the Roche patents-in-suit, the alleged prior invention (35 U.S.C. § 102(g)) of the Roche patents-in-suit, or Nova's counterclaims. Nova also objects to this request to the extent it seeks third-party documents of Becton, Dickinson & Company that are not within Nova's possession, custody, or control. Nova further objects to this request as an improper request for interrogatory responses and responses to requests for admissions contrary to Federal Rule of Civil Procedure 34 and contrary to the limits imposed on such discovery by this Court's April 24, 2008 Rule 16 Scheduling Order.

Subject to and without waiver of these and the foregoing General Objections, Nova responds that, to the extent Nova documents used as exhibits in depositions of Nova witnesses are relevant to any claim or defense in this action, Nova has produced documents sought by this request, and pursuant to its continuing investigation, will continue to search for and produce responsive documents, to the extent any exist.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____

Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
rsmith@mnat.com
*Attorneys for Defendant*
*Nova Biomedical Corporation*

OF COUNSEL:

Bradford J. Badke
Sona De
Michael P. Kahn
Simon A. Fitzpatrick
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704

June 9, 2008

2359188

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that copies of the foregoing were caused to

be served on June 9, 2008, upon the following in the manner indicated:

### BY HAND AND EMAIL

Philip A. Rovner, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE  19801

Frederick L. Cottrell, III, Esquire
Richards Layton & Finger PA
One Rodney Square
920 North King Street
Wilmington, DE  19801

Mary W. Bourke, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE  19801

Steven J. Balick, Esquire
Ashby & Geddes
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE  19899

John W. Shaw, Esquire
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

### BY EMAIL

Daniel A. Boehnen, Esquire
Grantland G. Drutchas, Esquire
McDonnell Boehnen Hulbert & Bergoff LLP
300 South Wacker Drive
Chicago, IL  60606
boehnen@mbhb.com
drutchas@mbhb.com

Michael G. Adams, Esquire
Ashley L. Ellis, Esquire
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

Edward A. Mas II, Esquire
McAndrews, Held & Malloy, Ltd.
500 West Madison Street
Chicago, IL 60661
emas@mcandrews-ip.com

Rachel Krevans, Esquire
Wesley E. Overson, Esquire
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
rkrevans@mofo.com
woverson@mofo.com

Kenneth P. George
Joseph M. Casino
Amster Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
kgeorge@arelaw.com
jcasino@arelaw.com

Rodger D. Smith II (#3778)

2

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 07-753-JJF |
| v. | ) ) | |
| ABBOTT DIABETES CARE, INCORPORATED and ABBOTT DIABETES CARE SALES CORPORATION, BAYER HEALTHCARE, LLC, DIAGNOSTICS DEVICES, INC., LIFESCAN, INCORPORATED, and NOVA BIOMEDICAL CORPORATION, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## LIFESCAN, INC.'S FIRST SET OF
## INTERROGATORIES (NOS. 1-3) TO PLAINTIFFS

Defendant LifeScan, Inc. ("LifeScan"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, requests that Plaintiffs Roche Diagnostics Operations, Inc. and Corange International Limited (collectively, "Plaintiffs") answer the following interrogatories under oath within thirty (30) days of service hereof.  Any documents and things produced in response to these Interrogatories shall be produced for inspection and copying at the offices of LifeScan's counsel, Connolly Bove Lodge & Hutz LLP, 1007 North Orange Street, Wilmington, DE 19801.

All Interrogatories propounded by LifeScan are continuing in nature so as to require supplementation promptly following the discovery of additional responsive information or documents by Plaintiffs.

### DEFINITIONS

Unless otherwise indicated, the following definitions shall apply.

1.    The terms "Plaintiffs," "you," and "your" refer to Roche Diagnostics Operations, Inc. and Corange International Limited, and any of their current or former parents, subsidiaries, affiliates, divisions, predecessors, successors, officers, directors, agents, consultants, employees,

attorneys and accountants, and any other person or entity currently or previously acting or purporting to act on their behalf.

2.　　The terms "Defendant" and "LifeScan" refer to LifeScan, Inc., its officers, directors, agents, consultants, employees, attorneys and accountants, and/or any other person or entity currently or previously acting or purporting to act on its behalf.

3.　　The term "patents-in-suit" means U.S. Patent No. 7,276,146 ("the '146 Patent") and U.S. Patent No. 7,276,147 ("the '147 Patent").

