**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED,

Plaintiffs,

v.

ABBOTT DIABETES CARE, INCORPORATED, and ABBOTT DIABETES CARE SALES CORPORATION, et al.,

Defendants.

Civil Action No. 07-753 JJF

**DEFENDANT NOVA BIOMEDICAL CORP.'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS NOVA'S FOURTH, FIFTH, SIXTH AND SEVENTH COUNTERCLAIMS UNDER RULE 12(b)(6)**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
rsmith@mnat.com
*Attorneys for Defendant Nova Biomedical Corporation*

OF COUNSEL:

Bradford J. Badke
Sona De
Michael P. Kahn
Simon A. Fitzpatrick
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704

June 16, 2008

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .....1

II. NATURE AND STAGE OF THE PROCEEDINGS .....1

III. SUMMARY OF ARGUMENT .....2

IV. ARGUMENT .....2

- A. Rule 44.1 Does Not Require Dismissal Of Nova's Fourth Counterclaim For Breach Of Contract .....2
- B. The Choice Of Law Clause Of The Nova-Hoffman LaRoche Agreement Does Not Govern Nova's Tort-Based Counterclaims Five Through Seven .....4
- C. Massachusetts Law, Not Delaware Law, Governs Nova's Tort-Based Counterclaims Five Through Seven .....6
- D. Nova's Sixth And Seventh Counterclaims Are Not Preempted By The Delaware Uniform Trade Secrets Act .....8

V. CONCLUSION .....9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*ABRY Partners V, L.P. v. F&W Acquisition LLC*,
891 A.2d 1032 (Del. Ch. 2006)....5

*Bell Atl. Corp. v Twombly*,
550 U.S. __, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007)....3

*Berg Chilling Sys., Inc. v. Hull Corp.*,
435 F.3d 455 (3d Cir. 2006)....6

*Black Box Corp. v. Markham*,
127 Fed. Appx. 22 (3d Cir. 2005)....4, 5

*Diálugo, LLC v. Bauzá*,
2008 WL 1904298 (D. Mass. April 30, 2008)....8

*Dymond v. NBC, Inc.*,
559 F. Supp. 734 (D. Del. 1983)....6

*Krock v. Lipsay*,
97 F.3d 640 (2d Cir. 1995)....4

*MacDonald and Pangione Ins. Agency, Inc. v. MTM Ins. Agency, Inc.*,
2008 WL 2121061 (Mass. Super. May 6, 2008)....8

*Network Sys. Architects Corp. v. Dimitruk*,
2007 WL 4442349 (Mass. Super. Dec. 6, 2007)....8

*Sea Star Line, LLC v. Emerald Equip. Leasing, Inc.*,
C.A. No. 05-245-JJF, 2006 WL 956902 (D. Del. April 13, 2006)....2

*Turner v. Lipschultz*,
619 A.2d 912, 914 (Del. 1992)....6

*Turtur v. Rothschild Registry Int'l, Inc.*,
26 F.3d 3049 (2d Cir. 1994)....5

*VGS, Inc. v. Castiel*,
C.A. No. 17995, 2003 WL 723285 (Del. Ch. Feb. 28, 2003)....5

*Williams v. Deutsche Bank Sec., Inc.*,
2005 WL 1414435 (S.D.N.Y. 2005)....4

**STATUTES**

*6 Del. C.* § 2007 ....................8

Massachusetts General Laws, ch. 93, sections 2, 11 and 42....................8

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6) ....................1, 2

Federal Rule of Civil Procedure 44.1 ....................2, 3

## I. INTRODUCTION

Defendant Nova Biomedical Corporation ("Nova") submits this answering brief in opposition to plaintiffs Roche Diagnostics Operations, Inc. and Corange International Ltd.'s (collectively, "Roche") motion to dismiss Nova's Counterclaims Four through Seven for Roche's breach of contract, misappropriation of trade secrets, unfair competition, and conversion, respectively. For the following reasons, Nova's counterclaims are proper and Roche's motion should be denied.

