IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LTD., <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT DIABETES CARE, INC., ABBOTT DIABETES CARE SALES CORP., BAYER HEALTHCARE, LLC, DIAGNOSTIC DEVICES, INC., LIFESCAN, INC., and NOVA BIOMEDICAL CORP., <br><br> Defendants. | ) ) ) ) ) ) ) C.A. No. 07-753-JJF ) ) ) ) ) ) ) ) ) |

**ROCHE'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE AND/OR DISMISS AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF LIFESCAN, NOVA, AND BAYER FOR FAILURE TO COMPLY WITH RULE 8(a), FED. R. CIV. P.**

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Dated: June 16, 2008

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
provner@potteranderson.com

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc. and Corange International Limited*

## TABLE OF CONTENTS

                                                    <u>Page</u>

I.    INTRODUCTION ..................................................................................................1

II.   ARGUMENT........................................................................................................2

        A.    After *Twombly*, It Is Clear That Purely Conclusory Counterclaims And Affirmative Defenses Are Not Appropriate................................................2

                1.    *The Pro Se Erickson Case Does Not Permit Conclusory Pleadings In Patent Cases* ...............................................................................3

                2.    *The McZeal Case Does Not Permit Conclusory Pleadings In Patent Cases*...............................................................................4

                3.    *LifeScan, Nova, And Bayer's Pre-Twombly Cases Do Not Change The Specificity Requirements Of Rule 8*..................................4

        B.    *Twombly* Applies To Rule 8(b) Defenses And Rule 8(c) Affirmative Defenses.................................................................................................5

        C.    Roche's Past Pleadings Are Irrelevant, And In Any Event, Have Changed...7

III.  CONCLUSION....................................................................................................7

# TABLE OF AUTHORITIES

**CASES**  Page

*Anticancer, Inc. v. Zenogen Corp.*,
   2007 U.S. Dist. LEXIS 59811 (S.D. Cal. Aug. 13, 2007) ................................. 2, 5

*Aspex v. Clariti*,
   531 F. Supp. 2d 620 (S.D.N.Y. 2008) ........................................................... 2, 5

*Bartronics, Inc. v. Power-One, Inc.*,
   245 F.R.D. 532 (S.D. Ala. 2007) ........................................................................ 5

*Bell Atlantic Corp. v. Twombly*,
   550 U.S.___ 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ......................... passim

*Boyd v. Tempay*,
   2008 U.S. Dist. LEXIS 32596 (D. Del. Apr. 18, 2008) ..................................... 3

*DirecTV, Inc. v. Figler, No. 04-773*,
   2006 U.S. Dist. LEXIS 15061 (W.D. Pa. Feb. 9, 2006) ..................................... 6

*Eaton v. Danberg*,
   2008 U.S. Dist. LEXIS 32165 (D. Del. Apr. 16, 2008) ..................................... 3

*Erickson v. Pardus*,
   127 S. Ct. 2197 (2007) .................................................................................. 3, 4

*Greiff v. T.I.C. Enters, L.L.C.*,
   2004 U.S. Dist. LEXIS 680 (D. Del. Jan 9, 2004) ............................................. 6

*Haines v. Kerner*,
   404 U.S. 519 (1972) ........................................................................................... 3

*Heller Fin., Inc. v. Midwhey Powder Co.*,
   883 F.2d 1286 (7th Cir. 1989) ........................................................................... 6

*Hughes v. Rowe*,
   449 U.S. 5 (1980) ............................................................................................... 3

*Joy v. Healthcare C.M.S.*,
   534 F. Supp. 2d 482 (D. Del. 2008) ................................................................... 3

*McZeal v. Sprint Nextel Corp.*,
   501 F.3d 1354 (Fed. Cir. 2007) .................................................................. 4, 5, 6

*Phillips v. County of Allegeny*,
 515 F.3d 224 (3rd Cir. 2008) ................................................................. 5

*Scott v. Providence Creek Acad.*,
 2008 U.S. Dist. LEXIS 32593 (D. Del. April 29, 2008) ............................ 3

