# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LTD., <br><br>  Plaintiffs, <br><br>  v. <br><br> ABBOTT DIABETES CARE, INC., ABBOTT DIABETES CARE SALES CORP., BAYER HEALTHCARE, LLC, DIAGNOSTIC DEVICES, INC., LIFESCAN, INC., and NOVA BIOMEDICAL CORP., <br><br>  Defendants. | ) ) ) ) ) ) ) ) C.A. No. 07-753-JJF ) ) ) ) ) ) ) ) ) ) |

## ROCHE'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS NOVA'S FOURTH, FIFTH, SIXTH AND SEVENTH COUNTERCLAIMS UNDER RULE 12(b)(6)

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Dated: June 26, 2008

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
provner@potteranderson.com

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc. and*
*Corange International Limited*

I.  **INTRODUCTION**

For the first time, in its answering brief, Nova acknowledges that its breach of contract counterclaim is governed by Swiss law due to the choice of law provision in the agreement between Nova and F. Hoffman-La Roche Ltd. ("the Agreement"). Nova's acknowledgement satisfies F.R.Civ.P. 44.1, and, for practical purposes, moots the portion of Roche's motion concerning Nova's Fourth Counterclaim (Breach of Contract).[1]

On the other hand, Nova's assertion that its tort counterclaims (Misappropriation of Trade Secrets, Unfair Competition, and Conversion) are governed by Massachusetts common law further demonstrates that these counterclaims are fatally defective under F.R.Civ.P. 12(b)(6) and should be dismissed. Swiss law controls any and all of Nova's claims for relief arising out of activities conducted pursuant to the parties' Agreement. Accordingly, Nova's tort counterclaims fail to state a claim upon which relief can be granted.

Since the parties now agree that their contractual choice of Swiss law is binding, it necessarily follows that Swiss law controls the interpretation of the parties' Agreement. This inherently means that Swiss law must be applied to interpret the scope of the choice of law provision. Because contract interpretation is itself a matter of law, this issue is ripe for disposition under this F.R.Civ.P. 12(b)(6) setting.

It is also undisputed that Nova's Fifth, Sixth, and Seventh Counterclaims seek a tort law remedy for breach of contract conduct, i.e., if there was no breach of contract, then no ground exists for the alleged torts. The alleged torts exist only if there was a breach of contract.

Putting these factors together – along with the broad expansive language of the choice of law provision in this Agreement – Swiss law requires that all of Nova's non-patent counterclaims

---

[1] Nova's Breach of Contract claim suffers fatal flaws under Swiss law, but those defects will be addressed at a later date.

proceed under Swiss law. Swiss law would not allow Nova's Fifth, Sixth, and Seventh Counterclaims to proceed under Massachusetts law.

The same result is reached under U.S. (Delaware) choice of law. Since Nova's Fifth, Sixth, and Seventh Counterclaims (Misappropriation of Trade Secrets, Unfair Competition and Conversion) seek tort remedies for injury allegedly arising out of the alleged breach of contract, Delaware law requires that those counterclaims be controlled by the choice of law set forth in the Agreement, i.e., Swiss law. It makes no sense that Swiss law controls all claims arising under the Agreement "in all respects," but that Massachusetts common law controls alternative tort law remedies based on the existence of the Agreement and arising out of the exact same set of facts.

In other words, regardless whether the issue is analyzed under Swiss choice of law (as dictated by the Agreement) or under U.S. choice of law (urged by Nova), the result is that Swiss law controls all claims arising out of the Agreement, including any claims based on the disposition of proprietary information exchanged under the Agreement. With Nova's admission that its Fifth, Sixth, and Seventh Counterclaims are asserted under Massachusetts law, it follows that those counterclaims are fatally deficient and must be dismissed. In summary:

- Swiss law applies to Nova's Fourth (Breach of Contract), Fifth (Misappropriation of Trade Secrets), Sixth (Unfair Competition) and Seventh (Conversion) Counterclaims;

- Nova's Fifth, Sixth, and Seventh Counterclaims are fatally defective and should be dismissed because they allege common law tort claims under Massachusetts law, which does not apply; and

- Nova's Fifth and Seventh Counterclaims are further defective – and it would be futile for Nova to try to correct the defects – because Swiss law does not recognize those causes of action separate and apart from the Swiss statute on unfair competition.

