IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED, | ) ) ) | |
| Plaintiffs, | ) ) ) | Civil Action No. 07-753-JJF |
| v. | ) ) | |
| ABBOTT DIABETES CARE, INCORPORATED and ABBOTT DIABETES CARE SALES CORPORATION, BAYER HEALTHCARE, LLC, DIAGNOSTICS DEVICES, INC., LIFESCAN, INCORPORATED, and NOVA BIOMEDICAL CORPORATION, | ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

---

**DEFENDANT LIFESCAN, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO EXTEND DISCOVERY PERIOD**

---

Mary W. Bourke (#2356)
R. Eric Hutz (#2702)
Kristen Healey Cramer (#4512)
**CONNOLLY BOVE LODGE & HUTZ LLP**
The Nemours Building
1007 North Orange Street
Post Office Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-5614
*Attorneys for Defendant LifeScan, Inc.*

DATED: June 27, 2008

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION ....................................................................................................................... 1

NATURE AND STAGE OF THE RELEVANT PROCEEDINGS ............................................. 1

SUMMARY OF ARGUMENT ................................................................................................... 2

STATEMENT OF RELEVANT FACTS .................................................................................... 2

ARGUMENT ............................................................................................................................... 3

CONCLUSION ............................................................................................................................ 5

# TABLE OF AUTHORITIES

**Cases**
*Venetec Int'l, Inc. v. Nexus Med., LLC*, 541 F.Supp.2d 612, 618 (D. Del. 2008) ........................... 4

**Rules**
Fed. R. Civ. P. 16............................................................................................................................4

I.  **INTRODUCTION**

Defendant, LifeScan, Inc. ("LifeScan") hereby moves for an Order to extend the Phase I document discovery deadline for a period of twenty-eight (28) days until July 25, 2008. The requested extension would be limited solely to LifeScan's completion of that production. In requesting this extension, LifeScan is willing to grant Roche equal additional time to conduct depositions of relevant LifeScan witnesses for Phase I. Pursuant to the April 24, 2008 Scheduling Order (D.I. 147), the deadline for completion of document production for Phase I discovery in this matter is June 27, 2008.

II.  **NATURE AND STAGE OF THE RELEVANT PROCEEDINGS**

On November 21, 2007, Roche Diagnostics Operations, Inc. and Corange International Limited (collectively, "Roche") filed their Complaint for patent infringement. The Complaint alleged that Lifescan and the other named defendants (collectively, "Defendants") infringe United States Patent Nos. 7,276,146 ("'146 Patent") and 7,276,147 ("'147 Patent") (collectively the "patents-in-suit") (D.I. 1). LifeScan answered the Complaint on January 11, 2008 (D.I. 43). Roche has also filed an Amended Complaint to which LifeScan has answered and counterclaimed (D.I. 142, 156).

On February 8, 2008, the Court held a Rule 16 Scheduling Conference where it divided discovery into two Phases. Phase I is limited to infringement and prior invention issues, and Phase II is limited to invalidity issues. On April 24, 2008, the Court entered the Rule 16 Scheduling Order (D.I. 147). As set in the Scheduling Order, the completion for Phase I document production is June 27, 2008 (D.I. 147, ¶3.A.i.1).

On January 23, 2008, Roche served its First Set of Requests for Production of Documents and Things (Nos. 1-119) on LifeScan (D.I. 55). LifeScan served its Objections and Responses to

1

Roche's First Set of Requests for Production of Documents and Things (Nos. 1-119) on March 3, 2008 (D.I. 84).

On May 8, 2008, Roche served its Second Set of Requests for Production of Documents and Things (Nos. 120-143) on LifeScan (D.I. 184). LifeScan served its Objections and Responses to Roche's Second Set of Requests for Production of Documents and Things on June 9, 2008 (D.I. 204).

On April 11, 2008, Roche filed a Motion to Compel LifeScan to produce documents in response to Roche's First Request for Production of Documents (D.I. 55). LifeScan filed its Opposition Brief on April 28, 2008 (D.I. 148), and Roche filed its Reply Brief on May 2, 2008 (D.I. 166). This Court has not yet decided Roche's Motion to Compel Production of Documents.

On June 13, 2008, Roche filed a Second Motion to Compel LifeScan to produce documents in response to Roche's Second Request for Production of Documents (D.I. 208). LifeScan's Opposition Brief is due June 30, 2008. A July 11, 2008 hearing date has been requested.

A Pretrial Conference for Phase I is scheduled for March 5, 2009.

