**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 07-753-JJF |
| v. | ) ) | |
| ABBOTT DIABETES CARE, INCORPORATED and ABBOTT DIABETES CARE SALES CORPORATION, BAYER HEALTHCARE, LLC, DIAGNOSTICS DEVICES, INC., LIFESCAN, INCORPORATED, and NOVA BIOMEDICAL CORPORATION, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT LIFESCAN, INC.'S OPPOSITION
TO ROCHE'S SECOND MOTION TO COMPEL**

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Mary W. Bourke
Mary W. Bourke (#2356)
R. Eric Hutz (#2702)
Kristen Healey Cramer (#4512)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-6305
mbourke@cblh.com

*Attorneys for Defendant LifeScan, Inc.*

**DATED:** June 30, 2008

## TABLE OF CONTENTS

**PAGE**

I.      INTRODUCTION ............................................................................................... 1

II.     NATURE AND STAGE OF THE PROCEEDINGS ....................................... 1

III.    SUMMARY OF ARGUMENT ....................................................................... 2

IV.     ARGUMENT .................................................................................................. 3

        A.      Roche Failed To Conduct A Proper Meet And Confer ......................... 3

        B.      Roche Is Not Entitled To The Requested Sanction ............................... 5

        C.      Roche Is Not Entitled To The Documents It Seeks ............................... 6

        D.      Roche's Demand Raises Significant Privacy Issues .............................. 7

        E.      Roche's Assertions Regarding The Issue Date Of The Patents-In-
                Suit Should Be Rejected ....................................................................... 8

V.      CONCLUSION ............................................................................................... 9

Defendant LifeScan, Inc. ("LifeScan") submits this brief in opposition to the Second Motion to Compel filed by Plaintiffs Roche Diagnostics Operations, Inc. and Corange International Ltd. (collectively, "Roche").

## I.     INTRODUCTION

Regrettably, Roche once again burdens the Court with an unnecessary motion without the benefit of a proper meet and confer as required by the Local Rules.  The issue regarding the identity of Lifescan's customers/end-users was first raised in connection with Roche's first set of document requests which Lifescan responded to on March 3, 2008.  As set forth in Section IV.A. below, Lifescan indicated to Roche that it was willing to consider a suitable stipulation to resolve that issue and requested proposed language from Roche on April 4th.  Roche never responded to Lifescan's request.  Instead, Roche filed the instant motion – even after being reminded of Lifescan's willingness to discuss a stipulation before the motion was filed.  Roche's motion should be denied for the reasons set forth below.

## II.     NATURE AND STAGE OF THE PROCEEDINGS

On November 21, 2007, Roche filed its Complaint for patent infringement.  The Complaint alleged that Lifescan and the other named defendants (collectively, "Defendants") infringe United States Patent Nos. 7,276,146 ("the '146 Patent") and 7,276,147 ("the '147 Patent") (collectively, the "patents-in-suit").  (D.I. 1.)  LifeScan answered the Complaint on January 11, 2008.  (D.I. 43.)  Roche has also filed an Amended Complaint to which LifeScan has answered and counterclaimed.  (D.I. 142, 156.)

On February 8, 2008, the Court held a Rule 16 Scheduling Conference where it divided discovery into two Phases.  Phase I is limited to infringement and prior invention issues, and Phase II is limited to invalidity issues.  On April 24, 2008, the Court entered the Rule 16

Scheduling Order. (D.I. 147.) As set in the Scheduling Order, the completion for Phase I document production is June 27, 2008. (D.I. 147, ¶3.A.i.1.) Lifescan has filed a motion to extend that period until July 25, 2008 to allow completion of its document production. Lifescan's motion was filed on June 27, 2008. (D.I. 219.)

On January 23, 2008, Roche served its First Set of Requests for Production of Documents and Things (Nos. 1-119) on LifeScan. (D.I. 55.) LifeScan served its Objections and Responses to Roche's First Set of Requests for Production of Documents and Things (Nos. 1-119) on March 3, 2008. (D.I. 84.)

On May 8, 2008, Roche served its Second Set of Requests for Production of Documents and Things (Nos. 120-143) on LifeScan. (D.I. 184.) LifeScan served its Objections and Responses to Roche's Second Set of Requests for Production of Documents and Things on June 9, 2008. (D.I. 204.)

