IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT DIABETES CARE, INCORPORATED, and ABBOTT DIABETES CARE SALES CORPORATION, et al.<br><br>Defendants. | C.A. No. 07-753-JJF |

**DEFENDANT NOVA BIOMEDICAL'S OPENING BRIEF IN SUPPORT OF ITS
MOTION TO STRIKE PLAINTIFF ROCHE'S REPLY BRIEF OR, IN THE
<u>ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY BRIEF</u>**

          MORRIS, NICHOLS, ARSHT & TUNNELL LLP
          Rodger D. Smith II (#3778)
          1201 N. Market Street
          P.O. Box 1347
          Wilmington, DE  19899-1347
          (302) 658-9200
          rsmith@mnat.com
            *Attorneys for Defendant*
            *Nova Biomedical Corporation*

OF COUNSEL:

Bradford J. Badke
Sona De
Michael P. Kahn
Simon A. Fitzpatrick
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036-8704

July 10, 2008

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I | INTRODUCTION | 1 |
| II | STATEMENT OF FACTS | 1 |
| III | SUMMARY OF THE ARGUMENT | 2 |
| IV | ARGUMENT | 3 |
| | A. The Newly-Raised Arguments in Roche's Reply Should Be Stricken | 3 |
| | B. In the Alternative, Nova Should Be Permitted a Surreply to Respond | 4 |
| V | CONCLUSION | 5 |

## **TABLE OF AUTHORITIES**

**CASES**

*ACLU of Nevada v. City of Las Vegas*,
   13 F. Supp. 2d 1064 (D. Nev. 1998) ................................................................................4

*Aubrey Rogers Agency, Inc. v. AIG Life Ins. Co.*,
   2000 WL 135129 (D. Del. Jan. 13, 2000) ..........................................................................3

*Boston Scientific Scimed, Inc. v. Cordis Corp.*,
   434 F. Supp. 2d 308 (D. Del. 2006) ...................................................................................3

*Isco International, Inc. v. Conductus, Inc.*,
   279 F. Supp. 489 (D. Del. Aug. 21, 2003) .........................................................................3

*Rockwell Techs., LLC v Spectra-Physics Lasers, Inc.*,
   2002 WL 531555 (D. Del. Mar. 26, 2002) .........................................................................3

*WEBLOYALTY.COM, Inc. v. Consumer Innovations, LLC*,
   2005 WL 121796 (D. Del. Jan. 13, 2005) ..........................................................................3

*Wyoming Ourdoor Council v. Bosworth*,
   284 F. Supp. 2d 81 (D.D.C. 2003) .....................................................................................4

**RULES**

D. Del. L.R. 7.1.3(c)(2) .............................................................................................................3

**I     INTRODUCTION**

Defendant Nova Biomedical Corporation ("Nova") submits this brief in support of its motion to strike new arguments and factual assertions presented by plaintiffs Roche Diagnostics Operations, Inc. and Corange International Ltd.'s (collectively, "Roche") for the first time in their Reply Brief in support of Roche's motion to dismiss Nova's Fourth, Fifth, Sixth and Seventh Counterclaims.  In the alternative, Nova requests leave to file a surreply brief in opposition to Roche's motion (*see* Ex. A).

**II    STATEMENT OF FACTS**

On May 28, 2008, Roche filed a Motion to Dismiss Nova's Fourth, Fifth, Sixth and Seventh Counterclaims.  D.I. 200.  In support of that motion, Roche argued that a choice-of-law provision that specified that the Agreement was governed by Swiss law applied to the entire relationship between Nova and Roche.  *Id*. at 7-8.  Roche argued that, as a result, Nova's claims for misappropriation of trade secrets (Fifth Counterclaim), unfair competition (Sixth Counterclaim), and conversion (Seventh Counterclaim) were improperly pled.  *Id*.  Roche alternatively stated that, if Swiss law does not apply to Nova's tort-based counterclaims, Delaware law applies, and preempts two of Nova's counterclaims.  *Id*. at 8-9.

