**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., | ) | |
| and CORANGE INTERNATIONAL LTD., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | C.A. No. 07-753-JJF |
| | ) | |
| ABBOTT DIABETES CARE, INC., | ) | |
| ABBOTT DIABETES CARE SALES CORP., | ) | |
| BAYER HEALTHCARE, LLC, | ) | |
| DIAGNOSTIC DEVICES, INC., | ) | |
| LIFESCAN, INC., and | ) | |
| NOVA BIOMEDICAL CORP., | ) | |
| | ) | |
| Defendants. | ) | |

**ROCHE'S OPPOSITION TO NOVA'S MOTION
TO STRIKE ROCHE'S REPLY BRIEF, OR IN THE ALTERNATIVE,
FOR NOVA'S LEAVE TO FILE A SUR-REPLY BRIEF**

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
provner@potteranderson.com

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc. and Corange*
*International Limited*

Dated: July 28, 2008

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ........................................................................................1

II.     STATEMENT OF FACTS ..........................................................................3

III.    SUMMARY OF ARGUMENT ....................................................................4

IV.     ARGUMENT.................................................................................................4

        A.     Nova's Motion to Strike Is Improper Because Roche's
               Reply Brief Specifically Responds To New Issues
               Raised In Nova's Opposition Brief........................................................4

        B.     The Dasser Declaration And Any Additional
               Interpretations Of Swiss Law Are Appropriate Under
               Rule 44.1 Of The Federal Rules Of Civil Procedure ............................6

        C.     Nova's Motion For A Sur-Reply Is Also Inappropriate
               Because The Sur-Reply Does Nothing More Than Repeat
               Previously-Made Arguments .................................................................7

V.      CONCLUSION..............................................................................................8

## TABLE OF AUTHORITIES

**Cases**                                                                                     **Page(s)**

*Ad Hoc Comm. Of Equity Holders of Tectonic Network, Inc., v. Wolford*,
    C. A. No. 06-665-GMS-MPT, 2008 U.S. Dist. LEXIS 40945
    (D. Del. May 21, 2008)......................................................................................4

*Boston Sci. Scimed, Inc. v. Cordis Corp.*,
    434 F. Supp. 2d 308 (D. Del. 2006)..............................................................4, 5

*United States v. Panhandle Eastern Corp.*,
    693 F. Supp. 88 (D. Del. 1988).........................................................................6

*Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*,
    707 F. Supp. 1429 (D. Del. 1989).....................................................................6

**Rules**

D. Del. L.R. 7.1.3(c)(2) (2007) ........................................................................... *passim*

Fed. R. Civ. P. 44.1 ............................................................................................. *passim*

## I.    INTRODUCTION

Nova Biomedical Corporation ("Nova") has filed a Motion to Strike Roche's Reply Brief

in support of its Motion to Dismiss, or in the alternative, for Leave to File a Sur-reply Brief.

Plaintiffs Roche Diagnostics Operations, Inc. and Corange International Ltd. (collectively,

"Roche") submit that none of the relief Nova has requested is appropriate.  Nova's motion to

strike is improper because Roche's Reply Brief narrowly responded to the arguments and

positions that Nova raised for the first time in its Opposition Brief.  Nova's request for leave is

likewise inappropriate because Nova's Sur-reply does not respond to Roche's arguments in its

Reply Brief, but instead merely re-hashes the same arguments Nova made in its Opposition

Brief.  However, since Nova's Sur-reply merely repeats earlier arguments, Roche's only

objection to the filing of this Sur-reply is that the document unnecessarily burdens the record

without shedding any further light on the issues.

Under Delaware Local Rule 7.1.3(c)(2), a party "shall not reserve material for the reply

brief which should have been included in a full and fair opening brief."  Nor shall a party include

"a repetition of materials contained in the opening brief."  Roche's Reply Brief did neither, and

Roche will try to avoid doing so in this paper.

Roche's Reply Brief properly made several succinct points in direct response to

arguments Nova made in its Opposition Brief:

- Roche responded to Nova's statement that Swiss law applied to its breach of contract counterclaim, D.I. 211 at 2-3, by acknowledging that this statement essentially mooted Roche's motion to dismiss that particular counterclaim.  D.I. 216 at 1.

- Roche responded to Nova's assertion that U.S. law should govern the contract interpretation issue (the scope of the choice-of-law provision), D.I. 211 at 4-8, by noting that this argument was contradicted by Nova's admission that Swiss law governed the breach of contract claim.  D.I. 216 at 3.  As explained by Dr. Felix Dasser, a Swiss court would hold that the broad language in the choice-of-law

provision requires that Swiss law apply to any and all claims that relate to the Agreement, including Nova's tort-based claims for the alleged breach of contract. D.I. 217 (Dasser Decl.), ¶13; *see also* D.I. 216 at 3-5. And, as noted by Dr. Dasser, Swiss law does not recognize most of Nova's tort claims, including conversion and misappropriation of trade secrets. D.I. 216 at 8-9.

