## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 07-753-JJF |
| v. | ) ) ) | |
| ABBOTT DIABETES CARE, INCORPORATED and ABBOTT DIABETES CARE SALES CORPORATION, BAYER HEALTHCARE, LLC, DIAGNOSTICS DEVICES, INC., LIFESCAN, INCORPORATED, and NOVA BIOMEDICAL CORPORATION, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### DEFENDANT LIFESCAN, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO EXTEND DISCOVERY PERIOD

**CONNOLLY BOVE LODGE & HUTZ LLP**

/s/ Mary W. Bourke
Mary W. Bourke (#2356)
R. Eric Hutz (#2702)
Kristen Healey Cramer (#4512)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-6305
mbourke@cblh.com
*Attorneys for Defendant,*
*LifeScan, Inc.*

**DATED:** July 28, 2008

TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION ................................................................................................. 1

II.   ARGUMENT ....................................................................................................... 2

    A.    Roche Has Not Established A Lack Of Diligence By LifeScan ............................ 2

        1.    Roche's Timeline Does Not Support Denial Of LifeScan's
            Requested Extension ................................................................................... 2

        2.    Roche's Additional Arguments Do Not Support Denial Of
            LifeScan's Requested Extension ................................................................ 3

    B.    Roche Has Not Established A Basis For Excluding Documents
        Related to LifeScan's Prior Invention Defense ..................................................... 6

III.  CONCLUSION .................................................................................................... 7

## I.    INTRODUCTION

Roche's opposition ("R.Br.") completely fails to establish any reasonable basis for denial of LifeScan's requested extension. Roche does not seriously challenge LifeScan's showing of good cause. Instead, Roche manufactures an alleged lack of diligence by LifeScan. The actual facts confirm that LifeScan has demonstrated good cause for the limited extension and has diligently tried to meet the original June 27th cut-off date for phase 1 document production. Accordingly, LifeScan's request for a limited 4-week extension to complete its phase 1 document production should be granted.

Roche also fails to identify any prejudice to support its demand that LifeScan be precluded from relying on any documents relevant to its prior invention defense that were produced after June 27th. Although Roche alludes to potential prejudice such as compacting the rest of the phase 1 schedule and threatening "further delays" (R. Br. 2), Roche never demonstrates (because it can't) actual prejudice. Moreover, Roche's complaint regarding the alleged "deeper problem" of delayed production is to no avail given Roche's lack of activity during the four week period and LifeScan's agreement to give Roche a similar extension to take depositions. LifeScan produced documents relevant to Roche's infringement claims and LifeScan's prior invention defense on a rolling basis prior to June 27th and essentially completed its document production by July 25, 2008.[1] During this 4 week period, Roche has not noticed any depositions, much less the depositions of any LifeScan personnel. Accordingly, Roche's demand for exclusion of the added documents should be denied.

---

[1] The majority of remaining Phase 1 documents were produced to Roche on July 25th. Unfortunately, a smaller number of documents were not processed in time for that production and are due to be produced to Roche tomorrow.

## II.    ARGUMENT

### A.    Roche Has Not Established A Lack Of Diligence By LifeScan

Recognizing that it cannot seriously challenge LifeScan's showing of good cause for the limited extension, Roche merely asserts some feeble complaints, including characterizing LifeScan's representations as attorney argument and pointing to allegedly contradictory statements.  Roche primarily attacks LifeScan's diligence showing by misstating certain critical facts, ignoring others, and selectively quoting from LifeScan's prior pleadings.  None of Roche's arguments establish a lack of diligence.

### 1.    Roche's Timeline Does Not Support Denial Of LifeScan's Requested Extension

Roche's characterization of many of the events in its timeline (R.Br. 1-3) is misleading and incomplete.  For example, Roche complains that LifeScan failed to produce documents on the date it responded to Roche's first set of document requests.  As explained in LifeScan's response to Roche's first motion to compel (D.I. 148 at 5-7), none of the Defendants were obligated to produce documents on that date.  Roche had no legitimate response in connection with that motion and merely repeats its erroneous complaint here.  It is simply irrelevant to LifeScan's alleged lack of diligence, particularly where those requests were subject to numerous objections and that no meet and confer had taken place to resolve them.

