IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT DIABETES CARE, INCORPORATED, and ABBOTT DIABETES CARE SALES CORPORATION, et al.,<br><br>Defendants. | C.A. No. 07-753-JJF |

**DEFENDANT NOVA'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE
PLAINTIFF ROCHE'S REPLY BRIEF OR, IN THE ALTERNATIVE,
<u>FOR LEAVE TO FILE A SUR-REPLY BRIEF</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com

*Attorneys for Defendant
Nova Biomedical Corporation*

OF COUNSEL:

Bradford J. Badke
Sona De
Michael P. Kahn
Simon A. Fitzpatrick
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036-8704

August 7, 2008

1.

I. **INTRODUCTION**

Defendant Nova Biomedical Corporation ("Nova") submits this reply brief in support of its motion to strike new evidence and new arguments presented by plaintiffs Roche Diagnostics Operations, Inc. and Corange International Ltd. (collectively, "Roche") for the first time in their Reply Brief in support of Roche's motion to dismiss Nova's Fourth, Fifth, Sixth and Seventh Counterclaims, or for leave to file a surreply brief to respond thereto.

II. **SUMMARY OF THE ARGUMENT**

1. Roche mischaracterizes both its own arguments presented in its Reply Brief on the motion to dismiss, and Nova's arguments in support of the present motion.

2. Roche inappropriately attacks Nova's proposed Surreply Brief in an attempt to distract the Court from its failure to comply with D. Del. L.R. 7.1.3(c)(2).

III. **ARGUMENT**

The Court should disregard Roche's contentions that it did not present new evidence and new arguments in its Reply Brief. The simple fact is that it did, across a number of issues. Therefore, under D. Del. L.R. 7.1.3(c)(2), Roche's new evidence and new arguments should be stricken, or Nova should be allowed to respond in the form of a surreply.

    A    **Roche Should Not Be Allowed To Change Its Position Regarding Swiss Law, And Prevent Nova From Responding To Its New Arguments**

Roche has changed its position regarding Swiss law. Roche's Opening Brief in support of its motion to dismiss argued that Nova "has not stated a claim" for misappropriation of trade secrets, unfair competition and conversion because those claims "are governed by Swiss law," and "Nova has neither pleaded nor noticed Swiss law, much less met the requirements of Rule 44.1, Fed. R. Civ. P." D.I. 200 at 7-8. Roche cited only U.S. case law in support of the proposition that Nova's tort-based claims were governed by Swiss law. *Id*. at 7. Nova's

responsive brief also cited only U.S. case law. D.I. 211. However, Roche's Reply Brief in support of its motion to dismiss presented for the first time the Dasser Declaration on Swiss law, and argued for the first time that "this Court must apply Swiss law to interpreting the contract." D.I. 216 at 3. Roche also broadened its attack on Nova's counterclaims, asserting for the first time that "Swiss law does not recognize two of the torts pleaded by Nova." *Id*. at 8. Yet, Roche contends that Nova should not be allowed to respond to this new evidence and new arguments.

Moreover, Roche suggested incorrectly that it always argued that Nova's counterclaims do not even exist under Swiss law (Opp. Br. at 5). To the contrary, Roche's motion to dismiss raised only an alleged infirmity in Nova's pleading: "The choice of law provision in the Agreement, coupled with Nova's failure to plead Swiss law, requires that the Court also dismiss Nova's Fifth through Seventh Counterclaims." D.I. 200; *see also id*. at 8 ("Nova has presented counterclaims for U.S. common law torts, which do not apply. In this situation, Nova has not stated a claim for misappropriation of trade secrets, unfair competition, or conversion and has failed to adequately plead its claims . . . ."). It was not until its Reply Brief that Roche asserted that any of Nova's counterclaims "do not exist" under Swiss law. D.I. 216 at 8-9. Roche should not be allowed to inject new and non-responsive arguments in its Reply Brief in an attempt to reform and redraft its original motion.

Furthermore, Roche wrongly suggests that the Dasser Declaration on Swiss law was required to respond to Nova's Opposition Brief (Opp. Br. at 5).[1] As noted above, Nova's

---

[1] On more than one occasion, Roche seeks to justify its reply presenting positions that should have been raised in its opening brief by pointing to arguments "first raised [by Nova] in its Opposition brief" or "argued for the first time in [Nova's] Opposition Brief." Roche apparently overlooks the fact that Nova's *first* was also its *only* opportunity to present its arguments. D. Del. L.R. 7.1.3 provides the answering party on a motion *one and only one* brief, and that is the reason for the prohibition in D. Del. L.R. 7.1.3(c)(2) on the motion party holding arguments for reply.

