# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS INC. and CORANGE INTERNATIONAL LTD., <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT DIABETES CARE, INC., ABBOTT DIABETES CARE SALES CORP., BAYER HEALTHCARE LLC, DIAGNOSTIC DEVICES INC., LIFESCAN INC., and NOVA BIOMEDICAL CORP., <br><br> Defendants. | C.A. No. 07-753-JJF |

## ROCHE'S FIRST NOTICE OF DEPOSITION TO
## BAYER HEALTHCARE LLC PURSUANT TO RULE 30(b)(6)

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Roche Diagnostics Operations Inc. and Corange International Ltd. (referred to collectively as "Roche") shall take the deposition of BAYER HEALTHCARE LLC ("Bayer") through the person(s) designated by Bayer to testify on its behalf with respect to the subjects set forth in Exhibit A. The deposition will commence at 9:30 a.m. on August 26, 2008 at the offices of Potter Anderson & Corroon LLP, Hercules Plaza, 1313 North Market Street, Wilmington, Delaware 19801, or at a time and place to be mutually agreed upon by counsel. The deposition will be recorded by stenographic means, may be videotaped, and will take place before a Notary Public or other officer duly authorized to administer oaths and will continue from day to day until concluded.

You are invited to attend and cross-examine.

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Daniel A. Boehnen | |
| Grantland G. Drutchas | By: /s/ Philip A. Rovner |
| Gary E. Hood | Philip A. Rovner (#3215) |
| Christopher M. Cavan | Hercules Plaza |
| Sherri L. Oslick | P.O. Box 951 |
| McDonnell Boehnen Hulbert & Berghoff LLP | Wilmington, DE 19899-0951 |
| 300 South Wacker Drive | (302) 984-6000 |
| Chicago, IL 60606 | provner@potteranderson.com |
| (312) 913-0001 | |
| | *Attorney for Plaintiffs* |
| Dated: August 7, 2008 | *Roche Diagnostics Operations, Inc., and* |
| 877625 | *Corange International Limited* |

# EXHIBIT A

Pursuant to Rule 30(b)(6), you have a duty to designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf. To the extent more than one person responds to this subpoena, you may also set out the matters on which each person designated will testify. The persons designated must testify about information known or reasonably available to the organization.

For the purposes of the topics set forth below, the following definitions shall apply.

## Definitions

1.  The terms "Plaintiff" and "Roche" shall mean the Plaintiffs in this lawsuit, Roche Diagnostics Operations Inc. and Corange International Ltd.; any company name under which Roche is doing business; and its predecessors, parents, subsidiaries, divisions, directors, officers, employees, agents, distributors, salespersons, sales representatives, and attorneys, and each person acting or purporting to act on its or their behalf or under its or their control.

2.  The term "Bayer" shall mean Bayer Healthcare LLC and/or any company name under which Bayer is doing or has done business; its predecessors, parents, subsidiaries, divisions, licensees, franchisees, assigns or other related business entities; its directors, officers, employees, agents, distributors, jobbers, salespersons, interns, sales representatives and attorneys; and each person acting or purporting to act on its or their behalf or under its or their control.

3.  "Bayer or any Third Party," as used herein, includes any employees of Bayer as defined above, employees of any third party entities, including any of the defendants in this litigation, and any other individuals who were not employees of Plaintiff Roche Diagnostics during the relevant time period.

4. The terms "person" and "persons" shall mean natural persons.

5. The term "date" shall mean the exact day, month, and year (to the degree ascertainable) or, if not ascertainable, the best approximation (including relationship to other events).

6. The term "document" shall mean writings, recordings and other communications reduced to physical or electronic form, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including without limitation, correspondence, memoranda, notes, e-mail, diaries, notebooks, minutes, statistics, letters, telegrams, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, prospectuses, calendars, diaries, planners, interoffice and intra-office communications, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, meetings, or printouts, teletypes, telefax, invoices, work sheets, and all drafts, alterations, modifications, changes and amendments of the foregoing), graphic or oral representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs, and recordings).

