# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS INC. and CORANGE INTERNATIONAL LTD., <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT DIABETES CARE, INC., ABBOTT DIABETES CARE SALES CORP., BAYER HEALTHCARE LLC, DIAGNOSTIC DEVICES INC., LIFESCAN INC., and NOVA BIOMEDICAL CORP., <br><br> Defendants. | C.A. No. 07-753-JJF |

## ROCHE'S FIRST NOTICE OF DEPOSITION TO LIFESCAN INC. PURSUANT TO RULE 30(b)(6)

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Roche Diagnostics Operations Inc. and Corange International Ltd. (referred to collectively as "Roche") shall take the deposition of LifeScan, Inc. ("LifeScan") through the person(s) designated by LifeScan to testify on its behalf with respect to the subjects set forth in Exhibit A. The deposition will commence at 9:30 a.m. on September 5, 2008 at the offices of Potter Anderson & Corroon LLP, Hercules Plaza, 1313 North Market Street, Wilmington, Delaware 19801, or at a time and place to be mutually agreed upon by counsel. The deposition will be recorded by stenographic means, may be videotaped, and will take place before a Notary Public or other officer duly authorized to administer oaths and will continue from day to day until concluded.

You are invited to attend and cross-examine.

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
Gary E. Good
Nicole A. Keenan
Paula S. Fritsch
Richard A. Machonkin
Jeffrey P. Armstrong
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Dated: August 7, 2008
877626

POTTER ANDERSON & CORROON LLP

By: /s/ Philip A. Rovner
    Philip A. Rovner (#3215)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    provner@potteranderson.com

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc., and*
*Corange International Limited*

## **EXHIBIT A**

Pursuant to Rule 30(b)(6), you have a duty to designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf. To the extent more than one person is designated, you are requested to set out the matters on which each person designated will testify. The persons designated must testify about information known or reasonably available to the organization.

For the purposes of the topics set forth below, the following definitions shall apply.

### **Definitions**

1. The terms "Plaintiff" and "Roche" shall mean the Plaintiffs in this lawsuit, Roche Diagnostics Operations Inc. and Corange International Ltd.; any company name under which Roche is doing business; and its predecessors, parents, subsidiaries, divisions, directors, officers, employees, agents, distributors, salespersons, sales representatives, and attorneys, and each person acting or purporting to act on its or their behalf or under its or their control.

2. The term "LifeScan" shall mean LifeScan, Inc. and/or any company name under which LifeScan is doing or has done business; its predecessors, parents, subsidiaries, divisions, licensees, franchisees, assigns or other related business entities; its directors, officers, employees, agents, distributors, jobbers, salespersons, interns, sales representatives and attorneys; and each person acting or purporting to act on its or their behalf or under its or their control.

3. "LifeScan or any Third Party," as used herein, includes any employees of LifeScan, as defined above, employees of any third party corporations, including any of the defendants in this litigation, and any other individuals who were not employees of Roche during the relevant time period.

4. "Circumstances surrounding any allegation," as used herein, includes but is not limited to all activities that relate to such allegation, including the dates and locations of the activities, any persons involved in the activities and their respective roles therein, each of the persons who can corroborate the activities and roles of such individuals and, to the extent not requested elsewhere, all documents that support or refute such allegation.

5. The terms "person" and "persons" shall mean natural persons.

6. The term "date" shall mean the exact day, month, and year (to the degree ascertainable) or, if not ascertainable, the best approximation (including relationship to other events).

7. The term "document" shall mean writings, recordings and other communications reduced to physical or electronic form, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including without limitation, correspondence, memoranda, notes, e-mail, diaries, notebooks, minutes, statistics, letters, telegrams, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, prospectuses, calendars, diaries, planners, interoffice and intra-office communications, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, meetings, or printouts, teletypes, telefax, invoices, work sheets, and all drafts, alterations, modifications, changes and amendments of the foregoing), graphic or oral representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs, and recordings).

8. The term "patents-in-suit" shall mean U.S. Patent Nos. 7,276,146 and 7,276,147.

3

9. "Mr. Wilsey," as used herein, refers to the inventor identified on the face of the patents-in-suit.

Case 1:07-cv-00753-JJF   Document 244   Filed 08/07/2008   Page 5 of 10

## Topics

1.  All circumstances surrounding any allegation by LifeScan that anyone, other than Mr. Wilsey, conceived any invention claimed in the patents-in-suit prior to November 16, 2001, including the identity of the person(s) who allegedly conceived the invention, the date(s) of the alleged conception, the location(s) where the alleged conception occurred, the identity of any person(s) able to corroborate the alleged conception, and the identity of all documents that evidence, support, corroborate or relate to the alleged conception.

2.  All circumstances surrounding any allegation by LifeScan that anyone, other than Mr. Wilsey, reduced to practice any invention claimed in the patents-in-suit prior to November 16, 2001, including the identity of the person(s) who allegedly reduced the invention to practice, the date(s) of the alleged reduction to practice, the location(s) where the alleged reduction to practice occurred, the identity of any person(s) able to corroborate the alleged reduction to practice, and the identity of all documents that evidence, support, corroborate or relate to the alleged reduction to practice.

