## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS INC.<br>and CORANGE INTERNATIONAL LTD., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ABBOTT DIABETES CARE, INC., | ) | C.A. No. 07-753-JJF |
| ABBOTT DIABETES CARE SALES CORP., | ) | |
| BAYER HEALTHCARE LLC, DIAGNOSTIC | ) | |
| DEVICES INC., LIFESCAN INC., and NOVA | ) | |
| BIOMEDICAL CORP., | ) | |
| | ) | |
| Defendants. | ) | |

### ROCHE'S FIRST NOTICE OF DEPOSITION TO
### NOVA BIOMEDICAL CORP. PURSUANT TO RULE 30(b)(6)

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, Plaintiffs Roche Diagnostics Operations Inc. and Corange International Ltd. (referred

to collectively as "Roche") shall take the deposition of Nova Biomedical Corporation ("Nova")

through the person(s) designated by Nova to testify on its behalf with respect to the subjects set

forth in Exhibit A.  The deposition will commence at 9:30 a.m. on August 26, 2008 at the offices

of Potter Anderson & Corroon LLP, Hercules Plaza, 1313 North Market Street, Wilmington,

Delaware 19801, or at a time and place to be mutually agreed upon by counsel.  The deposition

will be recorded by stenographic means, may be videotaped, and will take place before a Notary

Public or other officer duly authorized to administer oaths and will continue from day to day

until concluded.

You are invited to attend and cross-examine.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
Paul S. Fritsch
Sean M. Sullivan
Patrick G. Gattari
Benjamin R. Huber
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Dated:  August 8, 2008
877678

By: /s/ Philip A. Rovner
      Philip A. Rovner (#3215)
      Hercules Plaza
      P.O. Box 951
      Wilmington, DE 19899-0951
      (302) 984-6000
      provner@potteranderson.com

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc.,  and*
*Corange International Limited*

## EXHIBIT A

Pursuant to Rule 30(b)(6), you have a duty to designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf. To the extent more than one person responds to this subpoena, you may also set out the matters on which each person designated will testify. The persons designated must testify about information known or reasonably available to the organization.

For the purposes of the topics set forth below, the following definitions shall apply.

### Definitions

1.      The term "Roche" shall mean the Plaintiffs in this lawsuit, Roche Diagnostics Operations Inc. and Corange International Ltd.; any company name under which Roche is doing or has done business; and its predecessors, parents, subsidiaries, divisions, licensees, franchisees, assigns or other related business entities; its directors, officers, employees, agents, distributors, jobbers, salespersons, interns, sales representatives, and attorneys, and each person acting or purporting to act on its or their behalf or under its or their control.

2.      The term "Nova" shall mean Nova Biomedical Corporation and/or any company name under which Nova is doing or has done business; its predecessors, parents, subsidiaries, divisions, licensees, franchisees, assigns or other related business entities; its directors, officers, employees, agents, distributors, jobbers, salespersons, interns, sales representatives and attorneys; and each person acting or purporting to act on its or their behalf or under its or their control.

3.     The term "HLR" shall mean F. Hoffman-LaRoche.

4.     The terms "Third Party" or "Third Parties," as used herein, includes any individual or entity that is not included within the definition of Nova (above) and is or was not affiliated with Roche during the relevant time period.

5.     The term "Agreement" shall mean the September 8, 1999 Agreement between HLR and Nova relating to "glucose monitoring technology," attached to Nova's Answer and Counterclaims as Exhibit A.

6.     The term "Nova applications" shall mean the "unpublished copies of two then-pending Nova patent applications" referred to in paragraph 18 of Nova's counterclaims.

7.     The phrase "Circumstances surrounding Nova's allegation," as used herein, includes but is not limited to all activities that relate to such allegation, including the dates and locations of the activities, any persons involved in the activities and their respective roles therein, each of the persons who can corroborate the activities and roles of such individuals and, to the extent not requested elsewhere, all documents that support or refute such allegation.

