IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS INC. and CORANGE INTERNATIONAL LTD., <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT DIABETES CARE, INC., ABBOTT DIABETES CARE SALES CORP., BAYER HEALTHCARE LLC, DIAGNOSTIC DEVICES INC., LIFESCAN INC., and NOVA BIOMEDICAL CORP., <br><br> Defendants. | C.A. No. 07-753-JJF |

## ROCHE'S SECOND NOTICE OF DEPOSITION TO NOVA BIOMEDICAL CORP. PURSUANT TO RULE 30(b)(6)

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Roche Diagnostics Operations Inc. and Corange International Ltd. (referred to collectively as "Roche") shall take the deposition of Nova Biomedical Corporation ("Nova") through the person(s) designated by Nova to testify on its behalf with respect to the subjects set forth in Exhibit A. The deposition will commence at 9:30 a.m. on August 28, 2008 at the offices of Potter Anderson & Corroon LLP, Hercules Plaza, 1313 North Market Street, Wilmington, Delaware 19801, or at a time and place to be mutually agreed upon by counsel. The deposition will be recorded by stenographic means, may be videotaped, and will take place before a Notary Public or other officer duly authorized to administer oaths and will continue from day to day until concluded.

You are invited to attend and cross-examine.

OF COUNSEL:

Daniel A. Boehnen
Grantland G. Drutchas
Paul S. Fritsch
Sean M. Sullivan
Patrick G. Gattari
Benjamin R. Huber
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Dated: August 8, 2008
877770

POTTER ANDERSON & CORROON LLP

By: /s/ Philip A. Rovner
    Philip A. Rovner (#3215)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    provner@potteranderson.com

*Attorney for Plaintiffs*
*Roche Diagnostics Operations, Inc., and*
*Corange International Limited*

## EXHIBIT A

Pursuant to Rule 30(b)(6), you have a duty to designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf. To the extent more than one person responds to this subpoena, you may also set out the matters on which each person designated will testify. The persons designated must testify about information known or reasonably available to the organization.

For the purposes of the topics set forth below, the following definitions shall apply.

### Definitions

1.  The term "Roche" shall mean the Plaintiffs in this lawsuit, Roche Diagnostics Operations Inc. and Corange International Ltd.; any company name under which Roche is doing or has done business; and its predecessors, parents, subsidiaries, divisions, licensees, franchisees, assigns or other related business entities; its directors, officers, employees, agents, distributors, jobbers, salespersons, interns, sales representatives, and attorneys, and each person acting or purporting to act on its or their behalf or under its or their control.

2.  The term "Nova" shall mean Nova Biomedical Corporation and/or any company name under which Nova is doing or has done business; its predecessors, parents, subsidiaries, divisions, licensees, franchisees, assigns or other related business entities; its directors, officers, employees, agents, distributors, jobbers, salespersons, interns, sales representatives and attorneys; and each person acting or purporting to act on its or their behalf or under its or their control.

3.  The terms "person" and "persons" shall mean natural persons.

4. The term "date" shall mean the exact day, month, and year (to the degree ascertainable) or, if not ascertainable, the best approximation (including relationship to other events).

5. The term "document" shall mean writings, recordings and other communications reduced to physical or electronic form, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including without limitation, correspondence, memoranda, notes, e-mail, diaries, notebooks, minutes, statistics, letters, telegrams, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, prospectuses, calendars, diaries, planners, interoffice and intra-office communications, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, meetings, or printouts, teletypes, telefax, invoices, work sheets, and all drafts, alterations, modifications, changes and amendments of the foregoing), graphic or oral representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs, and recordings).

6. The term "229 patent" shall mean U.S. Patent No. 6,258,229.

7. The term "Roche Accused Product" shall mean any product that Roche has made, used, sold, offered for sale, imported or exported and that Nova asserts infringes any of the claims of U.S. Patent No. 6,258,229, including but not limited to Roche's Accu-Chek® Aviva® test strips.

## Topics

1. All claims of the 229 patent that Nova asserts have been, are being or will be infringed by Roche.

2. For each claim of the 229 patent that Nova asserts has been, is being or will be infringed by Roche, all factual bases for Nova's assertion in that regard.

