IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT DIABETES CARE, INCORPORATED, and ABBOTT DIABETES CARE SALES CORPORATION, et al.<br><br>Defendants. | C.A. No. 07-753-JJF |

**NOTICE OF DEPOSITION OF PLAINTIFFS ROCHE DIAGNOSTICS OPERATIONS, INC. AND CORANGE INTERNATIONAL LTD.**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6), Fed. R. Civ. P., Defendant Nova Biomedical Corporation ("Nova"), will take the deposition of Roche Diagnostics Operations, Inc. ("Roche") on the topics set forth in the attached Schedule A, by one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf. The deposition will commence at 9:30 a.m. on October 2, 2008, and continue day to day until completed, at the offices of Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, or at such alternative date, time, and place as mutually agreed upon by counsel for the parties.

Defendant requests that Roche identify the person(s) designated by Roche to testify on its behalf, the matters on which each such person(s) will testify, and the language in which each such person(s) will testify, at least ten business days in advance of the deposition.

- 2 -

The deposition will be taken pursuant to the Federal Rules of Civil Procedure before a certified stenographer or other officer authorized by law. The deposition will be recorded by sound, video, and/or stenographic means. You are invited to attend.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
rsmith@mnat.com
*Attorneys for Defendant*
*Nova Biomedical Corporation*

OF COUNSEL:

Bradford J. Badke
Sona De
Michael P. Kahn
Simon A. Fitzpatrick
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704

August 22, 2008
2458529

## SCHEDULE A

## DEFINITIONS

1.  Nova adopts and incorporates by reference herein the Definitions set forth in Nova's First Set of Interrogatories Directed to Nova's Counterclaims (Nos. 1-7), served on May 2, 2008, and the Definitions set forth in Nova's First Set of Requests to Roche for the Production of Documents and Things (1-59), served on March 19, 2008.

## TOPICS

**The Meeting:**

1.  Prior to September 8, 1999, Roche's knowledge of Nova's various technologies related to testing the amount of glucose in blood, including but not limited to any analyses, presentations, opinions, or evaluations of Nova technologies.

2.  Prior to September 8, 1999, Roche's contemplation of potential business relationships or ventures between Nova and Roche involving glucose strip technologies, including all related analyses, presentations, opinions, or evaluations of such potential business relationships or ventures.

3.  The origin of the September 8, 1999 meeting (the "Meeting") between Nova and Roche, including but not limited to communications regarding the purpose or goals of the Meeting, communications regarding the Meeting's time, location, and attendance, and an identification of each person involved in any such communications.

4.  The factual basis for Roche's denial of the statement, "On September 8, 1999, Drs. Schaefer and Grenner met with Nova in 1999 to discuss, *inter alia*, Nova's glucose strip technology." *See* Roche's Reply to Nova's Amended Counterclaims, ¶ 11.

5. The factual basis for Roche's denial of the statement that Roche "attended [the] Meeting for . . . purposes of evaluating a potential business relationship whereby [Roche] would be entitled to distribute and sell blood glucose monitoring strips developed by Nova." *See* Roche's Reply to Nova's Amended Counterclaims, ¶ 12.

6. The factual basis for Roche's denial of the statement that, during the Meeting, "Nova provided [Roche] . . . with Information concerning Nova's glucose strip technology, including, *inter alia*, a product demonstration, a description of the manufacturing process, the product specifications, the design of the product, including the component parts and layers, and other confidential and proprietary Information concerning Nova's work on a sub-microliter glucose strip." *See* Roche's Reply to Nova's Amended Counterclaims, ¶ 17.

**The Agreement:**

7. The formation of the agreement entered into by Nova and Roche on September 8, 1999 (the "Agreement"), including but not limited to communications regarding the purpose or goals of the Agreement, drafts or proposed versions of the Agreement, negotiations, communications regarding the subject matter, content, or meaning of the Agreement or any portion thereof, and an identification of each person involved in any such communications.

8. Whether the term, "new glucose monitoring technology" (the "Information"), as it appears within the Agreement, includes Nova's glucose strip technology. *See* Roche's Reply to Nova's Amended Counterclaims, ¶¶ 10, 12.

