## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED, | ) ) ) |
| Plaintiffs, | ) Civil Action No. 07-753-JJF ) |
| v. | ) ) |
| ABBOTT DIABETES CARE, INCORPORATED and ABBOTT DIABETES CARE SALES CORPORATION, LIFESCAN HEALTHCARE, LLC, DIAGNOSTICS DEVICES, INC., LIFESCAN, INCORPORATED, and NOVA BIOMEDICAL CORPORATION, | ) ) ) ) ) JURY TRIAL DEMANDED ) ) ) ) |
| Defendants. | ) |

### LIFESCAN INC.'S OBJECTIONS TO ROCHE'S FIRST
### NOTICE OF DEPOSITION TO LIFESCAN PURSUANT TO RULE 30(B)(6)

Defendant LifeScan, Inc. ("LifeScan") hereby objects to the First Notice of Deposition to LifeScan Pursuant to Rule 30(b)(6) ("Notice"), served by plaintiffs Roche Diagnostics Operations, Inc. and Corange International Limited (collectively, "Roche") on August 7, 2008, as follows:

### GENERAL OBJECTIONS

The following General Objections are incorporated and made part of LifeScan's subsequent specific objections to each of the propounded topics as if fully stated therein:

1.      LifeScan objects to the notice as failing to give adequate time to respond, particularly since most of the corporate knowledge resides with foreign ex-employees. LifeScan will confer with Plaintiffs regarding a time to be mutually agreed upon.

2.      LifeScan objects to the time and location of the deposition. LifeScan will make its designated 30(b)(6) witness available at a location to be determined.

3.    LifeScan objects generally to any deposition topic in the Notice to the extent it fails to comply with or imposes obligations in excess of those required by the Federal Rules of Civil Procedure, the applicable Local Rules of this Court, and/or the Scheduling Order entered in this case, or any stipulation or agreements of the parties.

4.    LifeScan further objects to any deposition topic in the Notice to the extent it seeks information that is not relevant to any claim or defense, and is not reasonably calculated to lead to the discovery of admissible evidence.

5.    LifeScan further objects to any deposition topic in the Notice to the extent it seeks the disclosure or identification of information that is protected by the attorney-client privilege, the work-product doctrine, or any other recognized privilege or protection.

6.    LifeScan further objects to any deposition topic in the Notice to the extent it requires testimony about "any" or "all" documents or items of information, or any similar unrestricted request, on the grounds that it is cumulative, vague, and unduly burdensome.

7.    LifeScan further objects to any deposition topic in the Notice as vague and ambiguous to the extent it fails to designate with reasonable particularity the matter on which examination is requested.

8.    LifeScan further objects to Roche's definition of "Plaintiff" and "Roche" as overly broad and unduly burdensome because the proposed definition improperly seeks to include corporations, businesses, entities, and individuals other than Roche Diagnostics Operations, Inc. and Corange International Limited and their directors, officers, and employees.

9.    LifeScan further objects to Roche's definition of "LifeScan" as overly broad and unduly burdensome because the proposed definition improperly seeks to include corporations, businesses, entities, and individuals other than LifeScan, Inc. and its

2

directors, officers, and employees.

10.     LifeScan further objects to any deposition topic that seeks information not in the possession, custody, or control of LifeScan.

11.     LifeScan further objects to any deposition topic in the Notice to the extent it seeks legal conclusions and/or seeks information based on legal conclusions.

12.     LifeScan objects to any deposition topic in the Notice to the extent it seeks to obtain LifeScan's contentions regarding its prior invention defense prematurely. Under the Rule 16 Scheduling Order entered on April 24, 2008, contentions are not due until the end of Phase I fact deposition discovery.

13.     LifeScan further objects to any deposition topic in the Notice to the extent it seeks information not reasonably limited in time and/or geographic scope.

14.     LifeScan further objects to any deposition topic in the Notice to the extent it seeks information already in Roche's possession or publicly available information that can be obtained as easily by Roche as by LifeScan.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPICS

### DEPOSITION TOPIC NO.1:

LifeScan hereby incorporates each of its General Objections. LifeScan further objects to this Topic as cumulative, vague, and unduly burdensome to the extent it calls for information on "all circumstances" and "all documents" concerning the Topic. LifeScan further objects that this Topic improperly seeks legal conclusions from LifeScan's designated 30(b)(6) witness. LifeScan further objects to this Topic to the extent it is interpreted as directed to LifeScan's contentions in this action.

### DEPOSITION TOPIC NO.2:

LifeScan hereby incorporates each of its General Objections. LifeScan further

3

objects to this Topic as cumulative, vague, and unduly burdensome to the extent it calls for information on "all circumstances" and "all documents" concerning the Topic. LifeScan further objects that this Topic improperly seeks legal conclusions from LifeScan's designated 30(b)(6) witness LifeScan further objects to this Topic to the extent it is interpreted as directed to LifeScan's contentions in this action.

**DEPOSITION TOPIC NO.3:**

LifeScan hereby incorporates each of its General Objections. LifeScan further objects to this Topic as cumulative, vague, and unduly burdensome to the extent it calls for information on "all circumstances" and "all documents" concerning the Topic. LifeScan further objects that this Topic improperly seeks legal conclusions from LifeScan's designated 30(b)(6) witness. LifeScan further objects to this Topic to the extent it is interpreted as directed to LifeScan's contentions in this action.

**DEPOSITION TOPIC NO.4:**

LifeScan hereby incorporates each of its General Objections. LifeScan further objects to this Topic as outside the scope of the first phase of litigation ("Phase I") on infringement and prior invention under 35 U.S.C. § 102(g). LifeScan further objects to this Topic as cumulative, vague, and unduly burdensome to the extent it calls for information on "all circumstances" and "all documents" concerning the Topic. LifeScan further objects that this Topic improperly seeks legal conclusions from LifeScan's designated 30(b)(6) witness. LifeScan further objects to this Topic to the extent it is interpreted as directed to LifeScan's contentions in this action. Based on these objections, LifeScan will not designate a witness to testify on this Topic.

