IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-753-JJF |
| ABBOTT DIABETES CARE, INCORPORATED, ABBOTT DIABETES CARE SALES CORPORATION, BAYER HEALTHCARE, LLC, DIAGNOSTICS DEVICES, INC., LIFESCAN, INCORPORATED, and NOVA BIOMEDICAL CORPORATION | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS' FIRST NOTICE OF DEPOSITION TO PLAINTIFFS PURSUANT TO RULE 30(b)(6)

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, Defendants Bayer HealthCare, LLC, LifeScan, Inc., and Nova Biomedical

Corporation will take the deposition of Roche Diagnostics Operations Inc. and Corange

International Ltd. (collectively, "Plaintiffs") through the person(s) designated by Plaintiffs to

testify on their behalf with respect to the subjects set forth herein. The deposition will

commence at 9:30 a.m. on September 3, 2008 at Ropes & Gray, One South Dearborn Street,

Suite 2100, Chicago, IL 60603-2302, or at a time and place to be mutually agreed upon by

counsel, and will continue from day to day until completed.

The deposition will be taken before an officer authorized to administer oaths and will be

recorded stenographically and by videotape. You are invited to attend and cross-examine.

## INSTRUCTIONS

Plaintiffs are hereby directed, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, to designate one or more officers, directors, managing agents, or other person(s) who consent to testify on their behalf concerning the matters known or reasonably available to Plaintiffs, concerning the topics specified below.  Defendants request that Plaintiffs provide defendants with written notice, no later than five (5) business days in advance of the date upon which the deposition is scheduled, of (1) the name and employment position of each designee, and (2) the topics below as to which each designee will testify.  This 30(b)(6) deposition shall be ongoing and further topics for examination may be designated at a later time.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall apply:

1.      The terms "Plaintiffs," "you," and "your" refer to Roche Diagnostics Operations, Inc. and Corange International Limited, and any of their current or former parents, subsidiaries, affiliates, divisions, predecessors, successors, officers, directors, agents, consultants, employees, attorneys, accountants, and any other person or entity currently or previously acting or purporting to act on their behalf.

2.      The term "Bayer" refers to Bayer HealthCare LLC, its officers, directors, agents, consultants, employees, attorneys, accountants, and/or any other person or entity currently or previously acting or purporting to act on its behalf.

3.      The term "LifeScan" refers to LifeScan, Inc., its officers, directors, agents, consultants, employees, attorneys, accountants, and/or any other person or entity currently or previously acting or purporting to act on its behalf.

4.      The term "Nova" refers to Nova Biomedical Corporation, its officers, directors, agents, consultants, employees, attorneys, accountants, and/or any other person or entity currently or previously acting or purporting to act on its behalf.

5.      The term "Defendants" refers to Bayer, LifeScan, and Nova, collectively.

6.    The term "Patents-In-Suit" means U.S. Patent No. 7,276,146 ("the '146 Patent") and U.S. Patent No. 7,276,147 ("the '147 Patent").

7.    The term "Related Applications" means U.S. Application No. 10/264,891, U.S. Application No. 10/382,322, U.S. Application No. 10/264,785, U.S. Application No. 60/332,411, and any other ancestral applications (including provisional applications) of the Patents-In-Suit.

8.    The term "document" shall have the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law, and shall include, without limitation, "writings," "recordings," and "photographs," as defined by Federal Rule of Evidence 1001. "Documents" shall also include materials stored electronically or electromagnetically (such as electronic mail) and all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

9.    The term "communication" means any exchange or transfer of information, whether oral or written, formal or informal, at any time or place, under any circumstances, and in any manner, and shall include, without limitation, any inquiry, request, discussion, conversation, agreement, undertaking, meeting, telephone conversation, letter, note, facsimile, telegram, telex, e-mail, internet or intranet postings, or any other form of information exchange whether oral, written, or electronic.

10.    "Concern" and "concerning" shall mean referring to, relating to, constituting, discussing, describing, evidencing, supporting, tending to support, refuting, tending to refute, or impacting.

11.    "Person" or "persons" shall mean any natural persons, proprietorships, partnerships, firms, corporations, joint ventures, independent establishments, government agencies or corporations (federal or otherwise), any combination acting as an entity, or any divisions or subsidiaries of any group. Unless otherwise stated, "person" or "persons" shall also include any individuals and entities that are separately defined in these Definitions. Any reference to a person shall also include that person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise.

