IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS INC. and CORANGE INTERNATIONAL LTD., <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT DIABETES CARE, INC., ABBOTT DIABETES CARE SALES CORP., BAYER HEALTHCARE LLC, DIAGNOSTIC DEVICES INC., LIFESCAN INC., and NOVA BIOMEDICAL CORP., <br><br> Defendants. | C.A. No. 07-753-JJF |

**ROCHE'S FOURTH NOTICE OF DEPOSITION TO
NOVA BIOMEDICAL CORP. PURSUANT TO RULE 30(b)(6)**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Roche Diagnostics Operations Inc. and Corange International Ltd. (referred to collectively as "Roche") shall take the deposition of Nova Biomedical Corp. ("Nova") through the person(s) designated by Nova to testify on its behalf with respect to the subjects set forth in Exhibit A. The deposition will commence at 9:30 a.m. on September 23, 2008 at the offices of Potter Anderson & Corroon LLP, Hercules Plaza, 1313 North Market Street, Wilmington, Delaware 19801, or at a time and place to be mutually agreed upon by counsel. The deposition will be recorded by stenographic means, may be videotaped, and will take place before a Notary Public or other officer duly authorized to administer oaths and will continue from day to day until concluded.

You are invited to attend and cross-examine.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Daniel A. Boehnen<br>Grantland G. Drutchas<br>Gary E. Hood<br>Nicole A. Keenan<br>Paula S. Fritsch<br>Richard A. Machonkin<br>Jeffrey P. Armstrong<br>McDonnell Boehnen Hulbert & Berghoff LLP<br>300 South Wacker Drive<br>Chicago, IL 60606<br>(312) 913-0001 | By: /s/ Philip A. Rovner<br>   Philip A. Rovner (#3215)<br>   Hercules Plaza<br>   P.O. Box 951<br>   Wilmington, DE 19899-0951<br>   (302) 984-6000<br>   provner@potteranderson.com<br><br>*Attorney for Plaintiffs*<br>*Roche Diagnostics Operations, Inc., and*<br>*Corange International Limited* |

Dated: August 26, 2008
880101

## EXHIBIT A

Pursuant to Rule 30(b)(6), you have a duty to designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf. To the extent more than one person is designated, you are requested to set out the matters on which each person designated will testify. The persons designated must testify about information known or reasonably available to the organization.

For the purposes of the topics set forth below, the following definitions shall apply.

### Definitions

1.  The term "Nova" shall mean Nova Biomedical Corp. and/or any company name under which Nova is doing or has done business; its predecessors, parents, subsidiaries, divisions, licensees, franchisees, assigns or other related business entities; its directors, officers, employees, agents, independent contractors, distributors, jobbers, salespersons, interns, sales representatives and attorneys; and each person acting or purporting to act on its or their behalf or under its or their control.

2.  The terms "person" or "persons" shall mean natural persons (including but not limited to those employed by Nova) and all other legally cognizable entities, including (without limitation) governmental entities, agencies, officers, departments or affiliates of the United States of America or any other governmental entity; commercial entities such as corporations, foundations, partnerships and proprietorships; associations; organization; and groups of natural persons.

3.  The term "communication" shall mean any disclosure, transmission or exchange of information from one person or entity to another, including without limitation by personal

meeting, telephone, facsimile, radio, telegraph, electronic mail, teleconference, writing or other means.

4. The terms "concerning," "referring to" and "relating to" shall be interpreted so as to encompass the liberal scope of discovery set forth in Rule 26(b) of the Federal Rules of Civil Procedure, and shall mean for example and without limitation, refer, relate, analyze, concern, constitute, contain, contradict, describe, discuss, evaluate, evidence, pertain, reflect, refute or support.

5. The term "including" shall be construed broadly, and shall encompass "including but not limited to" or "including without limitation."

6. The terms "and," "or" and "and/or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses which otherwise might be construed to be outside its scope.

7. The phrase "the 146 patent" shall mean U.S. Pat. No. 7,276,146.

8. The phrase "the 147 patent" shall mean U.S. Pat. No. 7,276,147.

9. The term "patents-in-suit" shall mean the 146 patent and the 147 patent, either collectively or individually.

10. The phrase "Electrochemical Sensor" shall mean any sensor device capable of being used to determine the concentration of glucose in a blood sample. The Electrochemical Sensors include (without limitation) test strips or meters or equivalent devices used alone or in combination to determine the concentration of glucose in a blood sample.

