IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS INC.<br>and CORANGE INTERNATIONAL LTD.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ABBOTT DIABETES CARE, INC.,<br>ABBOTT DIABETES CARE SALES CORP.,<br>BAYER HEALTHCARE LLC,<br>DIAGNOSTIC DEVICES INC.,<br>LIFESCAN INC., and<br>NOVA BIOMEDICAL CORP.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 07-753-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ROCHE'S FOURTH NOTICE OF DEPOSITION TO
BAYER HEALTHCARE LLC PURSUANT TO RULE 30(b)(6)**

  PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Roche Diagnostics Operations Inc. and Corange International Ltd. (referred to collectively as "Roche") shall take the deposition of Bayer Healthcare LLC ("Bayer") through the person(s) designated by Bayer to testify on its behalf with respect to the subjects set forth in Exhibit A. The deposition will commence at 9:30 a.m. on September 17, 2008 at the offices of Potter Anderson & Corroon LLP, Hercules Plaza, 1313 North Market Street, Wilmington, Delaware 19801, or at a time and place to be mutually agreed upon by counsel. The deposition will be recorded by stenographic means, may be videotaped, and will take place before a Notary Public or other officer duly authorized to administer oaths and will continue from day to day until concluded.

  You are invited to attend and cross-examine.

                POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Daniel A. Boehnen  
Grantland G. Drutchas  
Gary E. Hood  
Christopher M. Cavan  
Sherri L. Oslick  
McDonnell Boehnen Hulbert & Berghoff LLP  
300 South Wacker Drive  
Chicago, IL 60606  
(312) 913-0001  

Dated: August 27, 2008  
880183

By: /s/ Philip A. Rovner  
    Philip A. Rovner (#3215)  
    Hercules Plaza  
    P.O. Box 951  
    Wilmington, DE 19899-0951  
    (302) 984-6000  
    provner@potteranderson.com  

*Attorney for Plaintiffs*  
*Roche Diagnostics Operations, Inc., and*  
*Corange International Limited*

## EXHIBIT A

Pursuant to Rule 30(b)(6), you have a duty to designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf. To the extent more than one person is designated, you are requested to set out the matters on which each person designated will testify. The persons designated must testify about information known or reasonably available to the organization.

For the purposes of the topics set forth below, the following definitions shall apply.

## Definitions

1.  The terms "Plaintiff" and "Roche" shall mean the Plaintiffs in this lawsuit, Roche Diagnostics Operations Inc. and Corange International Ltd.; any company name under which Roche is doing business; and its predecessors, parents, subsidiaries, divisions, directors, officers, employees, agents, distributors, salespersons, sales representatives, and attorneys, and each person acting or purporting to act on its or their behalf or under its or their control.

2.  The term "Bayer" shall mean Bayer Healthcare LLC and/or any company name under which Bayer Healthcare LLC is doing or has done business; its predecessors, parents, subsidiaries, divisions, licensees, franchisees, assigns or other related business entities; its directors, officers, employees, agents, independent contractors, distributors, jobbers, salespersons, interns, sales representatives and attorneys; and each person acting or purporting to act on its or their behalf or under its or their control.

3.  "Bayer or any Third Party," as used herein, includes any employees of Bayer, as defined above, employees of any third party corporations, including any of the defendants in this litigation, and any other individuals who were not employees of Roche during the relevant time period.

4. "Circumstances surrounding," as used herein, includes but is not limited to all activities that relate to the referenced event, including the dates and locations of the activities, any persons involved in the activities and their respective roles therein, each of the persons who can corroborate the activities and roles of such individuals and, to the extent not requested elsewhere, all documents relating to such event.

5. The terms "person" and "persons" shall mean natural persons.

6. The term "date" shall mean the exact day, month, and year (to the degree ascertainable) or, if not ascertainable, the best approximation (including relationship to other events).

7. The term "document" shall mean writings, recordings and other communications reduced to physical or electronic form, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including without limitation, correspondence, memoranda, notes, e-mail, diaries, notebooks, minutes, statistics, letters, telegrams, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, prospectuses, calendars, diaries, planners, interoffice and intra-office communications, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, meetings, or printouts, teletypes, telefax, invoices, work sheets, and all drafts, alterations, modifications, changes and amendments of the foregoing), graphic or oral representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs, and recordings).

8. The term "Roche patents-in-suit" shall mean U.S. Patent Nos. 7,276,146 and 7,276,147.

9. "Mr. Wilsey," as used herein, refers to the inventor identified on the face of the Roche patents-in-suit.

