IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC. and CORANGE INTERNATIONAL LIMITED, | : : : : |
| Plaintiffs, | : : |
| v. | : Civil Action No. 07-753-JJF : |
| ABBOTT DIABETES CARE, INCORPORATED, et al., | : : : |
| Defendants. | : |

**<u>MEMORANDUM ORDER</u>**

On June 27, 2008, Defendant, Lifescan, Inc. ("Lifescan"), filed a Motion To Extend Discovery Period (D.I. 219) requesting the Court to extend the Phase I document discovery deadline for a period of 28 days, from June 27, 2008 until July 25, 2008.[1] Lifescan contends that it encountered technical difficulties in preparing its documents for production, and that the volume of requested documents made compliance with the June 27, 2008 deadline impossible. Lifescan further contends that it has been diligently working through the processing and production of documents, and therefore, good cause exists to extend the production deadline.

Plaintiffs, Roche Diagnostics Operations, Inc. and Corange International Limited (collectively, "Roche"), oppose the Motion

---

[1] Defendant Lifescan noticed the Motion for the Court's September 12, 2008 Motion Day, and briefing was completed on the Motion on July 28, 2008. Although Lifescan's Motion requests an extension of time until July 25, 2008, in actuality, complete production took until July 29, 2008.

and contend that Lifescan has not been producing documents diligently, otherwise Lifescan would have realized sooner that it could not meet the production deadline.  In support of its lack of diligence argument, Roche contends that Lifescan agreed to rolling production, but produced documents totaling only 69,000 pages on only three production dates:  April 29, 2008, June 2, 2008 and June 26, 2008.  Roche contends that Lifescan's assertions of technical difficulties and voluminous production are insufficient to meet the particular and specific demonstration of fact necessary to establish good cause for an extension of time.  Roche further points out that it offered Lifescan a two-week extension of time, but contends that Lifescan rejected that extension and instead moved for the instant four week extension.  By waiting until the last day document production was due to file its request for an extension of time, Roche contends that Lifescan is attempting to force a de facto extension, regardless of the Court's disposition of the Motion.  Roche contends that Lifescan's requested extension "compacts the rest of the Phase I schedule, threatens further delays, and fails to recognize the deeper problem of LifeScan's failure to provide discovery as to its case-in-chief for its alleged primary defense."  (D.I. 233 at 2).  As relief, Roche requests (1) an additional month to conduct deposition discovery of Lifescan and third parties, a request that is not opposed by Lifescan, and (2) that Lifescan be precluded in its case-in-chief from relying on

any documents regarding its prior invention that were not produced before the June 27, 2008 document discovery deadline.

In its Reply Brief, Lifescan has represented to the Court that its document production has been essentially completed, with some remaining documents expected to be produced by July 29, 2008. That date has come and gone, and the Court assumes by the lack of further correspondence in connection with this Motion that Lifescan's Phase I document production has been completed.

When first presented with Lifescan's request for an extension of time a week before the Court ordered June 27 deadline, Roche responded by offering Lifescan a two-week extension of time, with certain other conditions relating to the time completion for Roche's depositions; however, Roche refused to agree to the four-week extension sought by Lifescan. Roche has not demonstrated that it has been prejudiced by the additional two-week delay on top of the two-weeks initially offered by Roche, and Roche has not demonstrated that the relief it seeks in the form of precluding Lifescan from relying on documents produced after June 27, 2008 is warranted. That Roche may have pressed Lifescan, without success, to provide it with a production date prior to the Court ordered June 27, 2008 deadline, does not demonstrate that Lifescan acted without diligence. Moreover, the Court is not inclined to impugn Lifescan with the ulterior motive of trying to force a de facto extension based on the fact that Lifescan filed its Motion For

Extension Of Time on the last day of document production where, as here, the record demonstrates that Lifescan attempted to seek the cooperation of Roche's counsel in agreeing upon an extension a week before the Court ordered deadline, so that the Court would not have to be burdened with this dispute.

Lifescan has represented to the Court its diligence in conducting its document production to the Court in its brief, and in the Court's view, the record of its production up to and including the production on June 26, 2008, is consistent with diligent efforts. Accordingly, the Court finds that good cause exists upon which to grant Lifescan an extension of time to complete document production. Venetec Int'l, Inc. v. Nexus Med., LLC, 541 F. Supp. 2d 612, 618 (D. Del. 2008).

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Defendant Lifescan, Inc.'s Motion To Extend Discovery Period (D.I. 219) is **GRANTED**.

2. Phase I document production by Defendant Lifescan, Inc., is considered closed as of July 29, 2008.

3. The relief sought by Plaintiffs in the context of their Opposition Brief (D.I. 233) is **DENIED**.

_September 18, 2008_  
Date

_Joseph J. Farnan Jr._  
UNITED STATES DISTRICT JUDGE