```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF DELAWARE

ROCHE DIAGNOSTICS OPERATIONS,   :
INC. and CORANGE                :
INTERNATIONAL LIMITED,          :
                                :
          Plaintiffs,           :
                                :
     v.                         :  Civil Action No. 07-753-JJF
                                :
LIFESCAN INCORPORATED and       :
NOVA BIOMEDICAL CORPORATION,    :
                                :
          Defendants.           :
```

### MEMORANDUM ORDER

Pending before the Court is Counterclaim Plaintiff Nova Biomedical Corporation's ("Nova") <u>Daubert</u> Motion To Preclude The Testimony Of Roche's Trade Secret Expert, Dr. Andrew Bocarsly. (D.I. 678.)  Counter Claim Defendants Roche Diagnostics Operations Inc. and Corange International Limited (collectively "Roche") oppose the instant Motion. (D.I. 702.)

In this Motion Nova seeks to have Dr. Bocarsly precluded from testifying concerning Nova's counterclaims on the grounds that he does not have the necessary knowledge, skills, experience, training, or expertise to assist the jury under Fed. R. Evid. 702. Nova argues that Dr. Bocarsly lacks the necessary knowledge because he had no prior experience with electrochemical blood glucose sensors, nor Roche's research and development, and because his current knowledge was gained solely in anticipation of trial. (D.I. 680.) Nova also asserts that Dr. Bocarsly has rendered improper legal opinions.

Roche argues that Dr. Bocarsly is highly qualified based on his education and teaching experience which specifically covers electrochemistry, the classification of the technology in suit. (D.I. 702.)  Roche also emphasizes that Dr. Bocarsly is not expected to testify on legal issues.

Testimony by expert witnesses is governed by Fed. R. Evid. 702, which states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Third Circuit has interpreted this rule liberally and held that there is a "liberal policy of admissibility of expert testimony," but at "a minimum, a proffered expert witness must possess skill or knowledge greater than the average layman." Waldorf v. Shuta, 142 F3.d 601, 625 (3d Cir. 1998)(internal citation and quotation omitted).

The Court concludes that, based on the liberal standard of admission in the Third Circuit, the instant Motion should be denied.  Dr. Bocarsly has strong qualifications to testify regarding the electrochemistry field.  His education, academic endeavors, and publications demonstrate a substantial level of expertise.  When this level of expertise is evaluated under the liberal standard in place in the Third Circuit, Dr. Bocarsly is

qualified to testify as an expert.

NOW THEREFORE, IT IS HEREBY ORDERED that Nova's <u>Daubert</u> Motion To Preclude The Testimony Of Roche's Trade Secret Expert, Dr. Andrew Bocarsly (D.I. 678.) is **DENIED**.

January 29, 2010
DATE

UNITED STATES DISTRICT JUDGE