IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC.. et al., <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT DIABETES CARE, et al., <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : Civil Action No. 07-753-LPS <br> : <br> : <br> : <br> : <br> : |

## **MEMORANDUM ORDER**

Pending before the Court are two motions: (1) Defendant Lifescan's Motion To Declare This Case Exceptional Pursuant To 35 U.S.C. § 285 And For An Award Of Fees And Expenses (D.I. 856); and (2) Plaintiffs' Motion To Defer Ruling On Lifescan's Motion For Award Of Fees And Expenses Until Resolution Of The Pending Appeal (D.I. 866). By their Motion, Plaintiffs request the Court to defer ruling on Lifescan's Motion To Declare This Case Exceptional Pursuant To 35 U.S.C. § 285 And For An Award Of Fees And Expenses (D.I. 856) until the resolution of Plaintiffs' appeal, which is currently before the Court of Appeals for the Federal Circuit.

Defendant LifeScan, Inc. opposes the Motion. Defendant contends that the primary basis for its exceptional case motion is that Plaintiffs unreasonably failed to accept a Rule 54(b) judgment of non-infringement and take an immediate appeal in light of the Court's September 2009 claim construction ruling. Instead, Defendant contends that Plaintiffs forced the parties to

prepare for a trial that would not go forward. As a result of this "vexatious conduct," Defendant contends that it incurred significant expenses. Defendant maintains that its Motion will not be substantially affected by the Federal Circuit's resolution of the claim construction issue because the conduct at issue happened subsequent to the Court's claim construction ruling. Thus, Defendant contends that the Court should address its Motion prior to the resolution of Plaintiffs' appeal.

"If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Adv. Comm. Notes (1993) to Fed. R. Civ. P. 54(d)(2)(b). In patent cases, attorneys' fees may only be awarded to prevailing parties if the case is declared "exceptional." 35 U.S.C. § 285.

Plaintiffs have appealed this case to the Federal Circuit on merits-related grounds. The Court is persuaded that the outcome of the appeal will affect resolution of Defendant's exceptional case motion. As Plaintiffs point out, the Federal Circuit's decision could result in the removal of the "prevailing party" designation from Defendant, which would moot Defendant's exceptional case and attorneys' fees motion. Moreover, even if Defendant remains the prevailing party, it is likely that its fee application will change due to additional costs incurred as a result of the appeal. Accordingly, the Court finds, in its discretion, that judicial efficiency and economy will be promoted by deferring a ruling on Defendant's exceptional case motion.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion To Defer Ruling On Lifescan's Motion For Award Of Fees And Expenses Until Resolution Of The Pending Appeal (D.I. 866) is **GRANTED**.

2. Lifescan's Motion To Declare This Case Exceptional Pursuant To 35 U.S.C. § 285 And For An Award Of Fees And Expenses (D.I. 856) is **DENIED** without prejudice, with leave to renew upon issuance of the Federal Circuit's mandate resolving Plaintiffs' appeal.

March 3, 2011

_____
UNITED STATES DISTRICT JUDGE