# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LIMITED, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 07-753-RGA ) |
| ABBOTT DIABETES CARE, INC., ABBOTT DIABETES CARE SALES CORP., BAYER HEALTHCARE, LLC, DIAGNOSTIC DEVICES, INC., LIFESCAN, INCORPORATED, and NOVA BIOMEDICAL CORPORATION. | ) ) **PUBLIC VERSION** ) ) ) ) ) |
| Defendants. | ) |
| ************************************* | ) |
| NOVA BIOMEDICAL CORP., | ) ) |
| Counterclaimant, | ) ) |
| v. | ) ) |
| ROCHE DIAGNOSTICS OPERATIONS, INC., and CORANGE INTERNATIONAL LTD., | ) ) ) |
| Counterdefendants. | |

## CORRECTED DECLARATION OF PAULA S. FRITSCH
## IN SUPPORT OF ROCHE'S MOTION FOR ATTORNEYS' FEES

OF COUNSEL:

Grantland G. Drutchas
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

Nancy G. Tinsley
Roche Diagnostics Operations, Inc.
9115 Hague Road, PO Box 50457
Indianapolis, Indiana 46250-9457
(317) 521-1915
Dated: April 2, 2012
Public Version: April 10, 2012

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
provner@potteranderson.com

*Attorney for Plaintiffs/Counterdefendants Roche Diagnostics Operations, Inc. and Corange International Limited*

I, Paula S. Fritsch, hereby declare:

1. I am an attorney with the law firm McDonnell Boehnen Hulbert & Berghoff LLP ("MBHB"), counsel of record for Plaintiffs and Counterclaim Defendants Roche Diagnostics Operations, Inc. and Corange International Limited (collectively, "Roche"). I have personal knowledge of the facts set forth in this declaration and can testify competently to those facts. I submit this declaration in support of Roche's Motion for Attorneys' Fees.

2. Roche requests an attorneys' fees and expenses award of ▇▇▇▇ under Swiss law.

3. Should the Court, over Roche's objections, determine the amount of the award based on the fees and expenses Roche incurred in defending against Nova's Swiss law counterclaims, Roche seeks a minimum of ▇▇▇▇.[1] The attorneys' fees for MBHB, totaling ▇▇▇▇, spanned a period from January 2008 through December 2011. The attorneys' fees for local Delaware counsel Potter Anderson are ▇▇▇▇ during the same time period. The attorneys' fees for French counsel Véron & Associés are ▇▇▇▇. The attorneys' fees for German counsel Bird & Bird LLP are ▇▇▇▇. The expert witness fees and expenses incurred by Roche total ▇▇▇▇. The expenses incurred by Roche total ▇▇▇▇.

4. Records that were used to compile the entries in this submission were obtained from our finance department as they appeared in Roche's bills. This submission only includes fees that were charged to client, not disputed, and that the client has paid or intends to pay.

---

[1] Roche also seeks the fees and expenses incurred since January 2012 for the preparation and filing of Roche's Bill of Costs (D.I. 949-950) and this Motion for Attorneys' Fees, but the amount of those fees and expenses cannot be determined until the briefing is completed. Roche will provide that information in a supplemental filing at the completion of all briefing.

5. In in interest of judicial economy as well as the reduction of time and expense of the parties, on March 26, 2012, Roche sought consent from Nova to bifurcate the briefing on the present motion pursuant to the provision of Fed. R. Civ. Proc. 54(d)(2)(C), which allows the Court to "decide issues of liability for fees before receiving submissions on the value of the services." On March 26, 2012, Nova indicated that it would not consent to bifurcation and that it believed Roche's motion is premature. A true and correct copy of the email string between counsel for Roche and counsel for Nova regarding Roche's request to bifurcate the briefing is attached as Exhibit J.

## ATTORNEYS' FEES UNDER SWISS LAW

6. A true and correct copy of the Agreement at issue in Nova Biomedical Corporation's ("Nova") counterclaims is attached hereto as Exhibit A.

7. A true and correct copy of the Bundesgesetz über das Internationale Privatrecht (Swiss Federal Act on International Private Law) is attached hereto as Exhibit B.

8. A true and correct copy of a certified English translation of relevant sections from the Bundesgesetz über das Internationale Privatrecht (Swiss Federal Act on International Private Law) is attached hereto as Exhibit C.

