IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC. and CORANGE INTERNATIONAL LIMITED, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 07-753 (RGA) |
| v. | ) ) ) | REDACTED  - PUBLIC VERSION |
| ABBOTT DIABETES CARE, INC.; ABBOTT DIABETES CARE SALES CORPORATION; BAYER HEALTHCARE, LLC; DIAGNOSTICS DEVICES, INC.; LIFESCAN, INCORPORATED and NOVA BIOMEDICAL CORPORATION, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## NOVA'S OBJECTIONS TO THE COURT'S
## OCTOBER 3, 2017 REPORT AND RECOMMENDATION

Morris, Nichols, Arsht & Tunnell LLP
Rodger D. Smith II (#3778)
Michael J. Flynn (#5333)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com
mflynn@mnat.com
*Attorneys for Defendant*
*Nova Biomedical Corporation*

Original Filing Date: October 27, 2017
Redacted Filing Date: November 3, 2017

TABLE OF CONTENTS

Page

I.   INTRODUCTION .................................................................................................1

II.  ARGUMENT .......................................................................................................3

     A.   Roche's Improper and Unreasonable Litigation Tactics Needlessly
          Prolonged the Litigation and Multiplied the Proceedings ......................3

          1.   Roche's Improper Motion for Reconsideration was Unreasonable .............4

          2.   Roche's Improper Motion for Reconsideration Prejudiced
               Nova and Needlessly Prolonged the Litigation ...........................................5

     B.   Roche's New Claim Construction Position was Unreasonable
          and Not Supported by the Evidence .......................................................6

     C.   Roche Should Never Have Brought This Case .......................................8

     D.   The Totality of the Circumstances Warrants an Exceptional Case Finding ..........10

III. CONCLUSION...................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cambrian Sci. Corp. v. Cox Commc'ns, Inc.*,
  79 F. Supp. 3d 1111 (C.D. Cal. 2015) ...................................................................6

*Eltech Sys. Corp. v. PPG Indus., Inc.*,
  903 F.2d 805 (Fed. Cir. 1990) .............................................................................10

*Homeland Housewares, LLC v. Sorensen Research*,
  581 F. App'x 877 (Fed. Cir. 2014) ........................................................................4

*iLOR, LLC v. Google, Inc.*,
  631 F.3d 1372 (Fed. Cir. 2001) .............................................................................8

*Intex Recreation Corp. v. Team Worldwide Corp.*,
  77 F. Supp. 3d 212 (D.D.C. 2015) .........................................................................5

*Joao Bock Trans. Sys. LLC v. Jack Henry and Assocs., Inc.*,
  2016 WL 1267159 (D. Del. Mar. 31, 2016) .......................................................5, 6

*MarcTec, LLC v. Johnson & Johnson*,
  664 F.3d 907 (Fed. Cir. 2012) ...............................................................................7

*Max's Seafood Café v. Quinteros*,
  176 F.3d 669 (3d Cir. 1999) ..................................................................................4

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
  134 S. Ct. 1749 (2014) ......................................................................................1, 2

*Oplus Techs., Ltd. v. Vizio, Inc.*,
  782 F.3d 1371 (Fed. Cir. 2015) .............................................................................1

*Roche Diagnostics Ops., Inc. v. Lifescan Inc.*,
  660 Fed. App'x 932 (Fed. Cir. 2016) ..................................................................3, 7

*Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC*,
  C.A. No. 12-1013-RGA, 2016 WL 4443146 (D. Del. Aug. 18, 2016)....................8

*Taurus IP, LLC v. DaimlerChrysler Corp.*,
  726 F.3d 1306 (Fed. Cir. 2013) .............................................................................7

*Vehicle Interface Techs., LLC v. Jaguar Land Rover N.A., LLC*,
  C.A. No. 12-1285-RGA, 2015 WL 94620636 (D. Del. Dec. 28, 2015) ..................7

**Rules and Statutes**

28 U.S.C. § 636(b)(1)(B) .............................................................................................1

35 U.S.C. § 285 .................................................................................................................1, 5, 6, 10

