IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROCHE DIAGNOSTICS OPERATIONS, INC. and CORANGE INTERNATIONAL LIMITED,

    Plaintiffs,

v.

ABBOTT DIABETES CARE, INC.; ABBOTT DIABETES CARE SALES CORPORATION; BAYER HEALTHCARE, LLC; DIAGNOSTICS SERVICES, INC.; LIFESCAN, INCORPORATED, and NOVA BIOMEDICAL CORPORATION,

    Defendants.

Civil Action No. 07-cv-753-RGA

**MEMORANDUM ORDER**

Presently before the Court is Plaintiffs' (collectively, "Roche") motion for review of the Clerk's taxation of costs. (D.I. 1103). The issues are fully briefed. (D.I. 1104, 1107, 1108). For the reasons stated herein, Roche's motion is **DENIED**.

**I. BACKGROUND**

Roche sued Nova for patent infringement on November 21, 2007. (D.I. 1). On January 11, 2008, Nova filed patent and non-patent counterclaims. (D.I. 47 at 7-13). At a pretrial hearing on January 21, 2010, Judge Farnan indicated that he would resolve Roche's patent claims with a Rule 54(b) judgment in Nova's favor and proceed with a separate trial on Nova's non-patent counterclaims. (D.I. 859 at 5:24-6:6, 6:17-8:1). Following the trial of Nova's counterclaims, a jury returned a verdict in Roche's favor on February 2, 2010. (D.I. 807). The Court subsequently

denied Nova's post-trial motions. (D.I. 847, 848). On July 27, 2010, the Court entered judgment in Roche's favor on Nova's counterclaims and entered judgment in Nova's favor on Roche's patent claims. (D.I. 850, 851). Both parties appealed. (D.I. 852, 863). On appeal, the Federal Circuit consolidated Roche's patent claims and Nova's counterclaims, affirming the district court's judgment on Nova's counterclaims but vacating the judgment of non-infringement and remanding for further proceedings on claim construction for the term "electrode." (D.I. 948-1 at 2-3). The Federal Circuit's Mandate was filed in the district court on March 5, 2012. (D.I. 948). Roche timely filed a Bill of Costs, which Nova opposed, and which the Clerk denied as premature. (D.I. 949, 954, 997).

After more than two years addressing the claim construction for "electrode," the Court entered a final judgment of non-infringement in Nova's favor on January 16, 2015. (D.I. 1032). Roche again appealed. (D.I. 1035). On appeal, the Federal Circuit affirmed the district court's judgment of non-infringement. (D.I. 1041-1 at 3). The Federal Circuit's Mandate was filed in the district court on October 31, 2016. (D.I. 1041).

Both parties filed timely motions for attorneys' fees, which I referred to Judge Thynge. (D.I. 1049, 1050). On October 3, 2017, Judge Thynge issued a Report and Recommendation ("R & R"), in which she recommended that I deny both parties' motions. (D.I. 1091). The R & R also found that the district court had treated Roche's patent claims as though they had been raised in a separate lawsuit from Nova's non-patent counterclaims, and that Roche was the prevailing party with regard to Nova's non-patent counterclaims. (D.I. 1091 at 35). Both parties filed objections to the R & R, and each responded to the other's objections to the R & R. (D.I. 1092, 1093, 1097, 1098). Nova's objections did not include any objection to the R & R's finding that Roche's patent claims and Nova's non-patent counterclaims were separate and distinct, or to the

2

finding that Roche was a prevailing party with respect to Nova's non-patent counterclaims. (*See* D.I. 1092). But Nova did raise these objections in its response to Roche's objections to the R & R. (D.I. 1097, p. 1 n.3). In resolving the parties' motions for attorneys' fees, I adopted the findings of fact and conclusions of law in the R & R. (D.I. 1110 at 1).

Roche also filed a timely renewed bill of costs for its successful defense of Nova's counterclaims (D.I. 1042), to which Nova objected (D.I. 1047). Citing Local Rule 54.1(c), on February 2, 2018, the Clerk denied Roche's renewed bill of costs on the basis that the determination of the prevailing party was a matter "within the discretion of the Court." (D.I. 1102 at 3-4). Roche then filed a motion for review of the Clerk's taxation of costs. (D.I. 1103). Nova now opposes Roche's motion. (D.I. 1107).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) governs costs awards. It provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). In patent cases, Federal Circuit law controls the prevailing party inquiry. *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996). To qualify as a prevailing party, a party must "have received at least some relief on the merits. That relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that 'directly benefits' the opposing party." *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-13 (1992)).

"The degree of plaintiff's overall success goes not towards whether the plaintiff prevailed, but rather towards the reasonableness of the fee award." *Manildra*, 76 F.3d at 1182. The amount of a costs award to a prevailing party is governed by regional circuit law, because it "implicates

3

considerations not unique to patent law, such as the litigants' behavior at trial." *Id.* at 1183. "[E]ven if a party satisfies the definition of prevailing party, the district court judge retains broad discretion as to how much to award, if anything." *Id.*

## III. DISCUSSION

Roche asserts that it is the prevailing party and argues that it "should be awarded its costs in connection with its successful defense of Nova's claims against Roche: $131,697.86." (D.I. 1104, p. 1). Nova submits that it would be appropriate for me to find that there is no prevailing party in this case under Local Rule 54.1(c). (D.I. 1107, p. 1).

Key to determining the prevailing party is whether Roche's patent claims should be treated as a separate case from Nova's non-patent counterclaims.