4.　　The term "related patent" shall mean any patent issued from any parent or other ancestral application of a given patent, or any continuing application, continuation-in-part application, divisional application, file wrapper continuation, reexamination proceeding, reissue application, foreign counterpart application, or any other application with a substantially similar specification to the given patent.

5.　　The term "LifeScan Accused Product" means each of the LifeScan products accused of infringement in Plaintiffs' Complaint for Patent Infringement, and any other product made, used, sold or offered for sale by LifeScan that you contend infringes any patent-in-suit or any patent you own or hold a license or other rights to.

6.　　The term "document" shall have the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law and shall include, without limitation, "writings," "recordings," and "photographs," as defined by Federal Rule of Evidence 1001. "Documents" also shall include materials stored electronically or electromagnetically (such as electronic mail) and all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

7.　　The term "communication" means any exchange or transfer of information, whether oral or written, formal or informal, at any time or place, under any circumstances, and in any manner, and shall include, without limitation, any inquiry, request, discussion, conversation, agreement, undertaking, meeting, telephone conversation, letter, note, facsimile, telegram, telex,

2

e-mail, internet or intranet postings, any other form of information exchange whether oral, written, or electronic.

8.      "Concern" and "concerning" shall mean referring to, relating to, constituting, discussing, describing, evidencing, supporting, tending to support, refuting, tending to refute, or impacting.

9.      "Person" or "persons" shall mean any natural persons, proprietorships, partnerships, firms, corporations, joint ventures, independent establishments, government agencies or corporations, federal or otherwise, any combination acting as an entity, or any divisions or subsidiaries of any group. Unless otherwise stated, "person" or "persons" shall also include any individuals and entities which are separately defined in these Definitions. Any reference to a person shall also include that person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise.

10.     The term "including" shall be construed broadly, and shall encompass "including but not limited to" or "including without limitation."

11.     "Any" should be understood to include and encompass "all," "all" should be understood to include and encompass "any," "or" should be understood to include and encompass "and," and "and" shall be understood to include and encompass "or."

12.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

13.     The use of the singular form of any word shall include the plural and vice versa.

## INSTRUCTIONS

1.      The interrogatories below must be answered in accordance with Federal Rules of Civil Procedure 26 and 33.  You must serve upon LifeScan a written answer and/or objection addressed to each interrogatory, and such answer or objection must be signed by the serving party.  The responses to the interrogatories shall include any information that is within your possession, custody or control, that is within the possession, custody or control of your attorneys, consultants, experts, agents investigators, accountants, or any persons acting on your behalf, or

3

that is otherwise available to you as provided in the Federal Rules of Civil Procedure and applicable decisional law. You are specifically reminded of your duty to supplement your answer pursuant to Rule 26(e)(2).

2.    If you cannot answer any interrogatory in full after exercising due diligence to secure the information, so state in the answer to the extent possible, specifying your inability to answer the remainder, and state whatever information or knowledge you have concerning the unanswered portions and the efforts you have undertaken to secure the information sought.

3.    If you deem any information, document, or communication requested by any of the following interrogatories to be protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, please identify or describe: (a) the information, document, or communication alleged to be so protected by author, subject matter, date, number of pages, attachments, and appendices; (b) the names and job titles of all recipients of the information, document, or communication, including blind copy recipients and any individual to whom the information, document, or communication was distributed, shown, or explained; (c) the information, document, or communication's current custodian; and (d) all bases, factual and legal, upon which such protection rests. If you contend that only a portion of the information sought by an interrogatory is privileged, please provide the information that you do not contend is privileged.

4.    If you object to any portion of an interrogatory, please provide all information requested by any portion of the interrogatory to which you do not object.

5.    Whenever an interrogatory requires you to identify a person, the person should be identified by providing at least his or her: (a) full name; (b) home and business address; (c) occupation, job title or description, and department; (d) most recent or last known employer; (e) period of employment by Plaintiffs, if any, and job title and responsibilities during that time period; and (f) job title and employer at time of event to which the interrogatory relates.