## II. NATURE AND STAGE OF THE PROCEEDINGS

On November 21, 2007, Roche filed the present action alleging that Nova and three other defendants infringe U.S. Patents Nos. 7,276,146 (the "'146 Patent") and 7,276,147 (the "'147 Patent"), covering methods of monitoring blood glucose. (D.I. 1). On January 11, 2008, Nova answered the complaint, and asserted counterclaims against Roche for, *inter alia*, breach of contract, misappropriation of trade secrets, unfair competition, and conversion (Counterclaims Four through Seven). (D.I. 47). Roche answered Nova's counterclaims on January 31, 2008. (D.I. 63). On February 8, 2008, Nova filed an amended answer with the same counterclaims, which Roche again answered on February 28, 2008. (D.I. 72, 81).

Roche was granted leave to amend its complaint on April 15, 2008. (D.I. 141). On April 16, 2008, Roche filed its Amended Complaint against Nova and the other defendants. (D.I. 142). On May 5, 2008, Nova answered the Amended Complaint, again asserting the same counterclaims. (D.I. 181). On May 28, 2008, Roche answered these counterclaims for the third time, and brought the present motion to dismiss them under Rule 12(b)(6). (D.I. 199, 200).

## III. SUMMARY OF ARGUMENT

1. Rule 44.1 does not require dismissal of Nova's Fourth Counterclaim for breach of contract.

2. The choice of law clause of the Nova-Hoffman LaRoche Agreement does not govern Nova's tort-based counterclaims Five through Seven.

3. Massachusetts law, not Delaware law, governs Nova's tort-based counterclaims Five through Seven.

4. Nova's Sixth and Seventh Counterclaims are not preempted by the Delaware Uniform Trade Secrets Act.

## IV. ARGUMENT

Dismissal under Rule 12(b)(6) "is only appropriate when it appears beyond doubt that the [plaintiff] can prove no set of facts in support of its claims entitling it to relief." *Sea Star Line, LLC v. Emerald Equip. Leasing, Inc.*, C.A. No. 05-245-JJF, 2006 WL 956902, at *1 (D. Del. April 13, 2006) (citation omitted). "When considering a motion to dismiss, a court must accept as true all allegations in the counterclaim and must draw all reasonable factual inferences in the light most favorable to the non-moving party." *Sea Star Line*, 2006 WL 956902, at *1. "The burden of demonstrating that the counterclaim fails to state a claim upon which relief may be granted rests on the movant." *Id.* (citation omitted). Roche's motion provides no basis for the dramatic remedy that it seeks – dismissal of Nova's Counterclaims Four through Seven.

### A. Rule 44.1 Does Not Require Dismissal Of Nova's Fourth Counterclaim For Breach Of Contract

Nova's Fourth Counterclaim alleges that Roche breached its obligations under a confidentiality agreement entered on September 8, 1999 by Nova and F. Hoffman-LaRoche, Ltd ("the Agreement") (Fitzpatrick Decl., Ex. A). Roche argues for dismissal of Nova's breach of

contract counterclaim on the basis that the Agreement's choice of law clause states that the contract is governed by Swiss law, and Nova has not given notice about this issue of foreign law under Fed. R. Civ. P. 44.1.  Roche cites no decision of this court, however, or any other court, in which a claim for relief has been dismissed for failure to comply with Rule 44.1.  Nor should that be the result here.

Rule 44.1 allows that "[a] party who intends to raise an issue about a foreign country's law must give notice by a pleading *or other writing*."  FED. R. CIV. P. 44.1 (emphasis added).  The reason for the introduction of this provision into the Federal Rules of Civil Procedure was "[t]o avoid unfair surprise" to the opposing party.  FED. R. CIV. P. 44.1 advisory committee's note (1966).  However, the Advisory Committee made clear that such notice need not be provided in the pleadings, and may be given at a later point: "The liberal provisions for amendment of the pleadings afford help if the pleadings are used as the medium of giving notice of the foreign law; but *it seems best to permit a written notice to be given outside of and later than the pleadings, provided the notice is reasonable*."  *Id*. (emphasis added).  Notably, Roche has made no argument that it would be prejudiced by a post-pleading notice of Swiss law applying to Nova's breach of contract claim.  Indeed, Roche cannot possibly claim surprise at this issue of foreign law since it is obviously aware of the Agreement's choice of law clause, and it is Roche's own position that Swiss law governs this counterclaim.  (Br. at 2).

Roche's attempt to create a pleading deficiency argument, by reference to the case of *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, (2007), should be rejected.  However, if the Court so requires, Nova will provide written notice that its claim for breach of the Agreement will raise an issue under Swiss law.