**FEDERAL RULES**

Fed R. Civ. P. 8 ................................................................................. 1, 2, 6

Fed. R. Civ. P. 9 ..................................................................................... 1, 2

Fed. R. Civ. P. 11 ....................................................................................... 6

I.   **INTRODUCTION**

The opposition brief filed by LifeScan, Nova, and Bayer ("Defendants") improperly conflates two different issues: the ***standard*** of pleading and the ***practice*** of pleading in patent cases. Although the case law confirms that *Twombly*[1] did not change the ***standard*** of pleading, the case law also confirms that the ***practice*** of many patent litigators in pleading affirmative defenses and counterclaims did not comply with the standard of Rule 8, Fed. R. Civ. P. ("Rule 8"). Defendants' argument boils down to "because we've always done purely conclusory pleading of declaratory judgment counterclaims and affirmative defenses before *Twombly*, we should still be able to do such conclusory pleading after *Twombly*." While *Twombly* may not have changed the Rule 8 pleading standards, it certainly clarified that entirely conclusory pleadings, such as Defendants' counterclaims/affirmative defenses, is not (and never was) permissible under Rule 8 and should no longer be tolerated by federal courts.

Defendants fail to address the cases on point cited by Roche. Instead, Defendants resort to cases *pro se*, and cases decided before *Twombly*, and Roche's own pleadings in previous cases, all of which are inapplicable, and do not constitute authority for Defendants' insufficiently pled counterclaims and affirmative defenses. Any shortcomings in Roche's historical pleadings have nothing to do with whether or not LifeScan, Nova, and Bayer's current pleadings are sufficient. Roche has corrected its pleading of its affirmative defenses in light of *Twombly*, and so should LifeScan, Nova, and Bayer.

Despite Defendants' arguments to the contrary, affirmative defenses are not entitled to a lower standard of pleading under Rule 8. Defendants seek to excuse themselves by confusing the ***specificity*** requirement of Rule 8 with the ***particularity*** requirement of Rule 9, Fed. R. Civ. P.

---

[1] The full citation for the *Twombly* case is *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

("Rule 9"). Roche does not contend that the *specificity* required under Rule 8, as required by *Twombly*, rises to the level of *particularity* required under Rule 9.

Accordingly, the Court should grant Roche's motion and strike the affirmative defenses and dismiss the counterclaims of LifeScan, Nova, and Bayer. The pleading of these matters provides nothing but unvarnished conclusory speculation. Of course, should the Court deem it appropriate, Roche has no objection to LifeScan, Nova, and Bayer amending their pleadings to satisfy the requirements established by Rule 8 and confirmed by the Supreme Court in *Twombly*.

## II.  ARGUMENT

### A. After *Twombly*, It Is Clear That Purely Conclusory Counterclaims And Affirmative Defenses Are Not Appropriate

Although *Twombly* may not have changed the basic pleading requirements of Rule 8, as Defendants now argue, the Supreme Court was clear that purely conclusory pleadings without sufficient factual support to establish the plausibility of the pleadings is improper under Rule 8. As *Twombly* noted, Rule 8 has always required that pleadings provide a statement sufficient to show "that the pleader is entitled to relief." While *Twombly* may not have heightened the pleading requirements of Rule 8, *Twombly* confirmed that Rule 8 requires more than mere speculation or conclusions of law.

Notably, Defendants do not even address *Aspex v. Clariti*, 531 F. Supp. 2d 620, 623 (S.D.N.Y. 2008) and *Anticancer, Inc. v. Zenogen Corp.*, No. 05-CV-0448, 2007 U.S. Dist. LEXIS 59811, at *9-11 (S.D. Cal. Aug. 13, 2007), cited by Roche in its opening brief. These post-*Twombly* cases make clear that mere conclusory assertions for claims and defenses do not satisfy the pleading requirements of Rule 8. Instead, Defendants resort to *pro se* cases and pre-*Twombly* cases that shed no light on the current pleading requirements.