2

## II. ARGUMENT

### A. The Choice of Law Provision in the Agreement Governs Not Only Nova's Breach of Contract Claim, But Also Its Tort Remedy Counterclaims

The Agreement between Nova and F. Hoffman-La Roche, Ltd. provides that the agreement "shall be governed ***in all respects*** by the laws of Switzerland," (D.I. 212, Ex. A, ¶6) (emphasis added). Nevertheless, Nova wrongly asserts that Massachusetts law applies to its misappropriation of trade secrets, unfair competition and conversion counterclaims. Regardless of whether this Court applies Swiss or U.S. conflicts of laws principles to this question, the result is the same – Swiss law is the correct substantive law to apply to these counterclaims.

#### *1. Under Swiss Law, The Contractual Choice of Law Provision Applies Swiss Law To Nova's Fifth Through Seventh Counterclaims*

Nova now concedes that all of the contractual issues are governed by Swiss law, which is dictated in any event by the choice of law in the Agreement. Because the parties agree that Swiss law applies to the contract, this Court must apply Swiss law to interpreting the contract, which includes interpreting the scope of the choice of law provision. (Dasser Decl., ¶12)[2].

Swiss courts recognize the freedom of parties to negotiate and memorialize the terms of their relationship via contract. (*Id.* at ¶9). Under Swiss law, this concept is referred to as "party autonomy." (*Id.*). When a contractual dispute arises, a Swiss court strives to identify and apply the intent of the contracting parties with respect to the particular provision of the contract. (*Id.* at ¶12). In instances where the intent of the parties is clear from the contractual language, as here, a Swiss court will enforce that intent in resolving the dispute. (*Id.* at ¶¶12-13).

The Agreement between Nova and F. Hoffman-La Roche, Ltd. employs particularly

---

[2] Professor Dasser's Declaration occasionally cites to Swiss legal publications. Several of these publications are in German, and have not been attached. The pertinent text is recited in English within the Declaration. If either Nova or the Court wish to have copies of the documents cited in Professor Dasser's Declaration, Roche will provide copies.

broad language in the choice of law provision: "This Agreement shall be governed *in all respects* by the laws of Switzerland." (D.I. 212, Ex. A, ¶6) (emphasis added). A Swiss court endeavoring to enforce the intent of the contracting parties would conclude that the broad language of this provision shows clear intent by the parties that their choice of law would apply to any and all claims relating not just directly to the Agreement *per se*, but also to any claims arising from conduct performed in relation to the Agreement. (Dasser Decl., ¶13).

The result of applying Swiss law to Nova's tort remedy counterclaims aligns with the reasonable expectations of the parties to the Agreement. Nova and F. Hoffman-La Roche, Ltd. explicitly provided that the Agreement will be "governed in all respects" by Swiss law. (*Id.* at ¶¶21-22). It is undisputed that Nova's tort remedy counterclaims are based on the *exact same* set of facts as Nova's breach of contract counterclaim. *Compare* D.I. 181 at ¶¶ 37-39, 41-42 and 43-45 *with id.* at ¶¶ 34-35. A party to a contract containing such broad language, here Roche, would reasonably expect that all of the claims arising from the same set of facts would be governed by the same body of law. A Swiss court would explicitly consider this reasonable expectation when deciding whether to apply Swiss law to Nova's trade secret misappropriation, unfair competition and conversion counterclaims. (Dasser Decl., ¶¶14-22). Indeed, it is Nova's contrary position that is *un*reasonable, *i.e.*, that Nova is entitled to seek common law tort remedies under a non-Swiss body of law for conduct that may be deemed appropriate under Swiss law even though Nova agreed that the agreed conduct would be governed "in all respects" by Swiss law.