### III. SUMMARY OF ARGUMENT

1. LifeScan has good cause warranting a twenty-eight (28) day extension of the document discovery period until July 25, 2008 for LifeScan document production due to: (1) the breadth of documents requested by Roche; (2) the volume of documents in the possession of LifeScan, both in the United States and abroad; and (3) unforeseeable technical difficulties that have rendered production by June 27, 2008 impossible.

### IV. STATEMENT OF RELEVANT FACTS

1. The Court's April 24, 2008 Scheduling Order set a Phase I document discovery

2

cut-off of June 27, 2008 (D.I. 147).

2.  In January of 2008, LifeScan began preparations for process and production of documents both in the United States and abroad. Document collection has continued since that date.

3.  A total of nearly a million documents (paper and electronic) were collected by LifeScan for purposes of review and production in Phase I from sites in the United States and abroad. Between 30 and 40 attorneys are working significant hours to review as many documents as possible. Included among those documents reviewed were approximately 32,000 boxes of paper documents, and at least 362 GB of electronic documents.

4.  On June 20, 2008, LifeScan requested an extension of four weeks for the production of documents in Phase I by way of a letter to Roche (Attachment A). On June 23, 2008, Roche responded by letter offering a two week extension to July 11, 2008, instead of the four weeks requested by LifeScan, while setting conditions upon the grant of the two week extension (Attachment B). LifeScan advised Roche on June 27, 2008 that Roche's counter-proposal was not sufficient and that LifeScan would file the instant motion to preserve its rights (Attachment C).

5.  Technical difficulties in the processing of documents for production, as well as the overall volume of documents to be reviewed, make completion of production by the June 27, 2008 date and July 11, 2008, the date suggested by Roche, impossible.

## V.  ARGUMENT

LifeScan requests a twenty-eight (28) day extension of the Phase I document discovery period to July 25, 2008 due to the technical problems it has encountered in preparing its documents for production, as well as the overwhelming breadth of documents to be reviewed.

3

LifeScan's request is limited solely to LifeScan's production of documents in Phase 1. Federal Rule of Civil Procedure 16(b)(4) permits the Court to modify a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16. The 1983 Advisory Committee Notes clarify the standard on which modification of the scheduling order is to be decided, stating:

> [T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension. Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a 'manifest injustice' or 'substantial hardship' test.

Fed. R. Civ. P. 16 advisory committee notes. The good cause standard "hinges on diligence of the movant and not on prejudice to the non-moving party." *Venetec Int'l, Inc. v. Nexus Med., LLC*, 541 F.Supp.2d 612, 618 (D. Del. 2008).

LifeScan has been and will continue to be diligent in the processing and production of documents relevant to Phase I. Preparations and collections began in January of this year, and continue to this day, both in the United States and abroad. Nearly 1 million documents have been collected, both in paper and electronic form. 12,000 boxes were examined in one location alone, with about 32,000 boxes evaluated altogether. With six different LifeScan products being accused of infringing the patents-in-suit, the number of custodians and the possible volume of responsive documents are overwhelming. Additionally, the volume of documents has caused technical problems in the loading of documents into LifeScan's document review database.

LifeScan has made every reasonable effort to complete as much production as possible by the Scheduling Order deadline date of June 27, 2008. Review is being conducted in two offices by dozens of attorneys. Despite LifeScan's diligence in this matter, due to the volume of documents to be reviewed and technical problems that have slowed the process, it is impossible for LifeScan to complete its Phase I document production by June 27, 2008.

As LifeScan has demonstrated good cause under Rule 16 for the Court to modify the Scheduling Order, LifeScan respectfully requests that the Court grant an extension on the Phase I document production deadline until July 25, 2008. This request is limited solely to LifeScan's production of documents in Phase I.

## VI. CONCLUSION

For the reasons stated herein, LifeScan respectfully requests an extension of the Phase I document production deadline until July 25, 2008. This request is limited solely to LifeScan's production of documents in Phase I.

Respectfully submitted,

**CONNOLLY BOVE LODGE & HUTZ LLP**

/s/ Mary W. Bourke
Mary W. Bourke (#2356)
R. Eric Hutz (#2702)
Kristen Healey Cramer (#4512)
The Nemours Building
1007 North Orange Street
Post Office Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-5614
*Attorneys for Defendant LifeScan, Inc.*

**DATED:** June 27, 2008

## CERTIFICATE OF SERVICE

I, Mary W. Bourke, Esquire, hereby certify that on June 27, 2008, I caused to be served by electronic service the foregoing document and electronically filed the same with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Philip A. Rovner
Potter Anderson & Corroon, LLP
1313 N. Market St.
Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951
*Attorneys for Plaintiffs Roche Diagnostic Operations, Inc. and Corange International Limited*