On June 13, 2008, Roche filed a Second Motion to Compel LifeScan to produce documents in response to Roche's second request for production of documents. (D.I. 208.) This brief is in opposition to Roche's Second Motion to Compel. A July 11, 2008 hearing date has been requested.

## III.    SUMMARY OF ARGUMENT

1.      Roche failed to conduct a proper meet and confer prior to the filing of the instant motion. As early as April 3, 2008, LifeScan indicated to Roche that it would be willing to discuss wording of a possible stipulation to avoid disclosing private information. Rather than continuing the open dialogue regarding possible stipulation language, Roche filed its first motion to compel on April 13th, and followed with the instant motion. In the absence of a proper meet and confer, Roche's motion should be denied.

2

2.      Roche is not entitled to the sanctions it seeks.  Any claim of prejudice is negated by Roche's delay in bringing the instant motion.  Roche knew of LifeScan's objections as early as March 3, 2008, and yet waited until June 13 to first raise the issue with the Court.  As such, Roche is not entitled to the sanctions it seeks.

3.      Roche is not entitled to the documents it seeks.  Roche's document requests are sweeping and overbroad, and contain no time limitation.  Further, Roche has numerous other methods it could use to get the same information.  Therefore, there is no reason Roche should get the broad categories of documents requested.

4.      Roche is seeking information that raises significant privacy issues.  LifeScan owes a duty of privacy to customers of its products.  Private information of patients and customers should not be disclosed, particularly when there are other means of gathering the necessary information for trial.

5.       Roche's attempt to justify its demand for sanctions based on Lifescan's objection to producing information prior to the issue date of the patents-in-suit should be rejected. LifeScan has in fact produced documents relevant to the issue of inducement, including the structure, function, and operation of LifeScan's accused products, as well as the launch dates of the accused products.

## IV.    ARGUMENT

### A.      Roche Failed To Conduct A Proper Meet And Confer

The first page of Roche's motion states:

> Roche discussed with the Defendants simple and straightforward stipulations (e.g., that end-users use each Defendant's products in accord with the instructions that each Defendant provides with the product) that would obviate the need for this discovery.  **None of these Defendants has agreed.**

(D.I. 208 at 1, *emphasis added*.)  Roche's representation is inaccurate with respect to Lifescan.

3

During the April 1, 2008 meet and confer regarding Roche's first set of document requests, Roche took the position that certain requests were relevant to inducement. Specifically, Roche alleged the requests covered items such as warranty cards and other communications that provided the identity of customers/end-users that had purchased and used accused Lifescan products. Lifescan disagreed with Roche's position during that meet and confer, particularly regarding the identity of Lifescan's customers/end-users. More importantly, Roche suggested the issue could be resolved by a suitable stipulation.

On April 3, 2008, Lifescan contacted Roche by telephone and indicated Lifescan would be willing to consider a suitable stipulation regarding the issue of customer/end-user identities. Lifescan also requested language that would be acceptable to Roche. Roche requested Lifescan put this in writing, which Lifescan did on April 4th:

> We have discussed the proposed stipulation relating to accused products being used in accordance with Lifescan's instructions with the client. **Lifescan is willing to consider this issue further but, as I indicated in our discussion yesterday, Lifescan would need to see the specific language Roche would propose. Accordingly, please provide that language so that Lifescan can evaluate the proposal further.**

(Ex. A at 2, *emphasis added*.) Roche never responded to Lifescan's request. Instead, Roche filed its first motion to compel responses to its first set of production requests on April 13th without raising this issue before the Court.

On May 8th, Roche served its second set of document requests. Those requests included document request nos. 121-123 which Roche asserts are directed to the identity of Lifescan's customers/end-users and allegedly relevant to the inducement issue. These requests are simply narrower versions of prior requests which Roche previously asserted covered this subject matter. Lifescan objected to these document requests on June 9th. On June 12th, Roche contacted Lifescan with respect to document request nos. 121-123. Roche gave Lifescan less than 24 hours

to respond to Roche's demand that Lifescan withdraw its objections.  On June 13th, Lifescan responded to Roche's demand and indicated Lifescan was still willing to discuss a suitable stipulation.  (Ex. B.)  Nevertheless, Roche subsequently filed the instant motion and then finally responded to Lifescan's request for suitable stipulation language and erroneously suggested Lifescan's June 13 letter was the first time Lifescan expressed a willingness to explore a stipulation.  (Ex. C.)[1]

The above facts clearly confirm Roche's failure to conduct a reasonable meet and confer as required by D. Del. LR 7.1.1 before filing the instant motion.  Lifescan requested Roche to propose stipulation language two months prior to Roche's filing of the instant motion, and Roche never responded, nor did Roche respond when reminded of this fact on June 13th.  Accordingly, Roche's motion should be denied on this basis alone, as well as the reasons set forth below.