In its opposition brief, filed on June 16, 2008, Nova explained that the Swiss choice-of-law provision applies only to the contractual relationship between Nova and Roche – not their "entire relationship," as Roche asserted.  D.I. 211 at 4-6.  As a result, Swiss law does not govern Nova's tort-based Counterclaims Five through Seven.  Nova also presented a choice-of-law analysis explaining that the law of Massachusetts, not Delaware, governs those counterclaims.  *Id*. at 6-8.

1

On June 26, 2008, Roche filed a reply brief asserting entirely new legal theories and including new factual assertions. D.I. 216. At the heart of Roche's reply is a declaration by a Swiss attorney named Dr. Felix Dasser. D.I. 217. Citing novel sources of legal information, many of which were not translated into English or provided to the Court or Nova, the Dasser Declaration asserts that a court applying Swiss law would interpret the choice-of-law provision as encompassing Nova's tort-based counterclaims. *Id*. at 2-4. The Declaration further asserts that Nova's claims for misappropriation of trade secrets and conversion do not exist under Swiss law. *Id*. at 8-9. Based on these new assertions of fact and law, Roche changed its argument: Although Roche's original motion argued that Nova's counterclaims were improperly pled under Swiss law, Roche's reply argued that two of Nova's counterclaims do not exist under Swiss law. *Compare* D.I. 200 at 8 *with* D.I. 216 at 8-9.

Roche then unveiled another new argument -- that failing the application of Swiss law, the District of Delaware's "most significant relationship" choice of law test favors the law of Delaware or Indiana. D.I. 216 at 7-8. In support, Roche presented an entirely new choice-of-law analysis regarding Delaware and Indiana's interests in this dispute. For the first time, Roche cited to an Indiana statute (the Indiana Uniform Trade Secrets Act) that, it claims, preempts Nova's unfair competition and conversion counterclaims. *Id*. at 9.

**III    SUMMARY OF THE ARGUMENT**

1.   Roche's Reply Brief presents new legal arguments in violation of Delaware's Local Rules of Civil Practice and Procedure.

2.   The Court should either strike Roche's legal arguments and factual assertions improperly presented in its reply, or allow Nova an opportunity for surreply.

2

**IV     ARGUMENT**

    **A.     The Newly-Raised Arguments in Roche's Reply Should Be Stricken**

Under the Court's Local Rules of Civil Practice and Procedure, "[t]he party filing [an] opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief." D. Del. L.R. 7.1.3(c)(2) (2007). Presenting new facts or new legal arguments in a reply brief violates this Rule. *See Boston Scientific Scimed, Inc. v. Cordis Corp.*, 434 F. Supp. 2d 308, 314 (D. Del. 2006). The Rule's plain purpose is to prevent argument without fair opportunity for response. *See, e.g.*, *Rockwell Techs., LLC v Spectra-Physics Lasers, Inc.*, 2002 WL 531555, at *3 (D. Del. Mar. 26, 2002) ("[Plaintiff]'s tactic of reserving new arguments for its reply brief amounts to impermissible "sandbagging.") (citation omitted).

Courts may strike arguments that are raised for the first time in a reply. *WEBLOYALTY.COM, Inc. v. Consumer Innovations, LLC*, 2005 WL 121796, at *6 (D. Del. Jan. 13, 2005) ("Consumer Innovations' arguments presented [in] its Reply Brief should have been presented in its Opening Brief for proper consideration pursuant to Local Rule 7.1.3(c)(2)."); *Aubrey Rogers Agency, Inc. v. AIG Life Ins. Co.*, 2000 WL 135129, at *1 n.4 (D. Del. Jan. 13, 2000) ("AIG makes two additional exclusion arguments for the first time in its reply brief . . . . Because AIG raised this argument for the first time in its reply brief and, thus, ARA has not had an opportunity to respond, this argument is not properly presented to the Court."); *Isco International, Inc. v. Conductus, Inc.*, 279 F. Supp. 489, 510 (D. Del. Aug. 21, 2003) ("In any case, the court [should] not belabor an argument raised for the first time in a reply brief.").

Roche has presented new legal arguments and factual assertions in its Reply Brief, in clear violation of D. Del. L.R. 7.1.3(c)(2), depriving Nova of an opportunity to respond. Roche's new arguments and factual assertions should be stricken.