- Roche also responded to Nova's assertion that U.S. law should govern the contract interpretation issue (the scope of the choice-of-law provision) , D.I. 211 at 4-8, by noting that, even applying U.S. law to the contract interpretation issue leads to the same result – that all of Nova's Fourth through Seventh Counterclaims are governed by Swiss law. D.I. 216 at 5-7. And, as noted by Dr. Dasser, Swiss law does not recognize Nova's conversion or misappropriation of trade secrets claims. *Id.* at 8-9.

- Roche responded to Nova's new assertion that Massachusetts law governs the tort counterclaims, D.I. 211 at 6-8, by arguing that if the Court found that Swiss law did not apply, then Delaware law, not Massachusetts law, should apply. D.I. 216 at 2, 7-8. Indeed, a "most significant relationship" analysis would favor application of Delaware, or even Indiana, law over Massachusetts law. *Id.* at 7-8. Under either Delaware or Indiana law, Nova's conversion and unfair competition tort claims are preempted by the UTSA.

In sum, the majority of Roche's Reply Brief is dedicated to directly responding to Nova's new arguments made in its Opposition Brief, and the balance of the brief simply and concisely restates previously-presented arguments. Roche's Reply Brief did not, on its own, raise new issues. As a result, Roche's arguments do not violate Delaware Local Rule 7.1.3(c)(2). Moreover, apart from Delaware Local Rules, the Court should consider the Dasser Declaration and any additional interpretations of Swiss law under Rule 44.1 of the Federal Rules of Civil Procedure.

Finally, Nova's request for a Sur-reply is not appropriate because Nova's Sur-reply does not respond to any "new issues" raised in Roche's Reply Brief. Indeed, Nova does not even attempt to provide any alternative statement of Swiss law or contradict Dr. Dasser's declaration. Instead, Nova simply re-hashes the same arguments it made in its Opposition Brief, and tries to distinguish controlling law on the same grounds it stated in the Opposition Brief.

## II.    STATEMENT OF FACTS

On May 28, 2008, Roche filed a Motion to Dismiss Nova's Fourth, Fifth, Sixth, and

Seventh Counterclaims Under Rule 12(b)(6).  D.I. 200.  In support of the motion, Roche argued

that Nova's tort-based counterclaims were improperly pled under Swiss law because the choice-

of-law provision applies to all claims arising out of the Agreement.  *Id.* at 6-8.  In addition,

Roche argued that if the Court found that Swiss law did not apply, then Delaware law should

apply.  *Id.* at 8-9.

On June 16, 2008, Nova filed its Opposition Brief.  D.I. 211.  In its Opposition Brief,

Nova acknowledged for the first time that Swiss law governed its breach of contract

counterclaim.  *Id.* at 2-3.  Nova also argued for the first time that the choice-of-law provision in

the Agreement was limited to claims for breach of the Agreement, and therefore did not apply to

Nova's tort remedy counterclaims.  *Id.* at 4-6.  Nova also identified, for the first time, the law

under which it was pursuing its tort remedy counterclaims, namely Massachusetts law.  *Id.* at 6-

8.

On June 26, 2008, Roche filed its Reply Brief, which made several succinct points in

response to Nova's opposition arguments, as discussed above.  D.I. 216.

On July 10, 2008, Nova filed the present Motion to Strike Roche's Reply Brief.  D.I. 232.

In support of the motion, Nova erroneously asserted that Roche violated Delaware Local Rule

7.1.3(c)(2) by purportedly presenting new arguments and factual assertions in its Reply Brief.

Specifically, Nova alleged that Roche changed its argument regarding the basis for dismissing

two of Nova's counterclaims and unveiled a wholly new argument regarding the applicable law.

*Id.* at 1-3.  In the alternative, Nova moved for leave to file a sur-reply to be permitted the

opportunity to address the purportedly "new" facts and arguments presented in Roche's Reply

Brief. *Id.* at 4.

## III.    SUMMARY OF ARGUMENT

1.    Roche's Reply Brief does not violate Delaware Local Rule 7.1.3(c)(2) because the

arguments therein were either (i) made in response to Nova's Answering Brief or

(ii) previously asserted in Roche's Opening Brief.

2.    The Dasser Declaration and any additional interpretations of Swiss law are also

appropriate under Rule 44.1 of the Federal Rules Of Civil Procedure.

3.    Nova's Motion for Leave to File a Sur-reply should be denied because Nova's

Sur-reply does not address the purportedly "new" facts and arguments from

Roche's Reply Brief, and instead merely repeats the arguments made in Nova's

Opposition Brief.