Next, Roche complains that LifeScan repeatedly refused to discuss document production dates, presumably to show a pattern of LifeScan's refusal to cooperate in document discovery.  Roche's assertion is wrong.  LifeScan was willing to discuss discovery issues, including document production and LifeScan's objections to Roche's overly broad requests, throughout the phase 1 document production period – even after Roche filed repeated motions to compel without engaging in a legitimate meet-and-confer beforehand.  What LifeScan was unwilling and

unable to do was to commit in advance to Roche's incessant and unrealistic demands for a date certain (1) when LifeScan would start its production, and (2) that LifeScan (and the other Defendants) substantially complete its production by the end of April. This is illustrated in Exhibit B to Roche's opposition (at ¶ 1):

> You were also advised that LifeScan was not in a position to commit to a date certain for the start of its production or when it would be completed because that depended on LifeScan's vendor. (*See also* ¶ 2).

Finally, Roche's oft-repeated complaint about LifeScan's representations regarding the June 27th cut-off date fails to establish lack of diligence. LifeScan's statements were responding to Roche's concern that the Defendants not produce the entirety of their phase 1 documents on June 27th. LifeScan confirmed it would not wait until June 27th to produce its documents and "would do so on a rolling basis as documents were located and processed." (*See* R.Br. Ex. B, ¶ 1). LifeScan did exactly what it said it would. LifeScan started producing documents as they became available and prior to the June 27th cut-off date. LifeScan did not say, as erroneously suggested by Roche, that it would produce all of its documents prior to June 27th. LifeScan originally believed in good faith that it could complete its phase 1 document production by June 27th and made reasonable efforts to do so. LifeScan also would have preferred to have been in that position to avoid the need for the instant motion. However, the circumstances set forth in LifeScan's opening brief left LifeScan with no choice. Roche's implied assertion that LifeScan misrepresented its original intent to meet the June 27th deadline is baseless.

## 2.    Roche's Additional Arguments Do Not Support Denial Of LifeScan's Requested Extension

Roche's additional arguments (R.Br. 6-7) suffer the same defects as Roche's timeline. None of those arguments, taken alone or together, establish LifeScan's lack of diligence.

First, Roche's assertion (R.Br. 6) that LifeScan's production of documents three months after Roche served its first set of document requests confirms LifeScan's lack of diligence has no basis in fact. As LifeScan confirmed in its April 28, 2008 opposition to Roche's First Motion To Compel: "LifeScan has physical and electronic documents located in multiple locations (both the U.S. and Europe) and has been working to identify, collect, review, screen for privilege and confidentiality, and prepare responsive documents for production" (D.I. 148, at 6). Obviously, these activities had to have taken place prior to LifeScan's initial production on April 30th and continued thereafter to allow LifeScan's subsequent productions on June 4th and 26th. The mere fact of a delay between service of a document request and initial production of documents is routine and certainly does not establish, as Roche asserts, that nothing happened in the intervening period.[2]

Second, as noted in Section II.A.1 above, LifeScan indicated it would not wait until June 27th to produce its documents. LifeScan never said it would produce all of its phase 1 documents prior to that date. LifeScan produced documents on a rolling basis prior to June 27th. The mere fact that more documents were produced on June 26th and within the originally scheduled document production period does not establish a lack of diligence.

Third, Roche's complaint about loading documents is nonsensical. Delays in loading documents identified for review necessarily result in a corresponding delay in being able to review those documents. It does not establish that LifeScan waited until the last week of discovery to load documents. Documents were loaded into the review system prior to that date

---

[2] This is particularly true where Roche refused to narrow the requests to phase 1 issues and the requests were properly subject to numerous objections, which the parties spent some time trying to resolve.

and had to be in order for LifeScan to have been able to produce documents in April and early June. The problems with loading documents were only one of a number of issues that prevented LifeScan from completing its production.