3.

Opposition Brief included no discussion of Swiss law and, as Roche emphasizes, it was always Roche's position that Swiss law applied.  That is, there was no need for Roche to address the substance of Swiss law in response to Nova's opposition brief, and Roche had every opportunity to provide its evidence of Swiss law in its Opening Brief.  The Dasser Declaration therefore presents evidence that should have been provided – if at all – in Roche's Opening Brief.  Nova's only chance to respond to it now would be in surreply.

In addition, Roche's attempts to explain its untimely provision of the Dasser Declaration as a guide to the Court's interpretation of foreign law under Fed. R. Civ. P. 44.1 should not be credited.  (Opp. Br. at 6-7).  Nothing in Rule 44.1 allows a party to provide information to the court without giving the other side an opportunity to respond to it.

**B.    Roche First Undertook A "Most Significant Relationship" Analysis In Reply, And Seeks To Prevent Nova From Responding To Its New Arguments**

In its Opening Brief on its motion to dismiss, Roche asserted without reasoning that if Swiss law did not apply to Nova's tort-based counterclaims, Delaware law would. D.I. 200 at 8-9.  Nova explained in its opposition that this was not correct.  D.I. 211 at 6-8. Roche now apparently concedes that if Swiss law does not apply, the Court would need to determine which U.S. state's law has the "most significant relationship" with Nova's tort-based counterclaims.  D.I. 216 at 7-8.  However, because Roche failed to understand the proper choice of law analysis from the outset, Nova was forced to make its "most significant relationship" argument in the dark.  Roche then argued that either Delaware or, for the first time, Indiana law should govern, and now seeks to prevent Nova from responding to Roche's newly-minted arguments.

4.

### C. Roche Inappropriately Attacks Nova's Proposed Surreply Brief In An Attempt To Distract The Court's Attention From Roche's Failure

In an apparent concession to the strength of Nova's claim for leave to file a surreply, Roche preemptively critiques the substance of Nova's proposed surreply brief. However, Roche's suggestion that Nova's brief is somehow defective should be seen for what it is: an attempt to distract the Court's attention from the fact that Roche "reserve[d] material for the reply brief which should have been included in a full and fair opening brief." D. Del. L.R. 7.1.3(c)(2).

### IV. CONCLUSION

For the foregoing reasons, the Court should strike Roche's new evidence and new arguments. Alternatively, the Court should grant Nova's request for leave to file a surreply brief.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Rodger D. Smith II
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com

*Attorneys for Defendant*
*Nova Biomedical Corporation*

OF COUNSEL:

Bradford J. Badke
Sona De
Michael P. Kahn
Simon A. Fitzpatrick
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036-8704
(212) 596-9000

August 7, 2008
2441538

# CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on August 7, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

>Philip A. Rovner, Esquire
>Potter Anderson & Corroon LLP
>
>Mary W. Bourke, Esquire
>Connolly Bove Lodge & Hutz LLP
>
>Steven J. Balick, Esquire
>Ashby & Geddes
>
>John W. Shaw, Esquire
>Young Conaway Stargatt & Taylor LLP

I also certify that copies were caused to be served on August 7, 2008, upon the following in the manner indicated:

**BY HAND AND EMAIL**

>Philip A. Rovner, Esquire
>Potter Anderson & Corroon LLP
>1313 North Market Street
>Wilmington, DE 19801
>
>Mary W. Bourke, Esquire
>Connolly Bove Lodge & Hutz LLP
>The Nemours Building
>1007 North Orange Street
>Wilmington, DE 19801
>
>Steven J. Balick, Esquire
>Ashby & Geddes
>500 Delaware Avenue
>P.O. Box 1150
>Wilmington, DE 19899
>
>John W. Shaw, Esquire
>Young Conaway Stargatt & Taylor LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19801

**BY EMAIL**

Daniel A. Boehnen, Esquire
Grantland G. Drutchas, Esquire
McDonnell Boehnen Hulbert & Bergoff LLP
300 South Wacker Drive
Chicago, IL  60606
boehnen@mbhb.com
drutchas@mbhb.com

Michael G. Adams, Esquire
Ashley L. Ellis, Esquire
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC  28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

Rachel Krevans, Esquire
Wesley E. Overson, Esquire
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105
rkrevans@mofo.com
woverson@mofo.com

Kenneth P. George, Esquire
Joseph M. Casino, Esquire
Amster Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY  10016
kgeorge@arelaw.com
jcasino@arelaw.com

/s/ Rodger D. Smith II

Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
(302) 658-9200
rsmith@mnat.com

2