7. The term "patents-in-suit" shall mean U.S. Patent Nos. 7,276,146 and 7,276,147.

8. "Accused Products" as used herein shall mean

- Ascencia® BREEZE®2
- Ascencia® Contour® II, and
- Contour® TS

9. "Bayer Agreement" as used herein shall mean the Settlement and License Agreement entered into between Bayer Healthcare LLC and Roche Diagnostics Corporation on June 6, 2003 ("Effective Date")

10. "Matsushita Agreement" as used herein shall mean the Settlement and License Agreement entered into between Matsushita Electric Industrial Co., Ltd. and Roche Diagnostics Corporation on June 6, 2003 ("Effective Date")

## Topics:

1. All bases for Bayer's allegation that "Bayer believes [the Bayer Agreement] covers the Bayer products accused in this litigation," including all documents or other evidence that supports such allegation. *See* Bayer's Answer and Affirmative Defenses to Roche's Amended Complaint, ¶ 10.

2. All bases for Bayer's allegation as contained in ¶ 46 of Bayer's Answer and Affirmative Defenses to Roche's Amended Complaint, including all documents or other evidence that supports such allegation:

   > "Roche's claims against Bayer are barred, in whole or in part, because the accused Bayer products are covered under the June 3, 2003 Settlement and License Agreement between Roche Diagnostics Corporation, F. Hoffmann-La Roche Ltd., and Bayer. Any disputes as to coverage of the products under the Settlement and License Agreement are subject to a contractual dispute resolution process, including binding arbitration. Thus, the Complaint fails to state a claim against Bayer upon which relief can be granted."

3. Whether Bayer asserts that the Accused Products are "Licensed Existing Products" as that phrase is defined in ¶ 1.3 of the Bayer Agreement and used in that Bayer Agreement, and all documents or other evidence that supports such assertion.

4. Whether Bayer asserts that the Accused Products are Licensed Existing Products identified in ¶1.3 of the Bayer Agreement, and all documents or other evidence that supports such assertion.

5. Whether Bayer asserts that the Accused Products are "products of the same configuration and operation, including by way of example and without limitation, changes to packaging, external ornamental design or aesthetic or cosmetic features … and other changes that do not relate to the structure or function of the product" of any of the Licensed Existing Products identified in ¶1.3 of the Bayer Agreement and all documents or other evidence that supports such assertion.

6. The structure and function of the products specifically enumerated in ¶ 1.3 of the Bayer Agreement, in particular, products that on or prior to May 31, 2003 bore the trademarks Glucometer Elite, Ascencia Elite, Glucometer Elite XL, Ascensia Elite XL, Glucometer DEX, Ascensia DEX, Glucometer DEX 2, Ascensia DEX 2, Glucometer Esprit, Ascensia Esprit, Ascencia Contour, Glucocard, Dexter Z, Diameter, and Diasensor.

7. All differences between the Accused Products and the products specifically enumerated in ¶ 1.3 of the Bayer Agreement, in particular, products that on or prior to May 31, 2003 bore the trademarks Glucometer Elite, Ascencia Elite, Glucometer Elite XL, Ascensia Elite XL, Glucometer DEX, Ascensia DEX, Glucometer DEX 2, Ascensia DEX 2, Glucometer Esprit, Ascensia Esprit, Ascencia Contour, Glucocard, Dexter Z, Diameter, and Diasensor.

8. Whether Bayer asserts that the Accused Products are "Licensed Modified Products" as that phrase is defined in ¶ 1.4 of the Bayer Agreement and used in that Agreement, and all documents or other evidence that supports such assertion.

9. All bases for any claim that a Roche Licensed Patent covers the Accused Products, pursuant to ¶ 1.4 of the Bayer Agreement.

10. Whether Bayer asserts the '146 and '147 patents in suit are "Roche Licensed Patents" as defined in section 1.8 of the Bayer Agreement, and all documents or other evidence that supports such assertion.