3.  All circumstances surrounding any allegation by LifeScan that anyone, other than Mr. Wilsey, was diligently working to reduce to practice any invention claimed in the patents-in-suit prior to November 16, 2001, including the identity of the person(s) who was allegedly diligent, the date(s) and location(s) of the alleged diligence, the identity of any person(s) able to corroborate the alleged diligence, and the identity of all documents that evidence, support, corroborate or relate to the alleged diligence.

4.  All circumstances surrounding any allegation by LifeScan that anyone, other than Mr. Wilsey, disclosed any invention claimed in the patents-in-suit prior to November 16, 2001, including the identity of the person(s) who made the alleged disclosure, the identity of the

person(s) who received the alleged disclosure, the date(s) and location(s) of the alleged disclosure, the identity of any person(s) able to corroborate the alleged disclosure, and the identity of all documents that evidence, support, corroborate or relate to the alleged disclosure.

5.  All circumstances surrounding any allegation by LifeScan that any activity in the United States by LifeScan or any Third Party constitutes conception or reduction to practice of any invention claimed in the patents-in-suit prior to November 16, 2001, including the identity of the person(s) involved in the activity, the date(s) and location(s) of the activity, and the identity of all documents that evidence, support, corroborate or relate to the activity.

6.  All circumstances surrounding any allegation by LifeScan that any conception or reduction to practice in the United States of any invention claimed in the patents-in-suit prior to November 16, 2001, by LifeScan or any Third Party, was not abandoned, suppressed, or concealed, including the identity of any person(s) knowledgeable thereof, and the identify of all documents that evidence, support, corroborate or relate to the allegation.

7.  All notebooks produced by LifeScan in this action (including but not limited to the documents bearing production numbers LFS00033395 - LFS00033591, LFS00033592-LFS00033790, LFS00033791-LFS00033991, LFS00033992-LFS00034181, LFS00034182-LFS00034363, LFS00034553-LFS00034732, LFS00034548-LFS00034732, LFS00034733-LFS00034866, LFS00034870-LFS00035050, LFS00035428-LFS00035530, LFS00035531-LFS00035636, LFS00107288-LFS00107405, LFS00107406-LFS00107524, LFS00041281-LFS00041327), the identity of each person who used the notebooks, the contents of the notebooks, and the circumstances surrounding any concepts, experiments, tests, results, or activities described or recorded in the notebooks.

8. All documents produced by LifeScan in this action that refer or relate to clinical studies conducted in the United States (including but not limited to the documents bearing production numbers LFS00044041-LFS00044080, LFS00044116-LFS00044174, LFS00044389-LFS00044555, LFS00072261-LFS00072298, LFS00072304-LFS00072348, LFS00072544-LFS00072584, LFS00116918-LFS00116952, LFS00116961-LFS00117035), the identity of each person involved in the clinical studies, the nature of the clinical studies, and all circumstances surrounding the manner in which the clinical studies were conducted.

9. All documents or other evidence upon which LifeScan may rely in support of a prior invention defense.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on August 7, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

| **BY HAND DELIVERY AND E-MAIL** | **BY HAND DELIVERY AND E-MAIL** |
|---|---|
| Steven J. Balick, Esq.<br>John G. Day, Esq.<br>Ashby & Geddes<br>500 Delaware Avenue<br>8th Floor<br>P.O. Box 1150<br>Wilmington, DE  19899<br>sbalick@ashby-geddes.com<br>jday@ashby-geddes.com | John W. Shaw, Esq.<br>Jeffrey T. Castellano, Esq.<br>Young Conaway Stargatt & Taylor, LLP<br>1000 West Street, 17th Floor<br>Wilmington, DE  19801<br>jshaw@ycst.com<br>jcastellano@ycst.com |
| Mary W. Bourke, Esq.<br>Connolly Bove Lodge & Hutz LLP<br>The Nemours Building<br>1007 N. Orange Street<br>Wilmington, DE  19801<br>mbourke@cblh.com | Rodger D. Smith, Esq.<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>rsmith@mnat.com |

I hereby certify that on August 7, 2008 the foregoing document was sent by E-mail to the following non-registered participants:

Bradford J. Badke, Esq.
Sona De, Esq.
Michael Kahn, Esq.
Simon Fitzpatrick, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Jim.badke@ropesgray.com
Sona.de@ropesray.com
Michael.kahn@ropesgray.com
Simon.fitzpatrick@ropesgray.com

Kenneth P. George, Esq.
Joseph M. Casino, Esq.
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
kgeorge@arelaw.com
jcasino@arelaw.com

Wesley E. Overson, Esq.
Rachel Krevans, Esq.
Jason R. Bartlett, Esq.
Parisa Jorjani, Esq.
Daniel P. Muino, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
woverson@mofo.com
rkrevans@mofo.com
jasonbartlett@mofo.com
pjorjani@mofo.com
dmuino@mofo.com

Michael G. Adams, Esq.
Ashley L. Ellis, Esq.
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com