8.     The terms "person" and "persons" shall mean natural persons.

9.     The term "date" shall mean the exact day, month, and year (to the degree ascertainable) or, if not ascertainable, the best approximation (including relationship to other events).

10.     The term "document" shall mean writings, recordings and other communications reduced to physical or electronic form, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including without limitation, correspondence, memoranda, notes, e-mail, diaries, notebooks, minutes, statistics, letters, telegrams, contracts, reports, studies, checks, statements, tags, labels, invoices,

brochures, periodicals, receipts, returns, summaries, pamphlets, books, prospectuses, calendars, diaries, planners, interoffice and intra-office communications, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, meetings, or printouts, teletypes, telefax, invoices, work sheets, and all drafts, alterations, modifications, changes and amendments of the foregoing), graphic or oral representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs, and recordings).

11.    Any headings throughout the following listing of Topics are solely informational and are intended to assist with organization of the Topics.  The headings should not be construed as limiting any Topic in any manner.

## Topics

### Agreements

1.      The Agreement, including negotiation, execution and any amendment or modifications thereof.

2.      An identification of each person who was involved in the negotiation, execution, amendment or modification of the Agreement, the involvement of each such person (including the manner of involvement), and all documents or other evidence that corroborate such involvement.

3.      All agreements pertaining or relating in any way to the September 8, 1999, meeting with Dr. Schaefer or Dr. Grenner.

4.      All agreements pertaining or relating in any way to the disclosure of information relating to Nova's glucose strip technology to HLR or any Roche entity.

### Meeting

5.      The September 8, 1999 meeting between Nova and HLR, including the topics discussed during the meeting.

6.      An identification of each person who attended or participated in the September 8, 1999 meeting with Drs. Schaefer and Grenner, the involvement of each such person (including the manner of involvement), and all documents or other evidence that corroborate such involvement.

7.      An identification of each person who disclosed information regarding Nova's glucose strip technology to Dr. Schaefer or Dr. Grenner at the September 8, 1999 meeting, and all documents or other evidence that corroborate any such disclosure by that person.

8.    An identification of all information regarding Nova's glucose strip technology disclosed to Dr. Schaefer or Dr. Grenner at the September 8, 1999 meeting, including all details as to the manner in which the information was disclosed, and all documents or other evidence that corroborate that the information was disclosed to Dr. Schaefer or Dr. Grenner at the September 8, 1999 meeting.

9.    For all information regarding Nova's glucose strip technology disclosed to Dr. Schaefer or Dr. Grenner at the September 8, 1999 meeting, an identification of which information Nova considered to be confidential, proprietary and/or trade secret information at the time of the disclosure to Dr. Schaefer or Dr. Grenner and the basis for this consideration.

10.   All documents regarding Nova's glucose strip technology shown to Dr. Schaefer or Dr. Grenner at the September 8, 1999 meeting.

11.   For all documents regarding Nova's glucose strip technology shown to Dr. Schaefer or Dr. Grenner at the September 8, 1999 meeting, an identification of which information Nova considered to be confidential, proprietary and/or trade secret information at the time the document was provided to Dr. Schaefer or Dr. Grenner and the basis for this consideration.

12.   All documents regarding Nova's glucose strip technology provided to Dr. Schaefer or Dr. Grenner at the September 8, 1999 meeting.

13.   For all documents regarding Nova's glucose strip technology provided to Dr. Schaefer or Dr. Grenner at the September 8, 1999 meeting, an identification of which information Nova considered to be confidential, proprietary and/or trade secret information at the time the document was provided to Dr. Schaefer or Dr. Grenner and the basis for this consideration.

14.     All statements made by Nova or HLR prior to, at, during or after the September 8, 1999 meeting regarding the meeting or Nova's glucose strip technology.

**Alleged Disclosures Under the Agreement**

15.     An identification of all information disclosed to HLR under the Agreement, including all details as to the manner and circumstances in which the information was disclosed (including an identification of the date the disclosure was made, the person who made the disclosure and an identification of the person(s) who allegedly received the information), and all documents or other evidence that corroborate that the information was disclosed to HLR.