3. All documents or other evidence upon which Nova may rely in support of its claim that Roche infringed or will infringe any of the claims of the 229 patent.

4. All aspects, features, or methods of making any Roche Accused Product that allegedly infringes any of the claims of the 229 patent.

5. All aspects or features of any Roche Accused Product that Nova asserts as comprising:

    a. "a stabilizer, wherein said stabilizer is a polyalkylene glycol," or

    b. a "reagent material [that] contains a polyalkylene glycol stabilizer,"

    including all documents or other evidence upon which Nova may rely to support this assertion.

6. All aspects or materials described in the Bill of Materials (Bates No. R007577087-R007577088) that allegedly comprise:

    a. "a stabilizer, wherein said stabilizer is a polyalkylene glycol," or

    b. a "reagent material [that] contains a polyalkylene glycol stabilizer."

7. All aspects, features, or methods of making any Roche Accused Product that Nova asserts comprises:

    a. a "conductive layer having a scribe line delineated thereon and forming three electrode paths";

    b. a "conductive layer having a pattern scribed into said conductive layer, said pattern delineating three electrically-distinct conductive paths"; or

    c. "scribing in said conductive material a plurality of lines in a repetitive pattern wherein said plurality of lines contain a repetitive patter capable of forming three conductive paths in each of said repetitive pattern,"

including all documents or other evidence upon which Nova may rely to support this assertion.

8. All actions taken by Nova prior to January 11, 2008, to ascertain whether or not Roche has infringed or will be infringing any claims of the 229 patent.

9. All actions taken by Nova prior to February 14, 2008, to ascertain whether or not Roche has infringed or will be infringing any claims of the 229 patent.

10. Samples of Roche Accused Product tested, evaluated or considered by or on behalf of Nova prior to January 11, 2008, and the results of such testing or evaluation.

11. Samples of Roche Accused Product tested, evaluated or considered by or on behalf of Nova prior to February 14, 2008, and the results of such testing or evaluation.

12. Nova's decision to sue Roche for infringement of the 229 patent, including the date such decision was made, the identification of each person involved in the decision, an explanation of each persons role therein, and all documents or other evidence upon which Nova may rely to show that Nova's claim of infringement was and is well grounded in fact and law, and not be presented for an improper purpose.

13. The date and circumstances of Nova's first knowledge or recognition that the Roche Accused Product allegedly infringed the 229 patent.

14. All prior or existing litigation in which Nova was or is a party concerning, involving or discussing the 229 patent or any product covered by or infringing the 229 patent.

15. The prosecution of the application(s) that resulted in the 229 patent.

16. All expert opinions and reports concerning, discussing or relating to the 229 patent, including any discussion of products covered by or infringing the 229 patent.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on August 8, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
500 Delaware Avenue
8th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

Mary W. Bourke, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
mbourke@cblh.com

**BY HAND DELIVERY AND E-MAIL**

John W. Shaw, Esq.
Jeffrey T. Castellano, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
jcastellano@ycst.com

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
rsmith@mnat.com

I hereby certify that on August 8, 2008 the foregoing document was sent by E-mail to the following non-registered participants:

Bradford J. Badke, Esq.
Sona De, Esq.
Michael Kahn, Esq.
Simon Fitzpatrick, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Jim.badke@ropesgray.com
Sona.de@ropesgray.com
Michael.kahn@ropesgray.com
Simon.fitzpatrick@ropesgray.com

Wesley E. Overson, Esq.
Rachel Krevans, Esq.
Jason R. Bartlett, Esq.
Parisa Jorjani, Esq.
Daniel P. Muino, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
woverson@mofo.com
rkrevans@mofo.com
jasonbartlett@mofo.com
pjorjani@mofo.com
dmuino@mofo.com

Kenneth P. George, Esq.
Joseph M. Casino, Esq.
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
kgeorge@arelaw.com
jcasino@arelaw.com

Michael G. Adams, Esq.
Ashley L. Ellis, Esq.
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com