9. Whether Roche denies that the Agreement governed Nova's disclosure of proprietary information relating to its "new glucose monitoring technology" (the "Information"). *See* Roche's Reply to Nova's Amended Counterclaims, ¶ 13.

10. Roche's understanding of the term in Paragraph 3 of the Agreement, stating, "Affiliated companies of ROCHE as well as consultants of ROCHE are not considered third parties in the meaning of the Art. 3, provided they assume the same secrecy obligations and are therefore bound to the secrecy obligations of ROCHE."

11. Roche's understanding of the term in Paragraph 3 of the Agreement, requiring that, "ROCHE will treat such Information for a period of five (5) years after execution of this Agreement in the same manner as it would treat its own proprietary information and will not divulge the Information to third parties or use any Information for any other purposes than its evaluation . . . ."

**Roche's Use:**

12. Any communication, evaluation, analysis, and/or consideration conducted by or on behalf of Roche subsequent to the Meeting, of Nova and/or Nova's blood glucose technologies.

13. Any communication, evaluation, analysis, and/or consideration conducted by or on behalf of Roche subsequent to the Meeting, of Nova's then-pending and/or then-unpublished patent applications.

14. All factors considered by Roche, following the Meeting, in deciding whether or not to enter a business relationship with Nova, and the basis for Roche's decision not to enter any business relationship with Nova.

15. Roche's use of the Information conveyed by Nova during the Meeting for any purposes other than evaluation.

16. Roche's efforts to research, design, and develop electrochemical sensors embodying, including, or reflecting any of the Information conveyed to Roche during the Meeting, including but not limited to: (i) the acts, steps, or phases comprising such research, design, and development efforts; (ii) all entities that participated in or were otherwise involved in such research, design, and development, including any companies owned by or affiliated with Roche Holdings Ltd., and any third parties; (iii) all persons involved in such research, design, and development efforts; (iv) the locations and dates of such research, design, and development efforts; and (v) all documents that relate to any agreements with third parties related to such research, design, and development efforts.

17. Roche's efforts to research, design, and develop technologies related to the '146 and '147 Patents, including but not limited to: (i) the acts, steps, or phases comprising such research, design, and development efforts; (ii) all entities that participated in or were otherwise involved in such research, design, and development, including any companies owned by Roche Holdings Ltd., and any third parties; (iii) all persons involved in such research, design, and development efforts; (iv) the locations and dates of such research, design, and development efforts; and (v) all documents that relate to any agreements with third parties related to such research, design, and development efforts.

18. Any comparison of the Information conveyed to Roche during the Meeting, and the subject matter of the '146 and '147 patents in suit, and an identification of the individual(s) that performed and reviewed such comparison.

19. Any comparison of the Information conveyed to Roche during the Meeting, and products and/or devices manufactured, assembled, used, sold, offered for sale, imported, or bearing Roche-owned marks, and an identification of the individual(s) that performed and reviewed such comparison.

**The '229 Patent:**

20. Roche's first awareness of the '229 Patent and any and all patent applications that resulted in the '229 Patent ("the '229 Patent applications"), including but not limited to (i) the timing of Roche's first awareness of the '229 Patent and/or the '229 Patent applications, (ii) the means by which Roche first became aware of the '229 Patent and/or the '229 Patent applications, and (iii) the identity of the individual(s) at Roche that first became aware of the '229 Patent and/or the '229 Patent applications.

21. Any communication, evaluation, analysis, and/or consideration of (i) the subject matter of the '229 Patent and/or the '229 Patent applications, (ii) "information relating to Nova's glucose monitoring technology," referred to in paragraph 10 of Roche's Reply to Nova's Amended Count-Claim, or (iii) any other information received from Nova relating to electrochemical sensors capable of determining the glucose concentration in a blood sample of less than one microliter.

22. Any communication, evaluation, analysis, and/or consideration of issued patents and/or patent applications that relate to determining the glucose concentration in a blood sample of less than one microliter, and the individual(s) that reviewed such information.