**DEPOSITION TOPIC NO.5:**

LifeScan hereby incorporates each of its General Objections. LifeScan further

objects to this Topic as cumulative, vague, and unduly burdensome to the extent it calls for information on "all circumstances" and "all documents" concerning the Topic. LifeScan further objects that this Topic improperly seeks legal conclusions from LifeScan's designated 30(b)(6) witness. LifeScan further objects to this Topic to the extent it is interpreted as directed to LifeScan's contentions in this action.

## DEPOSITION TOPIC NO.6:

LifeScan hereby incorporates each of its General Objections. LifeScan further objects to this Topic as cumulative, vague, and unduly burdensome to the extent it calls for information on "all circumstances" and "all documents" concerning the Topic. LifeScan further objects that this Topic improperly seeks legal conclusions from LifeScan's designated 30(b)(6) witness. LifeScan further objects to this Topic to the extent it is interpreted as directed to LifeScan's contentions in this action.

## DEPOSITION TOPIC NO.7:

LifeScan hereby incorporates each of its General Objections. LifeScan further objects to this Topic as cumulative, vague, and unduly burdensome to the extent it seeks information on "concepts, experiments, tests, results, or activities" or projects or products that are not relevant to any claim or defense in this action. LifeScan further objects that this Topic improperly seeks legal conclusions from LifeScan's designated 30(b)(6) witness. LifeScan further objects to this Topic to the extent it is interpreted as directed to LifeScan's contentions in this action.

## DEPOSITION TOPIC NO.8:

LifeScan hereby incorporates each of its General Objections. LifeScan further objects to this Topic as cumulative, vague, and unduly burdensome to the extent it seeks information on "concepts, experiments, tests, results, or activities" or projects or products

that are not relevant to any claim or defense in this action. LifeScan further objects that this Topic improperly seeks legal conclusions from LifeScan's designated 30(b)(6) witness. LifeScan further objects to this Topic to the extent it is interpreted as directed to LifeScan's contentions in this action.

## DEPOSITION TOPIC NO.9:

LifeScan hereby incorporates each of its General Objections. LifeScan further objects to this Topic as cumulative, vague, and unduly burdensome to the extent it calls for information on "all documents or other evidence upon which LifeScan may rely." LifeScan further objects that this Topic improperly seeks legal conclusions from LifeScan's designated 30(b)(6) witness. LifeScan further objects to this Topic to the extent it is interpreted as directed to LifeScan's contentions in this action.

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Mary Bourke
Mary W. Bourke (#2356)
R. Eric Hutz (#2702)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
*Attorneys for Defendant/Counter-Plaintiff
LifeScan, Inc.*

Dated: August 25, 2008

630858

## CERTIFICATE OF SERVICE

I, Mary W. Bourke, Esquire, hereby certify that on August 25, 2008, I caused copies of the foregoing document to be served on the following counsel in the manner indicated:

**BY HAND AND EMAIL**
Philip A. Rovner
Potter Anderson & Corroon, LLP
1313 N. Market St.
Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951
*Attorneys for Plaintiffs Roche Diagnostic*
*Operations, Inc. and Corange*
*International Limited*

**BY EMAIL**
Daniel A. Boehnen
Grantland G. Drutchas
Gary E. Hood
Nicole Keenan
Paula S. Fritsch
Sherri L. Oslick
Jeffrey P. Armstrong
Benjamin Huber
Paul S. Tully
McDonnell Boehnen Hulbert &
Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
*Attorneys for Plaintiffs Roche*
*Diagnostic Operations, Inc. and*
*Corange International Limited*

**BY HAND AND EMAIL**
John W. Shaw
Jeffrey Thomas Castellano
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
*Attorneys for Defendant Bayer*
*Healthcare, LLC*

**BY HAND AND EMAIL**
Rodger Dallery Smith, II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
*Attorneys for Defendant Nova*
*Biomedical Corporation*

**BY EMAIL**
Kirk A. Vander Leest
Edward A. Mas II
Stephen F. Sherry
James M. Hafertepe
Merle S. Elliott
Matthew A. Anderson
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, Suite 3400
Chicago, IL 60661
*Attorneys for Defendants Abbott*
*Diabetes Care Inc. and Abbott Diabetes*
*Care Sales Corporation*

**BY HAND AND EMAIL**
Frederick L. Cottrell, III
Anne Shea Gaza
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
*Attorneys for Defendants Abbott Diabetes*
*Care Inc. and Abbott Diabetes Care*
*Sales Corporation.*

**BY EMAIL**
Wesley E. Overson
Rachel Krevans
Jason R. Bartlett
Parisa Jorjani
Daniel P. Muino
Morrisson & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
*Attorneys for Defendant Bayer*
*Healthcare, LLC*

**BY EMAIL**
Kenneth P. George
Joseph M. Casino
Amster Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
*Attorneys for Defendant Bayer*
*Healthcare, LLC*

**BY EMAIL**
Bradford J. Badke
Sona De
Michael Kahn
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
*Attorneys for Defendant Nova*
*Biomedical Corporation*

**BY EMAIL**
Ashley L. Ellis
Michael G. Adams
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
*Attorneys for Defendant Diagnostic*
*Devices Inc.*

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Mary W. Bourke
Mary W. Bourke (#2356)
R. Eric Hutz (#2702)
Kristen Healey Cramer (#4512)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-1347

*Attorneys for Defendant LifeScan Incorporated*