12.    The term "including" shall be construed broadly, and shall encompass "including but not limited to" or "including without limitation."

13.    "Any" should be understood to include and encompass "all," "all" should be understood to include and encompass "any," "or" should be understood to include and encompass "and," and "and" shall be understood to include and encompass "or."

14.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

15.    The use of the singular form of any word shall include the plural and vice versa.

## DEPOSITION TOPICS

1.    The Patents-In-Suit and Related Applications, including preparation of the applications, patent prosecution, communications with the U.S. Patent and Trademark Office, the decision to file and/or abandon the Related Applications, and the identity and roles of each person involved in those activities.

2.    Conception, diligence, and reduction to practice of the inventions claimed in the Patents-In-Suit, and the identity and roles of each person involved in those activities.

3.    Any testing or use of the inventions claimed in the Patents-In-Suit prior to the filing of the Related Applications, and the identity and roles of each person involved in those activities.

4.    The Declarations of Christopher D. Wilsey Under Rule 131, dated March 5, 2003 and December 22, 2006, submitted during prosecution of the Patents-In-Suit, including preparation of the declarations and the identity and roles of each person involved in such preparation.

5.    The Petition to Make Special Under 37 C.F.R. §1.102(d), dated March 5, 2003, submitted during prosecution of the Patents-In-Suit, including preparation of the Petition and the identity and roles of each person involved in such preparation.

6.    The identity of all commercial embodiments of the inventions claimed in the Patents-In-Suit, including, but not limited to, Roche's Aviva blood glucose monitoring product.

7.    Any blood glucose test strip or meter made, developed, tested, conceived, and/or reduced to practice in the United States in 2002 or earlier with a blood sample chamber holding a volume of less than about 1 μl and a test time of 10 seconds or less.

8.    Roche's document production in this case, including documents produced relating to the inventions claimed in the Patents-In-Suit and the prosecution of the Patents-In-Suit.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jcastellano@ycst.com

Rachel Krevans
Wesley E. Overson
Parisa Jorjani
Daniel P. Muino
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000

Kenneth P. George
Joseph M. Casino
AMSTER ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
(212) 336-8000

*Attorneys for Bayer HealthCare, LLC*

CONNOLLY BOVE LODGE & HUTZ LLP
Mary W. Bourke (No. 2356)
R. Eric Hutz (No. 2702)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

*Attorneys for LifeScan, Inc.*


MORRIS, NICHOLS, ARSHT & TUNNELL
LLP
Rodger D. Smith II
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com

Bradford J. Badke
Sona De
Michael P. Kahn
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000

*Attorneys for Nova Biomedical Corporation*

DATED:  August 26, 2008

## CERTIFICATE OF SERVICE

I, Jeffrey T. Castellano, Esquire, hereby certify that on August 26, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Philip A. Rovner, Esquire
> Potter Anderson & Corroon LLP
> 1313 North Market Street
> P.O. Box 951
> Wilmington, DE 19899-0951
>
> Steven J. Balick, Esquire
> Lauren E. Maguire, Esquire
> Ashby & Geddes
> 500 Delaware Avenue
> P.O. Box 1150
> Wilmington, DE 19899

I further certify that on August 26, 2008, I caused a true and correct copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

> Daniel A. Boehnen, Esquire [boehnen@mbhm.com]
> Grantland G. Drutchas, Esquire [drutchas@mbhb.com]
> Gary E. Hood, Esquire [hood@mbhb.com]
> Nicole Keenan, Esquire [keenan@mbhb.com]
> Paula S. Fritsch, Esquire [Fritsch@mbhb.com]
> Sherri L. Oslick, Esquire [oslick@mbhb.com]
> Jeffrey P. Armstrong [armstrongj@mbhb.com]
> McDonnell Boehnen Hulbert & Bergoff LLP
> 300 South Wacker Drive
> Chicago, IL  60606

Michael G. Adams, Esquire [mikeadams@parkerpoe.com]
Ashley L. Ellis, Esquire [ashleyellis@parkerpoe.com]
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC  28202


YOUNG CONAWAY STARGATT
 & TAYLOR, LLP

John W. Shaw (No. 3362) [jshaw@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
Jeffrey T .Castellano (No. 4837)
[jcastellano@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19899
(302) 571-6600

*Attorneys for Defendant Bayer Healthcare, LLC*

DB02:7165065.1                                                    066694.1001