11. The phrase "Accused Products" shall mean any Electrochemical Sensor that Nova has made (or had made), used, sold, offered for sale in or imported into the United States that (i) uses a blood sample volume of 1 µl or less, and (ii) provides a readout of the glucose

concentration of the blood sample within 10 seconds or less after the blood sample is applied to the Sensor. For example, such devices include, without limitation, the BD Logic Blood Glucose Monitor, the BD Paradigm Link Blood Glucose Monitor, the BD Latitude Blood Glucose Monitor, the NovaMax Blood Glucose Monitor, the Nova Max Link Blood Glucose Monitor, BD Test Strips and NovaMax Test Strips.

12. The term "end-user" shall mean any person that has purchased, used, or is using any Accused Products exclusive of dealers, distributors, and retailers.

13. The term "Patent Applications" shall mean Provisional Application No. 60/332,411, Application No. 10/264,891, Application No. 10/382,322, and Application No. 10/264,785.

### Topics

1. All circumstances where Nova has used, tested, or operated any of the Accused Products after October 2, 2007 for any purpose, related to quality control, quality assurance, for assessing performance or operation, or for ensuring conformance with the product's technical specification, and the details of each such use.

2. All circumstances where Nova has used, tested, or operated each of the Accused Products after October 2, 2007 for any marketing, sales or instructional purpose, including demonstrating the products to potential end-users, health care workers, focus group members, or clinical study participants, or for sales or marketing promotion and the details of each such use.

3. All other circumstances where Nova has used, operated, or demonstrated any of the Accused Products after October 2, 2007 for any other purpose.

3

4. All videotapes, websites, or other recordings showing any use of the Accused Products after October 2, 2007, including showing their operation or demonstration.

5. All circumstances where Nova has used, operated, or tested the Accused Products after October 2, 2007 for the purpose of verifying the performance or operation of the Accused Products after receiving them from the manufacturer.

6. Nova's knowledge, understanding or belief as to how end-users use or operate each of the Accused Products.

7. All studies by Nova as to how end-users use or operate each of the Accused Products.

8. How Nova intends or expects end-users to use or operate each of the Accused Products.

9. All knowledge of Nova regarding the actual use or operation of the Accused Products by end-users, donor study participants, and/or health care workers including how the Accused Products are used during donor studies.

10. All uses for any of the Accused Products that do not comply with the user guides and instructional information provided by Nova.

11. All communications and correspondence between Nova and end-users or users of the Accused Products regarding the use or operation of each of the Accused Products.

12. All communications and correspondence between Nova and health care workers or educators regarding the use or operation of each of the Accused Products or how end users should use or operate each of the Accused Products.

13. All scripts or written materials used by end-user or technical support personnel of Nova for fielding end-user inquiries or complaints.

14. How end-user complaints and/or returns are handled by Nova.

15. All returns, complaints, registrations (including promotional registrations), and/or feedback received regarding any of the Accused Products, including but not limited to an identification of all end-users who have made such a complaint, provided feedback, submitted such registrations or made returns.

16. All documents identifying end-users of the Accused Products.

17. All documents identifying any use of the Accused Products.

18. All circumstances regarding how Nova became aware of the 146 Patent, including the date(s) and manner in which Nova became aware of the 146 Patent, the individual(s) involved, and all documents that refer or relate to such awareness.

19. All circumstances regarding how Nova became aware of the 147 Patent, including the date(s) and manner in which Nova became aware of the 147 Patent, the individual(s) involved, and all documents that refer or relate to such awareness.

20. All circumstances regarding how Nova became aware of any of the Patent Applications, including the date(s) and manner in which Nova became aware of any of the Patent Applications, the individual(s) involved, and all documents that refer or relate to such awareness.

21. All circumstances regarding how Nova became aware that any of the claims of the 146 and/or 147 Patents could potentially read on the use of their Accused Products, including the

date(s) and manner in which Nova became aware of such facts, the individual(s) involved, and all documents that refer or relate to such awareness.

22. All circumstances regarding any attempt by Nova to monitor any of the Patent Applications, including the individual(s) involved in the monitoring, and all documents that refer or relate to such monitoring.

23. All opinions of counsel and other communications received or requested by Nova regarding (i) the 146 and/or 147 patents and/or (ii) the Patent Applications.

24. Whether Nova was aware before the issuance of the 146 and 147 patents (October 2, 2007) that the U.S. Patent and Trademark Office had previously allowed claims in each of the Patent Applications, which were subsequently withdrawn from issuance in March 2007, when Nova first became aware of those facts, and the circumstances under which Nova first became aware of those facts.