## Topics

1. All circumstances surrounding any conception of any invention claimed in the Roche patents-in-suit by anyone other than Mr. Wilsey prior to November 16, 2001, including the identity of the person(s) who allegedly conceived the invention, the date(s) of the alleged conception, the location(s) where the alleged conception occurred, the identity of any person(s) able to corroborate the alleged conception, and the identity of all documents that evidence, support, corroborate or relate to the alleged conception.

2. All circumstances surrounding any reduction to practice of any invention claimed in the Roche patents-in-suit by anyone other than Mr. Wilsey prior to November 16, 2001, including the identity of the person(s) who allegedly reduced the invention to practice, the date(s) of the alleged reduction to practice, the location(s) where the alleged reduction to practice occurred, the identity of any person(s) able to corroborate the alleged reduction to practice, and the identity of all documents that evidence, support, corroborate or relate to the alleged reduction to practice.

3. All circumstances surrounding any diligence in reduction to practice any invention claimed in the Roche patents-in-suit by anyone other than Mr. Wilsey prior to November 16, 2001, including the identity of the person(s) who was allegedly diligent, the date(s) and location(s) of the alleged diligence, the identity of any person(s) able to corroborate

the alleged diligence, and the identity of all documents that evidence, support, corroborate or relate to the alleged diligence.

4. All circumstances surrounding any disclosure of any invention claimed in the Roche patents-in-suit prior to November 16, 2001, including the identity of the person(s) who made the alleged disclosure, the identity of the person(s) who received the alleged disclosure, the date(s) and location(s) of the alleged disclosure, the identity of any person(s) able to corroborate the alleged disclosure, and the identity of all documents that evidence, support, corroborate or relate to the alleged disclosure.

5. All circumstances surrounding any conception or reduction to practice in the United States by any party other than Roche of any invention claimed in the Roche patents-in-suit prior to November 16, 2001, including the identity of the person(s) involved in the activity, the date(s) and location(s) of the activity, and the identity of all documents that evidence, support, corroborate or relate to the activity.

6. All circumstances surrounding any lack of abandonment, suppression or concealment of any invention identified in Topic 5, above, including the identity of any person(s) knowledgeable thereof, and the identify of all documents that evidence, support, corroborate or relate to the lack of abandonment, suppression or concealment.

7. All notebooks reflecting work completed prior to November 16, 2001 by Bayer or any Third Party in the United States or disclosed to anyone in the United States before that date that Bayer or any of the other Defendants in this action may rely in support of a prior invention defense the identity of each person who used the notebooks, the contents of the notebooks, and the circumstances surrounding any concepts, experiments, tests, results, or activities described or recorded in the notebooks.

8. All clinical studies conducted prior to November 16, 2001 by Bayer or any Third Party in the United States that Bayer or any of the other Defendants in this action may rely in support of a prior invention defense, the identity of each person involved in the clinical studies, the nature of the clinical studies, all circumstances surrounding the manner in which the clinical studies were conducted, and the identity of all documents that evidence, support, corroborate or relate to the clinical studies.

9. All documents or other evidence upon which Bayer may rely in support of a prior invention defense.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on August 27, 2008, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Steven J. Balick, Esq.
John G. Day, Esq.
Ashby & Geddes
500 Delaware Avenue
8th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com

Mary W. Bourke, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
mbourke@cblh.com

**BY HAND DELIVERY AND E-MAIL**

John W. Shaw, Esq.
Jeffrey T. Castellano, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
jcastellano@ycst.com

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
rsmith@mnat.com

I hereby certify that on August 27, 2008 the foregoing document was sent by E-mail to the following non-registered participants:

Bradford J. Badke, Esq.
Sona De, Esq.
Michael Kahn, Esq.
Simon Fitzpatrick, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Jim.badke@ropesgray.com
Sona.de@ropesray.com
Michael.kahn@ropesgray.com
Simon.fitzpatrick@ropesgray.com

Wesley E. Overson, Esq.
Rachel Krevans, Esq.
Jason R. Bartlett, Esq.
Parisa Jorjani, Esq.
Daniel P. Muino, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
woverson@mofo.com
rkrevans@mofo.com
jasonbartlett@mofo.com
pjorjani@mofo.com
dmuino@mofo.com

Kenneth P. George, Esq.
Joseph M. Casino, Esq.
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
kgeorge@arelaw.com
jcasino@arelaw.com

Michael G. Adams, Esq.
Ashley L. Ellis, Esq.
Parker Poe Adams & Bernstein LLP
Three Wachovia Center, Suite 3000
401 South Tryon Street
Charlotte, NC 28202
mikeadams@parkerpoe.com
ashleyellis@parkerpoe.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com