9. A true and correct copy of the Zivilprozessordnung of Basel-Stadt (Procedural Law of Basel-Stadt) is attached hereto as Exhibit D.

10. A true and correct copy of a certified English translation of relevant sections from the Zivilprozessordnung of Basel-Stadt (Procedural Law of Basel-Stadt) is attached hereto as Exhibit E.

11. A true and correct copy of excerpts from Der Rechtsschultz im Immaterialgüter- und Wettbewerbsrecht (2011) by Lucas David et al., which provides a summary of damages in IP-related disputes under Swiss law is attached hereto as Exhibit F.

12. A true and correct copy of a certified translation of Exhibit F is attached hereto as Exhibit G.

13. A true and correct copy of the Honorarordnung für die Anwältinnen und Anwälte des Kantons Basel-Stadt (Fees Ordinance) from the canton of Basel-Stadt is attached hereto as Exhibit H.

14. A true and correct copy of a certified English translation of relevant sections from the Honorarordnung für die Anwältinnen und Anwälte des Kantons Basel-Stadt (Fees Ordinance) is attached hereto as Exhibit I.

## ATTORNEYS' FEES UNDER U.S. LAW

15. For this submission, I or one of my partners, Sean Sullivan or Sherri Oslick, reviewed the information from all the MBHB invoices for this matter that contained any fees or expenses for which Roche is claiming reimbursement. We also reviewed the invoices of our Delaware counsel, Potter Anderson & Corroon LLP ("Potter Anderson"), that contained any fees or expenses for which Roche is claiming reimbursement. We all played a significant role in running and overseeing the day-to-day activities relating to Nova's Swiss law counterclaims, and thus were aware of the activities MBHB timekeepers and Potter Anderson attorneys were performing with respect to those counterclaims.

16. Specifically, I reviewed each day's description for each timekeeper and determined which entries, if any, related to Nova's Swiss law counterclaims. In my review, I removed all time entries that were wholly unrelated to Nova's counterclaims.

17.  For those time entries that partially related to Nova's counterclaims, I made a good faith effort to determine the amount of time the timekeeper spent on that task, and comparing that task to the other tasks in the time entry, determined what percentage of that entry related to the counterclaims. If I could not remember (for my own entries) or deduce (for my own entries or others' entries) the amount of time spent on each task for one day's entry or if I could not remember or deduce the exact percentage that the day's task related to Nova's counterclaims, I consulted with the timekeeper and/or I divided the time equally between all tasks. Only the percentage of the time and associated fees that I believe related to Nova's counterclaims are included in this submission.

18.  For those time entries that are wholly related to Nova's counterclaims, the entirety of that time and the associated fees are included in this submission.

19.  I thus calculated the total amount of hours and fees that I believed could appropriately be claimed for defending Roche against Nova's Swiss law counterclaims through December 2011. For MBHB, that amounted to ▓▓ hours and ▓▓▓▓ in fees. A summary chart of these hours and fees is attached as Exhibit K. For Potter Anderson, that amounted to ▓▓ hours and ▓▓▓▓ in fees. A summary chart of these hours and fees is attached as Exhibit L.

20.  It was necessary for Roche to engage French and German counsel, Véron & Associés and Bird & Bird LLP, respectively, in connection with Nova's Letters of Request pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters Regarding Dr. Staffan Ek and Dr. Werner Schaefer. D.I. 329 and 330. These fees and expenses were wholly related to Nova's Swiss law counterclaims.

4

21. Exhibit M is a summary of the invoices received from Véron & Associés in connection with this matter. A portion of Véron & Associés' fees were claimed as part of Roche's Bill of Costs and thus have been excluded from this submission, but Roche seeks those expenses by this motion to the extent that they are denied as costs in connection with the Bill of Costs. The amount claimed in connection with this motion for Véron & Associés' fees and expenses is ▮.

22. Exhibit N is a summary of the invoices received from Bird & Bird LLP in connection with this matter. Roche claims ▮ for Bird & Bird LLP's fees and expenses.

23. I am informed and believe that all of the time and expenses included on the Véron & Associés and Bird & Bird LLP invoices were reasonable and necessary to defending Roche against Nova's Swiss law counterclaims. To the best of my knowledge and belief, the hours billed, the hourly rates charged for services provided by the attorneys and paraprofessionals at these French and German firms, and the expenses incurred by these firms in connection with this matter are normal and reasonable for this type of case.