D. Del. LR 72.1 .................................................................................................................................1

Fed. R. Civ. P. 72(b)(1) ....................................................................................................................1

Fed. R. Civ. P. 72(b)(3) ....................................................................................................................1

# I.    INTRODUCTION

Defendant Nova Biomedical Corporation ("Nova") hereby objects to the October 3, 2017 Report and Recommendation (D.I. 1087) (the "R&R"), which denied Nova's Renewed Motion to Declare this Case Exceptional and for an Award of Fees and Related Expenses (D.I. 1049). Specifically, Nova objects to the Court's finding that, "considering the totality of the circumstances," this is not an exceptional case.[1]

In the R&R, the Court found that Roche was not "manifestly unreasonable in bringing, and maintaining, this action" (D.I. 1087 at 18), and thus this was not an exceptional case based on the "totality of the circumstances" (*id.* at 24). In reaching that determination, the Court repeatedly pointed to the absence of "bad faith." *See, e.g., id.* at 10-11 n.66, 12, 13, 17, 19. The R&R also relied on the fact that neither this Court nor the Federal Circuit ever expressly stated that Roche's positions were baseless, without merit, or frivolous. *Id.* at 13, 19, 22, 24. That is not the standard, however, for finding a case to be exceptional under *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014).

An "exceptional" case is one that is uncommon, not ordinary, or "one that stands out from others" when considering the "totality of the circumstances." *Octane Fitness*, 134 S. Ct. at 1756. In deciding whether this is an exceptional case, the Court may consider the substantive weakness of Roche's litigating position or the unreasonable manner in which Roche litigated the case. *Id.* Either of those is sufficient for the case to be considered exceptional. Indeed, as the Federal Circuit has explained, *Octane Fitness* "lower[ed] considerably the standard for awarding fees" to the prevailing party under § 285. *Oplus Techs., Ltd. v. Vizio, Inc.*, 782 F.3d 1371, 1374

---

[1]     Because the R&R was issued pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1 (D.I. 1087 at 55), the standard of review is *de novo*. Fed. R. Civ. P. 72(b)(3).

(Fed. Cir. 2015) (citing *Octane Fitness*, 134 S. Ct. at 1755, 1758).  In doing so, the Supreme Court rejected the Federal Circuit's "overly rigid" standard that for a case to be "exceptional" a district court must find "litigation-related misconduct of an independently sanctionable magnitude or determine[] that the litigation was both 'brought in subjective bad faith' and 'objectively baseless.'"  *Octane Fitness*, 134 S. Ct. at 1756.

The basic facts that support a finding of an exceptional case here – *i.e.*, a finding that this case "stands out from the others" – are undisputed.  Roche brought this case against Nova with full knowledge that Nova's accused product used *macro*-electrodes with a width of 762 μm even though the electrodes described and claimed in the patents were *micro*-electrodes having a width of "less than 100 μm."  Roche argued for a specific construction of "electrode" at the 2009 *Markman* hearing, including arguing that electrodes greater than 300 μm were "*indisputedly, not micro-electrodes*" and "*clearly macro-electrodes*."  Then, after the Court issued its *Markman* order construing the claimed "electrodes" to exclude macro-electrodes and to mean "microelectrodes having a width of . . . up to approximately 100 μm," Roche flip-flopped. Rather than accept the Court's construction and appeal it, Roche filed an improper motion for reconsideration,[2] conceding that the claims applied only to *micro*-electrodes, but argued instead that micro-electrodes can be up to 1,000 μm wide – directly contradicting its previous position in an effort to capture Nova's accused products.