According to Roche, the patent claims and non-patent counterclaims should be considered separate cases because the district court treated them that way. (D.I. 1104, pp. 2-3). Judge Farnan entered a Rule 54(b) judgment on Roche's patent claims, tried Nova's non-patent counterclaims separately, and set separate discovery procedures for the patent and non-patent claims. (*Id.*). Judge Thynge's R & R regarding the motions for attorneys' fees (D.I. 1049, 1050) found that Roche's patent claims and Nova's non-patent counterclaims "are distinctly different claims for relief that are based on different facts and legal theories and the court has treated those unrelated claims as if they had been raised in separate lawsuits." (D.I. 1091 at 35). The R & R also concluded that Roche was the prevailing party for purposes of Nova's counterclaims. (*Id.*).[1] Nova waited until its responses to Roche's objections to the R & R to object to Judge Thynge's findings that Roche's patent claims are separate from Nova's counterclaims and that Roche is the prevailing party with respect to Nova's counterclaims. (*See* D.I. 1092 (failing to raise objections to separateness of

---

[1] I adopted the findings of fact and conclusions of law in the R & R when resolving Roche's and Nova's motions for attorneys' fees. (D.I. 1110 at 1).

4

claims or to determination that Roche is a prevailing party); D.I. 1097, p. 1 n.3 (objecting to finding that Roche is a prevailing party in reply to Roche's objections to the R & R)). Therefore, Roche argues, Nova has waived any argument that Roche's patent claims were not treated as a separate case from Nova's counterclaims or that Roche is the prevailing party with respect to Nova's counterclaims. (D.I. 1104, p. 1; D.I. 1108, pp. 5-6).

Nova counters that "the only reason that Roche's patent claims and Nova's counterclaims were not tried together to the jury is because the Court granted Nova's summary judgment motion at the pretrial conference, and a judgment of non-infringement was granted in Nova's favor." (D.I. 1107, p. 5). According to Nova, "separate allowances for discovery" on the non-patent counterclaims existed merely because "certain discovery related only to Nova's counterclaims and were not relevant to the other defendants." (*Id.*). Nova notes, and Roche acknowledges, that the Federal Circuit consolidated Roche's appeal of claim construction issues on the patent claims and Nova's appeal on the counterclaims. (D.I. 1107, p. 6; D.I. 1104, p. 4 n.6; D.I. 852; D.I. 863). Nova's answering brief does not address Roche's waiver argument. (*See* D.I. 1107).

I agree with Roche that Nova has waived any argument that the patent and non-patent claims were not treated as separate cases and any argument that Roche is not the prevailing party with respect to Nova's non-patent counterclaims.[2] As Roche points out, Nova's objections to the R & R did not include these arguments. (*See* D.I. 1092). Nova thus failed to timely object to the R & R's findings (1) that Roche is the prevailing party with respect to Nova's non-patent counterclaims or (2) that the Court treated Roche's patent claims and Nova's non-patent counterclaims as separate cases, because Nova did not raise these arguments in its objections to

---

[2] With respect to Nova's non-patent counterclaims, Roche meets the requirements to be a prevailing party. Res judicata will preclude Nova from reasserting its non-patent counterclaims against Roche in the future. As a result of defeating Nova's non-patent counterclaims, Roche benefits because it avoids monetary liability on those claims.

5

the R & R. (*See* D.I. 1092; D.I. 1097, p. 1 n.3). Further, Nova has not addressed Roche's waiver argument or offered any justification for its delay in raising objections to the relevant findings in the R & R. (*See* D.I. 1107; Fed. R. Civ. P. 72(a) (establishing 14-day statutory period for a party to serve objections to a magistrate judge's R & R); *Grandison v. Moore*, 786 F.2d 146, 148 (3d Cir. 1986) ("We agree with the holding in *Zelaskowski v. Johns-Manville, Corp.*, 578 F. Supp. 11, 13 (D.N.J. 1983), that 'late filing [of objections to a magistrate judge's R & R] is permissible if the moving party adequately justifies his request for relaxation of the time constraints.'")). Additionally, during the January 14, 2010 pretrial hearing, Judge Farnan opined that Roche's patent claims could be treated separately from Nova's non-patent counterclaims. (D.I. 858 at 37:14-19 ("I think there is some factual overlap, but I don't think there is issue overlap. And I think the counterclaims and the patent issues can be tried separately, both in a legal sense and in a time sense.")). Accordingly, I conclude that the Court treated Roche's patent claims and Nova's non-patent counterclaims as separate cases, and that Roche is the prevailing party with respect to Nova's non-patent counterclaims.

Concluding that Roche is the prevailing party with respect to Nova's non-patent counterclaims does not end the inquiry, as I retain discretion as to the amount of any costs award. As I previously found when deciding the parties' motions for attorneys' fees, "Roche brought meritless... litigation and Nova vigorously defended. Roche got what meritless litigation deserves, which is nothing. It is true that Nova's meritless counterclaims also got nothing, but if this were boxing, Roche's claims would have been the main event while Nova's counterclaims were the undercard." (D.I. 1110 at 13). Though the Court treated Nova's non-patent counterclaims and Roche's patent claims as two separate cases, Nova's non-patent counterclaims can be viewed ultimately as a response to Roche's meritless patent claims. They would never have been asserted

but for Roche bringing suit. I thus do not think Roche should be rewarded for its meritless litigation with a recovery of the costs it incurred in defending Nova's non-patent counterclaims. As a matter of discretion, I therefore decline to award Roche any costs.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' motion for review of the Clerk's taxation of costs is **DENIED**.

IT IS SO ORDERED.

Entered this 7 day of May, 2018.

Richard G. Andrews
United States District Judge