6.    Whenever an interrogatory requires the identity of an entity or the response to an interrogatory would require the identification of an entity, the entity should be identified by

4

providing at least : (a) the entity's full name; (b) a brief description of the general nature of the business; (c) the state of incorporation; (d) the entity's address and principal place of business; (e) the identity of the officers or other persons having knowledge of the matter with respect to which the company has been identified.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each claim of the patents-in-suit that is allegedly infringed by a LifeScan Accused Product, and for each such claim (i) provide a claim chart that identifies on an element-by-element basis any allegedly infringing structure of, or any allegedly infringing steps performed by, each LifeScan Accused Product, (ii) state whether the alleged infringement is literal or under the doctrine of equivalents, (iii) state in detail all facts concerning, supporting or tending to support your allegation that LifeScan or the LifeScan Accused Products infringe the patents-in-suit, and (iv) identify all people with knowledge of the facts alleged and all documents or things concerning, supporting or tending to support the facts alleged.

**INTERROGATORY NO. 2:**

If you allege that LifeScan has actively induced direct infringement of the patents-in-suit by any third party, describe all facts and circumstances concerning such alleged inducement, including but not limited to (i) the identity of the alleged third party direct infringers, (ii) the date, time, place and manner of such direct infringement, (iii) the communications and/or actions by LifeScan constituting such active inducement, (iv) the claim or claims of the patents-in-suit whose infringement is allegedly induced, (v) the LifeScan Accused Products involved in either the direct or indirect infringement alleged, and (vi) the identity of all persons with knowledge of the facts alleged and all documents or things concerning, supporting or tending to support the facts alleged.

**INTERROGATORY NO. 3:**

If you allege that LifeScan contributorily infringes any claim of the patents-in-suit, describe all facts and circumstances concerning such alleged contributory infringement, including

but not limited to (i) the identity of any alleged third party direct infringers, (ii) the date, time, place and manner of the alleged direct infringement, (iii) the claim or claims of the patents-in-suit alleged to be directly infringed, (iv) the LifeScan Accused Products involved in either the direct or indirect infringement alleged, (v) all facts concerning, supporting or tending to support your allegation that the LifeScan Accused Products are not staple articles or commodities of commerce suitable for substantial non-infringing uses, and (vi) the identity of all persons with knowledge of the facts alleged and all documents or things concerning, supporting or tending to support the facts alleged.

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Mary W. Bourke
Mary W. Bourke (#2356)
R. Eric Hutz (#2702)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

*Attorneys for Defendant LifeScan, Inc.*

Dated: April 10, 2008

600069

## CERTIFICATE OF SERVICE

I, Mary W. Bourke, Esquire, hereby certify that on April 10, 2008, I caused copies

of the foregoing document to be served on the following counsel in the manner indicated:

**BY HAND AND EMAIL**
Philip A. Rovner
Potter Anderson & Corroon, LLP
1313 N. Market St.
Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951
*Attorneys for Plaintiffs Roche Diagnostic*
*Operations, Inc. and Corange*
*International Limited*

**BY EMAIL**
Daniel A. Boehnen
Grantland G. Drutchas
Gary E. Hood
Nicole Keenan
Paula S. Fritsch
Sherri L. Oslick
Jeffrey P. Armstrong
McDonnell Boehnen Hulbert &
Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
*Attorneys for Plaintiffs Roche*
*Diagnostic Operations, Inc. and*
*Corange International Limited*

**BY HAND AND EMAIL**
John W. Shaw
Jeffrey Thomas Castellano
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
*Attorneys for Defendant Bayer*
*Healthcare, LLC*

**BY HAND AND EMAIL**
Rodger Dallery Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
*Attorneys for Defendant Nova*
*Biomedical Corporation*

**BY HAND AND EMAIL**
Frederick L. Cottrell, III
Anne Shea Gaza
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
*Attorneys for Defendants Abbott Diabetes*
*Care Inc. and Abbott Diabetes Care*
*Sales Corporation.*

**BY HAND AND EMAIL**
Steven J. Balick
John G. Day
Lauren E. Maguire
Ashby & Geddes
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
*Attorneys for Defendant Diagnostic*
*Devices Inc.*

7

**BY EMAIL**
Wesley E. Overson
Rachel Krevans
Jason R. Bartlett
Parisa Jorjani
Daniel P. Muino
Morrisson & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
*Attorneys for Defendant Bayer
Healthcare, LLC*

**BY EMAIL**
Nancy Tinsley
Roche Diagnostics
9115 Hague Road
Indianapolis, IN 46250
*Attorney for Plaintiff Roche Diagnostics
Operations, Inc. and Corange
International Limited*