**B. The Choice Of Law Clause Of The Nova-Hoffman LaRoche Agreement Does Not Govern Nova's Tort-Based Counterclaims Five Through Seven**

Roche asserts that "the parties' *relationship* is 'governed in all respects' by Swiss law." (Br. at 7 (emphasis added)). That is wrong. Clause 6 of the Agreement states that "[*t*]*his Agreement* shall be governed in all respects by the laws of Switzerland." (Fitzpatrick Decl., Ex. A (emphasis added)). Courts construing similar contractual language have held that such a choice of law clause covers only claims for breach of the agreement. *See*, *e.g.*, *Williams v. Deutsche Bank Sec.*, *Inc.*, No. 04 Civ. 7588 (GEL), 2005 WL 1414435, at *5 (S.D.N.Y. June 13, 2005) ("[L]anguage providing that the Agreement itself will be governed by, and construed in accordance with, a particular state's laws have regularly been construed in this circuit as applying only to disputes concerning the agreement itself and its interpretation, and not to all disputes arising from the parties' relationship."); *Krock v. Lipsay*, 97 F.3d 640, 645 (2d Cir. 1996) ("[T]he choice-of-law provision in the parties' mortgage document stated only that '[t]his Mortgage shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts.' We see no way such language can be read broadly enough to apply to fraudulent misrepresentation."). Although the Third Circuit has not addressed this issue in a precedential opinion, in at least one non-precedential opinion, the court observed that a contractual choice of law clause with these terms does not govern anything beyond contractual disputes between the parties:

> Notably, the choice of law provision states that "[*t*]*his agreement* will be governed by, and construed and enforced in accordance with, the laws of [Pennsylvania]." The provision, by its own terms, is narrowly drafted to encompass only the underlying merger agreement itself, and not necessarily the entire relationship between Markham and Truchanowicz and Black Box.

*Black Box Corp. v. Markham*, 127 Fed. Appx. 22, 25 (3d Cir. 2005).

The cases Roche cites in support of the application of Clause 6 of the Agreement to Nova's tort-based counterclaims do not apply here. They either involved much broader contractual language, or a claim for fraud in inducing the contract itself. Roche's reliance on *VGS, Inc. v. Castiel*, C.A. No. 17995, 2003 WL 723285 (Del. Ch. Feb. 28, 2003, rev. March 10, 2003), and *Turtur v. Rothschild Registry Int'l, Inc.*, 26 F.3d 304 (2d Cir. 1994) is misplaced. The agreements in those cases stated that the parties *did* agree that more than just disputes under the specific contract would be decided by the law of a particular state. *See VGS*, 2003 WL 723285, at *7 n.29 ("Section 10.11 of both Agreements provides that New York law is the controlling law 'for any litigation arising out of *or relating to* th[i]s Agreement and transactions contemplated hereby . . . .'"(emphasis added)); *Turtur*, 26 F.3d at 309-10 ("the Turturs agreed to be bound by a choice of law provision that covers any controversy 'arising out of *or relating to*' the subscription" (emphasis added)). In contrast, the Agreement here narrowly applies its choice of law clause to disputes concerning the contract itself (*supra* p. 4).

Another case cited by Roche, *ABRY Partners V, L.P. v. F&W Acquisition LLC*, 891 A.2d 1032 (Del. Ch. 2006), also presented a scenario very different from the one here. That case involved a claim to invalidate for fraud a contract containing a choice of law clause, despite the fact that the agreement contained remedies for misrepresentation. The *ABRY* court held that, under such circumstances, "[t]o hold that [the contracting parties' choice of law] is only effective as to the determination of contract claims, but not as to tort claims seeking to rescind the contract on grounds of misrepresentation, would create uncertainty of precisely the kind that the parties'

choice of law provision sought to avoid."[1] *Id.* at 1048. The same concern is not present here because Nova's counterclaims are not directed to invalidating the Agreement.

Nova neither committed to resolve all potential disputes with Roche under Swiss law, nor do its tort claims attempt to avoid its contractual obligations by rescinding the Agreement. Nova merely seeks to bring all viable claims against Roche, which, as discussed in Section C below, include claims for misappropriation of trade secrets, unfair competition, and conversion.[2] Therefore, consistent with the intention of the parties as expressed in the Agreement, Clause 6 of the Agreement applies only to Nova's Fourth Counterclaim for breach of contract.