2

### *1.    The Pro Se Erickson Case Does Not Permit Conclusory Pleadings In Patent Cases*

Defendants cite to the Supreme Court's decision in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), for the proposition that *Twombly* did not change the traditional application of the pleading standards of Rule 8. But the *Erickson* case dealt with a *pro se* plaintiff, and is therefore not applicable here. *Erickson*, 127 S. Ct. at 2200. It is widely accepted that *pro se* litigants are given leeway on procedural matters, such as pleading requirements. *Id.*; *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims."); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding a *pro se* complaint to "less stringent standards than formal pleadings drafted by lawyers"). This Court has also recognized the less stringent pleading standard for *pro se* litigants. *See, e.g., Scott v. Providence Creek Acad.*, 2008 U.S. Dist. LEXIS 35293, at *5 (D. Del. Apr. 29, 2008) (Farnan, J.); *Boyd v. Tempay*, 2008 U.S. Dist. LEXIS 32596, at *4 (D. Del. Apr. 18, 2008) (Farnan, J.); *Eaton v. Danberg*, 2008 U.S. Dist. LEXIS 32165, at *4 (D. Del. Apr. 16, 2008) (Farnan, J.); *Joy v. Healthcare C.M.S.*, 534 F. Supp. 2d 482, 484 (D. Del. 2008) (Farnan, J.) (all citing *Erickson* for the proposition that the pleadings of *pro se* litigants "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.")

In addition to involving a *pro se* litigant, the *Erickson* decision held that the plaintiff had set forth enough factual allegations to satisfy the pleading requirements of Rule 8. *Erickson*, 127 S. Ct. at 2200. In contrast, Defendants have failed to recite any support for their non-specific and conclusory counterclaims and affirmative defenses. Thus, *Erickson* does not support Defendants' position that conclusory pleading is permissible in patent cases.

3

### 2. The McZeal Case Does Not Permit Conclusory Pleadings In Patent Cases

Defendants also cite to the Federal Circuit's decision in *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007), for the proposition that *Twombly* did not change the notice pleading standard of Rule 8. As with *Erickson*, the *McZeal* case dealt with a *pro se* litigant. The Federal Circuit expressly held that, "[b]ecause McZeal met the **low bar** for *pro se* litigants to avoid dismissal on the basis of Fed. R. Civ. P. 12(b)(6), we vacate the trial court's dismissal of McZeal's complaint and remand for further proceedings." *McZeal*, 501 F.3d at 1358 (emphasis added). While the Federal Circuit vacated the dismissal for the *pro se* litigant in *McZeal*, the Federal Circuit cautioned that such pleadings were not condoned:

> By ruling in McZeal's favor, we do not condone his method of pleading. McZeal is no stranger to legal proceedings, having filed numerous complaints in the past and having many dismissed for failure to state a claim. . . . The remand will provide an opportunity for the district court to require McZeal to delineate his patent and trademark infringement claims and the evidence supporting these claims.

*Id.* at 1358. Again, the present case does not involve *pro se* litigants, and the *McZeal* case is therefore not applicable here.

The content of the pleading in *McZeal* is also distinguishable from the present case. The pleading in McZeal did not comprise mere conclusions, as does the pleadings of Defendants in this case. Similar to *Erickson*, the Federal Circuit in *McZeal* found that the plaintiff had pled sufficient factual allegations to support its infringement claims under Rule 8 and *Twombly*. *McZeal*, 501 F.3d at 1357-58. Here, Defendants have failed to provide such factual pleading for their counterclaims and affirmative defenses.

### 3. LifeScan, Nova, And Bayer's Pre-Twombly Cases Do Not Change The Specificity Requirements Of Rule 8

Defendants argue that *Twombly* changed nothing with respect to pleading standards, but that is not the same thing as showing that what was tolerated as a common matter before

4

*Twombly,* should be tolerated after *Twombly*. To support their argument, Defendants cite to several cases district court cases decided well before the *Twombly* decision. Not surprisingly, LifeScan, Nova, and Bayer do not substantively discuss or distinguish the post-*Twombly* district court cases – *Aspex* and *Anticancer* – cited by Roche.