In sum, a Swiss court considering the language of the choice of law provision, in light of the intent and expectations of the contracting parties, would apply this choice of Swiss law to the tort remedy claims arising out of this contract dispute. The Swiss court would conclude that the broad language of the choice of law provision evidences an intent and expectation by the parties

4

that the choice of Swiss law would apply to all actions done in furtherance of the Agreement and to all claims for relief arising directly or indirectly out of those actions. (*Id.* at ¶¶13, 22).

Nova attempts to dissemble the choice of law issue by pinpointing Roche's statement that the parties' "relationship" is governed in all respects by Swiss law. (D.I. 200 at 7). To be clear, the only relationship at issue in this lawsuit is the relationship that arose through the Agreement. To the extent that F. Hoffman-LaRoche and Nova might theoretically have some other relationship unrelated to activities under the Agreement, Roche does not advocate that any such other relationship is governed by the choice of law at issue in this case. But Nova and F. Hoffman-La Roche, Ltd. intended, and a Swiss court would recognize, that Swiss law applies to all claims relating to information exchanged under the Agreement. (Dasser Decl., ¶¶13, 22).

### 2. *Even Under U.S. Law, The Broad Contractual Language Requires That Nova's Non-Patent Counterclaims Be Brought Under Swiss Law*

Defendants repeatedly resort to several non-precedential opinions for their argument that other courts have construed "similar" choice of law language as covering claims for breach of the contract only. But each of the cases on which Nova relies – *Williams, Krock* and *Black Box* – is off point in that these cases do not have similar broad choice of law language, such as the broad "in all respects" language explicitly included in the present Agreement. *See* D.I. 211 at 4. Thus, the contractual language at issue in each of Nova's cases is narrower than the language contained in the present Agreement.

One of Nova's own cases, *Williams v. Deutsche Bank Sec., Inc.*, No. 04 Civ. 7588, 2005 WL 1414435, at *4-5 (S.D.N.Y. June 13, 2005), examines cases with both narrow choice of law language and broader choice of law language. In the cases with narrow language (*e.g.*, "governed by and construed in accordance with"), the choice of law provision was found to be insufficiently broad to cover tort claims relating to the contract. In the cases with broader

5

language (*e.g.*, "arising out of or relating to"), the choice of law provision was found to cover tort claims relating to the contract. Thus, Nova's cases support Roche's position that broad choice of law language, such as in this Agreement, governs tort claims relating to the Agreement.

It is well established that a choice of law provision can control which law applies to a tort claim related to the contract. For example, this Court recognized that a choice of law provision (worded almost identically to the Agreement at issue) was broad enough to extend to claims outside of, but related to, the contract:

> The clause, however, explicitly states that not only will "the Merger" be governed by Delaware Law, but so will "***all other aspects*** of this Agreement." (D.I. 31 Ex. A at 59.) Had the parties wished to limit the choice of law clause to the merger and the resulting corporate entity, they could have done so without inserting the broad provision mandating the application of Delaware Law to "all … aspects of [the] agreement" …Giving force to such ambiguous semantic arguments in the application of a choice of law clause would contradict Delaware's policy "to respect the chosen law of contracting parties, so long as that law has a material relationship to the transaction."

*Organ v. Byron*, 435 F.Supp.2d 388, 391-92 (D. Del. 2006) (Farnan, J.) (emphasis added). *See also ABRY Partners V, L.P. v. F&W Acquisition LLC*, 891 A.2d 1032 (Del. Ch. 2006); and *Krock v. Lipsay*, 97 F.3d 640, 645 (2d Cir. 1996) ("Under New York law, in order for a choice-of-law provision to apply to claims for tort arising incident to the contract, the express language of the provision must be 'sufficiently broad' as to encompass the entire relationship between the contracting parties.")