Daniel A. Boehnen
Grantland G. Drutchas
Gary E. Hood
Nicole Keenan
Paula S. Fritsch
Sherri L. Oslick
Jeffrey P. Armstrong
Christina L. Brown
Sean M. Sullivan
Richard A. Machonkin
Eric R. Moran
Christopher M. Cavan
Patrick G. Gattari
Benjamin R. Huber
Paul S. Tully
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
*Attorneys for Plaintiffs Roche Diagnostic Operations, Inc. and Corange International Limited*

John W. Shaw
Jeffrey Thomas Castellano
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
*Attorneys for Defendant Bayer Healthcare, LLC*

Kenneth P. George
Joseph M. Casino
Amster Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
*Attorneys for Defendant Bayer Healthcare, LLC*

Wesley E. Overson
Rachel Krevans
Jason R. Bartlett
Parisa Jorjani
Daniel P. Muino
Matthew W. dos Santos
Amy C. Dachtler
Morrisson & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
*Attorneys for Defendant Bayer
Healthcare, LLC*

Steven J. Balick
John G. Day
Lauren E. Maguire
Ashby & Geddes
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
*Attorneys for Defendant Diagnostic
Devices Inc.*

Nancy Tinsley
Roche Diagnostics
9115 Hague Road
Indianapolis, IN 46250
*Attorney for Plaintiff Roche Diagnostics
Operations, Inc. and Corange
International Limited*

Rodger Dallery Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
*Attorneys for Defendant Nova
Biomedical Corporation*

Kirk A. Vander Leest
Edward A. Mas II
Stephen F. Sherry
James M. Hafertepe
Merle S. Elliott
Matthew A. Anderson
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, Suite 3400
Chicago, IL 60661
*Attorneys for Defendants Abbott
Diabetes Care Inc. and Abbott Diabetes
Care Sales Corporation*

Frederick L. Cottrell, III
Anne Shea Gaza
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
*Attorneys for Defendants Abbott Diabetes
Care Inc. and Abbott Diabetes Care
Sales Corporation.*

7

I further certify that on June 27, 2008, I caused a true and correct copy of the foregoing document to be served by e-mail to the following non-registered participants:

Bradford J. Badke
Sona De
Michael Kahn
Simon A. Fitzpatrick
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
*Attorneys for Defendant Nova Biomedical Corporation*

Ashley L. Ellis
Michael G. Adams
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
*Attorneys for Defendant Diagnostic Devices Inc.*

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Mary W. Bourke
Mary W. Bourke (#2356)
R. Eric Hutz (#2702)
Kristen Healey Cramer (#4512)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-1347

*Attorneys for Defendant LifeScan, Inc.*

# EXHIBIT A



# CONNOLLY BOVE LODGE & HUTZ LLP
### ATTORNEYS AT LAW

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

R. ERIC HUTZ

TEL (302) 658 9141
FAX (302) 658 5614
EMAIL ehutz@cblh.com
REPLY To Wilmington Office

### **ELECTRONIC MEANS**

June 20, 2008

Richard Machonkin, Esquire
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606

    Re:   *Roche Diagnostics Operations and*
*Corange International Limited v.*
*Abbott Diabetes Care, et al.* **(15129\*3)**

Dear Richard:

    I am writing to you regarding the June 27th deadline for Phase 1 document production. As you are aware, Roche's discovery requests required Lifescan to identify and collect a significant volume of electronic and paper records. For example, Lifescan had approximately 12,000 boxes of paper records stored at its Milpitas facility and 20,000 boxes in Scotland. In addition, Lifescan conservatively estimates that at least 362 GB of data have been harvested for review. Finally, certain sources of electronic documentation were not text-searchable making it exceedingly difficult to identify potentially responsive documents.

    Lifescan expects to continue its rolling production with a large volume of documents being produced between now and June 27th. However, due to the volume of documents that had to be reviewed and issues with processing that volume for review and production, Lifescan will not be able to complete that production by June 27th. Accordingly, Lifescan requests a 4-week extension to complete its production of Phase 1 documents. The requested extension would be limited solely to Lifescan's completion of that production.

617900_1

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

Richard Machonkin, Esquire
June 20, 2008
Page 2

       Please advise whether Roche is willing to agree to the extension.