**B.      Roche Is Not Entitled To The Requested Sanction**

Roche's motion does not seek an order compelling production of the requested documents.  Instead, Roche effectively seeks a judgment from this Court that Lifescan has induced infringement.  Roche also claims this sanction is appropriate in view of the alleged prejudice to Roche by not having those documents as of the current June 27th cut-off date for document production.  There is no legitimate basis for Roche's sanction demand.

Based on its own interpretation, Roche's first set of document requests already cover the documents sought by document request nos. 121-123.  Roche admits this at page 3 of its motion.  Furthermore, Roche was aware of Lifescan's objections as of March 3, 2008 when Lifescan responded to Roche's first set of document requests.  Lifescan confirmed its opposition to

---

[1] Despite pendency of the instant motion, LifeScan remains willing to negotiate the appropriate language for a stipulation with Roche.

identifying customers/end-users during the April 1st meet and confer and subsequently took Roche up on Roche's offer to discuss a suitable stipulation to resolve the issue.

Despite being aware of Lifescan's objection, Roche did not include this issue in its April 13, 2008 motion to compel, even though Roche knew of Lifescan's position and the alleged importance of the requested identities. Instead, Roche delayed the issue by submitting narrower but duplicative document requests on May 8, 2008 and waited until June 13th to first raise the issue with the Court. Given these facts, Roche's claim of prejudice is particularly hollow given Roche's delay in raising the issue. Moreover, Roche fails to show that production of the requested documents if ordered by the Court will preclude Roche from conducting whatever discovery Roche deems necessary within the time period presently set for depositions. Roche is clearly not entitled to the sanction it now demands, and Roche's request for an infringement inducement finding should be denied.

### C.     Roche Is Not Entitled To The Documents It Seeks

A party to litigation does not have an unfettered right to all of the discovery it seeks. Federal Rule of Civil Procedure 26 plainly gives the Court discretion to place reasonable limits on the scope of permissible discovery. This includes modifying discovery to that which is reasonably necessary to the case at hand. This also includes limiting certain requested discovery where suitable discovery can be obtained from alternative and less invasive sources. This is exactly the situation here.

Document requests 121-123 essentially seek the identity of every Lifescan customer/end-user that purchased an accused Lifescan product and essentially every communication related to that customer/end-user's purchase and use of that product. These requests are not limited in time and would include the identity of customers who purchased an accused product years prior to the

issue date of the patent, as well as Roche's unsupported 1-2 year prior to patent issuance date. (*See* D. I. 208 at 7.) Roche's stated purpose for this information is to enable Roche to contact, subpoena, and/or depose some unknown number of customers/end-users of a direct competitor, including diabetes patients who rely on Lifescan's products, to establish how those individuals use the accused products.

There is no justification for Roche's sweeping and invasive demand. Putting aside the potential burden on Lifescan's customers who would not expect to be dragged into this litigation after purchasing a Lifescan product at the local drug store or the significant privacy issues implicated by Roche's demand (see below), Roche completely ignores the alternate sources of information relevant to the inducement issue. For example, Roche can obtain relevant information through suitable requests for admission. Similarly, Roche can explore the inducement issue through suitable fact or Rule 30(b)(6) depositions of Lifescan witnesses. There is simply no need to allow Roche unfettered access to the identity of Lifescan's customers/end-users. Nor can Roche present any legitimate basis for why these alternate sources are inadequate.

### D.    Roche's Demand Raises Significant Privacy Issues

The documents Roche seeks may implicate significant privacy issues. This includes divulging the names of purchasers of the accused product, as well as hospital and clinical trial patients who may have been provided with the accused devices as part of their medical treatment. The same is equally true regarding patients who may have been provided with and instructed on the use of the accused device by their physician. To require the broad category of information requested by Roche would require Lifescan to ignore its obligations to its many customers.

Roche's argument regarding Local Rule 26.2 or a protective order (D.I. 208 at 4, n. 1) misses the point and does not outweigh these legitimate privacy concerns. The issue is not protecting the customer/end-user identity as to third parties that are not parties to this suit. Instead, the issue is a violation of that individual's right or expectation of privacy in the first place through disclosure of that information to Roche without that individual's knowledge or permission so that Roche can interrogate that individual on how they use a competitor's product. This issue is not suitably addressed by either the Local Rules or a protective order.