**B.    In the Alternative, Nova Should Be Permitted a Surreply to Respond**

If a moving party improperly presents new arguments in its reply papers, the non-moving party should have an opportunity to respond. This principle of general fairness is not limited to Delaware practice. *See*, *e.g.*, *Wyoming Outdoor Council v. Bosworth*, 284 F. Supp. 2d 81, 87 n.7 (D.D.C. 2003) ("When a party is unable to contest matters presented to the court for the first time in the last scheduled pleading, the court may grant that party leave to file a sur-reply.") (internal citation omitted); *ACLU of Nevada v. City of Las Vegas*, 13 F. Supp. 2d 1064, 1071 (D. Nev. 1998) ("When new evidence is submitted with a reply brief, the court should not consider the new evidence without giving the non-moving party an opportunity to respond.").

Roche's reply presents entirely new legal theories regarding how a Swiss court might interpret a choice-of-law provision and, alternatively, which U.S. jurisdiction would govern. These arguments rely on a declaration that was submitted for the first time in reply and which relies on new legal authorities, many of which have not even been provided in English. In these circumstances, if the Court elects not to strike Roche's reply, Nova respectfully submits that the Court should grant Nova's request for leave to file a surreply brief.

**V**     **CONCLUSION**

For the foregoing reasons, the Court should strike Roche's new arguments. Alternatively, the Court should grant Nova's request for leave to file a surreply brief.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com
   *Attorneys for Defendant*
   *Nova Biomedical Corporation*

OF COUNSEL:

Bradford J. Badke
Sona De
Michael P. Kahn
Simon A. Fitzpatrick
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036-8704

July 10, 2008
2404874

5

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on July 10, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

>Philip A. Rovner, Esquire
>Potter Anderson & Corroon LLP
>
>Mary W. Bourke, Esquire
>Connolly Bove Lodge & Hutz LLP
>
>Steven J. Balick, Esquire
>Ashby & Geddes
>
>John W. Shaw, Esquire
>Young Conaway Stargatt & Taylor LLP

I also certify that copies were caused to be served on July 10, 2008, upon the following in the manner indicated:

>**BY HAND AND EMAIL**
>
>Philip A. Rovner, Esquire
>Potter Anderson & Corroon LLP
>1313 North Market Street
>Wilmington, DE  19801
>
>Mary W. Bourke, Esquire
>Connolly Bove Lodge & Hutz LLP
>The Nemours Building
>1007 North Orange Street
>Wilmington, DE  19801
>
>Steven J. Balick, Esquire
>Ashby & Geddes
>500 Delaware Avenue
>P.O. Box 1150
>Wilmington, DE  19899
>
>John W. Shaw, Esquire
>Young Conaway Stargatt & Taylor LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE  19801

**BY EMAIL**

Daniel A. Boehnen, Esquire
Grantland G. Drutchas, Esquire
McDonnell Boehnen Hulbert & Bergoff LLP
300 South Wacker Drive
Chicago, IL  60606
boehnen@mbhb.com
drutchas@mbhb.com

Michael G. Adams, Esquire
Ashley L. Ellis, Esquire
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC  28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

Rachel Krevans, Esquire
Wesley E. Overson, Esquire
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105
rkrevans@mofo.com
woverson@mofo.com

Kenneth P. George
Joseph M. Casino
Amster Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY  10016
kgeorge@arelaw.com
jcasino@arelaw.com

*/s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
(302) 658-9200
rsmith@mnat.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT DIABETES CARE, INCORPORATED, and ABBOTT DIABETES CARE SALES CORPORATION, et al.<br><br>Defendants. | C.A. No. 07-753-JJF |

**DEFENDANT NOVA BIOMEDICAL CORP.'S SURREPLY BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS NOVA'S FOURTH, FIFTH, SIXTH AND SEVENTH COUNTERCLAIMS UNDER RULE 12(b)(6)**

                                                                           MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                                                           Rodger D. Smith II (#3778)
                                                                           1201 N. Market Street
                                                                           P.O. Box 1347
                                                                           Wilmington, DE  19899-1347
                                                                           (302) 658-9200
                                                                           rsmith@mnat.com
                                                                             *Attorneys for Defendant*
                                                                             *Nova Biomedical Corporation*