## IV.    ARGUMENT

### A.    Nova's Motion to Strike Is Improper Because Roche's Reply Brief Specifically Responds To New Issues Raised In Nova's Opposition Brief

Roche's Reply Brief does not violate Delaware Local Rule 7.1.3(c)(2) because Roche's

arguments were either made in response to Nova's Answering Brief or presented in Roche's

Opening Brief.  Delaware Local Rule 7.1.3(c)(2) prohibits the introduction of material that could

have or should have been included in an opening brief.  D. Del. L.R. 7.1.3(c)(2) (2007); *see, e.g.,*

*Ad Hoc Comm. Of Equity Holders of Tectonic Network, Inc., v. Wolford*, C. A. No. 06-665-

GMS-MPT, 2008 U.S. Dist. LEXIS 40945, at *64–*65 (D. Del. May 21, 2008) (refusing to

consider argument for Rule 9(b) violation presented for the first time in the reply brief).

However, Delaware Local Rule 7.1.3(c)(2) does not prohibit a response to legal arguments made

in an answering brief. *See Boston Sci. Scimed, Inc. v. Cordis Corp.*, 434 F. Supp. 2d 308, 314

4

(D. Del. 2006) (*citing In re Fleming Co.*, 316 B.R. 809, 815 n.3 (D. Del. 2004) (denying a motion to strike a portion of a reply brief where the arguments asserted were "either in the original brief or in response to defendants' arguments in opposition of plaintiffs' motion")).

Nova's assertion that Roche violated Delaware Local Rule 7.1.3(c)(2) by presenting new arguments in the form of the Dasser Declaration (D.I. 217) is plainly wrong because that information squarely rebutted Nova's assertion, first raised in its Opposition Brief, that U.S. law, not Swiss law, should govern the construction of the contractual choice of law provision. The point simply is – and has always been – that Swiss law controls the contract, including the interpretation of the contract, which is itself an issue of law. D.I. 216 at 1-5 and D.I. 200 at 6-8. In interpreting the choice-of-law provision, Swiss law requires that Swiss law control not only the contract counterclaim but also the related tort-remedy claims based on the alleged breach of contract. D.I. 216 at 3-5. Nova mistakenly asserts that Roche "changed" its legal argument regarding the basis for dismissal of certain of Nova's tort counterclaims. As confirmed by Nova's admission that Swiss law controls the interpretation of the contract, D.I. 211 at 2-3, Nova's tort counterclaims fail as a matter of law because those counterclaims have not been and could not be pled under the applicable law, *i.e.*, Swiss law. This was Roche's position in its Opening Brief, D.I. 200 at 6-8, and it was Roche's position in the Reply Brief, D.I. 216 at 1-5. Roche merely focused its position to rebut Nova's argument; Roche did not "change" its argument.

In addition, Nova asserted that Roche violated Delaware Local Rule 7.1.3(c)(2) by arguing that, based on the District of Delaware's "most significant relationship" choice of law test, Nova's tort-based counterclaims are governed by Delaware or Indiana law. D.I. 232 at 2-4. Nova's position ignores the reality that Roche's position has been consistent throughout: Swiss

5

law applies, but if Swiss law does not apply in any respect, then Delaware law should apply. *See* D.I. 200 at 1-2, 8-9 and D.I. 216 at 7-8. These are not new positions by Roche.

Furthermore, Nova argued for the first time in its Opposition Brief that Massachusetts law should apply to its tort-based counterclaims under the District of Delaware's "most significant relationship" choice of law test. D.I. 211 at 6–8. In response, Roche argued that under the District of Delaware's "most significant relationship" choice of law test, Delaware or Indiana law should apply to Nova's counterclaims. D.I. 216 at 7–8. Consequently, Roche's Reply Brief arguments for applying Delaware or Indiana law were either previously presented (i.e., that Delaware law applies) or were made in response to Nova's arguments (i.e. that Delaware or Indiana law would apply). Thus, Roche's Reply Brief does not violate Delaware Local Rule 7.1.3(c)(2)

### B.    The Dasser Declaration And Any Additional Interpretations Of Swiss Law Are Appropriate Under Rule 44.1 Of The Federal Rules Of Civil Procedure

The Court should also consider the Dasser Declaration under Rule 44.1 of the Federal Rules of Civil Procedure. According to Rule 44.1, "once foreign law has been invoked by a simple notice of intent, a judge may consider *any* relevant material in determining [the content of the foreign law]." *See* Fed. R. Civ. P. 44.1 (emphasis added); *see also Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429, 1448 (D. Del. 1989). Thus, "the Court may consider . . . opinion testimony by legal experts" to determine a question of foreign law. *United States v. Panhandle Eastern Corp.*, 693 F. Supp. 88, 99 (D. Del. 1988) (citation omitted).