Fourth, Roche's complaint that LifeScan failed to explain what it did between late January and early June 2008 is belied by the record, including exhibits and pleadings relied on by Roche in its opposition. For example, LifeScan's opening brief clearly stated that "[p]reparations and collections [in connection with the processing and production] began in January of this year, and continue to this day, both in the United States and abroad" (L.Br. at 4; *see also id.* at p. 3). Moreover, the events described in the remainder of the quoted paragraph clearly took place in the intervening five months. Roche had also been previously made aware of LifeScan's collection and review efforts (*See, e.g.,* R.Br. Ex. B and D.I. 148, at 6).

Finally, Roche's suggestion that LifeScan did not review the 32,000 boxes of paper records is silly and there is no contradiction. Obviously, the 32,000 boxes had to be located first before their contents could be reviewed. Those boxes had to then be initially reviewed to identify boxes that might contain documents relevant to the issues of Phase 1. What actually took place is fully set forth in LifeScan's brief and belies Roche's attempt to manufacture a contradiction. Moreover, these paper records were only one of a number of items that delayed production. LifeScan did not say (L.Br. at 3-4) that technical problems prevented review of those boxes but that the technical problems slowed the entire process of document production.[3]

---

[3] These technical issues are not, as Roche speculates (R.Br. 7), a label for something LifeScan would rather not explain. LifeScan is more than willing to describe and explain those issues at any hearing on the present motion. Moreover, the fact that they were not explicitly identified in LifeScan's June 20, 2008 letter to Roche (R.Br. 7, n.3) is irrelevant. That letter was not intended to list every reason for the delays in LifeScan's production but to provide representative examples of some of the difficulties LifeScan encountered during the production process.

LifeScan's moving papers demonstrate good cause for the requested extension. Moreover, the related record provides evidence of sufficient diligence to support grant of LifeScan's request, particularly in the absence of any demonstration of prejudice by Roche. Roche's unsupported arguments fail to show LifeScan was not diligent in trying to meet the June 27th deadline. Accordingly, LifeScan's motion should be granted.

**B.    Roche Has Not Established A Basis For Excluding Documents Related to LifeScan's Prior Invention Defense**

Roche's draconian remedy seeking to bar LifeScan from relying on prior invention documents produced after June 27, 2008 (R.Br. at p. 8) should be rejected. Roche has pointed to no evidence of any prejudice to support this remedy. In fact, a grant of the four-week extension will not significantly prejudice Roche in any way. The four-week period has now come and gone, LifeScan has essentially completed its Phase 1 document production, (note 1, supra) and Roche has yet to serve a single deposition notice on any defendant, much less LifeScan prior inventors (who were identified in LifeScan's Rule 26 initial disclosure and interrogatory responses). Moreover, LifeScan offered to give Roche additional time to depose LifeScan witnesses to compensate Roche for the delay in completing LifeScan's document production for its infringement case.

Remarkably, Roche seeks preclusion of documents related to LifeScan's prior invention defense produced after June 27th, while at the same time being free to rely on any LifeScan documents produced in the four weeks after that date in support of its infringement claim. Roche has had documents and product samples relevant to the structure, function and operation of the accused products since April 30th and has had plenty of time to evaluate that production for its infringement case. If Roche cannot identify any prejudice with respect to its infringement case, then its complaints of prejudice vis-à-vis LifeScan's prior invention defense ring hollow.

6

Roche's prejudice claim are further contradicted by its offer of a two week extension, so long as it had two additional weeks to conduct depositions of LifeScan witnesses.  It is unclear why two weeks would have been a permissible extension, while four weeks would prejudice Roche.[4]  Roche conveniently ignores this two week difference in its prejudice arguments and does not argue anything to the contrary.