11. Whether Bayer asserts that the '146 and '147 patents in suit claim priority in common with any of the patents listed in Section 1.8 of the Bayer Agreement, and all documents or other evidence that supports such assertion.

12. Whether Bayer asserts that the '146 and '147 patents in suit "could be asserted against a Licensed Existing Product, i.e., that contains a claim that would be infringed by product elements and/or process steps present in a Licensed Existing Product" and all documents or other evidence that supports such assertion.

13. All claims of the '146 and '147 patents in suit that would be infringed by product elements and/or process steps present in a Licensed Existing Product, pursuant to ¶ 1.8 of the Bayer Agreement.

14. Whether Bayer has ever, prior to Bayer's February 28, 2008 report, made payment to Roche under ¶ 4.3 of the Bayer Agreement for any Accused Product.

15. All payments under the Bayer Agreement made to date by Bayer, pursuant to ¶ 4.3 of the Bayer Agreement, including:

    a. All documents and information Bayer used to determine or calculate the amount of the payment;

    b. The identity of all persons who participated in the determination or calculation of the amount of the payment;

    c. The identity of each and every product for which payment was made and the bases for including each product for payment ;

    d. All documents describing the bases for such payment, and

    e. All documents provided to Roche describing the bases for such payment.

16. Whether Bayer has ever, prior to Bayer's February 28, 2008 report, reported payment to Roche under ¶ 4.4 of the Bayer Agreement for any Accused Product.

17. All payments under the Bayer Agreement reported to date by Bayer, pursuant to ¶ 4.4 of the Bayer Agreement and all documents describing the bases for such payments.

18. The content of all documents provided to Roche regarding any payments made to date to Roche under the Bayer Agreement.

19. Why Bayer did not, until Bayer's February 28, 2008 report, ever report payment under ¶ 4.4 of the Bayer Agreement for the Ascencia® Breeze product (not the newer Ascencia® Breeze 2 product).

20. All written reports that Bayer provided pursuant to ¶ 4.4 of the Bayer Agreement, including:

    a. All documents and information Bayer used to prepare each report;

    b. The identity of all person who participated in the preparation of each report; and

    c. The identity of each and every product named in each report.

21. Bayer's failure to provide reports as provided in ¶ 4.4 of the Bayer Agreement or decision not to send reports with payments made pursuant to the Bayer Agreement, and, for each payment made without a corresponding report:

    a. The identity of the person(s) responsible for any decision not to prepare and/or send the missing report;

    b. The reasons or bases for not sending the report with the payment; and

    c. The identity of the products for which payment was made.

22. Whether Bayer does now or has ever marked any Accused Products so as to indicate that the Accused Product is covered by either the '146 or '147 patents.

23. All products that Bayer has marked with either the '146 or '147 patents and the identity of documents that evidence, demonstrate or show the dates of marking.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on August 7, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
500 Delaware Avenue
8th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

Mary W. Bourke, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
mbourke@cblh.com

**BY HAND DELIVERY AND E-MAIL**

John W. Shaw, Esq.
Jeffrey T. Castellano, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
jcastellano@ycst.com

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
rsmith@mnat.com

I hereby certify that on August 7, 2008 the foregoing document was sent by E-mail to the following non-registered participants:

Bradford J. Badke, Esq.
Sona De, Esq.
Michael Kahn, Esq.
Simon Fitzpatrick, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Jim.badke@ropesgray.com
Sona.de@ropesgray.com
Michael.kahn@ropesgray.com
Simon.fitzpatrick@ropesgray.com

Kenneth P. George, Esq.
Joseph M. Casino, Esq.
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
kgeorge@arelaw.com
jcasino@arelaw.com

Wesley E. Overson, Esq.
Rachel Krevans, Esq.
Jason R. Bartlett, Esq.
Parisa Jorjani, Esq.
Daniel P. Muino, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
woverson@mofo.com
rkrevans@mofo.com
jasonbartlett@mofo.com
pjorjani@mofo.com
dmuino@mofo.com

Michael G. Adams, Esq.
Ashley L. Ellis, Esq.
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com