16.     For all information disclosed to HLR under the Agreement, an identification of which information Nova considered to be confidential, proprietary and/or trade secret information at the time of the disclosure to HLR and the basis for this consideration.

17.     All documents shown to HLR under the Agreement.

18.     For all documents shown to HLR under the Agreement, an identification of which information in the document Nova considered to be confidential, proprietary and/or trade secret information at the time the document was provided to HLR and the basis for this consideration.

19.     All documents provided to HLR under the Agreement.

20.     For all documents provided to HLR under the Agreement, an identification of which information in the document Nova considered to be confidential, proprietary and/or trade secret information at the time the document was provided to HLR and the basis for this consideration.

21.     Nova's efforts to maintain the secrecy or confidentiality of the information allegedly disclosed to HLR under the Agreement prior to the alleged disclosure to HLR.

22.    Nova's efforts to maintain the secrecy or confidentiality of the information allegedly disclosed to HLR under the Agreement after the alleged disclosure to HLR.

**Roche's Alleged Use**

23.    An identification of the Roche blood glucose monitoring strips that allegedly incorporate the confidential, proprietary and/or trade secret information that Nova allegedly disclosed to HLR.

24.    An identification of the confidential, proprietary and/or trade secret information that Roche allegedly incorporated into its own glucose monitoring strips.

25.    An identification of the person(s) at Nova who first discovered that Roche's blood glucose monitoring strips incorporated information that Nova allegedly disclosed to HLR, all details as to the manner and circumstances surrounding that person(s) discovery, and all documents or other evidence that corroborate that discovery.

26.    All documents that allegedly evidence, substantiate or show Roche's use of Nova's confidential, proprietary and/or trade secret information

**Allegations in the Nova's Counterclaims**

27.    An identification of all confidential, proprietary and/or trade secret information allegedly disclosed by Nova to HLR in the following communications:

a.    "Nova provided HLR through the disclosures to Drs. Schaefer and Grenner with Information concerning Nova's glucose strip technology, including, *inter alia*, a product demonstration, a description of the manufacturing process, the product specifications, the design of the product, including the component parts and layers, and other confidential and proprietary Information concerning Nova's work on a sub-microliter glucose strip."

7

b. "Nova also provided Roche with additional confidential and proprietary Information concerning Nova's development of a blood glucose monitoring strip, including unpublished copies of two then-pending Nova patent applications."

28.     All circumstances surrounding Nova's allegation that "[Roche Diagnostics Operations Inc.] is bound by the terms of the Agreement by virtue of its affiliation with HLR," including all documents and other evidence supporting such allegation.

29.     All circumstances surrounding Nova's allegation that "Nova provided HLR through the disclosures to Drs. Schaefer and Grenner with Information concerning Nova's glucose strip technology, including, *inter alia*, a product demonstration, a description of the manufacturing process, the product specifications, the design of the product, including the component parts and layers, and other confidential and proprietary Information concerning Nova's work on a sub-microliter glucose strip," including all documents and other evidence supporting such allegation.

30.     All circumstances surrounding Nova's allegation that "Nova also provided Roche with additional confidential and proprietary Information concerning Nova's development of a blood glucose monitoring strip, including unpublished copies of two then-pending Nova patent applications," including all documents and other evidence supporting such allegation.

31.     All circumstances surrounding Nova's allegation that Roche improperly used Nova's confidential and proprietary Information, provided under the Agreement, to develop Roche's own blood glucose monitoring strips, including all documents and other evidence supporting such allegation.

32.     All circumstances surrounding Nova's allegation that Roche used Nova's proprietary Information to develop its own blood glucose monitoring strips, including all documents and other evidence supporting such allegation.

33.     All circumstances surrounding Nova's allegation that Roche's alleged use of Nova's proprietary Information to develop its own blood glucose monitoring strips constitutes a breach of Paragraph 3 of the Agreement, including all documents and other evidence supporting such allegation.

34.     All circumstances surrounding Nova's allegation that Roche acquired proprietary and trade secret information from Nova under circumstances giving rise to a legal duty to maintain that information's secrecy, and not improperly use that information to Roche's benefit, including all documents and other evidence supporting such allegation.