23. The decision to manufacture, assemble, use, sell, offer to sell, import, or license Roche-owned marks for use with, electrochemical sensors capable of determining the

glucose concentration in a blood sample of less than one microliter, and the individual(s) involved in that decision.

24. The structure, function, features, or operation of electrochemical sensors capable of determining the glucose concentration in a blood sample of less than one microliter that Roche has manufactured, assembled, used, sold, offered for sale, imported, or licensed Roche-owned marks for use with.

25. Any comparison of the subject matter of the '229 Patent and any electrochemical blood glucose sensor that Roche has manufactured, assembled, used, sold, offered for sale, imported, or licensed Roche-owned marks for use with, and an identification of the individual(s) that performed and/or reviewed any such comparison.

26. Any electrochemical blood glucose sensor that Roche has considered, tested, selected, or rejected, and why each such device was considered, tested, selected, and/or rejected, and the individual(s) involved in those decisions.

27. Roche's efforts to research, design, and develop electrochemical sensors capable of determining the glucose concentration in a blood sample of less than one microliter, including but not limited to: (i) the acts, steps, or phases comprising such research, design, and development efforts; (ii) all entities that participated in or were otherwise involved in such research, design, and development, including any companies owned by Roche Holdings Ltd., and any third parties; (iii) all persons involved in such research, design, and development efforts; (iv) the locations and dates of such research, design, and development efforts; and (v) all documents that relate to any agreements with third parties related to such research, design, and development efforts.

28. Any actual or proposed clinical study and/or testing of electrochemical sensors capable of determining the glucose concentration in a blood sample of less than one microliter, including the time, location, size, objective, protocol, result, and conclusion of any such study and the individuals involved in its design, administration, or analysis.

29. Any communication, publication or dissemination of the time, location, size, objective, protocol, result, or conclusion of each study described in Topic Number 28.

30. All agreements (written or oral) and negotiations for potential agreements that Roche has been party to concerning electrochemical sensors capable of determining the glucose concentration in a blood sample of less than one microliter.

31. Roche's efforts to market blood glucose products, including but not limited to advertisements directed toward retail purchasers, government purchasers, hospital and medical health services purchasers, end-users, and any intermediaries.

32. An identification of the features of Roche's past and present line of blood glucose products that appear in marketing documents, user manuals, or other sources of information directed toward users or potential users, including but not limited to: (i) statements regarding the amount of blood a device requires to determine glucose concentration; (ii) statements regarding of the amount of time a device requires to determine glucose concentration.

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on August 22, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

> Philip A. Rovner, Esquire
> Potter Anderson & Corroon LLP
>
> Mary W. Bourke, Esquire
> Connolly Bove Lodge & Hutz LLP
>
> Steven J. Balick, Esquire
> Ashby & Geddes
>
> John W. Shaw, Esquire
> Young Conaway Stargatt & Taylor LLP

I also certify that copies were caused to be served on August 22, 2008, upon the following in the manner indicated:

### BY HAND AND EMAIL

> Philip A. Rovner, Esquire
> Potter Anderson & Corroon LLP
> 1313 North Market Street
> Wilmington, DE  19801
>
> Mary W. Bourke, Esquire
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 North Orange Street
> Wilmington, DE  19801
>
> Steven J. Balick, Esquire
> Ashby & Geddes
> 500 Delaware Avenue
> P.O. Box 1150
> Wilmington, DE  19899

John W. Shaw, Esquire
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

**BY EMAIL**

Daniel A. Boehnen, Esquire
Grantland G. Drutchas, Esquire
McDonnell Boehnen Hulbert & Bergoff LLP
300 South Wacker Drive
Chicago, IL 60606
boehnen@mbhb.com
drutchas@mbhb.com

Michael G. Adams, Esquire
Ashley L. Ellis, Esquire
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

Rachel Krevans, Esquire
Wesley E. Overson, Esquire
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
rkrevans@mofo.com
woverson@mofo.com

Kenneth P. George
Joseph M. Casino
Amster Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
kgeorge@arelaw.com
jcasino@arelaw.com

*/s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)

- 2 -