25. Whether Nova was aware before the issuance of the 146 and 147 patents (October 2, 2007) that the Patent Applications had been published in July 26, 2007 and/or February 19, 2004 and June 26, 2003, when Nova first became aware of such publications, and the circumstances under which Nova first became aware of such publications.

26. Whether Nova sold any products after October 2, 2007 and after November 30, 2007, respectively, "knowing the same to be especially made or especially adapted for use in an infringement of such [146 and 147] patent[s] and not a staple article or commodity of commerce suitable for substantial noninfringing use."

6

27. All steps taken by Nova to determine whether or not the Accused Products were "especially adapted for use in an infringement" of the 146 and 147 patents.

28. All steps taken by Nova to determine whether or not the Accused Products were "a staple article or commodity of commerce suitable for substantial noninfringing use."

29. All uses and manners of use for each of the Accused Products that prevents it from being "especially adapted for use in an infringement" of the 146 and 147 patents and all documents that demonstrate such uses and manners of use.

30. All uses and manners of use for each of the Accused Products that makes it a staple article or commodity of commerce suitable for substantial noninfringing use and all documents that demonstrate such uses and manners of use.

31. All substantial noninfringing uses for which any of the Accused Products are suitable, and all documents and other evidence that demonstrate such use.

32. Approval by the United States Food and Drug Administration of the Accused Products for use in blood glucose monitoring, including the use(s) of the Accused Products approved by the FDA and all documents and other evidence submitted to obtain said approval and demonstrating said approval.

33. Nova's knowledge of any uses of the Accused Products that are inconsistent with the use(s) approved by United States Food and Drug Administration and all documents and other evidence that describe such inconsistent use.

34. All instructions and directions regarding the operation and use of the Accused Products, and all documents and other evidence showing or demonstrating the instructions and directions.

35. All instructions and directions provided by Nova, directly or indirectly, to end-users regarding the operation and use of the Accused Products, and all documents and other evidence showing or demonstrating the instructions and directions.

36. All instructions and directions included with the Accused Products regarding the operation and use of the Accused Products, and all documents and other evidence showing or demonstrating the instructions and directions.

37. All instructions and directions published by Nova, or otherwise made available to the public, regarding the operation and use of the Accused Products, and all documents and other evidence showing or demonstrating the instructions and directions.

38. All steps taken by Nova to discontinue the sale of any of the Accused Products after learning of the 146 and/or 147 patents or their underlying applications.

39. All steps taken by Nova to alter the user guides or other instructional material provided to end-users or displayed on Nova's website(s) to avoid direct infringement by their end-users after learning of the 146 and/or 147 patents or their underlying applications.

40. Nova's knowledge and understanding of the use and manner in which the Accused Products are used and operated, and all documents and other evidence on which Nova's knowledge and understanding are based.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on August 26, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
500 Delaware Avenue
8th Floor
P.O. Box 1150
Wilmington, DE  19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

Mary W. Bourke, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19801
mbourke@cblh.com

**BY HAND DELIVERY AND E-MAIL**

John W. Shaw, Esq.
Jeffrey T. Castellano, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE  19801
jshaw@ycst.com
jcastellano@ycst.com

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
rsmith@mnat.com

I hereby certify that on August 26, 2008 the foregoing document was sent by E-mail to the following non-registered participants:

| | |
|---|---|
| Bradford J. Badke, Esq.<br>Sona De, Esq.<br>Michael Kahn, Esq.<br>Simon Fitzpatrick, Esq.<br>Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, NY 10036-8704<br>Jim.badke@ropesgray.com<br>Sona.de@ropesgray.com<br>Michael.kahn@ropesgray.com<br>Simon.fitzpatrick@ropesgray.com | Wesley E. Overson, Esq.<br>Rachel Krevans, Esq.<br>Jason R. Bartlett, Esq.<br>Parisa Jorjani, Esq.<br>Daniel P. Muino, Esq.<br>Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, CA 94105-2482<br>woverson@mofo.com<br>rkrevans@mofo.com<br>jasonbartlett@mofo.com<br>pjorjani@mofo.com<br>dmuino@mofo.com |
| Kenneth P. George, Esq.<br>Joseph M. Casino, Esq.<br>Amster, Rothstein & Ebenstein LLP<br>90 Park Avenue<br>New York, NY 10016<br>kgeorge@arelaw.com<br>jcasino@arelaw.com | Michael G. Adams, Esq.<br>Ashley L. Ellis, Esq.<br>Parker Poe Adams & Bernstein LLP<br>Three Wachovia Center, Suite 3000<br>401 South Tryon Street<br>Charlotte, NC 28202<br>mikeadams@parkerpoe.com<br>ashleyellis@parkerpoe.com |

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com