24. A true and correct copy of the AIPLA Report of the Economic Survey, issued in 2007, is attached as Exhibit O.

25. A true and correct copy of the AIPLA Report of the Economic Survey, issued in 2009, is attached as Exhibit P.

26. A true and correct copy of the AIPLA Report of the Economic Survey, issued in 2011, is attached as Exhibit Q.

27. A true and correct copy of the National Law Journal Billing Survey, issued December 6, 2010, is attached as Exhibit R.

28.     Nova is currently involved in a patent infringement litigation in the District Court for the Northern District of California, and is also represented by Ropes & Gray LLP in that matter.[2] As part of that California litigation, Nova submitted a motion for attorneys' fees, which included a declaration from Nova's lead counsel in this case, Mr. Bradford J. Badke. One of the attachments to that declaration is a chart Mr. Badke describes as "containing the normal rate ordinarily charged for each [Ropes & Gray LLP] attorney and paralegal for which fees are sought." The chart contains the 2003-2008 rates for three Ropes & Gray LLP attorneys who are attorneys of record for Nova in this matter (Mr. Badke, Ms. Jeanne C. Curtis, and Ms. Sona De) and also provides the rates for the same time period for another Ropes & Gray LLP attorney who represented Nova in this matter but never entered an appearance with this Court (Mr. Sanjeev Mehta). A true and correct copy of that chart is attached as Exhibit S. Another attachment to Mr. Badke's declaration is another chart that Mr. Badke describes as a chart "containing rates comparable to prevailing rates in the community for like-skilled professionals." A true and correct copy of that chart is attached as Exhibit T.

29.     Roche incurred costs associated with the time spent and expenses associated with expert witnesses in its defense against Nova's Swiss law counterclaims. Exhibit U is a summary of the fees and expenses incurred by Roche for Dr. Felix Dasser and Dr. Andrew Bocarsly, the two expert witnesses retained by Roche, which totals ▮▮▮▮▮▮. Roche requests that the Court award these fees and expenses as costs that Roche was not permitted to seek in its Bill of Costs pursuant to L.R. 54.1. The expert witness fees and expenses incurred by Roche are reasonable,

---

[2] The case involving Nova is one of several consolidated cases, Case Nos. C04-2123 WHA, C04-3327 WHA, and C04-3732 WHA.

given the complexity of the case, which was due in large part to Nova's non-specific contentions regarding its Swiss law counterclaims.

30. Records that were used to compile the entries in this submission were obtained from our finance department as they appeared in Roche's bills. This submission only includes fees that were charged to client, not disputed, and that the client has paid or intends to pay.

## ROCHE'S EXPENSES

31. Exhibit V is a table summarizing Roche's hotel expenses associated with trial preparation and attendance at trial. A portion of the hotel expenses for trial were claimed as part of Roche's Bill of Costs and thus have been excluded from this submission, but Roche seeks those expenses by this motion to the extent that they are denied as costs in connection with the Bill of Costs.

32. Exhibit W has a summary table and supporting tables detailing expenses incurred for travel associated with trial preparation, attendance at trial, and depositions and hotel expenses associated with depositions.

## HISTORY OF THE CASE

33. The extent to which Nova's Swiss law counterclaims created a case within a case is evidenced by the sheer number of filings and docket entries relating to those counterclaims. As of March 30, 2012, there were 952 numbered items on the Docket Sheet for this litigation, and approximately 100 other unnumbered entries. Attached as Exhibit X is an excerpt from the Docket Sheet for this litigation showing the nearly 400 entries that relate in whole or at least in part to Nova's Swiss law counterclaims.

34. Roche was required to conduct counterclaim-specific discovery, which included production of thousands of documents in response to Nova's discovery requests, preparing

7

and/or responding to several sets of discovery requests relating to the Swiss law counterclaims, taking or defending 21 depositions in New York, Illinois, Indiana, Massachusetts, Minnesota, California, and France, and preparing or responding to several motions relating to the Swiss law counterclaims. Discovery on Nova's counterclaims was extensive, due in no small part to Nova's steadfast refusal to provide details on its counterclaim contentions, and Nova's change in position when its contentions were specified. *See* D.I. 747 (MIL5); D.I. 696 (MIL 2).