Roche's new claim construction argument was rejected repeatedly by the Court and the Federal Circuit, which noted that "[e]ven the extrinsic evidence Roche cited is inconsistent with

---

[2]      The Court later held that Roche's motion for reconsideration was procedurally improper, because the voluminous "new" evidence it presented on reconsideration "was not new and therefore not a proper ground for reconsideration."  D.I. 1025 at 7.  The Court further found that the motion for reconsideration was improper because "Roche is not only raising an argument it did not make, but an argument that is contrary to the argument it did make."  *Id.* at 7-8.

its assertion that 1,000 μm is an established upper limit for microelectrodes." *Roche Diagnostics Ops., Inc. v. Lifescan, Inc.*, 660 F. App'x 932, 938-39. Yet from 2009 to 2016, Roche continued to pursue this new claim construction argument, twice before Judge Farnan, then at the Federal Circuit, then back in this Court on remand, and then again at the Federal Circuit. It was never a viable argument, was not supported by intrinsic or extrinsic evidence, and it was not accepted by any court despite many bites at the apple – all at Nova's expense.

## II. ARGUMENT

### A. Roche's Improper and Unreasonable Litigation Tactics Needlessly Prolonged the Litigation and Multiplied the Proceedings

Roche knew immediately that the Court's 2009 construction of "electrode" precluded its infringement position. But rather than accepting that construction, stipulating to non-infringement, and taking the issue up on appeal, Roche unreasonably prolonged and expanded the litigation by: (i) moving forward with summary judgment briefing that attempted to relitigate its failed claim construction position; (ii) asserting a new and untimely doctrine of equivalents theory for the first time in its summary judgment briefs; (iii) serving an untimely expert report; (iv) serving untimely supplemental responses to contention interrogatories; and (v) filing an improper motion for reconsideration of the Court's claim construction that did not meet any of the criteria for such a motion. These unreasonable litigation tactics by Roche forced the parties, and the Court, to expend significant time and resources briefing and resolving motions to strike, motions *in limine*, and the improper motion for reconsideration. All of this effort was ultimately unnecessary to the resolution of this case, which finally – seven years later – resulted in non-infringement based on the Court's 2009 construction of "electrode."

## 1. Roche's Improper Motion for Reconsideration was Unreasonable

Although Roche's belated contentions were unreasonable,[3] perhaps the most egregious of Roche's unreasonable litigation tactics was its ill-conceived and improper motion for reconsideration of Judge Farnan's 2009 *Markman* decision regarding the term "electrode." This alone supports a finding that this is an exceptional case. *See Homeland Housewares, LLC v. Sorensen Research*, 581 F. App'x 877, 879 (Fed. Cir. 2014) (affirming district court's finding of exceptional case where defendant filed meritless motions for reconsideration). There is no dispute that the motion was procedurally improper under the standards set forth in *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999), as the Court has twice found. *See* D.I. 1025 at 5 (noting that Judge Farnan determined the motion "did not meet the standards for reconsideration"), citing D.I. 858 at 47:7-13; *id.* at 8 ("Thus, in my opinion, the Motion for Reconsideration (D.I. 636) was properly denied on procedural grounds.").

The Court concluded that Roche's purportedly new evidence submitted with the reconsideration motion – consisting of nearly 1,300 pages of documents – was available to Roche before claim construction and thus "was not new and therefore was not a proper ground for reconsideration." D.I. 1025 at 7. The Court also rejected Roche's contention that the Court committed "errors of apprehension" in its *Markman* order, which the Court found was "not a fair characterization." *Id.* Instead, the Court determined that "the error of apprehension was Roche's, not the Court's." *Id.* at 7-8.

Most importantly, the motion for reconsideration was an unreasonable – and blatant – attempt to argue a completely new claim construction position that was directly contrary to the position Roche took in its briefs and during the 2009 *Markman* hearing in an untenable effort to

---

[3]      These issues were not addressed in the R&R.

maintain the litigation. There is also no dispute that this is exactly what Roche did in its reconsideration motion. In holding that the reconsideration motion was improper, the Court stated that "such a decision is particularly warranted here where Roche is not only raising an argument it did not make, but an argument that is contrary to the argument it did make." D.I. 1025 at 8. In the 2009 *Markman* hearing, Roche argued to the Court that electrodes wider than 100 μm "are, indisputedly, not micro-electrodes," (D.I. 397 at 17:7-16), and that "all parties agreed that the upper limit of a microelectrode was 'approximately 100 μm'" (D.I. 1025 at 3). In its reconsideration motion, Roche conceded that the claimed "electrodes" were limited to micro-electrodes, but took the new, contrary position that micro-electrodes could be up to 1,000 μm (despite arguing previously that those were "*indisputedly*, not micro-electrodes").