**BY EMAIL**
Bradford J. Badke
Sona De
Michael Kahn
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
*Attorneys for Defendant Nova
Biomedical Corporation*

**BY EMAIL**
Kenneth P. George
Joseph M. Casino
Amster Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
*Attorneys for Defendant Bayer
Healthcare, LLC*

**BY EMAIL**
Kirk A. Vander Leest
Edward A. Mas II
Stephen F. Sherry
James M. Hafertepe
Merle S. Elliott
Matthew A. Anderson
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, Suite 3400
Chicago, IL 60661
*Attorneys for Defendants Abbott Diabetes
Care Inc. and Abbott Diabetes Care
Sales Corporation*

**BY EMAIL**
Ashley L. Ellis
Michael G. Adams
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
*Attorneys for Defendant Diagnostic
Devices Inc.*

CONNOLLY BOVE LODGE & HUTZ LLP
/s/ Mary W. Bourke
Mary W. Bourke (#2356)
R. Eric Hutz (#2702)
Kristen Healey Cramer (#4512)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-1347
*Attorneys for Defendant LifeScan Incorporated*

8

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 07-753-JJF |
| ABBOTT DIABETES CARE, INCORPORATED, ABBOTT DIABETES CARE SALES CORPORATION, BAYER HEALTHCARE, LLC, DIAGNOSTICS DEVICES, INC., LIFESCAN, INCORPORATED, and NOVA BIOMEDICAL CORPORATION | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANT BAYER HEALTHCARE, LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS (NOS. 1-3)

Defendant Bayer Healthcare LLC ("Bayer"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, requests that Plaintiffs Roche Diagnostics Operations, Inc. and Corange International Limited (collectively, "Plaintiffs") answer the following interrogatories under oath within thirty (30) days of service hereof. Any documents or things produced in response to these interrogatories shall be produced for inspection and copying at the offices of Bayer's counsel, Morrison & Foerster LLP, 425 Market Street, San Francisco, CA 94105.

All interrogatories propounded by Bayer are continuing in nature so as to require supplementation promptly following the discovery of additional responsive information or documents by Plaintiffs.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall apply.

1.    The terms "Plaintiffs," "you," and "your" refer to Roche Diagnostics Operations, Inc. and Corange International Limited, and any of their current or former parents, subsidiaries, affiliates, divisions, predecessors, successors, officers, directors, agents, consultants, employees, attorneys, accountants, and any other person or entity currently or previously acting or purporting to act on their behalf.

2.    The terms "Defendant" and "Bayer" refer to Bayer Healthcare LLC, its officers, directors, agents, consultants, employees, attorneys, accountants, and/or any other person or entity currently or previously acting or purporting to act on its behalf.

3.    The term "patents-in-suit" means U.S. Patent No. 7,276,146 ("the '146 Patent") and U.S. Patent No. 7,276,147 ("the '147 Patent").

4.    The term "related patent" shall mean any patent issued from (i) any parent or other ancestral application of a given patent, or (2) any continuing application, continuation-in-part application, divisional application, file wrapper continuation, reexamination proceeding, reissue application, foreign counterpart application, or any other application with a substantially similar specification to the given patent.

5.    The term "Bayer Accused Product" means each of the Bayer products accused of infringement in Plaintiffs' Complaint for Patent Infringement, and any other product made, used, sold, or offered for sale by Bayer that you contend infringes any patent-in-suit or any intellectual property you own or hold a license or other rights to.

6.    The term "document" shall have the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law, and shall include, without limitation, "writings," "recordings," and "photographs," as defined by Federal Rule of Evidence 1001. "Documents" shall also include materials stored electronically or electromagnetically (such as electronic mail) and all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

7.    The term "communication" means any exchange or transfer of information, whether oral or written, formal or informal, at any time or place, under any circumstances, and in

any manner, and shall include, without limitation, any inquiry, request, discussion, conversation, agreement, undertaking, meeting, telephone conversation, letter, note, facsimile, telegram, telex, e-mail, internet or intranet postings, or any other form of information exchange whether oral, written, or electronic.

8.    "Concern" and "concerning" shall mean referring to, relating to, constituting, discussing, describing, evidencing, supporting, tending to support, refuting, tending to refute, or impacting.