**C. Massachusetts Law, Not Delaware Law, Governs Nova's Tort-Based Counterclaims Five Through Seven**

"Because choice of law analysis is issue-specific, different states' laws may apply to different issues in a single case . . . ." *Berg Chilling Sys., Inc. v. Hull Corp.*, 435 F.3d 455, 462 (3d Cir. 2006). That is, even if Swiss law applies to Nova's Fourth Counterclaim for breach of contract, a separate analysis must be conducted with respect to the tort-based causes of action that comprise Nova's Fifth, Sixth and Seventh Counterclaims. "A Federal District Court sitting in diversity in Delaware must apply Delaware conflict of law rules in determining what state law will govern." *Dymond v. NBC, Inc.*, 559 F. Supp. 734, 735 (D. Del. 1983). The Delaware

---

1 Moreover, to the extent the *ABRY Partners* opinion is inconsistent with the Third Circuit's view, as appears to be reflected in the *Black Box Corp.* case, Nova respectfully submits that it should not be followed by this Court. *Supra* p. 4; *see Black Box Corp.*, 127 Fed. Appx. at 25 (choice of law clause directed to "this agreement" covers only claims on the underlying contract, and not the entire relationship between the parties).

2 Roche attempts to make much of the point that Nova asserts that the facts of this case support relief under different causes of action. That, however, is irrelevant. Just as Roche is entitled to bring claims on two different patents against the same allegedly-infringing Nova products, Nova is entitled to pursue causes of action with different elements, and which may offer different relief, even if they arise from the same events.

Supreme Court has "adopted the Restatement of Conflicts 'most significant relationship' test for Delaware." *Turner v. Lipschultz*, 619 A.2d 912, 914-15 (Del. 1992).

Applying Delaware's choice of law rule for tort actions, Massachusetts law should govern because it has the "most significant relationship" with Nova's claims of misappropriation of trade secrets, unfair competition, and conversion. First, the contacts favor the application of Massachusetts law: Nova is a corporation organized under the law of Massachusetts, with its principal place of business in Massachusetts (D.I. 142 at ¶ 9); the meeting at which Nova provided its confidential and proprietary information to Roche took place in Massachusetts (D.I. 181 at ¶¶ 11, 17; *see also* Fitzpatrick Decl., Ex. B, NB 0015367, NB 0015374, NB 0015377-87); and correspondence from Roche following the meeting was sent to Nova in Massachusetts (Fitzpatrick Decl., Ex. B, NB 0015368-76). Second, from a policy perspective, Massachusetts has a legitimate interest in ensuring that the confidential and proprietary information of its corporate citizens is not misappropriated or converted, and that its corporations are not subject to unfair competition. Third, Nova would be justified in expecting that its home legal regime would protect it in circumstances when a foreign party such as Roche travels to Massachusetts to meet at Nova's headquarters. Likewise, Roche should not be able to claim prejudice or surprise when it is subjected to the local law of a jurisdiction that it enters for the purpose of doing business.

In contrast, the only connection the facts underlying this dispute have with Delaware (the jurisdiction's law which Roche argues governs) is that Roche is a corporation organized under the law of Delaware. (D.I. 181 at ¶ 2). However, this is an extremely tenuous connection considering that Roche has its principal place of business in Indiana (D.I. 181 at ¶ 2), and the Roche representatives who met with Nova were based in Switzerland (Fitzpatrick Decl.,


Ex. B, NB 0015368-76). Therefore, it is clear that Massachusetts has the "most significant relationship" with the facts underlying Nova's tort-based Counterclaims Five through Seven, and therefore Massachusetts law governs Nova's causes of action for misappropriation of trade secrets, unfair competition and conversion as stated therein.

### D. Nova's Sixth And Seventh Counterclaims Are Not Preempted By The Delaware Uniform Trade Secrets Act

Roche relies upon the Delaware Uniform Trade Secrets Act for the proposition that Nova's Fifth Counterclaim for misappropriation of trade secrets preempts its Sixth Counterclaim for unfair competition and its Seventh Counterclaim for conversion (because they are grounded in the same facts). (Br. at 8). However, the Delaware Uniform Trade Secrets Act upon which Roche relies is inapplicable in this case because, as discussed above, Massachusetts law, not Delaware law, governs Nova's tort-based Counterclaims Five through Seven. Furthermore, there is no question of preemption under Massachusetts law – Massachusetts has not enacted the Uniform Trade Secrets Act, and it does not have a provision in its law comparable to *6 Del. C.* § 2007.