The pre-*Twombly* district court cases cited by LifeScan, Nova, and Bayer do not diminish the effect of the holding in *Twombly*. Simply because a pleading may have been given a pass before *Twombly* does not mean that courts should continue allowing such deficient pleadings after *Twombly*. On the contrary, the Supreme Court in *Twombly* clearly mandated that district courts "must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Twombly*, 127 S. Ct. at 1967.

The only post-*Twombly* district court case that LifeScan, Nova, and Bayer cite to support their position actually reaffirms that conclusory and non-specific pleadings should be dismissed under *Twombly*. In *Bartronics, Inc. v. Power-One, Inc.*, 245 F.R.D. 532 (S.D. Ala. 2007), the district court applied the holding in *Twombly* and sustained the plaintiff's objection to the defendant's "entirely conclusory" invalidity counterclaims that were pled "without any accompanying factual allegations that might state a claim to relief that is plausible on its face." *Id.* at 537.[2]

### B.    *Twombly* Applies To Rule 8(b) Defenses And Rule 8(c) Affirmative Defenses

Defendants acknowledge that in *Phillips v. County of Allegeny*, 515 F.3d 224 (3rd Cir. 2008), the Third Circuit found the holding of *Twombly* applicable to pleadings under Rule 8. Defendants also implicitly acknowledge that *Twombly* applies to patent cases. *See McZeal*, 501

---

[2] In a footnote, the *Bartronics* court noted that the plaintiff did not object to the affirmative defenses of invalidity, and that *Twombly* did not "appear to require more detailed pleading of affirmative defenses." *Id.* at 537 n.5. Roche disagrees with this *dicta* restricting application of *Twombly* as explained in the following section.

5

F.3d at 1357-58; *see also id.* at 1362 (Dyk, J., concurring-in-part and dissenting-in-part) ("Plainly [*Twombly*] applies outside the antitrust context, and the requirements of [*Twombly*] apply here [in a patent case].")[3] To minimize the impact of *Twombly* on their bare-boned pleadings, Defendants argue that *Twombly* at most applies only to claims and counterclaims under Rule 8(a), and does not apply to defenses and affirmative defenses under Rule 8(b) and Rule 8(c), respectively. This argument lacks merit.

While *Twombly* specifically dealt with claims, the law is clear that the pleading requirements of subsection (a) of Rule 8 equally apply to subsections (b) and (c) of the Rule. *See, e.g., Greiff v. T.I.C. Enters., L.L.C.*, No. 03-882-SLR, 2004 U.S. Dist. LEXIS 680, at *7 (D. Del. Jan. 9, 2004) (equating the pleading requirement of Rule 8(c) to Rule 8(a)); *see also Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) ("Because affirmative defenses are pleadings, they are subject to all pleading requirements of the Federal Rules of Civil Procedure."); *DirecTV, Inc. v. Figler*, No. 04-773, 2006 U.S. Dist. LEXIS 15061, at *2 (W.D. Pa. Feb. 9, 2006) ("Affirmative defenses must adhere to Fed. R. Civ. P. 8(a)(2)..."). Indeed, the title of Rule 8 is "General Rules of Pleading." Defendants defy logic and precedent in asserting that there should be a separate pleading requirement for each of the subsections of Rule 8, and that somehow a plaintiff has a stricter requirement for the pleading of claims than a defendant has for the pleading of its defense to those claims.

According to Rule 11, Fed. R. Civ. P. ("Rule 11"), a defendant cannot plead a defense in its answer and then hope that later discovery will provide the support needed for that defense. On the contrary, Rule 11 requires that the defendant have a basis for pleading its defense at the time the answer is signed. This follows and relies upon the Rule 8 requirement that a defendant

---

[3] The Federal Circuit looks to the regional circuit law (here, the 3rd Circuit) for deciding the sufficiency of pleadings under Rule 8. *Id.* at 1355-56.

6

provide a statement showing the basis for each defense plead. As clarified by *Twombly*, a defendant is not allowed to hide such a basis, as Defendants have done here, behind a purely conclusory and non-specific pleading.