Nova attempts to distinguish two of the cases on which Roche relies– *VGS* and *Turtur* – on the grounds that the language in those cases was broader than the language in the present Agreement. The contractual language in those cases ("arising out of or relating to") is different from the language in the present Agreement, but the language in those cases is not broader. The language of the present Agreement ("in all respects") is at least as broad as the "arising out of or

6

relating to" language in the *VGS* and *Turtur* cases. *See, e.g., Organ*, 435 F.Supp.2d at 391-92 (applying an almost identically worded choice of law provision to a non-contract dispute). Thus, Swiss law controls all of Nova's non-patent counterclaims.

### 3.    *A "Most Significant Relationship" Analysis Is Unnecessary*

This Court need not burden itself with a "most significant relationship" analysis, as urged by Nova. Such an analysis applies only if the Court has to decide which U.S. state law applies. In this case, by virtue of the parties' Agreement, Swiss law applies.

Should the Court elect to engage in an analysis of the "most significant relationship," however, the Delaware and Indiana relationships to Nova's tort remedy counterclaims are at least as significant as the Massachusetts relationship. If this Court were presented the choice of law issue on a clean slate (which is not the situation in this case), the Court would apply the "most significant relationship" test from the Restatement (Second) of Conflict of Laws, § 145, which considers the following factors: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered. *Traveler's Indem. Co. v. Lake*, 594 A.3d 38, 46-48 (Del. 1991).

Roche is a Delaware corporation, and Nova elected to sue Roche in Delaware. Under a most significant relationship analysis, Roche reasonably expects that its legal home venue would apply its home venue laws when it is sued by an out-of-state corporation.

Even if the Court were not to apply Delaware law, the fallback would be Indiana law because Roche's research and development activities in question are based primarily in Indianapolis, and the activities that constitute the alleged misuse occurred in Indiana. Applying

7

Delaware's choice of law rule, the contacts favor Indiana law over that of Massachusetts as Indiana would have been the principal location of the Roche's alleged conduct underlying the trade secret misappropriation, unfair competition and conversion claims.

Moreover, Delaware law and Indiana law are closely aligned insofar as the issues in this suit are concerned. Delaware and Indiana have both enacted the Uniform Trade Secrets Act, whereas Massachusetts has not. For the purposes of this motion, the fate of Nova's trade secrets counterclaims is the same under either Delaware or Indiana law. All of Nova's tort remedy common law counterclaims are preempted by the Delaware Uniform Trade Secrets Act ("DUSTA") or the Indiana Uniform Trade Secrets Act ("IUTSA"). Massachusetts law is an outlier in this respect, and Roche reasonably expects that its home legal venue will not apply a choice of law that contradicts established Delaware legal policy.

### B.  Further Deficiencies of Nova's Tort Remedy Counterclaims

As previously noted, Nova's tort remedy claims are based upon the same set of facts that constitute Nova's breach of contract claims. *See* D.I. 181 at ¶¶ 34-35, 37-39, 41-42 and 43-45. If there was no breach of contract, then there is no misuse of trade secrets, no unfair competition, and no conversion. Nova is certainly entitled to seek alternative claims based on the same facts, but Nova's duplication in this case is futile, regardless whether Swiss or U.S. law is applied.

#### *1.  Nova's Misappropriation Of Trade Secrets And Conversion Counterclaims Do Not Exist Under Swiss Law*

Swiss law permits a party to plead both contract and tort claims arising from the same set of facts, Dasser Decl., ¶24, but Swiss law does not recognize two of the torts pleaded by Nova. Under Swiss law, unfair competition is regulated by a comprehensive statute. (Dasser Decl., ¶25). Apart from the Swiss Unfair Competition Law, Swiss law does not recognize separate claims for Nova's allegations of conversion and misappropriation of trade secrets. (Dasser Decl.,

8

¶¶27-31). Therefore, it would be futile to allow Nova to re-plead its Fifth (Misappropriation of Trade Secrets) and Seventh (Conversion) Counterclaims.