                              Very truly yours,

                              R. Eric Hutz

REH/evs

617900_1

**EXHIBIT B**

Case 1:07-cv-00753-JJF  Document 221-3  Filed 06/27/2008  Page 1 of 3



McDonnell Boehnen Hulbert & Berghoff LLP    300 South Wacker Drive    312 913 0001 phone
Chicago, Illinois 60606-6709    312 913 0002 fax
www.mbhb.com

June 23, 2008

**Sent Via E-mail**
**Confirmation via First Class Mail**

R. Eric Hutz, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Re:   *Roche Diagnostic Operations, Inc. et al. v. Abbott Diabetes Care, Inc. et al.*,
       Civil Action No. 07-753-JJF (D. Del.)

Dear Eric:

We are more than surprised by your June 20th letter requesting a 4-week extension of time for LifeScan to complete its Phase I document production. The June 27, 2008 deadline for completion of Phase I document production was a date proposed by LifeScan and accepted by the Court over Roche's objection. Indeed, in its April 28 Answering Brief opposing our motion to compel, LifeScan confirmed that the June 27 date was defendants' proposed date. In that same brief served almost two months ago, LifeScan identified the approximate number of documents it had to review, yet assured the court that it "does not intend to wait until June 27th to produce its documents and has repeatedly advised Roche of this." Lifescan Ans. Br. at 6.

Further, despite our repeated requests, you have steadfastly refused to discuss a timeframe to complete document production, noting instead that LifeScan would comply with the June 27th deadline. Against this background, your June 20, 2008 letter fails to explain why LifeScan waited until just 7 days before the deadline to request an extension.

Nevertheless, Roche is willing to agree to a two-week extension (i.e., to July 11, 2008) for LifeScan to complete its Phase I document production, provided that:

> (1) LifeScan completes at least 75% of its Phase I production by June 27, 2008, and does so without dumping large volumes of completely irrelevant materials; and

(2) The extension also includes a two-week extension (i.e., to November 7, 2008) of the time period for Roche to depose LifeScan personnel. To be clear, this third point means that the deadline for LifeScan to complete depositions will remain October 24, 2008, but Roche will have an additional two weeks to complete depositions of LifeScan personnel and witnesses.

Your June 20th letter noted that certain of the LifeScan documentation "were not text searchable." Please confirm that LifeScan is putting those materials into text searchable form so as to comply with the document production format previously agreed between the parties.

We have not heard from LifeScan about our suggestion of a joint request for a status conference with the Court. Please advise if LifeScan is willing to join in such a request.

Please advise if LifeScan agrees to this approach.

Sincerely,

*Richard A. Machonkin*

Richard A. Machonkin
(312) 913-2129
machonkin@mbhb.com

**EXHIBIT C**

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

R. ERIC HUTZ

TEL (302) 658 9141
FAX (302) 658 5614
EMAIL ehutz@cblh.com
REPLY To Wilmington Office

June 27, 2008

**VIA EMAIL**

Richard A. Machonkin, Esquire
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, Illinois 60606-6709

Re:   *Roche Diagnostic Operations, Inc., et al. v. Abbott Diabetes Care, Inc., et al.*
      **Civil Action No. 07-753-JJF (D. Del.)**

Dear Richard:

This will respond to your June 23rd letter responding to Lifescan's request for additional time to complete its document production. While Lifescan appreciates Roche's willingness to agree to some additional time, Lifescan is unable to meet some of the conditions Roche has imposed. First, Lifescan is unable to determine whether the production that will be completed by the 27th constitutes 75% of its expected production. Lifescan has no way of exactly knowing what percentage that production will represent until it has completed its Phase 1 production. Second, Lifescan will not be able to complete its production by July 11th even with the between 30 - 40 attorneys in two offices currently reviewing and processing documents, and in view of the technical issues Lifescan has been experiencing.

Lifescan would be willing to grant Roche a like time extension for taking Lifescan depositions as outlined in your letter. Lifescan also does not intend to produce a mass of irrelevant documents. Indeed, a significant part of the delay has been the extensive searches and review necessary to identify and process an extremely large volume of documents to isolate those documents that are relevant to the phase 1 issues. Finally, the documents produced to date and in the future will be text searchable in accordance with our agreement regardless of whether the original document was not itself text searchable.

Given the issues regarding Roche's counter-proposal and the conditions imposed, Lifescan will be filing a motion for a 4-week extension with the Court today to preserve its rights. However, Lifescan remains willing to discuss this issue further to reach an amicable resolution.

619652_1

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

Richard A. Machonkin, Esquire
June 27, 2008
Page 2

      Finally, with respect to some of your other comments, Lifescan notes that it disagrees with your characterization and will let the record speak for itself.

                                                        Very truly yours,

                                                        R. Eric Hutz /evs

                                                        R. Eric Hutz

REH/evs

619652_1