### E.    Roche's Assertions Regarding The Issue Date Of The Patents-In-Suit Should Be Rejected

Roche's added attempt to justify its demand for sanctions based on Lifescan's objection to producing information prior to the issue date of the patents-in-suit (*see* D.I. 208 at 6-10) should also be rejected. Although Lifescan did object to Roche's requests based on that issue date (and still maintains that objection), Roche's claim that Lifescan has completely refused to produce documents relevant to the inducement issue (*see* D.I. 208 at 6) is wrong.

Lifescan agreed as part of the April meet and confer to produce documents relevant to the structure, function, and operation of the accused products. Lifescan has also produced such information. This includes product samples, technical specifications, marketing literature, user manuals, instruction guides, and other related information. Lifescan has also identified the launch dates of the accused products. This information was not limited to the October 2, 2007 issue date of the patents-in-suit, and Roche's accusation that Lifescan has violated the Court's order (*see* D.I. 208 at 10) is wrong. More importantly, Roche knows perfectly well what the structure and operation of the accused products are and does not need to depose numerous past and present Lifescan customers/end-users to establish these facts.

Roche plainly has sufficient information regarding the structure, function, and operation of the accused products, even accepting Roche's unsupported assertion that Lifescan's meters are typically used for at least 1-2 years.  Roche does not need the identity of every Lifescan customer/end-user to establish this issue, particularly given the alternate sources discussed above that are available to Roche.

## V.    CONCLUSION

For the reasons set forth above, LifeScan respectfully requests that the Court deny Roche's Second Motion to Compel.

**CONNOLLY BOVE LODGE & HUTZ LLP**

/s/ Mary W. Bourke
Mary W. Bourke (#2356)
R. Eric Hutz (#2702)
Kristen Healey Cramer (#4512)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-6305
mbourke@cblh.com

*Attorneys for Defendant LifeScan, Inc.*

**DATED:** June 30, 2008

## <u>CERTIFICATE OF SERVICE</u>

I, Mary W. Bourke, Esquire, hereby certify that on June 30, 2008, I caused to be served by electronic service the foregoing document and electronically filed the same with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Philip A. Rovner
Potter Anderson & Corroon, LLP
1313 N. Market St.
Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951
*Attorneys for Plaintiffs Roche Diagnostic*
*Operations, Inc. and Corange*
*International Limited*

Daniel A. Boehnen
Grantland G. Drutchas
Gary E. Hood
Nicole Keenan
Paula S. Fritsch
Sherri L. Oslick
Jeffrey P. Armstrong
Christina L. Brown
Sean M. Sullivan
Richard A. Machonkin
Eric R. Moran
Christopher M. Cavan
Patrick G. Gattari
Benjamin R. Huber
Paul S. Tully
McDonnell Boehnen Hulbert &
Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
*Attorneys for Plaintiffs Roche*
*Diagnostic Operations, Inc. and*
*Corange International Limited*

John W. Shaw
Jeffrey Thomas Castellano
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
*Attorneys for Defendant Bayer*
*Healthcare, LLC*

Kenneth P. George
Joseph M. Casino
Amster Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
*Attorneys for Defendant Bayer*
*Healthcare, LLC*

Wesley E. Overson
Rachel Krevans
Jason R. Bartlett
Parisa Jorjani
Daniel P. Muino
Matthew W. dos Santos
Amy C. Dachtler
Morrisson & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
*Attorneys for Defendant Bayer*
*Healthcare, LLC*

Steven J. Balick
John G. Day
Lauren E. Maguire
Ashby & Geddes
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
*Attorneys for Defendant Diagnostic*
*Devices Inc.*

Nancy Tinsley
Roche Diagnostics
9115 Hague Road
Indianapolis, IN 46250
*Attorney for Plaintiff Roche Diagnostics*
*Operations, Inc. and Corange*
*International Limited*

Rodger Dallery Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
*Attorneys for Defendant Nova*
*Biomedical Corporation*

Kirk A. Vander Leest
Edward A. Mas II
Stephen F. Sherry
James M. Hafertepe
Merle S. Elliott
Matthew A. Anderson
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, Suite 3400
Chicago, IL 60661
*Attorneys for Defendants Abbott*
*Diabetes Care Inc. and Abbott Diabetes*
*Care Sales Corporation*