OF COUNSEL:

Bradford J. Badke
Sona De
Michael P. Kahn
Simon A. Fitzpatrick
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036-8704

July 10, 2008

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................1

II. ARGUMENT ...............................................................................................................1

    A. Roche's New Argument Based On Interpretation Of Clause 6 Of The
       Agreement Under Swiss Contract Law Is Inconclusive .............................................1

    B. Roche's Discussion of U.S. Case Law Concerning The Interpretation Of
       Clause 6 Ignores The Grammatical Operation Of "In All Respects" ........................3

    C. Massachusetts Has The Most Significant Relationship To The Facts
       Underlying The Nova-Roche Relationship ................................................................4

    D. Even Under Roche's Swiss Law Argument, Roche Concedes That Nova's
       Sixth Counterclaim Is Properly Pled ..........................................................................5

    E. Even Under Roche's U.S. Law Arguments, Roche Concedes That Nova's
       Fifth Counterclaim Is Properly Pled ...........................................................................5

III. CONCLUSION ............................................................................................................6

## **TABLE OF AUTHORITIES**

**CASES**

*ABRY Partners V, L.P. v. F&W Acquisition LLC*,
    891 A.2d 1032 (Del. Ch. 2006)..........................................................................................4

*Krock v. Lipsay*,
    97 F.3d 640 (2d Cir. 1996)..................................................................................................3

*Organ v. Byron*,
    435 F. Supp. 2d 388 (D. Del. 2006).....................................................................................4

*Turtur v. Rothschild Registry Int'l, Inc.*,
    26 F.3d 304 (2d Cir. 1994) .................................................................................................4

*VGS, Inc. v. Castiel*,
    C.A. No. 17995, 2003 WL 723285 (Del. Ch. Feb. 28, 2003, rev. March 10, 2003) ................3

*Williams v. Deutsche Bank Sec., Inc.*,
    No. 04 Civ. 7588 (GEL), 2005 WL 1414435 (S.D.N.Y. June 13, 2005) ..................................3

**I.      INTRODUCTION**

Defendant Nova Biomedical Corporation ("Nova") submits this surreply brief in opposition to plaintiffs Roche Diagnostics Operations, Inc. and Corange International Ltd.'s (collectively, "Roche") motion to dismiss Nova's Counterclaims Four through Seven. Roche's Reply Brief improperly raises a series of new arguments and submits for the first time a foreign law declaration.

Roche's Reply Brief has altered the substance of their motion, which now represents a scatter-gun attempt to seek dismissal of two different combinations of two of Nova's Fifth through Seventh Counterclaims (Roche now concedes that the Nova's Fourth Counterclaim is properly pled). Each of Nova's counterclaims is properly pled, and this Court's choice of law principles dictate that, although Nova's Fourth Counterclaim arises under Swiss law, its Fifth through Seventh Counterclaims arise under Massachusetts law.

**II.     ARGUMENT**

   **A.   Roche's New Argument Based On Interpretation Of Clause 6 Of The Agreement Under Swiss Contract Law Is Inconclusive**

Roche now argues that the choice of law provision in clause 6 of the Agreement dictates that Swiss law governs Nova's Fifth through Seventh Counterclaims (Roche Reply Br. at 3-5). In support of this new position, Roche submits a declaration from a Swiss lawyer, Dr. Felix Dasser. Dr. Dasser, however, cites no case law in which a Swiss court has interpreted a choice of law provision phrased in the terms of clause 6. Indeed, Dr. Dasser concedes that the particular wording of clause 6 is "not usually found in choice of law clauses" (Dasser Dec. ¶ 11).

Nonetheless, Dr. Dasser does not hesitate to guess as to how a Swiss judge would interpret that clause, which reads, "This Agreement shall be governed *in all respects* by the laws of Switzerland" (emphasis added). Notably, however, Dr. Dasser's analysis ignores the key

syntactical point concerning the clause: The phrase "in all respects" qualifies the statement that "this Agreement shall be governed . . . by Swiss law," and does not say anything about non-contractual claims for relief. Accordingly, clause 6 of the Agreement makes clear that all issues regarding the Agreement itself (from its validity to its enforcement) will be governed by Swiss law, but that does not mean that all legal issues that might arise between the parties were intended to be governed by Swiss law. Dr. Dasser incorrectly reads "in all respects" to require Swiss law "to apply as broadly as possible . . . regardless of the technical cause of action relied on" (Dasser Dec. ¶ 13).