Following Nova's admissions in its Answering Brief, both parties have now agreed that Swiss law is relevant to this case. *See, e.g.,* D.I. 200 at 6; D.I. 211 at 2-3. Consequently, the Court may consider any relevant material to interpret the Swiss law, including the Dasser

6

Declaration.  Regardless of how this Court decides Nova's motion, the Court should consider the

Dasser Declaration and application of Swiss law to Nova's conversion and misappropriation of

trade secrets claims under Rule 44.1.

**C.     Nova's Motion For A Sur-Reply Is Also Inappropriate Because The Sur-Reply Does Nothing More Than Repeat Previously-Made Arguments**

Nova has failed to demonstrate that it is entitled to file a Sur-reply.  In requesting its Sur-

reply brief, Nova first argues that it should have a chance to respond to Roche's assertion that

Swiss law governs the tort contract-based claims under the choice of law provision, citing Dr.

Dasser's declaration in support of Roche's position on this issue.  D.I. 232 at 4.  But Roche has

argued all along that Swiss law governs; as noted above, Dr. Dasser's declaration merely

responds to Nova's inconsistent argument that U.S. law governs interpretation of the choice-of-

law provision, notwithstanding Nova's admission that Swiss law controls the contract.

Moreover, Nova's Sur-reply does not provide *any* law or evidence to contradict Dr. Dasser's

explanation of Swiss legal principles.  Nova did not submit a declaration on the application of

Swiss law.  Instead, Nova merely restates the position argued in its Opposition Brief that the

choice-of-law clause in the Agreement applies to contractual disputes only.

Next Nova argues that it should be permitted a Sur-reply to address Roche's argument

regarding which U.S. jurisdiction's law may apply.  Yet,  Nova's tendered Sur-reply simply

repeats the argument Nova made in its Opposition Brief that Massachusetts law should apply and

fails to even address Roche's alternative argument that Indiana law may apply.

Nova's statement in its Sur-reply argument that "Roche now argues that the choice of law

provision in clause 6 of the Agreement dictates that Swiss law governs Nova's [tort-based]

Counterclaims" – is wrong on its face.  D.I. 232-2 at 1.  Roche did not just "now," in its Reply,

7

assert this legal theory.  That theory formed the basis of Roche's motion to dismiss.  *See* D.I. 200 at 2, 6-8.

Roche's Reply Brief contained no "new" legal theories, only arguments made in response to Nova's arguments and further discussion of theories previously presented in its Opening Brief; Nova's Sur-reply is not and cannot be a response to "new" theories in Roche's Reply Brief. Roche objects to Nova's request for leave to file a Sur-reply because the tendered Sur-reply (1) does not add anything new, such as a contrary view of Swiss law; (2) simply re-hashes arguments that Nova made in its Opposition Brief; and (3) unnecessarily burdens the Court with additional paper that does not advance the case.

## IV.   CONCLUSION

For at least the foregoing reasons, Roche asks the Court to deny Nova's Motion to Strike because Roche's arguments do not violate Delaware Local Rule 7.1.3(c)(2) or, alternatively, that the Court consider Roche's Reply in its entirety, including the supporting Dasser Declaration, under Rule 44.1 of the Federal Rules of Civil Procedure.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Dated:  July 28, 2008
876271

By: /s/ Philip A. Rovner
    Philip A. Rovner (#3215)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    provner@potteranderson.com

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc.,  and*
*Corange International Limited*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on July 28, 2008, the within document was

filed with the Clerk of the Court using CM/ECF which will send notification of such

filing(s) to the following; that the document was served on the following counsel as

indicated; and that the document is available for viewing and downloading from

CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
500 Delaware Avenue
8th Floor
P.O. Box 1150
Wilmington, DE  19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

Mary W. Bourke, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19801
mbourke@cblh.com

**BY HAND DELIVERY AND E-MAIL**

John W. Shaw, Esq.
Jeffrey T. Castellano, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE  19801
jshaw@ycst.com
jcastellano@ycst.com

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
rsmith@mnat.com

I hereby certify that on July 28, 2008 the foregoing document was sent by E-mail

to the following non-registered participants:

Bradford J. Badke, Esq.
Sona De, Esq.
Michael Kahn, Esq.
Simon Fitzpatrick, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Jim.badke@ropesgray.com
Sona.de@ropesray.com
Michael.kahn@ropesgray.com
Simon.fitzpatrick@ropesgray.com

Wesley E. Overson, Esq.
Rachel Krevans, Esq.
Jason R. Bartlett, Esq.
Parisa Jorjani, Esq.
Daniel P. Muino, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
woverson@mofo.com
rkrevans@mofo.com
jasonbartlett@mofo.com
pjorjani@mofo.com
dmuino@mofo.com

Kenneth P. George, Esq.
Joseph M. Casino, Esq.
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
kgeorge@arelaw.com
jcasino@arelaw.com

Michael G. Adams, Esq.
Ashley L. Ellis, Esq.
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com

-2-