## III.    CONCLUSION

For the reasons set forth herein and in LifeScan's opening brief (D.I. 221), LifeScan's request for a four-week extension to complete document production should be granted and Roche's demand for an order precluding LifeScan from relying on prior invention documents produced after June 27th should be denied.

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Mary W. Bourke
Mary W. Bourke (#2356)
R. Eric Hutz (#2702)
Kristen Healey Cramer (#4512)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-6305
mbourke@cblh.com
*Attorneys for Defendant,*
  *LifeScan, Inc.*

**DATED:** July 28, 2008

---

[4] Roche also does not explain why or how the prejudice it will allegedly suffer outweighs the prejudice to the other Defendants who would benefit from a successful assertion of LifeScan's prior invention defense due to circumstances outside of their (and LifeScan's) control.

## CERTIFICATE OF SERVICE

I, Mary W. Bourke, Esquire, hereby certify that on July 28, 2008, I caused to be served by electronic service the foregoing document and electronically filed the same with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Philip A. Rovner
Potter Anderson & Corroon, LLP
1313 N. Market St.
Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951
*Attorneys for Plaintiffs Roche Diagnostic Operations, Inc. and Corange International Limited*

Daniel A. Boehnen
Grantland G. Drutchas
Gary E. Hood
Nicole Keenan
Paula S. Fritsch
Sherri L. Oslick
Jeffrey P. Armstrong
Christina L. Brown
Sean M. Sullivan
Richard A. Machonkin
Eric R. Moran
Christopher M. Cavan
Patrick G. Gattari
Benjamin R. Huber
Paul S. Tully
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
*Attorneys for Plaintiffs Roche Diagnostic Operations, Inc. and Corange International Limited*

John W. Shaw
Jeffrey Thomas Castellano
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
*Attorneys for Defendant Bayer Healthcare, LLC*

Kenneth P. George
Joseph M. Casino
Amster Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
*Attorneys for Defendant Bayer Healthcare, LLC*

Wesley E. Overson
Rachel Krevans
Jason R. Bartlett
Parisa Jorjani
Daniel P. Muino
Matthew W. dos Santos
Amy C. Dachtler
Morrisson & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
*Attorneys for Defendant Bayer*
*Healthcare, LLC*

Steven J. Balick
John G. Day
Lauren E. Maguire
Ashby & Geddes
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
*Attorneys for Defendant Diagnostic*
*Devices Inc.*

Nancy Tinsley
Roche Diagnostics
9115 Hague Road
Indianapolis, IN 46250
*Attorney for Plaintiff Roche Diagnostics*
*Operations, Inc. and Corange*
*International Limited*

Rodger Dallery Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
*Attorneys for Defendant Nova*
*Biomedical Corporation*

Kirk A. Vander Leest
Edward A. Mas II
Stephen F. Sherry
James M. Hafertepe
Merle S. Elliott
Matthew A. Anderson
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, Suite 3400
Chicago, IL 60661
*Attorneys for Defendants Abbott*
*Diabetes Care Inc. and Abbott Diabetes*
*Care Sales Corporation*

Frederick L. Cottrell, III
Anne Shea Gaza
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
*Attorneys for Defendants Abbott Diabetes*
*Care Inc. and Abbott Diabetes Care*
*Sales Corporation.*

I further certify that on July 28, 2008, I caused a true and correct copy of the foregoing

document to be served by e-mail to the following non-registered participants:

Bradford J. Badke
Sona De
Michael Kahn
Simon A. Fitzpatrick
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
*Attorneys for Defendant Nova*
*Biomedical Corporation*

Ashley L. Ellis
Michael G. Adams
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
*Attorneys for Defendant Diagnostic*
*Devices Inc.*


**CONNOLLY BOVE LODGE & HUTZ LLP**

/s/ Mary W. Bourke
Mary W. Bourke (#2356)
R. Eric Hutz (#2702)
Kristen Healey Cramer (#4512)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-1347
*Attorneys for Defendant,*
   *LifeScan, Inc.*

624835v1