35.     All circumstances surrounding Nova's allegation that Roche misused Nova's proprietary and trade secret information in the development of its own blood glucose test strips without express or implied consent from Nova, including all documents and other evidence supporting such allegation.

36.     All circumstances surrounding Nova's allegation that Roche improperly used any of Nova's allegedly confidential, proprietary and/or trade secret information, including all documents and other evidence supporting such allegation.

37.     All circumstances surrounding Nova's allegation that any alleged use of Nova's information by Roche has inhibited Nova's ability to realize returns on its investment in innovation, research and development and impeded Nova's ability to earn revenue, including all documents and other evidence supporting such allegation.

9

38.     All circumstances surrounding Nova's allegation that Roche exercised dominion over Nova's confidential and proprietary information in a manner that was inconsistent with Nova's rights and interests to maintain the information as confidential and proprietary, including all documents and other evidence supporting such allegation.

39.     All documents or other evidence upon which Nova may rely in support of its breach of contract claim.

40.     All documents or other evidence upon which Nova may rely in support of its misappropriation of trade secrets claim.

41.     All documents or other evidence upon which Nova may rely in support of its unfair competition claim.

42.     All documents or other evidence upon which Nova may rely in support of its conversion claim.

**The Nova Applications**

43.     The filing and subsequent prosecution of the Nova applications.

44.     The date of publication of each of the Nova applications or publication of the information and disclosures in each of the Nova application.

45.     The filing and prosecution of patent applications related to the Nova applications, including the filing and prosecution of PCT/US00/15106 (International Publication No. WO 00/73778).

46.     An identification of all alleged confidential, proprietary and/or trade secret information allegedly disclosed by Nova to HLR that was not publicly disclosed by Nova in United States Patent No. 6,258,229, entitled "Disposable Sub-Microliter Volume Sensor and Method of Making."

**Miscellaneous**

47.    All documents or evidence that comprises, reflects, contains, or comments upon the alleged confidential, proprietary and/or trade secret information identified in response to Topics Nos. 9, 11, 16, 18, 20, or 27.

48.    Third Parties to whom such alleged confidential, proprietary and/or trade secret information identified in response to Topics Nos. 9, 16, 18, 20, or 27 have been disclosed, including the manner and circumstances surrounding such disclosure, and all documents and other evidence evidencing such disclosure.

49.    All documents and other evidence purporting to show that any Third Parties identified in response to Topic No. 48 above had any confidentiality obligation to Nova not to disclose such alleged trade secrets to others.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on August 8, 2008, the within document

was filed with the Clerk of the Court using CM/ECF which will send notification of such

filing(s) to the following; that the document was served on the following counsel as

indicated; and that the document is available for viewing and downloading from

CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
500 Delaware Avenue
8th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

Mary W. Bourke, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
mbourke@cblh.com

**BY HAND DELIVERY AND E-MAIL**

John W. Shaw, Esq.
Jeffrey T. Castellano, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
jcastellano@ycst.com

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
rsmith@mnat.com

I hereby certify that on August 8, 2008 the foregoing document was sent by E-mail to the following non-registered participants:

Bradford J. Badke, Esq.
Sona De, Esq.
Michael Kahn, Esq.
Simon Fitzpatrick, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Jim.badke@ropesgray.com
Sona.de@ropesray.com
Michael.kahn@ropesgray.com
Simon.fitzpatrick@ropesgray.com

Wesley E. Overson, Esq.
Rachel Krevans, Esq.
Jason R. Bartlett, Esq.
Parisa Jorjani, Esq.
Daniel P. Muino, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
woverson@mofo.com
rkrevans@mofo.com
jasonbartlett@mofo.com
pjorjani@mofo.com
dmuino@mofo.com

Kenneth P. George, Esq.
Joseph M. Casino, Esq.
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY  10016
kgeorge@arelaw.com
jcasino@arelaw.com

Michael G. Adams, Esq.
Ashley L. Ellis, Esq.
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com