35. Discovery regarding Nova's Swiss law counterclaims also required engaging and working with two experts, Dr. Felix Dasser, on issues relating to Swiss law, and Dr. Andrew Bocarsly, on technical issues relating to Nova's counterclaims. As was the case in the fact discovery phase, expert discovery was complicated, particularly on the technical issues handled by Dr. Bocarsly, by Nova's failure to specify its counterclaim contentions. That complication resulted in additional, but still reasonable, expenditures. Roche's efforts in the expert discovery phase included working with the experts on expert reports, defending their depositions, and working with them to prepare them for their trial testimony.

36. Following fact and expert discovery, in an effort to resolve Nova's Swiss law counterclaims before a trial, Roche prepared and filed a motion for summary judgment that dealt exclusively with issues relating to Nova's Swiss law counterclaims, and another motion for summary judgment that dealt in part with issues relating to those counterclaims. *See* D.I. 525-528; D.I. 540-544.

37. As the trial date approached, while Roche, Nova, and LifeScan prepared a pretrial order and filed pretrial motions on issues related to Roche's patent law claims, Roche and Nova were simultaneously preparing what amounted to a second pretrial order and filed additional pretrial motions that dealt exclusively or at least in part with issues relating to Nova's

8

counterclaims. *See* D.I. 755-757 (PTO); D.I. 675-677; D.I. 678-680; D.I. 683-684; D.I. 687-688; D.I. 739-741. Roche also prepared and filed a motion to bifurcate the trial on Nova's Swiss law counterclaims from the trial on Roche's patent law claims. *See* D.I. 732-734.

38. After the Court determined that only Nova's counterclaims would proceed to trial, Roche filed additional pretrial motions, as did Nova, which required Roche to prepare additional briefing. *See* D.I. 780, 784, 785, 786, 787. And after the Court determined that Swiss law applied to Nova's counterclaims, Roche was required to prepare additional briefing in response to Nova's motion for reconsideration of that choice of law decision. *See* D.I.793.

39. The five day jury trial on Nova's counterclaims ended favorably for Roche. D.I. 805. But that victory required Roche to expend significant resources. Following trial, Roche had to prepare and respond to Nova's motion for judgment as a matter of law and Nova's motion for a new trial. *See* D.I. 834; D.I. 841. The Court subsequently found for Roche on Nova's post-trial motions. D.I. 847, 848.

40. Following the proceedings in this Court, Roche was obligated to respond to Nova's cross-appeal of the judgment on Nova's counterclaims at the Court of Appeals for the Federal Circuit (D.I. 863), which affirmed this Court's judgment on all issues relating to Nova's counterclaims and issued its Mandate on March 6, 2012. D.I. 948. Roche's defense at the Federal Circuit required substantial attorney effort, including appeal briefing, appellate motion practice, and oral argument development.

## ROCHE'S BOND REQUEST

41. A true and correct copy of the article "Going Toe To Toe With Medical Device Giants," by Robert Langreth, Forbes, November 18, 2010 (online), December 6, 2010 (print),

9

available at http://www.forbes.com/forbes/2010/1206/entrepreneurs-diabetes-nova-biomedical-patent-standing-up.html , is attached hereto as Exhibit Y.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 2nd day of April 2012, in Chicago, Illinois.

                McDONNELL BOEHNEN HULBERT & BERGHOFF LLP

                By: */s/Paula S. Fritsch*
                      Paula S. Fritsch

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on April 10, 2012, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

## BY CM/ECF AND E-MAIL

Mary W. Bourke, Esq.
R. Eric Hutz, Esq.
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801
mbourke@cblh.com
ehutz@clh.com

Rodger D. Smith, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
rsmith@mnat.com

I hereby certify that on April 10, 2012 the foregoing document was sent by E-mail to the following non-registered participants:

Bradford J. Badke, Esq.
Sona De, Esq.
Michael Kahn, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Jim.badke@ropesgray.com;
Sona.de@ropesray.com
Michael.kahn@ropesgray.com;

William C. Rooklidge, Esq.
Jesse D. Mulholland, Esq.
Jones Day
3161 Michelson Drive
Suite 800
Irving, CA 92612
wrooklidge@jonesday.com
jmulholland@jonesday.com

...

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com