Roche did not simply rehash its rejected arguments or attempt to make new arguments in support of its previously proposed construction of "electrode" – even though either would have been unreasonable and improper. Instead, Roche took the opportunity to advance a new claim construction position on reconsideration, one that was directly contrary to its earlier arguments at the *Markman* hearing. *See Joao Bock Trans. Sys. LLC v. Jack Henry and Assocs., Inc.*, 2016 WL 1267159, at *3 (D. Del. Mar. 31, 2016) (finding case exceptional where "plaintiff's ever changing litigation strategies [including claim construction positions] created a tortuous path to resolution"); *see also Intex Recreation Corp. v. Team Worldwide Corp.*, 77 F. Supp. 3d 212, 217 (D.D.C. 2015) ("[C]ourts have awarded attorneys' fees under Section 285 where a party advances arguments that . . . seek only to re-litigate issues the court has already decided.").

### 2. Roche's Improper Motion for Reconsideration Prejudiced Nova and Needlessly Prolonged the Litigation

The effect that Roche's improper motion for reconsideration had on this litigation cannot be overstated. It was directly responsible for prolonging this litigation for another seven years,

costing Nova millions of dollars in fees and expenses and wasting the resources of this Court and the Federal Circuit. If Roche had accepted Judge Farnan's construction of "electrode" and stipulated to non-infringement in September 2009 as a reasonable party would have, it could have sought an orderly appeal of the Court's construction at the Federal Circuit. Importantly, Roche would have been limited in that appeal to the arguments it actually made in its claim construction briefing and at the 2009 *Markman* hearing. Nova would not have had to waste resources briefing summary judgment motions for a trial on infringement that was never going to happen or responding to Roche's two motions for reconsideration.[4] The Federal Circuit could have resolved the issue in one appeal, rather than remanding the case back to this Court for another *Markman* hearing and yet more briefing on Roche's new claim construction position and its reconsideration motion. The case would have been over by 2010.

Instead, Roche decided to file a meritless motion for reconsideration. Roche, not Nova, should bear the financial consequences of that bad decision that dragged this case on for many years. *See Cambrian Sci. Corp. v. Cox Commc'ns, Inc.*, 79 F. Supp. 3d 1111, 1114 (C.D. Cal. 2015) ("Section 285 discourages certain 'exceptional' conduct by imposing the cost of bad decisions on the decision maker.").

**B.    Roche's New Claim Construction Position was Unreasonable and Not Supported by the Evidence**

Notwithstanding the egregious impropriety and baselessness of Roche's decision to move for reconsideration of the Court's construction of "electrode," its decision was made even more unreasonable by the lack of evidentiary support for Roche's newly proposed construction. Judge

---

[4]    As the Court noted in its decision on remand, Roche made yet another new argument in a second motion for reconsideration. D.I. 1025 at 4-5. This second argument was the basis for Judge Farnan's comment that "it's a great point for the Federal Circuit" (*id.* at 5-6), although the Court noted that this argument "appears to have been a non-starter in the Federal Circuit," because it was not mentioned in that court's decision. *Id.* at 6.

Farnan rejected Roche's new construction argument twice, on both motions for reconsideration. The Court again rejected it on remand finding that Roche's position was not supported by the intrinsic or extrinsic evidence. Considering the two characterizations of micro-electrodes in the specification, the Court concluded that "[w]hat is clear to me is that neither characterization supports Roche's" new construction. D.I. 1025 at 11. The lack of support in the specification for Roche's new construction supports a finding of an exceptional case. *See Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1327 (Fed. Cir. 2013) ("When patentees have sought unreasonable claim constructions divorced from the written description . . . court[s] ha[ve] found infringement claims objectively baseless.").