9.    "Person" or "persons" shall mean any natural persons, proprietorships, partnerships, firms, corporations, joint ventures, independent establishments, government agencies or corporations (federal or otherwise), any combination acting as an entity, or any divisions or subsidiaries of any group. Unless otherwise stated, "person" or "persons" shall also include any individuals and entities that are separately defined in these Definitions. Any reference to a person shall also include that person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise.

10.    The term "including" shall be construed broadly, and shall encompass "including but not limited to" or "including without limitation."

11.    "Any" should be understood to include and encompass "all," "all" should be understood to include and encompass "any," "or" should be understood to include and encompass "and," and "and" shall be understood to include and encompass "or."

12.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

13.    The use of the singular form of any word shall include the plural and vice versa.

## INSTRUCTIONS

1.    The interrogatories below must be answered in accordance with Federal Rules of Civil Procedure 26 and 33.  You must serve upon Bayer a written answer and/or objection addressed to each interrogatory, and such answer or objection must be signed by the serving

3

party. The responses to the interrogatories shall include any information that is within your possession, custody, or control; that is within the possession, custody, or control of any of your attorneys, consultants, experts, agents, investigators, accountants, or any other persons acting on your behalf; or that is otherwise available to you as provided in the Federal Rules of Civil Procedure and applicable decisional law. You are specifically reminded of your duty to supplement your answer pursuant to Rule 26(e).

2.      If you cannot answer any interrogatory in full after exercising due diligence to secure the information, so state in the answer to the extent possible, specifying your inability to answer the remainder, and state whatever information or knowledge you have concerning the unanswered portions and the efforts you have undertaken to secure the information sought.

3.      If you deem any information, document, or communication requested by any of the following interrogatories to be protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, please identify or describe: (a) the information, document, or communication alleged to be so protected by author, subject matter, date, number of pages, attachments, and appendices; (b) the names and job titles of all recipients of the information, document, or communication, including blind copy recipients and any individual to whom the information, document, or communication was distributed, shown, or explained; (c) the information, document, or communication's current custodian; and (d) all bases, factual and legal, upon which such protection rests. If you contend that only a portion of the information sought by an interrogatory is privileged, please provide the information that you do not contend is privileged.

4.      If you object to any portion of an interrogatory, please provide all information requested by any portion of the interrogatory to which you do not object.

5.      Whenever an interrogatory requires you to identify a person, the person should be identified by providing at least his or her: (a) full name; (b) home and business address; (c) occupation, job title or description, and department; (d) most recent or last known employer; (e)

4

period of employment by Plaintiffs, if any, and job title and responsibilities during that time
period; and (f) job title and employer at time of event to which the interrogatory relates.

6.    Whenever an interrogatory requires the identity of an entity or the response to an
interrogatory would require the identification of an entity, the entity should be identified by
providing at least : (a) the entity's full name; (b) a brief description of the general nature of the
business; (c) the state of incorporation; (d) the entity's address and principal place of business;
(e) the identity of the officers or other persons having knowledge of the matter with respect to
which the company has been identified.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each claim of the patents-in-suit that is allegedly infringed by a Bayer Accused
Product, and for each such claim (i) provide a claim chart that identifies on an element-by-
element basis any allegedly infringing structure of, or any allegedly infringing steps performed
by, each Bayer Accused Product; (ii) state whether the alleged infringement is literal or under the
doctrine of equivalents; (iii) state in detail all facts concerning, supporting, or tending to support
your allegation that Bayer or the Bayer Accused Products infringe the patents-in-suit; and (iv)
identify all people with knowledge of the facts alleged, and all documents or things concerning,
supporting, or tending to support the facts alleged.

### INTERROGATORY NO. 2:

If you allege that Bayer has actively induced direct infringement of the patents-in-suit by
any third party, describe all facts and circumstances concerning such alleged inducement,
including but not limited to (i) the identity of the alleged third party direct infringers; (ii) the
date, time, place, and manner of such direct infringement; (iii) the communications and/or
actions by Bayer constituting such active inducement; (iv) the claim or claims of the patents-in-
suit whose infringement is allegedly induced; (v) the Bayer Accused Products involved in either
the direct or indirect infringement alleged; and (vi) the identity of all persons with knowledge of

the facts alleged and all documents or things concerning, supporting, or tending to support the facts alleged.