Consistent with Nova's pleading, Massachusetts law supports the causes of action asserted in Nova's Counterclaims Five through Seven: (1) Chapter 93, section 42 of the Massachusetts General Laws provides for liability for the misappropriation of trade secrets; (2) Chapter 93, sections 2 and 11 of the Massachusetts General Laws provide for liability for unfair competition; and (3) Massachusetts law recognizes the tort of conversion. Moreover, it is clear that parallel claims under these causes of action are pled routinely under Massachusetts law. *See, e.g.*, *MacDonald & Pangione Ins. Agency, Inc. v. MTM Ins. Agency, Inc.*, No. Civ. 08-0608-BLS2, 2008 WL 2121061 (Mass. Super. May 6, 2008) (complaint included claims for breach of contract, misappropriation of trade secrets, conversion, and unfair competition); *Diálugo, LLC v.*

*Bauzá*, No. 05-CV-30076-MAP, 2008 WL 1904298, at *7 (D. Mass. April 30, 2008) (complaint included claims for breach of contract, misappropriation of trade secrets, and conversion); *Network Sys. Architects Corp. v. Dimitruk*, No. 06-4717-BLS2, 2007 WL 4442349, at *3 (Mass. Super. Dec. 6, 2007) (complaint included claims for misappropriation of trade secrets and conversion). Therefore, there is no basis for the dismissal of Nova's Counterclaims Six and Seven as they have each been pled properly under the relevant governing law.

## V. CONCLUSION

For the foregoing reasons, Roche's motion to dismiss Nova's Fourth, Fifth, Sixth and Seventh Counterclaims should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Rodger D. Smith II

Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
rsmith@mnat.com
*Attorneys for Defendant*
*Nova Biomedical Corporation*

OF COUNSEL:

Bradford J. Badke
Sona De
Michael P. Kahn
Simon A. Fitzpatrick
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704

June 16, 2008

2370122

**CERTIFICATE OF SERVICE**

I, Rodger D. Smith II, hereby certify that on June 16, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

Philip A. Rovner, Esquire
Potter Anderson & Corroon LLP

Frederick L. Cottrell, III, Esquire
Richards Layton & Finger PA

Mary W. Bourke, Esquire
Connolly Bove Lodge & Hutz LLP

Steven J. Balick, Esquire
Ashby & Geddes

John W. Shaw, Esquire
Young Conaway Stargatt & Taylor LLP

I also certify that copies were caused to be served on June 16, 2008, upon the following in the manner indicated:

**BY HAND AND EMAIL**

Philip A. Rovner, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 19801

Frederick L. Cottrell, III, Esquire
Richards Layton & Finger PA
One Rodney Square
920 North King Street
Wilmington, DE 19801

Mary W. Bourke, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801

Steven J. Balick, Esquire
Ashby & Geddes
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

John W. Shaw, Esquire
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

**BY EMAIL**

Daniel A. Boehnen, Esquire
Grantland G. Drutchas, Esquire
McDonnell Boehnen Hulbert & Bergoff LLP
300 South Wacker Drive
Chicago, IL 60606
boehnen@mbhb.com
drutchas@mbhb.com

Michael G. Adams, Esquire
Ashley L. Ellis, Esquire
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

Edward A. Mas II, Esquire
McAndrews, Held & Malloy, Ltd.
500 West Madison Street
Chicago, IL 60661
emas@mcandrews-ip.com

Rachel Krevans, Esquire
Wesley E. Overson, Esquire
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
rkrevans@mofo.com
woverson@mofo.com

        Kenneth P. George
        Joseph M. Casino
        Amster Rothstein & Ebenstein LLP
        90 Park Avenue
        New York, NY  10016
        kgeorge@arelaw.com
        jcasino@arelaw.com

        */s/ Rodger D. Smith II*
        Rodger D. Smith II (#3778)
        MORRIS, NICHOLS, ARSHT & TUNNELL LLP
        (302) 658-9200
        rsmith@mnat.com