Defendants' contrast between affirmative defenses under Rule 8 and inequitable conduct allegations under Rule 9 does not alter the applicability of *Twombly* to affirmative defenses. The issue here is Rule 8, not Rule 9. *Twombly* clarified that pleadings under Rule 8 must be pled with specificity – *Twombly* did not say that such specificity had to rise to the level of particularity required under Rule 9. The pleading requirement for "particularity" under Rule 9 is simply irrelevant to this motion.

### C. Roche's Past Pleadings Are Irrelevant, And In Any Event, Have Changed

Finally, the fact that Roche may have previously acted in the manner of many other patent litigators has no bearing on whether Defendants have sufficiently pled their defenses in this case. As acknowledged by Defendants, Roche's current pleadings do provide specificity for both its claims and affirmative defenses. Roche respectfully requests that this Court require Defendants to do the same. This will have the beneficial effect of dispensing those alleged defenses for which Defendants lack meaningful basis.

### III. CONCLUSION

For at least the foregoing reasons, Roche respectfully requests that the Court strike or dismiss the following pleadings for failure to meet the pleading standards of Rule 8:

- LifeScan's First and Second Counterclaims (¶¶ 52 and 55, respectively);
- LifeScan's Second Affirmative Defense;
- Nova's Second Counterclaim;
- Nova's Second and Fourth Affirmative Defenses; and

- Bayer's Second, Third, Fourth and Fifth Affirmative Defenses.

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Daniel A. Boehnen<br>Grantland G. Drutchas<br>McDonnell Boehnen Hulbert & Berghoff LLP<br>300 South Wacker Drive<br>Chicago, IL 60606<br>(312) 913-0001<br><br>Dated: June 16, 2008<br>869836 | By: /s/ Philip A. Rovner<br>    Philip A. Rovner (#3215)<br>    Hercules Plaza<br>    P.O. Box 951<br>    Wilmington, DE 19899-0951<br>    (302) 984-6000<br>    provner@potteranderson.com<br><br>*Attorney for Plaintiffs*<br>*Roche Diagnostics Operations, Inc. and*<br>*Corange International Limited* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on June 16, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

| **BY HAND DELIVERY AND E-MAIL** | **BY HAND DELIVERY AND E-MAIL** |
|---|---|
| Steven J. Balick, Esq.<br>John G. Day, Esq.<br>Ashby & Geddes<br>500 Delaware Avenue<br>8th Floor<br>P.O. Box 1150<br>Wilmington, DE  19899<br>sbalick@ashby-geddes.com<br>jday@ashby-geddes.com | John W. Shaw, Esq.<br>Jeffrey T. Castellano, Esq.<br>Young Conaway Stargatt & Taylor, LLP<br>1000 West Street, 17th Floor<br>Wilmington, DE  19801<br>jshaw@ycst.com<br>jcastellano@ycst.com |
| Mary W. Bourke, Esq.<br>Connolly Bove Lodge & Hutz LLP<br>The Nemours Building<br>1007 N. Orange Street<br>Wilmington, DE  19801<br>mbourke@cblh.com | Rodger D. Smith, Esq.<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>rsmith@mnat.com |

I hereby certify that on June 16, 2008 the foregoing document was sent by E-mail to the following non-registered participants:

Bradford J. Badke, Esq.
Sona De, Esq.
Michael Kahn, Esq.
Simon Fitzpatrick, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Jim.badke@ropesgray.com
Sona.de@ropesray.com
Michael.kahn@ropesgray.com
Simon.fitzpatrick@ropesgray.com

Wesley E. Overson, Esq.
Rachel Krevans, Esq.
Jason R. Bartlett, Esq.
Parisa Jorjani, Esq.
Daniel P. Muino, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
woverson@mofo.com
rkrevans@mofo.com
jasonbartlett@mofo.com
pjorjani@mofo.com
dmuino@mofo.com

Kenneth P. George, Esq.
Joseph M. Casino, Esq.
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
kgeorge@arelaw.com
jcasino@arelaw.com

Michael G. Adams, Esq.
Ashley L. Ellis, Esq.
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com