### 2. Alternatively, Nova's Unfair Competition And Conversion Counterclaims Do Not Exist Under Applicable U.S. Law

If the Court holds that Swiss law does not apply to the tort remedy claims, then the result follows that neither Delaware law nor Indiana law recognize Nova's unfair competition and conversion counterclaims. As previously noted, both Delaware and Indiana have enacted a comprehensive statute on trade secrets, and the DUTSA and IUSTA preempt common-law claims that rely upon alleged trade secret misappropriation. *See* 6 Del. C. § 2007(a) ("Except as provided in subsection (b) of this section, this chapter displaces conflicting tort, restitutionary and other law of this State providing civil remedies for misappropriation of a trade secret."); Ind. Code Ann. § 24-2-3-1(c) ("The chapter displaces all conflicting law of this state pertaining to the misappropriation of trade secrets, except contract law and criminal law."); *see also Ethypharm S.A. France v. Bently Pharmaceuticals, Inc.*, 388 F.Supp.2d 426, 433 (D. Del. 2005) ("A claim will be preempted [by the Delaware Uniform Trade Secret Act] if it is grounded in the same facts which purportedly support the Misappropriation of Trade Secrets claim.") (internal citation omitted); *Leucadia, Inc., v. Applied Extrusion Technologies, Inc.*, 755 F.Supp. 635, 637 (D. Del 1991) (noting the Delaware legislature's intent to create a single cause of action for allegations of trade secret misappropriation). Thus, even assuming that Swiss law does not apply (which is incorrect), Nova fails to state a claim for unfair competition and conversion because no such claims exist under applicable state law given the facts alleged by Nova.

9

## III. CONCLUSION

For at least the foregoing reasons, Roche asks the Court to dismiss Nova's Fifth through Seventh Counterclaims for failure to adequately pleading these claims under Swiss law. Moreover, it would be futile to allow Nova to try to amend its pleading with respect Nova's Fifth and Seventh Counterclaims because these counts are not recognized by Swiss law.

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Dated: June 26, 2008
871725

POTTER ANDERSON & CORROON LLP

By: /s/ Philip A. Rovner
     Philip A. Rovner (#3215)
     Hercules Plaza
     P.O. Box 951
     Wilmington, DE 19899-0951
     (302) 984-6000
     provner@potteranderson.com

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc. and*
*Corange International Limited*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on June 26, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

| **BY HAND DELIVERY AND E-MAIL** | **BY HAND DELIVERY AND E-MAIL** |
|---|---|
| Steven J. Balick, Esq.<br>John G. Day, Esq.<br>Ashby & Geddes<br>500 Delaware Avenue<br>8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>sbalick@ashby-geddes.com<br>jday@ashby-geddes.com | John W. Shaw, Esq.<br>Jeffrey T. Castellano, Esq.<br>Young Conaway Stargatt & Taylor, LLP<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801<br>jshaw@ycst.com<br>jcastellano@ycst.com |
| Mary W. Bourke, Esq.<br>Connolly Bove Lodge & Hutz LLP<br>The Nemours Building<br>1007 N. Orange Street<br>Wilmington, DE 19801<br>mbourke@cblh.com | Rodger D. Smith, Esq.<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>rsmith@mnat.com |

I hereby certify that on June 26, 2008 the foregoing document was sent by E-mail to the following non-registered participants:

Bradford J. Badke, Esq.
Sona De, Esq.
Michael Kahn, Esq.
Simon Fitzpatrick, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Jim.badke@ropesgray.com
Sona.de@ropesray.com
Michael.kahn@ropesgray.com
Simon.fitzpatrick@ropesgray.com

Wesley E. Overson, Esq.
Rachel Krevans, Esq.
Jason R. Bartlett, Esq.
Parisa Jorjani, Esq.
Daniel P. Muino, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
woverson@mofo.com
rkrevans@mofo.com
jasonbartlett@mofo.com
pjorjani@mofo.com
dmuino@mofo.com

Kenneth P. George, Esq.
Joseph M. Casino, Esq.
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
kgeorge@arelaw.com
jcasino@arelaw.com

Michael G. Adams, Esq.
Ashley L. Ellis, Esq.
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com