Frederick L. Cottrell, III
Anne Shea Gaza
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
*Attorneys for Defendants Abbott Diabetes*
*Care Inc. and Abbott Diabetes Care*
*Sales Corporation.*

I further certify that on June 30, 2008, I caused a true and correct copy of the foregoing document to be served by e-mail to the following non-registered participants:

Bradford J. Badke
Sona De
Michael Kahn
Simon A. Fitzpatrick
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
*Attorneys for Defendant Nova Biomedical Corporation*

Ashley L. Ellis
Michael G. Adams
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
*Attorneys for Defendant Diagnostic Devices Inc.*

**CONNOLLY BOVE LODGE & HUTZ LLP**

/s/ Mary W. Bourke
Mary W. Bourke (#2356)
R. Eric Hutz (#2702)
Kristen Healey Cramer (#4512)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-1347

*Attorneys for Defendant LifeScan, Inc.*

619966v1

**<u>EXHIBIT A</u>**

# CONNOLLY BOVE LODGE & HUTZ LLP

#### ATTORNEYS AT LAW

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

R. ERIC HUTZ

TEL (302) 658 9141
FAX (302) 658 5614
EMAIL ehutz@cblh.com
REPLY TO Wilmington Office

April 4, 2008

### VIA EMAIL

Richard A. Machonkin, Esquire
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, Illinois 60606-6709

Re:   *Roche Diagnostic Operations, Inc., et al. v. Abbott Diabetes Care, Inc., et al.*
      **Civil Action No. 07-753-JJF (D. Del.)**

Dear Rick:

This will follow up our meet and confer on April 1st and follow up discussion yesterday. The purpose of this letter is to follow up on the items I agreed to take under advisement during the initial meet and confer. It is not intended to respond to your letter of earlier today. That will be reviewed and responded to separately with respect to whether it accurately summarizes what Lifescan has agreed to do. For ease of reference, the discovery requests are addressed below:

## INTERROGATORY RESPONSES

General Objection 14 -- We have discussed the proposed no difference relevant to infringement stipulation with the client. Lifescan is willing to consider this issue further but, as I indicated in our discussion yesterday, Lifescan would need to see the specific language Roche would propose. Accordingly, please provide that language so that Lifescan can evaluate the proposal further.

Interrogatory No. 1 – With respect to the issue date of the patent discussion, please see General Objection 14 above. With respect to our objection regarding the OneTouch Select product, Lifescan withdraws its objection on the ground that it is not presently identified in Roche's complaint. However, Lifescan will not withdraw its other objections to this interrogatory request for the reasons set forth in my April 1, 2008 letter.

603098_1

CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

Richard A. Machonkin, Esquire
April 4, 2008
Page 2

Interrogatory No. 2 -- Lifescan will not withdraw its objections to this interrogatory with respect to license agreements for the reasons set forth in my April 1, 2008 letter. The information being sought is clearly related to damages and we disagree with Roche's attempt to leverage this information into Phase 1 based on a tenuous connection to alleged infringement.

Interrogatory No. 15 -- Lifescan will not withdraw its objections to these requests for the reasons set forth in my April 1, 2008 letter, specifically the issue of privilege.

**DOCUMENT REQUESTS**

General Objection 1 -- We have discussed the proposed stipulation relating to accused products being used in accordance with Lifescan's instructions with the client. Lifescan is willing to consider this issue further but, as I indicated in our discussion yesterday, Lifescan would need to see the specific language Roche would propose. Accordingly, please provide that language so that Lifescan can evaluate the proposal further.

Document Request Nos. 12, 13, 19, 22, 23, 30, 44, 46, 47, 62-64, 66, and 67 – Based upon or initial meet and confer, it appears Roche's primary objection to Lifescan's proposal to produce documents sufficient to show the structure and operation of the accused products was the "sufficient" language in that proposal. During our discussion yesterday, I suggested a proposal that might balance each party's respective concerns regarding the issue. Pursuant to your request to submit something in writing, Lifescan would propose that when certain categories of documents are being produced as representative samples, they are identified as such at the time of production. This would give Roche an opportunity to evaluate those documents and decide if they want production of all documents in that category. In the event Roche determines that it does want such additional production, the parties can discuss the issue further. Please advise if this approach is agreeable. If so, please let me know whether this resolves Roche's concerns regarding these requests or if there are other issues that still need to be addressed. This proposal is without waiver of any additional grounds for objection set forth in Lifescan's responses to these requests.