As discussed below, the "in all respects" phrase does not expand the scope of clause 6 beyond causes of action arising out of the contract. Indeed, that conclusion is consistent with the Swiss law principles of contract interpretation explained by Dr. Dasser. As Dr. Dasser stated, Articles 116(1) and (2) of the Swiss Private International Law Act provide that "[t]he contract is subject to the law chosen by the parties," and "[t]he choice of law must be explicit or result unequivocally from the contract or the circumstances" (Dasser Dec. ¶ 9). Nova agrees that *the contract itself* is governed by Swiss law, but there is nothing "explicit" in clause 6 that expands its coverage to other causes of action, and Dr. Dasser's contrary opinion does not "result unequivocally from the contract or the circumstances." Rather, the opposite is true: Clause 6 is unequivocally limited to *just* contractual issues.

Dr. Dasser's unsupported opinion regarding the meaning of the phrase "in all respects" is not determinative. He provides no Swiss statute or case that directly supports that opinion (*see* Dasser Dec. ¶¶ 11-13). Indeed, the principles of Swiss law explained by Dr. Dasser are consistent with Nova's position that Swiss law does *not* govern the non-contractual counterclaims.

2

**B.     Roche's Discussion of U.S. Case Law Concerning The Interpretation Of Clause 6 Ignores The Grammatical Operation Of "In All Respects"**

Notwithstanding its new argument that Swiss law governs the meaning of Clause 6, Roche continues to press its case under U.S. law (Roche Reply Br. at 5-7). That argument, however, ignores a proper grammatical reading of the choice of law clause.

No U.S. court has addressed whether a choice of law provision that states that "this Agreement shall be governed in all respects by the laws of [a particular jurisdiction]" covers non-contractual claims. The cases do establish, however, that a choice of law provision requiring that "this Agreement will be governed by the laws of [a particular jurisdiction]" does not cover non-contractual claims.[1] The addition of the three words "in all respects" does not fundamentally alter that conclusion. The reason is a simple matter of English syntax: The adverbial phrase "in all respects" qualifies the verb "governed," and the subject of that verb is "this Agreement." Clause 6 does not say anything about the universe of possible issues other than those "respect[ing]" the "Agreement" itself.

In contrast, Roche relies on cases in which the contractual language expressly extended the choice of law provision to non-contractual issues as a result of different phrases such as "relating to" and "arising out of" the agreement.[2] Roche is apparently arguing that any

---

[1]   *See Williams v. Deutsche Bank Sec., Inc.*, No. 04 Civ. 7588 (GEL), 2005 WL 1414435, at *5 (S.D.N.Y. June 13, 2005) ("[L]anguage providing that the Agreement itself will be governed by, and construed in accordance with, a particular state's laws have regularly been construed in this circuit as applying only to disputes concerning the agreement itself and its interpretation, and not to all disputes arising from the parties' relationship."); *Krock v. Lipsay*, 97 F.3d 640, 645 (2d Cir. 1996) ("[T]he choice-of-law provision in the parties' mortgage document stated only that '[t]his Mortgage shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts.' We see no way such language can be read broadly enough to apply to fraudulent misrepresentation.")

[2]   *See VGS, Inc. v. Castiel*, C.A. No. 17995, 2003 WL 723285 (Del. Ch. Feb. 28, 2003, rev. March 10, 2003) ("Section 10.11 of both Agreements provides that New York law is the

3

additional language in a choice of law provision expands the clause's scope to tort-based actions, irrespective of what that additional language says (Roche Reply Br. at 5-6). That cannot be right. The scope of a choice of law clause is determined by giving effect to the intent of the parties as expressed in its terms.