With respect to the more than 1,500 pages of expert declarations and other "new extrinsic evidence presented by Roche in support of its new claim construction," the Court "[did] not find this evidence persuasive." D.I. 1025 at 14. In affirming the Court's decision on remand, the Federal Circuit was far less generous, stating that "[e]ven the extrinsic evidence Roche cited is inconsistent with its assertion that 1,000 μm is an established width limit for microelectrodes." *Roche Diagnostics Ops., Inc. v. Lifescan Inc.*, 660 Fed. App'x 932, 939 (Fed. Cir. 2016).

In short, *not one* of the arguments that Roche advanced in support of its second claim construction position was credited by this Court or the Federal Circuit. That was not surprising given that Roche's new and inconsistent claim construction lacked any evidentiary support in the intrinsic record or the more than 1,500 pages of extrinsic evidence and expert declarations it submitted. A court may declare a case exceptional if the substantive merits of a party's claim construction position "is so lacking in evidentiary support that it is objectively unreasonable or indicates bad faith." *Vehicle Interface Techs., LLC v. Jaguar Land Rover N.A., LLC*, C.A. No. 12-1285-RGA, 2015 WL 94620636, *3 (D. Del. Dec. 28, 2015); *see also MarcTec, LLC v.*

*Johnson & Johnson*, 664 F.3d 907, 919 (Fed. Cir. 2012) ("[Plaintiff's] proposed claim construction was so lacking in any evidentiary support that assertion of this construction was unreasonable and reflects bad faith.").

The Federal Circuit's award of costs to Nova on the second appeal and designation of the opinion as non-precedential demonstrate that this was not a close case and that Roche's new claim construction position was unreasonable. *Cf. Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC*, C.A. No. 12-1013-RGA, 2016 WL 4443146, at *2 n.1 (D. Del. Aug. 18, 2016) (noting that designation of a decision as precedential makes it more likely that losing party's position is not unreasonable).

The R&R cited *iLOR, LLC v. Google, Inc.*, 631 F.3d 1372, 1380 (Fed. Cir. 2001), for the proposition that "simply being wrong about claim construction should not subject a party to sanctions where the construction is not objectively baseless." R&R at 19. But the issue here is not that Roche was "simply wrong" in its new proposed construction of "electrode." Roche was correct in the claim construction arguments it made *prior* to the Court's 2009 *Markman* order that micro-electrodes were limited to a width of 100 μm. The unreasonable litigation tactics by Roche that support a finding of an exceptional case here are that it would not accept the Court's construction (which was consistent with its own argument) and chose to change course and improperly maintain its case while arguing a new and contrary claim construction position that lacked support in the intrinsic or extrinsic evidence. Whether Roche's new construction was ultimately correct is not the issue; rather it is Roche's improper and unreasonable conduct in belatedly raising and litigating that construction that makes this case exceptional.

## C.     Roche Should Never Have Brought This Case

Roche knew before filing suit that the accused products, which were on sale and readily available to Roche, did not use micro-electrodes and that the macro-electrodes in the Nova

8

products had a width of 762 µm. Indeed, years earlier, Nova had approached Roche about working as Nova's marketing partner on its new glucose sensor. *See* D.I. 1000, Ex. 4 at 18:3-8. In September 1999, representatives of Roche attended a meeting at Nova to discuss the new product, during which Roche was given a slide presentation regarding Nova's technology, a tour of Nova's research and development and manufacturing facilities, a demonstration of prototypes of Nova's technology, and an opportunity to test the new test strips. *See* 1/26/2010 Trial Tr. 268:17-269:21; D.I. 1000, Ex. 4 at 93:8-25, 96:21-98:20. Nova's prototype, commercialized as the accused Nova Max product, was known to Roche two years before Roche filed the provisional application to which the Patents-in-Suit claim priority.