**INTERROGATORY NO. 3:**

If you allege that Bayer contributorily infringes any claim of the patents-in-suit, describe all facts and circumstances concerning such alleged contributory infringement, including but not limited to (i) the identity of any alleged third party direct infringers; (ii) the date, time, place, and manner of the alleged direct infringement; (iii) the claim or claims of the patents-in-suit alleged to be directly infringed; (iv) the Bayer Accused Products involved in either the direct or indirect infringement alleged; (v) all facts concerning, supporting, or tending to support your allegation that the Bayer Accused Products are not staple articles or commodities of commerce suitable for substantial non-infringing uses; and (vi) the identity of all persons with knowledge of the facts alleged and all documents or things concerning, supporting, or tending to support the facts alleged.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP


John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jcastellano@ycst.com

*Attorneys for Bayer Healthcare, LLC*

OF COUNSEL:

Rachel Krevans
Wesley E. Overson
Parisa Jorjani
Daniel P. Muino
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000

Kenneth P. George
Joseph M. Casino
AMSTER ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
(212) 336-8000

Dated: April 8, 2008

## CERTIFICATE OF SERVICE

I, Jeffrey T. Castellano, Esquire, hereby certify that on April 8, 2008, I caused

copies of the foregoing document to be served on the following counsel in the manner indicated:

### BY HAND DELIVERY

Philip A. Rovner, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951

Frederick L. Cottrell, III, Esquire
Anne Shea Gaza, Esquire
Richards Layton & Finger PA
One Rodney Square
920 North King Street
Wilmington, DE 19801

Mary W. Bourke, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Rodger D. Smith, II, Esquire
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Steven J. Balick, Esquire
Lauren E. Maguire, Esquire
Ashby & Geddes
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

**BY E-MAIL**

Daniel A. Boehnen, Esquire [boehnen@mbhm.com]
Grantland G. Drutchas, Esquire [drutchas@mbhb.com]
Gary E. Hood, Esquire [hood@mbhb.com]
Nicole Keenan, Esquire [keenan@mbhb.com]
Paula S. Fritsch, Esquire [Fritsch@mbhb.com]
Sherri L. Oslick, Esquire [oslick@mbhb.com]
Jeffrey P. Armstrong [armstrongj@mbhb.com]
McDonnell Boehnen Hulbert & Bergoff LLP
300 South Wacker Drive
Chicago, IL 60606

Bradford J. Badke, Esquire [jim.badke@ropesgray.com]
Sona De, Esquire [sona.de@ropesgray.com]
Michael Kahn, Esquire [michael.kahn@ropesgray.com]
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704

Michael G. Adams, Esquire [mikeadams@parkerpoe.com]
Ashley L. Ellis, Esquire [ashleyellis@parkerpoe.com]
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202

Edward A. Mas II, Esquire [emas@mcandrews-ip.com]
Stephen F. Sherry, Esquire [ssherry@mcandrews-ip.com]
Kirk A. Vander Leest, Esquire [kvanderleest@mcandrews-ip.com]
James M. Hafertepe, Esquire [jhafertepe@mcandrews-ip.com]
Merle S. Elliott, Esquire [melliott@mcandrews-ip.com]
McAndrews, Held & Malloy, Ltd.
500 West Madison Street
Chicago, IL 60661

DB02:6618814.1

066694.1001

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

John W. Shaw (No. 3362) [jshaw@ycst.com]
Jeffrey T .Castellano (No. 4837)
[jcastellano@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6600

*Attorneys for Defendant Bayer Healthcare, LLC*

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | C.A. No. 07-753-JJF |
| ABBOTT DIABETES CARE, INCORPORATED, and ABBOTT DIABETES CARE SALES CORPORATION, et al. | ) ) ) ) | |
| Defendants. | ) ) | |

## NOVA'S FIRST SET OF INTERROGATORIES
## RELATED TO ROCHE'S CLAIMS (NOS. 1-5)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 26.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware ("the Local Rules"), Defendant Nova Biomedical Corporation ("Nova") requests that Plaintiffs Roche Diagnostics Operations, Inc. and Corange International Limited answer the following interrogatories separately, in writing, and under oath within thirty (30) days. Any documents or things produced in response to these interrogatories shall be produced for inspection and copying at the office of Nova's counsel, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036-8704, or at a time or place to be otherwise agreed upon by the parties.