Document Request Nos. 32, 60, 61 and 65 – We have discussed the proposed stipulation relating to accused products being used in accordance with Lifescan's instructions with the client. Lifescan is willing to consider this issue further but, as I indicated in our discussion yesterday, Lifescan would need to see the specific language Roche would propose. Accordingly, please provide that language so that Lifescan can evaluate the proposal further.

 CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

Richard A. Machonkin, Esquire
April 4, 2008
Page 3


     Document Request Nos. 17 and 18 – Lifescan will not withdraw its objections to these requests.  The names of the relevant individuals will be apparent from other documents produced by Lifescan that relate to Phase 1.  Lifescan will also be producing organization charts in response to other requests.  Furthermore, Roche's explanation for the relevance of these requests, including the minimal time saved in a deposition by having a CV, do not outweigh Lifescan's objections.

     Document Request Nos. 36, 37, 51 and 52 – Lifescan will not withdraw its objections to these requests for the reasons set forth in my April 1, 2008 letter.  The information being sought is clearly related to Phase 2 and we disagree with Roche's attempt to leverage this information into Phase 1 based an alleged relevance to claim construction.

     Document Request No. 55 – Based upon the clarification that Roche provided, Lifescan will produce, subject to its objections, relevant and non-privileged internal discussions relating to infringement or non-infringement to the extent they exist and can be located after a reasonable search.

     Document Request Nos. 57 – 59 – Lifescan will not withdraw its objections to these requests for the reasons set forth in my April 1, 2008 letter.  The information being sought is clearly related to damages and we disagree with Roche's attempt to leverage this information into Phase 1 based on a tenuous connection to alleged infringement.

     Document Request Nos. 68, 69, and 71 -- Lifescan will not withdraw its objections to these requests for the reasons set forth in my April 1, 2008 letter.  The information being sought is clearly related to damages and we disagree with Roche's attempt to leverage this information into Phase 1 on the ground that this somehow shows the importance of product features.

Document Request No. 106 -- Lifescan will not withdraw its objections to these requests for the reasons set forth in my April 1, 2008 letter.



CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

Richard A. Machonkin, Esquire
April 4, 2008
Page 4

       Please advise if you wish to discuss any of these issues further.

                               Very truly yours,

                               R. Eric Hutz

REH/evs

603098_1

**<u>EXHIBIT B</u>**

# CONNOLLY BOVE LODGE & HUTZ LLP

### ATTORNEYS AT LAW

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

R. ERIC HUTZ

TEL (302) 658 9141
FAX (302) 658 5614
EMAIL ehutz@cblh.com
REPLY To Wilmington Office

## ELECTRONIC MEANS

June 13, 2008

Richard Machonkin, Esquire
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606

> **Re:**   ***Roche Diagnostics Operations and
> Corange International Limited v.
> Abbott Diabetes Care, et al. (15129\*3)***

Dear Richard:

This will respond to Roche's June 12, 2008 demand that Lifescan withdraw its
objections to document request Nos. 121-123 and provide a date certain when Lifescan
would respond to Interrogatory Nos. 7 and 8 by 1:00 p.m. today. Putting aside the fact that
Roche's latest demand confirms Roche's apparent lack of interest in conducting any
legitimate meet and confer on the issues, Lifescan's response to Roche's demand is set
forth below.

## INTERROGATORY NOS. 7 AND 8:

Although Lifescan did agree to respond to those interrogatories with respect to
Phase 1 prior invention issues, Lifescan did not agree to waive its other objections. Both
interrogatories are plainly contention interrogatories. Accordingly, Lifescan will respond
to those interrogatories at the agreed-upon deadline for Phase 1 contention interrogatories.

616928_1

WILMINGTON, DE                    WASHINGTON, DC                    LOS ANGELES, CA

CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

Richard Machonkin, Esquire
June 13, 2008
Page 2

## DOCUMENT REQUEST NOS. 121-123:

These requests are duplicative of requests in Roche's first set of document requests wherein Roche interpreted those requests as covering customer/end user identities. Accordingly, the position set forth in my April 4, 2008 letter on those requests applies equally here. Lifescan remains willing to discuss a suitable stipulation to resolve this issue.