In addition, Roche relies on this Court's interpretation of the choice of law clause in *Organ v. Byron*, 435 F. Supp. 2d 388, 391-92 (D. Del. 2006). That case is distinguishable, however, from the present one for the same reason as *ABRY Partners V, L.P. v. F&W Acquisition LLC*, 891 A.2d 1032 (Del. Ch. 2006), which was discussed in Nova's Opposition Brief at 5-6 and not addressed by Roche in its Reply Brief. The securities law claim in *Organ*, which was held to be covered by the Merger Agreement's choice of law clause, sought rescission of that agreement based on alleged misrepresentations and fraudulent inducement. *Organ*, 435 F. Supp. 2d at 389. That is not the case here: Nova does not seek to invalidate the Agreement between the parties, but merely to bring all viable claims against Roche. Therefore, for the reasons Nova stated in its Opposition Brief, and which Roche has not refuted, cases such as *ABRY* and *Organ* are distinguishable from the case at hand.

  **C.**  **Massachusetts Has The Most Significant Relationship To The Facts Underlying The Nova-Roche Relationship**

In its opening brief, Roche assumed without analysis that Delaware law would govern Nova's Fifth through Seventh Counterclaims if Swiss law did not (Roche Opening Br. at 8). Now, faced with the reality of litigating under Massachusetts' law, which unquestionably supports Nova's Fifth through Seventh Counterclaims, Roche hopes that any law *other than*

---

  controlling law 'for any litigation arising out of *or relating to* th[i]s Agreement and transactions contemplated hereby . . . .'" (emphasis added); *Turtur v. Rothschild Registry Int'l, Inc.*, 26 F.3d 304 (2d Cir. 1994) ("the Turturs agreed to be bound by a choice of law provision that covers any controversy 'arising out of *or relating to*' the subscription" (emphasis added).

4

Massachusetts' law will apply (Roche suggests that Delaware law or even Indiana law should govern) (Roche Reply Br. at 7-8). Roche's position, however, fails to account for the fact the parties met face-to-face at Nova's headquarters in Massachusetts, and that Roche corresponded with Nova in Massachusetts. Massachusetts is the only U.S. state that had any connection with both parties until Nova answered this lawsuit brought by Roche in Delaware. Massachusetts clearly has the most significant relationship to the facts underlying Nova's Counterclaims Five through Seven, and they are thus properly pled (*see* Nova Opposition Br. at 7-8).

> D.  **Even Under Roche's Swiss Law Argument, Roche Concedes That Nova's Sixth Counterclaim Is Properly Pled**

Roche's Reply Brief states that Swiss law permits a party to plead both contract and tort claims arising from the same set of facts, and that Swiss statutory law provides for a cause of action for unfair competition (Roche Reply Br. at 8). Therefore, even if clause 6 were worded differently (e.g., as in the *VGS* case or *Turtur* case), and Swiss law applied to both contractual and non-contractual claims, then by Roche's own admission, Nova's Fourth Counterclaim directed to breach of contract and Sixth Counterclaim directed to unfair competition are properly pled.

> E.  **Even Under Roche's U.S. Law Arguments, Roche Concedes That Nova's Fifth Counterclaim Is Properly Pled**

Roche's Reply Brief states that under both Delaware and Indiana law, the Uniform Trade Secrets Act provides a cause of action for misappropriation of trade secrets (Roche Reply Br. at 9). Therefore, even if Delaware or Indiana did have the "most significant relationship" with this case (which they do not), then by Roche's own admission, Nova's Fourth Counterclaim directed to breach of contract and Fifth Counterclaim directed to misappropriation of trade secrets are properly pled.

### III.   CONCLUSION

    For the foregoing reasons, Roche's motion to dismiss Nova's Fourth, Fifth, Sixth and Seventh Counterclaims should be denied.

                  MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                  */s/ Rodger D. Smith II*
                  Rodger D. Smith II (#3778)
                  1201 N. Market Street
                  P.O. Box 1347
                  Wilmington, DE  19899-1347
                  (302) 658-9200
                  rsmith@mnat.com
                   *Attorneys for Defendant*
                   *Nova Biomedical Corporation*

OF COUNSEL:

Bradford J. Badke
Sona De
Michael P. Kahn
Simon A. Fitzpatrick
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036-8704

July 10, 2008
2404876

6