Roche also knew that the patents-in-suit, which claim priority to the 2001 provisional application, were limited to micro-electrodes. The 2001 provisional application was titled "Electrodes, Methods, Apparatuses Comprising Micro-Electrode Arrays" and explained that "[t]he present invention relates to *arrays of micro-electrodes*, methods of preparing the arrays, and to uses of the arrays." The common specification of the patents-in-suit acknowledged the use of micro-electrodes of "very small dimensions" in the prior art (*e.g.*, 1-3 µm), but contrasted their claimed micro-electrodes as "relatively larger" than those in the prior art (*e.g.*, "in the range from 15 or 20 or 25 µm, up to about 100 µm"). '147 patent at 2:43-50. The common specification also repeatedly described the claimed invention as limited to micro-electrodes. '147 patent at 2:42-43, 3:3-4, 3:16-18, 3:21-23, 3:38-39. The common specification also explicitly defined the micro-electrodes of the present invention, as contrasted with "non-microelectrodes, i.e., 'macro-electrodes,'" by their smaller width of "less than 100 µm" and their predominantly non-planar diffusion pattern. '147 patent at 4:10-29.

Moreover, consistent with the descriptions in the common specification, Roche knew that it had disclaimed macro-electrodes during prosecution, as the Court later found and Roche never addressed on appeal. *See* D.I. 563 at 8 (holding that macro-electrodes were disclaimed during prosecution because "the patentee distinguished the prior art, in part, on the basis of its use of macroelectrodes as opposed to microelectrodes").

Roche's decision to bring this case and assert patents it knew were limited to micro-electrodes having a width of less than 100 μm against a far smaller competitor whose products Roche knew used electrodes with a width of 762 μm – and its decision to maintain the case with an unsupportable new claim construction and unreasonable litigation tactics – further support a finding of an exceptional case. *See Eltech Sys. Corp. v. PPG Indus., Inc.*, 903 F.2d 805, 810 (Fed. Cir. 1990) ("The filing and maintaining of an infringement suit which the patentee knows, or on reasonable investigation should know, is baseless constitutes grounds for declaring a case exceptional under 35 U.S.C. § 285.").

D.     **The Totality of the Circumstances Warrants an Exceptional Case Finding**

The totality of the circumstances in this case demonstrate that Roche's litigating positions were substantively weak and its litigation tactics were unreasonable, including Roche's refusal to stipulate to non-infringement and seek immediate appeal, an imprudent decision that dragged this case on for another seven years. As such, this case is one that stands out from the mine-run of patent cases and warrants an exceptional case finding.

III.     **CONCLUSION**

For the foregoing reasons, Nova respectfully requests that the Court sustain Nova's objections to the R&R and declare this case exceptional under 35 U.S.C. § 285, and award Nova its reasonable attorneys' fees for the entire case, including both appeals.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

_____

Rodger D. Smith II (#3778)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com
mflynn@mnat.com

*Attorneys for Defendant Nova Biomedical
Corporation*

October 27, 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS OPERATIONS, INC. and CORANGE INTERNATIONAL LIMITED, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 07-753 (RGA) |
| v. | ) ) | |
| ABBOTT DIABETES CARE, INC.; ABBOTT DIABETES CARE SALES CORPORATION; BAYER HEALTHCARE, LLC; DIAGNOSTICS DEVICES, INC.; LIFESCAN, INCORPORATED and NOVA BIOMEDICAL CORPORATION, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**NOVA'S CERTIFICATION PURSUANT TO THE OCTOBER 9, 2013 STANDING ORDER FOR OBJECTIONS FILED UNDER FED. R. CIV. P. 72**

Pursuant to Paragraph 5 of the Court's October 9, 2013 Standing Order for Objections Filed Under Fed. R. Civ. P. 72, Defendant Nova Biomedical Corporation ("Nova") states that its Objections to the October 3, 2017 Report and Recommendation (D.I. 1087) do not raise legal/factual arguments that were not previously raised before this Court.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*
Rodger D. Smith II (#3778)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
rsmith@mnat.com
mflynn@mnat.com

*Attorneys for Defendant Nova Biomedical Corporation*

October 27, 2017