All interrogatories propounded by Nova are continuing in nature so as to require supplementation promptly following the discovery of additional responsive information or documents by Plaintiffs.

## DEFINITIONS

Nova incorporates by reference, as if fully set forth herein, the definitions set forth in Nova's First Set of Requests to Roche for the Production of Documents and Things. In addition, as used herein, the following terms are intended to have the meaning indicated:

1.    "Defendant" and "Nova" shall mean Nova Biomedical Corporation.

2.    "Nova Accused Product" shall mean each of the Nova products accused of infringement in Plaintiffs' Complaint for Patent Infringement, and any other product made, used, sold or offered for sale by Nova that You contend infringes any Patent-in-Suit.

3.    "Identify" or "Describe" shall mean:

a.    *(for people)* to give, to the extent known, the person's full name, present or last known address, and the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

b.    *(for documents or electronically stored information)* to give, to the extent known, the (i) type of document or information; (ii) general subject matter; (iii) date of the document or information; and (iv) author(s), addressee(s) and recipient(s), or the production number of such document.

c.    *(for events)* to give, to the extent known, the (i) name, (ii) date and time, and (iii) place of the event, and the participants and any persons present at the event

d.    *(for products)* to specify (i) model number, (ii) part number, (iii) trade/brand name, (iv) catalog number, (v) internal name or designation and (vi) version number.

2

4.    "Person" or "Persons" shall mean any natural persons, proprietorships, partnerships, firms, corporations, joint ventures, independent establishments, government agencies or corporations, federal or otherwise, any combination acting as an entity, or any divisions or subsidiaries of any group. Unless otherwise stated, "Person" or "Persons" shall also include any individuals and entities which are separately defined in these Definitions. Any reference to a person shall also include that person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise.

5.    A verb used in any tense shall encompass the verb in all other tenses.

6.    A word in singular form shall encompass the plural form and vice versa.

## INSTRUCTIONS

1.    The interrogatories below must be answered in accordance with Federal Rules of Civil Procedure 26 and 33.   You must serve upon Nova a written answer and/or objection addressed to each interrogatory, and such answer or objection must be signed by the serving party.  The responses to the interrogatories shall include any information that is within your possession, custody or control, or that is otherwise available to you under the Federal Rules of Civil Procedure and applicable law.

2.    If Plaintiffs elect to avail themselves of the procedure authorized by Rule 33(d) of the Federal Rules of Civil Procedure, Nova requests that for each interrogatory so answered, Roche specify the particular documents (e.g. by production number) relating to the subject matter of that interrogatory or subpart, and the author and the date of preparation of each such document if such information is not apparent or is incorrectly or incompletely disclosed on the face of the document(s).

3

3.    If Plaintiffs do not answer any interrogatory in full, they must state the precise reason for failing to do so. If a legal objection is made, set forth the specific nature and grounds for that objection. If only a portion of an interrogatory cannot or will not be answered, (i) provide a full answer to the remaining portion(s), and (ii) specifically set forth (a) the fact that the answer is incomplete and (b) the reasons or grounds for any omission or for Plaintiffs' inability or refusal to complete the answer. If an interrogatory can be answered only in part on the basis of information available at the time of the response, (i) provide an answer on the basis of that information, (ii) indicate that Plaintiffs' answer is so limited, and (iii) provide a further response when further information becomes available.

4.    Color copies of documents are to be produced where color is necessary to interpret or understand the contents.

5.    To the extent that Plaintiffs learn at any time that a response to any of these interrogatories is in any respect incomplete or incorrect, Nova requests that Plaintiffs promptly serve amended responses that are complete and correct pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

6.    The interrogatories below shall be interpreted to require the provision of information relating to Phase 1 discovery issues.

**INTERROGATORIES**

**INTERROGATORY NO. 1**

Identify each claim of the Roche Patents-in-Suit that is allegedly infringed by a Nova Accused Product and, for each claim, set forth a claim chart that identifies: (i) each model or type of Nova Accused Product made, used, sold, or offered for sale in the United States by Nova that allegedly infringes the claim; (ii) an element-by-element description showing how

4

each element is allegedly used by or included in each Nova Accused Product; (iii) a statement of whether Roche alleges direct infringement or infringement under the Doctrine of Equivalents; (iv) all alleged facts upon which Roche has relied in support of its assertions; (iv) all persons with knowledge of such alleged facts; and (v) all documents or things Roche relies upon in support of such alleged facts.