Very truly yours,

R. Eric Hutz

REH/evs

616928_1

**EXHIBIT C**



**McDonnell Boehnen Hulbert & Berghoff LLP**

300 South Wacker Drive       312 913 0001 phone
Chicago, Illinois 60606-6709   312 913 0002 fax
www.mbhb.com

June 20, 2008

**Sent Via E-mail**
**Confirmation via First Class Mail**

R. Eric Hutz, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Re:     *Roche Diagnostic Operations, Inc. et al. v. Abbott Diabetes Care, Inc. et al.,*
        Civil Action No. 07-753-JJF (D. Del.)

Dear Eric:

At our meet and confer teleconference based on LifeScan's responses to Roche's first set
of document requests, we proposed the possibility of LifeScan entering into stipulations in
lieu of producing documents.  Your June 13, 2008 letter now indicates that LifeScan would
be willing to discuss such stipulations.  The stipulations we would propose are essentially
those as set forth in our Second Motion to Compel:

> (a) The end-users of LifeScan's products use LifeScan's accused meters
> and strips in the manner directed by the owner's manuals, product inserts, and
> other documents supplied by LifeScan for those products;
> (b) LifeScan knew or should have known that its actions would induce such
> use by end-users; and
> (c) The end-users of LifeScan's accused strips sold after October 2, 2007
> use those strips only in connection with meters that have the structure, functions,
> features, and operation of LifeScan's accused meters sold by LifeScan after
> October 2, 2007.

Roche is willing to consider alternative ways to phrase such stipulations, but the final text
should establish the points raised by our Second Motion to Compel, points that we think
should not be in dispute.  Please let us know whether LifeScan would agree to these
stipulations in lieu of producing end-user related documents.

We also take issue with the position taken in your June 13, 2008 letter that Interrogatory
Nos. 7 and 8 are contention interrogatories for which responses are not due until the
deadline for Phase I contention interrogatories.  This position is contrary to what we
discussed during our April 1, 2008 meet-and-confer (as memorialized in the letter we sent

to you on April 4, 2008) and contrary to LifeScan's written responses to these interrogatories. LifeScan responded to Interrogatory Nos. 4 and 5 by stating its position that they are contention interrogatories to which LifeScan will not respond until the close of fact discovery in Phase I. In contrast, LifeScan's responses to Interrogatory Nos. 7 and 8 include no such language. Instead, LifeScan's responses state that "[t]o the extent Plaintiffs rephrase the request and limit it to the Phase I issues of infringement and/or prior invention, LifeScan will respond to the revised interrogatory." Roche has limited those interrogatories to the Phase I issue of prior invention. LifeScan, therefore, needs to respond. If LifeScan fails to do so by June 27, 2008, Roche reserves the right to seek preclusion of LifeScan's prior invention defense.

By June 27, 2008, LifeScan also needs to supplement its answers to Interrogatory Nos. 1 and 2, in order to provide information regarding all of the accused products that Roche identified in response to LifeScan's Interrogatory No. 1. In particular, LifeScan's current answers do not mention the OneTouch® Select™, OneTouch® UltraLink™, or OneTouch® InDuo® products.

In addition, LifeScan needs to provide answers to item (v) of Interrogatory No. 1 and answers to items (ii) and (v) of Interrogatory No. 2 by June 27, 2008. At this stage of the litigation, it is no longer sufficient for LifeScan to state that its investigation is ongoing. LifeScan needs to identify the persons most knowledgeable regarding the design, structure, and operation of each model or type of Electrochemical Sensor, as requested in Interrogatory No. 1. LifeScan also needs to identify each person who had a role (and identify the role) in the research, development, or design of each Electrochemical Sensor, as well as the three most knowledgeable persons regarding any facts that relate to the research, development, and design of such Electrochemical Sensors, as requested in Interrogatory No. 2.

Our April 4, 2008 letter also noted LifeScan's agreement to produce ten (10) samples of each accused product. We have received samples of some of LifeScan's accused products. However, we still need to receive samples of the OneTouch® UltraLink™ and OneTouch® InDuo® products.

Finally, we note that LifeScan's Rule 26(a)(1) Initial Disclosures are limited to Phase I. Please explain the basis for this limitation, as Paragraph 1 of the Court's Scheduling Order does not limit the requirements of Fed. R. Civ. P. 26(a)(1) to any particular issue or phase in this litigation.

Please let me know if you would like to discuss any of these matters further.

Sincerely,

Richard A. Machonkin
(312) 913-2129
machonkin@mbhb.com