**INTERROGATORY NO. 2**

For each claim of the Roche Patents-in-Suit identified in response to Interrogatory No. 1, identify and provide: (i) Roche's proposed definition of each claim limitation that Roche relies upon in support of its infringement allegation; (ii) any purported intrinsic evidentiary support for such construction; (iii) any prosecution history estoppel that applies or may apply to the construction of the claim; (iv) any extrinsic evidentiary support for Roche's construction; and (v) all documents and things Roche relies upon in support of its assertions with respect to (i) to (iv).

**INTERROGATORY NO. 3**

Identify and describe all facts and circumstances concerning any claim by Roche that Nova induces patent infringement by another, including: (i) the identity of any alleged direct infringers; (ii) the date, time, location, and manner of any such alleged direct infringement; (iii) facts showing how Nova induced such alleged direct infringement; (iv) all claims of the Roche Patents-in-Suit that are directly infringed as a result of Nova's alleged inducement; (v) facts showing that Nova knew of the Roche Patents-in-Suit; (vi) facts showing Nova's specific intent to cause the alleged direct infringement; (vii) any Nova Accused Products involved in the alleged direct infringement; (viii) the identities of all persons with knowledge of

5

such facts alleged; and (ix) all documents and things Roche relies upon in support of the facts alleged with respect to (i) to (viii).

## INTERROGATORY NO. 4

Describe all facts and circumstances concerning any claims of contributory patent infringement that Roche alleges against Nova, including but not limited to: (i) the identity of any alleged direct infringers; (ii) the date, time, location, and manner of any such alleged direct infringement; (iii) facts showing how Nova contributed to such alleged direct infringement; (iv) all claims of the Roche Patents-in-Suit that are directly infringed as a result of Nova's contribution; (v) facts showing that Nova knew its activities would cause the alleged direct infringement; (vi) any Nova Accused Products involved in the alleged direct infringement; (vii) the identities of all persons with knowledge of such facts alleged; and (viii) all documents and things Roche relies upon in support of the facts alleged with respect to (i) to (vii).

## INTERROGATORY NO. 5

Identify and describe all facts and circumstances relating to Roche's determination that the Nova Accused Products infringe any claims of the Roche Patents-in-Suit, including without limitation: (i) all analyses, studies, searches, investigations, evaluations, assessments, or opinions of infringement or non-infringement, on behalf of, or communicated to, Roche; (ii) the date of such analyses, studies, searches, investigations, evaluations, assessments or opinions; (iii) the persons most knowledgeable about such information; and (iv) all documents and information relied on or otherwise considered in such analyses, studies, searches, investigations, evaluations, assessments or opinions.

6

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____

Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
rsmith@mnat.com

*Attorneys for Defendant*
*Nova Biomedical Corporation*

OF COUNSEL:

Bradford J. Badke
Sona De
Simon A. Fitzpatrick
Michael P. Kahn
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704

May 2, 2008
2314784

7

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on May 2, 2008, I caused copies of the

foregoing to be served upon the following in the manner indicated:

### BY HAND & E-MAIL

Philip A. Rovner, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 19801

Frederick L. Cottrell, III, Esquire
Richards Layton & Finger PA
One Rodney Square
920 North King Street
Wilmington, DE 19801

Mary W. Bourke, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801

Steven J. Balick, Esquire
Ashby & Geddes
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

John W. Shaw, Esquire
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

### BY E-MAIL

Daniel A. Boehnen, Esquire
Grantland G. Drutchas, Esquire
McDonnell Boehnen Hulbert & Bergoff LLP
300 South Wacker Drive
Chicago, IL 60606

Michael G. Adams, Esquire
Ashley L. Ellis, Esquire
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

Edward A. Mas II, Esquire
McAndrews, Held & Malloy, Ltd.
500 West Madison Street
Chicago, IL 60661
emas@mcandrews-ip.com

Rachel Krevans, Esquire
Wesley E. Overson, Esquire
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
rkrevans@mofo.com
woverson@mofo.com

Kenneth P. George
Joseph M. Casino
Amster Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
kgeorge@arelaw.com
jcasino@arelaw.com

Rodger D. Smith II (#3778)

2